**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

_____

DONALD FELL,

               Movant,

      v.

UNITED STATES OF AMERICA,

              Respondent.

_____

)
)
)
)
)
)
) 2:01-CR-12-01
)
)
)
)
)
)
)
)
)

## MOTION OF DONALD FELL FOR COLLATERAL RELIEF, TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND FOR A NEW TRIAL PURSUANT TO 28 U.S.C. § 2255

# VOLUME I OF VII

# EXHIBIT 1

# TABLE OF CONTENTS

## INDEX TO EXHIBITS

## NON-SEALED EXHIBITS

Exhibit

Donald Fell Mitigation Binder.............................................................................................1

Van Gorp Report (Apr. 6, 2001)........................................................................................2

Mills Report (May 7, 2001) ..............................................................................................3

Lipman Report (May 14, 2001) .........................................................................................4

Cunningham Report (June 14, 2005) ..................................................................................5

Declaration of Mark Cunningham, Ph.D., ABPP (June 27, 2005) .................................6

Wetzel Report (Oct. 11, 2002) ..........................................................................................7

Rabun Report (Dec. 31, 2002) ..........................................................................................8

Wetzel Report (June 27, 2005) ..........................................................................................9

Welner Report (July 5, 2005).............................................................................................10

CYS Contact Sheet (Apr. 22, 1985) ..................................................................................11

CYS Contact Sheet (May 8 1985) .....................................................................................12

CYS Contact Sheet (Sept.—Oct.1985)...............................................................................13

CYS Contact Sheet (Aug. 8, 1991)....................................................................................14

CYS Contact Sheet (Aug. 8, 1991).....................................................................................15

CYS Contact Sheet (Aug. 8, 1991).....................................................................................16

CYS Contact Sheet (Oct. 1991)..........................................................................................17

First Hospital Wyoming Valley Discharge Report (Oct. 31, 1991) .............................18

Wilkes-Barre General Hospital Progress Record (Apr. 1992)......................................19

Wilkes-Barre General Hospital Adolescent Psych. Unit Interdisciplinary Progress Record (Apr. 1992)................................................................................................................20

Wilkes-Barre General Hospital Discharge Face Sheet (June 6, 1993) .........................................21

Wilkes-Barre General Hospital Adolescent Psychiatric Unit Nursing Record (Apr. 1992)..........22

Wilkes-Barre General Hospital Adolescent Psychiatric Unit Nursing Record (Jan. 1993) ..........23

Wilkes-Barre General Hospital Adolescent Psychiatric Unit Nursing Record (June 1993) .........24

CRR Group Home Selection and Review (Sept. 22, 1993).......................................................25

Psychological Consultation of Donald Fell (Apr. 12, 1994) ......................................................26

Service Plan (Medical) (1994)....................................................................................................27

Service Plan (Medical – Dental) (1995) ....................................................................................28

CYS Contact Sheet (May 26, 1995) ..........................................................................................29

Intentionally Left Blank..............................................................................................................30

Rutland City Police Department Incident Table (Jan. 11, 1996)...................................................31

Rutland City Police Department Incident Table (Sept. 4, 1996) ..................................................32

Rutland City Police Department Incident Table (Nov. 6, 1996) ..................................................33

Rutland City Police Department Incident Table (Nov. 6, 1996) ..................................................34

Rutland City Police Department Incident Table (Mar. 4, 1997)....................................................35

Rutland City Police Department Incident Table (July 3, 1997).....................................................36

Rutland City Police Department Incident Table (Sept. 16, 1997) ................................................37

Rutland City Police Department Incident Table (Jan. 14, 1998)...................................................38

Rutland City Police Department Incident Table (June 5, 1998)....................................................39

Rutland City Police Department Incident Table (July 28, 1998)...................................................40

Rutland City Police Department Incident Table (Apr. 30, 1999) .................................................41

Rutland City Police Department Incident Table (May 26, 1999)..................................................42

Rutland City Police Department Incident Table (Oct. 30, 1999) ..................................................43

Rutland City Police Department Incident Table (Feb. 20, 2000) .................................................44

Luzerne County Detention Center Admission Page (Sept. 10, 1996) ..........................................45

Sullivan County Sheriff's Department Criminal Complaint (Aug. 12, 2000) ..............................46

New York State Incident Report and Arrest Report (Aug. 12, 2000)...........................................47

Sullivan County Sheriff's Department Statement of Donny McNeeley (Aug. 12, 2000) .............48

Sullivan County Sheriff's Department Statement Joshua Jones (Aug. 12, 2000) ........................49

New York State Incident Report (Aug. 12, 2000) .......................................................................50

Sullivan County Sheriff's Department Statement (Teri Fell) (Aug. 12, 2000) ............................51

Sullivan County Sheriff's Department Handwritten Notes (Aug. 12, 2000)................................52

Sullivan County Sheriff's Department Supporting Deposition (Aug. 12, 2000)..........................53

Sullivan County Sheriff's Department Handwritten Notes (Aug. 12, 2000)................................54

Sullivan County Sheriff's Department Handwritten Notes (Aug. 12, 2000)................................55

Sullivan County Sheriff's Department Handwritten Notes (Aug. 12, 2000)................................56

FBI FD-302 (Nov. 30, 2001 – Dec. 1, 2001) ..............................................................................57

Intentionally Left Blank...............................................................................................................58

Intentionally Left Blank...............................................................................................................59

Interview of Donald Fell at Johnson County Sheriff's Department (Dec. 1, 2000) .....................60

Interview of Donald Fell at Johnson County Sheriff's Department (Dec. 2, 2000) .....................61

Interview of Donald Fell at Johnson County Sheriff's Department (Dec. 2, 2000) .....................62

New York State Police Investigation Report (Dec. 1, 2000).......................................................63

New York State Police Supporting Deposition (Dec. 2, 2000) ...................................................64

Autopsy Report of Teresca King (Dec. 2, 2000) ........................................................................65

Interview of Donald Fell at Johnson County Sheriff's Department (Dec. 2, 2000) ......................66

United States Marshals Service Prisoner Intake ............................................................................67

New York State Police Supporting Deposition of Francis Bellantoni (Dec. 1, 2000)...................68

Warrant Information Network Subject Report (Dec. 15, 2000) .....................................................69

Letter from A.U.S.A. Gregory Waples to Alex Bunin, Gene Primomo, and John Pacht
    (Dec. 22, 2000) ......................................................................................................................70

Vermont Department of Corrections Inmate Disciplinary Report (Dec. 27, 2000) ......................71

Vermont Department of Corrections Inmate Disciplinary Report (Dec. 27, 2000) ......................72

NWSCF Facility Incident Report (Dec. 27, 2000) .......................................................................73

Letter from A.U.S.A. Gregory Waples to Alex Bunin, Gene Primomo, and John Pacht
    (Dec. 28, 2000) ......................................................................................................................74

Prison Medical Records of Donald Fell.........................................................................................75

2001 FBI Report ............................................................................................................................76

Vermont Department of Corrections Disciplinary Hearing Report (Dec. 27, 2000).....................77

FBI Report (Jan. 4, 2001) .............................................................................................................78

Letter from A.U.S.A. Gregory Waples to Alex Bunin, Gene Primomo, and John Pacht
    (Jan. 8, 2001).........................................................................................................................79

Letter from Alex Bunin to A.U.S.A. Gregory Waples (Jan. 9, 2001) ..........................................80

FBI FD-192 (Jan. 22, 2001)..........................................................................................................81

Letter from A.U.S.A. Gregory Waples to Alex Bunin, Gene Primomo, and John Patch
    (Jan. 24, 2001).......................................................................................................................82

Redacted E-mail (Mar. 15, 2001) .................................................................................................83

Letter from A.U.S.A Gregory Waples to Alex Bunin, Gene Primomo, and John Pacht
    (Mar. 26, 2001) ......................................................................................................................84

New York State Certificate of Disposition (Mar. 28, 2001).........................................................85

4

Letter from A.U.S.A. Gregory Waples to Alex Bunin, Gene Primomo, and John Patch (Apr. 5, 2001).................................................................................................................86

Memorandum from Cynthia Ayres to Dr. Mark Mills (Apr. 23, 2001)........................................87

Letter from Peggy Peterson, Luzerne County CYS.....................................................................88

Letter A.U.S.A. Gregory Waples to Alex Bunin, Gene Primomo, and John Pacht (Apr. 5, 2001).................................................................................................................90

Handwritten D Management Team Meeting Notes (Apr. 21, 2001) ............................................91

Vermont Department of Corrections Facility Report Form (June 13, 2001)................................92

Correctional Medical Services Interdisciplinary Progress Notes (July 2001) ..............................93

Pennsylvania State Police Central Repository Criminal History of Christopher Eike .................94

Handwritten D Management Team Meeting Notes (July 16, 2001).............................................95

D Wing Activity Sheet.................................................................................................................96

Redacted E-mail (Sept. 20, 2001) ..............................................................................................97

Redacted E-mail (Sept. 20, 2001)..............................................................................................98

Redacted E-mail (Sept. 20, 2001)..............................................................................................99

Redacted E-mail (Sept. 20, 2001).............................................................................................100

Redacted E-mail (Sept. 20, 2001).............................................................................................101

Vermont Department of Corrections Facility Report Form (Sept. 20, 2001).............................102

Redacted E-mail (Sept. 20, 2001).............................................................................................103

Handwritten note of Bobby Lee................................................................................................104

Handwritten note of Bobby Lee................................................................................................105

Individual Voir Dire (May 4, 2005)..........................................................................................106

Redacted E-mail (Sept. 25, 2001).............................................................................................107

Commonwealth of Pennsylvania Police Criminal Complaint against Christopher Eike (Nov. 7, 2001) ................................................................................................................108

Prison Health Records of Robert Lee ........................................................................................109

Intentionally Left Blank .............................................................................................................110

Intentionally Left Blank .............................................................................................................111

Vermont Department of Corrections Incident Report (Mar. 17, 2004) .....................................112

Intentionally Left Blank .............................................................................................................113

FOIA 302 (Apr. 6, 2005) ...........................................................................................................114

Letter to Judge Sessions from A. Bunin (Apr. 27, 2005) ..........................................................115

Sealed Document Order, Case No.:2:01-CR-12 (Apr. 28, 2005) ...............................................116

Jury Instructions ........................................................................................................................117

Intentionally Left Blank .............................................................................................................118

FOIA 302 (May 9, 2005) ............................................................................................................119

Intentionally Left Blank .............................................................................................................120

Intentionally Left Blank .............................................................................................................121

Letter from William B. Darrow and Stephen Kelly to Alexander Bunin, Gene Primomo, and Paul Volk................................................................................................................................122

Blank Juror Questionnaire .........................................................................................................123

Juror No. 26 Questionnaire (May 13, 2005) ..............................................................................124

Juror No. 162 Questionnaire (May 23, 2005) ............................................................................125

Intentionally Left Blank .............................................................................................................126

Intentionally Left Blank .............................................................................................................127

FBI Report (June 14, 2005) ........................................................................................................128

FBI 302 Report of Interview with Christopher Eike (June 15, 2005) ........................................129

United States' Trial Memorandum, United States v. Donald Fell ...............................................130

Letter to Judge Sessions from David V. Kirby (June 29, 2005)..................................................131

FBI 302 Report of Interview with [Redacted] (July 5, 2005) .....................................................132

FedEx Air Bill from Town of Bethel Justice Court to Andrew Bartnick (July 6th, 2006)..........133

Letter to Judge Sessions from Alex Bunin (July 8, 2005) ..........................................................134

Stipulation (July 8, 2005)............................................................................................................135

Intentionally Left Blank..............................................................................................................136

Memorandum to Alex Bunin from Paul Volk (July 20, 2005)....................................................137

Donald Fell's Motions for Judgment of Acquittal and New Trial, United States v. Donald Fell
     (Aug. 26, 2005) ....................................................................................................................138

Affidavit of Richard Wetzel, Ph. D (Sept., 12, 2005).................................................................139

Appeal from the United States District Court for the District of Vermont, Brief of the United
     States, United States v. Donald Fell (May 25th, 2007) .........................................................140

Letter to Victims Resource Center from Wanda Rivera (Apr. 21, 2005) ....................................141

Letter from Victims Resource Center to Andrew Bartnick (May 4, 2005) .................................142

School Heath Record of Donald Fell ...........................................................................................143

Intentionally Left Blank...............................................................................................................144

Wilkes-Barre General Hospital Progress Record of Donald Fell (June 1993) ............................145

Raymond Kotzer and Theresa Kotzer Divorce Records (Oct. 22, 1967) ....................................146

Arrest Warrant Affidavit for Donald Fell, Sr. (Mar. 4, 1990) .....................................................147

CYS Contact Sheet (Apr. – May 1990) .......................................................................................148

Jenkins Township Incident Report (Apr. 21, 1990).....................................................................149

CYS Contact Sheet (June 1990) ..................................................................................................150

Service Planning/Family Functioning Report (June 1990)..........................................................151

CYS Contact Sheet (Nov. 28, 1990)........................................................................................152

CYS Contact Sheet (Jan. 14, 1991) .......................................................................................153

CYS Contact Sheet (Feb. 14, 1991)........................................................................................154

Intentionally Left Blank...........................................................................................................155

Intentionally Left Blank...........................................................................................................156

CYS Contact Sheet (Mar. 19, 1991) .......................................................................................157

Suspected Child Abuse Referral Note (Apr. 18, 1993) ..............................................................158

CYS Contact Sheet (May 1, 1991) .........................................................................................159

CYS Contact Sheet (May 2, 1991) .........................................................................................160

CYS Contact Sheet (June 4, 1991) .........................................................................................161

CYS Contact Sheet (June 24, 1991) .......................................................................................162

CYS Contact Sheet (July 8, 1991) ..........................................................................................163

CYS Contact Sheet (Dec. 20, 1991) .......................................................................................164

CYS Contact Sheet (Dec. 23, 1991) .......................................................................................165

CYS Contact Sheet (Jan. 13, 1992) ........................................................................................166

CYS Contact Sheet (Mar. 3, 1992).........................................................................................167

CYS Contact Sheet (Apr. 20, 1992).........................................................................................168

Intentionally Left Blank...........................................................................................................169

Wilkes-Barre General Hospital Adolescent Psych. Unit Progress Record (1993) .....................170

CYS Client Information Profile (Apr. 18, 1993) .......................................................................171

CYS Contact Sheet (Apr. 20, 1993).........................................................................................172

Police Report (Jan. 26, 2001)..................................................................................................173

Intentionally Left Blank...........................................................................................................174

Wilkes-Barre General Hospital Adolescent Psych. Unit Progress Record (June 8, 1993)..........175

Office of the Sheriff, Luzerne County (Aug. 31, 1993)................................................................176

CYS Client Information Profile (Jan. 19, 1994) ........................................................................177

