**ARREST WARRANT AFFIDAVIT**

Joseph Yaremay
**DISTRICT JUSTICE**
MAGISTERIAL DISTRICT NO.    11-3-08
126 North Main Street
Plains, PA  18705

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| D 17555 | 1989 | C | 170 |

Complaint Numbers if Other Participants

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| 89-347 | | C 359650-4 |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___Luzerne___

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT:         VS.
NAME ☐    FELL, Donald R
AND       REDACTED - FELL
ADDRESS   Jenkins Township, PA    Inkerman
          W/M   D.O.B. 05-02-39

Ptlm. Marianne Csankner          Jenkins Township Police Department          654-1281
(Name of Affiant)          (Police Department or Address of Private Affiant)          (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES: (see instruc. below)

On Tuesday, 31 October, 1989 at 1800 hours, this Officer was dispatched to an accident at REDACTED - FELL Inkerman, Jenkins Township. Upon arrival on scene, this officer spoke with the above named actor, Donald R. FELL, the operator of the vehicle which was involved in the accident, and detected a strong odor of an alcoholic beverage on his breath. The above named actor did also have glossy eyes, slurred speech, a staggered gait and could not identify his operator's license without the help of his wife. At this time, this officer requested Officer Christopher Purcell of the Jenkins Township Police Department to administer a Field Sobriety Test to Mr. Fell. Officer Purcell did administer the test which Mr. Fell failed. Mr. Fell was then requested to submit to a Blood Alcohol Test and was advised that if he refused to take the test he would lose his operating privileges for one (1) year. Mr. Fell agreed to the Blood Alcohol Test and was transported to Wilkes-Barre General Hospital for a B.A.C.

**PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY**

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received, and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, by whom it was obtained, and state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

4. State any additional information considered pertinent to justify this application.

SIGNATURE OF AFFIANT          ADDRESS OF PRIVATE CITIZEN          BADGE NO.          M0975

Sworn to and subscribed before me this 6th ____ day of

FELL-00000104

COMMONWEALTH OF PENNSYLVANIA

NO: 3243 of 1989
3242 of 1989

VS.

Donald R. Fell

7 Main Street

Inkerman, Jenkins Twp., Pa

NOW, March   16   , 1990   it appearing to the Court that Defendant failed to appear for arraignment on March 9, 1990 and the record reflects proper service.

upon motion of the District Attorney, Court award Capias non omittas for the defendant.

BY THE COURT,

_____ J.

TO CLERK:

Court of Common Pleas of Luzerne County

Issue Capias non omittas for the defendant above.

_____
District Attorney

_____
Assistant District Attorney

M0977

FELL-00000105

**19**

ARREST WARRANT AFFIDAVIT

LOUISE POBOTSKI
DISTRICT JUSTICE
MAGISTERIAL DISTRICT NO. 11-3-08
Second St. Plains Pa. 18702

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| H31948 | 90 | C | |

Complaint Numbers If Other Participants

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| 90-436 | | C564446-1 |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___LUZERNE___

COMMONWEALTH OF PENNSYLVANIA
VS.
DEFENDANT:

NAME ⌐ Donald Robert FELL
AND    REDACTED - FELL Inkerman,
ADDRESS Jenkins Township Pa. 18640

Ptlm. Christopher J Purcell    Jenkins Township Police Department    (717)654-1201
(Name of Affiant)    (Police Department or Address of Private Affiant)    (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES:  (see instruc. below)

On 10-29-90 at about 2345 Hrs. Affaint Officer was dispatched to REDACTED - FELL
Jenkins Township. Apon arrival Affaint Officer was met by Debbie Fell Age 36. She informed
Affaint Officer that she had threw her husband, The Above Named Defendant. out of the home
because he had hit her and her son Robert Fell age 10. Affaint Officer spoke with Robert
Fell who showed Affaint Officer a cut on his lip and told Affaint Officer that his Father
The Above Named Defendant had hit him in the mouth and gave him a bloody lip. Debbie Fell
also stated that her Husband, The Above Named Defendant had hit her also. Affaint Officer
didn't see the makks due to there location but will have a Female Officer look at them
in the Morning. After Taki talking to both, The above Named Defendant Donald Fell knocked
at the door and came inside. Affaint Officer notice a strong smell of Alcohol and that he
was having trouble walking. Affaint Officer placed him under Arrest on the above information
read him his Constitutional Warnings and asked him to come to the Police Station. At the Stat
Station he was seated untill above Charges were ready and then transported to District
Justice's Office.

PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received, and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, by whom it was obtained, and state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

4. State any additional information considered pertinent to justify this application.

M0989

DOCKET NUMBER

DEFENDANT   Donald Robert Fell

DATE  10-30-90    TIME  107 AM

REDACTED - FELL

ADDRESS   REDACTED - FELL

RACE  W   SEX  M

Jenkins Twp    PHO - 683-038

REDACTED - FELL

SOCIAL SECURITY NUMBER  REDACTED - FELL

DATE OF BIRTH   39.

PLACE OF BIRTH  W-B Pa

ADVISED OF RIGHTS  Yes

ATTAIN  Jenkins Twp (Russell)

COUNSEL  NATT

CHARGES

PRELIMINARY HEARING WAIVED

HAS DEFENDANT EVER BEEN CONVICTED OF A CRIME  Yes

IF YES STATE CHARGES

DuI (4 cts) -

RESTITUTION, FINE OR IMPRISONMENT  15 expires -

PLACE OF EMPLOYMENT  Aenton Auto Parts

NAME OF SPOUSE  Debbi

DEFENDANT MARRIED?  Yes

ANY CHILDREN AND AGES  Robert - 26 yo -- Donald - 10 yoa

PRELIMINARY HEARING DATE  11-8-90

TIME  1030 AM.

AMOUNT OF BAIL  $2,500

TYPE  NONE   CASH   PROPERTY

PROFESSIONAL BONDSMAN

COMMENTS  Residence - current - 2 yrs.
Chestnut St, W-B - 1 yrs.

Father - no immediate family in area

Mother -

Addictions - alcohol.

M 0990

FELL-00000108

# IN THE COURT OF COMMON PLEAS OF THE COUNTY OF LUZERNE
## INFORMATION

**APPROVED   MAR 18 1991**

COMMONWEALTH OF PENNSYLVANIA

vs.

Criminal Action No. 3642 of 19 90

DONALD ROBERT FELL

THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE by this information charges that
DONALD ROBERT FELL

on or about the __29th__ day of __October__, 19 90, in said County,

(1) did attempt to cause or intentionally, knowingly or recklessly cause bodily injury to Robert Fell.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(1)

(2) AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did attempt by physical menace to put Robert Fell in fear of imminent serious bodily injury.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(3)

(3) AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did attempt to cause or intentionally, knowingly or recklessly cause bodily injury to Debbie Fell.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(1)

Continued on page 2

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____
ATTORNEY FOR THE COMMONWEALTH

_____
(Degree of Crime and Maximum Penalty)

NOW, _____, 19____, comes the defendant and pleads not guilty, and with the consent of his attorney and the attorney for the Commonwealth, and the approval of the judge, waives a jury trial and elects to be tried by a judge without a jury.

NOW, _____, 19____, defendant pleads _____ guilty et de hoc; District Attorney similiter et issue.

_____
Defendant

_____
Defendant

_____
Defendant

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for Defendant

_____
Attorney for Defendant

Christopher J. Purcell

_____
Attorney for Commonwealth

Prosecutor
Police Department

_____
Judge

Address
Jenkins Township, PA

M0991

FELL-00000109



## INFORMATION (Cont'd)

Commonwealth of Pennsylvania

vs.

**Criminal Action No.** _3642_ of 19 _90_

DONALD ROBERT FELL

(4)    AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did attempt by physical menace to put Debbie Fell in fear of imminent serious bodily injury.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(3)

(5)    AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did threaten to commit a crime of violence, to wit, Simple assault, with intent to terrorize Debbie Fell.

TERRORISTIC THREATS, 18 Pa. C.S.A. 2706

(6)    AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did recklessly engage in conduct which placed or may have placed Debbie Fell in danger of death or serious bodily injury by beating her about the head and/or face and/or body with his fist and/or open hand with considerable force.

RECKLESSLY ENDANGERING ANOTHER PERSON, 18 Pa. C.S.A. 2705

SUMMARY OFFENSES:
Public drunkenness, 18 Pa. C.S.A. 5505
Disorderly conduct; 18 Pa. C.S.A. 5503 (a)(1) & (a)(4)

page 2

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania

_____
(Degree of Crime and Maximum Penalty)

_____
ATTORNEY FOR THE COMMONWEALTH

M0992

FELL-00000110

M. MADEIRA
**District Attorney**

C. BENDER
**Court Stenographer**

F. WEBBY PD
**Atty. for Defendant**

No 3550

**COURT OF COMMON PLEAS — CRIMINAL DIVISION
COUNTY OF LUZERNE
THE COMMONWEALTH OF PENNSYLVANIA
vs.**

1. Donald Fell
2.
3.

| Indictments ☐ Yes ☐ No | Transcripts ☐ Yes ☐ No | Commitment Issued ☐ Yes ☐ No |
|---|---|---|

CHARGE Simp Asslt (4 cts), Terr Thrts, Reck End & Sums    No. 3642    19 90

PLEA guilty    DISPOSITION    DATE 9-23-91

Pay Costs of Prosecution ☐ Yes ☐ No    Pre-Sentence Investigation Requested ☐ Yes ☐ No

Def pleads guilty to sums of public drunk.
and dis con.

The following cts. are Nolle prossed
ct 1,2,3,4 Simp Asslt, ct 5 & Terr Thrts, ct 6 Reck End

on 3642/90
sums. public drunk - fine 300.00 + costs
disorderly conduct - fine 300.00 + costs

Fred Mazur , Bromaski, J    **JUDGE**

ORIGINAL    #53    M0993

Luzerne County District Attorney's Office
## PLEA AGREEMENT

COMMONWEALTH VS. *Donald Fell* NO. *3692* of 19 *90*

Charges listed for trial:

*Simple Assault, terroristic threats, Rec. Eval,*
*Summaries*

The following plea agreement entered into between the Commonwealth of Pennsylvania and the defendant is being recommended to the Court. It is understood that the Court has the right to reject this agreement at which time the defendant may reconsider his guilty plea.

The following represents the entire plea agreement between the Commonwealth of Pennsylvania and the defendant and is to be placed on record:

I am pleading guilty to the following charges: *Public Drunkeness,*
*Disorderly Conduct, Summaries*

The following charges will be dismissed: *Simple Assault, terroristic threats,*
*Rec. Eval. &*

The sentence I receive will be: *Fines up to Ct.*

I will pay restitution in the amount of: $ _____ and all costs of prosecution

Special conditions: _____

By signing this agreement, we hereby acknowledge our agreement with the above terms.

_*Donald R Fell*_
DEFENDANT

_*signature*_
ATTORNEY FOR DEFENDANT

*TELL w/ Prosecutor*
PROSECUTOR

_*signature*_
A.D.A.

