WILKES-BARRE GENERAL HOSPITAL
ADOLESCENT PSYCHIATRIC UNIT

(Interdisciplinary Progress Record)



REDACTED - FELL

| Date | Time | Heading | Comments |
|------|------|---------|----------|
| 6-27-83 | 5:15p | Ind | Discussed how pt. does well [1] talking individually & in groups but gets into trouble shortly thereafter. Pt. admits this to be the case — says he tries / & intends to do well but can't seem to follow through for long. Don got upset/anxious as 6pm approached, stated at one point that his mother would probably go out drinking instead of visiting him. Negative — sent back to dayroom to finish study hour — ~ Lots to gain int— |
| 6-27-83 | 6:00p | Phone | Don's step-father ph. call — claims his car got a flat tire — appeared to slur his speech — mentioned he'd stop by later & send Don's sister up ā his clothes as he knows Don on level "H". Asked for pay-phone # when I requested the family to speak to Don directly. Step-father called & explained the situation to him. He appeared to understand the situation although he was upset... |
| | | | |

WILKES-BARRE GENERAL HOSPITAL
ADOLESCENT PSYCHIATRIC UNIT

(Interdisciplinary Progress Record)

REDACTED - FELL

FELL, DONALD

| Date | Time | Heading | |
|------|------|---------|---|
| 6/28/93 | 1-12 | Shift | See nurses note. Joanne + Wade RN |
| 6/29/93 | 430N 530 | med | See nrsg. note. — RN |
| 6/29/93 | 11:15A | Ind | Pt concerned that the 1st thing to does wrong will get him sent back to the hospital. Still sort of feels that his mom didn't want him around. Talked about partial/Home-based. Both he + mom seem supportive of such. (Pt called mom on the phone). Requesting his mother to visit him — she's about to leave to drop his clothes off. Hoping to see his mom she drives up. Claims to be looking forward to partial as it will "help him" "stay out of trouble". — Rob Zeli wot |
| 6/29/93 | 9?? — | Phone | Out of Sequence: Called Joan Joyce — she will again put in partial request today. She doubts that Don can be in partial before Thursday — Rob Trzpuski MA |
| 6/29/93 | 12:30pm | Group | Donald participated in group. He at times would get a little confused when talking about making & sounds like... He did state he is glad to get his a week spent lay his at home a play basketball — Suzanne therapist |

Formulated: April, 1988
Form #: 4500.204.88

**WILKES-BARRE GENERAL HOSPITAL**
**ADOLESCENT PSYCHIATRIC UNIT**

**(Interdisciplinary Progress Record)**



REDACTED - FELL

| Date | Time | Heading | Comments |
|------|------|---------|----------|
| 6/24/93 | 7:30 | N H W | Donald on level B, does behavioral _____ this shift. Participated in all groups in a ⊕ manner. In the process, reviewing for level A, _____ his clothes dropped off by _____ today — Robert Evans, H W |
| 6/26/93 | 4:00 | education | Donald participated during education and art and was cooperative — Mary O'Keane, teacher |
| 6/29/93 | 4:00 / 15:30 | MHW | Donald in need of redirection during education. Patient visited by mom this evening. Patient had select peer interaction on freetime. Donald working on treatment, reviewed his plan with staff. Patient remains on level B at this time. — Irene M _____ MHW |
| 6-30-93 | 12 MN / 7:30 | MHW | Appeared to sleep. Deep respirations noted as observed @ ½° AM care completed = incident — _____ Patient moved |
| 6/30/93 | 9:30 | education | Donald participated during education and art and was cooperative — Mary O'Keane, teacher |

WILKES-BARRE GENERAL HOSPITAL
ADOLESCENT PSYCHIATRIC UNIT

(Interdisciplinary Progress Record) 3499

FELL, DONALD
060693 0936P   13Y   043080   383700
824-5042

REDACTED - FELL

WILKES BARRE          PA H S

| Date | Time | Heading | |
|------|------|---------|---|
| 6/3/93 | 12:3p | Group | Pt. talking about how he feels he's getting better here. Pointed out he makes fewer "faces" when people give him direction he doesn't like. Don also feels he's better at controlling his temper by talking more. Pt also talked to the MD about his present meds ro. Feels the meds are helping him focus & concentrate. Talked about his Mother wanting him discharged tonight. |
| 6/3/93 | 8:00-13:00 | Shift | Pt. on level B. Bright, Pleasant and social. Can get loud. Borders on being obnoxious but responds easily to redirection. Attends all groups and activities. Active in rec time c peers. |

Formulated: April, 1988
Form #: 45(10.204.88

# EXHIBIT 223

| CERTIFICATION OF BAIL AND DISCHARGE | OTN | POLICE CASE NO. | B. J. NO. *IF50 1* |
|---|---|---|---|
| | | | C.P. TERM & NO. |

**COMMONWEALTH VS.** *(Defendant Name and Address)*

**CHARGE(S):** *Criminal Trespass*

**DATE OF CHARGE(S)** 3/4/91

☐ ROR (no surety)   ☐ Nominal Bail

☒ Bail (total amount set, if any)  $ 2.500

☐ Conditions of Release (aside from appearing at court when required:)

### NEXT COURT ACTION

| DATE AND TIME | LOCATION |
|---|---|
| March 14, 2:00 | 50 Second St. |

TO:   ☐ Detention Center   ☐ Other

I hereby certify that sufficient bail has been entered

☐ By the defendant   ☐ On behalf of the defendant by:

*(attach addendum, if necessary)*

**SECURITY OR SURETY (IF ANY)**

☐ Surety Company
☐ Professional Bondsman
☐ Realty
☐ Other

*(Name & Address of Surety)*      *(License No.)*

● Refund of cash bail will be made within 20 days after final disposition. (Pa.R.Cr.P. 4015(b))

● Refund of all other types of bail will be made promptly after 20 days following final disposition. (Pa.R.Cr.P. 4015(a))

● Bring Cash Bail Receipt to Clerk of Court.

**JUDGE OR ISSUING AUTHORITY**
LOUISE PESOTSKI

### APPEARANCE OR BAIL BOND

THIS BOND IS VALID FOR THE ENTIRE PROCEEDINGS AND UNTIL FULL AND FINAL DISPOSITION OF THE CASE INCLUDING FINAL DISPOSITION OF ANY PETITION FOR WRIT OF CERTIORARI OR APPEAL TIMELY FILED IN THE SUPREME COURT OF THE UNITED STATES.

