<u>FAMILY SERVICE PLAN</u>

Family Name:  Fell

9.  A comprehensive assessment of all areas of family functioning including:  Safety of the child;  The review of family functioning/assessment;  Changes in specific areas which demonstrate cooperation and motivation to change.

**Addendum:**

During this reporting period worker will be leaving Luzerne County Children and Youth Services as of August 3, 1994.  This case will be transferred to another ongoing unit worker.

Dominic Toraldo
Caseworker

Ellis Carle
Supervisor

DT/EC:dp

7/22/94

FELL-00000067

**9**

FELL-00000068

FAMILY SERVICE PLAN

1. Family Name: __Fell__          3. Date of Previous Review___ __

2. File Number: __000056__          4. Date of this Review: _10-94_ __

5. Worker's Name:_ D. Boyson_____

6.   Identify the progress or lack of progress in accomplishing each numbered objective from the Services and Objectives sheet, to alleviate each corresponding problem.

P1.   Donald was evaluated at St. Michael's and a treatment plan was sent in place.

P2.   Donald's placement at St. Michael's has given him the opportunity to attend a school program regularly.

P3.   Donald needs to be evaluated for drug and alcohol abuse.

7.   Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken and not taken by parents, children, and others.

P1.   Donald participates in ITU and works on building self-esteem, impulse control, and socialization skills.

P2.   Donald attends school at St. Michael's and received good grades for the last quarter of 1993, 1994 school year.

P3.   Donald has been referred to CAP for Drug and Alcohol Services.

8.   Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken by caseworkers and other service providers to assist the family.

P1.   St. Michael's provides Donald with mental health treatment.

P2.   St. Michael's has provided for Donald's educational needs.

P3.   CAP will provide Drug and Alcohol evaluation and treatment services.

FELL-00000069

9.  A comprehensive assessment of all areas of family functioning
including:  Safety of the child;  The review of family
functioning/assessment;  Changes in specific areas which demonstrate
cooperation and motivation to change.

The following events have occurred during the past six months
affecting the Fell family.

Debra Fell was incarcerated at Luzerne County Prison which lead to
Donald's placement at St. Michael's and Teri's placement with
maternal grandmother, Theresa Sharpe.

Donald completed his fourth quarter of 1993/1994 school year at St.
Michael's.  Although he received good grades, he is repeating seventh
grade this school year due to his chronic truancy over the past two
years.

Donald received a Drug and Alcohol evaluation at CAP.  He attends
Drug and Alcohol counseling through CAP/St. Michael's program.  He
receives counseling regarding his parents' addiction, his predisposal
to addiction, and his previous experimentation with alcohol.

Since entering placement Donald has had no contact with his mother.
His family resource has been his grandmother Theresa.  She has
visited him at St. Michael's, and he has come to her home for weekend
visits.  His last home visit in September, 1994, was problematic,
however, and he was placed on property restriction at St. Michael's
for six weeks.  While visiting at Grandmother's, he went on an
unauthorized overnight at a friend's house, and may have been
involved with drug and alcohol usage.

Theresa is willing to have Donald for home visits after his
restriction is lifted.  CAP will be requested to completed Drug and
Alcohol screens on Donald when he returns to St. Michael's after home
visits in future.

Teri is enrolled in seventh grade at Plains Jr. High School.  She
also participates in counseling at Children's Service Center.  She is
still adjusting to living full-time with her grandmother.

Debra Fell has made minimal contact with her children over the past
six months.  Due to her unwillingness to become involved in community
services to reunite her with her children, Teri needs to stay with
her grandmother and Donald in placement at St. Michael's.

FELL-00000070

10.   Results of the Review:

_____ Services are no longer needed. Close case effective
_____

                                                              (Date)

_X__ No revisions are required

_____ Revisions to the Family Service Plan are required in the
following areas:  (Check all that apply)

_____ Identifying Information _____ Goals         _____ Actions

_____ Problems                 _____ Objectives _____ Services to be
                                                      provided

Briefly describe changes in Identifying Information, Problems to be
Addressed, or Goals.

11.   Signature of Case Manager _Donna A Boyson_____

                          Date _10-13-94_____

12.   Supervisor's Signature _____

13.   Date of next review _____ 4/95_____

**10**

FELL-00000072

## FAMILY SERVICE PLAN

1. Family Name: __Fell__

2. File Number: __000056__

3. Date of Previous Review: __10/94__

4. Date of this Review: __4/95__

5. Worker's Name: __Donna J. Boyson__

6.   Identify the progress or lack of progress in accomplishing each numbered objective from the Services and Objectives sheet, to alleviate each corresponding problem.

P1. Donald has demonstrated positive progress in St. Michael's Intensive Treatment Unit Program.

P2. Donald has improved his performance by achieving better grades and behaving appropriately in the classroom.

P3. Donald needs to continue to receive treatment for drug and alcohol abuse.

7.   Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken and not taken by parents, children, and others.

P1. Donald participates in Intensive Treatment Unit group and individual counseling, and is working to achieve treatment goals.

P2. Donald attends school regularly, as a part of his treatment program.

P3. Donald has been referred to Court Advocate Program for drug and alcohol treatment services.

8.   Referring to the previous Services and Objectives sheet, identify by problem number, the actions taken by caseworkers and other service providers to assist the family.

P1. St. Michael's provides Donald with mental health treatment.

P2. St. Michael's has provided for Donald's educational needs.

P3. Court Advocate Program will provide Donald with drug and alcohol treatment services.

m224

FELL-00000073

9.  A comprehensive assessment of all areas of family functioning including:  Safety of the child;  The review of family functioning/assessment;  Changes in specific areas which demonstrate cooperation and motivation to change.

During the past reporting period, Donald has made progress in his treatment at St. Michael's.  He has begun to contribute to discussions in group counseling sessions, and has improved in developing better peer relationships.  He continues to struggle in his individual counseling sessions, however, and needs to work on developing a more trusting relationship with his primary counselor.

Donald has shown improvement in his academic skills.  He received A's and B's in all subject areas except math, in which class he received a C.  He has demonstrated the ability to follow classroom rules, work effectively with teachers and peers and complete assignments.

Donald's overall progress at St. Michael's has been positive, and it has been recommended he be moved into the Evergreen Group Home on St. Michael's campus.  By living in the less restrictive setting at Evergreen, Donald can prepare to move home with his family at the end of this school year.

Donald's grandmother, Theresa Sharp, was his visiting resource until she died in December, 1994.  Her daughter, Jacqui, cares for Donald's sister, Teri, and has become Donald's visiting resource. She has taken over her mother's caretaking responsibilities toward Donald and Teri, as their mother, Debra, has had no contact with them over the past year.

At this time, Children and Youth Services recommends Donald remain in placement at St. Michael's, move into the Evergreen Group Home and work toward being discharged to his Aunt Jacqui at the end of this school year.  Also, Children and Youth Services recommends custody of Teri Fell be transferred to her aunt, Jacqui Sharp, as her mother, Debra Fell, has not completed community services ordered to enable her to reunite with her children.

