# ARREST WARRANT AFFIDAVIT

Joseph Yanuzzy
**DISTRICT JUSTICE**
MAGISTERIAL DISTRICT NO. 11-3-08
126 North Main Street
Plains, PA 18705

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| D 17555 | 1989 | C | 170 |

Complaint Numbers If Other Participants

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| 89-347 | | C 359650-4 |



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF** Luzerne

**COMMONWEALTH OF PENNSYLVANIA**
DEFENDANT:    VS.

NAME   FELL, Donald R
AND    REDACTED - FELL
ADDRESS    Inkerman
Jenkins Township, PA
W/M   D.O.B. 05-02-39

Ptlm. Marianne Csankner        Jenkins Township Police Department        654-1281
(Name of Affiant)        (Police Department or Address of Private Affiant)        (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES: (see instruc. below)

On Tuesday, 31 October 1989 at 1800 hours, this Officer was dispatched to an accident at REDACTED - FELL Inkerman, Jenkins Township. Upon arrival on scene, this officer spoke with the above named actor, Donald R. FELL, the operator of the vehicle which was involved in the accident, and detected a strong odor of an alcoholic beverage on his breath. The above named actor did also have glossy eyes, slurred speech, a staggered gait and could not identify his operator's license without the help of his wife. At this time, this officer requested Officer Christopher Purcell of the Jenkins Township Police Department to administer a Field Sobriety Test to Mr. Fell. Officer Purcell did administer the test which Mr. Fell failed. Mr. Fell was then requested to submit to a Blood Alcohol Test and was advised that if he refused to take the test he would lose his operating privileges for one (1) year. Mr. Fell agreed to the Blood Alcohol Test and was transported to Wilkes-Barre General Hospital for a B.A.C.

---

## PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received, and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, by whom it was obtained, and state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

4. State any additional information considered pertinent to justify this application.

SIGNATURE OF AFFIANT        ADDRESS OF PRIVATE CITIZEN        BADGE NO.        10

Sworn to and subscribed before me this 6th        day of

M0975

FELL-00000104

COMMONWEALTH OF PENNSYLVANIA

VS.

Donald R. Fell

7 Main Street

Inkerman, Jenkins Twp., Pa

NO: 3243 of 1989
3242 of 1989

NOW, March 16, 1990 it appearing to the Court that Defendant failed to appear for arraignment on March 9, 1990 and the record reflects proper service.

upon motion of the District Attorney, Court award Capias non omittas for the defendant.

BY THE COURT,

_____ J.

TO CLERK:

Court of Common Pleas of Luzerne County

Issue Capias non omittas for the defendant above.

_____
District Attorney

_____
Assistant District Attorney

M0977

FELL-00000105

**19**

FELL-00000106

**ARREST WARRANT AFFIDAVIT**

LOUISE POBOTSKI
DISTRICT JUSTICE
MAGISTERIAL DISTRICT NO. 11-3-08
Second St. Plains Pa. 18702

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| H31948 | 90 | C | |

Complaint Numbers if Other Participants

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| 90-436 | | C564446-1 |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___LUZERNE___

COMMONWEALTH OF PENNSYLVANIA
VS.
DEFENDANT:

NAME ⌐Donald Robert FELL
AND    REDACTED - FELL Inkerman,
ADDRESS Jenkins Township Pa. 18640

Ptlm. Christopher J Purcell    Jenkins Township Police Department    (717)654-1201
(Name of Affiant)    (Police Department or Address of Private Affiant)    (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

**PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES:** (see instruc. below)

On 10-29-90 at about 2345 Hrs. Affaint Officer was dispatched to REDACTED - FELL
Jenkins Township. Apon arrival Affaint Officer was met by Debbie Fell Age 36. She informed
Affaint Officer that she had threw her husband, The Above Named Defendant. out of the home
because he had hit her and her son Robert Fell age 10. Affaint Officer spoke with Robert
Fell who showed Affaint Officer a cut on his lip and told Affaint Officer that his Father
The Above Named Defendant had hit him in the mouth and gave him a bloody lip. Debbie Fell
also stated that her Husband, The Above Named Defendant had hit her also. Affaint Officer
didn't see the makks due to there location but will have a Female Officer look at them
in the Morning. After Takl talking to both, The above Named Defendant Donald Fell knocked
at the door and came inside. Affaint Officer notice a strong smell of Alcohol and that he
was having trouble walking. Affaint Officer placed him under Arrest on the above information
read him his Constitutional Warnings and asked him to come to the Police Station. At the Stat
Station he was seated untill above Charges were ready and then transported to District
Justice's Office.

---

**PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY**

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received, and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, by whom it was obtained, and state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

4. State any additional information considered pertinent to justify this application.

M0989

FELL-00000107

DOCKET NUMBER

DEFENDANT _Donald Robert Fell_    DATE 10-30-90    TIME 107 AM

ADDRESS REDACTED - FELL    W    SEX M

SOCIAL SECURITY NUMBER REDACTED - FELL    Jenkins Twp    PH# 683-035

PLACE OF BIRTH _W-Bg Pa_    DATE OF BIRTH REDACTED - FELL _39_

COUNSEL _NATT_    ADVISED OF RIGHTS _Yes_

PRELIMINARY HEARING WAIVED    AFFIANT _Jenkins Twp (Russell)_

CHARGES

HAS DEFENDANT EVER BEEN CONVICTED OF A CRIME? _Yes_    IF YES STATE CHARGES

_DuI (4 cts) -_

RESTITUTION, FINE OR IMPRISONMENT _15 cupins -_

PLACE OF EMPLOYMENT _Acosta Auto Parts_    NAME OF SPOUSE _Debbie_

DEFENDANT MARRIED? _Yes_

ANY CHILDREN AND AGES _Robert - 26 yrs - - Donald - 10 yrs_    TIME _10 30 AM_

PRELIMINARY HEARING DATE _11-8-90_

AMOUNT OF BAIL _$2,500_    TYPE    CASH    PROPERTY

PROFESSIONAL BONDSMAN

COMMENTS _Residence - current - 2 yrs_
_Chestnut St, W-B - 1 yrs_

_FATHER - no immediate family in area_
MOTHER -

_Addictions - alcohol._

M0990

FELL-00000108

# IN THE COURT OF COMMON PLEAS OF THE COUNTY OF LUZERNE

## INFORMATION

**APPROVED   MAR 18 1991**

COMMONWEALTH OF PENNSYLVANIA

vs.

Criminal Action No. 3642 of 19 90

DONALD ROBERT FELL

THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE by this information charges that
DONALD ROBERT FELL

on or about the **29th** day of **October** , 19 **90** , in said County,

(1)   did attempt to cause or intentionally, knowingly or recklessly cause bodily injury to Robert Fell.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(1)

(2)   AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did attempt by physical menace to put Robert Fell in fear of imminent serious bodily injury.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(3)

(3)   AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did attempt to cause or intentionally, knowingly or recklessly cause bodily injury to Debbie Fell.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(1)

Continued on page 2

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____
ATTORNEY FOR THE COMMONWEALTH

_____
(Degree of Crime and Maximum Penalty)

NOW, _____, 19____, comes the defendant and pleads not guilty, and with the consent of his attorney and the attorney for the Commonwealth, and the approval of the judge, waives a jury trial and elects to be tried by a judge without a jury.

_____
Defendant

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for Defendant

_____
Attorney for Commonwealth

_____
Judge

NOW, _____, 19____, defendant pleads _____ guilty et de hoc; District Attorney similiter et issue.

_____
Defendant

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for Defendant

Christopher J. Purcell
Prosecutor
Police Department
Jenkins Township, PA
Address

M0991

FELL-00000109



## INFORMATION (Cont'd)

Commonwealth of Pennsylvania

vs.

Criminal Action No. __3642__ of 19 __90__

DONALD ROBERT FELL

(4)     **AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE** further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did attempt by physical menace to put Debbie Fell in fear of imminent serious bodily injury.

SIMPLE ASSAULT, 18 Pa. C.S.A. 2701 (a)(3)

(5)     **AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE** further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did threaten to commit a crime of violence, to wit, Simple assault, with intent to terrorize Debbie Fell.

TERRORISTIC THREATS, 18 Pa. C.S.A. 2706

(6)     **AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE** further charges that DONALD ROBERT FELL on the day and year aforesaid, in said County, did recklessly engage in conduct which placed or may have placed Debbie Fell in danger of death or serious bodily injury by beating her about the head and/or face and/or body with his fist and/or open hand with considerable force.

RECKLESSLY ENDANGERING ANOTHER PERSON, 18 Pa. C.S.A. 2705

SUMMARY OFFENSES:
   Public drunkenness, 18 Pa. C.S.A. 5505
   Disorderly conduct; 18 Pa. C.S.A. 5503 (a)(1) & (a)(4)

page 2

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania

_____
(Degree of Crime and Maximum Penalty)

_____
ATTORNEY FOR THE COMMONWEALTH

M 0992

FELL-00000110

M. MADEIRA
**District Attorney**

C. BENDER
**Court Stenographer**

F. WEDDY PD
**Atty. for Defendant**

Nº 3550

**COURT OF COMMON PLEAS — CRIMINAL DIVISION**
**COUNTY OF LUZERNE**
**THE COMMONWEALTH OF PENNSYLVANIA**
**vs.**

1. Donald Fell

2. _____

3. _____

| Indictments | ☐ Yes ☐ No | Transcripts | ☐ Yes ☐ No | Commitment Issued | ☐ Yes ☐ No |
|---|---|---|---|---|---|

CHARGE Simp Asslt (4cts), Terr Thrts, Reck End 4 Sums    No. 3642    19 90

PLEA guilty    DISPOSITION    DATE 9-23-91

Pay Costs of Prosecution ☐ Yes ☐ No    Pre-Sentence Investigation Requested ☐ Yes ☐ No

Def pleads guilty to sums of public drunk. and dis con.

The following cts. are Nolle prossed
ct 1,2,3,4 Simp Asslt, ct 5 & Terr Thrts, ct 6 Reck End

on 3642/90
   sums. public drunk - fine 300.⁰⁰ + costs
      disorderly conduct - fine 300.⁰⁰ + costs

Fred Magu       Bromiaski, J       JUDGE

ORIGINAL       #53       M0993

FELL-00000111

Luzerne County District Attorney's Office
# PLEA AGREEMENT

COMMONWEALTH VS. *Donald Fell*    NO. *3642* of 19 *90*

Charges listed for trial:

*Simple Assault, terroristic threats, Rec. Eng., Summaries*

The following plea agreement entered into between the Commonwealth of Pennsylvania and the defendant is being recommended to the Court. It is understood that the Court has the right to reject this agreement at which time the defendant may reconsider his guilty plea.