CYS Contact Sheet (Jan. 24, 1994) ...........................................................................................178

CYS Contact Sheet (Jan. 24, 1994) ...........................................................................................179

CYS Contact Sheet (Feb. 4, 1993)..............................................................................................180

CYS Contact Sheet (Mar. 10, 1994) ..........................................................................................181

CYS Contact Sheet (Mar. 24, 1994) ..........................................................................................182

CYS Contact Sheet (Apr. 7, 1994)..............................................................................................183

CYS Contact Sheet (Apr. 12, 1994)............................................................................................184

CYS Contact Sheet (Apr. 12, 1994)............................................................................................185

St. Michael's School Psychiatric Note (May 1994).....................................................................186

St. Michael's School Psycho Social Summary (Apr. 1994) ........................................................187

FBI Identification Record for Debra Fell (June 9, 1994)..............................................................188

Wilkes-Barre Police Department Jailer's Report (Oc. 18, 1994) ...............................................189

Arrest Report for John Rhodes (Oct. 18, 1994).........................................................................190

Citation for John Rhodes (Oct. 18, 1994) .................................................................................191

Wilkes-Barre Police Special Report for John Rhodes (Oct. 18, 1994).......................................192

Risk /Severity Assessment Form (Oct. 26, 1994)......................................................................193

Arrest Report for John Rhodes (Jan. 12, 1995) .........................................................................194

Arrest Warrant for John Rhodes (Feb. 9, 1994).........................................................................195

Arrest Warrant for John Rhodes (Jan. 12, 1995) .......................................................................196

CYS Contact Sheet (Jul. 1995) ..................................................................................................197

Substance Abuse Evaluation for Donald Fell (Sept. 16, 1996) ...................................................198

Affidavits Submitted in Motion in Limine in United States v. Haynes (May 24, 2000).............199

Letter to Judge Niedermeier (Dec. 5, 2000) .................................................................200

Letter to Charles Tetzlaff (Dec. 5, 2000)........................................................................201

Letter to Judge Murtha (Dec. 11, 2000)........................................................................202

Rutland Herald Article (May 13, 2002).........................................................................203

Burlington Free Press Article (May 15, 2002).................................................................204

Donald Fell's Objections to Punishment-Related Questions (Jun. 10, 2002)...........................205

Declaration of Thomas V. Ryan .................................................................................206

Letter to David Kirby (Feb. 23, 2005) ..........................................................................207

Letter to Judge Sessions (Jun. 29, 2005).......................................................................208

Special Verdict Form (Jul. 14, 2005).............................................................................209

Criminal History Record of Deborah Fell (Apr. 10, 1996) ...............................................210

Rutland City Police Department Incident Report (1996) .................................................211

Rutland City Police Department Report (1994-2000) ......................................................212

New York State Police Investigation Report (Dec. 1, 2000)..............................................213

Criminal Docket for Christopher Eike (Oct. 8, 2002) ....................................................214

Government Opposition to Motion (Jul. 10, 2002)..........................................................215

FBI Record (Apr. 25, 2005)......................................................................................216

Donald Fell Event Table (Apr. 30, 2005) ....................................................................217

FBI Record (May 11, 2005).......................................................................................218

FBI Record (May 16, 2005).......................................................................................219

FBI Record (Jun. 9, 2005).........................................................................................220

FBI Record (Jun. 6, 2005)..........................................................................................................221

Adolescent Psychiatric Reports for Donald Fell (1993) .............................................................222

Bail Certificate (Mar. 4, 1997)...................................................................................................223

CYS Contact Sheet (May 20, 1992) ...........................................................................................224

FBI Record (Jun. 27, 2005).........................................................................................................225

FBI Record (Jun. 9, 2005)...........................................................................................................226

Statement by Teri Fell to Sullivan County Sheriff (Aug. 12, 2000)...........................................227

Deposition of Lance Rowland (Aug. 12, 2000)...........................................................................228

Certificate of Disposition (Aug. 16, 2000) .................................................................................229

Individual Voir Dire (Jun. 1, 2005) ............................................................................................230

Police Report (Nov. 1, 2002) ......................................................................................................231

Wilkes-Barre Times Leader Article (Oct. 5, 2004) ....................................................................232

Law and Human Behavior Article (1991) ...................................................................................233

Specialty Guidelines for Forensic Psychology ...........................................................................234

United States v. Fell Court Order (Apr. 7, 2005)........................................................................235

Transcript Excerpt (May 13, 2005).............................................................................................236

Intentionally Left Blank...............................................................................................................237

Fell Motion to Dismiss Notice of Intent to Seek Death Penalty ................................................238

Declaration of Juror 23 ...............................................................................................................239

Conviction Record of Juror 26 (Apr. 2, 1996)............................................................................240

Declaration of Juror 143 .............................................................................................................241

Declaration of Sally Fell Francis .................................................................................................242

Declaration of Ronald Cupano.....................................................................................................243

Declaration of Rose O'Hop ...................................................................................................244

Declaration of Claudia Bublo ...............................................................................................245

Trial Transcript Excerpt (May 13, 2005)..............................................................................246

Declaration of Robert Fell ....................................................................................................247

Declaration of Dorothy Grivner............................................................................................248

Declaration of John Timek....................................................................................................249

Declaration of Florence Wallace ..........................................................................................250

Declaration of John Gacek....................................................................................................251

Declaration of Adele Gacek .................................................................................................252

Declaration of Ernie Schuldaski ..........................................................................................253

Declaration of Jon Migatulski...............................................................................................254

Declaration of Steve Ratte ...................................................................................................255

Declaration of Marc Pelkey ..................................................................................................256

Voir Dire Transcript..............................................................................................................257

Declaration of Richard T. Callery, M.D., F.C.A.P. ..............................................................258

Intentionally Left Blank.........................................................................................................259

Declaration of Mark J. Mills, J.D., M.D. ..............................................................................260

Intentionally Left Blank.........................................................................................................261

Declaration of Andrew Bartnick............................................................................................262

Declaration of Gene Primomo ..............................................................................................263

Declaration of Alexander Bunin ...........................................................................................264

Declaration of Cynthia Ayres ...............................................................................................265

Declaration of Sandra Shum .................................................................................................266

Declaration of Deborah Wisell ...................................................................................................267

Declaration of Anthony Mistretta ..............................................................................................268

Declaration of Dora Carter........................................................................................................269

Declaration of Jeff Van Buren ...................................................................................................270

Declaration of Pat Johnson .......................................................................................................271

Declaration of Mary Bell ..........................................................................................................272

Transcript of Juvenile Proceedings (Apr. 8, 1994) ....................................................................296

Childline Record (Apr. 22, 1991) ..............................................................................................297

Officers Report.........................................................................................................................298

Prison Record (Jun. 11, 2001)....................................................................................................299

Declaration of Michael Sikirica .................................................................................................300

Declaration of Francis Bellantoni ..............................................................................................301

Declaration of Lucinda Fruean ..................................................................................................302

Declaration of Michael Leight ...................................................................................................303

Declaration of Paul Stoss...........................................................................................................304

Declaration of Paul Volk ...........................................................................................................305

Declaration of Charles Wetli .....................................................................................................306

Birth Certificate of Theresa Kozersky (Aug. 9, 1935)................................................................307

Death Certificate of Frances Kozerski (Apr. 20, 2001) ..............................................................308

Declaration of John Edens .........................................................................................................309

Government Motion in Limine to Exclude Report (Jul. 6, 2005)................................................310

Individual Voir Dire Excerpt (Jun. 6, 2005)...............................................................................311

Photographs of Fell Home .........................................................................................................312

Declaration of Jamie Dominick .................................................................................................313

## SEALED EXHIBITS

# EXHIBIT 1

# DONALD FELL

# MITIGATION BINDER

FELL-00000001

# Donald Fell Mitigation Binder Index

**Documents**                                          **Fell Mitigation Exhibit Number**

**Luzerne County Children and Youth Services**

Victim Resource Center, 3/12/1985 .......................................... 1

Assessment for Intake, 6/6/1985 .......................................... 2

Service Planning/Family Functioning, 5/8/1990 ................................. 3

Family Service Plan, 11/1990 .......................................... 4

Family Service Plan, 5/1991 .......................................... 5

Service Planning/Family Functioning, 5/1990 ................................. 6

Family Service Plan,5/1992 .......................................... 7

Service Planning/Family Functioning, 5/4/1994 ................................. 8

Family Service Plan, 10/13/1994 .......................................... 9

Family Service Plan, 4/10/1995 .......................................... 10

Family Service Plan, 10/1995 .......................................... 11

Family Service Plan Addendum and Closing Summary, 1/19/1996 ............... 12

**Court Advocate Program Lezurne County**

Drug and Alcohol Evaluation, 9/16/1996 .................................... 13

**Police Incident Reports and Photos**

Offense Report of Child Abuse, 12/12/1982 .................................. 14

Report of Suspected Sexual Child Abuse, 5/2/1985 ............................ 15

Kingston Police Report of Stabbing Incident, 4/21/1985 ........................ 16

Donald Fell Sr., Driving Under the Influence, 11/10/1989 ........................ 17

FELL-00000002

Donald Fell Sr., Driving Under the Influence, 10/31/1989 ........................ 18

Donald Fell Sr., Criminal Assault of Donny, 11/29/1990 ........................ 19

Deborah Fell Wilkes-Barre Police Reports and Contacts ........................ 20

Deborah Fell Hit and Run, and Drunk Driving, 7/17/1991 ........................ 21

**Hospital and Psychological Records**

First Psychiatric Hospitalization, 9/30/1991-10/30/1991

Discharge Summary ........................................ 22

Psychiatric Assessment ........................................ 23

Psychological Evaluation ........................................ 24

Second Psychiatric Hospitalization, 4/14/1992-5/21992

Report and Final Narrative Summary ........................... 25

History and Physical ........................................ 26

Social Services Discharge Summary ........................... 27

Third Psychiatric Hospitalization, 1/26/1993-2/26/1993

Report and Final Narrative Summary ........................... 28

Report of Psychiatric Intake Evaluation ...................... 29

Fourth Psychiatric Hospitalization, 6/6/1993-6/30/1993

Final Narrative Summary, 6/6/1993 ............................ 30

Handwritten note from Evaluation ............................ 31

Social Services Discharge Summary ........................... 32

Head Injury Hospitalization, 11/29/1993-11/27/1993

FELL-00000003

Consultation Record, Atypical Conduct Disorder ...................... 33

History and Physical .......................................... 34

Consultation Record .......................................... 35

**Educational Records**

Schuyler Elementary School, Kingston, Kindergarten - Grade2 ................. 36

Wilkes-Barre Area School District, Grades 2 & 3 ............................. 37

Lincoln Elementary School, Grades 4,5 & 6 ................................ 38

St. Michael's School Educational Summary 7th Grade ......................... 39

St. Michael's School 8th Grade Report ....................................... 40

St. Michael's School Discharge Summary, 4/8/1994-8/25/1995 ................. 41

Coughlin High School, Grade 9 ......................................... 42

Wilkes-Barre Voc-Tech School, Grades 9,10 & 11 .......................... 43

**Photographs**

42 E. Bennet, Kingston ............................................. 50

7 Inkerman, Front of Trailer, Kingston ................................... 51

7 Inkerman, Rear of Trailer, Kingston .................................... 52

Donny Newborn ................................................. 53

Donny Age Two ................................................. 54

Donny and Teri with Santa .......................................... 55

Donny and Mrs. Hinchey's Kindergarten Class and Mary Grace Lonconski's 5th Grade Class ........................................................... 56

**Children and Youth Services**, Contact Sheets, (Exhibits P,Q,R,T) ..................... 57

FELL-00000004

**1**

FELL-00000005

COPY



www.vrcnepa.org

1.866.206.9050 Hotline

570.823.0766 Office
570.823.9115 Fax
support@vrcnepa.org Email

85 South Main Street
Wilkes-Barre, PA 18701
570.823.0765 Hotline

119 Warren Street
Tunkhannock, PA 18657
570.836.5544 Hotline

616 North Street
Jim Thorpe, PA 18229
570.325.9641 Hotline

May 4, 2005

Andrew Bartnick, Investigator
Office of the Federal Public Defender
110 Cherry Street, 2nd Floor
Burlington, Vermont 05401

Re:  Donald Fell

Dear Mr. Bartnick

As per your request and with Mr. Fell's permission to release his
records while he was a client at Victims Resource Center, the copy
of Mr. Fell's records are enclosed.

If I can be of any further assistance, please do not hesitate to call or
write.

Sincerely,

Tammi Burke
Counselor/Advocate
Supervisor Client Services

M1455

FELL-00000006

INITIAL CONTACT FORM                          CLIENT NO. _c-35565 b._

    Do not put Client name or address on this form.

Date: _3/13/85_          Time: _4:30 pm_

Referred by: _Children & Youth (Frank Kromski)_ Type of Contact: _phone_

Type of Service Rendered: _information, support, counseling,_

Persons Involved: _4_

CLIENT INFORMATION

DPW Info. Requested ? Yes____  No _✓_  If no, explain _____

_____

DPW Info. Obtained ? Yes_____  No_____  If no, explain _____

DPW Status Code: 151____  152____  162____  163____

U.W. Region: _Kingston_

VICTIM INFORMATION

Age: _4_    Sex: _male_    Race: _White_

Marital Status: _single_

Currently Resides with: _mother / father and sister age 3 ½_

Comments: _Both children were victims of abuse. Little boy physically
& mentally / little girl sexual and mental, (physical)_

INCIDENT INFORMATION    Source(s): _Children & Youth and mother_

    Assailant(s)    Number of Assailants: _2_

Name(s): _Frank Bubla age 21 and Claudia Bubla (his wife) age 19_

Address(es): _Mercer Ave., Kingston (although they have moved)_

Race(s): _White_    Sex: _male / female_    Age(s): _21 / 19 gir_

    Incident

Date: _End of Feb & beginning of March 1985_ Time: _afternoon_

Location (city): _Kingston_    Location (specific): _Bubla's home during Mercer ave.
sexual abuse - physical
& mental in victim's home
and Bublas home_

Weapon(s) Involved: _— threats_

Previous Association with Victim: _babysitter_

Acts perpetrated on the victim: _corrupting the morals of a minor, and
mental abuse, hitting children, locking them in their bed
and basement._

M1457

MEDICAL INFORMATION

Medical Exam Obtained ?  Yes_____  NO __✓__  N/A_____

Hospital:_____  Dr._____

Date:_____  Time:_____

Exam included:
Vaginal exam:_____  Venereal tests:_____ ✓  Physical:_____

Pregnancy test:_____  DES:_____  Pictures:_____

Injuries (specify)_____

_____

Did victim bathe, shower douche before exam ?  Yes_____  No_____  N/A_____

Did victim obtain follow up exam ?  Yes_____  No_____  N/A_____

Was rape kit used during exam ?  Yes_____  No_____  N/A_____

Comments:_____


LEGAL INFORMATION

Were Police Contacted ?  Yes __✓__  No_____  Date: 3/18/85?