M0994

FELL-00000112

**20**

FELL-00000113

*106*

# WILKES-BARRE POLICE DEPARTMENT

27c    15 N. WASHINGTON STREET
WILKES-BARRE, PA. 18701

## JAILER'S REPORT                    15064

| SURNAME | FIRST | MIDDLE | IRC NO |
|---|---|---|---|
| FELL | DEborAh | | E259411 |

| ADDRESS | | SOC. SEC. NO. |
|---|---|---|
| REDACTED - FELL       W,B. | | REDACTED - FELL     /    8195 |

| AGE | SEX | RACE | DATE OF BIRTH | NICKNAME |
|---|---|---|---|---|
| 40 | F | W | REDACTED - FELL    54 | |

| PLACE OF BIRTH | ALIAS |
|---|---|
| WILKES-BARRE Pa | |

| MARRIED / SINGLE | DRUNK / SOBER | DATE OF ARREST | TIME | DATE OF CRIME | ON VIEW / WARRANT |
|---|---|---|---|---|---|
| | | 5-25-94 | 0200 | 5-25-94 | WARRANT |

| HEIGHT | WEIGHT | PLACE OF CRIME | STATE | COUNTY |
|---|---|---|---|---|
| 5 FT. 2 IN. | 160 | WILKES-BARRE | Pa | LUZERNE |

| HAIR | EYES | PLACE OF ARREST | AUTHORITIES |
|---|---|---|---|
| RED | HAZLE | bowmAn ST + Scott ST. W.B. | W.B. CITY P.P. |

| BUILD | COMPLEXION | CHARGE: |
|---|---|---|
| HEAVY | MED | WARRANT- Public DRUNK HALLASSMENT |

| OCCUPATION |
|---|
| UNEmploy Ed |

| SCARS-MARKS-DEFORMITIES | VICTIM | RACE: |
|---|---|---|
| LEFT LOWER ARM D.B. LEFT HAND CROSS | | |

ADDRESS

| OFFICER | UNIFORM / DETECTIVE |
|---|---|
| MARINO | UNIFORM |

| PRELIMINARY HEARING | DATE | TIME | MAGISTRATE |
|---|---|---|---|
| 2 JUNE 94 MAG. KANE | | 2:00 PM | |

BAIL.                    ROR.

JAILER SIGNATURE _____

SUPERVISOR SIGNATURE _____    M393

FELL-00000114

27C        E259411    02

LCPR-8

| ZONE | ☒ ADULT ☐ JUVENILE | ARREST REPORT | WILKES-BARRE POLICE DEPARTMENT | IBC E259408 |
|---|---|---|---|---|

| 3. CHARGE | DATE CHARGED 03/30/94 MO. DA. YR. | 4. OFFENSE DATE 01/29/94 MO. DA. YR. | 5. ARRESTING OFFICER'S NAME | BADGE NUMBER |
|---|---|---|---|---|
| Public Drunk (War) | | | L. Riemensnyder - T. Marino | 371-4 |

6. OTHER CHARGE: Harassment (War)    3/22/94    7. LOCATION OF ARREST    01/14/94  Bowman St. near Kidder St

8. WHEN ARRESTED 05/30/94  0203    9. TYPE OF ARREST  ☐ ON VIEW  ☒ WARRANT  ☐ SUSPICION    ONT — OFFENSE TRACKING NUMBER

| 10. NAME OF ACCUSED | 11. AGE | 12. RACE | 13. SEX | 14. ADDRESS |
|---|---|---|---|---|
| Fell  Deborah | 40 | W | F | REDACTED - FELL |

15. ALIAS/NICKNAME  Deborah Folland - Deborah Pecco    16. TELEPHONE    17. OCCUPATION  Unemployed.

18. PLACE OF EMPLOYMENT/SCHOOL    19. DATE OF BIRTH 04/12/54  MO. DA. YR.    20. PLACE OF BIRTH  Wilkes-Barre

| 21. HEIGHT 5'2" | 22. WEIGHT 160 | 23. EYES Hazel | 24. HAIR Red | 25. BLOOD TYPE | 26. MARKS, SCARS, TATOOS Left arm DEB | 27. COMPLEXION Fair |
|---|---|---|---|---|---|---|

| 28. SSN REDACTED - FELL 8195 | 29. FBI NO. 31339NA8 | 30. SID NO. REDACTED - FELL | 31. POID NO. 21-4 | 32. MILITARY NO. |
|---|---|---|---|---|

| 33. VETERANS CLAIM NO. | 34. OPERATOR PERMIT NO. | 40. FINGERPRINT CLASSIFICATION | 35. PHOTO TAKEN ☐ YES ☐ NO | NUMBER |
|---|---|---|---|---|

| 37. FINGERPRINT CARD TO ☒ FBI  ☒ HNA | 38. INDICATION OF  DRUGS: ☐ YES ☐ NO   ALCOHOL ☒ YES ☐ NO | 39. DEFENDANT ARMED ☐ YES ☒ NO | TYPE WEAPON(S) |
|---|---|---|---|

40. ARTICLES CONFISCATED FROM DEFENDANT?    41. PERSONAL ARTICLES RECEIPT GIVEN ☐ YES ☐ NO    NUMBER

**VEH**

42. DEFENDANT VEHICLE IDENTIFICATION    YEAR    MAKE    MODEL    LICENSE NO./ST    DEFENDANT FAMILY CODE FOR BLOCKS 43 - 46  F = FATHER  W = WIFE  B = BROTHER  S = SON  M = MOTHER  S = SISTER  D = DAUGHTER

| 43. NAME | ADDRESS | PHONE (RESIDENCE/OFFICE) |
|---|---|---|

**FAM**

45.

46.

**ACC**

47. NAME/ALIAS/NICKNAME OF ACCOMPLICE    48. ADDRESS

49. NAME/ALIAS/NICKNAME OF ACCOMPLICE    50. ADDRESS

**ATT**

51. ATTORNEY NAME    TELEPHONE NO.    52. RIGHTS READ ☐ YES ☐ NO    BY WHOM

**STAT**

53. STATUS OF DEFENDANT  ☐ DETAINED AT _____    ☐ RELEASED    ☐ PERSONAL BOND
☐ MONEY BOND - AMOUNT $ _____    ☐ PROPERTY BOND    ☐ TURNED OVER TO

**NARRATIVE**

ITEM NO.    54. CONTINUATION OF ABOVE ITEMS (INDICATE ADDITIONAL INFORMATION.)

Def. Arrested on 2 Warrants (Public Drunkenness + Harassment) Assisted by Ofc. Barrett

**INFORMATION**

55. ADJUDICATION  DATE AND TIME: __/__/__  MO. DA. YR.  HOURS ____

| 56. CHARGE | 56A. OTH | 57. MAGISTRATE/DISTRICT COURT | 58. DATE | 59. FINAL DISPOSITION |
|---|---|---|---|---|

**CONTROL**

60. COMM. CENTER WANT/WARRANT INQUIRY  YES ☐ NO ☐  ☐ CANCEL  __/__/__  MO. DA. YR.  HOURS    WARRANT NO.  (NT0000120-94) NT0000 92

61. DISTRIBUTION  ☐ CHIEF  ☐ DETECTIVE  ☐ JUVENILE  ☐ NARCOTIC  ☐ OTHER



## COMMONWEALTH OF
## PENNSYLVANIA

### COUNTY OF LUZERNE

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody

(Name): FELL, DEBBIE

REDACTED - FELL

WILKES-BARRE, PA 18705

If the defendant be found in said Commonwealth, and bring the defendant before us at MARTIN R. KANE

(Address): 150 S. PENNSYLVANIA AVE.
WILKES-BARRE, PA 18701-3399

to answer the Commonwealth or WILKES BARRE CITY
(Political Subdivision)

upon the complaint or citation of WARDLE, JAMES
charging the defendant with 18 §5505 §§
**PUBLIC DRUNKENESS**
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this

_____ day of _____, 19___

SEAL
(Signature)

Magisterial District No.: 11-1-02

Citation No.: A600857
FILED: 1/29/94
Docket No.: NT-0000120-94

Amount required to satisfy sentence:
Fine: $
Costs: $
Other: $
Total: $

Amount needed to satisfy collateral: $    176.00

---

### RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant
25 May 19 9Y

☒ I took into custody the within named
~~Debbie Fell~~

☐ He is now at liberty on bail posted before _____

_____

☐ in the _____

_____ jail.

☒ before you for disposition.
☐ I accepted a guilty plea and collected
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____
for collateral.

☐ I accepted the fine and costs due in the amount of
$ _____

_____
(Signature of Officer - Name & Title)

### RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

---

030

### WARRANT OF ARREST

WARRANT CONTROL NO.:
4679493

DOCKET NUMBER:
NT-0000120-94

COMMONWEALTH
OF
PENNSYLVANIA

VS

FELL, DEBBIE

OFFENSE DATE    1/29/94

CHARGE

18 §5505 §§

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

Officer's costs:
Warrant    _____
Miles @    ¢    _____
Commitments    _____
Miles @    ¢    _____
Conveying to hearing _____

FELL-00000116

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

CR-000001-7A **600857**

DOCKET NUMBER
NT-120-94

DEFENDANT — FIRST NAME / MIDDLE NAME / LAST NAME
DEBBIE    ANN    FELL

STREET ADDRESS / CITY,TWP-BORO-COUNTY / STATE / ZIP CODE
REDACTED - FELL    WILKES-BARRE PA

**OFFENSE**

NATURE OF OFFENSE: PUBLIC DRUNKENNESS

DEFENDANT WAS ON SIDEWALK IN FRONT OF 30 E. CHESTNUT ST & WAS STAGGERING, HAD STRONG ODOR OF ALCOHOLIC BEVERAGE ON HER BREATH. DEFENDANT WAS A THREAT TO

DATE: 1-29-94    TIME: 2016    PLACE: 30 E. CHESTNUT ST    COUNTY: LUZERNE    CODE: 40
DAY: SAT    CITY/TWP-BORO: WILKES-BARRE    CODE: 304

**VIOLATION**

STATUTE OR ORDINANCE: PA.CC    MAGISTERIAL DISTRICT NO.
SEC.    MARTIN R KANE
FINE: 100.00    ADDRESS: 150 S PENNA AVE
SUB.SEC.    COSTS: 76.00    WILKES-BARRE PA
TOTAL DUE: 176.00

RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT
X TOO INTOXICATED TO SIGN

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S. 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

DATE ISSUED/FILED: 1-29-94

OFFICERS SIGNATURE    BADGE NO. 333-512

STATION ADDRESS: 15 N. WASHINGTON ST W B PA

RACE: W    SEX: M (F)    D.O.B.: REDACTED - FELL    54    INCIDENT NO.: A298448    UCR CODE (IF APPLICABLE)

REMARKS: HER OWN SAFETY AND THE SAFETY OF OTHERS

Note: Also charged with simple Assault in relation to same incident

2/9/94 - Guilty - NLFT

AOPC 407-86    DISTRICT JUSTICE

FELL-00000117



## COMMONWEALTH OF PENNSYLVANIA

### COUNTY OF LUZERNE

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody DOB: 4/12/54 F

(Name):    FELL, DEB

(Address):  REDACTED - FELL

WILKES BARRE,, PA 18702

If the defendant be found in said Commonwealth, and bring the defendant before us at  MARTIN R. KANE

(Address):  150 S. PENNSYLVANIA AVE.
WILKES-BARRE, PA 18701-3399

to answer the Commonwealth or **WILKES BARRE CITY**
(Political Subdivision)

upon the complaint or citation of REBO, GERALD
charging the defendant with 18 §2709 §§
HARASSMENT
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this

____ day of _____ , 19 __

SEAL _____ (Signature)

Magisterial District No.: 11-1-02

Citation No.: A620444
FILED:     1/21/94
Docket No.: NT-0000097-94

Amount needed to satisfy collateral: $     176.00

---

### RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant
25 MAY  19 94

☒ I took into custody the within named
Deb Fell

☐ He is now at liberty on bail posted before _____

_____

☐ in the _____

_____ jail.

☒ before you for disposition.