DISCHARGE THE ABOVE-NAMED DEFENDANT FROM CUSTODY IF DETAINED FOR NO OTHER CAUSE THAN THE ABOVE STATED.

Given under my hand and the Official Seal of this Court,

this _____ day of _____ , 19___.

_____ (SEAL)
*(Clerk of Court or Issuing Authority)*

WE, THE UNDERSIGNED, defendant and surety, our successors, heirs and assigns, are jointly and severally bound to pay to the Commonwealth of Pennsylvania the sum of *Two Thousand Five Hundred* dollars ($ 2,500. /100).

### SEE REVERSE SIDE FOR BAIL CONDITIONS

## CERTIFICATION OF COUNTER INDEMNITY AND PREMIUM   (Applicable Only When Surety Is A Corporation)

_____ , Principal, and _____ , Surety,

hereby certify that the amount paid by said Principal to said Surety for bail in the above matter is $ _____ and that no further sum or sums is to be paid therefore by the said Principal or anyone on his behalf.

We further certify that said Principal has given to said Surety counter indemnity consisting of _____ of the value of $ _____ and no further counter indemnity is to be given the said Surety except as follows: _____

We further certify that there are no judgments against the said corporate surety outstanding and unpaid for a period of more than thirty days from the date of the entry of such judgment except those in which a petition to open or vacate the judgment has been filed and remains undisposed of:

Dated: _____ , 19 _____

_____ (SEAL)
*(Principal)*

_____ (SEAL)
*(Surety)*

**MUST BE SIGNED IN PERSON BY THE APPROVED AGENT**

I ACKNOWLEDGE THAT I AM LEGALLY RESPONSIBLE FOR THE FULL AMOUNT OF THE BAIL.

*The following acknowledgement is also applicable if Percentage Cash Bail is used.*

THIS BOND SIGNED ON March 4 19 91

at _____ Plains PENNSYLVANIA.

Signed and acknowledged before me this 4 day of March , 19 91

_____
*(Clerk of Court or Issuing Authority)*

● In case of corporate surety bail, Power of Attorney must be affixed to bond or otherwise bond is invalid.

X _____ (SEAL)
**SIGNATURE OF DEFENDANT**

_____ (SEAL)
*Signature of Surety (May be Bondsman, Bail Agency, or private individual or organization). Except when defendant is released on his own recognizance (ROR), this must be signed in all bail situations, including nominal bail.*

**ADDRESS OF SURETY, SURETY COMPANY OR DEFENDANT**

_____
*Surety No. or Professional Bondsman License No. & Expiration Date*

● In case of Percentage Cash Bail or Nominal Bail, Power of Attorney is not required.      AOPC 414-82

FELL-00002282

# EXHIBIT 224

## CONTACT SHEET

CASE NUMBER:

CLIENT NAME: Fell

ADDRESS:

MONTH: May

WORKER: D.L.Seeman

| CONTACTS | 1. ) GOAL OF CONTACT: (PURPOSE) |
|---|---|
| | 2. ) OUTCOME: (WHAT TRANSPIRED) |

Date: 5/20/72

Location: Phone

Who Seen:

Dan

1. ) To return Dan's call.

2. ) Dan informed wkr that Donny was upset last week. They met on Wed. + Debbie admitted that she had been drinking over the weekend. "The kids were not neglected, but Donny did react to his mother's drinking." Dan said he just wanted to let the wkr know — that Debbie had been drinking + that she did not come home the one night. But Al was there + they had food + were not abused. He

FELL-00002283

Said Debbie admitted that
she ripped up + that
some things were going on
+ she ripped.

FELL-00002284

# EXHIBIT 225

FD-302 (Rev. 10-6-95)

-1-

# FEDERAL BUREAU OF INVESTIGATION



Date of transcription    06/27/2005

b6
b7C
b7D

a white male, born

residing at _____ home
telephone number _____ employed as a
(CO) at the _____ Vermont, was interviewed at his place of employment.
After being advised of the identities of the interviewing agents
and the purpose of the interview, _____ provided the following
information:

At the onset of the interview _____ was asked to
describe the _____ when

b6
b7C
b7D

b6
b7C
b7D

b7D

Investigation on    06/22/2005    , _____ Vermont

File # 7A-AL-44453-302    b6    Date dictated    06/23/2005
    SA _____ lbg    b7C
by  SA _____    b7D

This _____ neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

FELL-00002285

# EXHIBIT 226

FD-302 (Rev. 10-6-95)

-1-

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription    06/09/2005

_____ born _____ residing at _____ b6
_____ employed as the _____ b7C
located in _____ business
telephone number _____ was telephonically interviewed
regarding DONALD FELL. _____ had been listed as a potential
witness for the defense for the upcoming trial of FELL. After
being advised of the identity of the interviewing agent and the
purpose of the interview, _____ provided the following
information:

_____ told the interviewing agent that he was not
comfortable speaking with the interviewing agent without any signed
releases by DONALD FELL. The interviewing agent told _____
that he had previously been interviewed by an FBI agent in
Pennsylvania back in 2001, regarding DONALD FELL and ROBERT LEE.
_____ stated that he recalled that the agent had a signed
release for that information. The interviewing agent asked
_____ if it was alright if she summarized what _____ had
told the FBI agent back in 2001, and if he could verify whether
that information was correct as he recalled. _____ stated that
he did not see why he could not do that. The interviewing agent    b6
then summarized information provided in a report from an interview    b7C
of _____ on March 30, 2001. In the report of that interview,
it was noted that _____ described FELL as a relatively quiet
youngster who demonstrated some intelligence and one who remained
relatively quiet during his stay at St. Michael's. It was also
noted in the report that _____ could not recall any violent
episodes involving FELL. It was also noted in the report that
_____ stated that FELL was freckle-faced and of small stature.
Also noted in the report was that _____ stated that BOBBY LEE,
in _____ opinion, was more problematic than FELL and often
acted out against other students and staff members. _____
stated that LEE like FELL, was of small stature and wore long,
black hair.