FELL-00000074

10.   Results of the Review:

_____Services are no longer needed. Close case effective _____
                                                              (Date)

_____No revisions are required

X    Revisions to the Family Service Plan are required in the following areas:  (Check all that apply)

_____Identifying Information    X    Goals        _____Actions

_____Problems              _____Objectives    _____Services to be
                                                      provided


Briefly describe changes in Identifying Information, Problems to be Addressed, or Goals.

     Due to the death of Theresa Sharp, her daughter, Jacqui Sharp, has succeeded her as a caretaker resource for Donald and Teri Fell.


11.   Signature of Case Manager   _Donna J Boynon_____

                              Date  _4/10/95_____

12.   Supervisor's Signature   _____

13.   Date of next review  10/95_____

FELL-00000075

**11**

FELL-00000076

## FAMILY SERVICE PLAN

1. Family Name:__Fell_____      3. Date of Previous Review_4/95____

2. File Number:__000056_____      4. Date of this Review:_10/95_____

                                      5. Worker's Name:_Donna J. Boyson_

6.  Identify the progress or lack of progress in accomplishing each
numbered objective from the Services and Objectives sheet, to
alleviate each corresponding problem.

P2.  Donald has returned to public school after being discharged from
St. Michael's day treatment program on August 25, 1995.

P4.  Donald and Teri have adjusted to Aunt Jackie being their
caretaker.  Their mother, Debbie, had not completed a court ordered
drug and alcohol evaluation and was not eligible for custody to be
returned to her.

7.  Referring to the previous Services and Objectives sheet, identify
by problem number, the actions taken and not taken by parents,
children, and others.

P2.  Donald has enrolled in the ninth grade at Wilkes-Barre Area Vo-
Tech.

P4.  Debbie scheduled two appointments with this worker in June, 1995
to discuss her intentions regarding her children.  She missed both
appointments.

8.  Referring to the previous Services and Objectives sheet, identify
by problem number, the actions taken by caseworkers and other service
providers to assist the family.

P2.  Wilkes-Barre Area School District provides for Donald's
educational needs.

P4.  Children and Youth Services caseworker met with Jackie as
needed, to provide parenting advice.

9.  A comprehensive assessment of all areas of family functioning
including:  Safety of the child; The review of family
functioning/assessment;  Changes in specific areas which demonstrate
cooperation and motivation to change.

M230

FELL-00000077

During the past reporting period the following changes have occurred affecting the Fell children. Jackie became more secure in her role as Donald's and Teri's caretaker. She had assisted her mother with their care in the past, so they had already begun to vi[e] her as an authority figure. Her sister, Debbie, resurfaced in June 1995, when she was incarcerated on a bench warrant. Debbie made so[me] calls about wanting to see her children, but did not report to two meetings scheduled at Children and YOuth Services to discuss what plans she would like to make regarding Donald and Teri. Jackie had requested Children and Youth Services intervention, as she felt Debbie had not made the life style changes which would have enabled her to provide appropriate care to Donald and Teri. Since Debbie missed her appointment on June 7, 1995, however, this worker had no further contact with her.

Donald was discharged from St. Michael's Day Treatment Program on August 25, 1995. He returned to Wilkes-Barre Area in September, 1995 and was enrolled in the Vo Tech Head Start program. His readjustment to public school has been positive through the first quarter, and he has attended consistently.

Teri was discharged from outpatient counseling at Children's Service Center in April, 1995. She did suffer a setback in July, 1995, when Jackie's fiancee, ████ canceled their wedding and moved out of the household. Teri felt abandoned by ███, as well, and tol[d] Jackie she'd thought of hurting herself. Jackie contacted Children Service Center and scheduled an appointment for Teri, but she refus[ed] to return for counseling. She did come to accept ██████ departure, and has presented no further suicidal ideation.

Teri had to attend summer school. She had failed her math course, but fulfilled the requirement by successfully participating in Project Rise. She was promoted to the eighth grade.

Children and Youth Services will maintain involvement at this time to monitor Donald's progress in school, and Donald and Teri's progress at home.

10.   Results of the Review:

____ Services are no longer needed. Close case effective

_____

(Date)

_X__ No revisions are required

____ Revisions to the Family Service Plan are required in the following areas:  (Check all that apply)

_____ Identifying Information _____ Goals        _____ Actions

_____ Problems              _____ Objectives _____ Services to be
                                                       provided

Briefly describe changes in Identifying Information, Problems to be Addressed, or Goals.

11.   Signature of Case Manager ___Donna J Boyson_____

                         Date _____

12.   Supervisor's Signature _____

13.   Date of next review __January, 1996_____

FELL-00000079

**12**

FELL-00000080

## FSP ADDENDUM AND CLOSING SUMMARY

During the second quarter of the school year, Donald had to appear at Juvenile Probation Office due to charges brought against him by Wilkes-Barre VoTech, including disorderly conduct and stalking. He had been suspended twice. The second incident involved snow ball throwing and resulted in the referral to Juvenile Probation Office.

This worker accompanied Donald and his Aunt Jackie to his hearing on December 5, 1995. Donald was placed on short term probation, and ordered to pay a fine and costs totallilng $60.00.

Donald's and Teri's mother, Debbie Fell, wrote this worker a letter requesting assistance in contacting her children. She is living in Vermont. I advised Ms. Fell that her contact with the children needs to be supervised by an adult. I suggested sinceher sister, Jackie, is their caretaker, she make appropriate arrangements with her.

Over six months has passed since Donald's discharge from St. Michael's residential. There are currently no protective service issues requiring Children and Youth Services intervention. Children and Youth Services are discontinued as of January 19, 1996.

_____
Caseworker:

_____
Supervisor

DB:km

M234

FELL-00000081

**13**

FELL-00000082

FILE No.339 12/22 '00 12:08    ID:                              FAX:5708305197                    PAGE



A Program of Catholic Social Services

# THE COURT ADVOCATE PROGRAM

### of Luzerne County

September 16, 1996

Mr. Robert Roman, Supervisor
Luzerne County Juvenile Probation Department
280 North River Street
Wilkes-Barre, Pa. 18702

RE: Donald Fell
D.O.B.: 4-30-80
SS# REDACTED-FELL 7294

Dear Mr. Roman:

Consistent with your request, an evaluation to determine the existence of a drug and/or alcohol issue and recommendations was completed on Donald Fell on September 11, 1996. Diagnostic tools utilized in this evaluation consisted of administration of the Western Personality Inventory (WPI) and Alcohol Use Profile (AUP), a Psychosocial Assessment supplied by Donald, and an Adolescent Problem Severity Index (APSI).

Donald reported his first experience with alcohol occurred at age eight. He reported drinking beer from a tap when serving beer to adults in his home. Donald reported regular use of alcohol began at age thirteen. Donald stated he consumed one twelve pack of beer daily and one-fifth of rum on weekends for one and one-half years. Donald reported he also drank unknown amounts of alcohol on a binge basis during this time period. Donald reported achieving intoxicated states during each drinking episode. Donald reported his last use of alcohol occurred in April 1994.