The following represents the entire plea agreement between the Commonwealth of Pennsylvania and the defendant and is to be placed on record:

I am pleading guilty to the following charges: *Public Drunkenness, Disorderly Conduct, Summaries*

The following charges will be dismissed: *Simple Assault, terroristic threats, Rec. Eng.*

The sentence I receive will be: *Fines up to Ct.*

I will pay restitution in the amount of: $ _____ and all costs of prosecution

Special conditions: _____

By signing this agreement, we hereby acknowledge our agreement with the above terms.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

*Tele w/ Prosecutor*
PROSECUTOR

_____
A.D.A.

M 0994

FELL-00000112

**20**

FELL-00000113

Sent By: HP LaserJet 3100;          5702084209;          Jan-26-01 14:47;          Page 2

*106*

# WILKES-BARRE POLICE DEPARTMENT

27C   15 N. WASHINGTON STREET
WILKES-BARRE, PA. 18701

## JAILER'S REPORT          15064

| SURNAME | FIRST | MIDDLE | IRC NO |
|---|---|---|---|
| FELL | Deborah | | E259411 |

| ADDRESS | | | SOC. SEC. NO. |
|---|---|---|---|
| REDACTED - FELL   W.B. | | | REDACTED - FELL   /   81 95 |

| AGE | SEX | RACE | DATE OF BIRTH | NICKNAME |
|---|---|---|---|---|
| 40 | F | W | REDACTED - FELL   54 | |

| PLACE OF BIRTH | ALIAS |
|---|---|
| WILKES-BARRE Pa | |

| MARRIED / SINGLE | DRUNK / SOBER | DATE OF ARREST | TIME | DATE OF CRIME | ON VIEW / WARRANT |
|---|---|---|---|---|---|
| SINGLE | DRUNK | 5-25-94 | 0200 | 5-25-94 | WARRANT |

| HEIGHT | WEIGHT | PLACE OF CRIME | STATE | COUNTY |
|---|---|---|---|---|
| 5 FT. 2 IN. | 160 | WILKES-BARRE | PA | LUZERNE |

| HAIR | EYES | PLACE OF ARREST   Bowman St + | AUTHORITIES |
|---|---|---|---|
| RED | HAZLE | Scott ST. W.B. | W.B. CITY P.P. |

| BUILD | COMPLEXION | CHARGE: |
|---|---|---|
| HEAVY | MED | WARRANT - PUBLIC DRUNK   HARRASSMENT |

| OCCUPATION |
|---|
| UNEmployED |

| SCARS-MARKS-DEFORMITIES | VICTIM | RACE: |
|---|---|---|
| LEFT LOWER ARM D.B.   LEFT HAND CROSS | ADDRESS | |
| | OFFICER   MARINO | UNIFORM / DETECTIVE |

| PRELIMINARY HEARING | DATE | TIME | MAGISTRATE |
|---|---|---|---|
| 2 JUNE 94 MAG. KANE | | 2:00 PM | |

| BAIL. | ROR. |
|---|---|
| | |

JAILER SIGNATURE _____

SUPERVISOR SIGNATURE _____   M393

FELL-00000114

27C    E259411    O2

LCPR-8

| ZONE | ☒ ADULT ☐ JUVENILE | ARREST REPORT | WILKES-BARRE POLICE DEPARTMENT | IBC E259408 |

**1. CHARGE** Public Drunk (War)  **DATE CHARGED** 03/20/94  **4. OFFENSE DATE** 01/29/94  **5. ARRESTING OFFICER'S NAME** Riemensnyder - T. Marino  **BADGE NUMBER** 371-4

**6. OTHER CHARGE** Harassment (War) 3/22/94  **7. LOCATION OF ARREST** 01/14/94 Bowman St. near Kidder St

ONT — OFFENSE TRACKING NUMBER

**8. WHEN ARRESTED** 05/20/94 0203 HOURS  **9. TYPE OF ARREST** ☐ ON VIEW ☒ WARRANT ☐ SUSPICION

**10. NAME OF ACCUSED** Fell Deborah  **11. AGE** 40  **12. RACE** W  **13. SEX** F  **14. ADDRESS** REDACTED - FELL

**15. ALIAS/NICKNAME** Deborah Folland - Deborah Pecco  **16. TELEPHONE**  **17. OCCUPATION** Unemployed.

**18. PLACE OF EMPLOYMENT/SCHOOL**  **19. DATE OF BIRTH** 04/12/54  **20. PLACE OF BIRTH** Wilkes-Barre

**21. HEIGHT** 5'2"  **22. WEIGHT** 160  **23. EYES** Hazel  **24. HAIR** Red  **25. BLOOD TYPE**  **26. MARKS, SCARS, TATOOS** Left Arm DEB  **27. COMPLEXION** Fair

**28. SSN** REDACTED - FELL 8195  **29. FBI NO.** 31339NA8  **30. SID NO.** REDACTED - FELL  **31. POID NO.** 21-4  **32. MILITARY NO.**

**33. VETERANS CLAIM NO.**  **34. OPERATOR PERMIT NO.**  **40. FINGERPRINT CLASSIFICATION**  **35. PHOTO TAKEN** ☐ YES ☐ NO  **NUMBER**

**37. FINGERPRINT CARD TO** ☒ FBI ☒ HRA  **38. INDICATION OF** DRUGS: ☐ YES ☐ NO  ALCOHOL: ☒ YES ☐ NO  **39. DEFENDANT ARMED** ☐ YES ☒ NO  **TYPE WEAPON(S)**

**40. ARTICLES CONFISCATED FROM DEFENDANT?**  **41. PERSONAL ARTICLES RECEIPT GIVEN** ☐ YES ☐ NO  **NUMBER**

| | | | |
|---|---|---|---|
| **42. DEFENDANT VEHICLE IDENTIFICATION** YEAR / MAKE / MODEL / LICENSE NO./ST | DEFENDANT FAMILY CODE FOR BLOCKS 43 – 46: F = FATHER  W = WIFE  B = BROTHER  S = SON  M = MOTHER  S = SISTER  D = DAUGHTER | | |
| **43.** NAME | ADDRESS | PHONE (RESIDENCE/OFFICE) | |
| **45.** | | | |
| **46.** | | | |

**47. NAME/ALIAS/NICKNAME OF ACCOMPLICE**  **48. ADDRESS**

**49. NAME/ALIAS/NICKNAME OF ACCOMPLICE**  **50. ADDRESS**

**51. ATTORNEY NAME**  **TELEPHONE NO.**  **52. RIGHTS READ** ☐ YES ☐ NO  **BY WHOM**

**53. STATUS OF DEFENDANT** ☐ MONEY BOND — AMOUNT $ ___  ☐ DETAINED AT ___  ☐ PROPERTY BOND  ☐ RELEASED  ☐ TURNED OVER TO  ☐ PERSONAL BOND

**ITEM NO.**  **54. CONTINUATION OF ABOVE ITEMS (INDICATE ADDITIONAL INFORMATION.)**

Def. Arrested on 2 Warrants (Public Drunkenness & Harassment) Assisted by Esti Barrett

**55. ADJUDICATION DATE AND TIME:** __/__/__ MO. DA. YR. HOURS

| **56. CHARGE** | **56A. OTH** | **57. MAGISTRATE/DISTRICT COURT** | **58. DATE** | **59. FINAL DISPOSITION** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**60. COMM. CENTER WANT/WARRANT INQUIRY** YES ☐ NO ☐ CANCEL __/__/__ MO. DA. YR. HOURS  **WARRANT NO.** NT0000120-94 NT0000 92

**61. DISTRIBUTION** ☐ CHIEF ☐ DETECTIVE ☐ JUVENILE ☐ NARCOTIC ☐ OTHER



# COMMONWEALTH OF PENNSYLVANIA

## COUNTY OF LUZERNE

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody

(Name):   FELL, DEBBIE
(Address): REDACTED - FELL
WILKES-BARRE, PA 18705

If the defendant be found in said Commonwealth, and bring the defendant before us at MARTIN R. KANE
(Address):   150 S. PENNSYLVANIA AVE.
WILKES-BARRE, PA 18701-3399

to answer the Commonwealth or **WILKES BARRE CITY**
(Political Sub-division)

upon the complaint or citation of **WARDLE, JAMES**
charging the defendant with 18 §5505 §§
**PUBLIC DRUNKENESS**
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this

_____ day of _____, 19___

SEAL
(Signature)

Magisterial District No.: 11-1-02

Citation No.:   A600857
   FILED:   1/29/94
Docket No.:   NT-0000120-94

Amount required to satisfy sentence:
Fine:  $
Costs: $
Other: $
Total: $

Amount needed to satisfy collateral: $   176.00

---

## RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant
25 May 19 94

☒ I took into custody the within named
Debbie Fell

☐ He is now at liberty on bail posted
before _____
_____

☐ in the _____
_____ jail.

☒ before you for disposition.
☐ I accepted a guilty plea and collected
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____
for collateral.

☐ I accepted the fine and costs due in the amount of
$ _____

_____
(Signature of Officer - Name & Title)

## RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

---

# WARRANT OF ARREST

WARRANT CONTROL NO.:
4679493

DOCKET NUMBER:
NT-0000120-94

**COMMONWEALTH OF PENNSYLVANIA**

**VS**

FELL, DEBBIE

OFFENSE DATE   1/29/94

CHARGE

18 §5505 §§

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of

$ _____

_____
(Defendant's Signature)

Officer's costs:
Warrant          _____
Miles @    ¢     _____
Commitments      _____
Miles @    ¢     _____
Conveying to hearing _____

FELL-00000116

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

CR-000001-9 A 600857

DOCKET NUMBER
NT-120-94

DEFENDANT — FIRST NAME  MIDDLE NAME  LAST NAME  STATE  ZIP CODE

DEBBIE     ANN     FELL

STREET ADDRESS     CITY-TWP-BORO-COUNTY

REDACTED - FELL   WILKES-BARRE PA

NATURE OF OFFENSE

PUBLIC DRUNKENNESS
DEFENDANT WAS ON SIDEWALK IN FRONT OF
30 E. CHESTNUT ST. & WAS STAGGERING,
HAD STRONG ODOR OF ALCOHOLIC BEVERAGE ON
HER BREATH. DEFENDANT WAS A THREAT TO

| DATE | TIME | PLACE | COUNTY | CODE |
|---|---|---|---|---|
| 1-29-94 | 2016 | 30 E. CHESTNUT ST. | LUZERNE | 40 |
| DAY | | | CITY/TWP-BORO | CODE |
| SAT | | | WILKES-BARRE | 304 |

STATUTE OR ORDINANCE   MAGISTERIAL DISTRICT NO.

PA. CC    MARTIN R. KANE

SEC.   FINE   ADDRESS
100.00   150 S. PENNA AVE
SUB. SEC.   COSTS
76.00   WILKES-BARRE PA

TOTAL DUE  176.00

RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT
X TOO INTOXICATED TO SIGN

DATE ISSUED
1-29-94

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA C.S. §4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER'S SIGNATURE   BADGE NO.
333-512

STATION ADDRESS
15 N. WASHINGTON ST W B PA

| RACE | SEX | D.O.B. | INCIDENT NO. | UCR CODE (IF APPLICABLE) |
|---|---|---|---|---|
| W | M (F) | REDACTED - FELL 54 | A298448 | |

REMARKS:
HER OWN SAFETY AND THE SAFETY OF
OTHERS

Note: Also charged with Simple
Assault in relation to Same
incident

2/9/94 - Guilty - NLPT

AOPC 407.86     DISTRICT JUSTICE



## COMMONWEALTH OF PENNSYLVANIA

### COUNTY OF LUZERNE

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody DOB: 4/12/54 F
(Name):    FELL, DEB
(Address):   REDACTED - FELL
         WILKES BARRE,, PA 18702

If the defendant be found in said Commonwealth, and bring the defendant before us at MARTIN R. KANE
(Address):   150 S. PENNSYLVANIA AVE.
         WILKES-BARRE, PA 18701-3399

to answer the Commonwealth or **WILKES BARRE CITY**
                                    (Political Subdivision)
upon the complaint or citation of REBO, GERALD
charging the defendant with 18 §2709 §§
HARASSMENT
and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this

_____ day of _____ , 19 ___

SEAL _____
         (Signature)

Magisterial District No.: 11-1-02

Citation No.: A620444
   FILED:     1/21/94
Docket No.: NT-0000097-94

Amount required to satisfy sentence:
   Fine: $
   Costs:$
   Other:$
   Total: $

Amount needed to satisfy collateral: $     176.00

---

### RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant
25 MAY         19 94

☒ I took into custody the within named
Deb Fell

☐ He is now at liberty on bail posted before _____
_____

☐ in the _____
_____ jail.