By whom: _victims parents_  Department(s): _Kingston Police_

Initial Officer(s) _Officer Stump_

Investigating Officer(s) _Mike Deweese (Det) & Officer Stump_

Did victim give an official report to police ?  Yes_____ ✓  No_____

Anonymous/Third Party Report:_____  Date:_____

Was clothing tested ?  Yes_____  No __✓__  Pictures taken ?  Yes_____  No __✓__

Is victim willing to prosecute at this time ?  Yes_____  No __✓__ Undecided_____

Comments: _(CPU) and DA's office Detective shown this victim are age 4 &_
_witness age 4 could not be deemed competent for court._

If prosecuting, fill out legal form.

Termination date:_____ 4/85 _____

Reason for termination: _Family just lost interest in cont._
_They said everything seemed alright. (Are not interested_
_on continuing contact w/ us.) Feels child has had all_
_the contact he needs.)_  "family" "father"

M1458

RELEVANT PROGRESS NOTES

CLIENT CASE NO. _____

| DATE | INITIALS | NOTES |
|------|----------|-------|
| 3/12/85 | Pa | Frank Kreminski called today at approx. 4:30 with a CSU referral of 2 children, (Donald and Terry Fell.) Donald is age 4 – Birth date 4/30/80 Terry is age 2½ – Birthdate [REDACTED - FELL] 83 Their mothers name is "Debbra Fell" apparently, is was very upset and Frank stated - if it was possible maybe one of your workers could touch base with her, it may help. Therefore I asked Terry D. (who was on-call) to touch base with Debbra & Terry was able to calm her down and told her to call the office the following day. Debbra did - and asked for Paulette - I was not available. So Sarah spoke with her for a little while, and said she would even take Sharon as a client. Paulette made numerous attempts to contact Debbra, but her line was busy for several "hours" |
| 1/3/85 | Pa | The children were upset and unable to understand why their parents would not let them play inside |
| 1/5/85 | Pa | Bunker (Donald) and Terry are beginning to act out more and more since the disclosure. Bits and pieces of what the children experience are beginning to surface, and Debbra and Donald (the parents) are not handling it well. They are yelling & |
| 1/8/85 | Pa | Mike Newsye explained to me that the children could not tell what happened to them in the manner that would be admissible in court. He said they had to almost all the talking and acting out with even the dolls. I explained how upset the families is. And Mike said, Have the children especially Bunker come to the center and if at a later date you (Paulette) can get more info and the child say (verbalize) They would press charges. But Terry is differently too young for court. |
| 1/11/85 | Pa | Debbra said, Bunker would be coming to children group I starting March 23 10:00 to 12:30, Terry is to young. I will have to see Terry alone, at a later date. |

M1459

RELEVANT PROGRESS NOTES

CLIENT CASE NO. _____

| DATE | INITIALS | NOTES |
|---|---|---|
| 1/29/85 | Pa | Binker did not come to group |
| 1/30/85 | Pa | I spoke to Debbie (mother) she said Binker has become increasingly worse. He is always attempting to walk around naked. And making statement like let me "kiss your birdie" — He even this morning kiss the TV and said — "I kissed his birdie." Binker is also at times attempting to touch Terry. |
| Group I → | | Binker attended group for the 1st time. He said he did not want to be there and he would not talk. Everyone was told each other their names (1 at a time) but Binker persevered and said, "I will not talk at all" — so away. Throughout the session Binker mostly stayed in one place. He usually was located on the [?] by the [?] completely out of the people "Main Circle." We asked him to come into the circle, but he would have to pay attention. Binker said "No." So we asked if he wanted to come back next week. He said No. But before the session was over, everyone (many of the children asked him to come back to the circle and play, but only if he listened) Binker had no comment. In just a few minutes though he wiggled back into the circle and said he wanted to be in the Main circle & was coming next week. |
| 4/85 | Pa | Binker still has some problems but has come a long way. One problem is Binker associates yelling (or raising your voice) with hitting. Recently he [saw his father] hit his mother and she had to go to the hospital. Although he did not see it (he was in bed) he heard it. |
| 4/30/85 | Pa | Today is our last group session and the children saw a prevention film "Better safe than sorry." Binker kept turning his back to the film, but continued to listen. One it came to the part explaining how [?] |

M1460

FELL-00000010

RELEVANT PROGRESS NOTES

CLIENT CASE NO. C-30505

page 2   Binker

| DATE | INITIALS | NOTES |
|---|---|---|
| | | Continued: |
| 4/30/85 | Pa | This is still notes concerning our last setup session. During the session Binker told Mary Claire he would tell us at a (or another) day what happened to him. |
| 4/22/85 | Pa | A counseling session was scheduled for monday night Binker can't with in mother — Debbie went to the mother group and Binker stayed with the other children for a few minutes. Then he (Binker) and I (Paulette) went to another room. In the other room we w talked the anatomic dolls. During this session Binker told us Terry was hung on a hook (his clothing) 2 Binker and Terry were often picked up by the back of their clothing (neck) are 3. Binker was at times locked in his bedroom and basement. 4. Binker was hit with a cutting board. 5. Binker indicated that he and Terry had been digitally penetrated in the anus Shortly after this Binker said he did not want to talk about this any more. I then told the Frank and Claudia (Cooker) dolls that they were wrong for doing these things to the Binker and Terry doll. And that it was all Frank and Cookies fault and were yelled at a little and the dolls were again told this was wrong The Binker and Terry doll were told how proud I was of them for telling. |
| 5/3/85 | Pa | Mary Claire told me (Paulette) today about 4:00 that she saw a copy of a letter Debbie Fell had obtained the indicating that a case of child sexual abuse was only indicated on Terry never on Binker. Here apparently Mary Claire was shown the letter monday 4/30/85 but only really looked at it today when she then recalled what was said Monday and in the letter it so was showed only a case was ever made on Terry. Therefore M.C. told me to contact Frank Kruinski (CoY) and explain the situation. So I called him, he was unavailable, but shortly returned my call. |

FELL-00000011

RELEVANT PROGRESS NOTES

CLIENT CASE NO. C-32502

page 3                                                      Binker

| DATE | INITIALS | NOTES |
|------|----------|-------|
| | | continued |
| 5/2/85 | Pa | I explained to Frank what had transpired with him. He told me to call Childline — I first called Debbie and explained to her that I spoke to Frank (c.y.) and was now about to call childline. In which case a children and youth worker + detective would be out to see Binker before 24 hr. had elapsed. I also said if I could I would stop by the house sometime before 2:00 and explain to Binker that People would be coming to see him. Note: (He does not want to tell anyone or talk about it. I then proceeded to call child line with the following info add as well as what was disclosed April 23. |
| children | { 1. "Binker" Donald Fell — age 5  Birthdate 4/30/80  REDACTED - FELL  { 2. Terry Fell — age 2½  Birthdate ___ REDACTED - FELL ___ /82 |
| | | Parents: 1. Debbie Fell — age 31, REDACTED - FELL /1954  2. Don Fell — age 46  REDACTED - FELL /936 |
| | | and assailant: Babysitters) Frank Buhlo age 21. Claudia (Cookie) Buhlo age 19 |
| 5/30/85 | Pa | Binker had not been at his last counseling session & the one before that I was in the hospital. So much of our time was spent getting close again. He did not want to talk. |
| 6/85 | Pa | Binkers mother came to (Mother group) because Binker is acting up a great deal. So I stayed to talk with her. Binker did not want to stay in the room & talking me. So I showed all the children that were there the film No More Secrets (with their parents permission) and we talked about Good Touch Bad and did a few what if situation. And if something happen |

M1462

*It is noted that additional counseling is recommended for the children concerning family matters as well as around the CSA.

6-85 No other services have been requested for the children at this time. Therefore the VRC must close. Case —

Case terminated

No further services requested.

M1463

FELL-00000013

CLIENT #

## SERVICE PLAN FOR CHILD VICTIM
### (INTRA-FAMILY)

I.   REPORT TO:

Child Line _____ (date) _____
CPS        _____ (date) _____
Police     _____ (date) _____

|  | INITIAL | ONGOING | TERMINATIO |
|---|---|---|---|

II.  REVIEWED WITH CLIENT:

    1.  Agency function
    2.  SAC role
    3.  Confidentiality

III. TREATMENT ISSUES:

    1.  "DAMAGED GOODS" SYNDROME

        A.  Fear of damage to genital area
        B.  Fear of normal sexual functioning
        C.  Fear of societal response
        D. _____

    2.  GUILT - RE: FEELINGS OF RESPONSIBILITY FOR:

        A.  Inappropriate sexual behavior
        B.  For disclosure
        C.  For disruption within family
        D. _____

    3.  IDENTIFIED FEARS

        A.  _locked in his room (Bedroom)_
        B.  _of games (anything called a game)_
        C.

    4.  LOW SELF ESTEEM

        A.  Expressed negative feelings about
            self
        B.  Acting out behavior:  sexual
                                  non-sexual

    5.  INTERPERSONAL RELATIONSHIPS

        A.  EMOTIONAL REACTIONS

            1.  towards offender: _angry_
                                  _afraid_
            2.  towards non-offending parent:
                _____

M1464

FELL-00000014

|  | INITIAL | ONGOING | TERMINATIO |
|---|---|---|---|

3. towards siblings: _____

4. towards peers and community:

                  *shy* ✓

B.  SUPPORT SYSTEMS:   positive ✓
                                negative
                                neutral ✓

6.   DEVELOPMENTAL LEVEL

    A.  Physical
       (appropriate___ ✓ inappropriate___)
    B.  Emotional
       (appropriate___ ✓ inappropriate___)
    C.  Intellectual
       (appropriate___ ✓ inappropriate___)
    D.  Overall Maturity
       (appropriate___ ✓ inappropriate___)

7.   IMPACT ON SCHOOL/WORK

    A.  Missing school/work
    B.  Unable to concentrate
    C.  Change in performance

IV.  RE-EDUCATIONAL PROCESS:

    1.  Normalizing reactions and fears
    2.  Transition from victim to survivor
    3.  Risk reduction tactics
    4.  Assertive skills
    5.  Clarifying consent/co-operation issue
    6.  Clarifying "adult responsibility" issue
    7.  Clarifying "appropriate guilt" issue

V.  USE OF MATERIALS:

    1.  Doll house
    2.  Effie dolls
    3.  "Good Touch, Bad Touch" coloring book
    4.  "Good Touch, Bad Touch" cards
    5.  "My Very Own Book About Me"
    6.  Puppets
    7.  Films
    8.  Crayons and paper
    9.  Pamphlets

M1465

FELL-00000015

04/29/2005 01:59 FAX 823 9115          VICTIMS RESOURCE CENTER                    ☒002

## AUTHORIZATION FOR RELEASE OF CONFIDENTIAL INFORMATION

_Donald Fell_ OF _3649 Lower Newton Road_
NAME                NUMBER              STREET

_Swinton_              _Vermont_            _05488_
CITY                    STATE                ZIP CODE

I have read 42 Pa. C.S.A.: 5945.1 concerning confidential communications with Sexual Assault Counselors

and/or

I have read 23 Pa. C.S.A.: 6116 concerning confidential communications with Domestic Violence Counselors.

I understand that I have a legal right to keep confidential all spoken and written communications with Victims Resource Center's Sexual Assault/Domestic Violence Counselor/Advocates.

I understand by signing this release I am agreeing to give up my legal right to keep these spoken and written communications confidential.

I have no been coerced, threatened or promised anything by anyone in order to execute this consent form.

PLEASE CHECK ONE:

_____ No.  I do not agree to give up my legal right to keep these communications confidential.

✓ Yes.  I do agree to allow Victims Resource Center's Counselor/Advocates to provide confidential information to:

_Andrew Barinick,_ _____
                        NAME

_OFFICE of the Federal Public Defender_
                        ORGANIZATION

For the purpose of: _Legal Defense_

Please indicate Yes or No below:

_Yes_  I have reviewed the records in the possession of Victims Resource Center.

_Yes_  I have been offered a copy of this form.

_____                    _5-3-05_
Signature of Victim                              Date

_____
Signature of Parent or Guardian of Victim

_____  _Andrew Barnick_
Signature of Witness

THIS RELEASE WILL BE IN EFFECT FOR SIX MONTHS FROM DATE SIGNED UNLESS OTHERWISE STATED IN WRITING BY THE VICTIM AS DEFINED BY THE ACT.

                                                        M1466

FELL-00000016

5/3/05

To whom it may concern,

I Donald Fell, spoke to Tammy Burke from the Victims Resource Center by telephone on April 29, 2005. Ms. Burke reviewed my records with me and I gave her permission to release my records to my attorneys.

5-3-05
DATE

Donald Fell

Andrew Bartnick
Notary Public
State of Vermont
My commission expires 2·10·07

M1467

FELL-00000017

2

FELL-00000018

FELL Family
REDACTED - FELL
Kingston, PA  18704

## ASSESSMENT FOR INTAKE

General Information:

    The Fell family was referred to Children and Youth Services on March 11, 1985 The family was first seen in-person on March 11, 1985.

Contacts:

    3/11/85 - Home visit, present Mrs. Fell, Teri  Fell, and Donald Fell, and Detective Dessoye.
    3/12/85 - Phone call
    3/13/85 - Phone call Mrs. Fell.
    3/15/85 - Phone call Mrs. Fell.
    3/18/85 - Phone call
    3/18/85 - Home visit, present during the visit Mrs. Fell, Teri  Fell, and Donald Fell.
    3/19/85 - Office visit Frank and Claudia Bublo.
    3/20/85 - Home visit Fell home, present during the visit were Mrs. Fell, Teri  Fell, and Donald Fell.
    4/24/85 - Phone call Mrs. Fell.
    4/26/85 - Home visit Fell home, present Mrs. Fell, Teri  Fell, Donald Fell Jr., and Mr. Donald Fell Sr.
    5/ 2/85 - Phone call Mrs. Fell.
    5/ 6/85 - Home visit Fell home, present Mr. Donald Fell Sr., Mrs. Debra Fell, Teri Fell, and Donald Fell Jr., and
    5/ 8/85 - Phone call
    5/16/85 - Phone call Mrs. Fell.
    5/22/85 - Phone call
    5/28/85 - Phone call Mrs. Fell.
    5/31/85 - Home visit Fell home, present Mr. Donald Fell, Mrs. Fell, Teri Fell, and Donald Fell Jr.