☐ I accepted a guilty plea and collected
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____
for collateral.

☐ I accepted the fine and costs due in the amount of
$ _____

(Signature of Officer - Name & Title)

### RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

---

### WARRANT OF ARREST

WARRANT CONTROL NO.:
4674687

DOCKET NUMBER:
NT-0000097-94

COMMONWEALTH
OF
PENNSYLVANIA

VS

FELL, DEB

OFFENSE DATE      1/14/94

CHARGE
18 §2709 §§

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of
$ _____

_____
(Defendant's Signature)

Officer's costs:
Warrant              _____
Miles @        ¢     _____
Commitments          _____
Miles @        ¢     _____
Conveying to hearing _____

Amount required to satisfy sentence:
Fine:  $
Costs: $
Other: $
Total: $

5:01-cr-00012-gwc    Document 301-3    Filed 03/21/11    Page 16 of 53

Sent By: HP LaserJet 3100;                    5702084209;              Jan-26-01 14:50;          Page 7/1!

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

CITATION No.
**A620444**

DOCKET NUMBER
NT-97-94

MAGISTERIAL DISTRICT NO. 11-1-02

DEFENDANT — FIRST NAME: Deb    MIDDLE NAME:    LAST NAME: Fell

STREET ADDRESS: REDACTED - FELL    CITY-TWP-BORO-COUNTY: Wilkes-Barre    STATE: PA    ZIP CODE:

CHARGE: Harassment

OFFENSE

NATURE OF OFFENSE: Defendant knowingly and intentionally struck her 11 yr. old daughter with a backhand which caused a small laceration in the childs lip.

DATE: 01-14-94    TIME: 2139    PLACE: 30 E. Chestnut    COUNTY: Luzerne 40    CODE:

DAY: Fri    CITY-TWP-BORO: Wilkes-Barre 304    CODE:

VIOLATION

STATUTE OR ORDINANCE: P.C.C.    MAGISTERIAL DISTRICT NO.: 11-1-02

SEC.: 2709    FINE: 100.00    ADDRESS: 150 S. Pennsylvania Ave.

SUB. SEC.: 1    COSTS: 76.00

TOTAL DUE: 176.00

RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT

DATE ISSUED: 01-14-94

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S. 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER SIGNATURE: K. Boyle G. Rebo D. Crane    BADGE NO.: 491 453 383    CODE:

STATION ADDRESS: 15 N. Washington St.

RACE: W    SEX: M (F)    D.O.B.: A-12-54    INCIDENT NO.: A149460    UCR CODE (IF APPLICABLE):

REMARKS: Victim Also Appeared to be Slapped on left Side of Face Causing Face to Redden.

JAN 21 1994

AOPC 407-86    DISTRICT JUSTICE

FELL-00000119

| 1.Docket Number of Final Issuing Authority | 2.Common Pleas Docket Number | 3.State Identification Number | OTN E 620483-3 ✓ |
|---|---|---|---|
| CR-0000031-94 | | | |

| 4.Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | | | 5.Transferred from Initial Issuing Authority | DISTRICT N |
|---|---|---|---|---|---|
| [REDACTED]TIN R. KANE | 11 | 1 | 02 | Ronald W. SWANK | 11  3 |

Name and Address(Last Name First)

| | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE ANN  *15064* | 02 01 94 | CR-0000017-94 |
| REDACTED - FELL | 9. Affiant Who Signed Complaint (Name and Address) |
| WILKES-BARRE, PA 18705 | PAUL MIDDLETON |
| | WILKES-BARRE POLICE DEPT |
| | 15 N. WASHINGTON STREET |
| | WILKES-BARRE, PA 18711 |

| 10. Date of Birth MM DD YY | 11.Sex | 12.Race | 13. Operator License Number | 14 State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| 04 12 54 | F | W | | PA | PA0401300 | | 304-512 |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed | | 20. Summons MM DD YY | Date Issued MM YY | 21. Warrant DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to C MM DD |
|---|---|---|---|---|---|---|---|---|---|
| 01 30 94 | 01 30 94 | | | | | | 01 30 94 | 12:50 A | |

| B.Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | | 32. Date Set For Preliminary Hearing |
|---|---|---|---|
| 02 09 94 | 150 S. PENNSYLVANIA AVE., WILKES-BARRE, PA 18701 | | |

| | 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | MM DD YY |
|---|---|---|---|---|---|---|---|
| A | SIMPLE ASSAULT | | | 01 29 94 | CC2701A | DIS | 02 09 94 |
| B | PUBLIC DRUNKENNESS | | S | 01 29 94 | CC5505 | MVNT | |

| 34.Advised of His Right to Apply for Assignment of Counsel? | Yes X | No | 35.Public Defender Requested by the Defendant? | Yes | No X | 36.Application Provided for Appointment of Public Defender? | Yes | No X | 37.In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | MM Date DD |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | c | c |
| | b | d | d |

| 40.Enter 'C' for witness complainant- 'D' for Witness Defendant | 41.Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. |
|---|---|---|---|---|

Attorney's Name and Address for:

| | | 45. I.D. No. |
|---|---|---|
| 5. Commonwealth | | |
| 6. Complainant | | |
| 47. Defendant | FLANNERY ESQUIRE, PATRICK PUBLIC DEFENDER, LUZ. CO. COURTHOUSE ANNEX WILKES BARRE, PA 18711 | Private |
| | | Other X |

| 48. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence |
|---|---|---|---|
| 02 09 94 | $ .00 | $ .00 | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| | Bail at Preliminary Arraignment | | | | | 56. Date Bail Post |
|---|---|---|---|---|---|---|
| Type $ | 54.Amount 5,000.00 | 55. Date Set MM 01 | DD 30 | YY 94 | | MM DD |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| | Current Bail/Bail at Preliminary Hearing | | | | | 60. Date Bail Post |
|---|---|---|---|---|---|---|
| Type $ | 58. Amount 5,000.00 | 59. Date Set MM 01 | DD 30 | YY 94 | SMITH, MICHAEL PA | MM DD 01 31 9 |

| If Committed Date | 62.Code | 63. Place of Commitment | | | |
|---|---|---|---|---|---|
| 1 30 94 | C | LUZERNE CO CORR FAC | WILKES BARRE | PA |

COPY: DISTRICT JUSTICE

| 84.Date Transcript Sent to Court MM DD YY |
|---|
| 02 11 94 |

Certified this _____ day of _____, 19____

Commission Expiration Date

SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

FELL-00000120

# WILKES-BARRE POLICE DEPARTMENT
## 15 N. WASHINGTON STREET
## WILKES-BARRE, PA. 18701
### JAILER'S REPORT    15,064

| SURNAME | FIRST | MIDDLE | IRC NO. |
|---|---|---|---|
| FeLL | Debbie | ANN | A 299448 |

| ADDRESS | | SOC. SEC. NO. |
|---|---|---|
| REDACTED - FELL | WB | REDACTED - FELL  8195 |

| AGE | SEX | RACE | DATE OF BIRTH | NICKNAME |
|---|---|---|---|---|
| 39 | F | W | REDACTED - FELL  54 | |

| PLACE OF BIRTH | ALIAS |
|---|---|
| WB | |

| MARRIED | DRUNK | DATE OF ARREST | TIME | DATE OF CRIME | ON VIEW |
|---|---|---|---|---|---|
| SINGLE | SOBER | 1-29-94 | 2016 | 1-29-94 | WARRANT |

| HEIGHT | WEIGHT | PLACE OF CRIME | STATE | COUNTY |
|---|---|---|---|---|
| 5 FT. 2 IN. | 150 | WB | PA | Luzerne |

| HAIR | EYES | PLACE OF ARREST | AUTHORITIES |
|---|---|---|---|
| Blonde | Hazel | REDACTED - FELL st | |

| LO | COMPLEXION | CHARGE: | RACE: |
|---|---|---|---|
| Heavy | Ruddy | Simple Assault Public Drunk. | |

| OCCUPATION | VICTIM | |
|---|---|---|
| Labor | | |

| SCARS-MARKS-DEFORMITIES TATTOO | ADDRESS | |
|---|---|---|
| Deb X Left Arm | | |

| | OFFICER | UNIFORM |
|---|---|---|
| | Middleton | DETECTIVE |

| PRELIMINARY HEARING | DATE | TIME | MAGISTRATE |
|---|---|---|---|
| | | | |

| BAIL. | ROR. | |
|---|---|---|
| | | |

JAILER SIGNATURE  Simenkiewicz

SUPERVISOR SIGNATURE  Sgt Schmid

FELL-00000121

CRIMINAL COMPLAINT    (POLICE)

| COMPLAINT NUMBER | YEAR | TYPE | NUM |

**DISTRICT JUSTICE**
**MAGISTERIAL DISTRICT NO. 11-1-02**
Mag. Martin Kane
150 S. Penn. Ave.
Wilkes-Barre, Pa. 18702

Complaint Numbers if Other Participants

INCIDENT NUMBER    UCR NO.
A290148

**COMMONWEALTH OF PENNSYLVANIA**
DEFENDANT:        VS.

Ptlmn. Paul E. Middleton       &
Ptlmn. James Wardle
*(Name of Affiant)*

NAME    Debbie Ann Fell
AND
ADDRESS

of **Wilkes-Barre City Police Dept.**
*(Identify department or agency represented and political subdivision)*

R.S.A.
AKA

lo hereby state:

1) [XX] I accuse the above named defendant, who lives at the address set forth above or,
   [ ] I accuse an individual whose name is unknown to me but who is described as _____

   [ ] his nickname or popular designation is unknown to me and, therefore, I have designated him herein as John D
   with violating the penal laws of the Commonwealth of Pennsylvania at ___REDACTED - FELL___
                                    Wilkes-Barre                        *(Place-Political Subdivision)*
   _____, in ___Luzerne_____ County on or about _29Jan94 at 2010hrs._

   rticipants were *(if there were participants, place their names here, repeating the name of above defendant).*

2) The acts committed by the accused were: (A) Simple Assault—Whereby the Defendant did knowingly
   and intentionally cause injury to another person, one Ellery Wilcox, by striking him
   in the face and pushing him to the ground. This resulted to the victim suffering la-
   cerations to his chin nose and left cheek.

l of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembl
in violation of ___2701_____and _____A_____of the Act of ___Pa. Crimes Code___
                *(Section)*                      *(Sub-section)*

the_____Ordinance of _____
                                        *(Political Sub-division)*

(3) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges
    I have made.