_____ was asked if what was just mentioned to him was
accurate as he recalled. _____ stated that yes, it is what he
remembered of FELL and LEE. _____ was asked if it was possible    b6
that he could have gotten FELL and LEE confused. It was explained    b7C
to _____ that other individuals interviewed mentioned things

| | | |
|---|---|---|
| Investigation on | 05/27/2005 | at Rutland, Vermont    (telephonically) |

File # 7A-AL-44453-302

b6
b7C

Date dictated    05/30/2005

by SA _____ : lbg

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

7A-AL-44453-302

Continuation of FD-302 of _____    b6
b7C    , On 05/27/2005 , Page ____2____

that were consistent that FELL was more of how [        ] described
LEE, and LEE was more how [        ] described FELL. [        ]
stated that he did not have FELL and LEE confused, and that he    b6
remembered them well. [        ] stated that FELL was the quieter    b7C
one and BOBBY LEE was more boisterous.

[        ] was asked how often he would encounter LEE and
FELL at the school as the Director of Child Care, at the time they
were attending. [        ] stated that he would see FELL and LEE
when they were in trouble, but not necessarily on a daily basis.
[        ] also obtained information regarding FELL and LEE from the    b6
bus driver at the school, HELEN AVERY, who is now deceased.    b7C

[        ] stated that he has not heard from any defense
attorneys regarding DONALD FELL nor his possible testimony at the
upcoming trial.

FELL-00002287

# EXHIBIT 227

## SULLIVAN COUNTY SHERIFF'S DEPARTMENT
## STATEMENT

STATE OF NEW YORK

PAGE ONE OF _4_ PAGES

COUNTY OF _Sullivan_

DATED: _Aug. 12, 00_

TOWN OF _Bethel_

REDACTED - FELL

I, _Terri N. Fell_ , AGE _17_ , BORN ON_ _82_ ,

HAVE BEEN ADVISED BY _Dep. Phil Anglin_ ,

OF THE _Sullivan Co. Sheriffs Dept._ , OF THE FOLLOWING:

*I HAVE THE RIGHT TO REMAIN SILENT, AND I DO NOT HAVE TO MAKE
ANY STATEMENT IF DON'T WANT TO.*

*IF I GIVE UP THAT RIGHT, ANYTHING I DO SAY CAN AND WILL BE USED
AGAINST ME IN A COURT OF LAW.*

*I HAVE THE RIGHT TO HAVE A LAWYER PRESENT BEFORE MAKING ANY
STATEMENT OR AT ANY TIME DURING THIS STATEMENT.*

*IF I SHOULD DECIDE I DO WANT A LAWYER, AND I CANNOT AFFORD TO
HIRE ONE, A LAWYER WILL BE APPOINTED FOR ME FREE OF CHARGE AND
I MAY HAVE THAT LAWYER PRESENT BEFORE MAKING ANY STATEMENT.*

*I ALSO UNDERSTAND THAT I HAVE THE RIGHT TO STOP AT ANY TIME
DURING THIS STATEMENT AND REMAIN SILENT AND HAVE A LAWYER PRESENT.*

I FULLY UNDERSTAND THESE RIGHTS, AND AT THIS TIME I AGREE TO GIVE UP MY
RIGHTS AND MAKE THE FOLLOWING STATEMENT:

X _Terri Fell_
SIGNATURE

_Dep. E/C/_
WITNESS

A question and answer statement between Dep. E.J. Clouse
and Terri N. Fell at SCSD on Aug. 12, 00 at @ 8:30 AM.
Q= question - Dep. E.J. Clouse
A= Answer - Terri N. Fell

Q= What is your Name and address?
A= Terri Fell, I don't really have an address cause I
    run with the Carnival.
Q= What Carnival?
A= S and S Amusements.

X _Terri Fell_

**STATEMENT CONTINUATION SHEET**          **SULLIVAN COUNTY SHERIFF'S DEPARTMENT**

PAGE __2__ OF __4__ PAGES

NAME: Terri NEell

DATE: 8/12/00

Q = Did Dep. Anglin read you your rights?

A = Yes

Q = Do you understand your rights?

A = Yes

Q = Were you at Yasgour farms this morning?

A = Yes

Q = What happened while you were there this morning?

A = Chris Attacked me, and tried to rape me.

Q = Chris who?

A = I don't know his last name.

Q = How do you know him?

A = Work

Q = What did you do after he attacked you?

A = I pushed him off me and told him No.

Q = Did he hit you?

A = No. He was just very forceful.

Q = What did you do next?

A = I told Donald McNally, my brother what Chris had done.

Q = What did your brother say and do next?

A = He told Chris to leave me alone and Chris hit him, he punched him in the face.

<u>NOTICE</u>

(PENAL LAW 210.45)

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this __12__ day of __Aug__, 20 __00__.
                     - OR -

*Subscribed and Sworn to before me

this _____ day of _____, 20_____.

*THIS FORM NEED BE SWORN TO ONLY WHEN SPECIFICALLY REQUIRED BY THE COURT.

X __Terri Fell__

(SIGNATURE OF DEPONENT)

__Dep. E/ C/__

(WITNESS)                          TIME ENDED   AM

_____          PM

(NAME OF PERSON TAKING DEPOSITION)

FELL-00002289

STATEMENT CONTINUATION SHEET          SULLIVAN COUNTY SHERIFF'S DEPARTMENT

PAGE 4 OF 4 PAGES

NAME: Terri N. Fell                                    DATE: 8/12/00

Q= Is there anything you would like to add?
A= No, owe wait yeah, about the whole situation.
Q= About six guys came out from the side, while
   Donald was helping Chris up, and they started hitting
   Donald and Joshua.
Q= Who were they?
A= I don't know.
Q= Can you Identify any of them?
A= Yes, one had Blonde hair, Blue eyes and skinny, Mustache
   and a blue flannel.
Q= Do you know where they went?
A= No
Q= Was this statement given of your own free will, and
   not forced from you?
A= Yes
Q= Were you Promised anything in exchange for this statement?
A= No.

End

NOTICE

(PENAL LAW 210.45)

     In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this 12th day of Aug, 20 00.
              - OR -
*Subscribed and Sworn to before me

this _____ day of _____, 20____.

*THIS FORM NEED BE SWORN TO ONLY WHEN SPECIFICALLY REQUIRED BY THE COURT.

X Terri Fell
(SIGNATURE OF DEPONENT)

Dep. S. / C
(WITNESS)                    TIME ENDED   AM

_____    PM
(NAME OF PERSON TAKING DEPOSITION)

FELL-00002290

# EXHIBIT 228

*Page 1 of 2*

**SUPPORTING DEPOSITION (CPL 100.20)**    **SULLIVAN COUNTY SHERIFF'S DEPARTMENT**

STATE OF NEW YORK

_____Justice_____ COURT

- - - - - - - - - - - - - - - - - - - - - - - -

THE PEOPLE OF THE STATE OF NEW YORK    )
                                        )
                -VS                     )
                                        )
_____       )
                                        )
_____       )
                        (DEFENDANT(S) ) )

- - - - - - - - - - - - - - - - - - - - - - - -

STATE OF NEW YORK,                      )
COUNTY OF ___Sullivan___                )
/Town/ of __Bethel__                    )

COUNTY OF _Sullivan_
/Town/ OF _Bethel_

ss.