Donald reported he began to use THC (Marijuana) at age thirteen on a daily basis. Donald reported unknown amounts of THC smoked daily and binge use of THC on weekends. Donald stated he did not use THC from April, 1994 to August, 1995 due to an out of home placement. However, Donald admitted he returned to almost daily and weekend usage of THC since the winter of 1995. Donald reported he has noticed a significant decrease in the amount of THC currently smoked when compared to the amount smoked prior to April, 1995. Donald was unable to give specific amounts of THC used. Donald reported his last use of THC occurred on July 4, 1996.

33 East Northampton St., Wilkes-Barre, PA 1870
(717) 829-3489 • FAX (717) 829-7781

ms                              ACCR

FELL-00000083

FILE No.339 12/22 '00 12:08   ID:                              FAX:5708305197            PA

Mr. Robert Roman                          September 16, 1996
RE: Donald Fell                           Page 2

    Donald reported he experimented two times with LSD at age thirteen. He denied further use of this drug.

    Scores on the WPI correlate with those who are prone to abuse alcohol. Scores on the AUP revealed a profile associated with alcoholism-denied.

    From the information collected from Donald, it is apparent he has a current THC abuse problem. He may also have a current alcohol abuse problem although he has denied use of alcohol since April, 1994. It is my opinion, Donald is minimizing his use of alcohol and THC.

    It is recommended Donald be drug tested by the Juvenile Probation Department on a random basis and participate in drug/alcohol counseling at the Court Advocate Program with continued monitoring for inpatient drug/alcohol treatment.

    I hope this information is helpful.

                Sincerely,

                Lisa M. Randazzo
                Drug/Alcohol Treatment Specialist
                Court Advocate Program

LMR/dp
cc: Frank Andrukiewicz

FELL-00000084

**14**

FELL-00000085

# OFFENSE REPORT

| 1. CONTROL NO. J-445 | POLICE DEPARTMENT NAME Municipality of Kingston | | | 2. COMPLAINT NO. 82-400 |
|---|---|---|---|---|
| 3. NATURE OF OFFENSE Off. Against Family | UCR CD 20 | 4. PLACE OF OCCURRENCE (EXACT STREET ADDRESS) REDACTED - FELL Kingston, PA. | | 5. TYPE OF PREMISE residence |

**OFFENSE**

| 6. WHEN OCCURRED 12/12/82 ? HOURS | DAY X S M T W T F S | 7. WHEN DISCOVERED MO. DA. YR. HOURS | 8. WHEN REPORTED 12/12 82 0922 * MO. DA. YR. HOURS | WHEN ARRIVED HOURS |
|---|---|---|---|---|

| 9. METHOD OF CRIME (ATTACK) | HOW ENTERED/EXITED | 10. MEANS OF CRIME (ATTACK), WEAPONS OR TOOLS USED * by Magistrate Adams |
|---|---|---|

| 11. LATENT FINGERPRINTS TAKEN ☐ YES ☐ NO | INL. | 12. PHOTOGRAPH TAKEN ☐ YES ☐ NO NUMBER: | INL. | 13. METHOD OF ESCAPE | 14. EVIDENCE LEFT BEHIND |
|---|---|---|---|---|---|

**VICTIM**

| 15. VICTIM'S NAME Fell, Donald II | 16. AGE 2 | 17. RACE Cau | 18. SEX M | 19. ADDRESS REDACTED - FELL   Kingston, |
|---|---|---|---|---|

| 20. PHONE (RESIDENCE/OFFICE) 283-0387 | 21. JUVENILE ☒ YES ☐ NO | 22. DATE OF BIRTH 04 / 30 / 80 MO. DA. YR. | 23. INDICATION OF DRUGS: ☐ YES ☐ NO   ALCOHOL: ☐ YES ☐ NO |
|---|---|---|---|

| 24. OCCUPATION (EMPLOYER/SCHOOL) | 25. INJURY | 26. HOSPITALIZED/TREATED AT ☐ YES ☐ NO |
|---|---|---|

**COMPLAINANT**

| 27. NAME OF COMPLAINANT (IF NOT VICTIM) Fell, Debbie | 28. AGE | 29. RACE Cau | 30. SEX F | 31. ADDRESS REDACTED - FELL   Kingston, P. |
|---|---|---|---|---|

| 32. PHONE (RESIDENCE/OFFICE) | 33. JUVENILE ☐ YES ☐ NO | 34. DATE OF BIRTH MO. DA. YR. | 35. INDICATION OF DRUGS: ☐ YES ☐ NO   ALCOHOL: ☐ YES ☐ NO |
|---|---|---|---|

| 36. OCCUPATION (EMPLOYER/SCHOOL) | 37. CODE FOR BLOCK 38   W — WITNESS   P — PARENT   G — GUARDIAN |
|---|---|

**PARENT**

| 38. | 39. NAME | 40. AGE | 41. RACE | 42. SEX | 43. ADDRESS |
|---|---|---|---|---|---|

| 44. PHONE (RESIDENCE/OFFICE) | 45. JUVENILE ☐ YES ☐ NO | 46. OCCUPATION | 47. INDICATION OF DRUGS: ☐ YES ☐ NO   ALCOHOL: ☐ YES ☐ NO |
|---|---|---|---|

**SUSPECT**

| 48. SUSPECT NAME ...ell, Donald | 49. AGE 42 | 50. RACE Cau | 51. SEX M | 52. ADDRESS REDACTED - FELL   Kingston, |
|---|---|---|---|---|

| 53. ALIAS | 54. OCCUPATION | 55. PHONE (RESIDENCE/OFFICE) |
|---|---|---|

| 56. DATE OF BIRTH MO. DA. YR. | 57. JUVENILE ☐ YES ☐ NO | 58. RELATIONSHIP TO VICTIM OR OWNER father | 59. HEIGHT | 60. WEIGHT | 61. COLOR EYES | 62. COLOR HAIR | 63. COMP |
|---|---|---|---|---|---|---|---|

| 64. CLOTHING WORN | 65. SCARS, MARKS, TATOOS | 66. WANT/WARRANT ON FILE ☐ YES ☐ NO | 67. ARRESTED ☐ YES ☐ |
|---|---|---|---|

| 68. KNOWN HAUNTS | 69. KNOWN ASSOCIATES |
|---|---|

| 70. IF JUVENILE INVOLVED AS WITNESS, VICTIM, COMPLAINANT, SUSPECT   PARENT OR GUARDIAN NOTIFIED: ☐ YES ☐ NO   TIME: | MO. DA. YR. | BY WHOM |
|---|---|---|

**VEH**

| 71. IF VEHICLE WAS INVOLVED IN CRIME ☐ STOLEN ☐ RECOVERED ☐ USED IN CRIME ☐ OTHER (EXPLAIN) |
|---|

| ITEM NO. | 72. NARRATIVE: CONTINUATION OF ABOVE ITEMS DESCRIBE OTHER WITNESSES OR SUSPECTS, EVIDENCE, PROPERTY DISPOSITION, INCIDENT. | 73. STOLEN VALUE |
|---|---|---|

**NARRATIVE**

Call received by Desk Sergeant Oblen from Magistrate Adams that he w...

concerned about the above named child and his sister, Teri Fell, age...

months and the possibility they may be being abused. Magistrate Adam...

requested that this Department investigate so to determine the safety...

condition of the children because of allegations made by the mother a...

father against each other and the fact of this Department's having be...