☒ before you for disposition.

☐ I accepted a guilty plea and collected
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____
for collateral.

☐ I accepted the fine and costs due in the amount of
$ _____
_____
_____
(Signature of Officer - Name & Title)

### RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

---

### WARRANT OF ARREST

WARRANT CONTROL NO.:
   4674687

DOCKET NUMBER:
   NT-0000097-94

COMMONWEALTH OF PENNSYLVANIA

VS

FELL, DEB

OFFENSE DATE    1/14/94

CHARGE

18 §2709 §§

I acknowledge that I am voluntarily and knowingly pleading guilty. I paid to the officer the fine and costs stated in the warrant in the amount of
$ _____

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collateral for my appearance at trial stated in the warrant in the amount of
$ _____

_____
(Defendant's Signature)

Officer's costs:
Warrant         _____
Miles @     ¢   _____
Commitments     _____
Miles @     ¢   _____
Conveying to hearing _____

FELL-00000118

5:01-cr-00012-gwc    Document 304-2    Filed 03/25/11    Page 16 of 53

Sent By: HP LaserJet 3100;                    5702084209;         Jan-26-01 14:50;        Page 7/1!

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

**CITATION No.**
**A620444**

MAGISTERIAL DISTRICT NO. 11-1-02

DOCKET NUMBER **NT-97-94**

DEFENDANT — FIRST NAME: *Deb*   MIDDLE NAME:   LAST NAME: *Fell*

STREET ADDRESS: REDACTED - FELL   CITY-TWP-BORO-COUNTY: Wilkes-Barre   STATE: PA   ZIP CODE:

**OFFENSE**

CHARGE: Harassment

NATURE OF OFFENSE: Defendant knowingly and intentionally struck her 11 yr. old daughter with a backhand which caused a small laceration in the childs lip.

| DATE | TIME | PLACE | COUNTY | CODE |
|------|------|-------|--------|------|
| 01-14-94 | 2134 | 30 E. Chestnut | Luzerne 40 | |
| DAY FRI | | | CITY-TWP-BORO: Wilkes-Barre | CODE 804 |

**VIOLATION**

STATUTE OR ORDINANCE: P.C.C.   MAGISTERIAL DISTRICT NO. 11-1-02

| SEC. | FINE | ADDRESS |
|------|------|---------|
| 2709 | 100.00 | 150 S. Pennsylvania Ave. |
| SUB. SEC. | COSTS |
| | 76.00 |

RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT

TOTAL DUE: 176.00

DATE ISSUED: 01-14-94

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S. 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER SIGNATURE: K. Boyle  G. Rebo  D. Crane   BADGE NO. 494 453 383   CODE

STATION ADDRESS: 15 N. Washington St.

| RACE | SEX | D.O.B. | INCIDENT NO. | UCR CODE (IF APPLICABLE) |
|------|-----|--------|--------------|--------------------------|
| W | M (F) | A-12-54 | A149460 | |

REMARKS: Victim also appeared to be slapped on left side of face causing face to redden.

JAN 21 1994

AOPC 407-86                    DISTRICT JUSTICE

Sent By: HP LaserJet 3100;                5702084209;              Jan-26-01 14:51;              Page 8/1

| 1.Docket Number of Final Issuing Authority | 2.Common Pleas Docket Number | 3.State Identification Number | OTN | E 620483-3 ✓ |
|---|---|---|---|---|
| CR-0000031-94 | | | | |

| 4.Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5.Transferred from Initial Issuing Authority | DISTRICT N |
|---|---|---|---|
| ●TIN R. KANE | 11 1 02 | Ronald W. SWANK | 11 3 |

| DEFENDANT | Name and Address(Last Name First) | | 6.Date of Transfer 02 01 94 | 8. Docket No. of Initial Issuing Authority CR-0000017-94 |
|---|---|---|---|---|
| | FELL. DEBBIE ANN REDACTED - FELL WILKES-BARRE, PA 18705 | 15064 | 9. Affiant Who Signed Complaint (Name and Address) PAUL MIDDLETON WILKES-BARRE POLICE DEPT 15 N. WASHINGTON STREET WILKES-BARRE, PA 18711 | |

| 10. Date of Birth MM DD YY 04 12 54 | 11.Sex F | 12.Race W | 13. Operator License Number | 14.State PA | 15. ORI PA0401300 | 16. OCA | 17. Badge Number/Officer I.D. 304-512 |
|---|---|---|---|---|---|---|---|

| 18. Date of Arrest MM DD YY 01 30 94 | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY 01 30 94 | 20. Summons MM DD YY | Date Issued MM YY | 21. Warrant DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment MM DD YY 01 30 94 | 24. Time 12:50 A | 25. Date Waived to |
|---|---|---|---|---|---|---|---|---|

| B.Prelim.Hear./Sum.Trial 02 09 94 | 27. Address of Preliminary Hearing/Summary Trial 150 S. PENNSYLVANIA AVE., WILKES-BARRE, PA 18701 | 32. Date Set For Preliminary Hearing |
|---|---|---|

| | 28. Description of Charges | Off. Char. | Grading | 29.Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | MM DD YY |
|---|---|---|---|---|---|---|---|
| A | SIMPLE ASSAULT | | | 01 29 94 | CC2701A | DIS | 02 09 94 |
| B | PUBLIC DRUNKENNESS | | S | 01 29 94 | CC5505 | MVHT | |

| 34.Advised of His Right to Apply for Assignment of Counsel? | Yes X | No | 35.Public Defender Requested by the Defendant? | Yes | No X | 36.Application Provided for Appointment of Public Defender? | Yes | No X | 37.In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD Date |
|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN a b | 38. Codefendant(s) Name | 39. OTN c d |
|---|---|---|---|

| 40.Enter 'C' for witness complainant- 'D' for Witness defendant | 41.Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. |
|---|---|---|---|---|

Attorney's Name and Address for:

5. Commonwealth

6. Complainant

| 47. Defendant | FLANNERY ESQUIRE, PATRICK PUBLIC DEFENDER, LUZ. CO. COURTHOUSE ANNEX WILKES BARRE, PA. 18711 | | Private Other X | 48. I.D. No. |
|---|---|---|---|---|

| Date of Decision MM DD YY 02 09 94 | 50. Fines $ .00 | 51. Costs $ .00 | 52. Judgment of Sentence |
|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Type | Ball at Preliminary Arraignment 54.Amount $ 5,000.00 | 55. Date Set MM DD YY 01 30 94 | | 56. Date Ball Post MM DD |
|---|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Type | Current Ball/Ball at Preliminary Hearing 58. Amount $ 5,000.00 | 59. Date Set MM DD YY 01 30 94 | SMITH, MICHAEL. PA | 60. Date Ball Post MM DD YY 01 31 9 |
|---|---|---|---|---|

| If Committed Date 01 30 94 | 62.Code C | 63. Place of Commitment LUZERNE CO CORR FAC | WILKES BARRE | PA |
|---|---|---|---|---|

●PY: DISTRICT JUSTICE

| 64.Date Transcript Sent to Court MM DD YY 02 11 94 |
|---|

Certified this _____ day of _____, 19 ___

Commission Expiration Date

SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

FELL-00000120

# WILKES-BARRE POLICE DEPARTMENT

15 N. WASHINGTON STREET
WILKES-BARRE, PA. 18701

**JAILER'S REPORT**   15,064

08

| SURNAME | FIRST | MIDDLE | IRC NO. |
|---|---|---|---|
| FeLL | Pebbie | ANN | A299448 |

| ADDRESS | | SOC. SEC. NO. |
|---|---|---|
| REDACTED - FELL | WB | REDACTED - FELL 8195 |

| AGE | SEX | RACE | DATE OF BIRTH | NICKNAME |
|---|---|---|---|---|
| 39 | F | W | REDACTED - FELL 54 | |

| PLACE OF BIRTH | ALIAS |
|---|---|
| WB | |

| MARRIED | DRUNK | DATE OF ARREST | TIME | DATE OF CRIME | ON VIEW |
|---|---|---|---|---|---|
| SINGLE | SOBER | 1-29-94 | 2016 | 1-29-94 | WARRANT |

| HEIGHT | WEIGHT | PLACE OF CRIME | STATE | COUNTY |
|---|---|---|---|---|
| 5 FT. 2 IN. | 150 | WB | PA | LuzeRNe |

| HAIR | EYES | PLACE OF ARREST | AUTHORITIES |
|---|---|---|---|
| BLONde | HAzeL | REDACTED - FELL st | |

CHARGE: Simple AssAuLt Public DRunk.

| LO | COMPLEXION |
|---|---|
| Heavy | Ruddy |

OCCUPATION
Labor—

SCARS-MARKS-DEFORMITIES TAttOO
Deb  X  Left ARm

| VICTIM | RACE: |
|---|---|
| ADDRESS | |

OFFICER middLEton

UNIFORM
DETECTIVE

| PRELIMINARY HEARING | DATE | TIME | MAGISTRATE |
|---|---|---|---|

BAIL.          ROR.

JAILER SIGNATURE  Simenkiewicz

SUPERVISOR SIGNATURE  Sgt Schmidt

FELL-00000121

CRIMINAL COMPLAINT  (POLICE)

| | |
|---|---|
| **DISTRICT JUSTICE**<br>MAGISTERIAL DISTRICT NO. 11-1-02<br>Mag. Martin Kane<br>150 S. Penn. Ave.<br>Wilkes-Barre, Pa. 18702 | COMPLAINT NUMBER  YEAR  TYPE  NUM<br><br>Complaint Numbers if Other Participants<br><br>INCIDENT NUMBER  UCR NO.<br>A290 140 |

**COMMONWEALTH OF PENNSYLVANIA**
DEFENDANT:                    VS.

Ptlmn. Paul E. Middleton      &
Ptlmn. James Wardle
*(Name of Affiant)*

NAME
AND
ADDRESS  ~~Debbie Ann Fell~~

of **Wilkes-Barre City Police Dept.**
*(Identify department or agency represented and political subdivision)*

R.S.A.
A K A

to hereby state:

1) ☒  I accuse the above named defendant, who lives at the address set forth above or,
   ☐  I accuse an individual whose name is unknown to me but who is described as _____

   ☐ his nickname or popular designation is unknown to me and, therefore, I have designated him herein as John D
   with violating the penal laws of the Commonwealth of Pennsylvania at___REDACTED - FELL
                              Wilkes-Barre                *(Place-Political Subdivision)*
   _____, in ___Luzerne_____County on or about __29Jan94 at 2010hrs.

   rticipants were *(if there were participants, place their names here, repeating the name of above defendant).*

2)  The acts committed by the accused were: (A) Simple Assault—Whereby the Defendant did knowingly
and intentionally cause injury to another person, one Ellery Wilcox, by striking him
in the face and pushing him to the ground.  This resulted to the victim suffering la-
cerations to his chin nose and left cheek.

l of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembl
in violation of____2701_____and _____A_____of the Act of Pa. Crimes Code
                  *(Section)*              *(Sub-section)*

the_____Ordinance of _____
                                 *(Political Sub-division)*

(3)  I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges
I have made.