Household Composition:

| Name: | D.O.B.: |
|---|---|
| Donald R. Fell, Sr. | REDACTED - FELL '39 |
| Debra A. Fell | '54 |
| Donald Fell, Jr. | 04/30/80 |
| Teri  Fell | REDACTED-FELL 82 |

Presenting Problems:

    The agency originally became involved with the Fell family on 3/11/85. At that time, Mrs. Fell contacted our agency with concern she had for her daughter, Teri Fell.  Mrs. Fell stated that for the past week and one half her daughter Teri has been saying "don't hurt my pee pee, my Cookie and my Frank hurt my pee pee".  Mrs. Fell also stated that both her children were obsessed with nakedness.  Mrs. Fell's other child, Donald, stated that Frank puts Teri's pee pee in his mouth.  Donald also said that          tie Teri up.  When Donald is questioned further, he won't say anything else.  The only response that Donald will give his parents is, I don't want to tell the truth.   According to

m/60

Mrs. Fell she has been using ████████████████ as babysitters since 9/84.

On 3/11/85, both Fell children were interviewed in their home. The children were interviewed with the aid of the anotomically correct dolls. Through the dolls, Teri, was able to describe ███████ performing oral sex on her as well as she performing oral sex on him. Donald Fell, Jr. was interviewed next, he also described ███████ performing oral sex on Teri as well as she performing oral sex on him. When questioned as to whether anything happened to him or not, Donald became very anxious and refused to stay in the room. At that time the family was referred to the Victim's Resource Center for treatment. Since the perpetrator was not in the home and the parents stated that they would not use the ███████ as babysitters anymore, the case was closed in early April of 1985.

On 4/21/85, the family was referred back to our agency. The referral came after Mr. and Mrs. Fell were involved in an arugment which resulted in both Mr. and Mrs. Fell stabbing each other. According to both Mr. and Mrs. Fell, that incident occurred over their inability to deal with the sexual assault on their children. On that day, both parents had been drinking rather heavily. Mrs. Fell stated she wanted to discuss the incident with her husband, but he becam intoxicated and fell asleep. She then stated out of frustration and in a hope to get his attention, she stabbed him in the back. Mr. Fell related that he became very upset after being stabbed and in return stabbed his wife in the leg. At that point Mr. Fell left the home and was walking about the streets. Mr. Fell was spotted by the Kingston Police who picked him up and drove to the Fell home. Upon arriving at the Fell home, the Kingston Police found Mrs. Fell lying on the couch bleeding profusely from her leg. Upon checking the rest of the apartment, the police found the two Fell children unharmed sleeping upstairs. At that time they contacted the Children and Youth on-call worker, ██████████ who responded to the situation. On that evening the children were placed with Mrs. Sharp, the maternal grandmother of the Fell children. After this incident it was decided that the case should be assigned for services based on the parent's inability to deal with the abuse of their children.

On 5/2/85, ████████████████ Victim's Resource Center contacted Childline. ███████ informed Childline that during one of her sessions with Donald Fell, Jr., he related to her that ███████ had hit him with a board, locked him in a room, and performed anal sex on him. On 5/6/85 Donald Fell was interviewed by this worker, Detective Keiper, and ████████████ Victim's Resou Center. During this interview, Donald stated that he was penetrated digitally by ███████.

Since the original referral, both Mr. and Mrs. Fell have had a difficult time dealing with the abuse of their children. Both parents feel helpless and frustrated. Boht of them had indicated a willingness to seek revenge against the ███████ but realized that it would not accomplish anything. According to Mr. and Mrs. Fell, their children have been having a difficult time since this incident. Of the two children, Donald, has had the most difficulty. Donald has had nightmares, has become aggressive, and refuses to accept any limits placed upon him.

Safety Of Child:

At the present time it does not appear that either child is in danger by remaining in the home. Since the perpetrator was a babysitter and the parents have stated that they will never use him or his wife as a sitter again.

Both parents believe the child's story and are attempting to be supportive to them. The family is receiving services from the Victim's Resource Center, as well as services from our agency.

It appears that the children can remain in the home with no problems. As stated in the previous section, both parents are having a difficult time delaing with the incident. With supportive counseling from the Victim's Resource Center, as well as our agency, it is hoped that the parents can deal more effectively with their stress.

## Evaluation Of Family, Social, Economic, Housing, and Medical Dynamics:

### Family Dynamics:

### Marital Relationship:

Mr. and Mrs. Fell stated that they have known each other for at least 10 years. They were married in November of 1979, before marrying they lived together for approximately two and one half years. When asked to describe their marital relationship, Mr. Fell responded, "interesting." When asked to elaborate on that statement further he just smiled. Mrs. Fell stated that at times their marital relationship is excellent and yet other times it is very poor. Mrs. Fell related that both she and her husband have bad tempers. In the past, their tempers have led to physical altercations. Mr. Fell admits to hitting his wife and Mrs. Fell admits to hitting him back. Both parents deny ever being abusive to either one of their children. Both parents acknowledge the negative impact that their stormy marital relationship had on their children. Up until the stabbing incident, Mr. and Mrs. Fell relate that their marriage had been rather stable for the past two years.

As a marital couple, the family engages in little activity together. Mr. Fell relates that other than stopping for occasional drink, he spends most of his time at home. Mrs. Fell stated that since the incident involving her children, her life has centered on activities in the home. Both husband and wife admit to having marital difficulties but state they are committed to their marriage and are willing to work at it.

### Parent/Child Relationships:

Observing both Fell children interact with their parents, it is apparent that a great deal of love exists between the children and the parents. Both children go to either parent freely without any hesitation. Mrs. Fell did acknowledge that Donald is much closer to his father. She stated that she was jealous of this at one time, but now accepts it. Teri, according to her mother is much closer to she than her father. Both parents will engage in appropriate activities with both children. Since the sexual abuse incidents, both parents have related that they have tried to be very supportive to both children. Although they have been supportive to the children, it appears that the children have picked up on their parent's inability to deal with the situation. Of the two children, it has affected Donald Jr. the most. Since that incident, Donald has become extremely aggressive and active. The parents have related that at times Donald becomes uncontrollable and it is very difficult to deal with.

The relationship between Donald and Teri has also deteriorated since March. Both children relate to each other in a more aggressive manner than before. At times it appears that Donald is threatened by his sister's relationship with his parents. Donald's acting out behavior has become a major focus of his parent's attention. Both parents admit to neglecting Teri at times in order to

### Involvement Of Extended Family Members:

Mr. Fell related that both his mother and father are dead.  The only family that Mr. Fell has remaining are a brother and sister in Florida, which he does not maintain contact with.  Mrs. Fell maintains contact with her mother, Mrs. Sharp.  Mrs. Fell does not feel that the relationship with her mother is very positive one.  Mrs. Fell stated that they had very little involvement with Mrs. Sharp.  In the past, Mrs. Sharp has refused to watch the children for them.  It does not appear that the extended family has a major influence  on the Fell's family functioning.

### Social Dynamics:

At the present time Mr. Fell is empoloyed at Sears Roebuck and Co.  He is employed on a part-time basis as a Service Advisor in the Auto Parts Department.  Mr. Fell has been at this job for the past nine months.  Before working at Sears, Mr. Fell was employed was employed as a full-time baker at Mr. Donut.  Mr. Fell related that he left this job, out of a lack of staisfaction.  Mr. Fell stated that he worked at this position for approximately five years.  Before working at Mr. Donut, Mr. Fell related that he worked as a home TV repairman and a auto mechanic.  It appears that Mr. Fell does have a significant work history and has worked regularly throughout his marriage.  Mrs. Fell was employed at the Carter Rubber Company, but left in March.  Mrs. Fell stated that the reason she left her job is she feels she cannot ever trust another babysitter, but while working Mrs. Fell related that she had a good work record.

Both parents state they do very little in the way of social activities.  Their main form of relaxation is to stay home and watch TV.  Occasionaly they will visit with some friends and neighbors.  During the summer, they will have family cookouts in the backyard.  Both parents relate that they have very few friends in the area, and the majority of activities are centered around the home.

Neither of the Fell children are of school age.  The children are not involved in any pre-school activity.  According to Mrs. Fell, the children do have some friends in the neighborhood and relate to them on a positive develu- ..e.t.  Mrs. Fell did relate that lately she is afraid to let the children play in the yard for fear that they may be assaulted once again.  The children do have an abundence supply of toys and these toys are appropriate.  The toys which their parents have purchased are ones which encourage creativity and intellectual development.  Since sexual assault, Donald Jr. has had a difficult time sharing his toys.  According to Mrs. Fell,  this problem only  occurs with his sister and not with the other children.

### Economic Dynamics:

At the present time the family's income is derived from Mr. Fell's employment at Sears.   Mr. Fell stated that his income is approximately $1100.00 a month.  According to Mr. Fell, the family's income has been reduced significantly by his wife not working.  Mr. Fell does relate that the family's income does place some hardships on them but with effective money management, they can get by.  Mr. Fell relates that they pay $185.00 a month rent and that the family's total living expenses amount to over $300.00 a month.

### Housing Dynamics:

The family resides in a six room house which is a half a double.  The house is in a residential neighborhood in Kingston.  The physical condition of

living room, a TV room, and a kitchen. There is more than adequate space for the family members. The housekeeping standards of the family are excellent. The furniture within the home is in excellent shape. The home is well cleaned and neat.

### Medical Dynamics:

No family member has any special medical needs which requires constant medical attention. The family uses Dr. Gaudio as a family physician. The children all receive regular medical check-ups. Both parents are in excellent health. According to Mrs. Fell the children are not ill a great deal of the time.

### Physical Care:

The home is well stocked with food. Mrs. Fell possess the knowledge to prepare nutritional and well balanced meals. She relates that the children are good eaters, but do have some foods they will not eat. The family members have always presented themselves in a clean, neat manner. The children have adequate clothing and have been observed to be dressed for weather conditions. Their clothes are always clean and neatly pressed. All family members have excellent hygiene.

### Emotional Atmosphere:

The emotional atmosphere of the home appears to be appropriate. Both children get along very well with both parents and interact with them freely. Both parents engage in positive interaction with their children. At the present time some sibling rivalry appears. It appears that this rivalry has been brought on by the sexual assault. Donald is very dependent on his parents and constantly seeks their attention. If Donald feels that his parents are paying too much attention to Teri, he will begin to act out. Mr. and Mrs. Fell have stated that they are attempting to work with Donald on this, but are having very little sucess. Donald has become much more aggressive dealing with his sister. At times Mrs. Fell relates that the problem has gotten so bad they have had to separate the children.

### Moral Atmosphere:

It appears that the children have been affected by the parents behavior. Both Mr. and Mrs. Fell acknowledge that in the past they have had physical confrontations with one another. She stated that they children became very upset when these confrontations would take place. The children would become fearful and would cry during these confrontations. Mrs. Fell related these confrontations have stopped approximately two years ago and things are much better. Given the recent stabbing incident, it appears that things are not that much better. The parents do acknowledge the negative impact that this behavior will have on the children. The children's welfare could definitely be affected by this type of behavior. It is possible that the children could be in the middle of this dispute and injured in some manner.

### Supervision, Guidance, and Discipline:

Discussing the issue of discipline with the parents, they relate that they make use of methods such as withholding of privledges, and sending to their room. The parents relate that both children usually accept limits placed upon them by their parents. Recently they have been having a difficult time

FELL-00000023

with Donald in attempting to discipline him and place limits upon him. Both parents relate that they are somewhat reluctant to discipline Donald because of what he has been through. It has been explained to them that this could have a negative affect on their son's perception of their parental role. The parents have denied any use of corporal punishment, but given the family's past history for physical violence, it would not be suprising if they have made use of corporal punishment.

Both parents acknowledge the impact of sexual assault on their children's behavior. Both parents say they have been very supportive of their children and attempt to reassure them that everything will be okay. Parents main concern is how to set reasonable limits on Donald, without it having a negative impact on him.

Both parents appear to provide more than adequate supervision for their children. Presently both parents are dealing with their feelings over choosing the ████ as babysitters. In many ways, the parents feel responsible for the sexual assault on their children. In some instances this has caused them to be extremely protective of their children.

Significant Behavioral Characteristics:

The family has    indicated a willingness to work with our agency and the Victim's Resource Center. Both parents acknowledge the need for services not only for their children, but for themselves also. Mr. and Mrs. Fell have admitted having a difficult time dealing with the recent assault and have requested counseling to help them process their feelings. They also acknowledge the need for their  children to receive treatment so they can deal with the assault upon them.

Since the assault, Donald, has been acting out much more. Donald has displayed feelings of anger, hostility, and aggression towards others. Mr. and Mrs. Fell feel that in many ways Donald is blaming them for the assault upon him. In dealing with the problem, Mr. Fell has also experienced some difficulties. Mr. Fell relates that he has become much more withdrawn from his family. At times he becomes upset just thinking about the incident and will not talk with any one. Mrs. Fell, on the other hand, feels a definite need to discuss the situation with her husband and feels frustrated when he refuses to do so. It is very apparent that the whole family has been adversely affected by the whole incident.

Legal Proceedings:

N/A.

Status Of Evaluation On Child Abuse Allegations:

Childine number would be 40-03912, that is sexual abuse victim Teri Fell. ██████████████████████████████████. Number 40-03998 is sexual abuse on Donald Fell. The sexual abuse on Teri Fell was Indicated. The ████████████ on Donald Fell ██████████ and the sexual abuse Indicated. The sexual abuse was Indicated on Teri with Frank Bublo being the perpetrator based on the child's ability to tell the story through the use of the anotomically correct dolls. The child's brother, Donald Fell, backed up Teri's story. ████████████████████████████████████████████████████████ The sexual abuse on Donald Fell was Indicated based on Donald's ability to consistently describe Frank Bublo sexually assaulting him.

The CY48 on Teri Fell was sent to Childline on 3/22/85. The CY48's on Donald Fell were sent to Childine on 5/22/85.

## Strengths Within This Family:

1. There is a great deal of love and affection between parents and children.
2. Parents supportive attitude towards the children since the assault.
3. Acknowledgement of parents that they have a difficult time dealing with the assault upon their children.
4. Parents acknowledgement for treatment for their children.
5. Willingness upon the parents to accept services from our agency.

## Weaknesses Observed Within The Family:

1. Parent's inability to communicate with one another.
2. Both parent's lack of understanding of the other parent's feelings.
3. Parent's inability to sit down and discuss this issue with each other.
4. Parent's difficult time setting limits upon Donald Jr.
5. Parent's difficult time dealing with the sibling rivalry between Donald and Teri.
6. Both parents temper and aggressive nature.

## Short/Long Term Goals:

### Short Term:

1. Involve Teri and Donald in treatment at the Victim's Resource Center.
2. Involve Mr. and Mrs. Fell in treatment at the Victim's Resouce Center.
3. Help the parents set reasonable limits upon Donald.
4. Help the parents process their feelings about the sexual assault on their children.