(4) I, verify that the facts set forth in this complaint are true and correct to the best of my knowledge or infor-
    mation and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code
    (18 Pa. C.S. §4904) relating to unsworn falsification to authorities.

____Jan____29___, 19_94___                Ptlmn. Paul E. Middleton    512
                                          Ptlmn. James Wardle         333
                                          *(Signature of Affiant)*

AND NOW, on this _____, 19____, I certify the complaint has been properly completed and
verified and that there is probable cause for the issuance of proce

FELL-00000122

## ARREST WARRANT AFFIDAVIT

DISTRICT JUSTICE
MAGISTERIAL DISTRICT NO. 11-1-2
MARTIN R. KANE
150 S. PENNA AVE
WILKES-BARRE, PA

| COMPLAINT NUMBER | YEAR | TYPE | NUM |
|---|---|---|---|
| | | | |

Complaint Numbers if Other Participants

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| A299448 | | |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LUZERNE

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT:                    VS.

NAME  DEBBIE ANN FELL
AND   REDACTED - FELL
ADDRESS  WILKES-BARRE, PA.

OFFICERS JAMES WARDLE & PAUL MIDDLETON  W-B POLICE DEPT     826-8111
(Name of Affiant)        (Police Department or Address of Private Affiant)       (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES:   (see instruc. below)

ON 29 JANUARY 1994 AT 2016 HRS UNDERSIGNED OFFICERS ERE DETAILED TO REDACTED - FELL ON A REPORT OF A DOMESTIC DISTURBANCE IN PROGRESS. UPON ARRIVAL WE WERE MET IN FRONT OF THE HOME BY AN ELLERY WILCOX WHO STATED THAT HE RESIDES WITH THE DEFENDANT, AND WAS INSIDE THE HOME WHEN THE DEFENDANT CAME HOME HIGHLY INTOXICATED. HE INFORMED US THAT A VERBAL CONFRONTATION BEGAN, AND HE ATTEMPTED TO LEAVE THE HOME, AT WHICH TIME THE DEFENDANT BEGAN TO CHARGE AFTER HIM AND HAD TO BE PHYSICALLY HELD BY HER SON. MR. WILCOX STATED THAT HE WENT TO HIS VEHICLE WHICH WAS PARKED ON E. CHESTNUT ST., AND AS HE WAS GETTING INSIDE THE VEHICLE THE DEFENDANT CHARGED FROM THE HOUSE, AND UPON REACHING THE VEHICLE, GRABBED HIM BY THE HAIR, DRUG HIM FROM THE FRONT SEAT OF THE VEHICLE ONTO THE ICE COVERED SIDEWALK WHERE SHE PUNCHED AND SCRATCHED HIS HEAD AND FACE, AND ALSO SMASHED HIS EYE GLASSES. OFFICERS OBSERVED THAT MR. WILCOX WAS CUT & SCRATCHED ABOUT THE FACE, AND PIECES OF VICTIMS GLASSES WERE FOUND ON THE SIDEWALK. DEFENDANTS SON, DONALD FELL W/M 13. CONFIRMED MR WILCOX'S STATEMENTS. DEFENDANT WAS PLACED UNDER ARREST & TRANSPORTED TO POLICE HEADQUARTERS. WE VERIFY THAT THE FACTS SET FORTH IN THIS AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE OR INFORMATION AND BELIEF AND WE ASK THAT THIS AFFIDAVIT BE MADE PART OF THE CRIMINAL COMPLAINT FOR SIMPLE ASSAULT.

## PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY

FELL-00000123

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

**CITATION**
A 600

DOCKET NUMBER

MAGISTERIAL DISTRICT NO.

DEFENDANT — FIRST NAME — MIDDLE NAME — LAST NAME
DEBBIE    ANN    FELL

STREET ADDRESS — CITY-TWP.-BORO-COUNTY — STATE
REDACTED - FELL    WILKES-BARRE PA

**O F F E N S E**

PUBLIC DRUNKENNESS

NATURE OF OFFENSE

DEFENDANT WAS ON SIDEWALK IN FRONT
30 E. CHESTNUT ST & WAS STAGGERING,
HAD STRONG ODOR OF ALCOHOLIC BEVERAGE
HER BREATH. DEFENDANT WAS A THREAT T

DATE 1-29-94    TIME 2016    PLACE REDACTED - FELL    COUNTY LUZERNE
DAY SAT    CITY-TWP.-BORO WILKES-BARRE

**V I O L A T I O N**

STATUTE OR ORDINANCE PA. CC    MAGISTERIAL DISTRICT NO. MARTIN P KANE
SEC. — FINE    ADDRESS 150 S PENNA AVE
SUB. SEC. — COSTS    WILKES-BARRE PA

RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT
TOTAL DUE    TOO INTOXICATED TO SIGN.

DATE ISSUED 1-29-94

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWL. INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CODE (18 PA C.S. 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER'S SIGNATURE    BADGE NO. 333-5

STATION ADDRESS 15 N. WASHINGTON ST W B PA

RACE W    SEX M (F)    D.O.B. REDACTED - FELL    INCIDENT NO. 54 A298448    UCR CODE (IF APPLICABLE)

REMARKS:
HER OWN SAFETY AND THE SAFETY OF
OTHERS

Note: Also charged with simple
Assault in relation to same
incident.

AOPC 407-86    DISTRICT JUSTICE

**USE BALL POINT — PRINT & PRESS HARD**

CCA GRAPHICS - West Chester, Pa - 215-793-2775

FELL-00000124

LCPR-8

| ZONE | ☒ ADULT ☐ JUVENILE | ARREST REPORT | WILKES-BARRE POLICE DEPARTMENT | 2. IAC A294948 |
|---|---|---|---|---|
| CavS | | | | |

**CHARGE:** Simple Assault

| 3. DATE CHARGED | 4. OFFENSE DATE | 5. ARRESTING OFFICER'S NAME | BADGE NUMBER |
|---|---|---|---|
| 1/28/94 | 1/09/94 | P. Middleton, J. Wardle | 512, 333 |

**6. OTHER CHARGES:** Public Drunkeness

**7. LOCATION OF ARREST:** REDACTED - FELL  W-B

ONT — OFFENSE TRACKING NUMBER

| 8. WHEN ARRESTED | 9. TYPE OF ARREST |
|---|---|
| 1/09/94  2018 HOURS | ☐ ON VIEW   ☐ WARRANT   ☒ SUSPICION |

| 10. NAME OF ACCUSED | 11. AGE | 12. RACE | 13. SEX | 14. ADDRESS |
|---|---|---|---|---|
| Fell, Debbie Ann | 39 | W | F | REDACTED - FELL |

**15. ALIAS/NICKNAME**

**16. TELEPH**

**18. PLACE OF EMPLOYMENT/SCHOOL**

| 19. DATE OF BIR REDACTED - FELL 54 | 20. PLACE OF BIRTH |
|---|---|

| 21. HEIGHT | 22. WEIGHT | 23. EYES | 24. HAIR | 25. BLOOD TYPE | 26. MARKS, SCARS, TATOOS | 27. COMPLEXION |
|---|---|---|---|---|---|---|

| 28. SSN | 29. FBI NO. | 30. SID NO. | 31. PDID NO. | 32. MILITARY NO. |
|---|---|---|---|---|
| REDACTED - FELL 8195 | | | | |

| 33. VETERANS CLAIM NO. | 34. OPERATOR PERMIT NO. | 35. FINGERPRINT CLASSIFICATION | 36. PHOTO TAKEN ☐ YES ☐ NO | NUMBER |
|---|---|---|---|---|

| 37. FINGERPRINT CARD TO ☐ FBI  ☐ PSP | 38. INDICATION OF DRUGS: ☐ YES ☒ NO   ALCOHOL: ☒ YES ☐ NO | 39. DEFENDANT ARMED ☐ YES ☒ NO | TYPE WEAPON(S) |
|---|---|---|---|

| 40. ARTICLES CONFISCATED FROM DEFENDANT | 41. PERSONAL ARTICLES RECEIPT GIVEN ☐ YES ☐ NO | NUMBER |
|---|---|---|

**42. DEFENDANT VEHICLE IDENTIFICATION**

| YEAR | MAKE | MODEL | LICENSE NO./ST |
|---|---|---|---|

DEFENDANT FAMILY CODE FOR BLOCKS 43 – 46
F – FATHER   W – WIFE   B – BROTHER   S – SON
M – MOTHER   S – SISTER   D – DAUGHTER

| 43 | NAME | ADDRESS | PHONE (RESIDENCE/OFFICE) |
|---|---|---|---|
| 45 | | | |
| 46 | | | |

| 47. NAME/ALIAS/NICKNAME OF ACCOMPLICE | 48. ADDRESS |
|---|---|
| 49. NAME/ALIAS/NICKNAME OF ACCOMPLICE | 50. ADDRESS |

| 51. ATTORNEY NAME | TELEPHONE NO. | 52. RIGHTS READ ☐ YES ☐ NO | BY WHOM |
|---|---|---|---|

| 53. STATUS OF DEFENDANT | | |
|---|---|---|
| ☐ MONEY BOND — AMOUNT $ | ☐ DETAINED AT | ☐ RELEASED  ☐ PERSONAL BOND |
| | ☐ PROPERTY BOND | ☐ TURNED OVER TO |

**54. CONTINUATION OF ABOVE ITEMS (INDICATE ADDITIONAL INFORMATION.)**

ITEM NO.

*See Accompanying Offense Report
Note Defendant did have a small cut on upper lip upon arrival at scen

**55. ADJUDICATION**

DATE AND TIME:  MO. / DA. / YR.   HOURS

| 56. CHARGE | 56A. OTN | 57. MAGISTRATE/DISTRICT COURT | 58. DATE | 59. FINAL DISPOSITION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| 60. COMM. CENTER WANT/WARRANT INQUIRY ☐ YES ☐ NO  ☐ CANCEL | MO. / DA. / YR. HOURS | WARRANT NO. |
|---|---|---|

**61. DISTRIBUTION**  ☐ CHIEF  ☐ DETECTIVE  ☐ JUVENILE  ☐ NARCOTICS  ☐ OTHER

C

FELL-00000125

04

## OFFENSE REPORT

| ANO | CTK | ION | PTY | ATT | DTC |
|---|---|---|---|---|---|
| 45 SOF 45 | | | TPC | PRP | DE | DT |

| | | | | 2. IRC |
|---|---|---|---|---|
| r S | WILKES-BARRE POLICE DEPT | | | A299448 |
| | UCR CD | 80 E Chestnut St | | 5. TYPE OF PREMISE Double Block |
| | | 7. WHEN DISCOVERED 1/29/84 2010 | | |