SUPPORTING DEPOSITION

518-398-0287
S.S. #REDACTED - FELL 0091

On DATE 8-12-00 at TIME STARTED 08:08 (AM) PM    FULL NAME LANCE MICHAEL ROWLAND

DATE OF BIRTH REDACTED-FELL 74    NO. REDACTED - FELL    C/T/V/ PINE-PLAINS    STATE NY 12567

STATE THE FOLLOWING: As I exited my vehicle I saw 3 guys kicking and urinating on a kid laying on the ground. The 3 guys were accompanied by two females. One guy wore a black t-shirt w/a neon necklace around his neck and his head was shaved. Another was taller and wore a flannel shirt and wore glasses. The third one had freckles and was about 5'9 - 5'10. One of the girls they were w/ had short straight black hair and said she was one of the guys sister. As I ran over to them, they backed away from the kid they were beating and started justifying why they did what they did. The kid on the ground had lumps all over his face, and his head was bleeding. A girl and more guys came over to help and thats when I went to get help. I gave the

**NOTICE**

**(PENAL LAW 210.45)**

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this __12__ day of _August_, _2000_.

- OR -

*Subscribed and Sworn to before me

this _____ day of _____, 19____.

*THIS FORM NEED BE SWORN TO ONLY WHEN SPECIFICALLY REQUIRED BY THE COURT.

_Lance Rowland_
(SIGNATURE OF DEPONENT)

_____ 7/12/00 104
(WITNESS)

_Dep. Hall_
(NAME OR PERSON TAKING DEPOSITION)

TIME ENDED (AM)
9:00    PM

FELL-00002291

# EXHIBIT 229

STATE OF NEW YORK  ::   COUNTY OF SULLIVAN

   JUSTICE COURT  ::   TOWN OF BETHEL

_____X

THE PEOPLE OF THE STATE OF NEW YORK

     -against-                                              CERTIFICATE OF

..... *Joshua Jones* <sup>A</sup>KA *Robert Lee* .....          DISPOSITION

               DEFENDAREDACTED - FELL

               D.O.B..          *80*

_____X

     The above named Defendant having appeared before this Court,
charged with the offense(s) of *Assault 2nd*
in violation of section(s) *120.05* of the *Penal* Law
of the State of New York, this is to certify that the charge(s)
aforesaid, on the *16th* day of *August 2000*
were disposed of by: *reduced to Assault 3rd Sect 120.00*
*fined $500<sup>00</sup> plus $125<sup>00</sup> Surcharge*
*1-8-01 resentenced to time served - four days*
*per ADA Joey Drillings*

DATED:. *March 28 2001*
Kauneonga Lake, New York 12749

                                  *Rita Shapiro*
                           ~~TOWN JUSTICE~~ / COURT CLERK
                           TOWN OF BETHEL JUSTICE COURT

FELL-00002292

# EXHIBIT 230

JVD-12

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA    *

                     *

      V       *

              *

DONALD FELL           * Criminal File No. 01-12

INDIVIDUAL VOIR DIRE OF PROSPECTIVE JURORS

(Nos. 113, 119, 120, 121, 143, 150, 174, 180,

184, 203, 224, 239, 241, 243, 252, 280

Wednesday, June 1, 2005

Burlington, Vermont

BEFORE:

THE HONORABLE WILLIAM K. SESSIONS III

Chief District Judge

APPEARANCES:

WILLIAM B. DARROW, ESQ. and STEPHEN D. KELLY, ESQ.,

Assistant United States Attorneys, Federal

Building, Burlington, Vermont; Attorneys for the

United States

ALEXANDER BUNIN, ESQ. and GENE PRIMOMO, ESQ.,

Office of the Federal Public Defender, 39 North

Pearl Street, Albany, New York; Attorneys for

the Defendant

PAUL S. VOLK, ESQ., Blodgett, Watts & Volk, P.C.,

72 Hungerford Terrace, Burlington, Vermont;

Attorney for the Defendant

ANNE E. NICHOLS

Registered Professional Reporter

United States District Court

Post Office Box 5633

Burlington, Vermont  05402

(802) 860-2227

FELL-00002293

114

factors, could you weigh it, could you put it into the balance, or do you feel so strongly about these factors that you just put it aside and would not assess it in the total scheme of things?

JUROR NO. 184: No, I would -- I would consider everything, but I couldn't tell you what, to a degree and --

THE COURT: Yeah, we are not asking the question about degree.

JUROR NO. 184: All right.

THE COURT: The question is whether, in the overall picture -- that's the confusing part, I think. It's unclear to me as to whether you understand that this is not a question about degree. This is a question about whether you just factor this into the whole process.

JUROR NO. 184: Yes.

THE COURT: And my question is, would you do that?

JUROR NO. 184: Yes.

THE COURT: All right. Again, I would follow it up, if you wish.

MR. PRIMOMO: Judge, I have no -- I think -- I think he has done, honestly, as best he can.

THE COURT: Okay. All right. Appreciate it.

115

Any further questions?

MR. KELLY: No, Judge.

THE COURT: All right. Appreciate very much your honest responses, your thoughtful responses, and -- okay. Thank you.

And I'd ask that you just stay outside in the hallway for just a couple minutes.

(Juror No. 184 exited the courtroom.)

THE COURT: Okay. You have a motion?

MR. KELLY: No motion, Judge.

THE COURT: Okay?

MR. PRIMOMO: Yes.

THE COURT: And your response?

MR. PRIMOMO: Judge, first of all, he specifically indicated that he had -- would not consider three main areas of mitigation evidence regarding this case: the alcohol and drug abuse, the child molestation which Mr. Fell experienced as a young boy, and the abandonment of the parental -- the chaotic household and the abandonment and lack of parenting that he received.

And of course there are many more mitigating factors, but that encompasses the absolute -- well, with the exception of anything in the future, just the whole bulk of our mitigation case. In which -- it wasn't just one factor, which I would submit to the Court probably

116

isn't valid for challenging for cause, but at least three specific enumerated mitigating factors which were rejected, and more importantly, almost the entire bulk of what our mitigation case is going to be.