**CONTROL**

| 74. COMM. NOTIFIED BY | 75. WHEN NOTIFIED MO. DA. YR. HOURS | 76. MESS. NO. | 77. CANCELLED BY | 78. WHEN CANCELLED MO. DA. YR. H |
|---|---|---|---|---|

| 79. DISTRIBUTION ☒ CHIEF ☒ DETECTIVE ☒ JUVENILE ☐ NARCOTICS ☒ OTHER (EXPLAIN) Records |
|---|

| 80. INCIDENT STATUS ☒ OPEN ☐ INACTIVE | 81. INVESTIGATING OFFICER NAME J. Keiper    J.O. | INVESTIGATION DATE 12/12/82   MO. DA. |
|---|---|---|

| 82. REVIEWING OFFICER'S NAME   Sgt Joseph E. Oblen | DATE M16   12 /13 / |
|---|---|

FELL-00000086

| POLICE DEPARTMENT | SUPPLEMENT REPORT | 1. COMPLAINT NUMBI |
|---|---|---|
| KINGSTON | | 82-400 |

| 2. OFFENSE | 3. NAME OF VICTIM | 4. DATE |
|---|---|---|
| Against Family | Fell, Donald II | 12/12/82 |

| 5. | 6. TYPE REPORT CONTINUED OR SUPPLEMENTED | | |
|---|---|---|---|
| ☒ USED AS CONTINUATION SHEET OF CURRENT REPORT | ☒ INITIAL CRIME | ☐ VEHICLE | ☐ ARREST |
| ☐ USED TO REPORT SUPPLEMENTAL INVESTIGATION | 8. NEW OFFENSE IF CHANGED | | 9. VALUE RECOVERED PROP $ |

| 10. STATUS | 11. FURTHER ACTION & REPORT REQUIRED | 12. MULTIPLE CLEAR-UP? |
|---|---|---|
| ☐ CLEARED  ☐ UNFOUNDED  ☐ NOT CLEARED | ☐ YES  ☐ NO  (EXPLAIN BELOW) | ☐ YES (LIST OTHER INCIDENT NOS. IN NARRATIVE)  ☐ NO |

13. NARRATIVE: IN FOLLOW-UP USAGE, RECORD ALL DEVELOPMENTS SUBSEQUENT TO LAST REPORT. LIST ANY ACCUSED AND/OR SUSPECTS AS FIRST ITEM. INCLUDE / REPORT NUMBERS OF PERSONS ARRESTED, VALUE AND DISPOSITION OF RECOVERED PROPERTY (ATTACH PROPERTY RECORD), AND EXPLAIN ANY CHANGE IN OFFENSE.

ACCUSED/SUSPECT

involved at the residence twice in the last 12 hours.  The below signed Offic

was notified and we t to the home in company of Officer Gerald O'Donnell to

investigate.  Donald, II was examined by this Officer with no physical eviden

abuse visible.  Child was fressed in clean, neat clothes.  When asked, child

stated that "Daddy hit me" and when asked where, pointed to his left ear.


Home appears normal, with heat and adequate food available for both Donald, I

the infant.


his time, this Officer does not find any grounds for action by this Depar

or by Children and Youth Services.  Mrs. Fell advised however that she can, a

expense, take the child for examination by a physician.


Mrs. Fell did file an Emergency Protection from Abuse petition with Magistrat

Adams and an order was entered keeping Mr. Fell from the home until the openi

of business on Monday. December 13, 1982 at the Courthouse.  Mrs. Fell advise

contact Legal Services first thing on 12/13/82 to further action.


Magistrate Adams also advised of findings of this Officer.  Helpline contacte

1157 hours and also advised.


Mr. Fell released from custody at 1210 hours and advised not to go near his

dence and to contact an attorney on 12/13/82.

CY 47 filed with Children and Youth Services for follow-up.

| 14. PAGE NO. | 15. REPORTING OFFICER'S SIGNATURE | BADGE NO. | 16. DATE OF INCIDENT | 17. SUPV. INIT |
|---|---|---|---|---|
| 2 | J. Keifer | JO | 12/13/82 | JEC |

FELL-00000087

## REPORT OF SUSPECTED CHILD ABUSE
### PURSUANT TO ACT 124, NOVEMBER 26, 1975

Any persons who, in the course of their employment, occupation, or practice of their profession come into contact with children shall report or cause a report to be made when they have reason to believe, on the basis of their medical, professional or other training and experience, that a child coming before them in their professional or official capacity is an abused child.

_RUCTIONS TO MANDATED PERSONS: Within 48 hours after the oral report, send one copy of this report to the Child Protective Services Unit _ the Child Welfare Agency where the child is located.

**PLEASE NOTE INFORMATION ON REVERSE SIDE.**

**TODAYS DATE** 12/12/82

1. **NAME OF CHILD (Last, First, Initial)**
Fell, Donald II
**BIRTHDATE** 04/39/80  **SEX** [X] M [ ]

**ADDRESS (Include Street, City, State & Zip Code)**
REDACTED - FELL Kingst n, Penna. 18704
**COUNTY** LUZERNE

1A. **PRESENT LOCATION IF DIFFERENT THAN ABOVE**

2. **NATURAL/ADOPTIVE MOTHER (Last, First, Initial)**
Fell, Debbie
**TELEPHONE NO.** 283-0387

**ADDRESS (Include Street, City, State & Zip Code)**
REDACTED - FELL Kingston, Penna.
**COUNTY** L'ZERNE

**NATURAL/ADOPTIVE FATHER (Last, First, Initial)**
Fell, Donald
**TELEPHONE NO.** 283-0387

**ADDRESS (Include Street, City, State & Zip Code)**
REDACTED - FELL Kingston, Penna.
**COUNTY** LUZERNE

3. **OTHER PERSON RESPONSIBLE (Last, First, Initial)**
**RELATIONSHIP TO CHILD**

**ADDRESS (Include Street, City, State & Zip Code)**
**COUNTY**  **TELEPHONE N(**

4. **ALLEGED PERPETRATOR (Last, First, Initial)**
Fell, Donald
**RELATIONSHIP TO CHILD** Father

**ADDRESS (Include Street, City, State & Zip Code)**
**COUNTY**  **TELEPHONE N(**

_ATURE & EXTENT OF ALLEGED INSTANCES (NARRATIVE)_
As repo ted by mother, during argument between her and the child's father, t child was being hled by the mother when the father struck child in the side the face. No physical evidence visible to reporter at this time.