(4)  I, verify that the facts set forth in this complaint are true and correct to the best of my knowledge or infor-
mation and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code
(18 Pa. C.S. §4904) relating to unsworn falsification to authorities.

____Jan____29___, 19_94___        Ptlmn. Paul E. Middleton      512
                                   Ptlmn. James Wardle          333
                                   *(Signature of Affiant)*

AND NOW, on this _____, 19____, I certify the complaint has been properly completed and
verified  and that there is probable cause for the issuance of process

# ARREST WARRANT AFFIDAVIT

| COMPLAINT NUMBER | YEAR | TYPE | NUM |
|---|---|---|---|
| Complaint Numbers if Other Participants | | | |

**DISTRICT JUSTICE**
MAGISTERIAL DISTRICT NO. 11-1-2
MARTIN R. KANE
150 S. PENNA AVE
WILKES-BARRE, PA

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| A299448 | | |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LUZERNE

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT:                    VS.

NAME    DEBBIE ANN FELL
AND     REDACTED - FELL
ADDRESS    WILKES-BARRE, PA.

OFFICERS JAMES WARDLE & PAUL MIDDLETON W-B POLICE DEPT    826-8111
(Name of Affiant)    (Police Department or Address of Private Affiant)    (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES:    (see instruc. below)

ON 29 JANUARY 1994 AT 2016 HRS UNDERSIGNED OFFICERS WERE DETAILED TO REDACTED - FELL ON A REPORT OF A DOMESTIC DISTURBANCE IN PROGRESS. UPON ARRIVAL WE WERE MET IN FRONT OF THE HOME BY AN ELLERY WILCOX WHO STATED THAT HE RESIDES WITH THE DEFENDANT, AND WAS INSIDE THE HOME WHEN THE DEFENDANT CAME HOME HIGHLY INTOXICATED. HE INFORMED US THAT A VERBAL CONFRONTATION BEGAN, AND HE ATTEMPTED TO LEAVE THE HOME, AT WHICH TIME THE DEFENDANT BEGAN TO CHARGE AFTER HIM AND HAD TO BE PHYSICALLY HELD BY HER SON. MR. WILCOX STATED THAT HE WENT TO HIS VEHICLE WHICH WAS PARKED ON E. CHESTNUT ST., AND AS HE WAS GETTING INSIDE THE VEHICLE THE DEFENDANT CHARGED FROM THE HOUSE, AND UPON REACHING THE VEHICLE, GRABBED HIM BY THE HAIR, DRUG HIM FROM THE FRONT SEAT OF THE VEHICLE ONTO THE ICE COVERED SIDEWALK WHERE SHE PUNCHED AND SCRATCHED HIS HEAD AND FACE, AND ALSO SMASHED HIS EYE GLASSES. OFFICERS OBSERVED THAT MR. WILCOX WAS CUT & SCRATCHED ABOUT THE FACE, AND PIECES OF VICTIMS GLASSES WERE FOUND ON THE SIDEWALK. DEFENDANTS SON, DONALD FELL W/M 13 CONFIRMED MR WILCOX'S STATEMENTS. DEFENDANT WAS PLACED UNDER ARREST & TRANSPORTED TO POLICE HEADQUARTERS. I VERIFY THAT THE FACTS SET FORTH IN THIS AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE OR INFORMATION AND BELIEF AND WE ASK THAT THIS AFFIDAVIT BE MADE PART OF THE CRIMINAL COMPLAINT FOR SIMPLE ASSAULT.

**PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY**

FELL-00000123

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

CITATION
A 600

DOCKET NUMBER

MAGISTERIAL DISTRICT NO

OFFENDANT   FIRST NAME   MIDDLE NAME   LAST NAME

_DEBBIE   ANN   FELL_

STREET ADDRESS   CITY-TWP-BORO-COUNTY   STATE

REDACTED - FELL   WILKES-BARRE PA

O F F E N S E

NATURE OF OFFENSE

_PUBLIC DRUNKENNESS_

_DEFENDANT WAS ON SIDEWALK IN FRONT_
_30 E. CHESTNUT ST. & WAS STAGGERING,_
_HAD STRONG ODOR OF ALCOHOLIC BEVERAGE_
_HER BREATH. DEFENDANT WAS A THREAT T_

DATE _1-29-94_   TIME _2016_   PLACE   REDACTED - FELL   COUNTY _LUZERNE_

DAY _SAT_   CITY-TWP-BORO _WILKES-BARRE_

V I O L A T I O N

STATUTE OR ORDINANCE _PA. CC_   MAGISTERIAL DISTRICT NO.   _MARTIN P KANE_

SEC.   FINE   ADDRESS _150 S. PENNA AVE_

SUB. SEC.   COSTS   _WILKES-BARRE PA_

TOTAL DUE   RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT

_X TOO INTOXICATED TO SIGN_

DATE ISSUED _1-29-94_

OFFICER'S SIGNATURE

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CODE (18 PA 55 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

BADGE NO. _333-5_

STATION ADDRESS _15 N. WASHINGTON ST W B PA_

RACE _W_   SEX _M (F)_   D.O.B.   REDACTED - FELL   INCIDENT NO. _54 A298448_   UCR CODE (IF APPLICABLE)

REMARKS:

_HER OWN SAFETY AND THE SAFETY OF_
_OTHERS_

_Note: Also charged with simple_
_Assault in relation to same_
_incident_

AOPC 407-86

DISTRICT JUSTICE

**USE BALL POINT --- PRINT & PRESS HARD**

OCA GRAPHICS • West Chester, Pa • 215-793-2775

FELL-00000124

LCPR-8

| ZONE | | | | ARREST REPORT | WILKES-BARRE POLICE DEPARTMENT | | IRC |
|---|---|---|---|---|---|---|---|

**ZONE:** Car 5    ☑ ADULT    ☐ JUVENILE    **IRC:** A29 0448

**CHARGE:** Simple Assault    **DATE CHARGED:** 1/28/94    **4. OFFENSE DATE:** 1/09/94    **5. ARRESTING OFFICER'S NAME:** P. Middleton, J. Wardle    **BADGE NUMBER:** 512, 333

**6. OTHER CHARGES:** Public Drunkenness    **7. LOCATION OF ARREST:** REDACTED - FELL . W-B

**8. WHEN ARRESTED:** 1/09/94  **HOURS:** 2015    **9. TYPE OF ARREST:** ☐ ON VIEW  ☐ WARRANT  ☑ SUSPICION    OTN — OFFENSE TRACKING NUMBER

**10. NAME OF ACCUSED:** Fell, Debbie Ann    **11. AGE:** 39    **12. RACE:** W    **13. SEX:** F    **14. ADDRESS:** REDACTED - FELL

**15. ALIAS/NICKNAME:**    **16. TELEPH:**

**18. PLACE OF EMPLOYMENT/SCHOOL:**    **19. DATE OF BIRTH:** REDACTED - FELL    **MO. DA. YR:** 54    **20. PLACE OF BIRTH:**

**21. HEIGHT:**    **22. WEIGHT:**    **23. EYES:**    **24. HAIR:**    **25. BLOOD TYPE:**    **26. MARKS, SCARS, TATOOS:**    **27. COMPLEXION:**

**28. SSN:** REDACTED - FELL 8195    **29. FBI NO.:**    **30. SID NO.:**    **31. PDID NO.:**    **32. MILITARY NO.:**

**33. VETERANS CLAIM NO.:**    **34. OPERATOR PERMIT NO.:**    **35. FINGERPRINT CLASSIFICATION:**    **36. PHOTO TAKEN:** ☐ YES  ☐ NO    **NUMBER:**

**37. FINGERPRINT CARD TO:** ☐ FBI  ☐ PSP    **38. INDICATION OF:** DRUGS: ☐ YES  ☑ NO    ALCOHOL: ☑ YES  ☐ NO    **39. DEFENDANT ARMED:** ☐ YES  ☒ NO    **TYPE WEAPON(S):**

**40. ARTICLES CONFISCATED FROM DEFENDANT:**    **41. PERSONAL ARTICLES RECEIPT GIVEN:** ☐ YES  ☐ NO    **NUMBER:**

**42. DEFENDANT VEHICLE IDENTIFICATION:**    YEAR    MAKE    MODEL    LICENSE NO./ST

**DEFENDANT FAMILY CODE FOR BLOCKS 43 - 46**
F – FATHER    W – WIFE    B – BROTHER    S – SON
M – MOTHER    S – SISTER    D – DAUGHTER

| 43 | NAME | ADDRESS | PHONE (RESIDENCE/OFFICE) |
|---|---|---|---|
| 44 | | | |
| 46 | | | |

**47. NAME/ALIAS/NICKNAME OF ACCOMPLICE:**    **48. ADDRESS:**

**49. NAME/ALIAS/NICKNAME OF ACCOMPLICE:**    **50. ADDRESS:**

**51. ATTORNEY NAME:**    **TELEPHONE NO.:**    **52. RIGHTS READ:** ☐ YES  ☐ NO    **BY WHOM:**

**53. STATUS OF DEFENDANT:** ☐ DETAINED AT ___    ☐ RELEASED    ☐ PERSONAL BOND    ☐ MONEY BOND — AMOUNT $ ___    ☐ PROPERTY BOND    ☐ TURNED OVER TO

**ITEM NO.**    **54. CONTINUATION OF ABOVE ITEMS (INDICATE ADDITIONAL INFORMATION.)**

*See Accompanying Offense Report
Note Defendant did have a small cut on upper lip upon arrival at scen

**55. ADJUDICATION   DATE AND TIME:** __/__/__   HOURS

| 56. CHARGE | 56A. OTN | 57. MAGISTRATE/DISTRICT COURT | 58. DATE | 59. FINAL DISPOSITION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**60. COMM. CENTER WANT/WARRANT INQUIRY:** ☐ YES  ☐ NO    ☐ CANCEL    **MO. DA. YR. HOURS** __/__/__    **WARRANT NO.:**

**61. DISTRIBUTION:** ☐ CHIEF    ☐ DETECTIVE    ☐ JUVENILE    ☐ NARCOTICS    ☐ OTHER

**OFFENSE REPORT**

04

...ANO ...CTK... ...ION    PTY ...ATT... ...DTC...
45 SOF 45    TPC...PRP...DE...DT

WILKES-BARRE POLICE DEPT    2. IRC  A279448

5. TYPE OF PREMISE: Double Block

7. WHEN DISCOVERED: 1/29/84  2010  MO. DA. YR.  HOURS

**8. METHOD OF CRIME (ATTACK):** Victim struck about the face

**10. MEANS OF CRIME (ATTACK), WEAPONS OR TOOLS USED:** Manually

11. LATENT FINGERPRINTS TAKEN: ☐ YES ☒ NO
12. PHOTOGRAPH TAKEN: ☐ YES ☒ NO NUMBER:
13. METHOD OF ESCAPE:
14. EVIDENCE LEFT BEHIND:

15. VICTIM: Wilcox, Ellen  16. AGE: 46  17. RACE: W  18. SEX: M  19A. ADDRESS: 30 E Chestnut St

20. PHONE (RESIDENCE/OFFICE): 824-5842
21. JUVENILE: ☐ YES ☒ NO
22. DATE OF BIRTH: REDACTED - FELL 47  MO. DA. YR.
23. INDICATION OF — DRUGS: ☐ YES ☒ NO    ALCOHOL: ☒ YES ☐ NO

24. OCCUPATION (EMPLOYER/SCHOOL): Disabled
25. INJURY: Lacerations on Face
26. HOSPITALIZED/TREATED AT: ☐ YES ☒ NO

27. NAME OF COMPLAINANT (IF NOT VICTIM):
28. AGE  29. RACE  30. SEX  31. ADDRESS

32. PHONE (RESIDENCE/OFFICE):
33. JUVENILE: ☐ YES ☐ NO
34. DATE OF BIRTH: / / MO. DA. YR.
35. INDICATION OF — DRUGS: ☐ YES ☐ NO    ALCOHOL: ☐ YES ☐ NO

36. OCCUPATION (EMPLOYER/SCHOOL):
37. CODE FOR BLOCK 38:  W = WITNESS    P = PARENT    G = GUARDIAN

38. W Fell, Donald  40. AGE: 13  41. RACE: W  42. SEX: M  43. ADDRESS: 30 E Chestnut St

44. PHONE (RESIDENCE/OFFICE): 824-5842
45. JUVENILE: ☒ YES ☐ NO
46. OCCUPATION: Student
47. INDICATION OF — DRUGS: ☐ YES ☒ NO    ALCOHOL: ☐ YES ☒ NO

REDACTED - FELL  30 E Chestnut St

SSW    REDACTED - FELL  8/85

54. OCCUPATION:
55. PHONE (RESIDENCE/OFFICE):

56. DATE OF BIRTH: REDACTED - FELL 54  MO. DA. YR.
57. JUVENILE: ☐ YES ☒ NO
58. RELATIONSHIP TO VICTIM OR OWNER: Co-Habitator (Landlord)
59. HEIGHT  60. WEIGHT  61. COLOR EYES  62. COLOR HAIR  63. COMP.

64. CLOTHING WORN:
65. SCARS, MARKS, TATOOS:
66. WANT/WARRANT ON FILE: ☐ YES ☐ NO
67. ARRESTED: ☐ YES ☐ NO

68. KNOWN HAUNTS:
69. KNOWN ASSOCIATES:

70. IF JUVENILE INVOLVED AS WITNESS, VICTIM, COMPLAINANT, SUSPECT — PARENT OR GUARDIAN NOTIFIED? ☐ YES ☐ NO  TIME:  MO. DA. YR. / /  BY WHOM:

71. IF VEHICLE WAS INVOLVED IN CRIME: ☐ STOLEN ☐ RECOVERED ☐ USED IN CRIME ☐ OTHER (EXPLAIN)

**72. NARRATIVE: CONTINUATION OF ABOVE ITEMS**
DESCRIBE OTHER WITNESSES OR SUSPECTS, EVIDENCE, PROPERTY DISPOSITION, INCIDENT.

At above time and location victim states an argument took place with the suspect over ownership of a car stereo. The victim states he was struck about face and pushed to the Ground. The victim had several lacerations on his face. The witness observed suspect Grab victim and push him to Ground. The Suspect was arrested for Simple Assault, Under Domestic Violen exception

74. NOTIFIED BY
75. WHEN NOTIFIED  MO. DA. YR.  HOURS
76. MESS. NO.
77. CANCELLED BY
78. WHEN CANCELLED  MO. DA. YR.  HOURS

79. DISTRIBUTION: ☐ CHIEF ☐ DETECTIVE ☐ JUVENILE ☐ NARCOTICS ☐ OTHER (EXPLAIN)

80. INCIDENT STATUS: ☐ OPEN ☐ INACTIVE  DATE

FELL-00000126

15064

## Commonwealth of Pennsylvania
### CITATION
(NON-TRAFFIC)

CITATION No.
**A** 552296

DOCKET NUMBER

MAGISTERIAL DISTRICT NO. 11-1-02

DEFENDANT — FIRST NAME: Debbie
MIDDLE NAME
LAST NAME: Fell

STREET ADDRESS: REDACTED - FELL

BORO-COUNTY: Wilkes Barre    STATE: Pa    ZIP CODE

NATURE OF OFFENSE: Public Drunkenness.
Defendant did appear in a public place
manifestly under the influence of alcohol
to the degree that she was a danger to
herself, others, or property.

DATE: Sept 91    TIME: 1337    PLACE: REDACTED - FELL
COUNTY: Luzerne    CODE: 40
DAY: SAT    CITY-TWP-BORO: Wilkes Barre    CODE: 304

STATUTE OR ORDINANCE: PA Crimes Code
MAGISTERIAL DISTRICT NO. 11-1-02
SEC: 5505    FINE: 300.00
ADDRESS: 150 S. Penna Blvd.
SUB. SEC.    COSTS: 50.00
TOTAL DUE: 350.00

RECEIPT OF CITATION IS ACKNOWLEDGED—SIGNATURE OF DEFENDANT
(X) Debbie Fell

DATE ISSUED: 21 Sept 91

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 P.A.C.S. 4904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER'S SIGNATURE: B.D. Perkins B. Victor    BADGE NO: 487/046    CODE

STATION ADDRESS: 15 N. Washington St.

RACE: Cau    SEX: M F    D.O.B.    REDACTED - FELL
AGE: 54    INCIDENT NO: 21 Sept 91 18666    UCR CODE (IF APPLICABLE)

REMARKS: RELEASED TO THE CARE OF
DEFENDANTS MOTHER, THERESA SHARPE
(X) Theresa Sharpe

AOPC 407-86    DISTRICT JUSTICE

## USE BALL POINT --- PRINT & PRESS HARD

Sent By: HP LaserJet 3100;          5702084209;          Jan-26-01 15:05;          Page 1

**Commonwealth of Pennsylvania**
**CITATION**
(NON-TRAFFIC)

**CITATION No.**
**A 552297**

DOCKET NUMBER

MAGISTERIAL DISTRICT NO. 11-1-02

| DEFENDANT FIRST NAME | MIDDLE NAME | LAST NAME |
|---|---|---|
| Debbie | | Fell |

REDACTED - FELL

BORO-COUNTY: Wilkes-Barre   STATE: Pa   ZIP CODE:

**OFFENSE**

NATURE OF OFFENSE: Disorderly Conduct

Defendant did cause public inconvenience annoyance or alarm by fighting with officers when they attempted to arrest her boyfriend

| DATE | TIME | PLACE | COUNTY | CODE |
|---|---|---|---|---|
| 21 Sept 91 | | REDACTED - FELL | Luzerne | 40 |
| DAY: SAT | 1337 | St. | CITY-TWP-BORO: Wilkes Barre | CODE: 304 |

**VIOLATION**

| STATUTE OR ORDINANCE: PA Crime Code | MAGISTERIAL DISTRICT NO. 11-1-02 |
|---|---|
| SEC. 5503 | FINE 30 00 | ADDRESS 150 S. Penna Blvd |
| SUB. SEC. (a)(1) | COSTS 5 00 | |
| TOTAL DUE 35 00 | RECEIPT OF CITATION IS ACKNOWLEDGED-SIGNATURE OF DEFENDANT (X) Debbie Fell |

DATE ISSUED: 21 Sept 91

I VERIFY THAT THE FACTS SET FORTH IN THIS CITATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.E. 84904) RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.

OFFICER'S SIGNATURE: Ronald Feiler   B. Victor   BADGE NO. 487/246

STATION ADDRESS: 15 N. Washington St   CODE

| RACE: Cau | SEX: M (F) | D.O.B. REDACTED - FELL 54 | INCIDENT NO. 21 Sept 91 1186456 | UCR CODE (IF APPLICABLE) |

REMARKS:

AOPC 407.86         DISTRICT JUSTICE

## USE BALL POINT --- PRINT & PRESS HARD

CCA GRAPHICS

FELL-00000128

**21**

FELL-00000129

ARREST WARRANT AFFIDAVIT

Joseph Keating
DISTRICT JUSTICE
MAGISTERIAL DISTRICT NO. 11-1-04
35 Broad St Pittston Pa 18640

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| | 1991 | C-135 | |
| Complaint Numbers If Other Participants | | | |

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| | | C701041-5 |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___Luzerne___

COMMONWEALTH OF PENNSYLVANIA
DEFENDANT:                    VS.

NAME ┌ Deborah A. Fell
AND        REDACTED - FELL              DOB 04/12/54
ADDRESS Pittston PA 18640

Ptlm James Sulima          Pittston City Police Dept          717 654-2424

(Name of Affiant)          (Police Department or Address of Private Affiant)          (Telephone Number)

being duly sworn (or affirmed) before me, according to law, deposes and says that there is probable cause to believe that:

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES: (see instruc. below)

On July 17,1991 at approximately 3:55 Pm Police were dispatched to a hit and run accident that occurred on REDACTED - FELL in Pittston. Police arrived on the scene and noticed that a vehicles rear was smashed with traces of green paint on it. Witnesses at the scene also stated that the vehicle that left the scene was a green A.M.C. Gremlin ,also at the scene was a large amount of anti-freeze that was left by the hit and run vehicle, witnesses also stated that a female was driving with a heavy set built, also the green gremlin had a yellow stripe on it.

At approximately 4:20 Pm on July 17,1991 on patrol looking for the hit and run vehicle, affiant spotted a green gremlin with a yellow stripe on it at the intersection of Mill and Searle St in Pittston. Officer then pulled the vehicle over and saw that the front end was damaged and it was leaking anti-freeze and the radiator was damaged. Officer then asked for her driver's license and owner's card, affiant then noticed glossy blood shot eyes, slurred speech and a strong odor of an alcholic beverage coming from her breath. She then submitted to field sobriety tests which she failed ,she was then transported to W.B.G. H. When the above was put into the Police car she wanted her purse from her vehicle,officer got her purse for her and sticking out was a bottle of Sambuca Liquor that was half full.

At the hospital she submitted to a Blood alcohol test,which was withdrawn by a technician and given to affiant who transported the blood to P.S.P to be analysed.

I believe all the above to be true and correct to the best of my knowledge. I also believe that the above was incapable of operating her vehicle safely.

---

## PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY

1. If information was obtained from another person, e.g., an informant, a private citizen, or a fellow law officer, state specifically what information was received, and how and when such information was obtained. State also the factual basis for believing such other person to be reliable.

2. If surveillance was made, state what information was obtained by such surveillance, by state date, time and place of such surveillance.

3. State other pertinent facts within personal knowledge of affiant.

M1001

FELL-00000130

# IN THE COURT OF COMMON PLEAS OF THE COUNTY OF LUZERNE
## INFORMATION
APPROVED   NOV 06 1991

COMMONWEALTH OF PENNSYLVANIA

15        vs.        7/29/92

DEBORAH A. FELL

Criminal Action No. 2478 of 19 91

THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE by this information charges that

DEBORAH A. FELL

on or about the __17th__ day of __July__, 19 __91__, in said County,
(1) did drive, operate or be in actual physical control of a   AMC Gremlin motor vehicle
at REDACTED - FELL Pittston,
while under the influence of alcohol to a degree which renders the person incapable of safe driving.