### Long Term:

1. Improve the marital relationship between Mr. and Mrs. Fell.
2. Mr. and Mrs. Fell to deal with their feelings concerning the assault of their children.
3. Make the Fell children aware of methods of prevention which would prevent them from being victimized once again.
4. Terminate agency's services.

## Treatment Services And Who Will Provide Treatment:

1. A Victim's Resource Center will provide treatment to Teri and Donald Fell.
2. Donald will be involved in individual as well as group treatment at the Victim's Resource Center.
3. Teri will become involved in group treatment at the Victim's Resource Center.
4. Mr. and Mrs. Fell will receive individual counseling at the Victim's Resource Center.
5. ▮▮▮▮▮▮▮▮▮▮will provide treatment to the children and▮▮▮▮▮▮▮is providing treatment to the parents.
6. All family members will receive GPS services from our agency. the GPS worker will work with the parents on methods of discipline, dealing with sibling rivalry, and how to relate to each other in a less aggressive manner.

Expectations Of The Client:

1. Mr. and Mrs. Fell will cooperate with the Victim's Resource Center and follow through with recommended treatment plan.
2. Teri and Donald Fell will become involved in the treatment at the Victim's Resource Center.
3. The whole Fell family will become involved in treatment with Luzerne County Children and Youth Services and follow through with recommeded treatment plan.

Into Which Category Will This Case Be Assigned:

The case is going to be assigned in the GPS unit of our agnecy. The reason behind that is the perpetrator is not in the home and the children are not at risk of being sexually victimized within their own home. The family is also currently receiving treatment for the sexual assault incident with the Victim's Resource Center. GPS will focus in dealing with the family dynamics in which include the marital relationship and sibling rivalry. The caseworker will also attempt to help the parents process their feelings about the whole incident.

Frank Kremski
CPS Intake Caseworker

Reviewed on ___6-6-85___ by

Jacqulyn Maddon
CPS Intake Supervisor

Date Dictated:_____    Date Transcribed:___6/5/85___

FK:JM:ls

FELL-00000026

<u>ASSESSMENT FOR INTAKE</u>

I.  General Information:

The Fell family was referred to Children and Youth Services on March 11, 1985, ▮▮▮▮▮▮▮▮▮▮▮. The family was first seen in person on March 11, 1985.

CONTACTS:

3/11/85    Home visit present Mrs. Fell, Terry Fell, Donald, and Det. DeSoye.
3/12/85    Phone call Victim Resource Center, ▮▮▮▮▮▮▮▮▮▮▮
3/13/85    Phone call Mrs. Fell.
3/15/85    Phone call Mrs. Fell.
3/18/85    Phone call Victim Resource Center, ▮▮▮▮▮▮▮▮▮▮▮.
3/18/85    Home visit--------family present--Mrs. Fell, Terry Fell, Donald Fell.
3/19/85    Office visit▮▮▮▮▮▮▮▮▮▮▮.
3/20/85    Home visit--Fell home, present during the visit Mrs. Fell Terry Fell, and Donald Fell.

II.  Household Composition:

| NAME: | D.O.B. | ADDRESS: |
|---|---|---|
| Donald Fell, Sr. | REDACTED 39 | REDACTED - FELL Kingston, PA |
| Debra Fell | /54 | Kingston, PA |
| Donald Fell, Jr. | 4/30/80 | Kingston, PA |
| Terry Fell | REDACTED - FELL 82 | Kingston, Pa |

II.  PRESENTING PROBLEM:

The Agency became involved with the Fell family on March 11, 1985. At that time, ▮▮▮▮▮▮▮contacted our Agency with concern she had for her daughter,Terry Fell. Mrs. Fell stated that for the past week and a half, her daughter Terry has been saying "Don't hurt my pee-pee, my Cookie and my Frank hurt my pee-pee." Mrs. Fell also stated that both her children are obsessed with nakedness. Mrs. Fell's other child, Donald, stated that Frank puts Terry's pee-pee in his mouth. Donald also said that Frank and Cookie tied Terry up. When Donald was questioned further he refussed to say anything else. The only response Donald would give, "I don't want to tell the truth." According to Mrs. Fell she had been using ▮▮▮▮▮▮▮▮▮▮ as babysitters since September 1984.

On March 11, 1985, both Fell children were interviewed in their home. The children were interviewed with the aid of the anatonically correct dolls. With the aid of the dolls, Terry, was able to describe ▮▮▮▮▮▮▮ performing oral sex on her as well as she performing oral sex on him. Donald Fell, Jr. was interviewed the same day and he also described ▮▮▮▮▮▮▮ performing oral sex on Terry as well as Terry performing oral sex on him. When questioned as to whether anything happened to him, Donald, became very anxious and refused to stay in the room. After the interview the family was referred to Victim Resource Center for treatment.

On March 19, 1985, both ▮▮▮▮▮▮▮▮▮▮▮▮ were interviewed the alledged perpetrators. Both individuals denied having any sexual contact with either child. It was explained to ▮▮▮▮▮▮▮▮▮▮▮ that our Agency believed the child story and that we would indicate the case. ▮▮▮▮▮▮▮▮▮▮▮ were also notified that the District Attorney's office were conducting an investigation into the alledged sexual abuse. Attempts were made to refer ▮▮▮▮▮▮ to the Mental Health Center for an evaluation, but he refused to do so.

FELL-00000027

IV. <u>SAFETY OF CHILD</u>:

At the present time it does not appear that either child is in danger by remaining in the home. Since the perpetrator was a babysitter and the parents have stated that they will never use ████████████ as a babysitter again the children are in no danger. Both parents also believe the children's story and are being very supportive to them. The family was referred to Victims Resource Center and they are providing individual as well as family counseling to the family.

<u>LEGAL PROCEEDINGS</u>:

The District Attorney's Office is not pursuing any criminal charges at this time. It is their belief that they would be unable to qualify either Donald or Terry as witness. Since they have no perpetrator admission and no qualifable witness the matter is closed by the District Attorney's Office.

<u>STATUS OF EVALUATION ON CHILD ABUSE.ALLEGATION</u>:

Childline Number is 40-03912
The Case is indicated sexual abuse with ███████ being named the perpetrator. The case was indicated based on the child's consistant story with the aid of the anatomically correct dolls indicating that ████████ had performed oral sex on her she performed oral sex on he. The CY48 was sent to Childline on March 22, 1985.

<u>TREATMENT PLAN</u>:

1. Fell family is referred to Victims Resource Center for both individual and family treatment.

2. Both Fell children will be seen at the Victims Resource Center and will be come involved in their therpeutic groups which are aimed at preventing the child from becoming re-victimized.

CASE CLOSED AS OF March 22, 1985.

_____
Frank Kremski, Caseworker

Reviewed on ___6-28-85___        by _____
                                    Jacqulyn Maddon, Supervisor

FK:mabr
Typed: 6/28/85

FELL-00000028

FELL, Donald and Debra
REDACTED - FELL
Kingston, PA  18704

## FOUR MONTH ASSESSMENT AND CLOSING SUMMARY:   July - October, 1985

### SERVICES PROVIDED:

1. Supportive services and counseling have been provided to the Fell family.

2. Services have also been provided to this family from Victim's Resource Center.

CLIENT PERFORMANCE:    The Fell family had been involved with Victim's Resource Center.  They received counsling concerning the sexual abuse of the children, by former child care providers.  (Please refer to intake assessment for more details.)  During the month of July, they reported no longer being involved with Victim's Resource Center.  Initially, Mr. and Mrs. Fell had a very difficult time dealing with the sexual abuse of the children.  At present, they appear to have a healthy attitude.  They talk freely with the children about what has happened allowing the children to talk as they feel comfortable.

UPDATE CASE SITUATION:  This agency originally became involved with the Fell family on March 11, 1985, concerning the sexual abuse of the children by▓▓▓▓ ▓▓▓▓▓▓▓▓, the children's former baby-sitters.  The family was referred to Victim's Resource Center and actively participated in counseling until July, 1985.  The case was then closed on March 22, 1985.

On April 21, 1985, this family was again referred to Children and Youth Services.  The Kingston Police had called after finding Mr. Fell walking the streets after being stabbed in the back by his wife.  When they took Mr. Fell home, they found Mrs. Fell profusely bleeding from the leg from a stab inflicted by Mr. Fell.  Reportedly, they had been drinking heavily that day.  Mrs. Fell wanted to talk about the sexual assault of the children, but Mr. Fell went to sleep on the couch.  Mrs. Fell became frustrated and stabbed him.  He, in-turn, became furious and stabbed her in the leg.  The children were unharmed and asleep.  The hcildren were placed with the maternal grandmother on a temporary basis.

Since that time, Mr. and Mrs. Fell have made progress in their relationship.  They are now able to communicate their feelings appropriately.  They have a stable relationship and have refrained from physical arguments.

The children receive appropriate care and love.  Discipline has also been appropriate.  They have privileges taken away when they misbehave.  Donald continues to be somewhat aggressive.  Mrs. Fell has been advised to contact Children's Service Center should Donald continue to be aggressive or have behavior problems at home or in school.

This case is closed for general protective ongoing services, as there are no issues of abuse or neglect that would warrant further involvement at this time.

FELL, Donald and Debra
42 E. Bennet Street
Kingston, PA  18704

FOUR MONTH ASSESSMENT AND CLOSING SUMMARY:  July - October, 1985

SERVICES PROVIDED:

1.  Supportive services and counseling have been provided to the Fell family.

2.  Services have also been provided to this family from Victim's Resource Center.

CLIENT PERFORMANCE:    The Fell family had been involved with Victim's Resource
Center.  They received counsling concerning the sexual abuse of the children, by
former child care providers.  (Please refer to intake assessment for more
details.)  During the month of July, they reported no longer being involved with
Victim's Resource Center.  Initially, Mr. and Mrs. Fell had a very difficult time
dealing with the sexual abuse of the children.  At present, they appear to have
a healthy attitude.  They talk freely with the children about what has happened
allowing the children to talk as they feel comfortable.

UPDATE CASE SITUATION:  This agency originally became involved with the Fell
family on March 11, 1985, concerning the sexual abuse of the children by ███████
███████████████, the children's former baby-sitters.  The family was referred
to Victim's Resource Center and actively participated in counseling until July,
1985.  The case was then closed on March 22, 1985.

On April 21, 1985, this family was again referred to Children and Youth
Services.  The Kingston Police had called after finding Mr. Fell walking the
streets after being stabbed in the back by his wife.  When they took Mr. Fell
home, they found Mrs. Fell profusely bleeding from the leg from a stab inflic-
ted by Mr. Fell.  Reportedly, they had been drinking heavily that day.  Mrs.
Fell wanted to talk about the sexual assault of the children, but Mr. Fell went
to sleep on the couch.  Mrs. Fell became frustrated and stabbed him.  He, in-
turn, became furious and stabbed her in the leg.  The children were unharmed
and asleep.  The hcildren were placed with the maternal grandmother on a
temporary basis.

Since that time, Mr. and Mrs. Fell have made progress in their relation-
ship.  They are now able to communicate their feelings appropriately.  They
have a stable relationship and have refrained from physical arguments.

The children receive appropriate care and love.  Discipline has also been
appropriate.  They have privileges taken away when they misbehave.  Donald
continues to be somewhat aggressive.  Mrs. Fell has been advised to contact
Children's Service Center should Donald continue to be aggressive or have
behavior problems at home or in school.

This case is closed for general protective ongoing services, as there are
no issues of abuse or neglect that would warrant further involvement at this
time.

FELL-00000030

Case closed effective October 31, 1985.

Linda Ciavarro, Caseworker

Reviewed on _____10-31-85_____ By: _____
Joanita Salla, Casework Supervisor

LC:mjn

**3**

FELL-00000032

## SERVICE PLANNING/FAMILY FUNCTIONING

Family Name:   Fell

Complete the following for Service Planning:

1.  Date case accepted for service:  May 8, 1990

2.  Reason(s) for accepting this case:  (Identify the Protective Service Issues present in the family)

On April 21, 1990 Officer Zcanker of the Jenkins Township Police Department notified the on-call worker to report that the parents of the Fell children were fighting and the father threatened to kill the mother in front of the children.  The mother left the trailer and the father was intoxicated.  The children ran to a neighbor's house for help and this neighbor contacted the police.  Teri and Donald Fell stayed at the residence overnight and in the morning the children went with their maternal grandmother who is Theresa Sharpe.  This case is being assigned for ongoing services due to the ongoing neglect issues, domestic problems and the alcohol usage of both parents.  This worker discussed this case with Officer Zcanker who reported the police are continuously at this home for domestic disputes.  This officer stated that in September 1989, Children and Youth was contacted regarding a domestic dispute and the children were not being taken care of.  This officer feels the children should be placed with the maternal grandmother who seems very appropriate.  Mr. Fell was arrested for DUI twice within ten days.  This officer had denied Mr. Fell A.R.D. as he was intoxicated and hit a child who was riding his bike.  On Mr. Fell's second offense, he didn't show up for his arraignment and was placed in jail for a two week period and he was also driving without a driver's license.  This officer stated that Mr. Fell is always intoxicated and several times she wanted to take Mrs. Fell to file for Protection from Abuse Order, but she had refused to do so.

This worker discussed this case with █████████ who stated ████████ is a drunk.  █████████ states Mr. Fell is very belligerent, cursing all the time and calling █████ names and won't allow her to go to a friend's house or to go to church.  █████████ states since the children were sexually molested by a babysitter, Mr. Fell has been continuously drinking ever since then.  ████████ states ████████ would do very well on her own without him and the two weeks he was incarcerated, things were fine.

On May 8, 1990, this worker met with Mr. & Mrs. Fell to discuss this incident.  Mrs. Fell stated to worker she left the trailer for three days until things settled down.  Both Mr. and

1

M179

FELL-00000033

Mrs. Fell deny there was any physical violence in the home on that night. Mrs. Fell states that her daughter, Teri, after school went to a friend's house and Mr. Fell sent Donald to this home in order to get Teri. The children then contacted their parents and asked if they could stay over night. On May 16, 1990, this worker again went to the home and met with Mrs. Fell and her two children to discuss this incident. This worker questioned both Teri and Donald who gave worker the same story as their parents.

This worker informed Mr. & Mrs. Fell that this case will be assigned for ongoing services at the agency and worker recommends that both of them become involved in drug and alcohol counseling and marital counseling. Mr. & Mrs. Fell were agreeable to these services.

### 3.    FAMILY FUNCTIONING

A)    Economic:    Both Mr. & Mrs. Fell are employed full time and their combined income is approximately $400 a week. Mrs. Fell states they are able to meet their financial expenses.