**8. METHOD OF CRIME (ATTACK)** Victim struck about the face
**HOW ENTERED/EXITED**
**10. MEANS OF CRIME (ATTACK), WEAPONS OR TOOLS USED** Manually

| 11. LATENT FINGERPRINTS TAKEN | INL. | 12. PHOTOGRAPH TAKEN | INL. | 13. METHOD OF ESCAPE | 14. EVIDENCE LEFT BEHIND |
|---|---|---|---|---|---|
| ☐ YES ☒ NO | | ☐ YES ☒ NO  NUMBER: | | | |

| 15. VICTIM | | 16. AGE | 17. RACE | 18. SEX | 19. ADDRESS |
|---|---|---|---|---|---|
| Wilcox Ellen | | 46 | W | M | 80 E Chestnut St |

| 20. PHONE (RESIDENCE/OFFICE) | 21. JUVENILE | 22. DATE OF BIRTH | 23. INDICATION OF | |
|---|---|---|---|---|
| 824-5842 | ☐ YES ☒ NO | REDACTED - FELL  47 | DRUGS: ☐ YES ☒ NO | ALCOHOL: ☒ YES ☐ NO |
| | | MO. DA. YR. | | |

| 24. OCCUPATION (EMPLOYER/SCHOOL) | 25. INJURY | 26. HOSPITALIZED/TREATED AT |
|---|---|---|
| Disabled | Lacerations on Face | ☐ YES ☒ NO |

| 27. NAME OF COMPLAINANT (IF NOT VICTIM) | 28. AGE | 29. RACE | 30. SEX | 31. ADDRESS |
|---|---|---|---|---|
| | | | | |

| 32. PHONE (RESIDENCE/OFFICE) | 33. JUVENILE | 34. DATE OF BIRTH | 35. INDICATION OF | |
|---|---|---|---|---|
| | ☐ YES ☐ NO | / /  MO. DA. YR. | DRUGS: ☐ YES ☐ NO | ALCOHOL: ☐ YES ☐ NO |

**35. OCCUPATION (EMPLOYER/SCHOOL)**
**37. CODE FOR BLOCK 38**    W = WITNESS    P = PARENT    G = GUARDIAN

| 38. | | 40. AGE | 41. RACE | 42. SEX | 43. ADDRESS |
|---|---|---|---|---|---|
| W Fell Donald | | 13 | B | M | 80 E Chestnut St |

| 44. PHONE (RESIDENCE/OFFICE) | 45. JUVENILE | 46. OCCUPATION | 47. INDICATION OF | |
|---|---|---|---|---|
| 824-5842 | ☒ YES ☐ NO | Student | DRUGS: ☐ YES ☒ NO | ALCOHOL: ☐ YES ☒ NO |

| 48. | | 53. ADDRESS |
|---|---|---|
| Donald Fell REDACTED - FELL | SSW 8/85 | 80 E Chestnut St |

**54. OCCUPATION**
**55. PHONE (RESIDENCE/OFFICE)**

| 56. DATE OF BIRTH | 57. JUVENILE | 58. RELATIONSHIP TO VICTIM OR OWNER | 59. HEIGHT | 60. WEIGHT | 61. COLOR EYES | 62. COLOR HAIR | 63. COMP. |
|---|---|---|---|---|---|---|---|
| REDACTED - FELL 54  MO. DA. YR. | ☐ YES ☒ NO | Co-Habitator (Landlord) | | | | | |

| 64. CLOTHING WORN | 65. SCARS, MARKS, TATOOS | 66. WANT/WARRANT ON FILE | 67. ARRESTED |
|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO |

| 68. KNOWN HAUNTS | 69. KNOWN ASSOCIATES |
|---|---|
| | |

| 70. IF JUVENILE INVOLVED AS WITNESS, VICTIM, COMPLAINANT, SUSPECT | | | BY WHOM |
|---|---|---|---|
| PARENT OR GUARDIAN NOTIFIED? ☐ YES ☐ NO  TIME: | | MO. DA. YR. | |

**71. IF VEHICLE WAS INVOLVED IN CRIME**
☐ STOLEN    ☐ RECOVERED    ☐ USED IN CRIME    ☐ OTHER (EXPLAIN)

| ITEM NO. | 72. NARRATIVE: CONTINUATION OF ABOVE ITEMS<br>DESCRIBE OTHER WITNESSES OR SUSPECTS, EVIDENCE, PROPERTY DISPOSITION, INCIDENT. | |
|---|---|---|

At above time and location victim states an argument took place with the Suspect over ownership of a car stereo. The victim states he was struck about face and pushed to the ground. The victim had several lacerations on his face. The witness observed Suspect grab victim and push him to Ground. The Suspect was arrested for Simple Assault. Under Domestic Violen Exception

| 74. NOTIFIED BY | 75. WHEN NOTIFIED | 76. MESS. NO. | 77. CANCELLED BY | 78. WHEN CANCELLED |
|---|---|---|---|---|
| | MO. DA. YR.  HOURS | | | MO. DA. YR.  HOURS |

**79. DISTRIBUTION**
☐ CHIEF    ☐ DETECTIVE    ☐ JUVENILE    ☐ NARCOTICS    ☐ OTHER (EXPLAIN)

**80. INCIDENT STATUS**
☐ OPEN    ☐ INACTIVE

15064

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

CITATION No.
**A** 552296

MAGISTERIAL DISTRICT NO. 11-1-02

DEFENDANT — FIRST NAME: Dobbie   MIDDLE NAME   LAST NAME: Fell

STREET ADDRESS: REDACTED - FELL   BORO-COUNTY: Wilkes Barre   STATE: Pa   ZIP CODE

NATURE OF OFFENSE: Public Drunkenness.
Defendant did appear in a public place
manifestly under the influence of alcohol
to the degree that she was a danger to
herself, other, or property.

DATE: 21 Sept 91   TIME: 1337   PLACE: REDACTED - FELL   COUNTY: Luzerne   CODE: 40
DAY: Sat   CITY-TWP-BORO: Wilkes Barre   CODE: 34

STATUTE OR ORDINANCE: Pa Crimes Code   MAGISTERIAL DISTRICT NO. 11-1-02
SEC: 5505   FINE: 200⁰⁰   ADDRESS: 150 S. Penna Blvd.
SUB.SEC.   COSTS: 50⁰⁰

TOTAL DUE: 350⁰⁰   RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT: (X) Dobbie Fell

DATE ISSUED: 21 Sept 91

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S. 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER'S SIGNATURE: B. Victor   BADGE NO. 487/046

STATION ADDRESS: 15 N. Washington St.

RACE: Cau   SEX: M F   D.O.B.: REDACTED - FELL   INCIDENT NO. 54   21Sept91 18606   UCR CODE (IF APPLICABLE)

REMARKS: RELEASED TO THE CARE OF
DEFENDANTS MOTHER THERESA SHARPE
(X) Theresa Sharpe

AOPC 407-86   DISTRICT JUSTICE

**USE BALL POINT --- PRINT & PRESS HARD**

FELL-00000127

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

CITATION No.
A 552297

MAGISTERIAL DISTRICT NO. 11-1-02

DOCKET NUMBER

DEFENDANT    FIRST NAME: Debbie    MIDDLE NAME    LAST NAME: Fell

REDACTED - FELL    BORO-COUNTY: Wilke-Barre    STATE: Pa    ZIP CODE

NATURE OF OFFENSE: Disorderly Conduct
Defendant did cause public inconvenience
annoyance or alarm by fighting with
officers when they attempted to arrest
her boyfriend

DATE: 21 Sept    TIME: 1337    PLACE: REDACTED - FELL    COUNTY: Luzerne    CODE: 40

DAY: SAT    St.    CITY-TWP-BORO: Wilkes Barre    CODE: 304

STATUTE OR ORDINANCE: PA Crimes Code    MAGISTERIAL DISTRICT NO. 11-1-02

SEC. 5503    FINE 30.00    ADDRESS: 150 S. Penna Blvd
SUB. SEC. (a)(1)    COSTS 5.00
TOTAL DUE 35.00

RECEIPT OF CITATION IS ACKNOWLEDGED+SIGNATURE OF DEFENDANT

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S. 64904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

DATE ISSUED: 21 Sept 91

OFFICER'S SIGNATURE: B. Victor    BADGE NO. 487/246    CODE

STATION ADDRESS: 15 N. Washington St.

RACE: Cau    SEX: M (F)    D.O.B. REDACTED - FELL 54    INCIDENT NO. 21 Sept 91 1806456    UCR CODE (IF APPLICABLE)

REMARKS:

AOPC 407.86    DISTRICT JUSTICE

**USE BALL POINT --- PRINT & PRESS HARD**

**21**

FELL-00000129

**ARREST WARRANT AFFIDAVIT**

Joseph Keating
DISTRICT JUSTICE
MAGISTERIAL DISTRICT NO. 11-1-04

35 Broad St Pittston Pa 18640

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| | 1991 | C-135 | |
| Complaint Numbers If Other Participants | | | |

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| | | C701041-5 |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF _____Luzerne_____

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT:           VS.

NAME ⌐ Deborah A. Fell
AND        REDACTED - FELL          DOB 04/12/54
ADDRESS Pittston PA 18640

Ptlm James Sulima          Pittston City Police Dept          717 654-2424

(Name of Affiant)          (Police Department or Address of Private Affiant)          (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES: (see instruc. below)

On July 17,1991 at approximately 3:55 Pm Police were dispatched to a hit and run accident that occurred on REDACTED - FELL in Pittston. Police arrived on the scene and noticed that a vehicles rear was smashed with traces of green paint on it. Witnesses at the scene also stated that the vehicle that left the scene was a green A.M.C. Gremlin ,also at the scene was a large amount of anti-freeze that was left by the hit and run vehicle, witnesses also stated that a female was driving with a heavy set built, also the green gremlin had a yellow stripe on it.

At approximately 4:20 Pm on July 17,1991 on patrol looking for the hit and run vehicle, affiant spotted a green gremlin with a yellow stripe on it at the intersection of Mill and Searle St in Pittston. Officer then pulled the vehicle over and saw that the front end was damaged and it was leaking anti-freeze and the radiator was damaged. Officer then asked for her driver's license and owner's card, affiant then noticed glossy blood shot eyes, slurred speech and a strong odor of an alcholic beverage coming from her breath. She then submitted to field sobriety tests which she failed ,she was then transported to W.B.G. H. When the above was put into the Police car she wanted her purse from her vehicle,officer got her purse for her and sticking out was a bottle of Sambuca Liquor that was half full.

At the hospital she submitted to a Blood alcohol test,which was withdrawn by a technician and given to affiant who transported the blood to P.S.P to be analysed.

Ibelieve all the above to be true and correct to the best of my knowledge. I also believe that the above was incapable of operating her vehicle safely.

---

## PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received, and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, b state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

M1001

FELL-00000130

# IN THE COURT OF COMMON PLEAS OF THE COUNTY OF LUZERNE
## INFORMATION

APPROVED    NOV 06 1991

COMMONWEALTH OF PENNSYLVANIA

15                    vs.            7/29/9²

Criminal Action No. __2478__ of 19 __91__

DEBORAH A. FELL

THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE by this information charges that
__DEBORAH A. FELL__

on or about the __17th__ day of __July__, 19 __91__, in said County,
(1) did drive, operate or be in actual physical control of a   AMC Gremlin motor vehicle
at REDACTED - FELL Pittston,
while under the influence of alcohol to a degree which renders the person incapable of safe driving.

**DRIVING UNDER INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE, 75 Pa.C.S.A. 3731 (a) (1)**

(2)       AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that
       DEBORAH A. FELL                    on the day and the year aforesaid, in said County,
did drive, operate or be in actual physical control of a  AMC Gremlin motor vehicle
at REDACTED - FELL Pittston,
while the amount of alcohol by weight in the blood of the said   DEBORAH A. FELL
was 0.10% or greater.