Secondly -- and our mitigation case is going to be presented by, of course, factual witnesses which are going to describe these events, but more importantly, by professionals that are going to give their opinion about how those facts and those experiences affected his decision and wound up in the position that he is, and specifically why and how that mitigation -- those events translate to mitigation evidence. And a layperson is not going to do that, isn't capable of doing that, doesn't have the training, hasn't had the experience, hasn't had -- done the research to make that connection.

And he has specifically indicated he would not -- found bias -- regarding that type of evidence that we are going to be presenting.

And in fact, when I asked him, you know, is it -- will you be able to determine, you know, when they sit there -- I mean, I got not just generally psychologists or psychiatrists can be paid experts, can say what you want, but no, no, no. How about this case, when they are sitting in that case -- or in this case, would you still have that bias? And he indicated that

117

he would.

On your final questioning, Judge, he indicated that he would have difficulty finding mitigation regarding anything involving personal choices. And we are not putting on an insanity defense here. Everything is going to have been essentially a personal choice, which -- but the mitigating factors are just those: mitigating factors. They are not going to say that -- we are not going to present evidence that he was delusional or psychotic or anything like that.

So the issue of him outwardly rejecting, in his own words, to your open-ended question -- that I would have difficulty -- involving personal choices, he is going to reject that by -- factually and by our expert testimony.

And then, finally, I asked him whether he would be fair, sitting in our place, and his candid answer was he could not.

So, Judge, you know, this thing gets down to, is this going to be a fair juror in this case, and based on his responses, I think it's clear that it's not. The closest he got was just responding to direct, leading questions -- can you be fair, can you consider -- and he came up with, yes, he could consider. Realistically consider based on the record, I don't believe he can.

THE COURT: All right. I am going to ask you

FELL-00002294

6/1/2005 9:15:00 AM

162

you might consider. Let's talk about the other possible alternative, which is life in prison. Do you see life in prison as a serious sentence?

JUROR NO. 203: As a serious sentence? Oh, absolutely. Positively. Yes.

MR. BUNIN: Can you say why?

JUROR NO. 203: Well, it's life in prison. It's not -- that's the end. That's the end of your freedom, and I do have some experience with people who have had short jail terms, so I know what their reaction is to a six-month sentence. I can't imagine forever, you know. So it is a very serious sentence, yes.

MR. BUNIN: When you say -- when you give that example, the six-month sentence, you talking about the gentleman that you are working with?

JUROR NO. 203: Yeah, that's working on furlough, yeah. He actually is a personal friend. He had committed two arsons, just to give you the quick full picture. Not my problem, didn't prosecute him, didn't help him with the fires, didn't know about the fires, doesn't change my opinion of him as a friend. He is still a friend. I have got him out on furlough. He is doing trim work and stuff. Are we going to be bosom buddies and traveling across the border to Canada to the casino anymore? No. But within limits, we are still

163

friends, yes.

MR. BUNIN: Are your -- you said some strong things about feeling -- feelings about rehabilitation. Is some of that derived from your friendship with him or others?

JUROR NO. 203: Probably not. There's a lot of people who can be rehabilitated. There's just a lot of things that happen spur of the moment, in my opinion, and I am not in this field, and I don't know -- I don't see it every day, but I just think sometimes people just lose it. I can see that happening, and in that case, I can see where there's probably a potential for some rehabilitation there.

MR. BUNIN: Well, when you say rehabilitation, do you mean that they have to actually act as productive citizens out in the community, or can they show it in some other way?

JUROR NO. 203: Oh, I guess that I would sum up and say if you can contribute anything in any way and in a positive manner and live, you know, within the boundaries of society, you know, civil society, then you are -- that would be rehabilitated, so long as you pose no threat and you are of some use to society, not to be used by society, but useful and productive in some way.

MR. BUNIN: So if your society is the prison

164

society, you think that's still applicable, that reasoning?

JUROR NO. 203: Yes. I don't know how it would apply, but I think it's applicable, yes.

MR. BUNIN: You also answered questions about -- from the judge, about wanting to know about the defendant's background, and you said that was extremely important. Can you tell us why that would be extremely important?

JUROR NO. 203: Well, without -- without injecting into this case, because I don't know anything about it, but it's important to me that there's a trend set in a case that involves an individual's life. I just can't see, you know, a model citizen going off the deep end and creating an instantaneous tragedy. I guess the earmark I would look for is planning, you know, history of that type of thing, and if that doesn't come up in the trial -- I know there's different things that are admitted and not, and I don't know how that happens, but if it doesn't come up in the trial, it couldn't be considered, and it would -- it would probably bide in the defendant's favor, I would think, if you couldn't establish a long-term track record of problems.

MR. BUNIN: But if you heard things like the kind of things Mr. Darrow started talking about, about

165

being abused as a child, not having parents, having no -- having your parents leave you at an early age and kind of being on your own, falling into drugs and alcohol, are those things that you could see as being mitigating, or are they just like -- would they have some other meaning to you?

JUROR NO. 203: Well, if they are just said, then they aren't going to bear much weight. If there's a mental health testimony, things like that that brings some absolute facts to this situation, to be considered, then yes, I could see us considering that.

MR. BUNIN: So if you heard evidence from folks that could tell you these things happened and then explanations of what they mean, that would be important to you?

JUROR NO. 203: It would -- it would seem to be important to me, but more so to you.

MR. BUNIN: If you sit on the jury, it's --

JUROR NO. 203: It's important, yes.

MR. BUNIN: It's what you think matters. Could I have a moment, Judge?

THE COURT: Yes.

(Brief pause.)

MR. BUNIN: That's all, your Honor. Thank you.