6. **ACTIONS TAKEN OR ABOUT TO BE TAKEN**

[ ] NOTIFICATION OF CORONER  [ ] PHOTOGRAPHS  [ ] EMERGENCY CUSTODY TAKEN
[ ] X-RAYS  [ ] HOSPITALIZATION  [ ] OTHER (SPECIFY)

7. **FAMILY HOUSEHOLD COMPOSITION (Please check block if there is indication of prior abuse)**

[ ] NAME Teff  SEX F  AGE 2 mths.  [ ] NAME _____ SEX _____ AGE _____
[ ] NAME _____ SEX _____ AGE _____ [ ] NAME _____ SEX _____ AGE _____
[ ] NAME _____ SEX _____ AGE _____ [ ] NAME _____ SEX _____ AGE _____

8. **FOR USE BY PHYSICIANS ONLY (PLEASE PRINT OR TYPE)**

**NAME**  **DATE**  **HOSPITAL/OFFICE**

**MEDICAL DIAGNOSIS:**

**SIGNATURE**

9. **MANDATED REPORTING SOURCE (OTHER THAN PHYSICIAN)**  (PLEASE PRINT)

**NAME** James S. Keiper  **TITLE** Juvenile Officer  **AGENCY** Kingston Police Departm

**ITY** erne  **SIGNATURE** James Keiper  **DATE** 12/12/82

10. **NON-MANDATED REPORTING SOURCE**

**NAME**  **RELATIONSHIP TO CHILD**  **ADDRESS (Street, City, State, Zip Code)**  **COUNTY**  **TELEPHONE N(**

M20

FELL-00000088

# REPORT OF SUSPECTED CHILD ABUSE
## PURSUANT TO ACT 124, NOVEMBER 26, 1975

Any persons who, in the course of their employment, occupation, or practice of their profession come into contact with children shall report or cause a report to be made when they have reason to believe, on the basis of their medical, professional or other training and experience, that a child coming before them in their professional or official capacity is an abused child.

INSTRUCTIONS TO MANDATED PERSONS: Within 48 hours after the oral report, send one copy of this report to the Child Protective Services Unit of the Child Welfare Agency where the child is located.

**PLEASE NOTE INFORMATION ON REVERSE SIDE.**

| | TODAYS DATE 12/12/82 | |
|---|---|---|
| 1. NAME OF CHILD (Last, First, Initial) Fell, Donald II | BIRTHDATE 04/39/80 | SEX [X] M [ ] |
| ADDRESS (Include Street, City, State & Zip Code) REDACTED - FELL   Kingst n, Penna.  18704 | | COUNTY LUZERNE |
| 1A. PRESENT LOCATION IF DIFFERENT THAN ABOVE | | |

| | | |
|---|---|---|
| 2. NATURAL/ADOPTIVE MOTHER (Last, First, Initial) Fell, Debbie | TELEPHONE NO. 283-0387 | |
| ADDRESS (Include Street, City, State & Zip Code) REDACTED - FELL   Kingston, Penna. | | COUNTY L'ZERNE |
| NATURAL/ADOPTIVE FATHER (Last, First, Initial) Fell, Donald | TELEPHONE NO. 283-0387 | |
| ADDRESS (Include Street, City, State & Zip Code) REDACTED - FELL   Kingston, Penna. | | COUNTY LUZERNE |

| | | |
|---|---|---|
| 3. OTHER PERSON RESPONSIBLE (Last, First, Initial) | RELATIONSHIP TO CHILD | |
| ADDRESS (Include Street, City, State & Zip Code) | COUNTY | TELEPHONE N( |

| | | |
|---|---|---|
| 4. ALLEGED PERPETRATOR (Last, First, Initial) Fell, Donald | RELATIONSHIP TO CHILD Father | |
| ADDRESS (Include Street, City, State & Zip Code) | COUNTY | TELEPHONE N( |

**5. NATURE & EXTENT OF ALLEGED INSTANCES (NARRATIVE)**

As repo ted by mother, during argument between her and the child's father, the child was being hled by the mother when the father struck child in the side o the face.  No physical evidence visible to reporter at this time.

**6. ACTIONS TAKEN OR ABOUT TO BE TAKEN**

| [ ] NOTIFICATION OF CORONER | [ ] PHOTOGRAPHS | [ ] EMERGENCY CUSTODY TAKEN |
|---|---|---|
| [ ] X-RAYS | [ ] HOSPITALIZATION | [ ] OTHER (SPECIFY) |

**7. FAMILY HOUSEHOLD COMPOSITION** (Please check block if there is indication of prior abuse)

| | | | | |
|---|---|---|---|---|
| [ ] NAME Teri  SEX F  AGE 2 mths. | [ ] NAME  SEX  AGE |
| [ ] NAME  SEX  AGE | [ ] NAME  SEX  AGE |
| [ ] NAME  SEX  AGE | [ ] NAME  SEX  AGE |

**8. FOR USE BY PHYSICIANS ONLY (PLEASE PRINT OR TYPE)**

| NAME | DATE | HOSPITAL/OFFICE |
|---|---|---|
| MEDICAL DIAGNOSIS: | | |
| | | SIGNATURE |

**9. MANDATED REPORTING SOURCE (OTHER THAN PHYSICIAN)** (PLEASE PRINT)

| NAME James S. Keiper | TITLE Juvenile Officer | AGENCY Kingston Police Departm |
|---|---|---|
| CITY Luzerne | SIGNATURE James Keiper | DATE 12/12/82 |

**10. NON-MANDATED REPORTING SOURCE**

| NAME | RELATIONSHIP TO CHILD | ADDRESS (Street, City, State, Zip Code) | COUNTY | TELEPHONE NC |
|---|---|---|---|---|

FELL-00000089

**15**

FELL-00000090

# REPORT OF SUSPECTED CHILD ABUSE
## TO LAW ENFORCEMENT OFFICIAL
### (PURSUANT TO SECTION 15 OF THE CHILD PROTECTIVE SERVICE LAW)

**REQUIREMENT OF CPS WORKERS:** Child Protective Service workers must report to law enforcement officials rep suspected child abuse when the initial review gives evidence that the abuse is homicide, sexual abuse or exploitati serious bodily injury perpetrated by persons whether related or not related to the victim, or child abuse perpetrated t sons who are not family or household members. "Serious bodily injury" means bodily injury which creates a subs risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any member or organ.

**INSTRUCTIONS TO CPS WORKERS:** *When the report of suspected child abuse meets the requirement to report enforcement officials the CPS worker shall send a copy of this completed form to the appropriate law enforcement o The CPS shall keep a copy of this completed form for its records.