DRIVING UNDER INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE, 75 Pa.C.S.A. 3731 (a) (1)

(2)        AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that
DEBORAH A. FELL        on the day and the year aforesaid, in said County,
did drive, operate or be in actual physical control of a  AMC Gremlin motor vehicle
at REDACTED - FELL Pittston,
while the amount of alcohol by weight in the blood of the said   DEBORAH A. FELL
was 0.10% or greater.

DRIVING UNDER INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE, 75 Pa.C.S.A. 3731 (a) (4)


SUMMARY OFFENSES
   Accidents involving damage to unattended vehicle or property,
   75 Pa. C.S.A. 3745
   Operation of vehicle without official certificate of inspection,
   75 Pa. C.S.A. 4703

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

_____
ATTORNEY FOR THE COMMONWEALTH

(Degree of Crime and Maximum Penalty)

NOW, _____, 19____, comes the
defendant and pleads not guilty, and with the consent of
his attorney and the attorney for the Commonwealth, and
the approval of the judge, waives a jury trial and elects to
be tried by a judge without a jury.

_____ Defendant

_____ Defendant

_____ Attorney for Defendant

_____ Attorney for Defendant

_____ Attorney for Commonwealth

_____ Judge

NOW, _____, 19____, defendant
pleads _____ guilty et de hoc; District
Attorney similiter, et issue.

_____ Defendant

_____ Defendant

_____ Attorney for Defendant

_____ Attorney for Defendant

James Sulima
Prosecutor

Police Department
Address

Pittston, PA

M1004

FELL-00000131

N. O'DONNELL
District Attorney

C. BELORE
Court Stenographer

J. SARDOCITO (PO)
Atty. for Defendant

Nº 5104

**COURT OF COMMON PLEAS — CRIMINAL DIVISION**
**COUNTY OF LUZERNE**
**THE COMMONWEALTH OF PENNSYLVANIA**
**vs.**

1.  DEBORAH A. FELL

2.

3.

| Indictments | ☐ Yes | ☐ No | Transcripts | ☐ Yes | ☐ No | Commitment Issued | ☐ Yes | ☐ No |

| CHARGE | DUI (2cts.) | | | No. 2478 | 19 91 |
| PLEA | GUILTY | DISPOSITION | | DATE | May 11, 1992 |
| Pay Costs of Prosecution | ☐ Yes | ☐ No | | Pre-Sentence Investigation Requested | ☐ Yes | ☐ No |

— DEF. PLEADS GUILTY TO DUI (2cts.) OF 2478/91

— DEF. SENT. TO LCCF 48 HRS - 1 YR. ON DUI OF 2478/91

   — PAY COSTS
   — $300 FINE
   — EVAL. & TREAT. CAP
   — CREDIT FOR 24 HRS.
   — APPEAR TO SERVE BAL. OF MINIMUM FRI. 5/15/92 6:00 PM
     TO SERVE REMAINING 24 HRS.
   — REFRAIN FROM ALCOHOL PUBLICLY OR PRIVATELY
   — REST. BAC
   — REST. FOR DAMAGES $2,438.00 TO BE PAID
     ON SCHEDULE DETERMINED BY LCAPPO

        — RT. TO APPEAL 30 DAYS
        — RT. TO MODIFY 10 DAYS

FRANK DeSANTO

CAPPELLINI, J.    JUDGE

#59

WHITE - ORIGINAL    YELLOW - DISTRICT ATTORNEY'S OFFICE    PINK - ADULT PROBATION OFFICE    GOLDENROD - WI

M1005

FELL-00000132

COMMONWEALTH OF PENNSYLVANIA       :        IN THE COURT OF COMMON PLEAS

VS. ·                              :        OF LUZERNE COUNTY - CRIMINAL

Deborah A. Fell                    :        NO. 2478 of 1994.

NOW, this ___19th___ day of ___August___, 19_94_, it appearing to the court that the defendant failed to appear for ___Contempt Hearing___ and the record reflects proper service, upon motion of the District Attorney, Court awards Capias non omittas for the defendant.

BY THE COURT,

_Coppellini_ J.

TO CLERK OF COURTS:

Court of Common Pleas of Luzerne County

Issue Capias non omittas for the above defendant.

94 AUG 19 PM 3: 46

LUZERNE COUNTY
CRIMINAL DIVISION
CLERK OF COURT

District  Attorney

M1009

FELL-00000133

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                              :     OF LUZERNE COUNTY
              vs.             :         CRIMINAL
                              :
DEBORAH FELL                  :   NO. 2478 of 1991

### BENCH WARRANT

NOW, this **2-2** day of June, 1995, at **2 : 00** o'clock **P** M., after review of memorandum dated June 21, 1995, from the Luzerne County Adult Probation & Parole Department, a Bench Warrant is hereby issued authorizing and directing the arrest and detention of Defendant, Deborah Fell, in accordance with law.

                              BY THE COURT,

                              _Cappellini_
                                                    J.

District Attorney's Office
Public Defender's Office
Court Administrator
Sheriff's Office
Warden Fischi, LCCF
Thomas Pepperling, AP&P

M1011

**22**

FELL-00000135

First Hospital Wyoming Valley

148 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7600

## DISCHARGE SUMMARY

Page 1

| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

| 04-30-80 | 09-30-91 | 10-30-91 |
|----------|----------|----------|
| BIRTH DATE | ADMISSION DATE | DISCHARGE DATE |

**ADMISSION DIAGNOSIS:**

AXIS        I:   Conduct disorder, undifferentiated

AXIS       II:   No diagnosis

AXIS      III:   No diagnosis

**DISCHARGE DIAGNOSIS:**

AXIS        I:   Conduct disorder, undifferentiated type 312.90

AXIS       II:   No diagnosis V71.09

AXIS      III:   No diagnosis 799.9

**DISCHARGE TYPE:** Regular.

**DISCHARGE MEDICATIONS:** None.

**INITIAL ASSESSMENT:** The patient was an 11-year-old boy 6th grade student, referred by the Children's Service Center for his first admission on a voluntary basis. He came in with a chief complaint of ongoing behavioral problems of a severe nature. He refused to accept rules in the home. His mother stated that despite her admonishments he would smoke, refuse to his homework and was in trouble at school. He had been aggressive and oppositional at school. He had been also increasingly aggressive toward his mother and readily admitted that at the time he came for admission that he hit his mother. He tends to be worse in the morning. He often throws things about the house in a destructive manner and he had thrown darts at his mother and her boyfriend. Mother had expressed fears at the time that he was admitted that this was dangerous. This 11-year-old boy had been presenting with ongoing behavioral problems. He was reported to have done well for two years at the Pittston Area School and subsequently was moved to the Wilkes-Barre Area School. Since that time he had increasing severe behavior problems and over the past year prior to his admission these have become much worse. Given that

6/89

M97    202NS0

FELL-00000136

Page 2
DISCHARGE SUMMARY (CONT'D)    FELL, Donald #7483

he had engaged in throwing things at his mother she was very
fearful. Mother had divorced his natural father because
according to the boy his natural father was "mean". Before the
admission the boy had been living at home with his mother and
sister and the mother's boyfriend. The patient reported that
his mother's boyfriend is not mean but the boy sometimes
oppositional defiant to this man nonetheless and he would
frequently threaten to run away from school and home. He had
run away in the past and his mother had made serious attempts
to discipline him. He also admitted that prior to his
admission from time to time he had played with matches in the
home but did not elaborate. His mother stated that he had
actually set fires and she is fearful. He had been receiving
outpatient evaluation at Children's Service Center during the
year. They recommended hospitalization because they felt that
he had now a significant risk of being involved in somewhat
dangerous behaviors. On admission the patient was alert,
clean, age appropriately dressed, showed no unusual mannerisms.
Eye contact was normal and he spoke slowly but spontaneously.
For the most part he was coherent and relevant. He felt sad
and angry about coming into the hospital. He looked angry. He
did not show any evidence of formal thought disorder. He was
intelligent enough to understand the exchanges of the
interview. He denied any suicidal or homicidal intention. He
was oriented to person, place, time and situation. His memory
recent and remote were intact. His judgement during the
interview was fair. The behaviors reported in the recent past
which he admitted to occurred during times when his judgement
was impaired during high affect state. The patient's assets
were that he was young. He enjoyed reasonably good physical
health. He appeared to have normal intelligence. He had a
concerned mother seeking help and that she intended to be
involved in his treatment while in the hospital.

PHYSICAL ASSESSMENT:  On admission the patient had a history
and physical examination. His allergies were negative. His
immunizations were up to date. He had chicken pox at 8 years
of age and his review of systems was unremarkable. Impression
on admission revealed a physically healthy male child and
laboratory studies showed a hematology cell profile
unremarkable for his age. There was a mild lowering of his
hematocrit and the patient was diagnosed as having iron
deficiency anemia and treated with oral iron supplements. This
was of a mild nature. His hematocrit being 35.1 when the usual
lower range is 40. His serum chemistry was unremarkable. His
urinalysis was unremarkable. His thyroid functions all within
the normal range. VDRL was nonreactive. He had a serum iron
of 61 and iron binding of 341 which indicated that at the time
this condition was very mild. A throat swab showed only normal
oral flora. Given that the patient's iron studies came in in
the normal range; serum iron was 61 with a normal range is 45

FELL-00000137

Forest Hospital Wyoming Valley

149 DANA ST. WILKES-BARRE, PA 18702 • (717) 823-7000

## DISCHARGE SUMMARY

### CONTINUED

### Page 3

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

to 218 and iron binding was 341 with a normal range of 251 to 577. It was decided that a formal diagnosis of iron deficiency anemia would not be established.

PSYCHOLOGICAL TESTING: While in the hospital the patient had the Wechsler Intelligence Scale for Children-Revised, the House-Tree-Person test, the Piers-Harris Children's Self-Concept Scale, Robert's Apperception Test for Children and the Children's Sentence Completion Test. The testing revealed his intellectual functioning was within the average range. There was a relative weakness in verbal comprehension and long term memory for factual information. Strengths were seen in short term auditory memory. Testing in general was not indicating an underlying thought disorder or gross affective disturbances. There were indications of some degree of depression, anxiety which were considered to be mild. In general the patient portrayed an image of self-confidence in terms of his own self-descriptions which clinically were not compatible with his performance in every day life. In contrast there appeared to be some degree of subjective distress stemming from his inability to tolerate limit setting at home and concerns with peer relations in general. Denial appears to be a primary defense and this reinforces his avoidance of approaching his current difficulties in an effective fashion. His motivation seemed to yield toward being able to effect early discharge and the testing was compatible with elements of conduct disorder.

Problem #1: Thinking disturbances characterized by impaired judgement. The patient had impaired judgement on the basis of his lack of self-confidence and high anxiety levels. This showed some amelioration as a result of the treatment individually, group and family. This needs to be continued to be treated on an outpatient basis.

Problem #2: Mood disturbance characterized by hostility, anxiety and lability. The patient showed hostility to his mother and his mother's boyfriend. On the other hand while in the hospital his mother's boyfriend suffered a serious injury in a motor vehicle accident. At that point the boy's anxiety was high. He then admitted that he did have some caring for this man even though he had expressed ambivalence toward him prior to admission. The patient seemed to be more mature about accepting the fact that his mother had a relationship with this man and seemed to want to be able to visit him after he was discharged as the man was hospitalized. The patient's mood lability showed good response to treatment as his mood became much more stable over time.