B)    Housing:    Mr. & Mrs. Fell and their two children reside in a trailer at 7 Main Street, Inkerman, PA. The family has lived in this trailer for approximately one year. The trailer has three bedrooms, kitchen, bath and living room. Worker has found the trailer to be clean, but cluttered as it appears to be small for the family of four.

C)    Medical Care:    Dr. Stanish is utilized as the family physician. Teri or Donald do not have any outstanding medical problems.

D)    Educational History of Parents:    Mrs. Fell quit school in the 10th grade at Coughlin High School. Mrs. Fell never went for her GED. Mrs. Fell is employed for the past 8 months at Suburban Publishing in Exeter. Prior to this job, Mrs. Fell had worked at S&L Graphics, Hart-Hanks and other factories.

Mr. Fell graduated from Meyers High School and had two years of college while he was living in Florida. Mr. Fell works at Auto Pachter on Scott Street in Wilkes-Barre and was assistant manager, but was recently demoted to another position due to his incarceration. Prior to this job, Mr. Fell also worked at Sears for five years as a service manager and also worked at Mr. Donut. Mr. Fell is employed from 8:30 A.M. to 5:00 P.M. and Mrs. Fell is employed from 12:00 A.M. to 8:00 A.M.

2

FELL-00000034

E) <u>Educational History of Child(ren)</u>:  Donald is in the 4th grade and Teri is in the second grade and they both attend Lincoln Elementary School in Pittston.  Worker contacted the guidance counselor regarding Teri and Donald and was told they present no behavioral or attendance problems and they are both average students.

F)  <u>Physical Care and Hygiene</u>:  This worker has observed the children to be dressed neatly and in clean clothes and appropriate for the weather conditions.  The physical hygiene and appearance of Mr. & Mrs. Fell and the children are not an area of concern.

G)  <u>Family Interactions (Describe strengths, conflicts, and behaviors)</u>:

1) <u>Adult Interaction</u>:  Mr. & Mrs. Fell have been married since November 1979 and before they were married they had lived together for two and a half years.  Mr. & Mrs. Fell deny any physical violence within the home.  Mrs. Fell stated that they do argue like any other married couple and denied being abused by her husband.  Mr. & Mrs. Fell have denied ever being abusive to their children.  Mr. Fell admits to having a few drinks and stated that this is done so at night in his own home.  Mr. and Mrs. Fell intend to stay together and are willing to work on their marriage.  Mrs. Fell has never gone through with a Protection from Abuse Order.

2) <u>Parent/Child(ren) Interaction</u>:  Worker has observed both children with their parents and they do not seem to be afraid to go to either one.  It appears Mrs. Fell is much closer to Teri and said that if Teri has to be placed, the separation would be very hard for her.  Donald appears to align with his father.  The parents discipline the children by withholding privileges and sending them to their room.  The parents say both children usually accept limits placed upon them.

As far as relatives, there is minimal contact with extended family members.  Mrs. Fell's mother, Theresa Sharpe, has been a resource for Teri and Donald in the past and would intervene when a domestic dispute took place.  However, this worker questions the relationship between Mrs. Fell and her mother, as Mrs. Fell had stated to this worker if her children had to be removed, she would want them with a stranger before she would place them with her own mother.

3

FELL-00000035

3) <u>Sibling Interaction</u>: Teri and Donald appear to get along with one another. Donald is currently on the Little League Team and is also in Boys Scouts.

H) <u>Community involvement (legal, school, agencies, relatives, neighborhood, etc.):</u>

Mrs. Fell has stated to this worker she has never had any legal involvement with the law. However, Mr. Fell was incarcerated for a two week period in April of 1990 when he failed to appear for a court arraignment on his DUI charges. Mr. Fell was released on his own recognizance.

The police were called to the Fell home on several occasions due to domestic disputes. Mr. Fell had two DUI arrests within a two week time period. On October 31, 1989 Mr. Fell was arrested for DUI and also hit a child who was riding his bicycle. On November 10, 1989, Mr. Fell was again arrested for DUI. This worker had spoken with Office Zcanker and stated to worker she had denied him ARD.

This agency originally became involved with the Fell family on March 11, 1985 when their two children were sexually abused by their babysitters. The family was referred to Victims Resource Center and actively participated in counseling until July 1985. The case was then closed on March 22, 1985. On April 21, 1985, this family was again referred to Children and Youth Services by the Kingston Police. The Kingston Police had taken protective custody of the two Fell children and they were placed on a temporary basis with their maternal grandmother, Theresa Sharpe, who was also a foster parent at the time. Mr. Fell was found walking down the street after being stabbed in the back by his wife. When the police took Mr. Fell to his home, they found Mrs. Fell profusely bleeding from the leg from a stab inflicted by a Mr. Fell. They had been drinking heavily that day and a physical altercation took place as they were both unable to deal with the issue of their children being sexually abused. The children at the time were asleep and unharmed.

Mr. and Mrs. Fell have been married for ten years. Mrs. Fell stated to worker that she feels they have a good marriage, but they do fight like any married couple and they do not fight in front of the children. Mr. Fell admits to having a drink occasionally at night, he does not feel he or his wife have a drinking problem. Mr. & Mrs. Fell have agreed to undergo a drug and alcohol evaluation at Court Advocate.

Mr. & Mrs. Fell have agreed to undergo a drug and alcohol evaluation at Court Advocate.

4

FELL-00000036

Mr. & Mrs. Fell maintain minimal contact with extended family members and appear to rely on one another for support. In the past, Theresa Sharpe, maternal grandmother, has intervened during a domestic dispute. This worker questions the relationship between Mrs. Fell and her mother. Mrs. Fell does rely on her mother to babysit as she feels she cannot trust another babysitter since the incident with her children. Mrs. Fell's parents are divorced and she has no contact with her natural father, but her mother resides at 32 East Chestnut Street in Wilkes-Barre. Mrs. Fell states that her mother remarried and her stepfather died when she was very young. Mrs. Fell has three other sisters, one who resides in Virginia, a 16 year old who still lives at home with her mother and the other one living next door to her mother. Theresa Sharpe had informed this worker that Mr. Fell is divorced from his first wife and has three children. However, his wife and his children do not have any contact with him due to his drinking. Both Mr. Fell's parents are deceased. Mr. Fell has two sisters one in California and the other in Florida and contact is maintained by phone.

Family's Attitude Toward Community:  Mr. and Mrs. Fell are receptive to services with the agency and stated that they intend to keep their marriage together and would follow any recommendations that would improve their marital relationship. The Fell's have had past involvement with Children and Youth Services.

I)  Worker's hypothesis about the cause of the problems in the family:

Mr. and Mrs. Fell have been involved with Children and Youth Services in the past due to domestic disputes and alcohol usage. Mr. and Mrs. Fell admit to drinking on occasion; however, they do not feel a problem exists.

This worker feels the alcohol usage and domestic problems have adversely effected their inability to provide a stable home environment for their children. This worker feels this type of physical behavior has a negative impact on their children and it has not happened yet, but it may, that the children could end up in the middle of their dispute and seriously get injured. This worker feels the marital relationship needs improvement as they need to communicate with one another and not resort to violence as a way of getting each other's attention. Mr. and Mrs. Fell have very little insight into the cause of their problem and tend to minimize them.

5

FELL-00000037

The family is somewhat isolated from extended family members and do not receive much support. This family could benefit from active involvement with Children and Youth Services as well as Court Advocate and marriage counseling. This worker will be filing a Dependency Petition in order to ensure services are provided to this family.

Date: June 5, 1990

Carol Galli, GPS Intake Caseworker

Mark J. Zara, GPS Intake Supervisor

CG/MJZ:LM

Date transcribed:    June 4, 1990

6

FELL-00000038

4

FELL-00000039

FAMILY SERVICE PLAN

1. Family Name: __Fell_____    3. Date of Previous Review __11/90__

2. File Number: __000056_____    4. Date of this Review: ___5/91___

                                    5. Worker's Name: _Deanna German__

6.  Identify the progress or lack of progress in accomplishing each numbered objective from the Services and Objectives sheet, to alleviate each corresponding problem.

P1. Mrs. Fell has provided a safe and stable home environment.  Mr. Fell no longer resides in the home.

P2. Mr. Fell is not living in the home.  Therefore, there is no problems with physical violence.

P3. Mr. Fell had been attending on a consistent basis, but he stopped going and was terminated from services.  There has been no evidence of Mrs. Fell drinking excessively.

P4. Donny and Teri did attend and participate in the Children of Alcoholics groups.

7.  Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken and not taken by parents, children, and others.

P1. Mr. and Mrs. Fell are not living together.  Therefore, there has been no problems of physical violence.

P2. Mrs. Fell had asked Mr. Fell to leave back in October of 1990 due to his violent behavior.

P3. Mr. Fell is no longer living in the home, but he is believed to be drinking again.

P4. Teri and Donny have completed the Children of Alcoholics groups.

M185

FELL-00000040

8. Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken by <u>caseworkers</u> and other <u>service providers</u> to assist the family.

P1. Children and Youth caseworker has provided casemanagement and supportive services.

P2. Catholic Social Services had provided a few counseling sessions. Children and Youth casemanagement and supportive services, as well as announced and unannounced visits.

P3. ████████ Court Advocate, has provided drug and alcohol counseling. Children and Youth casemanagement services.

P4. Children and Youth and Wyoming Valley Drug and Alcohol has provided Children of Alcoholics groups.

9. A comprehensive assessment of all areas of family functioning including: Safety of the child; The review of family functioning/assessment; Changes in specific areas which demonstrate cooperation and motivation to change.

During this assessment period, Mrs. Debbie Fell continued to reside at 7 Main Street, Inkerman with her two children, Donny and Teri. Mr. Fell has not lived in the home since October, 1990. Debbie claims she and Mr. Fell are not going to reconcile.

Mr. Fell had signed himself into a detox unit in November. During December, January, and part of February, Mr. Fell had been consistently attending his drug and alcohol counseling sessions with ████████. However, he slacked off in his attendance until he did not show up at all. ████████ Court Advocate, closed his case at the end of March for noncompliance. She has not heard from him since.

During this assessment period, this worker had contact with Mr. Fell on one occasion in December. Worker had made an unannounced visit to the home and found Mr. Fell outside. He said he had come to visit, but no one was home. Worker has not seen or heard from him since.

Debbie had attended a couple of counseling sessions at Catholic Social Services, however it was for marital counseling. When she explained that she was not going to reconcile with her husband, but would like family counseling to help her children to adjust, she was told a new worker would be assigned. Debbie then informed worker that she had not heard from Catholic Social Services in several weeks so she made an appointment at the Children's Service Center. Debbie has attended an Intake appointment and she has an appointment scheduled for Donny on June 14.

FELL-00000041

9. (continued)

There has been no evidence of violence in the home nor has there been any signs that Debbie is drinking excessively. In the beginning of May, Debbie reported that she was seeing someone, ███████ She claims he dos not drink alcohol.

Both Teri and Donny participated in the Children of Alcoholics (C.O.A.) groups sponsored by Children and Youth in conjunction with the Wyoming Valley Drug and Alcohol Services. They completed all the groups by the end of this assessment May 30, 1991.

Teri will be in 4th grade and Donny will be in 6th grade next year. There have been no school related problems.

There have been no reports of the children having lice in the past six months. Both children continue to be involved in extracurricular activities and appear to be well-adjusted children.

Due to the fact that Mr. Fell is no longer in the home, physical violence is no longer an issue. Mr. Fell was also the parent with the more problematic drinking behavior.

Due to these changes, plus the fact the children did attend the Children of Alcoholics groups, this worker will be working towards closure with this family over the next six months.

Children and Youth worker has provided casemanagement and supportive services within the GPS Ongoing Unit.

FELL-00000042

5

FELL-00000043

## FAMILY SERVICE PLAN

1. Family Name: __Fell__                    3. Date of Previous Review __5/91__

2. File Number: __000056__                  4. Date of this Review: __11/91__

                                            5. Worker's Name: __Deanna German__

6.   Identify the progress or lack of progress in accomplishing each numbered objective from the Services and Objectives sheet, to alleviate each corresponding problem.

P1.   Debbie has provided a safe environment for her children.

P3.   There was only one report during the summer which suggested Debbie may have been drinking, however, no other incidences have been reported.

P5.   Teri appears to be a well adjusted child, however, Donny has begun to demonstrate inappropriate behavior + has been violer towards Teri + Debbie.

7.   Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken and not taken by __parents, children__, and others.

P1.   Debbie moved into a half a double owned by her mother who lives in the other half.

P3.   Debbie initiated drug and alcohol counseling for herself, but she only attended a few sessions.

P5.   Donny's behavior deteriorated rapidly and resulted in a psychiatric hospitalization in September because of the violenc he was demonstrating.

8.   Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken by __caseworkers__ and other __service providers__ to assist the family.

P1.   Children and Youth casemanagement and supportive services. Children and Youth announced and unannounced visits.

P3.   Children and Youth casemanagement and supportive services. Wyoming Valley Alcohol & Drug Services, provid some out-patient counseling.

P5.   Children Service Center, provided out-patient counseling. First Hospital provided family therapy during Donny's hospitalization.

M192

FELL-00000044

Family Service Plan                              Family Name:  Fell
Page 2

9.  A comprehensive assessment of all areas of family functioning
    including:  Safety of the child;  The review of family
    functioning/assessment;  Changes in specific areas which
    demonstrate cooperation and motivation to change.

        During this assessment period Debbie Fell and her two
    children, Donny and Teri, moved to 30 E. Chestnut Street.  This
    is half of a double house with four bedrooms.  Debbie's mother,
    Theresa Sharpe, lives in the other half and she owns the
    building.

        Previously C&Y had talked about possibly closing this case,
    however, some issues did arise during this assessment.

        C&Y received a referral in August that Debbie was drinking
    frequently.  Worker discussed this with Debbie and she started
    attending drug and alcohol counseling at Wyoming Valley Alcohol
    & Drug Services.  However, she stopped going after a few
    sessions because Donny was psychiatrically hospitalized and she
    was going to family therapy with him and claimed she didn't have
    time to go to drug and alcohol counseling.  At the beginning of
    this assessment Debbie began complaining about Donny's behavior
    being out of control.  Debbie was concerned about his violence
    towards her and Teri.  Donny was evaluated at Children Service
    Center and recommended for out-patient counseling, however, his
    behavior began to deteriorate and on September 30, 1991 he was
    admitted to First Hospital Wyoming Valley.  Not only had there
    been problems at home, but the school was also complaining about
    his inappropriate behavior and about his inadequate academics.

        Donny was hospitalized for 30 days and during that time he
    was involved in individual, group and family counseling.  He was
    diagnosed with a conduct disorder, undifferentiated type.  Upon
    his discharge, First Hospital recommended individual counseling
    at Children's Service Center for Donny and they recommended that
    the Fells be involved in the Family Home-Based Treatment
    Program.