**DRIVING UNDER INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE, 75 Pa.C.S.A. 3731 (a) (4)**

SUMMARY OFFENSES
   Accidents involving damage to unattended vehicle or property,
   75 Pa. C.S.A. 3745
   Operation of vehicle without official certificate of inspection,
   75 Pa. C.S.A. 4703

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____                    _____
(Degree of Crime and Maximum Penalty)        ATTORNEY FOR THE COMMONWEALTH

| | |
|---|---|
| NOW, _____ , 19_____ , comes the defendant and pleads not guilty, and with the consent of his attorney and the attorney for the Commonwealth, and the approval of the judge, waives a jury trial and elects to be tried by a judge without a jury. | NOW, _____ , 19_____ , defendant pleads _____ guilty et de hoc; District Attorney similiter, et issue. |
| | _____ Defendant |
| _____ Defendant | _____ Defendant |
| _____ Defendant | _____ Attorney for Defendant |
| _____ Attorney for Defendant | _____ Attorney for Defendant |
| _____ Attorney for Defendant | James Sulima Prosecutor |
| _____ Attorney for Commonwealth | Police Department Address |
| _____ Judge | Pittston, PA |

M1004

FELL-00000131

N. O'DONNELL
District Attorney

C. BELLORE
Court Stenographer

J. SANGUITO (PO)

N? 5104    COURT OF COMMON PLEAS — CRIMINAL DIVISION
COUNTY OF LUZERNE
THE COMMONWEALTH OF PENNSYLVANIA
vs.

1.        DEBORAH A. FELL
2.
3.

Indictments ☐ Yes ☐ No    Transcripts ☐ Yes ☐ No    Commitment Issued ☐ Yes ☐ No

CHARGE  DUI (2CTS.)                                    No. 2478    19 91

PLEA  GUILTY            DISPOSITION                    DATE  May 11, 1992

Pay Costs of Prosecution  ☐ Yes ☐ No        Pre-Sentence Investigation Requested  ☐ Yes ☐ No

- DEF. PLEADS GUILTY TO DUI (2CTS.) OF 2478/91

- DEF. SENT. TO LCCF 48 HRS - 1 YR. ON DUI OF 2478/91
    - PAY COSTS
    - $300 FINE
    - EVAL. & TREAT. CAP
    - CREDIT FOR 24 HRS.
    - APPEAR TO SERVE BAL. OF MINIMUM FRI. 5/15/92 6:00PM
      TO SERVE REMAINING 24 HRS.
    - REFRAIN FROM ALCOHOL PUBLICLY OR PRIVATELY
    - REST. BAC
    - REST. FOR DAMAGES $2,438.00 TO BE PAID
      ON SCHEDULE DETERMINED BY LCAPPO

        - RT. TO APPEAL 30 DAYS
        - RT. TO MODIFY 10 DAYS

FRANK DeSANTO                              CAPPELLINI, J.    JUDGE

#59

WHITE - ORIGINAL    YELLOW - DISTRICT ATTORNEY'S OFFICE    PINK - ADULT PROBATION OFFICE    GOLDENROD - WI

M1005

FELL-00000132

COMMONWEALTH OF PENNSYLVANIA      :      IN THE COURT OF COMMON PLEAS

                    VS. ·                 :      OF LUZERNE COUNTY - CRIMINAL

Deborah A. Fell                   :      NO.  2478 of 1994.


NOW, this __19th__ day of __August__, 19 94,
it appearing to the court that the defendant failed to appear for
__Contempt Hearing__
and the record reflects proper service, upon motion of the District
Attorney, Court awards Capias non omittas for the defendant.


                              BY THE COURT,



                              _Coppellini_
                                                    J.



TO CLERK OF COURTS:

Court of Common Pleas of Luzerne County

Issue Capias non omittas for the above defendant.

                              _Peter Paul Olszewski_

                                        District    Attorney
                                              M1009

FELL-00000133

COMMONWEALTH OF PENNSYLVANIA :     IN THE COURT OF COMMON PLEAS
                      vs.             :        OF LUZERNE COUNTY
                            :           CRIMINAL

DEBORAH FELL              :      NO. 2478 of 1991

### BENCH WARRANT

NOW, this **2-2** day of June, 1995, at **2 : 00**
o'clock **P** M., after review of memorandum dated June 21,
1995, from the Luzerne County Adult Probation & Parole Depart-
ment, a Bench Warrant is hereby issued authorizing and directing
the arrest and detention of Defendant, Deborah Fell, in accord-
ance with law.

                                BY THE COURT,

                                _Cappellini_
                                            J.

District Attorney's Office
Public Defender's Office
Court Administrator
Sheriff's Office
Warden Fischi, LCCF
Thomas Pepperling, AP&P

95 JUN 22 PH 2: 17,

LUZERNE COUNTY
CRIMINAL DIVISION
CLERK OF COURT
ROBERT C. REILLY

M1011

FELL-00000134

**22**

FELL-00000135

**DISCHARGE SUMMARY**

Page 1

| Patient Name | FELL, Donald |
|---|---|
| Patient No. | 7483 |
| Program | CHILD |

| 04-30-80 | 09-30-91 | 10-30-91 |
|---|---|---|
| BIRTH DATE | ADMISSION DATE | DISCHARGE DATE |

**ADMISSION DIAGNOSIS:**

AXIS        I:   Conduct disorder, undifferentiated

AXIS       II:   No diagnosis

AXIS      III:   No diagnosis

**DISCHARGE DIAGNOSIS:**

AXIS        I:   Conduct disorder, undifferentiated type 312.90

AXIS       II:   No diagnosis V71.09

AXIS      III:   No diagnosis 799.9

**DISCHARGE TYPE:** Regular.

**DISCHARGE MEDICATIONS:** None.

**INITIAL ASSESSMENT:** The patient was an 11-year-old boy 6th grade student, referred by the Children's Service Center for his first admission on a voluntary basis. He came in with a chief complaint of ongoing behavioral problems of a severe nature. He refused to accept rules in the home. His mother stated that despite her admonishments he would smoke, refuse to his homework and was in trouble at school. He had been aggressive and oppositional at school. He had been also increasingly aggressive toward his mother and readily admitted that at the time he came for admission that he hit his mother. He tends to be worse in the morning. He often throws things about the house in a destructive manner and he had thrown darts at his mother and her boyfriend. Mother had expressed fears at the time that he was admitted that this was dangerous. This 11-year-old boy had been presenting with ongoing behavioral problems. He was reported to have done well for two years at the Pittston Area School and subsequently was moved to the Wilkes-Barre Area School. Since that time he had increasing severe behavior problems and over the past year prior to his admission these have become much worse. Given that

6/89

M97                    202NS0

FELL-00000136

Page 2
DISCHARGE SUMMARY (CONT'D)    FELL, Donald #7483

he had engaged in throwing things at his mother she was very
fearful. Mother had divorced his natural father because
according to the boy his natural father was "mean". Before the
admission the boy had been living at home with his mother and
sister and the mother's boyfriend. The patient reported that
his mother's boyfriend is not mean but the boy sometimes
oppositional defiant to this man nonetheless and he would
frequently threaten to run away from school and home. He had
run away in the past and his mother had made serious attempts
to discipline him. He also admitted that prior to his
admission from time to time he had played with matches in the
home but did not elaborate. His mother stated that he had
actually set fires and she is fearful. He had been receiving
outpatient evaluation at Children's Service Center during the
year. They recommended hospitalization because they felt that
he had now a significant risk of being involved in somewhat
dangerous behaviors. On admission the patient was alert,
clean, age appropriately dressed, showed no unusual mannerisms.
Eye contact was normal and he spoke slowly but spontaneously.
For the most part he was coherent and relevant. He felt sad
and angry about coming into the hospital. He looked angry. He
did not show any evidence of formal thought disorder. He was
intelligent enough to understand the exchanges of the
interview. He denied any suicidal or homicidal intention. He
was oriented to person, place, time and situation. His memory
recent and remote were intact. His judgement during the
interview was fair. The behaviors reported in the recent past
which he admitted to occurred during times when his judgement
was impaired during high affect state. The patient's assets
were that he was young. He enjoyed reasonably good physical
health. He appeared to have normal intelligence. He had a
concerned mother seeking help and that she intended to be
involved in his treatment while in the hospital.

PHYSICAL ASSESSMENT:  On admission the patient had a history
and physical examination. His allergies were negative. His
immunizations were up to date. He had chicken pox at 8 years
of age and his review of systems was unremarkable. Impression
on admission revealed a physically healthy male child and
laboratory studies showed a hematology cell profile
unremarkable for his age. There was a mild lowering of his
hematocrit and the patient was diagnosed as having iron
deficiency anemia and treated with oral iron supplements. This
was of a mild nature. His hematocrit being 35.1 when the usual
lower range is 40. His serum chemistry was unremarkable. His
urinalysis was unremarkable. His thyroid functions all within
the normal range. VDRL was nonreactive. He had a serum iron
of 61 and iron binding of 341 which indicated that at the time
this condition was very mild. A throat swab showed only normal
oral flora. Given that the patient's iron studies came in in
the normal range; serum iron was 61 with a normal range is 45

FELL-00000137

First Hospital Wyoming Valley
140 DANA ST. WILKES-BARRE, PA 18702 • (717)829-7000

## DISCHARGE SUMMARY

## CONTINUED

### Page 3

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

to 218 and iron binding was 341 with a normal range of 251 to 577. It was decided that a formal diagnosis of iron deficiency anemia would not be established.

PSYCHOLOGICAL TESTING: While in the hospital the patient had the Wechsler Intelligence Scale for Children-Revised, the House-Tree-Person test, the Piers-Harris Children's Self-Concept Scale, Robert's Apperception Test for Children and the Children's Sentence Completion Test. The testing revealed his intellectual functioning was within the average range. There was a relative weakness in verbal comprehension and long term memory for factual information. Strengths were seen in short term auditory memory. Testing in general was not indicating an underlying thought disorder or gross affective disturbances. There were indications of some degree of depression, anxiety which were considered to be mild. In general the patient portrayed an image of self-confidence in terms of his own self-descriptions which clinically were not compatible with his performance in every day life. In contrast there appeared to be some degree of subjective distress stemming from his inability to tolerate limit setting at home and concerns with peer relations in general. Denial appears to be a primary defense and this reinforces his avoidance of approaching his current difficulties in an effective fashion. His motivation seemed to yield toward being able to effect early discharge and the testing was compatible with elements of conduct disorder.

Problem #1: Thinking disturbances characterized by impaired judgement. The patient had impaired judgement on the basis of his lack of self-confidence and high anxiety levels. This showed some amelioration as a result of the treatment individually, group and family. This needs to be continued to be treated on an outpatient basis.

Problem #2: Mood disturbance characterized by hostility, anxiety and lability. The patient showed hostility to his mother and his mother's boyfriend. On the other hand while in the hospital his mother's boyfriend suffered a serious injury in a motor vehicle accident. At that point the boy's anxiety was high. He then admitted that he did have some caring for this man even though he had expressed ambivalence toward him prior to admission. The patient seemed to be more mature about accepting the fact that his mother had a relationship with this man and seemed to want to be able to visit him after he was discharged as the man was hospitalized. The patient's mood lability showed good response to treatment as his mood became much more stable over time.