FELL-00002295

# EXHIBIT 231

FELL-00002296

P.16

FEB-03-2011  14:48    DISTRICT COURT 11-1-02

```
                      Print Key Output
5722SS1 V5R4M0 060210                CCS00P              Page  1
                                               02/03/11  12:02:22
Display Device  . . . . . :  D11102A
User  . . . . . . . . . . :  MTERESAV

CSE15D01            MAGISTERIAL DISTRICT JUDGE SYSTEM           2/03/11
D11102A                     Charge Entry                        11-1-02

Docket No: NT-0001161-93            Title:   COMMONWEALTH OF PENNSYLVANIA
Case Type: PRIV. COMPLAINT                   vs FELL, DEBBIE
=====================================================================================
Offense Date (on or about)  7/13/93   Time           Charge  1    of  1
Initial Charge Information:
   Type    S
   Title   18        Section/Sub-Sec 4105    / A1
   Desc    BAD CHECK
Statute   BAD CHECKS - SUMMARY CASE

Fines/Costs Allocation    Initial         Statute
   FINE                $                 $.00
   JUDICIAL COMPUTER PR $                 $1.50


   Total             $.00              $1.50

Do Statute Descrs. & Amts. Match Initial Charge (Y/N) N
F3=Exit  F6=Case Notes  F12=Previous
```

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | OTN |
|---|---|---|---|
| NT-0000417-94 | | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| PAUL J. ROBERTS | 11 1 05 | | |

**DEFENDANT**

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE REDACTED - FELL | | NT-0000417-94 |

9. Affiant Who Signed Complaint (Name and Address)
NORTHEAST CREDIT & COLLECTIONS
P.O. BOX 197
DUNMORE, PA 18512

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. CRI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | U18173 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | | 08 01 94  08 02 94 | | 08 23 94 | | | |

| 26. Prelim. Hear./Sum. Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|
| | | | |

| 28. Description of Charges | Of. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. MM DD YY | 33. |
|---|---|---|---|---|---|---|---|
| 1A  BAD CHECKS | | S | 03 24 94 | CC4105A1 | GP | | |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes | No | 35. Public Defender Requested by the Defendant? | Yes | No | 36. Application Provided for Appointment of Public Defender? | Yes | No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| a | a | c | c |
| b | b | d | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

Attorney's Name and Address for:    46. I.D. No.

| 45. Commonwealth | |
|---|---|
| 46. Complainant | |
| 47. Defendant | Private |
| | Other |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 05 08 95 | $ .00 | $ .00 | REST: 40.35 | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Ball at Preliminary Arraignment | | | | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|---|
| 53. Type | 54. Amount $ | 55. Date Set MM DD YY | | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Ball at Preliminary Hearing | | | | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|---|
| 57. Type | 58. Amount $ | 59. Date Set MM DD YY | | | |

| 61. If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|
| | | |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 03 11 |

Certified this _3rd_ day of _Feb 2011_

My commission expires first Monday of January

I, the above named Issuing Authority certify that this is a true and correct Transcript of the Docket.

AOPC 501A-99    DATE PRINTED:2/03/11   3:46:33 PM

FELL-00002297

| Docket Number of Final Issuing Authority | Pleas Docket Number | State Identification Number | **OTN** |
|---|---|---|---|
| NT-0000480-95 | | | |

| Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|---|
| BERNARD J. HENDRZAK | 11 | 3 | 07 | | |

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE 30 CHESTNUT ST. WILKES-BARRE, PA 18702 | | NT-0000480-95 |
| | 9. Affiant Who Signed Complaint (Name and Address) PRICE CHOPPER, ATTN: WM. JORDAN 110 EAST END CENTRE KIDDER STREET WILKES-BARRE TWP, PA 18702 | |

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56237 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

| 26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial |
|---|---|

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|
| BAD CHECKS - SUMMARY CASE | | | 03 18 94 | CC4105A1 | DIS | | |

| 34. Advised of His Right Apply for Assignment Counsel? Yes / No | 35. Public Defender Requested by the Defendant? Yes / No | 36. Application Provided for Appointment of Public Defender? Yes / No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: Date MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | | c |
| | b | | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendent | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

| Attorney's Name and Address for: | 45. I.D. No. |
|---|---|
| Commonwealth | |
| Complainant | |
| Defendant | Private / Other |

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 3 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment | | | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| Type | 54. Amount $ | 55. Date Set MM DD YY | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing | | | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| Type | 58. Amount $ | 59. Date Set MM DD YY | | |

| Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January _____   SEAL

*Michael G. Dotzel*

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

501A-99   DATE PRINTED: 2/07/11 11:01:50 AM

FELL-00002298

| Docket Number of Final Issuing Authority | | Common Pleas Docket Number | State Identification Number | **OTN** |
|---|---|---|---|---|
| NT-0000481-95 | | | | |

| Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|---|
| BERNARD J. HENDRZAK | 11 3 07 | | | |

6. Name and Address (Last Name First)
FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer | 8. Docket No. of Initial Issuing Authority
NT-0000481-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

10. Date of Birth | 11. Sex | 12. Race | 13. Operator License Number | 14.State PA | 15. CRI | 16. OCA A56236 | 17. Badge Number/Officer I.D.

18. Date of Arrest | 19. Date Complaint Filed or Citation Issued or Filed: 08 29 95 | 20. Summons Date Issued: 08 30 95 | 21. Warrant | 22. Summons Returned: 09 05 95 | 23. Preliminary Arraignment / 24.Time | 25. Date Waived to Court

26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing | 33. CONT.

| 28. Description of Charges | Off.Chgr. | Grading | 29. Offense Date | 30. Section and Subsection | 31. Disposition | MM DD YY |
|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 18 94 | CC4105A1 | DIS | |

34. Advised of His Right to Apply for Assignment of Counsel? Yes/No | 35. Public Defender Requested by the Defendant? Yes/No | 36. Application Provided for Appointment of Public Defender? Yes/No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: Date MM DD YY

38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN

40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41.Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified

Attorney's Name and Address for: | 48. I.D. No.
45. Commonwealth
46. Complainant
47. Defendant | Private / Other

49. Date of Decision: 03 03 05 | 50. Fines Amount: .00 | 51. Costs: .00 | 52. Judgment of Sentence | BAL: $ .00

Bail at Preliminary Arraignment | Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment | 56. Date Bail Posted
53. Type | 54. Amount $ | 55. Date Set MM DD YY | | MM DD YY

Current Bail/Bail at Preliminary Hearing | Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing | 60. Date Bail Posted
57. Type | 58. Amount $ | 59. Date Set MM DD YY | | MM DD YY

61. If Committed Date | 62. Code | 63. Place of Commitment

COPY: MAG. DIST. JUDGE

64. Date Transcript Sent to Court: 02 07 11

Certified this _____ day of _____
My commission expires first Monday of January _____
Michael G. Dotzel
I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

DPC 501A-99  DATE PRINTED:2/07/11 11:02:08 AM

FELL-00002299

Docket Number of Final Issuing Authority | Common Pleas Docket Number | State Identification Number (SID) | **OTN**