## A. REPORTING INFORMATION

**1. REPORT SENT TO:**
District Attorney Robert Gillespie
Luzerne County Court House
North River Street, Wilkes-Barre, Pa. 18711

**DATE REPORT RECEIVED BY CPS**
5/2/85

**DATE SENT TO LAW ENFORCEMENT OFF**
5/22/85

**2. REPORT SENT BY:**

**CPS WORKER**
Frank Kremski

**SIGNATURE**
*Frank Kremski*

**CPS SUPERVISOR**
Jacqui Maddon

**SIGNATURE**
*JMaddon*

**PHONE NO.**
826-8710

**AGENCY NAME AND ADDRESS**
Children and Youth Services
111 North Pennsylvania Boulevard
Wilkes-Barre, Pa. 18701

## B. IDENTIFYING INFORMATION

| 3. NAME OF CHILD (Last, First, Initial) | BIRTHDATE | SEX |
|---|---|---|
| Fell, Donald | 4/30/80 | ☐ |

**4. ADDRESS (Include Street, City, State, Zip Code)**
REDACTED - FELL  Kingston, PA  18704   **COUNTY** Luzei

**5. PRESENT LOCATION IF DIFFERENT THAN 4 ABOVE**

| 6. MOTHER (Last, First, Initial) | AGE | TELEPH( |
|---|---|---|
| Fell, Deborah | 30 | 288-! |

**7. ADDRESS (Include Street, City, State, Zip Code)**
REDACTED - FELL   Kingston, PA  18704   **COUNTY** Luzerne

| 8. FATHER (Last, First, Initial) | AGE | TELEPH( |
|---|---|---|
| Fell, Donald Sr. | 44 | 288-8£ |

**9. ADDRESS (Include Street, City, State, Zip Code)**
REDACTED - FELL   Kingston, PA  18704   **COUNTY** Luzerne

| 10. ALLEGED PERPETRATOR (Last, First, Initial) | AGE | REL TO |
|---|---|---|
| Bublo, Frank | 21 | Baby: |

**11. ADDRESS (Include Street, City, State, Zip Code)**
REDACTED - FELL  Edwardsville, PA   **TELEPHONE NO.** 283-1167   **COUNTY** Luzerne

**12. CITY, TOWNSHIP OR BOROUGH WHERE ABUSE OCCURRED**
Kingston

M22  O1'

FELL-00000091

## ALLEGED ABUSE

**13 REASON FOR REFERRAL**

☐ HOMICIDE  ☒ SEXUAL ABUSE OR EXPLOITATION  ☐ SERIOUS BODILY INJURY  ☐ CHILD ABUSE ALLEGEDLY PERPE- TRATED BY A PERSON NOT A FAMILY OR HOUSE MEMBER

**14 PREVIOUS INDICATED OR FOUNDED REPORTS**

A. INVOLVING PERPETRATOR   ☒ YES   ☐ NO

B. INVOLVING SUBJECT CHILD   ☐ YES   ☒ NO

**15 NATURE AND EXTENT (Narrative)**

The child states that while he was being watched by Frank Bublo, that Mr. Bublo penetrated him digitally.  The child has told his story consistently.  The perpetrator, Mr. Bublo, denies all accusations. Based on the child's consistent story the case will be Indicated.

Indicated sexual abuse as per Act 124

*INCLUDES OCYF REGIONAL STAFF WHEN INVESTIGATING AGENTS AND EMPLOYES OF THE COUNTY CHILDREN AND YOUTH AGENCY.

FELL-00000092

**16**

FELL-00000093

is that they were 17 - 18 yrs old. Will keep a check on the ar

DAILY REPORT SHEET                    APRIL 21,1985(SUI

e 1
APRIL 21,1985(SUNDAY)

**Broken Bottles**
**0120 hrs.**
**Atten 4-12 Shift**

Car 2(Sgt. Paratore) reports finding several bottles broke: in the the United Penn Plaza. Request 4-12 shift keep an eye on this so it doesn't get out of hand.

**Stabbing**
**0125 hrs**

Recieved a call from a unidentified caller who stated tha there was a man bleeding from a stab wound on Mason Ct. t the raer of Dukas's. Car 2(Sgt. Paratore) sent, transport to Nesbitt Hospital was Donald Fell REDACTED-FELL .Car then responded to REDACTED-FELL at which time he reque a ambulance to transport Mrs. Fell. Also Sgt Keiper was i ified as there was two children, Children were turned ove custody of Children and Youth Services. Investigation col uing. See Inc. # 85-209.Mrs Fell picked up by donald Fel: at NPWafter being treated.

**Disturbed**
**0250 hrs.**

Phil Perzia called from Kirby park requesting we send a to take him to the General Hospital,he was told that our were tied up and that he should call Wilkes-Barre PD as calling from their park.

**Concerned.**
**0325 hrs**

Bill James stopped at HQ and stated that he just passed nards Auto Sales and it appeared that there was a person to get into the cars. Car 3(K.Keiper) sent, this was Ci Trocki and her boyfriend having a dispute,no problems.

**Obscene Call**
**0210 hrs.**

Mr. & Mrs. Cappos REDACTED-FELL Kingston came to H-Q port that they just recieved a obscene phone call from one stating that he was her husbands cousin, and told h if she didn t do what they told her that they were goin him. Sgt. Paratore interviewed the couple. See Inc.# 85 Investigation continuing.

**Obscene Call**
**0335 hrs.**

Cathy Moran 57 N.Thomas Ave called and stated that she a obscene call similar to the incident above. Car 2(Sg: sent. See Inc. # 85-211. Investigation Continuing.

**Ref 0120hrs**
**0400 hrs**

Car 3(K.Keiper) reports putting several veh on there we they were parked in the United Penn Plaza carring on.

**Re:Stabbing**
**1135 hrs**

(DRS 0125 hrs) WBPD(Fran) called & wanted to know wha situation was with the Fells. She stated their dept received a call from Mrs Sharp, the childrens grandmo' She stated Mr & Mrs Fell were coming over to get the She was advised that the children were in the custody ren & Youth & were placed in the custody of their gra Mrs Sharp from 32 E. Chestnut St.WB. Linda Locavitch C&Y contacted & stated under no circumstances are the dren to be released to their parents. They will hand morrow. A short time later Mrs Fell called HQ & was by this officer the children are in the custody of C Mrs Sharp will notify WBPD if any problems arise. WE fied of the complete incident, and advised the chil are not to be released to their parents.
(Over)

mq

Page # 2

Copy Machine
Repaired
0735 hrs

Unigraphic notified to repair the photo copy machine. appare
Part of the mechanism was jammed. Machine is still under
warranty. Repaired by 1000 hrs.

●llet found
54 hrs

A wallet was turned in to this dept, found on Price St. ID
indicates wallet belongs to Ronald Zeek, 114 N. Thoams., Kng
No phone listed. Car # 3(Odonnell) given the wallet & will t
& locate Zeek. No money in wallet, personal items.(Wallet
returned to Zeek by Off. Odonnell. Receipt in file.)

Domestic & Possible
Child Abuse
0922 hrs

Magistrate Richard Adams called and reported he has rece
several phone calls at home from Debbie Fell, 42 E. Bennett
Claims her husband, Donald has been beating her and also hit
their children. Car # 3(Odonnell) & 4(Novitski) sent. Donald
was sitting there not causing any problems at this time. Mag
Adams notified and advised: He requested J.O. Keiper investi
possible child abuse. Donald Fell was brought to HQ and ir
terviewed, Mrs Fell also came to HQ and was also interviewe
There was a Petition For Emergency Relief From Abuse form si
by Mrs Fell. If Donald Fell is seen anywhere near 42 E. Ber
St., he is to be locked up and Magistrate Adams notified. Th
order is in effect until 0900 hrs 12/13/82. Both Mr & Mrs F
advised to have this matter straightened out at the courthou
tomorrow. See Report # 82400 of J.O. Keiper. The Abuse Form
posted at HQ desk. Both parties left HQ.

Lost/Stolen Turse
0924 hrs

Diane Wojtowicz, Bx 239 Dallas called and reported her pur
was either lost or stolen in WB sometime last night. ID incp
If located in Kingston she would appreciate a call at 675-33

●ndalism
6 hrs
●n Patrols...