6/89

202NS021

FELL-00000138

004

Page 4
DISCHARGE SUMMARY (CONT'D)    FELL, Donald   #7483

However, these improvements were with vigorous active treatment
of a multimodal sort and therefore had to be monitored for
avoidance of aggression post discharge.

Problem #3:  Behavioral problems, assaultive, combative,
destructive, oppositional, defiant, impulsive and running away
behaviors.  All of these were seen prior to admission.  We saw
derivatives of assaultive and combative behaviors, the patient
being angry and often would be threatening to his peers who we
experienced as threats to him.  Any destructive behaviors were
minor that might have been to abuse of some of the hospital
property but never entered into major destructive issues.  Much
oppositional defiant behavior was demonstrated by the patient
during hospitalization although he became more attractable as
treatment continued and had reached an improved level of
attractability at the time of discharge.  This problem was not
resolved completely because we feel the child was still
vulnerable to recidivism in this area under stress. Impulsivity
and running away behavior.  The patient was able to refrain
from such behaviors and showed good remission of these so that
at the time of his discharge we felt that we did not foresee
that these problems would be a major issue since he had not
attempted any run away behaviors.  His impulsivity was reduced
still existent but less intense and less frequent and was more
manageable.  We don't know whether or not he might run away
under severe stress post discharge so this is a problem that
needs to continue to be monitored.

Problem #4:  Miscellaneous problem, inability to communicate
and relate well.  The patient made major strives in this area
as a result of individual, group therapy and milieu therapy
influences. Problem 4b was school with poor adjustment which
remained a problem for the patient because of his inability to
get along with peers well.  This remained a major focus of
treatment that will need to be addressed post discharge.
Problem 4c was parent-child problems.  There was a significant
improvement here with the patient becoming more accepting of
his mother's relationship with her boyfriend and more accepting
of the fact that he could not control her behaviors and that he
had to accept her authority in the home. Problem 4d was
identified on 10/9/91 that the patient had been a victim of
sexual abuse.  Since this was a historical fact treatment was
geared toward helping the boy thought about it and master it.
He had made some progress on this at the time of discharge and
this needs to be followed post discharge to help him master
this and put it behind him.

Problem #5:  Discharge planning was effective when it was felt
that the patient had improved sufficiently so that he can be
managed on an outpatient basis.

This information has been disclosed to you from records whose confidentiality is protected by state and federal law. Regulations prohibit you from making any further disclosure of this information without specific written consent of the person (or his/her authorized representative) to whom it pertains, or as otherwise permitted by said regulations. A general authorization for the release of this information is not sufficient.

005

**DISCHARGE SUMMARY**

**CONTINUED**

**Page 5**

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

**DISCHARGE INFORMATION:** The patient was discharged to his biological mother to return to live at home in Wilkes-Barre, PA. At the time of discharge the patient denied any suicidal or homicidal thoughts. The patient had no physical complaints. He had no known dietary restrictions and he could exercise as tolerated. The patient and his mother agreed to our post discharge plans for him to be seen at the Children's Service Center and an appointment was arranged for 3:00 p.m. on 10/31/91 with Jean Viglione for his intake and further processing.

**Prognosis:** Considered to be good if there is good compliance on the part of the patient and his mother. Adequate post discharge treatment as we have recommended.

Anthony T. Denaro, M.D.

ATD:lf
Dict: 11-5-91
Trans: 11-6-91

6/89

202NS021

FELL-00000140

**23**

First Hospital Wyoming Valley

149 DANA ST. WILKES-BARRE. PA 18702 • (717) 829-7900

**PSYCHIATRIC ASSESSMENT**

**Page 1**

Admission Date:   09-30-91

Patient Name   **FELL,  Donald R.**

Patient No.   **7483**

Program   **CHILD**

OO

**IDENTIFYING INFORMATION:**  The patient is an 11-year-old male, sixth grade student, who was referred by the Children's Service Center for his first admission on a 201 procedure.

**CHIEF COMPLAINT:**  This patient comes in with ongoing behavioral problems of severe nature.  He refuses to accept any rules in the home.  His mother states he has been smoking, refuses to do his homework.  He has had trouble at school.  He has been aggressive and oppositional at school.  He was doing poorly in the Wilkes-Barre School District currently after having done well in the past in the Pittston School District in the last two years.  He has been increasingly aggressive towards his mother and readily admits that he hits his mother.  He tends to be worse in the morning.  He would throw things at home in a destructive manner. He has thrown darts at his mother and her boyfriend.  Mother has expressed fear of him as a result of that.

**HISTORY OF PRESENTING PROBLEM:**   This 11-year-old boy comes with ongoing behavioral problems.  Reportedly had done well for two years at the Pittston Area School and then was moved to the Wilkes-Barre Area School.  He has been having increasingly severe behavioral problems over the last few years worsening very recently.  Mother reports that he has been smoking and drinking and he has been physically aggressive with her.  He has made her fearful because he is throwing darts at her.   Mother has divorced his natural father because according to the boy his natural father was mean.  Before the admission he was living at home with his mother and his sister and his mother's boyfriend. He tells me that his mother's boyfriend is not mean but the mother has reported that the boy is oppositional and defiant to this man and he frequently threatens to run away from school and from home.  He does run away from home whenever his mother attempts to discipline him.  He admits that he plays with matches in the home.  Mother states that he set fires.  She is fearful. Given these behaviors and the fact that at times she reports that he has thrown darts at her and her boyfriend.  The patient states he never sees his natural father and doesn't want to.

**PAST PSYCHIATRIC HISTORY:**  Involves an outpatient evaluation at the Children's Service Center this year.  They recommended hospitalization due to the significant risk being he is involved in the current presenting problems.

**PAST MEDICAL HISTORY:**  The patient has enjoyed reasonably good physical health.  He had chickenpox at eight years of age.

202NS014
8/89

MI02

FELL-00000142

007

Page 2
PSYCHIATRIC ASSESSMENT (CONT'D)                FELL, Donald R.    #7483

Mother reports that early development was that he walked at nine
months. He was toilet trained and bowel trained and bladder
trained at 20 months. He spoke full sentences by ten months,
according to his mother. He has not needed to be on any medicine
and has been on no medicine recently, according to his mother.
He has no problems with vision or hearing. No recent significant
gain or loss of weight. Does not report any known sleep problem.
The patient admits that he smokes cigarettes but denies that he
drinks alcohol.

MENTAL STATUS EXAMINATION: The patient is alert and clean, age
appropriately dressed. No unusual mannerisms. Eye contact
normal. Spontaneous, slow speech. Coherent, relevant. Seems
angry about being in the hospital. He looks angry. There is no
evidence of a thought disorder on initial interview. He appears
to be intelligent enough to understand the exchange of the
interview. He denied that he has any suicidal or homicidal
intention. He was oriented to person, place, time and situation.
Memory, recent and remote, intact. His judgment during the
interview was fair. It appears that from the behaviors reported
in the recent past his judgment may be impaired at times during
high affect states.

PATIENT'S ASSETS: The patient's assets are that he is young,
enjoys reasonably good physical health. He appears to have
normal intelligence. He has a concerned mother seeking help for
him appropriately and intends to be involved in his treatment
while in the hospital.

ADMISSION DIAGNOSIS:

AXIS    I:  Conduct disorder, undifferentiated

AXIS   II:  No diagnosis

AXIS  III:  No diagnosis

TREATMENT PLAN:

1.  Admit to Children's Unit for protection, evaluation and
    treatment.

2.  Regular hospital visits by psychiatrist.

3.  Social Service evaluation.

4.  Family evaluation.

5.  Individual therapy.

6.  Prescribed group therapy.

FELL-00000143

008

First Hospital Wyoming Valley

149 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7900

**PSYCHIATRIC ASSESSMENT**

**CONTINUED**

**Page 3**

| | |
|---|---|
| Patient Name | FELL, Donald R. |
| Patient No. | 7483 |
| Program | CHILD |

7.  Assessment of physical health needs.

8.  Pharmacological treatment if indicated.

9.  Family counseling.

10. Disposition planning.

Anthony T. Denaro, M.D.

ATD:amj
Dict:    09-30-91
Trans:   09-30-91

202NS014
8/89

FELL-00000144

**24**

FELL-00000145

First Hospital Wyoming Valley

140 DANA ST. WILKES-BARRE, PA 18702 • (717) 829-7000

## PSYCHOLOGICAL EVALUATION

### Page 1

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

**BACKGROUND:**

This 11-year-old white male was admitted to First Hospital Wyoming Valley from Children's Service Center. He has apparently displayed increasingly aggressive behavior, has assaulted his mother and has refused to follow the rules of the home. He has developed difficulties in school, has been oppositional with teachers and has displayed a decrease in school performance. Additionally there is some information about his beginning to smoke and also drink. There does appear to be a brief history of sexual molestation at age 4 but the patient denies this.

The current adjustment to the hospital has been characterized by moderate behavior problems, confrontations with peers and a somewhat argumentative demeanor. There appeared to be some indications of limit testing but he does appear to respond to redirection.

**DATES TESTED:** 10/8/91 and 10/9/91.

**TESTS ADMINISTERED:**

The Wechsler Intelligence Scale for Children-Revised (WISC-R), the House-Tree-Person (HTP), the Piers-Harris Children's Self-Concept Scale, the Robert's Apperception Test for Children (RAT-C), and the Children's Sentence Completion Test (CSC).

**BEHAVIORAL OBSERVATIONS:**

The patient approached the testing in a friendly and cooperative fashion. He is age appropriate in appearance and displayed no unusual behavioral mannerisms. Eye contact was within normal limits and speech proceeded at a normal rate and rhythm. Throughout the interview he displayed a happy mood and thought content and cognitive functioning were both appropriate.

**TEST RESULTS:**

The current WISC-R reveals intellectual functioning within the average range. Verbal I.Q. equals 95, performance I.Q. equals 104 and the Full Scale I.Q. equals 99. Relative weaknesses appear in verbal comprehension and long term memory for factual information. Relative strengths, however, appear in short-term auditory memory. Overall, the current testing appears to be a valid reflection of this individual's level of intellectual

202NS014
8/89

m105

FELL-00000146

010

Page 2
PSYCHOLOGICAL EVALUATION (CONT'D)   FELL, Donald #7483

functioning (subtest scores are reflected below).

| Verbal Test | Scaled Score | Performance Test | Scaled Score |
|---|---|---|---|
| Information | 8 | Picture Completion | 12 |
| Similarities | 10 | Picture Arrangement | 10 |
| Arithmetic | 11 | Block Design | 11 |
| Vocabulary | 10 | Object Assembly | 9 |
| Comprehension | 7 | Coding | 11 |
| Digit Span | 18 | | |

The current House-Tree-Person reveals some indications of anxiety and a feeling that this individual may be unable to view the environment appropriately and interact with any effectiveness. There appears to be some indications of past trauma but there are no indications of any underlying thought disorder or gross affective disturbance.

The current Piers-Harris Children's Self-Concept Scale reveals very well established self-concept. The current score falls at the 93 percentile and reflects an individual, who feels positive about himself in a very overall fashion.

The current Robert's Apperception Test for Children reveals some evidence of depression and anxiety and needs for nurturance and attention from parental figures. There appear to be indications of catastrophic themes and a feeling of resentment for social rules and cooperation. Aggression appears to be viewed as a major vehicle to express himself and suggests a somewhat inflexible approach to issues of living in a social situation.