        A referral to this program has been made by therapist
                Children's Service Center

        There have been no problems regarding Teri during this
    assessment.

        Debbie's boyfriend,                  moved in with the family
    sometime in August.  He had been working full time, however,
    while Donny was in the hospital      was hit by a car and broke
    his leg, therefore rendering him unable to work.

FELL-00000045

Family Service Plan                              Family Name:  Fell
Page 3

      Both children report that they get along okay with ▮ and both call him Dad.  The only negative thing they both said about him was he made them go to bed too early.

      Children and Youth worker is working with both Debbie and ▮ on parenting issues, mostly regarding Donny.  Worker has provided information regarding discipline and the importance of following through with appropriate punishments.

      Children and Youth has provided casemanagement and supportive services within the GPS Ongoing Unit and shall continue to work with this family to stabilize the situation. Once the family is stabilized worker will begin the closure process for this case.

10.   Results of the Review:


_____Services are no longer needed. Close case effective_____
                                                            (Date)
_____No revisions are required

__X__Revisions to the Family Service Plan are required in the following areas:  (Check all that apply)

_____Identifying Information _____Goals __X__Actions

_____Problems                 __X__Objectives __X__Services to be
                                                          provided

Briefly describe changes in Identifying Information, Problems to be Addressed, or Goals.

P5.  Modified to focus on Donny's behavioral problems.

11.  Signature of Case Manager _____

                      Date _____

12.  Supervisor's Signature _____

13.  Date of next review _____

FELL-00000046

**6**

FELL-00000047

FAMILY SERVICE PLAN

1. Family Name: Fell _____    3. Date of Previous Review  5/90

2. File Number: 000056 _____    4. Date of this Review:     11/90

                                        5. Worker's Name: Deanna German

6.  Identify the progress or lack of progress in accomplishing each numbered objective from the Services and Objectives sheet, to alleviate each corresponding problem.

P1) Mrs. Fell asked Mr. Fell to leave the house in October as a result of a violent outburst perpetrated by him.

P2) Teri and Donny have been declared dependent and Mr. and Mrs. Fell have been Court Ordered to attend counseling at Catholic Social Services. Mr. Fell must also attend drug and alcohol counseling.

P3) Mr. and Mrs. Fell completed drug and alcohol evaluations. Mr. Fell is attending outpatient counseling at the Court Advocate. On November 23 Mr. Fell signed himself into a detox unit.


7.  Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken and not taken by parents, children, and others.

P1) Mrs. Fell acted appropriately by having Mr. Fell removed from their residence. Thereby ensuring the safety of the children.

P2) Mr. Fell has exhibited violence during this assessment period and has left the home.

P3) Mr. Fell has attended outpatient drug and alcohol appointments, however there is evidence that he continues to consume alcohol.


8.  Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken by caseworkers and other service providers to assist the family.

P1) Children and Youth worker has provided casemanagement and supportive counseling. Catholic Social Services has provided counseling.

P2) Catholic Social Services to provide counseling. Children and Youth worker has provided casemanagement and supportive services.

P3) Lora Troy, the Court Advocate is providing drug and alcohol counseling.

FELL-00000048

9.  A comprehensive assessment of all areas of family functioning including:  Safety of the child;  The review of family functioning/assessment;  Changes in specific areas which demonstrate cooperation and motivation to change.

During this assessment period, the Fell family continued to reside at 7 Main Street, Inkerman.  However, on October 29 Mrs. Fell forced Mr. Fell to leave the home because he was drinking and had become violent.  Mr. Fell now resides outside of the family and reports he has been staying at the Vision Shelter.

On July 16, 1990 a Court Hearing was held and the Fell children were declared dependent.

Both Mr. and Mrs. Fell completed Court Ordered drug and alcohol evaluations.  Mrs. Fell was not recommended for ongoing counseling.  Mr. Fell was recommended for counseling and he has been attending on a weekly basis.

The Fells were also Court Ordered to attend relationship counseling.  Their first appointment was scheduled after Mr. Fell left the home, therefore Mrs. Fell attended the appointment by herself.

During this assessment period there was evidence that the Fells were still drinking (i.e., cases of beer in the kitchen..)

On October 29, Mr. Fell had been drinking and he got into a fight with Mrs. Fell and Donny.  He slapped Donny across the face.  Mrs. Fell then asked him to leave and she called the police and had him arrested.

After speaking with everyone in the family separately, it was concluded that Mr. Fell had used inappropriate discipline, but it was not physical child abuse.  Mr. Fell is currently residing at the Vision's Shelter.

During this assessment period, the school nurse at Lincoln Elementary School has reported that Teri and Donny have had lice twice this year and several times last year.  Other than that, there are no problems at school.

Both children are involved with several extracurricular activities (football, cheerleading, hockey, etc.) Mr. and Mrs. Fell seem proud of their children and are always anxious to show off their latest trophy.

Lora Troy, Court Advocate, has provided weekly drug and alcohol counseling for Mr. Fell.

Catholic Social Services will provide relationship counseling.

FELL-00000049

9. (continued)

Children and Youth worker has made a referral for Donny and Teri to participate in a group for children of alcoholics.

Children and Youth worker has provided casemanagement and supportive services within the GPS Ongoing Unit.

FELL-00000050

10.  Results of the Review:

_____ Services are no longer needed. Close case effective _____
                                                                    (Date)
_____ No revisions are required

 X  Revisions to the Family Service Plan are required in the
following areas:  (Check all that apply)

_____ Identifying Information  _____ Goals          _____ Actions

_____ Problems                   X  Objectives      _____ Services to be
                                                              provided


Briefly describe changes in Identifying Information, Problems to be
Addressed, or Goals.

P3) Mr. and Mrs. Fell have completed drug and alcohol evaluations,
therefore Objective P3 is modified: To refrain from consuming
alcohol.

P4) Teri and Donny need to understand their father's problems.

11.  Signature of Case Manager _Deanna L. Leiman MSW_____

                              Date _____

12.  Supervisor's Signature _Maureen Shoup_____

13.  Date of next review _____

FELL-00000051

Family Name:  Fell

| 14. PROB-LEM # | 15. OBJECTIVES | 16. ACTIONS TO BE TAKEN (Identify person who must complete action.) | 17. SERVICES TO BE PROVIDED AND THE IDENTITY OF SERVICE PROVIDER | 18. PROJECTE COMPLETI DATE |
|---|---|---|---|---|
| P1) | To provide a safe and stable home environment for their children. | Mr. and Mrs. Fell will make sure their children are safe in their own home. | Children and Youth worker will monitor the case closely. Children and Youth casemanagement and supportive services. | 5/91 |
| P2) | To refrain from physical violence. | Both Mr. and Mrs. Fell will refrain from using physical violence and participate in relation-ship/marriage counseling. | Catholic Social Services will provide counseling. Children and Youth supportive counseling. | 5/91 |
| P3) | To refrain from consuming alcohol. | Mr. Fell will attend all drug and alcohol appoint-ments and attend AA meetings.   Both Mr. and Mrs. Fell will refrain from abusing alcohol. | Lora Troy, Court Advocate will provide weekly counseling. Children and Youth casemanagement and supportive services. | 5/91 |
| P4) | For Teri and Donny to learn to deal with their father's alcoholism. | Teri and Donny will participate in the next session of groups offered for children of alcoholics. | Children and Youth to provide the groups and transportation. | 5/91 |

FELL-00000052

## 20. NOTICE OF RIGHTS

As previously discussed, we recommend that you and (Name of Child) receive the services described in the attached Family Service Plan.

This program is approved by Luzerne County Children and Youth Services and is recommended so that the best interest of your family can be met. I hope you agree with this program.

You have the right to visit your child at least every two (2) weeks as prescribed in the Placement Amendment Plan.

You have the right to notice of any changes in the physical location of your child, and you have the right to participate in decisions involving the education and medical care your child receives while in care.

If you do not agree with this program, you have the right to appeal to the Office of Hearing and Appeals, Department of Public Welfare, any term of the plan or review which:

-Results in a denial, reduction, or termination of a service; or

-Results in a determination that the parent(s) or child must participate in a service; or

-Fails to take into account the parent(s)' or child's choice of service; or

-Fails to act upon a request for service with reasonable promptness.

If you disagree with any term of the plan or review, as described above, and wish to appeal, you should notify me in writing within 15 days of the date of this notice. Upon receipt of such written notification of your desire to appeal, I shall see to it that your appeal is forwarded to the Office of Hearing and Appeals. Please explain how you disagree with this plan in your letter to me.

You may also appeal to the Luzerne County Court of Common Pleas, any portion of the Family Service Plan or Review with which you disagree.

If you appeal, you may be represented at the Administrative Hearing or at the Court Hearing by an attorney of your choice. If you cannot afford an attorney, you may contact the office listed below for assistance:

Legal Services of Northeastern Pennsylvania, Inc.
410 Bicentennial Bldg.
15 Public Square
Wilkes-Barre, PA  18701
Phone (717) 825-8567

Family Name: _Fell_

19.  Signatures

PARENTS/GUARDIANS, PLEASE NOTE: Signing constitutes your agreement with the Service Plan.

                              Signature                          Date

Father/Legal Guardian _____  _____

Mother/Legal Guardian _____*Cynthia Fell*_____  _____
        (If not signed by parents, indicate reason on
        signature line.)

Children (if 14 years      Date                              Date
or older)

_____   _____   _____   _____

_____   _____   _____   _____

_____   _____   _____   _____


Service Providers:

    Name                      Agency                        Date

_____   _____   _____

_____   _____   _____

_____   _____   _____


DG/MT:dp

Date Transcribed:  April 12, 1991

FELL-00000054

*To accompany 11/90 FSP*

PRELIM.RPT.- PR___
DETERMINATION-DR___
SPECIAL- SP___

**RISK/SEVERITY ASSESSMENT SUMMARY FORM**
**THE PHILADELPHIA MODEL**
ASSESSMENT CODES: Z: No Risk  L: Low Risk  IM: Intermediate Risk  H: High Risk
X: Unable to Assess  NA: Not Applicable

1. CASE NAME: Fell                                    PAGE #: 2 R 000056

| A. CHILD FACTORS | name: | Donny | | Teri | | | | | | | | | | | | HIGHEST RISK FACTOR | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | age: | 10 | | 8 | | | | | | | | | | | | | |
| | | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR |
| 1. AGE,PHYSICAL/MENTAL ABILITY | | L | | IM | | | | | | | | | | | | 1. IM | |
| 2. SEVERITY/FREQ OF ABUSE | | L | | Z | | | | | | | | | | | | 2. L | |
| 3. SEVERITY OF NEGLECT | | L | | L | | | | | | | | | | | | 3. L | |
| 4. LOCATION OF INJURY | | Z | | Z | | | | | | | | | | | | 4. Z | |
| 5. CHILD'S PRIOR ABUSE/NEG. | | H | | H | | | | | | | | | | | | 5. H | |
| 6. EXTENT OF PSYCHO/HARM | | L | | L | | | | | | | | | | | | 6. L | |

| B. PARENT/PERP./ADULT HOUSEHOLD MEMBER FACTORS | name: | Debbie | | Don | | | | | | | | | | | | HIGHEST RISK FACTOR | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | age: | 36 | | 51 | | | | | | | | | | | | | |
| | | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR | PR | DR |
| 7. AGE,PHYSICAL/MENTAL ABILITY | | IM | | IM | | | | | | | | | | | | 7. IM | |
| 8. ALCOHOL/SUBSTANCE ABUSE | | IM | | H | | | | | | | | | | | | 8. H | |
| 9. PARENTING SKILLS/KNOWLEDGE | | L | | IM | | | | | | | | | | | | 9. IM | |
| 10. LEVEL OF COOP. W/INVTGTN. | | IM | | IM | | | | | | | | | | | | 10. IM | |
| 11. IMPACT OF INTERVENTION | | IM | | IM | | | | | | | | | | | | 11. IM | |
| 12. PERP.ACCESS TO CHILD | | IM | | IM | | | | | | | | | | | | 12. IM | |
| 13. PRIOR ABUSE/NEGLECT | | X | | X | | | | | | | | | | | | 13. X | |
| 14. IMPLEMENT | | Z | | Z | | | | | | | | | | | | 14. Z | |
| 15. PARENT/CHILD RELATIONSHIP | | L | | L | | | | | | | | | | | | 15. L | |
| 16. PRESENCE PARA/PARENT SUB/O | | N/A | | N/A | | | | | | | | | | | | 16. N/A | |

C. ENVIRONMENTAL/ECOLOGICAL FACTORS:
17. CONDITION OF THE HOME                                    17. L
18. FAMILY SUPPORT SYSTEM                                    18. L
19. STRESSES                                                19. IM
20. FAMILY MOBILITY                                          20. L

D. USE PAGE 2 FOR NARRATIVE REQUIRED

Deanna L. Leeman MSW  11/30/90

| TOTAL HIGH RISK = | 3 | |
| TOTAL INT. RISK = | 7 | |
| TOTAL LOW RISK = | 7 | |
| TOTAL NO RISK = | 1 | |
| TOTAL UNABLE T.A. = | 1 | |
| TOTAL NOT APPLIC. = | 1 | |
| OVERALL SEVERITY = | IM | |
| OVERALL RISK = | IM | |

WORKER: Maureen Joy     DATE:      DR WORKER:   11/30/91     DATE:
PR SUPERVISOR:          DATE:      DR SUPER:               DATE:

CASE NAME:                                                                      Page 2

### RISK/SEVERITY ASSESSMENT SUMMARY FORM
                                                                        DATE:

J. Note specific evidence supporting high risk and intermediate risk conclusions and clarify ambiguous factors. You must provide conclusions regarding overall severity/risk based on interaction of all factors. Attach extra page if needed.

(4) Based on Teri's age.

(5) Both children were ~~also~~ sexual abused by babysitter in 1985.

(7) Both Mr + Mrs Fell have exhibited poor impulse control as exhibited in their violent fights

(8) Mrs Fell is suspected of having a drinking problem. Mr Fell does abuse alcohol + he is currently in treatment, however, he continues to drink.

(9) Due to Mr. Fell's drinking he is unable to demonstrate consistent, appropriate parenting skills.

(10) A dependency petition was filed based on the Fell's reluctance to cooperate with recommended serv.

(11) Mr + Mrs Fell minimize their problems and Mr Fell fails to accept responsibility for his behavior

(12) As Mr Fell is the perp. in relation to Danny this is noted IN b/c Mr Fell is currently living outside of the home + Mrs Fell does provide supervision for her children.

(19) There has been violence exhibited between Mr + Mrs Fell.