6/89

FELL-00000138

004

Page 4
DISCHARGE SUMMARY (CONT'D)   FELL, Donald   #7483

However, these improvements were with vigorous active treatment of a multimodal sort and therefore had to be monitored for avoidance of aggression post discharge.

Problem #3:  Behavioral problems, assaultive, combative, destructive, oppositional, defiant, impulsive and running away behaviors.  All of these were seen prior to admission.  We saw derivatives of assaultive and combative behaviors, the patient being angry and often would be threatening to his peers who we experienced as threats to him.  Any destructive behaviors were minor that might have been to abuse of some of the hospital property but never entered into major destructive issues.  Much oppositional defiant behavior was demonstrated by the patient during hospitalization although he became more attractable as treatment continued and had reached an improved level of attractability at the time of discharge.  This problem was not resolved completely because we feel the child was still vulnerable to recidivism in this area under stress. Impulsivity and running away behavior.  The patient was able to refrain from such behaviors and showed good remission of these so that at the time of his discharge we felt that we did not foresee that these problems would be a major issue since he had not attempted any run away behaviors.  His impulsivity was reduced still existent but less intense and less frequent and was more manageable.  We don't know whether or not he might run away under severe stress post discharge so this is a problem that needs to continue to be monitored.

Problem #4:  Miscellaneous problem, inability to communicate and relate well.  The patient made major strives in this area as a result of individual, group therapy and milieu therapy influences. Problem 4b was school with poor adjustment which remained a problem for the patient because of his inability to get along with peers well.  This remained a major focus of treatment that will need to be addressed post discharge. Problem 4c was parent-child problems.  There was a significant improvement here with the patient becoming more accepting of his mother's relationship with her boyfriend and more accepting of the fact that he could not control her behaviors and that he had to accept her authority in the home. Problem 4d was identified on 10/9/91 that the patient had been a victim of sexual abuse.  Since this was a historical fact treatment was geared toward helping the boy thought about it and master it. He had made some progress on this at the time of discharge and this needs to be followed post discharge to help him master this and put it behind him.

Problem #5:  Discharge planning was effective when it was felt that the patient had improved sufficiently so that he can be managed on an outpatient basis.

This information has been disclosed to you from records whose confidentiality is protected by state and federal law. Regulations prohibit you from making any further disclosure of this information without specific written consent of the person (or his/her authorized representative) to whom it pertains, or as otherwise permitted by said regulations. A general authorization for the release of this information is not sufficient.

005

**DISCHARGE SUMMARY**

**CONTINUED**

**Page 5**

| Patient Name | FELL, Donald |
|---|---|
| Patient No. | 7483 |
| Program | CHILD |

**DISCHARGE INFORMATION:** The patient was discharged to his biological mother to return to live at home in Wilkes-Barre, PA. At the time of discharge the patient denied any suicidal or homicidal thoughts. The patient had no physical complaints. He had no known dietary restrictions and he could exercise as tolerated. The patient and his mother agreed to our post discharge plans for him to be seen at the Children's Service Center and an appointment was arranged for 3:00 p.m. on 10/31/91 with Jean Viglione for his intake and further processing.

**Prognosis:** Considered to be good if there is good compliance on the part of the patient and his mother. Adequate post discharge treatment as we have recommended.

Anthony T. Denaro, M.D.

ATD:lf
Dict:  11-5-91
Trans: 11-6-91

6/89

202NS021

**23**

FELL-00000141

First Hospital Wyoming Valley

149 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7900

**PSYCHIATRIC ASSESSMENT**

**Page 1**

Admission Date:    09-30-91

| | |
|---|---|
| Patient Name | FELL, Donald R. |
| Patient No. | 7483 |
| Program | CHILD |

00

**IDENTIFYING INFORMATION:** The patient is an 11-year-old male, sixth grade student, who was referred by the Children's Service Center for his first admission on a 201 procedure.

**CHIEF COMPLAINT:** This patient comes in with ongoing behavioral problems of severe nature. He refuses to accept any rules in the home. His mother states he has been smoking, refuses to do his homework. He has had trouble at school. He has been aggressive and oppositional at school. He was doing poorly in the Wilkes-Barre School District currently after having done well in the past in the Pittston School District in the last two years. He has been increasingly aggressive towards his mother and readily admits that he hits his mother. He tends to be worse in the morning. He would throw things at home in a destructive manner. He has thrown darts at his mother and her boyfriend. Mother has expressed fear of him as a result of that.

**HISTORY OF PRESENTING PROBLEM:** This 11-year-old boy comes with ongoing behavioral problems. Reportedly had done well for two years at the Pittston Area School and then was moved to the Wilkes-Barre Area School. He has been having increasingly severe behavioral problems over the last few years worsening very recently. Mother reports that he has been smoking and drinking and he has been physically aggressive with her. He has made her fearful because he is throwing darts at her. Mother has divorced his natural father because according to the boy his natural father was mean. Before the admission he was living at home with his mother and his sister and his mother's boyfriend. He tells me that his mother's boyfriend is not mean but the mother has reported that the boy is oppositional and defiant to this man and he frequently threatens to run away from school and from home. He does run away from home whenever his mother attempts to discipline him. He admits that he plays with matches in the home. Mother states that he set fires. She is fearful. Given these behaviors and the fact that at times she reports that he has thrown darts at her and her boyfriend. The patient states he never sees his natural father and doesn't want to.

**PAST PSYCHIATRIC HISTORY:** Involves an outpatient evaluation at the Children's Service Center this year. They recommended hospitalization due to the significant risk being he is involved in the current presenting problems.

**PAST MEDICAL HISTORY:** The patient has enjoyed reasonably good physical health. He had chickenpox at eight years of age.

202NS014
8/89

m102

FELL-00000142

007

Page 2
PSYCHIATRIC ASSESSMENT (CONT'D)                    FELL, Donald R.    #7483

Mother reports that early development was that he walked at nine months. He was toilet trained and bowel trained and bladder trained at 20 months. He spoke full sentences by ten months, according to his mother. He has not needed to be on any medicine and has been on no medicine recently, according to his mother. He has no problems with vision or hearing. No recent significant gain or loss of weight. Does not report any known sleep problem. The patient admits that he smokes cigarettes but denies that he drinks alcohol.

MENTAL STATUS EXAMINATION: The patient is alert and clean, age appropriately dressed. No unusual mannerisms. Eye contact normal. Spontaneous, slow speech. Coherent, relevant. Seems angry about being in the hospital. He looks angry. There is no evidence of a thought disorder on initial interview. He appears to be intelligent enough to understand the exchange of the interview. He denied that he has any suicidal or homicidal intention. He was oriented to person, place, time and situation. Memory, recent and remote, intact. His judgment during the interview was fair. It appears that from the behaviors reported in the recent past his judgment may be impaired at times during high affect states.

PATIENT'S ASSETS: The patient's assets are that he is young, enjoys reasonably good physical health. He appears to have normal intelligence. He has a concerned mother seeking help for him appropriately and intends to be involved in his treatment while in the hospital.

ADMISSION DIAGNOSIS:

AXIS    I:  Conduct disorder, undifferentiated

AXIS   II:  No diagnosis

AXIS  III:  No diagnosis

TREATMENT PLAN:

1.  Admit to Children's Unit for protection, evaluation and treatment.

2.  Regular hospital visits by psychiatrist.

3.  Social Service evaluation.

4.  Family evaluation.

5.  Individual therapy.

6.  Prescribed group therapy.

FELL-00000143

008

First Hospital Wyoming Valley

149 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7900

**PSYCHIATRIC ASSESSMENT**

**CONTINUED**

**Page 3**

| | |
|---|---|
| Patient Name | FELL, Donald R. |
| Patient No. | 7483 |
| Program | CHILD |

7. Assessment of physical health needs.

8. Pharmacological treatment if indicated.

9. Family counseling.

10. Disposition planning.

Anthony T. Denaro, M.D.

ATD:amj
Dict:    09-30-91
Trans:   09-30-91

202NS014
8/89

FELL-00000144

**24**

FELL-00000145

First Hospital Wyoming Valley

**140 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7900**

## PSYCHOLOGICAL EVALUATION

### Page 1

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

**BACKGROUND:**

This 11-year-old white male was admitted to First Hospital Wyoming Valley from Children's Service Center. He has apparently displayed increasingly aggressive behavior, has assaulted his mother and has refused to follow the rules of the home. He has developed difficulties in school, has been oppositional with teachers and has displayed a decrease in school performance. Additionally there is some information about his beginning to smoke and also drink. There does appear to be a brief history of sexual molestation at age 4 but the patient denies this.

The current adjustment to the hospital has been characterized by moderate behavior problems, confrontations with peers and a somewhat argumentative demeanor. There appeared to be some indications of limit testing but he does appear to respond to redirection.

**DATES TESTED:** 10/8/91 and 10/9/91.

**TESTS ADMINISTERED:**

The Wechsler Intelligence Scale for Children-Revised (WISC-R), the House-Tree-Person (HTP), the Piers-Harris Children's Self-Concept Scale, the Robert's Apperception Test for Children (RAT-C), and the Children's Sentence Completion Test (CSC).

**BEHAVIORAL OBSERVATIONS:**

The patient approached the testing in a friendly and cooperative fashion. He is age appropriate in appearance and displayed no unusual behavioral mannerisms. Eye contact was within normal limits and speech proceeded at a normal rate and rhythm. Throughout the interview he displayed a happy mood and thought content and cognitive functioning were both appropriate.

**TEST RESULTS:**

The current WISC-R reveals intellectual functioning within the average range. Verbal I.Q. equals 95, performance I.Q. equals 104 and the Full Scale I.Q. equals 99. Relative weaknesses appear in verbal comprehension and long term memory for factual information. Relative strengths, however, appear in short-term auditory memory. Overall, the current testing appears to be a valid reflection of this individual's level of intellectual

202NS014
8/89

FELL-00000146

010

Page 2
PSYCHOLOGICAL EVALUATION (CONT'D)   FELL, Donald #7483

functioning (subtest scores are reflected below).

| Verbal Test | Scaled Score | Performance Test | Scaled Score |
|---|---|---|---|
| Information | 8 | Picture Completion | 12 |
| Similarities | 10 | Picture Arrangement | 10 |
| Arithmetic | 11 | Block Design | 11 |
| Vocabulary | 10 | Object Assembly | 9 |
| Comprehension | 7 | Coding | 11 |
| Digit Span | 18 | | |

The current House-Tree-Person reveals some indications of anxiety and a feeling that this individual may be unable to view the environment appropriately and interact with any effectiveness. There appears to be some indications of past trauma but there are no indications of any underlying thought disorder or gross affective disturbance.

The current Piers-Harris Children's Self-Concept Scale reveals very well established self-concept. The current score falls at the 93 percentile and reflects an individual, who feels positive about himself in a very overall fashion.

The current Robert's Apperception Test for Children reveals some evidence of depression and anxiety and needs for nurturance and attention from parental figures. There appear to be indications of catastrophic themes and a feeling of resentment for social rules and cooperation. Aggression appears to be viewed as a major vehicle to express himself and suggests a somewhat inflexible approach to issues of living in a social situation.