NT-0000482-95

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |

BERNARD J. HENDRZAK    11 3 07

6. Name and Address (Last Name First)

FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer | 8. Docket No. of Initial Issuing Authority
NT-0000482-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
| | | | | PA | | A56238 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons MM DD YY | Date Issued MM | 21. Warrant DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
| | 08 29 95 | 08 30 95 | | | 09 05 95 | | | |

26. Prelim. Hear./Sum. Trial | 27. Address of Preliminary Hearing/Summary Trial

32. Date Set For Preliminary Hearing MM DD YY | 33. CONT.

| | 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. MM DD YY |
| A | BAD CHECKS - SUMMARY CASE | | | 03 19 94 | CC4105A1 | DIS | |

| 34. Advised of His Right to Apply for Assignment of Counsel? Yes No | 35. Public Defender Requested by the Defendant? Yes No | 36. Application Provided for Appointment of Public Defender? Yes No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |

| 38. Codefendant(s) Name | 39. OTN a b | 38. Codefendant(s) Name | 39. OTN c d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |

Attorney's Name and Address for: | 48. I.D. No.

Commonwealth
Complainant
47. Defendant

Private

Other

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment | | | 55. Date Bail Posted |
| Type | 54. Amount $ | 55. Date Set MM DD YY | | | MM DD YY |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing | | | 60. Date Bail Posted |
| Type | 58. Amount $ | 59. Date Set MM DD YY | | | MM DD YY |

| Committed Date | 62. Code | 63. Place of Commitment |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January _____

_Michael G. Detzel_

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

PC 501A-99
DATE PRINTED: 2/07/11 11:02:22 AM

FELL-00002300

**OTN**

| 1. Docket Number of First Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number |
|---|---|---|
| NT-0000483-95 | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11  3  07 | | |

**DEFENDANT**

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE<br>30 CHESTNUT ST.<br>WILKES-BARRE, PA 18702 | | NT-0000483-95 |

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56235 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

26. Prelim. Hear./Sum. Trial  27. Address of Preliminary Hearing/Summary Trial

| 28. Description of Charges | Off. Chrg. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 15 94 | CC4105A1 | DIS | | |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes | No | 35. Public Defender Requested by the Defendant? | Yes | No | 36. Application Provided for Appointment of Public Defender? | Yes | No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | MM | Date DD | YY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | | c |
| | b | | d |
| | c | | |
| | d | | |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

Attorney's Name and Address for:                                                                           45. I.D. No.

| Commonwealth s. Complainant | |
|---|---|
| 47. Defendant | Private |
| | Other |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | | |
|---|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | BAL: $ | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment | | | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| Type | 54. Amount $ | 55. Date Set MM DD YY | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing | | | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| Type | 58. Amount $ | 59. Date Set MM DD YY | | |

| 61. Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|
| | | |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January, 2014

*Michael G. Dotzel*

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

PC 501A-99    DATE PRINTED: 2/07/11 11:07:15 AM

FELL-00002301

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | OTN |
|---|---|---|---|
| NT-0000484-95 | | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11  3  07 | | |

**DEFENDANT**

6. Name and Address (Last Name First)
FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer | 8. Docket No. of Initial Issuing Authority
NT-0000484-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14.State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56234 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24.Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

26. Prelim.Hear./Sum.Trial  27. Address of Preliminary Hearing/Summary Trial

| 28. Description of Charges | Off. Char | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 15 94 | CC4105A1 | DIS | | |

| 34.Advised of His Right to Apply for Assignment of Counsel? Yes No | 35. Public Defender Requested by the Defendant? Yes No | 36. Application Provided for Appointment of Public Defender? Yes No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | c | c |
| | b | d | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41.Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

Attorney's Name and Address for:  | 48. I.D. No.

| 5. Commonwealth | |
|---|---|
| 46. Complainant | |
| 47. Defendant | Private |
| | Other |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment 53.Type | 54. Amount $ | 55. Date Set MM DD YY | 56. Date Bail Posted MM DD YY |
|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing 57.Type | 58. Amount $ | 59. Date Set MM DD YY | 60. Date Bail Posted MM DD YY |
|---|---|---|---|

| 61. If Committed Date | 62.Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January 2014  SEAL

*Michael H. Detzel*

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

OPC 501A-99  DATE PRINTED:2/07/11 11:07:27 AM

FELL-00002302

OTN

NT-0000485-95

| Docket Number of Final Issuing Authority/Court of Common Pleas Docket Number | | State Identification Number | |
|---|---|---|---|

**1. Final Issuing Authority/to be completed by Final Issuing Authority**   DISTRICT NO.  11  3  07

BERNARD J. HENDRZAK

**5. Transferred from Initial Issuing Authority**   DISTRICT NO.

**6. Name and Address (Last Name First)**

FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

**7. Date of Transfer**   **8. Docket No. of Initial Issuing Authority**  NT-0000485-95

**9. Affiant Who Signed Complaint (Name and Address)**
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56233 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY  24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | |

**26. Prelim.Hear./Sum.Trial 27. Address of Preliminary Hearing/Summary Trial**

| | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | MM DD YY |
|---|---|---|---|---|---|---|
| A    BAD CHECKS - SUMMARY CASE | | | 03 12 94 | CC4105A1 | DIS | |

| 34. Advised of His Right to Apply for Assignment of Counsel?  Yes  No | 35. Public Defender Requested by the Defendant?  Yes  No | 36. Application Provided for Appointment of Public Defender?  Yes  No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on:  Date MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | | c |
| | b | | d |

| 40. Enter 'C' for witness for Complainant Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Attorney's Name and Address for:**

| | | 45. I.D. No. |
|---|---|---|
| Commonwealth | | |
| 46. Complainant | | |
| 47. Defendant | | Private |
| | | Other |

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 3 03 05 | $ .00 | $ .00 | | .00 |

**Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment**

| Bail at Preliminary Arraignment | | | | 56. Date Bail Posted |
|---|---|---|---|---|
| Type | 54. Amount $ | 55. Date Set MM DD YY | | MM DD YY |

**Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing**

| Current Bail/Bail at Preliminary Hearing | | | | 60. Date Bail Posted |
|---|---|---|---|---|
| Type | 58. Amount $ | 59. Date Set MM DD YY | | MM DD YY |

| 61. Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|
| | | |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January 201_

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

*Michael G. Dotzel*

AC 501A-99

DATE PRINTED: 2/07/11 11:02:45 AM

FELL-00002303

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | OTN |
|---|---|---|---|
| NT-0000486-95 | | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | | | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|---|---|
| BERNARD J. HENDRZAK | 11 | 3 | 07 | | |