Robert Lorah, REDACTED - FELL called and reported his vehic
& garage door had eggs pelted all over. Apparently occurred
night. A short time later, Cathy Miller, 83 Sharpe St, neig
of Lorahs reported their vehicle was also pelted with eggs.
parties assured patrols would be notified.

Incident/Lost
Registration
1050 hrs

Richard Reese, REDACTED - FELL WB called HQ and reported at
approx 0200 hrs this date he was followed by a vehicle and t
vehicle kept striking his vehicle in the rr end. This occurr
on Main St & Covert St. NFD of other vehicle. Reese stated h
observed his license plate missing from his vehicle & feels
must have been knocked off when his vehicle was struck. Vehi
bears Pa reg. 87160M. Reese advised to bring his owners car
to HQ at which time it will be entered into NCIC...

Soliciting
1145 hrs

Keith Line, 7th Day Adventist came to HQ and reported they w
be working today from 1400 hrs till dark..

Stolen Bike
1210 hrs

Robert Brokenshire, REDACTED - FELL called and reported his 2(
Columbia Boys Bike, blk with yellow mags. Stolen from the ba
yard sometime last night. See Report # 82401.

Hit & Run
1317 hrs

Mrs Patterson, REDACTED - FELL called and reported her parked
vehicle bumped sometime last night. Minor damage. Car # 3(Od
sent. May have been done by someone visiting across the stre
last night. Off. Odonnell continuing investigation. See MAR
# 82394.

Continued on Page # 3

December 12, 1982(Sund

FELL-00000095

# 82394.                      donnell continuing investigation. See MAR

Continued on Page # 3

Page # 3
December 12, 1982(Sunday)        DAILY REPORT SHEET        December 12, 1982(Sund

Re:Domestic   (Re:DRS 0922 hrs)  Car # 1(J.Keiper) reported he observes Don
1250 hrs      ald Fell operating a blk/tan 71 Buick LeSabre on Pierce St
              heading east. This vehicle is registered to his wife, Debbie
              Fell. She was contacted and stated she does not want him have
              the vehicle. Veh. was parked in the Luz County Courthouse Par
              lot where it was picked up by Mrs Fell. Donald put on his way
              Veh bears Pa reg. 1W1962.

Accident      Report of an accident at Wyoming Ave & Bennett St.  Car # 3
1434 hrs      (Odonnell) sent.  See Accident Report # A82221.

Concerned     Frank Johns, REDACTED - FELL called and reported a Green Matador
1440 hrs      with out of state plate parked in front of REDACTED-FELLfor a week. Car #
              4(Novitski) sent & reported veh bears Ct Reg. 212BCL, registered to Thoma:
              E  Stevens, REDACTED - FELL     Cheshire, Ct. NCIC check negative. Office:
              reported keys are in the vehicle. Veh is locked with appears to be fresh
              damage to the right side. Legally parked. No action taken at this time.

Broke down    Mrs. Mallis, REDACTED - FELL, Plymouth called and reported 1
1655 hrs      '72 Pontiac Catalina, brown in color is broke down on S. Gat(
              just north of Northampton St.  Will remove as soon as possib:

Grass fire    Station #1 reports responding to a grass fire behind Kulp Br(
1725 hrs      Page St.  Car #3(Blessing) sent. Reports nothing showing her(
              Apparent false alarm.

FELL-00000096

### WILKES-BARRE GENERAL HOSPITAL ADOLESCENT PSYCHAITRIC UNIT

### SOCIAL SERVICE DISCHARGE SUMMARY

NAME:       Donald Fell                    DATE OF ADMISSION:  04/14/92
ADDRESS:    REDACTED - FELL                DATE OF DISCHARGE:  05/02/92
            Wilkes-Barre, PA   18702       BSU#:               404-01593
PHONE:      824-5842                       MR#:                383700
D.O.B.:     04/30/80

REASONS FOR ADMISSION:  Donald is a 11 year old white male who was admitted to the Wilkes-Barre General Hospital Adolescent Psychiatric Unit on a voluntary 201 admission.  This is Donald's second hospitalization to a psychiatric facility.  He was hospitalized at First Valley Hospital in October of 1991.  Donald was admitted to this hospital due to playing with dangerous items such as guns and knives.  He recently shot a friend with a gun by accident.  He hits his mom and sister and he has in the past pulled out his mom's hair.  He throws items when angry and curses at authority figures.  He doesn't follow rules at home and he does what he pleases.  Psychiatric history of family members includes a grandmother on the paternal side had a "nervous break down" as stated by mom when she was an adult.  Also the mom stated that the father has severe mood swings and was physically violent to the family.

CLINICAL EVALUATION:  While on the unit Donald engaged in individual, family and group therapies, various creative activities, and education.  Donald was able to interact appropriately with his peers on the unit.  Donald had several family sessions while on the unit.  These family sessions started out with Donald having difficulty communicating with his mom and being respectful toward her.  However, as the family sessions increased Donald was able to get motivated for treatment and communicated appropriately with his mother.  While on the unit Donald was working on several problem areas.
    Problem #1:  Donald plays with dangerous items such as knives and guns.  Donald was able to verbally state that he will no longer play with dangerous items.  Donald was able to list, discuss, and identify appropriate alternatives to playing with dangerous items.  Donald was able to discuss the negative effects of playing with dangerous items.
    Problem #2:  Donald physically abuses his mom and sister.  Donald was no longer physically abusing his mom or sister.  Donald was able to list, discuss, and identify appropriate alternatives to hitting his mom and sister.  Donald was able to discuss situations leading up to his hitting his mom and sister.
    Problem #3:  Donald throws items when angry and curses at authority figures.  Donald was no longer throwing items or cursing authority figures when angry.  Donald was able to list, discuss, and identify appropriate alternatives to throwing items and cursing when angry.  Donald was able to discuss situations leading up to his problems. *Having out burst*,
    Problem #4:  Donald does not follow the rules at home.  Donald was able to follow the rules on the unit.  Donald was able to list, discuss, and identify appropriate alternatives to not following rules and not listening to authority figures.  Donald was able to discuss the importance of following rules and listening to authority figures.  The above stated issues will continue to be addressed and this will be done at the Partial Hospitalization Program at Childrens Service Center.  Once again upon discharge Donald was no longer physically abusive toward his family members.

M12   ^22°

Social Service Discharge Summary
Page 2
Donald Fell

DISCHARGE DIAGNOSIS:  Please refer to physician's discharge summary.

MEDICATION:  Donald was discharged on the following medication:

        Tofranil - 25 mgs. at 8:00am.

        Dexedrine - 7.5 mgs. at 8:00am, 12:00 noon, and 4:00pm.

LIVING ARRANGEMENTS:  Upon discharge Donald will be returning home to live with his mother and siblings.

DISCHARGE RECOMMENDATIONS:  Donald will be returning to the Partial Hospitalization Program on May 4, 1992 and he will see Dan Belletieri.