The current Children's Sentence Completion Test reveals an individual with a less than adequate degree of stress tolerance. Frustrations are typically met with anger and a feeling of being "bored" and there appears to be little motivation to deal effectively with situations in a problem solving fashion. This individual's overall perception of his family appears to be fairly positive but he certainly views his mother as a nonstimulating or authoritarian type of individual, who relates poorly with her children. There are some suggestions that he views his father in a much more positive fashion and that his current perceptions of his parents are beginning to generalize to males and females in general. Although this individual tends to portray himself as intact and having adequate stress tolerance, there appears to be indications of anxiety and possibly, a developing tendency to isolate himself from problematic situations.

CONCLUSIONS:

The patient was administered a battery of tests in order to

FELL-00000147

First Hospital Wyoming Valley
149 DANA ST. WILKES-BARRE, PA 18702 • (717)829-7000

011

## PSYCHOLOGICAL EVALUATION

### CONTINUED

### Page 3

| | |
|---|---|
| Patient Name | FELL, Donald |
| Patient No. | 7483 |
| Program | CHILD |

complete a psychological evaluation. Current psychological testing revealed intellectual functioning within the average range. Relative weaknesses were noted in verbal comprehension and general fund of information. Relative strengths were noted in short-term, auditory memory. The current psychological test battery did not assess potential for self-destructive activity because this has never been an issue. Testing in general is not indicative of any underlying thought disorder or gross affective disturbance. There are indications of some degree of depression and anxiety, which are mild in nature and rather transient. In general, this individual appears to portray an image of self-confidence and the ability to relate with others easily. In contrast, there appear to be suggestions of some degree of subjective distress stemming from his inability to tolerate limit setting at home and peer relations in general. Denial appears to be a primary defense and is unfortunately reinforcing his avoidance of approaching current difficulties in any effective fashion. At this point the motivation he displays appears to be geared to effecting an early discharge. The current psychological testing is commensurate with elements of conduct disorder.

Therapeutic accessibility may be limited because of this individual's tendency to deny psychological problems. He may verbalize motivation and interest in a nominal fashion but his willingness to deal with his situations in a problem solving fashion appears limited. Family therapy may be an effective method to establish the need for a cooperative style but a more fundamental goal of therapy would be to assist the patient in discussing his true feelings without a felt need for presenting himself as more intact than is actually the case.


John Grutkowski, Ph.D.
Consultant Psychologist
PA License #003426-L

Michael A. Church, Ph.D.
Director of Clinical Psychology
PA License #003386

William R. Sayers, M.S.
Certified School Psychologist
School Psychology Certification
#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

WRS:lf
Dict: 10/15/91
Trans: 10/16/91

202NS014
8/89

**25**

FELL-00000149

# WILKES-BARRE GENERAL HOSPITAL

### FINAL NARRATIVE SUMMARY

FELL, Donald
M.R.#383700
Dr. Feussner
DOB:  4-30-80
ADM:  4-14-92
DIS:  5-2-92

Include the following:

**Chief complaint, pertinent facts of history and physical examination, pertinent x-ray and diagnostic studies, consultations, hospital course and treatment, condition on discharge, recommendations and arrangements for future care, prognosis.**

Reason for Referral:  Violent behavior towards others

History:   The background history was provided by my interview with the patient's mother.  Three days ago, Donald and his friend were playing with a 9 mm. police handgun which belonged to the other boy's father.  The gun went off while Donald was holding it and the other boy was hit in the shoulder. Fortunately, he suffered no major injury; a few inches, and the other boy would have been dead with a bullet in his heart.   The patient shows no remorse and even threatens to shoot his mother.

Other recent complaints of violence mentioned by mother include punching his sister's 11-year-old girlfriend and chasing mother with a curtain rod.  He hides knives in his room.   Today, mother found one of the missing knives in his bedroom.   She fears he will use it on her when he is angry, because he does violence without thinking of the consequences when he is angry.

At age four years, he and his sister were sexually and physically abused by a babysitter.   Mother says his father used to beat him until they secretly moved away from the father eleven years ago.   Maternal grandmother had chronic psychosis and died in a state hospital.

Mental Status:   The patient is a small, 11-year-old white male who is demanding and manipulative toward his mother.   He does not take her seriously, and is defiant and oppositional to authority in general.  When he does not get his own way, I witnessed a severe tantrum with crying, screaming, kicking, and threats to harm others.  When angry, he threatens to harm others, possibly without thinking. He denies he would harm himself. He denies hallucinations and delusions.  His thinking is goal oriented and easy to follow.   His affect is labile and extreme, out of proportion to the stimulus.   His mood is angry and depressed.   His insight and judgment are below age level, and they are impaired by his mood swings and impulsivity.

Preliminary Diagnosis:

ICD 9    311.00  Atypical Depression, Not Otherwise Specified
         312.4   Disturbance of Conduct and Emotions

Hospital Course:    At first patient presents a tough exterior but when observed individually he seems on the verge of tears.   He seems to feel saddened by the locked ward.   The ritalin which he received prior to admission may not be working as well as it did formerly.   During this admission, we substited dexedrine which seems affective in a smaller dose, namely 7.5 mg. three times a day.   The Tofranil he received prior to admission was 10 mg. at 9:00 a.m.   This was changed to 25 mg.  He responded better to this regimen of dexedrine and Tofranil.   He also exhibited head

M807

FELL-00000150

FELL, Donald
M.R.#383700
Page 2

lice and had to be treated with Kwell shampoo several times.

Until he was finally controlled on medication, he at times was oppositional and impulsive and disrespectful to staff. At times he had to be timed out in his room or room restricted because of his back-talk and cursing.

By the end of his first week in the hospital, he was still oppositional, defiant, and manipulative. He cries when disciplined or confronted. He is beginning to show better self-control because his dexedrine has been raised. At this point we also raised the Tofranil.

During his family sessions, his mother confronts him with his behavior problems. At first he was oppositional and defiant but later on he became very cooperative and apologized profusely to his mother for his prior disrespectful behavior. When confronted with the shooting of his friend, he cries and seems to show genuine remorse.

By 4-29-92, the end of the second hospital week, patient is doing very well on his current medications. His success in the program and in following the rules and controlling his behaviors seems to make him happy. He seems genuinely sincere about listening to his mother who seems able to set firm limits. Donald says he will never play with guns again. His friend forgives him for shooting him. Donald seems to greatly regret the incident whereas at first he bragged about shooting the other boy. Donald was given a pass for his birthday. He was given a motorbike for a present. I took issue with his mother that he was getting expensive presents when he was actually going through a process of discipline for his severe behavior problems. Giving him the present did not seem consistent. I also was concerned that we should have busted him back whenever he slipped up and adopted any of his former behaviors. Usually children who reach higher levels do slip up and commit some of their bad habits and have to be busted all the way back and start out all over again. This usually is very good for them. Donald did not have this. We were concerned that perhaps the improvement would not remain stable after discharge. Here again, mother seemed to worried about the child's welfare to allow him to stay in our program. I made it clear that the child has improved but to be more certain of a stable long-lasting improvement, it may be necessary to put the child through the typical program that we do for other children. He seemed to be getting out too soon.

At the time of discharge, patient showed genuine remorse for shooting his friend. He is responding well to his medication without side effects. Mother is able to be a fairly firm and consistent limit setter but she still tends to give in at times. Donald will continue in the Children's Service Center Partial Hospital. There, I will continue to adjust his medication.

Medical Evaluation and Lab Tests: The pediatric evaluation by Dr. Kramer of 4-16-92 is within normal limits. The c.b.c. and differential, chemistry profile and routine urinalysis are all unremarkable. The urine drug screen revealed desipramine. VDRL is nonreactive.

FELL-00000151



**WILKES·BARRE**
GENERAL HOSPITAL

FELL, Donald
M.R.#383700
Page 3

IMPRESSION:

ICD 9    311.00    Atypical Depression, Not Otherwise Specified
         314.2     Hyperkinetic Conduct Disorder

RECOMMENDATIONS:

1.  Discharged to custody of biological parent.
2.  Readmit to Children's Service Center, Partial Hospital Program, for the summer.
3.  I will follow him at the Children's Service Center for his medication. He currently receives Tofranil, 25 mg. at 8:00 a.m.; dexedrine, 7.5 mg., three times a day.

_____, M.D.

JAMES W. FEUSSNER, M.D., J.D.
BOARD CERTIFIED CHILD AND
ADOLESCENT PSYCHIATRIST

JWF/TA1
D-7-3-92
T-7-9-92
Tape 6198/7228
C-Children's Service Center

FELL-00000152

**26**

FELL-00000153



**WILKES·BARRE**
GENERAL HOSPITAL

PATIENT  FELL, DONALD

MED REC NO 383700
SEX/AGE M 11Y    ROOM N766 1
DOCTOR  FEUSSNER, JAMES W. MD
PATIENT NO 3711793

DEPT. OF MEDICAL RECORDS
REPORT  HISTORY AND PHYSICAL

DATE DICT    4/16/92 by JWF
DATE TRANS   4/16/92 by dam
JOB #2001
ADMISSION DATE  04/14/1992

CHIEF COMPLAINT:         See HPI.

HX OF PRESENT ILLNESS:  Patient is an 11 year old in-patient admitted from the Childrens Service Center with the reason for hospitalization being inappropriate potentially dangerous behavior, playing with firearms and aggressive verbalization.

Current medications:  None.

PAST MEDICAL HX:        Medical problems/somatic problems denied.  He does not relate any temperature elevations or any symptoms or signs of contagious illness.  Denies any accidental injuries, hospital admissions for medical reasons, loss of consciousness or head injuries.

FAMILY HISTORY:         Please see chart.

SOCIAL HISTORY:         Please see chart.

Educational History - please see chart.


**PHYSICAL**

VITAL SIGNS:    Temperature 97 degrees.    Pulse:  Approximately 92.
                Respirations:  Normal at 16-18.
                Blood pressure:  116/76.
                Height:  4'8".    Weight:  87 lbs.

GENERAL:        A pre-adolescent male in no acute distress, responsive to simple questions.

HEENT:          Head:  Normocephalic. Hair and scalp both normal in appearance.  Facial features symmetrical. Oral cavity: Teeth in good repair.  No evidence of active infection or tumor masses in the mouth.

NECK:           Supple with full range of motion.  Thyroid midline without masses.  No cervical adenopathy present.

LUNGS:          Clear.

COR:            Sinus rhythm without murmurs.

ABDOMEN:        Soft.  No masses, organ enlargement, hernias or etc.

VHA. Affiliate of Voluntary Hospitals of America Inc.

M810

FELL-00000154



**WILKES·BARRE**
GENERAL HOSPITAL

PATIENT   FELL, DONALD

DEPT. OF MEDICAL RECORDS
REPORT   HISTORY AND PHYSICAL

GENITALIA:        Prepubertal testicles, both descended.   No pubic hair
                  present.   Penis normal size.

MUSCULOSKELETAL:Bones, joints, muscles and spine all within normal
limits.

NEUROLOGICAL:     Intact mentation.   Coordination normal.   Cranial
                  nerves normal.   Symmetrical reflexes present.   Gait
                  normal.

DIAGNOSIS

An 11 year old psychiatric patient without evidence of medical problem
by history or examination.

ARNOLD KRAMER, M.D.

cc:   Dr. Kramer

FELL-00000155

**27**

FELL-00000156