Overall severity: IN - Based on the previous abuses perpetrated on their children by the babysitter. This was not noted as H as the children are not exhibiting any emotional problems at this time. overall risk: IN → Based on the parents' violent behavior towards each other and based on their drinking. There is also concern about Mr Fell's ability t

**7**

FELL-00000057

## FAMILY SERVICE PLAN

1. Family Name: __Fell__          3. Date of Previous Review __11/91__

2. File Number: __000056__        4. Date of this Review: __5/92__

                                  5. Worker's Name: __Deanna German__

6.  Identify the progress or lack of progress in accomplishing each numbered objective from the Services and Objectives sheet, to alleviate each corresponding problem.

P1.   Debbie has provided a safe and stable environment for her children.

P3.   There has been no evidence to suggest that Debbie is drinking excessively.

P5.   Debbie has ensured that Donny attend his counseling appointments and she is actively involved in counseling with him.  A referral had been made for a Home-Based Team, but they were denied.

7.  Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken and not taken by parents, children, and others.

P1.   Debbie continues to reside in the same apartment and there has been no evidence of excessive drinking or violence in the home.

P3.   Debbie did not return to drug and alcohol counseling which she had previously initiated, however, she does not appear to be drinking excessively at this time.

P5.   Donny continued to exhibit inappropriate behavior.  He began attending school at Children's Service Center's partial hospitalization in December and he began taking psychotropic medication in January.  He was psychiatrically hospitalized in April at General Hospital.

8.  Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken by caseworkers and other service providers to assist the family.

P1.   Children and Youth casemanagement and supportive services Children and Youth announced and unannounced visits.

P2.   Children and Youth casemanagement and supportive services

P5.   ████████████ CSC, has provided counseling for Debbie and Donny.  CSC partial hospitalization.  Dr. Fuessner provides medical checks regarding medication.  C&Y supportive counseling

M206

FELL-00000058

Family Service Plan                          Family Name:   Fell
Page 2

## CLOSING SUMMARY

9.  A comprehensive assessment of all areas of family functioning
    including:  Safety of the child;  The review of family
    functioning/assessment;  Changes in specific areas which
    demonstrate cooperation and motivation to change.

During this assessment period Debbie and her two children, Donny
and Teri, have continued to reside at 30 E. Chestnut Street, Wilkes-
Barre.  ███████████ also lives with the family.

Donny has continued to exhibit behavioral problems and was
psychiatrically hospitalized for a second time.  Debbie continues to
participate in counseling with Donny at CSC.  Donny attends school at
CSC partial hospitalization program.

There have been no concerns or problems regarding Teri.

This case is being closed as there are no longer any protective
issues.  There are mental health issues.

When the case was first opened there were concerns of domestic
violence and alcohol abuse within the home.  Both Mr. and Mrs. Fell
underwent drug and alcohol evaluations.  However, only Mr. Fell was
recommended for drug and alcohol counseling and he has been out of
the home since October of 1990.  In addition, the domestic violence
has also ceased because Mr. Fell has left the home.

The major focus of this family has been Donny's behavioral
problems which are being addressed through counseling and the partial
hospitalization program at Children's Service Center.

Debbie is aware of the community resources that are available to
assist her with Donny's problems and she does not feel there is a
need for continued C&Y involvement.

Debbie has maintained stable housing and provides adequate
housekeeping standards.  She receives some support from her mother
who lives next door.

There has been no evidence of inappropriate discipline or lack
of supervision.

Based on the facts stated in this report, the Fell case is
closed effective May 31, 1992.

FELL-00000059

Family Service Plan                          Family Name:  Fell
Page 3

10.  Results of the Review:

_____Services are no longer needed. Close case effective_____
                                                    (Date)

_____No revisions are required

_____Revisions to the Family Service Plan are required in the
following areas:  (Check all that apply)

_____Identifying Information  _____Goals      _____Actions

_____Problems                 _____Objectives _____Services to be
                                                      provided


Briefly describe changes in Identifying Information, Problems to be
Addressed, or Goals.

     This case is being closed, however, Debbie will continue to
provide a safe and stable environment for her children while
refraining from excessively consumption of alcohol.

     Donny will continue to be seen by Children's Service Center.

11.  Signature of Case Manager _____

                          Date _____

12.  Supervisor's Signature _____

13.  Date of next review _____

FELL-00000060

8

FELL-00000061

## SERVICE PLANNING/FAMILY FUNCTIONING

### Family Name:   Fell

Complete the following for Service Planning:
1.  Date case accepted for service:   1/19/94

2.  Reason(s) for accepting this case:  (Identify the Protective Service Issues present in the family)

This case was originally referred to this agency by the Wilkes-Barre Police on January 19, 1994.  At that time, there were allegations that Debra Fell hit her daughter across the face, splitting her lip open.  At the time Mrs. Fell was drunk. At that time arrangements were made for Therese Sharpe, maternal grandmother who lives next door, to take the children.  At the time Mrs. Fell had another person living with her who had been recently referred to this agency.  When the police were there, Mrs. Fell was baby-sitting her child who was 4 years old.  Mrs. Sharpe refused to take this child but other arrangements were eventually made.

This is the third time this family is being opened for services at this agency.  Please see the previous summaries from 1985 and 1990 regarding this family for more information.  Based on review of these summaries it is surmised there has been a long-standing history of alcoholism and domestic violence in this family.  Most of the past domestic violence had been surrounding Donald Fell, the children's father, and Mrs. Fell.  The last time this agency closed the case, Mr. Fell had left the home and was currently out of the picture while Mrs. Fell had taken up residence with █████████████ and had moved into the other half of the double block her mother owned where she currently is residing.  After this initial referral, this agency continued to receive calls from Mrs. Sharpe regarding Mrs. Fell's continued drinking and her need for services.  During this assessment it was felt that Mr. Maxwell was a resource for the family and provided some stability to them.  However, an incident occurred on or about February 1, 1994 in which Mrs. Fell had been out drinking, came home, caused some problems and the police again were called to the home.  At that time Mrs. Fell was jailed for allegedly assaulting █████████████  However, when Mrs. Fell was in jail it was noted that she had numerous injuries which upon her release led her to get a PFA and Mr. █████ was then charged with assault and removed from the home.  Additionally during this incident this agency received a report that Mrs. Fell had stabbed her son, Donald with a fork.  Donald had a minor injury and was seen at the hospital.  Further investigation revealed that the incident occurred when Donald assaulted Mrs. Fell as she at-

1

m212

FELL-00000062

tempted to put the phone back on the wall after Donald had ripped it out.  The injury was accidental in nature.

After these incidents, Mrs. Fell who had been working at Harte-Hanks in the Kingston area began a "drunken bender" that lasted until she was jailed shortly before the Dependency Hearing.  It should be noted that part of the reason for her incarceration is that Donald, during the past 1 3/4 school year has attended only 14 days of classes.  Donald had been put on informal probation for his failure to attend school and the Judge, during the Dependency Hearing, ordered Juvenile Probation to pay half the cost of his placement at St. Michael's where he is now located.  However, the Juvenile Probation Department noted to the Judge in a memo that he had never been duly adjudicated delinquent and therefore the agency is solely responsible for his placement.  This agency continued to receive calls from Mrs. ▓▓▓▓▓ regarding Mrs. Fell's ongoing drinking problem.  However, when this worker attempted to have ▓▓▓▓▓▓▓ directly confront Mrs. Fell with these allegations, she would come up with excuses such as she couldn't leave her dogs alone in the house together without some type of supervision.  Approximately one week prior to the Dependency Hearing, this worker went out to the home and again discovered that Mrs. Fell had left the children alone with the hopes that their grandmother would take care of them.  Mrs. Sharpe opened the door for the worker who was able to observe that Mrs. Fell's home was in a complete state of disarray with approximately 17 beer cans strewn about the living room and kitchen.  Additionally, Mrs. Fell had begun bringing various individuals home with her for a day or two, and indeed had just found an individual by the name of ▓▓▓▓▓▓ who allegedly lived in Lake Ariel but was staying for a day even though he had been there for three weeks.  Also, Mrs. Fell denied any drinking but Mr. ▓▓▓▓ was quick to point out that she had just gotten drunk the night before.  After discussion with Social Service Coordinator, Jacqui Maddon; Supervisor, Donna Vrhel and Attorney Victor Drosey, it was felt that the situation could be held for a Dependency Hearing as the children were not in imminent danger as their grandmother had been taking care of them for quite some time.

Due to circumstances this worker was not able to attend the Dependency Hearing.  Apparently Mrs. Fell had been jailed two days before the hearing for Donald's continued absence from school.  Mrs. Sharpe attempted to have Donald attend the hearing but he refused.  During the hearing custody of Terri Fell was given to Mrs. Sharpe, who had been a former foster parent through this agency and the Parent Counselor Program.  Donald Fell was ordered for a diagnostic evaluation at St. Michael's where he

2

FELL-00000063

remains at the present. This worker has learned from Mrs. Sharpe that the plan is to have Donald remain at St. Michael's until the end of August, at which time custody would be transferred to her, with continued day treatment. Mrs. Fell continues to be lodged in the Luzerne County Correctional Facility. Due to the ongoing alcohol abuse by Mrs. Fell, Donald's lack of attendance at school and total neglect of the children, this case will be staffed for ongoing services.

## 3.  FAMILY FUNCTIONING

A)  <u>Economic</u>:  Prior to February 1, 1994, Mrs. Fell had been working at Harte-Hanks in the Kingston area. Additionally she was receiving SSI payments for Donald. This income appeared to be sufficient to meet the needs of the family. However at this time, Mrs. fell has lost her job and the agency will file for Donald's SSI benefits, thereby leaving Mrs. Fell with no viable income at this time.

B)  <u>Housing</u>:  Mrs. Fell, for the past 2 to 3 years, has been residing in half of a double block owned by her mother. Mrs. Sharpe has had Mrs. Fell's half of the building condemned and has evicted her. Mrs. Fell, therefore, is homeless.

C)  <u>Medical Care</u>:  Mrs. Fell uses Family Practice in Kingston for the medical care of her family. There are no outstanding medical problems with her or her children noted at this time.

D)  <u>Educational History of Parents</u>:  It appears that Mrs. Fell is quite intelligent when she is sober. She completed high school. She states she values education for her children but it appears that she has not been sober long enough to attempt to have Donald attend school and stress the educational values of a good education to him, for the past two years.

E)  <u>Educational History of Child(ren)</u>:  Donald is currently attending school at St. Michael's. He allegedly was enrolled in the Wilkes-Barre School District's Special Educational Classes but as previously noted did not attend for the past 1 3/4 year except for approximately 14 days. In addition, when he would go back to school he would immediately present a behavior problem which would then force the school district to again suspend him, after which he would not return. Terri, as a result of Mrs. Fell's increased drinking activity, began to miss a lot of school also. Her grades began to slip. Since Mrs. Fell has been jailed and Terri has been living with Mrs. Sharpe, according to Mrs. Sharpe, her attendance is regular and her grades are improving.

3

FELL-00000064

F)  Physical Care and Hygiene:  The children are older and are somewhat able to take care of themselves but it has been noted the family had several episodes of lice infestations.  Donald is also lax in his physical appearance and is already smoking at the age of 13.

G)  Family Interactions (Describe strengths, conflicts, and behaviors):

1)  Adult Interaction:  Mrs. Fell's relationships have centered around her drinking.  After Mr. Fell left she became involved with Mr. ███████ who provided some stability.  As he left Mrs. Fell "went on the prowl," bringing men home indiscriminately to meet her needs for companionship.  It is felt she did this partly to get a male who could physically control Donald.  Mr. Fell has had no contact with Mrs. Fell since he left in 1991.

Mrs. Fell and Mrs. Sharpe have a love/hate relationship. Mrs. Sharpe will often complain vociferously about her daughter but when this worker confronts Mrs. Fell with her mother present, Mrs. Sharpe softens her stand and somewhat defends her daughter. As with Mrs. Fell, Mr. Fell has had no contact with the children.

2)  Parent/Child(ren) Interaction:  Mrs. Fell treats her children more as her siblings than as a mother/child type of relationship.  As she has no responsibility for her own actions, Mrs. Fell also does not take into account that the children must show some responsibility for their actions and thus the children do what they please.  For the same reason the children are also treated as much younger than they are.

3)  Sibling Interaction:  This area needs further exploration.  Mrs. Fell states Donald protects Terri as a little sister but according to Mrs. Sharpe, Donald has a propensity to be abusive to her.  To date worker has observed neither situation but it appears the two children are somewhat independent of each other.

H)  Community involvement (legal, school, agencies, relatives, neighborhood, etc.):

In the past this agency has provided services to the family on an ongoing basis.  Counseling had been recommended to Mr. and Mrs. Fell when they were together but upon Mr. Fell's leaving the home, it would appear that Mrs. Fell did not feel it was necessary to continue on with the counseling recommendation.  Additionally, both children in the past had attended what was then COA Groups at this agency.  This worker attempted to re-enroll them, but the groups for their age groups were already filled.

4

FELL-00000065

As previously noted, Mrs. Fell had been fined numerous times for Donald's school truancy and is currently jailed for it. In addition, the police have been out to the home numerous times regarding domestic disputes in the recent past and historically when Mr. and Mrs. Fell were together. For more information on this please see the previous case records. Donald is currently at St. Michael's undergoing a diagnostic evaluation and Mrs. Fell remains jailed. Additionally, Mrs. Sharpe has contacted the Wilkes-Barre Health Department which condemned Mrs. Fell's half of the building, leaving Mrs. Fell homeless.

Family's Attitude Toward Community:

Although openly cooperative with this worker, Mrs. Fell until recently has been unable to recognize that her drinking was impacting on this family to a great degree. At the Dependency Hearing she openly admitted that she did have a problem and at that time was seeking admittance to a detox center. It is, however, this worker's belief that she did this only to try to stymie this agency's plan of transferring custody of the children over to her mother.

I) Worker's hypothesis about the cause of the problems in the family:

The Fell family has had a long-standing history of domestic problems going back when Mr. and Mrs. Fell were living together. In addition, Mrs. Fell has had a long-standing history of alcohol problems. Surely the children have been affected by the domestic violence and alcohol abuse. Mrs. Fell has been unable to have Donald attend school at all for the past two years since he was involved in the Partial Program. Donald has refused in the past to attend counseling at the Children's Service Center. He had been placed on informal probation because of his truancy. Mrs. Fell states she is no different from her mother who used to beat her and remembers alcohol problems in her childhood. Currently there is no evidence to indicate that Mrs. Sharpe uses physical discipline or there are any alcohol problems within her household. Currently Mrs. Fell has no income, is homeless and is in jail. It would appear that she has been unable to assume a parenting role and continues to yearn for a life of partying and hooking up with various men in different relationships. Based on these factors, this case will be staffed for ongoing services.

Date:_____        _____
                            John Kosloski
                            CPS Intake Caseworker


                            _____
                            Donna Vrhel
JK/DV:dp                     CPS Intake Supervisor
5/4/94                                    5

FELL-00000066