The current Children's Sentence Completion Test reveals an individual with a less than adequate degree of stress tolerance. Frustrations are typically met with anger and a feeling of being "bored" and there appears to be little motivation to deal effectively with situations in a problem solving fashion. This individual's overall perception of his family appears to be fairly positive but he certainly views his mother as a nonstimulating or authoritarian type of individual, who relates poorly with her children. There are some suggestions that he views his father in a much more positive fashion and that his current perceptions of his parents are beginning to generalize to males and females in general. Although this individual tends to portray himself as intact and having adequate stress tolerance, there appears to be indications of anxiety and possibly, a developing tendency to isolate himself from problematic situations.

CONCLUSIONS:

The patient was administered a battery of tests in order to

FELL-00000147

**First Hospital Wyoming Valley**

149 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7900

### PSYCHOLOGICAL EVALUATION
### CONTINUED
### Page 3

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

complete a psychological evaluation. Current psychological testing revealed intellectual functioning within the average range. Relative weaknesses were noted in verbal comprehension and general fund of information. Relative strengths were noted in short-term, auditory memory. The current psychological test battery did not assess potential for self-destructive activity because this has never been an issue. Testing in general is not indicative of any underlying thought disorder or gross affective disturbance. There are indications of some degree of depression and anxiety, which are mild in nature and rather transient. In general, this individual appears to portray an image of self-confidence and the ability to relate with others easily. In contrast, there appear to be suggestions of some degree of subjective distress stemming from his inability to tolerate limit setting at home and peer relations in general. Denial appears to be a primary defense and is unfortunately reinforcing his avoidance of approaching current difficulties in any effective fashion. At this point the motivation he displays appears to be geared to effecting an early discharge. The current psychological testing is commensurate with elements of conduct disorder.

Therapeutic accessibility may be limited because of this individual's tendency to deny psychological problems. He may verbalize motivation and interest in a nominal fashion but his willingness to deal with his situations in a problem solving fashion appears limited. Family therapy may be an effective method to establish the need for a cooperative style but a more fundamental goal of therapy would be to assist the patient in discussing his true feelings without a felt need for presenting himself as more intact than is actually the case.

John Grutkowski, Ph.D.
Consultant Psychologist
PA License #003426-L

Michael A. Church, Ph.D.
Director of Clinical Psychology
PA License #003386

William R. Sayers, M.S.
Certified School Psychologist
School Psychology Certification
#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

WRS:lf
Dict: 10/15/91
Trans: 10/16/91

202NS014
8/89

FELL-00000148

**25**

FELL-00000149

# WILKES-BARRE GENERAL HOSPITAL

FINAL NARRATIVE SUMMARY

Include the following:

FELL, Donald
M.R.#383700
Dr. Feussner
DOB:  4-30-80
ADM:  4-14-92
DIS:  5-2-92

Chief complaint, pertinent facts of history and physical examination, pertinent x-ray and diagnostic studies, consultations, hospital course and treatment, condition on discharge, recommendations and arrangements for future care, prognosis.

Reason for Referral:  Violent behavior towards others

History:   The background history was provided by my interview with the patient's mother.   Three days ago, Donald and his friend were playing with a 9 mm. police handgun which belonged to the other boy's father.  The gun went off while Donald was holding it and the other boy was hit in the shoulder. Fortunately, he suffered no major injury; a few inches, and the other boy would have been dead with a bullet in his heart.   The patient shows no remorse and even threatens to shoot his mother.

Other recent complaints of violence mentioned by mother include punching his sister's 11-year-old girlfriend and chasing mother with a curtain rod.  He hides knives in his room.   Today, mother found one of the missing knives in his bedroom.   She fears he will use it on her when he is angry, because he does violence without thinking of the consequences when he is angry.

At age four years, he and his sister were sexually and physically abused by a babysitter.   Mother says his father used to beat him until they secretly moved away from the father eleven years ago.   Maternal grandmother had chronic psychosis and died in a state hospital.

Mental Status:   The patient is a small, 11-year-old white male who is demanding and manipulative toward his mother.   He does not take her seriously, and is defiant and oppositional to authority in general.  When he does not get his own way, I witnessed a severe tantrum with crying, screaming, kicking, and threats to harm others.  When angry, he threatens to harm others, possibly without thinking. He denies he would harm himself.  He denies hallucinations and delusions.  His thinking is goal oriented and easy to follow.   His affect is labile and extreme, out of proportion to the stimulus.   His mood is angry and depressed.   His insight and judgment are below age level, and they are impaired by his mood swings and impulsivity.

Preliminary Diagnosis:

ICD 9     311.00  Atypical Depression, Not Otherwise Specified
          312.4   Disturbance of Conduct and Emotions

Hospital Course:   At first patient presents a tough exterior but when observed individually he seems on the verge of tears.   He seems to feel saddened by the locked ward.   The ritalin which he received prior to admission may not be working as well as it did formerly.   During this admission, we substited dexedrine which seems affective in a smaller dose, namely 7.5 mg. three times a day.   The Tofranil he received prior to admission was 10 mg. at 9:00 a.m.  This was changed to 25 mg.  He responded better to this regimen of dexedrine and Tofranil.   He also exhibited head

M807

FELL-00000150

FELL, Donald
M.R.#383700
Page 2

lice and had to be treated with Kwell shampoo several times.

Until he was finally controlled on medication, he at times was oppositional and impulsive and disrespectful to staff. At times he had to be timed out in his room or room restricted because of his back-talk and cursing.

By the end of his first week in the hospital, he was still oppositional, defiant, and manipulative. He cries when disciplined or confronted. He is beginning to show better self-control because his dexedrine has been raised. At this point we also raised the Tofranil.

During his family sessions, his mother confronts him with his behavior problems. At first he was oppositional and defiant but later on he became very cooperative and apologized profusely to his mother for his prior disrespectful behavior. When confronted with the shooting of his friend, he cries and seems to show genuine remorse.

By 4-29-92, the end of the second hospital week, patient is doing very well on his current medications. His success in the program and in following the rules and controlling his behaviors seems to make him happy. He seems genuinely sincere about listening to his mother who seems able to set firm limits. Donald says he will never play with guns again. His friend forgives him for shooting him. Donald seems to greatly regret the incident whereas at first he bragged about shooting the other boy. Donald was given a pass for his birthday. He was given a motorbike for a present. I took issue with his mother that he was getting expensive presents when he was actually going through a process of discipline for his severe behavior problems. Giving him the present did not seem consistent. I also was concerned that we should have busted him back whenever he slipped up and adopted any of his former behaviors. Usually children who reach higher levels do slip up and commit some of their bad habits and have to be busted all the way back and start out all over again. This usually is very good for them. Donald did not have this. We were concerned that perhaps the improvement would not remain stable after discharge. Here again, mother seemed to worried about the child's welfare to allow him to stay in our program. I made it clear that the child has improved but to be more certain of a stable long-lasting improvement, it may be necessary to put the child through the typical program that we do for other children. He seemed to be getting out too soon.

At the time of discharge, patient showed genuine remorse for shooting his friend. He is responding well to his medication without side effects. Mother is able to be a fairly firm and consistent limit setter but she still tends to give in at times. Donald will continue in the Children's Service Center Partial Hospital. There, I will continue to adjust his medication.

Medical Evaluation and Lab Tests: The pediatric evaluation by Dr. Kramer of 4-16-92 is within normal limits. The c.b.c. and differential, chemistry profile and routine urinalysis are all unremarkable. The urine drug screen revealed desipramine. VDRL is nonreactive.



**WILKES·BARRE**
GENERAL HOSPITAL

FELL, Donald
M.R.#383700
Page 3

IMPRESSION:

ICD 9   311.00   Atypical Depression, Not Otherwise Specified
        314.2    Hyperkinetic Conduct Disorder

RECOMMENDATIONS:

1. Discharged to custody of biological parent.
2. Readmit to Children's Service Center, Partial Hospital Program, for the summer.
3. I will follow him at the Children's Service Center for his medication. He currently receives Tofranil, 25 mg. at 8:00 a.m.; dexedrine, 7.5 mg., three times a day.

_____, M.D.

JAMES W. FEUSSNER, M.D., J.D.
BOARD CERTIFIED CHILD AND
ADOLESCENT PSYCHIATRIST

JWF/TA1
D-7-3-92
T-7-9-92
Tape 6198/7228
C-Children's Service Center

FELL-00000152

26

FELL-00000153



**WILKES·BARRE**
G E N E R A L  H O S P I T A L

PATIENT   FELL, DONALD

MED REC NO 383700
SEX/AGE M 11Y    ROOM N766 1
DOCTOR  FEUSSNER, JAMES W. MD
PATIENT NO 3711793

DEPT. OF MEDICAL RECORDS
REPORT  HISTORY AND PHYSICAL

DATE DICT   4/16/92 by JWF
DATE TRANS  4/16/92 by dam
JOB #2001
ADMISSION DATE  04/14/1992

CHIEF COMPLAINT:        See HPI.

HX OF PRESENT ILLNESS:  Patient is an 11 year old in-patient admitted from the Childrens Service Center with the reason for hospitalization being inappropriate potentially dangerous behavior, playing with firearms and aggressive verbalization.

Current medications:  None.

PAST MEDICAL HX:        Medical problems/somatic problems denied.  He does not relate any temperature elevations or any symptoms or signs of contagious illness.  Denies any accidental injuries, hospital admissions for medical reasons, loss of consciousness or head injuries.

FAMILY HISTORY:         Please see chart.

SOCIAL HISTORY:         Please see chart.

Educational History - please see chart.


**PHYSICAL**

VITAL SIGNS:   Temperature 97 degrees.    Pulse:  Approximately 92.
               Respirations:  Normal at 16-18.
               Blood pressure:  116/76.
               Height:  4'8".    Weight:  87 lbs.

GENERAL:       A pre-adolescent male in no acute distress, responsive to simple questions.

HEENT:         Head:  Normocephalic. Hair and scalp both normal in appearance.  Facial features symmetrical. Oral cavity: Teeth in good repair.  No evidence of active infection or tumor masses in the mouth.

NECK:          Supple with full range of motion.  Thyroid midline without masses.  No cervical adenopathy present.

LUNGS:         Clear.

COR:           Sinus rhythm without murmurs.

ABDOMEN:       Soft.  No masses, organ enlargement, hernias or etc.

VHA. Affiliate of Voluntary Hospitals of America Inc.

M810

FELL-00000154



**WILKES·BARRE**
G E N E R A L   H O S P I T A L

PATIENT   FELL, DONALD

DEPT. OF MEDICAL RECORDS
REPORT   HISTORY AND PHYSICAL

GENITALIA:          Prepubertal testicles, both descended.  No pubic hair
                    present.  Penis normal size.

MUSCULOSKELETAL:Bones, joints, muscles and spine all within normal
limits.

NEUROLOGICAL:       Intact mentation.  Coordination normal.  Cranial
                    nerves normal.  Symmetrical reflexes present.  Gait
                    normal.

DIAGNOSIS

An 11 year old psychiatric patient without evidence of medical problem
by history or examination.

ARNOLD KRAMER, M.D.

cc:   Dr. Kramer

FELL-00000155

27

FELL-00000156