**DEFENDANT**

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE<br>30 CHESTNUT ST.<br>WILKES-BARRE, PA 18702 | | NT-0000486-95 |

8. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A52845 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Date Preliminary Arraignment MM DD YY | 24.Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

| 26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|
| | | | |

| 28. Description of Charges | Off. Char | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition |
|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 12 94 | CC4105A1 | DIS |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes | No | 35. Public Defender Requested by the Defendant? | Yes | No | 36. Application Provided for Appointment of Public Defender? | Yes | No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| a | a | c | c |
| b | b | d | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

Attorney's Name and Address for:     48. I.D. No.

| 45. Commonwealth | |
|---|---|
| 46. Complainant | |
| 47. Defendant | Private / Other |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment | | | 58. Date Bail Posted MM DD YY |
|---|---|---|---|
| 53. Type | 54. Amount $ | 55. Date Set MM DD YY | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing | | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|
| 57. Type | 58. Amount $ | 59. Date Set MM DD YY | |

| 61. If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January _____

*Michael G. Detzel*

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

OPC 501A-99  DATE PRINTED: 2/07/11 11:10:12 AM

FELL-00002304

Docket Number of Final Issuing Authority

**NT-0000487-95**

OTN

| 1. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | | | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|---|---|
| BERNARD J. HENDRZAK | 11 | 3 | 07 | | |

6. Name and Address (Last Name First)

FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer    8. Docket No. of Initial Issuing Authority
**NT-0000487-95**

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A52750 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | Date Issued MM | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | | 09 05 95 | | | |

26. Prelim.Hear./Sum.Trial   27. Address of Preliminary Hearing/Summary Trial

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 10 94 | CC4105A1 | DIS | | |

| 34. Advised of His Right to Apply for Assignment of Counsel? Yes No | 35. Public Defender Requested by the Defendant? Yes No | 36. Application Provided for Appointment of Public Defender? Yes No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | c | c |
| | b | d | d |

40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant

41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial

| | | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|

Attorney's Name and Address for:    46. I.D. No.

Commonwealth

Complainant

47. Defendant

Private

Other

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

Bail at Preliminary Arraignment

| Type | 54. Amount $ | 55. Date Set MM DD YY | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

Current Bail/Bail at Preliminary Hearing

| Type | 58. Amount $ | 59. Date Set MM DD YY | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|

61. Committed Date   62. Code   63. Place of Commitment

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January, 2010

_Michael G. Dotzel_

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

PC 501A-99   DATE PRINTED: 2/07/11 11:12:08 AM

FELL-00002305

# EXHIBIT 232



English ▼    **Other NewsBank Products**

Search History  Saved Articles

Search Results for **alexanderian** in All Text

Pennsylvania - Selected Source Types

Edit Search  | New Search     Did you mean: *alexandrian*

? Show Help ▼

Back To Results    ◀ Previous  Article 21 of 36  Next ▶     Save this Article ☐

# NARCOTICS PROBE - AREA DOC TARGET OF DRUG BUST DR. HARRY ALEXANDERIAN BEING ACCUSED BY STATE ATTORNEY GENERAL OF MAKING LARGE-SCALE RX SALES TO ADDICTS.

**Times Leader, The (Wilkes Barre, PA)** - Tuesday, October 5, 2004

*Author: TERRIE MORGAN-BESECKER tmorgan@leader.net*

WEST PITTSTON - A 78-year-old borough doctor earned $2,000 to $4,000 per day selling prescription narcotics to addicts who flocked to his office in a posh West Pittston neighborhood, state authorities said Monday.

Dr. Harry **Alexanderian** saw up to 100 patients per day and once purchased so much Tylenol with codeine that he ranked as the largest physician purchaser of codeine in the United States, state Attorney General Jerry Pappert said at a press conference announcing charges against the physician.

**Alexanderian** is charged with illegally selling narcotic painkillers and anxiety medications, including Valium, Darvocet, Vicodin and Tylenol with codeine, from his home and office at 1010 Susquehanna Ave. from 1997 to 2003. He was also charged with money laundering and unlicensed treatment of drug addiction.

Authorities said some of **Alexanderian** 's patients were heroin addicts who went to him on the false belief he could cure their addiction - an aspect of the case Pappert said he found ``particularly reprehensible."

``We're alleging Dr. **Alexanderian** gave drugs to people he knew were drug addicts, and far from helping them detox, he was exacerbating the problem," Pappert said.

The arrest is part of an initiative Pappert announced earlier this year to target the illegal the sale of prescription drugs, he said.

``There is not the same stigma attached to distributing prescription drugs," Pappert said. ``Just because he was not delivering drugs during the middle of the night on a street corner does not diminish the seriousness of the crime. In many ways this defendant is one of the biggest drug dealers in the area."

The investigation began in early 2002. The arrest comes seven months after agents raided **Alexanderian** 's office. Approximately 190,000 pills and thousands of documents were seized.

Agents interviewed more than 100 of **Alexanderian** 's patients. The case was then taken to a statewide Grand Jury, which recommended the charges.

Financial records showed **Alexanderian** purchased $500,000 worth of drugs from various pharmaceutical companies from December 2001 to February 2004, Pappert said. It's alleged he sold the drugs directly to patients after performing a minimal medical evaluation,

 **Related Articles**

**Tell us what you think...**

▶ NET DRUGS CAN BE BAD MEDICINE - DOCTORS, PHARMACIS...

▶ No Child Left Untested? - Should Schools Conduct R...

▶ DOCTOR CHARGED IN DRUG MISUSE

▶ Drug Dangers - Common Drugs That Can Hurt You

▶ Life-or-Death Lottery - The medicine is scarce; it...

▶ Strange Medicine

▶ Saying No to Big Pharma - Some Docs Decline Drug F...

▶ Made to Order Medicine - A revolution in genetic r...

▶ STING NETS MORE THAN 20 DRUG SUSPECTS/ TWENTY-THRE...

▶ An AIDS Drug-Price War - An Indian firm takes on t...

○ **4 Saved Articles**
◉ **this article**

 Email                    ▼

🖨 Print                    ▼

↗ Bibliography (export)

**Quick Links**

▶ Find articles by TERRIE MORGAN-BESECKER tmorgan@leader.net

▶ Find more articles from page 1A

▶ Find more from section "NEWS"

▶ Find all articles from October 5,