                                          Suzanne N. Smith, b.S.W.
                                             Therapist

FELL-00000098

**17**

FELL-00000099

## ARREST WARRANT AFFIDAVIT

Joseph Vareapy
**DISTRICT JUSTICE**
MAGISTERIAL DISTRICT NO.  11-3-08
126 North Main Street
Plains, PA  18705

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| D 17556 | 1989 | C | 180 |

Complaint Numbers if Other Participants

| INCIDENT NUMBER | UCR NO. | DTN |
|---|---|---|
| 89-355 | | C 359657-4 |

**COMMONWEALTH OF PENNSYLVANIA**
COUNTY OF ___Luzerne___

**COMMONWEALTH OF PENNSYLVANIA**
DEFENDANT:                    VS.

NAME ┌ FELL, Donald R.
AND    REDACTED - FELL    Inkerman
ADDRESS   Jenkins Twp, PA  18640
W/M  D.O.B.  REDACTED - F 39

Ptlm. Marianne Oxankner        Jenkins Township Police Department        654-1281
(Name of Affiant)        (Police Department or Address of Private Affiant)        (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES:  (see instruc. below)

On 19 November 1989 at 2030 hours, this officer was informed by Sergeant Edward Judge of the Hughestown Police Department that he was following a Red Plymouth on the Pittston By-Pass which was being driven erratically and swerving between both lanes. This officer advised Sergeant Judge to stop the vehicle.

Upon arrival on the scene, this officer observed a Red Plymouth, Pa. Reg. VSV579 pulled off to the side of the road with two (2) persons inside the vehicle. Upon approaching the vehicle, this officer detected a strong odor of an alcoholic beverage on the driver's breath, he had glossy eyes and staggered when requested to exit the vehicle. The above named actor was then asked to proceed back to my police vehicle. Whe he did so, this officer observed the above named actor having trouble walking. When this officer and the above named actor reached my vehicle, this officer requested him to submit to a field sobriety test and a blood alcohol test. The above named actor then stated, "Do we have to go through this again? Just take me for the blood test." The above named actor also stated that he had been drinking previously to driving the vehicle.

## PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received. and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, by whom it was obtained, and state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

4. State any additional information considered pertinent to justify this application.

M0982

SIGNATURE OF AFFIANT        ADDRESS OF PRIVATE CITIZEN        BADGE

Sworn to and subscribed before me this ___16th___ day of _____November_____, 19__89

(SEAL)

FELL-00000100

## IN THE COURT OF COMMON PLEAS OF THE COUNTY OF LUZERNE
### INFORMATION

COMMONWEALTH OF PENNSYLVANIA

vs.

DONALD R. FELL

Criminal Action No. 3243 of 19 89

APPROVED   FEB 26 1990

THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE by this information charges that
DONALD R. FELL

on or about the __10th__ day of __November__, 19 89, in said County,

(1) did drive, operate or be in actual physical control of a Plymouth motor vehicle bearing Pennsylvania registration VSV579 at the Pittston By-Pass, Jenkins Township, while under the influence of alcohol to a degree which renders the person incapable of safe driving.

DRIVING UNDER INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE, 75 Pa.C.S.A. 3731 (a) (1)

AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that
(2)   DONALD R. FELL                                on the day and the year aforesaid, in said County, did drive, operate or be in actual physical control of a Plymouth motor vehicle bearing Pennsylvania registration VSV579 at the Pittston By-Pass, Jenkins Township, while the amount of alcohol by weight in the blood of the said   DONALD R. FELL was 0.10% or greater.

DRIVING UNDER INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE, 75 Pa.C.S.A. 3731 (a) (4)

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

ATTORNEY FOR THE COMMONWEALTH

| (Degree of Crime and Maximum Penalty) |
| --- |

NOW, _____, 19____, comes the defendant and pleads not guilty, and with the consent of his attorney and the attorney for the Commonwealth, and the approval of the judge, waives a jury trial and elects to be tried by a judge without a jury.

_____ Defendant

_____ Defendant

_____ Attorney for Defendant

_____ Attorney for Defendant

_____ Attorney for Commonwealth

_____ Judge

NP

NOW, APR 27 1990, 19____, defendant pleads ____NOT____ guilty et de hoc: District Attorney similiter et issue.

X _____ Defendant

_____ Defendant

_____ Attorney for Defendant

_____ Attorney for Defendant

Marianne Czankner
Prosecutor

Police Department
Address

Jenkins Township, PA

M0983

FELL-00000101

**18**

FELL-00000102

CRIMINAL COMPLAINT    (POLICE)

Joseph Yeraany
DISTRICT JUSTICE
MAGISTERIAL DISTRICT NO.  11-3-08
126 North Main Street
Plains, PA  18705

COMPLAINT NUMBER    YEAR    TYPE    NUMBER

Complaint Numbers if Other Participants

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT:    VS.

NAME
AND
ADDRESS

R.S.A.
AKA

I, **Ptlm. Marianne Czenkner**
(Name of Affiant)

of **Jenkins Township Police Department**
(Identify department or agency represented and political subdivision)

do hereby state:

(1) ☒  I accuse the above named defendant, who lives at the address set forth above or,
    ☐  I accuse an individual whose name is unknown to me but who is described as _____

    ☐ his nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe:
    with violating the penal laws of the Commonwealth of Pennsylvania at REDACTED - FELL **Inkerman, Jenkins Township**
    (Place-Political Subdivision)

    in **Luzerne** County on or about **31 Oct. 89**, at approx. **1803 hrs.**
    Participants were (If there were participants, place their names here, repeating the name of above defendant). **DONALD R. FELL**

(2) The acts committed by the accused were: Ⓐ  DRIVING UNDER THE INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE. That he (she) did unlawfully then and there ☒ drive, or ☒ operate, or ☒ was in actual physical control of the movement, or ☐ permitted the driving, or operating, or controlling of a vehicle upon a highway or traffic way within this Commonwealth while, ☒ under the influence of alcohol or, ☐ a controlled substance or, ☐ under the combined influence of alcohol and a controlled substance, to such a degree as to render him (her) incapable of safe driving, and/or ☐ when his (her) blood alcohol content was .10% or greater: **.29**

    all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of Section 3731 (a)(1) ████████████ or (a)(4) of the Act of December 15, 1982, No. 289, amending the Vehicle Code of Pennsylvania as appearing in Title 75 of Penna. Consolidated Statutes.

    all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of **Listed above** and **Listed above** of the Act of **Pa. Motor Vehicle Code, Title 75**
    (Section)    (Sub-section)

    or the _____ Ordinance of _____
    (Political Sub-division)

(3) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made.

(4) I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa. C. S. § 4904) relating to unsworn falsification to authorities.

    _____ November 6 _____, 19 _89_    _Ptlm. Marianne Czenkner_
    (Signature of Complainant)

AND NOW, on this date _____ November 6, 19 _89_, I certify the complaint has been properly completed and verified, and that there is probable cause for the issuance of process.

_____ 11-3-08 _____
(Magisterial District)

_____ (SEAL)
(Issuing Authority)

AOPC 411-86    ORIGINAL    SEE REVERSE SIDE FOR WAI    M0973

FELL-00000103