WILKES-BARRE GENERAL HOSPITAL
ADOLESCENT PSYCHIATRIC UNIT

(Interdisciplinary Progress Record)



REDACTED - FELL

| Date | Time | Heading | Comments |
|------|------|---------|----------|
| 4-27-83 | 5:15p | Ind | Discussed how pt. does well talking individually & in groups but gets into trouble shortly there after. Pt. admits this to be the case — says he tries/ & intends to do well but can't seem to follow through for long. Don got upset/anxious as 6pm approached, stated at one point that his mother would probably go out drinking instead of visiting him. Neg this — sent back to dayroom to finish study hour — ~ l/s regularized |
| | | Phone | Don's step-father al call — claims his son got a flat tire — appeared to slur his speech — mentioned he'd stop by later & send Don's sister up ā his clothes as he knew Don on level "II". Asked for pay-phone # when I requested the family to speak to Don directly. He then called & explained the situation to him. He appeared to understand the situation although he was upset ... |

FELL-00002278

WILKES-BARRE GENERAL HOSPITAL
ADOLESCENT PSYCHIATRIC UNIT

(Interdisciplinary Progress Record)

REDACTED - FELL

FELL, DONALD

| Date | Time | Heading | |
|------|------|---------|---|
| 6/28/93 | 1-12 | Shift | See nurses note. Joanne & Wade R. |
| 6/29/93 | 530 | Med | See msg. note. — |
| 62993 | 11:15A | Ind | Pt concerned that the 1st thing he does wrong will get him sent back to the hospital. Still "sort of" feels that his mom didn't want him around. Talked about partial/Home-Based. Both he & mom seem supportive of such. (Pt. called mom on the phone). Requesting his mother to visit him — she's about to leave to drop his clothes off. Hoping to see his mom she drives up. Claims to be looking forward to partial as it will "help him" "stay out of trouble." — Rob ___ |
| 62993 | 9¹⁵ | Phone | Out of Sequence: Called Joan Joyce — she will again put in partial request today. She doubts that Don can be in partial before thursday — ___ MA |
| 63093 | 12³⁰ pm | Group | Donald participated in group. He at times would get a little confused when talking about making & seemed like ... He did state he is glad to get help. ___ play ... — Suzanne ___, therapist |

Formulated: April, 1988
Form #: 4500.204.88

WILKES-BARRE GENERAL HOSPITAL
ADOLESCENT PSYCHIATRIC UNIT

(Interdisciplinary Progress Record)



REDACTED - FELL

| Date | Time | Heading | Comments |
|---|---|---|---|
| 6/24/93 | 1:30 | M H W | Donald on level B, des behavioral pushing this shift. Participated in all groups in a (+) manner. In the progress, reviewing for level A, took his clothes dropped off by mother today — Robed Evans n. H. w. |
| 6/24/93 | 4:00 | education | Donald participated during education and art and was cooperative. Mary O'Gurne, Teacher |
| 6/29/93 | 4:00 / 13:30 | MHW | Donald in need of redirection during education. Patient visited by mom this evening. Patient had select peer interaction on freetime. Donald working on treatment, reviewed his plan with staff. Patient remains on level B at this time. Irene McCabe mhw |
| 6-30-93 | 7:30 | MHW | Appeared to sleep deep respirations noted as slow & 16° AM care completed ā incident. Patient hiser |
| 6/30/93 | 9:30 | education | Donald participated during education and art and was cooperative. Mary O'Gurne, Teacher |

**WILKES-BARRE GENERAL HOSPITAL**
**ADOLESCENT PSYCHIATRIC UNIT**

(Interdisciplinary Progress Record)

FELL, DONALD
060693 0936P 13Y 383700 043080
824-5842

REDACTED - FELL
WILKES BARRE          PA H S

| Date | Time | Heading | |
|------|------|---------|---|
| 6/3/93 | 12:30p | Group | Pt talking about how he feels he's getting better here. Pointed out he makes fewer "faces" when people give him direction he doesn't like. Don also feels he's better at controlling his temper by talking more. Pt also talked to the MD about his present meds Rx. Feels the meds are helping him focus & concentrate. Talked about his mother wanting him discharged tonight. — RoS C_ M----- |
| 6/3/93 | 8p–3a | Shift | Pt on level B. Bright, Pleasant and social. Can get busy. Borders on being obnoxious but responds nicely to redirection. Attends all groups and activities. Active in rec time c̄ peers. — U.J. ----- RN |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# EXHIBIT 223

| CERTIFICATION OF BAIL AND DISCHARGE | OTN | POLICE CASE NO. | D. J. NO. _IF 50 1_ |
|---|---|---|---|
| | | | C.P. TERM & NO. |

| COMMONWEALTH VS. (Defendant Name and Address) | CHARGE(S): *Criminal Trespass* | DATE OF CHARGE(S) 3/4/91 |
|---|---|---|

☐ ROR (no surety)          ☐ Nominal Bail
☒ Bail (total amount set, if any)    $ 2,500

☐ Conditions of Release (aside from appearing at court when required:)

### NEXT COURT ACTION

| DATE AND TIME | LOCATION |
|---|---|
| March 14, 2:00 | 50 Second St. |

TO:   ☐ Detention Center   ☐ Other

I hereby certify that sufficient bail has been entered

☐ By the defendant      ☐ On behalf of the defendant by:

(attach addendum, if necessary)

SECURITY OR SURETY (IF ANY)
☐ Surety Company
☐ Professional Bondsman
☐ Realty
☐ Other

(Name & Address of Surety)                        (License No.)

● Refund of cash bail will be made within 20 days after final disposition. (Pa.R.Cr.P. 4015(b))

● Refund of all other types of bail will be made promptly after 20 days following final disposition. (Pa.R.Cr.P. 4015(a))

● Bring Cash Bail Receipt to Clerk of Court.

JUDGE OR ISSUING AUTHORITY
LOUISE PESOTSKI

## APPEARANCE OR BAIL BOND

THIS BOND IS VALID FOR THE ENTIRE PROCEEDINGS AND UNTIL FULL AND FINAL DISPOSITION OF THE CASE INCLUDING FINAL DISPOSITION OF ANY PETITION FOR WRIT OF CERTIORARI OR APPEAL TIMELY FILED IN THE SUPREME COURT OF THE UNITED STATES.

DISCHARGE THE ABOVE-NAMED DEFENDANT FROM CUSTODY IF DETAINED FOR NO OTHER CAUSE THAN THE ABOVE STATED.

Given under my hand and the Official Seal of this Court,

this _____ day of _____ , 19___.

_____ (SEAL)
(Clerk of Court or Issuing Authority)

WE, THE UNDERSIGNED, defendant and surety, our successors, heirs and assigns, are jointly and severally bound to pay to the Commonwealth of Pennsylvania the sum of _Two Thousand Five Hundred_ dollars ($ 2,500.⁰⁰/₁₀₀).

### SEE REVERSE SIDE FOR BAIL CONDITIONS

## CERTIFICATION OF COUNTER INDEMNITY AND PREMIUM    (Applicable Only When Surety Is A Corporation)

_____ , Principal, and _____ , Surety,

hereby certify that the amount paid by said Principal to said Surety for bail in the above matter is $ _____ and that no further sum or sums is to be paid therefore by the said Principal or anyone on his behalf.

We further certify that said Principal has given to said Surety counter indemnity consisting of _____ of the value of $_____ and no further counter indemnity is to be given the said Surety except as follows: _____

We further certify that there are no judgments against the said corporate surety outstanding and unpaid for a period of more than thirty days from the date of the entry of such judgment except those in which a petition to open or vacate the judgment has been filed and remains undisposed of:

Dated: _____ , 19 _____

MUST BE SIGNED IN PERSON
BY THE APPROVED AGENT

I ACKNOWLEDGE THAT I AM LEGALLY RESPONSIBLE FOR THE FULL AMOUNT OF THE BAIL.

*The following acknowledgement is also applicable if Percentage Cash Bail is used.*

THIS BOND SIGNED ON _March 4_ 19 91
at _____ PENNSYLVANIA.

Signed and acknowledged before me this
_4_ day of _March_ , 19 91

_____
(Clerk of Court or Issuing Authority)

● In case of corporate surety bail, Power of Attorney must be affixed to bond or otherwise bond is invalid.

_____ (SEAL)
(Principal)

_____ (SEAL)
(Surety)

X _____ (SEAL)
SIGNATURE OF DEFENDANT

_____ (SEAL)

Signature of Surety (May be Bondsman, Bail Agency, or private individual or organization). Except when defendant is released on his own recognizance (ROR), this must be signed in all bail situations, including nominal bail.

ADDRESS OF SURETY, SURETY COMPANY OR DEFENDANT

_____
Surety No. or Professional Bondsman License No. & Expiration Date

● In case of Percentage Cash Bail or Nominal Bail, Power of Attorney is not required.          AOPC 414-82

FELL-00002282

# EXHIBIT 224

## CONTACT SHEET

CASE NUMBER:

CLIENT NAME: Fell

ADDRESS:

MONTH: May

WORKER: D. L. Seeman

| CONTACTS | 1. ) GOAL OF CONTACT: (PURPOSE) |
|---|---|
| | 2. ) OUTCOME: (WHAT TRANSPIRED) |

Date: 5/20/72

Location: Phone

Who Seen:

Dan

1. ) To return Dan's call.

2. ) Dan informed wkr that Donny was upset ~~last week~~ ~~They met on Wed~~ + ~~Debbie admitted that she had been drinking~~ over the weekend. "The kids were not neglected, but ~~the time~~ Donny did react to his mother's drinking." Dan said he just wanted to let the wkr know — that Debbie had been drinking + that she did not come home the one night. But Al was there + they had food + were not abused. He

FELL-00002283

Said Debbie admitted that she ripped up + that some things were going on + she ripped.

FELL-00002284

# EXHIBIT 225

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    06/27/2005

b6
b7C
b7D

[redacted] a white male, born [redacted]
residing at [redacted] home
telephone number [redacted] employed as a
(CO) at the [redacted]
[redacted] Vermont, was interviewed at his place of employment.
After being advised of the identities of the interviewing agents
and the purpose of the interview, [redacted] provided the following
information:

At the onset of the interview [redacted] was asked to
describe the [redacted] when



b6
b7C
b7D

b6
b7C
b7D

b7D

Investigation on  06/22/2005  , [redacted]  Vermont

File # 7A-AL-44453-302    b6    Date dictated  06/23/2005
SA [redacted] lbg    b7C
by SA [redacted]    b7D

Thi[redacted] neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

# EXHIBIT 226

FD-302 (Rev. 10-6-95)

-1-

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription   06/09/2005

_____ born _____ residing at _____

b6
b7C

employed as the _____ located in _____ business

telephone number _____ was telephonically interviewed regarding DONALD FELL. _____ had been listed as a potential witness for the defense for the upcoming trial of FELL. After being advised of the identity of the interviewing agent and the purpose of the interview, _____ provided the following information:

_____ told the interviewing agent that he was not comfortable speaking with the interviewing agent without any signed releases by DONALD FELL. The interviewing agent told _____ that he had previously been interviewed by an FBI agent in Pennsylvania back in 2001, regarding DONALD FELL and ROBERT LEE. _____ stated that he recalled that the agent had a signed release for that information. The interviewing agent asked _____ if it was alright if she summarized what _____ had told the FBI agent back in 2001, and if he could verify whether that information was correct as he recalled. _____ stated that he did not see why he could not do that. The interviewing agent then summarized information provided in a report from an interview of _____ on March 30, 2001. In the report of that interview, it was noted that _____ described FELL as a relatively quiet youngster who demonstrated some intelligence and one who remained relatively quiet during his stay at St. Michael's. It was also noted in the report that _____ could not recall any violent episodes involving FELL. It was also noted in the report that _____ stated that FELL was freckle-faced and of small stature. Also noted in the report was that _____ stated that BOBBY LEE, in _____ opinion, was more problematic than FELL and often acted out against other students and staff members. _____ stated that LEE like FELL, was of small stature and wore long, black hair.

b6
b7C

_____ was asked if what was just mentioned to him was accurate as he recalled. _____ stated that yes, it is what he remembered of FELL and LEE. _____ was asked if it was possible that he could have gotten FELL and LEE confused. It was explained to _____ that other individuals interviewed mentioned things

b6
b7C

| | | |
|---|---|---|
| Investigation on | 05/27/2005 | at Rutland, Vermont   (telephonically) |

File # 7A-AL-44453-302

Date dictated   05/30/2005

b6
b7C

by SA _____ : lbg

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

7A-AL-44453-302

Continuation of FD-302 of _____ b6   b7C ,On 05/27/2005 ,Page 2

that were consistent that FELL was more of how [          ] described LEE, and LEE was more how [          ] described FELL. [          ] b6 b7C stated that he did not have FELL and LEE confused, and that he remembered them well. [          ] stated that FELL was the quieter one and BOBBY LEE was more boisterous.

[          ] was asked how often he would encounter LEE and FELL at the school as the Director of Child Care, at the time they were attending. [          ] stated that he would see FELL and LEE when they were in trouble, but not necessarily on a daily basis. [          ] also obtained information regarding FELL and LEE from the b6 bus driver at the school, HELEN AVERY, who is now deceased. b7C

[          ] stated that he has not heard from any defense attorneys regarding DONALD FELL nor his possible testimony at the upcoming trial.

FELL-00002287

# EXHIBIT 227

## SULLIVAN COUNTY SHERIFF'S DEPARTMENT
## STATEMENT

STATE OF NEW YORK                              PAGE ONE OF __4__ PAGES

COUNTY OF __Sullivan__                         DATED: __Aug. 12, 00__

__Town__ OF __Bethel__                                    REDACTED - FELL

I, __Terri N. Fell__ , AGE __17__ , BORN ON_ __82__ ,

HAVE BEEN ADVISED BY __Dep. Phil Anglin__ ,

OF THE __Sullivan Co. Sheriffs Dept.__ , OF THE FOLLOWING:

*I HAVE THE RIGHT TO REMAIN SILENT, AND I DO NOT HAVE TO MAKE
ANY STATEMENT IF DON'T WANT TO.*

*IF I GIVE UP THAT RIGHT, ANYTHING I DO SAY CAN AND WILL BE USED
AGAINST ME IN A COURT OF LAW.*

*I HAVE THE RIGHT TO HAVE A LAWYER PRESENT BEFORE MAKING ANY
STATEMENT OR AT ANY TIME DURING THIS STATEMENT.*

*IF I SHOULD DECIDE I DO WANT A LAWYER, AND I CANNOT AFFORD TO
HIRE ONE, A LAWYER WILL BE APPOINTED FOR ME FREE OF CHARGE AND
I MAY HAVE THAT LAWYER PRESENT BEFORE MAKING ANY STATEMENT.*

*I ALSO UNDERSTAND THAT I HAVE THE RIGHT TO STOP AT ANY TIME
DURING THIS STATEMENT AND REMAIN SILENT AND HAVE A LAWYER PRESENT.*

I FULLY UNDERSTAND THESE RIGHTS, AND AT THIS TIME I AGREE TO GIVE UP MY
RIGHTS AND MAKE THE FOLLOWING STATEMENT:

X __Terri Fell__
                                                        SIGNATURE

__Dep. EJC__
        WITNESS

A question and answer statement between Dep. EJ Clouse
and Terri N. Fell at SCSD on Aug. 12, 00 at @ 8:30 AM.
Q= question - Dep E.J. Clouse
A= Answer - Terri N. Fell

Q= What is your Name and address?
A= Terri Fell, I don't really have an address cause I
   run with the Carnival.
Q= What Carnival?
A= S and S Amusements.

X __Terri Fell__

FELL-00002288

**STATEMENT CONTINUATION SHEET**          **SULLIVAN COUNTY SHERIFF'S DEPARTMENT**

PAGE __2__ OF __4__ PAGES

NAME: Terri NEell          DATE: 8/12/00

Q= Did Dep. Anglin read you your rights?
A= Yes
Q= Do you understand your rights?
A= Yes
Q= Were you at Yasgour farms this morning?
A= Yes
Q= What happened while you were there this morning?
A= Chris Attacked me, and tried to rape me.
Q= Chris who?
A= I don't know his last name.
Q= How do you know him?
A= Work
Q= What did you do after he attacked you?
A= I pushed him off me and told him No.
Q= Did he hit you?
A= NO. He was just very forceful.
Q= What did you do next?
A= I told Donald McNally, My brother what Chris had done.
Q= What did you brother say and do next?
A= He told Chris to leave me alone and Chris hit him,
   he punched him in the face.

<u>NOTICE</u>

(PENAL LAW 210.45)

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

X _Teri Fell_____
(SIGNATURE OF DEPONENT)

this __12__ day of __Aug__, 20 _00_.
        - OR -

*Subscribed and Sworn to before me

_Dep. E/ C/_____
(WITNESS)                    TIME ENDED    AM

this _____ day of _____, 20____.

_____
(NAME OF PERSON TAKING DEPOSITION)     PM

*THIS FORM NEED BE SWORN TO ONLY WHEN SPECIFICALLY REQUIRED BY THE COURT.

FELL-00002289

**STATEMENT CONTINUATION SHEET**        **SULLIVAN COUNTY SHERIFF'S DEPARTMENT**

PAGE 4 OF 4 PAGES

NAME: Terri N. Fell                          DATE: 8/12/00

Q= Is there anything you would like to add?

A= No, owc wait yeah, about the whole situation.

Q= About six guys came out from the side, while Donald was helping Chris up, and they started hitting Donald and Joshua.

Q= Who were they?

A= I don't know.

Q= Can you identify any of them?

A= Yes, one had Blonde hair, Blue eyes and skinny, Mustache and a blue flannel.

Q= Do you know where they went?

A= No

Q= Was this statement given of your own free will, and not forced from you?

A= Yes

Q= Were you promised anything in exchange for this statement?

A= No.

End

**NOTICE**

(PENAL LAW 210.45)

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

X Terri Fell

(SIGNATURE OF DEPONENT)

this 12th day of Aug , 20 00 .
                          - OR -

Dep. S. / C

*Subscribed and Sworn to before me              (WITNESS)              TIME ENDED   AM

this _____ day of _____, 20_____.                                              PM

(NAME OF PERSON TAKING DEPOSITION)

*THIS FORM NEED BE SWORN TO ONLY WHEN SPECIFICALLY REQUIRED BY THE COURT.

FELL-00002290

# EXHIBIT 228

*Page 1 of 2*

**SUPPORTING DEPOSITION (CPL 100.20)**     **SULLIVAN COUNTY SHERIFF'S DEPARTMENT**

STATE OF NEW YORK

_____ Justice _____ COURT

- - - - - - - - - - - - - - - - - - - - - - - -

THE PEOPLE OF THE STATE OF NEW YORK   )
  )
          -VS   )
  )
_____ )
  )
_____ )
             (DEFENDANT(S) )

- - - - - - - - - - - - - - - - - - - - - - - -

STATE OF NEW YORK, Sullivan )
COUNTY OF _____ )
Town of Bethel )

COUNTY OF Sullivan
Town OF Bethel

ss.

SUPPORTING DEPOSITION

518-398-0287
S.S. # REDACTED - FELL 0091

| On DATE 8-12-00 | at TIME STARTED 08:08 AM | FULL NAME LANCE MICHAEL ROWLAND |
|---|---|---|
| DATE OF BIRTH REDACTED - FELL 74 | NO. REDACTED - FELL | C/T/V PINE PLAINS   STATE N.Y. 12567 |

STATE THE FOLLOWING: As I exited my vehicle I saw 3 guys kicking and urinating on a kid laying on the ground. The 3 guys were accompanied by two females. One guy wore a black t-shirt w/ a neon necklace around his neck and his head was shaved. Another was taller and wore a flannel shirt and wore glasses. The third one had freckles and was about 5'9 - 5'10. One of the girls they were w/ had short straight black hair and said she was one of the guys sister. As I ran over to them, they backed away from the kid they were beating and started justifying why they did what they did. The kid on the ground had lumps all over his face, and his head was bleeding. A girl and more guys came over to help and that's when I went to get help. I gave the _LR

**NOTICE**

**(PENAL LAW 210.45)**

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this __12__ day of August, 2000.

    - OR -

*Subscribed and Sworn to before me

this _____ day of _____, 19_____.

*THIS FORM NEED BE SWORN TO ONLY WHEN SPECIFICALLY REQUIRED BY THE COURT.

_Lance Rowland_
(SIGNATURE OF DEPONENT)

_____ 104
(WITNESS)

Dep. Hall
(NAME OR PERSON TAKING DEPOSITION)

TIME ENDED 9:00 PM

FELL-00002291

# EXHIBIT 229

STATE OF NEW YORK  ::  COUNTY OF SULLIVAN

    JUSTICE COURT  ::  TOWN OF BETHEL

_____X

THE PEOPLE OF THE STATE OF NEW YORK

        -against-                                    CERTIFICATE OF

... _Joshua Jones_ _AKA_ _Robert Lee_ ...            DISPOSITION

                    DEFEND REDACTED - FELL

                    D.O.B..           _80_

_____X


        The above named Defendant having appeared before this Court,
charged with the offense(s) of _Assault 2nd_
in violation of section(s) _120.05_ of the _Penal_ Law
of the State of New York, this is to certify that the charge(s)
aforesaid, on the _16th_ day of _August 2000_
were disposed of by: _reduced to Assault 3rd Sect 120.00_
_fined $500.00 plus $125.00 Surcharge_
_1-8-01 resentenced to time served - four days_
_per ADA Joey Drillings_




DATED: _March 28 2001_
Kauneonga Lake, New York 12749




                                _Elita Shapiro_
                                ~~TOWN JUSTICE~~ / COURT CLERK
                                TOWN OF BETHEL JUSTICE COURT

FELL-00002292

# EXHIBIT 230

6/1/2005 9:15:00 AM

JVD-12

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA    *

                            *

          V          *

                            *

DONALD FELL          * Criminal File No. 01-12

INDIVIDUAL VOIR DIRE OF PROSPECTIVE JURORS

(Nos. 113, 119, 120, 121, 143, 150, 174, 180,

   184, 203, 224, 239, 241, 243, 252, 280

        Wednesday, June 1, 2005

        Burlington, Vermont

BEFORE:

   THE HONORABLE WILLIAM K. SESSIONS III

   Chief District Judge

APPEARANCES:

   WILLIAM B. DARROW, ESQ. and STEPHEN D. KELLY, ESQ.,

      Assistant United States Attorneys, Federal

      Building, Burlington, Vermont; Attorneys for the

      United States

   ALEXANDER BUNIN, ESQ. and GENE PRIMOMO, ESQ.,

      Office of the Federal Public Defender, 39 North

      Pearl Street, Albany, New York; Attorneys for

      the Defendant

   PAUL S. VOLK, ESQ., Blodgett, Watts & Volk, P.C.,

      72 Hungerford Terrace, Burlington, Vermont;

      Attorney for the Defendant

         ANNE E. NICHOLS

      Registered Professional Reporter

      United States District Court

         Post Office Box 5633

      Burlington, Vermont  05402

         (802) 860-2227

FELL-00002293

114

factors, could you weigh it, could you put it into the balance, or do you feel so strongly about these factors that you just put it aside and would not assess it in the total scheme of things?

JUROR NO. 184: No, I would -- I would consider everything, but I couldn't tell you what, to a degree and --

THE COURT: Yeah, we are not asking the question about degree.

JUROR NO. 184: All right.

THE COURT: The question is whether, in the overall picture -- that's the confusing part, I think. It's unclear to me as to whether you understand that this is not a question about degree. This is a question about whether you just factor this into the whole process.

JUROR NO. 184: Yes.

THE COURT: And my question is, would you do that?

JUROR NO. 184: Yes.

THE COURT: All right. Again, I would follow it up, if you wish.

MR. PRIMOMO: Judge, I have no -- I think -- I think he has done, honestly, as best he can.

THE COURT: Okay. All right. Appreciate it.

115

Any further questions?

MR. KELLY: No, Judge.

THE COURT: All right. Appreciate very much your honest responses, your thoughtful responses, and -- okay. Thank you.

And I'd ask that you just stay outside in the hallway for just a couple minutes.

(Juror No. 184 exited the courtroom.)

THE COURT: Okay. You have a motion?

MR. KELLY: No motion, Judge.

THE COURT: Okay?

MR. PRIMOMO: Yes.

THE COURT: And your response?

MR. PRIMOMO: Judge, first of all, he specifically indicated that he had -- would not consider three main areas of mitigation evidence regarding this case: the alcohol and drug abuse, the child molestation which Mr. Fell experienced as a young boy, and the abandonment of the parental -- the chaotic household and the abandonment and lack of parenting that he received.

And of course there are many more mitigating factors, but that encompasses the absolute -- well, with the exception of anything in the future, just the whole bulk of our mitigation case. In which -- it wasn't just one factor, which I would submit to the Court probably

116

isn't valid for challenging for cause, but at least three specific enumerated mitigating factors which were rejected, and more importantly, almost the entire bulk of what our mitigation case is going to be.

Secondly -- and our mitigation case is going to be presented by, of course, factual witnesses which are going to describe these events, but more importantly, by professionals that are going to give their opinion about how those facts and those experiences affected his decision and wound up in the position that he is, and specifically why and how that mitigation -- those events translate to mitigation evidence. And a layperson is not going to do that, isn't capable of doing that, doesn't have the training, hasn't had the experience, hasn't had -- done the research to make that connection.

And he has specifically indicated he would not -- found bias -- regarding that type of evidence that we are going to be presenting.

And in fact, when I asked him, you know, is it -- will you be able to determine, you know, when they sit there -- I mean, I got not just generally psychologists or psychiatrists can be paid experts, can say what you want, but no, no, no. How about this case, when they are sitting in that case -- or in this case, would you still have that bias? And he indicated that

117

he would.

On your final questioning, Judge, he indicated that he would have difficulty finding mitigation regarding anything involving personal choices. And we are not putting on an insanity defense here. Everything is going to have been essentially a personal choice, which -- but the mitigating factors are just those: mitigating factors. They are not going to say that -- we are not going to present evidence that he was delusional or psychotic or anything like that.

So the issue of him outwardly rejecting, in his own words, to your open-ended question -- that I would have difficulty -- involving personal choices, he is going to reject that by -- factually and by our expert testimony.

And then, finally, I asked him whether he would be fair, sitting in our place, and his candid answer was he could not.

So, Judge, you know, this thing gets down to, is this going to be a fair juror in this case, and based on his responses, I think it's clear that it's not. The closest he got was just responding to direct, leading questions -- can you be fair, can you consider -- and he came up with, yes, he could consider. Realistically consider based on the record, I don't believe he can.

THE COURT: All right. I am going to ask you

FELL-00002294

162

you might consider. Let's talk about the other possible alternative, which is life in prison. Do you see life in prison as a serious sentence?

JUROR NO. 203: As a serious sentence? Oh, absolutely. Positively. Yes.

MR. BUNIN: Can you say why?

JUROR NO. 203: Well, it's life in prison. It's not -- that's the end. That's the end of your freedom, and I do have some experience with people who have had short jail terms, so I know what their reaction is to a six-month sentence. I can't imagine forever, you know. So it is a very serious sentence, yes.

MR. BUNIN: When you say -- when you give that example, the six-month sentence, you talking about the gentleman that you are working with?

JUROR NO. 203: Yeah, that's working on furlough, yeah. He actually is a personal friend. He had committed two arsons, just to give you the quick full picture. Not my problem, didn't prosecute him, didn't help him with the fires, didn't know about the fires, doesn't change my opinion of him as a friend. He is still a friend. I have got him out on furlough. He is doing trim work and stuff. Are we going to be bosom buddies and traveling across the border to Canada to the casino anymore? No. But within limits, we are still

163

friends, yes.

MR. BUNIN: Are your -- you said some strong things about feeling -- feelings about rehabilitation. Is some of that derived from your friendship with him or others?

JUROR NO. 203: Probably not. There's a lot of people who can be rehabilitated. There's just a lot of things that happen spur of the moment, in my opinion, and I am not in this field, and I don't know -- I don't see it every day, but I just think sometimes people just lose it. I can see that happening, and in that case, I can see where there's probably a potential for some rehabilitation there.

MR. BUNIN: Well, when you say rehabilitation, do you mean that they have to actually act as productive citizens out in the community, or can they show it in some other way?

JUROR NO. 203: Oh, I guess that I would sum up and say if you can contribute anything in any way and in a positive manner and live, you know, within the boundaries of society, you know, civil society, then you are -- that would be rehabilitated, so long as you pose no threat and you are of some use to society, not to be used by society, but useful and productive in some way.

MR. BUNIN: So if your society is the prison

164

society, you think that's still applicable, that reasoning?

JUROR NO. 203: Yes. I don't know how it would apply, but I think it's applicable, yes.

MR. BUNIN: You also answered questions about -- from the judge, about wanting to know about the defendant's background, and you said that was extremely important. Can you tell us why that would be extremely important?

JUROR NO. 203: Well, without -- without injecting into this case, because I don't know anything about it, but it's important to me that there's a trend set in a case that involves an individual's life. I just can't see, you know, a model citizen going off the deep end and creating an instantaneous tragedy. I guess the earmark I would look for is planning, you know, history of that type of thing, and if that doesn't come up in the trial -- I know there's different things that are admitted and not, and I don't know how that happens, but if it doesn't come up in the trial, it couldn't be considered, and it would -- it would probably bide in the defendant's favor, I would think, if you couldn't establish a long-term track record of problems.

MR. BUNIN: But if you heard things like the kind of things Mr. Darrow started talking about, about

165

being abused as a child, not having parents, having no -- having your parents leave you at an early age and kind of being on your own, falling into drugs and alcohol, are those things that you could see as being mitigating, or are they just like -- would they have some other meaning to you?

JUROR NO. 203: Well, if they are just said, then they aren't going to bear much weight. If there's a mental health testimony, things like that that brings some absolute facts to this situation, to be considered, then yes, I could see us considering that.

MR. BUNIN: So if you heard evidence from folks that could tell you these things happened and then explanations of what they mean, that would be important to you?

JUROR NO. 203: It would -- it would seem to be important to me, but more so to you.

MR. BUNIN: If you sit on the jury, it's --

JUROR NO. 203: It's important, yes.

MR. BUNIN: It's what you think matters. Could I have a moment, Judge?

THE COURT: Yes.

(Brief pause.)

MR. BUNIN: That's all, your Honor. Thank you.

FELL-00002295

# EXHIBIT 231

FELL-00002296

```
                         Print Key Output                                        Page   1
     5722SS1 V5R4M0 060210            CCS00P            02/03/11  12:02:22

     Display Device  . . . . . :  D11102A
     User  . . . . . . . . . . :  MTERESAV

     CSE15D01             MAGISTERIAL DISTRICT JUDGE SYSTEM             2/03/11
     D11102A                       Charge Entry                        11-1-02

     Docket No: NT-0001161-93                Title:   COMMONWEALTH OF PENNSYLVANIA
     Case Type: PRIV. COMPLAINT                     vs FELL, DEBBIE
     ==========================================================================
     Offense Date (on or about)  7/13/93   Time          Charge   1   of  1
     Initial Charge Information:
        Type    S
        Title   18        Section/Sub-Sec 4105      / A1
        Desc    BAD CHECK
     Statute    BAD CHECKS - SUMMARY CASE


     Fines/Costs Allocation        Initial        Statute
        FINE                     $                    $.00
        JUDICIAL COMPUTER PR     $                   $1.50


        Total                        $.00           $1.50

     Do Statute Descrs. & Amts. Match Initial Charge (Y/N) N
     F3=Exit   F6=Case Notes   F12=Previous
```

FEB-03-2011  14:48      DISTRICT COURT  11-1-02                                P.16

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | | OTN |
|---|---|---|---|---|
| NT-0000417-94 | | | | |

| 4. Final Issuing Authority to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| PAUL J. ROBERTS | 11 1 05 | | |

**DEFENDANT**

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE REDACTED - FELL | | NT-0000417-94 |

9. Affiant Who Signed Complaint (Name and Address)
NORTHEAST CREDIT & COLLECTIONS
P.O. BOX 197
DUNMORE, PA 18512

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. CRI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | U18173 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 01 94 | 08 02 94 | | 08 23 94 | | | |

| 26. Prelim. Hear./Sum. Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|
| | | | |

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY | 33. |
|---|---|---|---|---|---|---|---|
| 1A  BAD CHECKS | | S | 03 24 94 | CC4105A1 | GP | | |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes | No | 35. Public Defender Requested by the Defendant? | Yes | No | 36. Application Provided for Appointment of Public Defender? | Yes | No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | Date MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| a | a | c | c |
| b | b | d | d |

| 40. Enter 'C' for witness for Complaint- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | Attorney's Name and Address for: | 46. I.D. No. |
|---|---|---|
| 45. Commonwealth | | |
| 45. Complainant | | |
| 47. Defendant | | Private |
| | | Other |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 05 08 95 | $ .00 | $ .00 | REST: 40.35 | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Ball at Preliminary Arraignment | | | Name and Address... | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| 53. Type | 54. Amount $ | 55. Date Set MM DD YY | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Ball at Preliminary Hearing | | | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| 57. Type | 58. Amount $ | 59. Date Set MM DD YY | | |

| 61. If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|
| | | |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 03 11 |

Certified this ___3rd___ day of ___Feb 2011___

My commission expires first Monday of January

I, the above named Issuing Authority certify that this is a true and correct Transcript of the Docket.

AOPC 501A-99    DATE PRINTED: 2/03/11    3:46:33 PM

FELL-00002297

Docket Number of Final Issuing Authority | Court of Common Pleas Docket Number | State Identification Number | **OTN**

NT-0000480-95

Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 6. Transferred from Initial Issuing Authority | DISTRICT NO.

BERNARD J. HENDRZAK | 11 3 07

6. Name and Address (Last Name First)

FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer | 8. Docket No. of Initial Issuing Authority
NT-0000480-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
RIDDER STREET
WILKES-BARRE TWP, PA 18702

10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State PA | 15. ORI | 16. OCA A56237 | 17. Badge Number/Officer I.D.

18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM 08 DD 29 YY 95 | 20. Summons Date Issued MM 08 DD 30 YY 95 | 21. Warrant MM DD YY | 22. Summons Returned MM 09 DD 05 YY 95 | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY

26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT.

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. MM DD YY | 33. |
|---|---|---|---|---|---|---|---|
| BAD CHECKS - SUMMARY CASE | | | 03 18 94 | CC4105A1 | DIS | | |

34. Advised of His Right to Apply for Assignment Counsel? Yes ☐ No ☐ | 35. Public Defender Requested by the Defendant? Yes ☐ No ☐ | 36. Application Provided for Appointment of Public Defender? Yes ☐ No ☐ | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY

38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN

40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified

Attorney's Name and Address for: | 45. I.D. No.

Commonwealth
Complainant
Defendant | Private | Other

Date of Decision MM 3 DD 03 YY 05 | 50. Fines $ .00 | 51. Costs $ .00 | 52. Judgment of Sentence | BAL: $ .00

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

Bail at Preliminary Arraignment | 54. Amount $ | 55. Date Set MM DD YY | 56. Date Bail Posted MM DD YY

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

Current Bail/Bail at Preliminary Hearing | 58. Amount $ | 59. Date Set MM DD YY | 60. Date Bail Posted MM DD YY

Committed Date | 62. Code | 63. Place of Commitment

COPY: MAG. DIST. JUDGE

64. Date Transcript Sent to Court MM 02 DD 07 YY 11

Certified this _____ day of _____
My commission expires first Monday of January _____ SEAL

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

501A-99

DATE PRINTED: 2/07/11 11:01:50 AM

FELL-00002298

Docket Number of Final Issuing Authority | Common Pleas Docket Number | State Identification Number | **OTN**

NT-0000481-95

| Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11 3 07 | | |

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|

**DEFENDANT**

FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

NT-0000481-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State PA | 15. CRI | 16. OCA A56236 | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY MM | 21. Warrant DD YY | 22. Summons Returned MM DD YY | 23. Date Preliminary Arraignment MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

26. Prelim.Hear./Sum.Trial  27. Address of Preliminary Hearing/Summary Trial

| | | | | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition |
|---|---|---|---|---|---|
| A BAD CHECKS - SUMMARY CASE | | | 03 18 94 | CC4105A1 | DIS |

| 34. Advised of His Right to Apply for Assignment of Counsel? Yes No | 35. Public Defender Requested by the Defendant? Yes No | 36. Application Provided for Appointment of Public Defender? Yes No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: Date MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN a b | 38. Codefendant(s) Name | 39. OTN c d |
|---|---|---|---|

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|

Attorney's Name and Address for:

| | | | 48. I.D. No. |
|---|---|---|---|
| 45. Commonwealth | | | |
| 46. Complainant | | | |
| 47. Defendant | | Private | |
| | | Other | |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment | | | 56. Date Bail Posted |
|---|---|---|---|
| Type | 54. Amount $ | 55. Date Set MM DD YY | MM DD YY |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing | | | 60. Date Bail Posted |
|---|---|---|---|
| Type | 58. Amount $ | 59. Date Set MM DD YY | MM DD YY |

| 61. If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January _____

*Michael H. Dotzel*

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

DPC 501A-99  DATE PRINTED:2/07/11 11:02:08 AM

No.8818  P. 8/9    Feb. 7. 2011 10:50AM

FELL-00002299

NT-0000482-95

**OTN**

| 1. Docket Number of Final Issuing Authority/Common Pleas Docket Number | 2. State Identification Number |
|---|---|

| 3. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11  3  07 | | |

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE | | NT-0000482-95 |
| 30 CHESTNUT ST. | | |
| WILKES-BARRE, PA 18702 | 9. Affiant Who Signed Complaint (Name and Address) |

PRICE CHOPPER, ATTN: WM. JORDAN
EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56238 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Issued MM DD YY | Date Issued MM | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | | 09 05 95 | | | |

| 26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|

| | 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition |
|---|---|---|---|---|---|---|
| A | BAD CHECKS - SUMMARY CASE | | | 03 19 94 | CC4105A1 | DIS |

| 34. Advised of His Right to Apply for Assignment of Counsel? Yes ☐ No ☐ | 35. Public Defender Requested by the Defendant? Yes ☐ No ☐ | 36. Application Provided for Appointment of Public Defender? Yes ☐ No ☐ | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | c | c |
| | b | d | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|

Attorney's Name and Address for:                                                      48. I.D. No.

Commonwealth

Complainant

47. Defendant

Private

Other

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | $ .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment Type | 54. Amount $ | 55. Date Set MM DD YY | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing Type | 58. Amount $ | 59. Date Set MM DD YY | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|

| Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January, 2004

*Michael H. Dotzel*

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

PC 501A-99
**DATE PRINTED:** 2/07/11 11:02:22 AM

NO.8318  P. 4/9

Feb. 7. 2011 10:51AM

FELL-00002300

OTN

| 1. Docket Number of First Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number |
|---|---|---|
| NT-0000483-95 | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11  3  07 | | |

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE 30 CHESTNUT ST. WILKES-BARRE, PA 18702 | | NT-0000483-95 |

**DEFENDANT**

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56235 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | | |

26. Prelim. Hear./Sum.Trial  27. Address of Preliminary Hearing/Summary Trial

| 28. Description of Charges | Off. Chgd. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY |
|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 15 94 | CC4105A1 | DIS | |

| 34. Advised of His Right to Apply for Assignment of Counsel? Yes/No | 35. Public Defender Requested by the Defendant? Yes/No | 36. Application Provided for Appointment of Public Defender? Yes/No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | | c |
| | b | | d |

40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant

41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial

| | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|

Attorney's Name and Address for:

48. I.D. No.

Commonwealth
v. Complainant
47. Defendant

Private

Other

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | BAL: $ .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

| Bail at Preliminary Arraignment Type | 54. Amount $ | 55. Date Set MM DD YY | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

| Current Bail/Bail at Preliminary Hearing Type | 58. Amount $ | 59. Date Set MM DD YY | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|

| If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

PC 501A-99

DATE PRINTED: 2/07/11 11:07:15 AM

Certified this _____ day of _____

My commission expires first Monday of January _____

Michael G. Dotzel

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

FELL-00002301

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | OTN |
|---|---|---|---|
| NT-0000484-95 | | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11 3 07 | | |

**DEFENDANT**

| 6. Name and Address (Last Name First) | 7. Date of Transfer | 8. Docket No. of Initial Issuing Authority |
|---|---|---|
| FELL, DEBBIE 30 CHESTNUT ST. WILKES-BARRE, PA 18702 | | NT-0000484-95 |

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A56234 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

| 26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | | | | | | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|---|

| 28. Description of Charges | Off. Char | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | | | |
|---|---|---|---|---|---|---|---|---|
| A BAD CHECKS - SUMMARY CASE | | | 03 15 94 | CC4105A1 | DIS | | | |

| 34. Advised of His Right to Apply for Assignment of Counsel? | 35. Public Defender Requested by the Defendant? | 36. Application Provided for Appointment of Public Defender? | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |
|---|---|---|---|
| Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ | |

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | c | c |
| | b | d | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Attorney's Name and Address for:

| | | 45. I.D. No. |
|---|---|---|
| b. Commonwealth | | |
| 46. Complainant | | |
| 47. Defendant | Private | |
| | Other | |

| 48. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

Bail at Preliminary Arraignment

| 53. Type | 54. Amount | 55. Date Set MM DD YY | 56. Date Bail Posted MM DD YY |
|---|---|---|---|
| | $ | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

Current Bail/Bail at Preliminary Hearing

| 57. Type | 58. Amount | 59. Date Set MM DD YY | 60. Date Bail Posted MM DD YY |
|---|---|---|---|
| | $ | | |

| 61. If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|
| | | |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January 2014   SEAL

*Michael H. Dotzel*

I, the above named Issuing Authority certify that this transcript is a true and correct Transcript of the Docket.

OPC 501A-99   **DATE PRINTED: 2/07/11 11:07:27 AM**

FELL-00002302

OTN

NT-0000485-95

| 1. Docket Number of Final Issuing Authority | 2. Court of Common Pleas Docket Number | 3. State Identification Number |
|---|---|---|

4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. 11 3 07 | 5. Transferred from Initial Issuing Authority | DISTRICT NO.

BERNARD J. HENDRZAK

6. Name and Address (Last Name First)

FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer

8. Docket No. of Initial Issuing Authority
NT-0000485-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State PA | 15. ORI | 16. OCA A56233 | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed | 20. Summons Date Issued | 21. Warrant | 22. Summons Returned | 23. Preliminary Arraignment Date | 24. Time | 25. Date Waived to Court |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | MM DD YY | 09 05 95 | MM DD YY | | MM DD YY |

26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | 32. Date Set For Preliminary Hearing | 33. CONT.

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | MM DD YY |
|---|---|---|---|---|---|---|
| A BAD CHECKS - SUMMARY CASE | | | 03 12 94 | CC4105A1 | DIS | |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes | No | 35. Public Defender Requested by the Defendant? | Yes | No | 36. Application Provided for Appointment of Public Defender? | Yes | No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN a. b. | 38. Codefendant(s) Name | 39. OTN c. d. |
|---|---|---|---|

40. Enter 'C' for witness for Complainant. Enter 'D' for Witness for Defendant. | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified

| Attorney's Name and Address for: | | 46. I.D. No. |
|---|---|---|
| Commonwealth | | |
| Complainant | | |
| 47. Defendant | | Private |
| | | Other |

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 3 03 05 | $ .00 | $ .00 | | $ .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

Bail at Preliminary Arraignment

| Type | 54. Amount $ | 55. Date Set MM DD YY | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

Current Bail/Bail at Preliminary Hearing

| Type | 58. Amount $ | 59. Date Set MM DD YY | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|

| 61. Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January 20___

*Michael G. Dotzel*

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

PC 501A-99

DATE PRINTED: 2/07/11 11:02:45 AM

NO.8618   P. 179

Feb. 7. 2011 10:52AM

FELL-00002303

| 1. Docket Number of Final Issuing Authority | 2. Common Pleas Docket Number | 3. State Identification Number | OTN |
|---|---|---|---|
| NT-0000486-95 | | | |

| 4. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11  3  07 | | |

**DEFENDANT**

6. Name and Address (Last Name First)
FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

7. Date of Transfer | 8. Docket No. of Initial Issuing Authority
NT-0000486-95

9. Affiant Who Signed Complaint (Name and Address)
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A52845 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Date Preliminary Arraignment MM DD YY | 24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | | |

| 26. Prelim.Hear./Sum.Trial | 27. Address of Preliminary Hearing/Summary Trial | | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|

| 28. Description of Charges | Off. Chgr | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. MM DD YY |
|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 12 94 | CC4105A1 | DIS | |

| 34. Advised of His Right to Apply for Assignment of Counsel? | Yes | No | 35. Public Defender Requested by the Defendant? | Yes | No | 36. Application Provided for Appointment of Public Defender? | Yes | No | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: | MM DD YY |
|---|---|---|---|---|---|---|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|---|
| a | a | | c | |
| b | b | | d | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

Attorney's Name and Address for:                                    48. I.D. No.

| 45. Commonwealth | | |
|---|---|---|
| 46. Complainant | | |
| 47. Defendant | | Private |
| | | Other |

| 49. Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment

Bail at Preliminary Arraignment

| 53. Type | 54. Amount | 55. Date Set MM DD YY | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| | $ | | | |

Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing

Current Bail/Bail at Preliminary Hearing

| 57. Type | 58. Amount | 59. Date Set MM DD YY | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| | $ | | | |

| 61. If Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|
| | | |

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January, 2004

*Michael G. Detzel*

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

OPC 501A-99  **DATE PRINTED: 2/07/11 11:10:12 AM**

FELL-00002304

| Docket Number of Final Issuing Authority | Common Pleas Docket Number | State Identification Number | OTN |
|---|---|---|---|
| NT-0000487-95 | | | |

| 1. Final Issuing Authority/to be completed by Final Issuing Authority | DISTRICT NO. | 5. Transferred from Initial Issuing Authority | DISTRICT NO. |
|---|---|---|---|
| BERNARD J. HENDRZAK | 11  3  07 | | |

**6. Name and Address (Last Name First)**
FELL, DEBBIE
30 CHESTNUT ST.
WILKES-BARRE, PA 18702

**7. Date of Transfer**      **8. Docket No. of Initial Issuing Authority**
NT-0000487-95

**9. Affiant Who Signed Complaint (Name and Address)**
PRICE CHOPPER, ATTN: WM. JORDAN
110 EAST END CENTRE
KIDDER STREET
WILKES-BARRE TWP, PA 18702

| 10. Date of Birth MM DD YY | 11. Sex | 12. Race | 13. Operator License Number | 14. State | 15. ORI | 16. OCA | 17. Badge Number/Officer I.D. |
|---|---|---|---|---|---|---|---|
| | | | | PA | | A52750 | |

| 18. Date of Arrest MM DD YY | 19. Date Complaint Filed or Citation Issued or Filed MM DD YY | 20. Summons Date Issued MM DD YY | 21. Warrant MM DD YY | 22. Summons Returned MM DD YY | 23. Preliminary Arraignment Date MM DD YY  24. Time | 25. Date Waived to Court MM DD YY |
|---|---|---|---|---|---|---|
| | 08 29 95 | 08 30 95 | | 09 05 95 | | |

**26. Prelim.Hear./Sum.Trial  27. Address of Preliminary Hearing/Summary Trial**

| 28. Description of Charges | Off. Char. | Grading | 29. Offense Date MM DD YY | 30. Section and Subsection | 31. Disposition | 32. Date Set For Preliminary Hearing MM DD YY | 33. CONT. |
|---|---|---|---|---|---|---|---|
| A  BAD CHECKS - SUMMARY CASE | | | 03 10 94 | CC4105A1 | DIS | | |

| 34. Advised of His Right to Apply for Assignment of Counsel? Yes ☐ No ☐ | 35. Public Defender Requested by the Defendant? Yes ☐ No ☐ | 36. Application Provided for Appointment of Public Defender? Yes ☐ No ☐ | 37. In cases where so required, I the within named Issuing Authority, did make a reasonable effort to settle the difference between the Defendant and the Complainant on: MM DD YY |
|---|---|---|---|

| 38. Codefendant(s) Name | 39. OTN | 38. Codefendant(s) Name | 39. OTN |
|---|---|---|---|
| | a | | c |
| | b | | d |

| 40. Enter 'C' for witness for Complainant- Enter 'D' for Witness for Defendant | 41. Witnesses Names and Addresses and Names and Addresses of persons (not more than 2), Defendant wishes to be Notified for trial | 42. Sworn | 43. Testified | 44. Defense Persons to be notified |
|---|---|---|---|---|
| | | | | |

**Attorney's Name and Address for:**  **45. I.D. No.**

| Commonwealth | |
|---|---|
| Complainant | |
| 47. Defendant | Private |
| | Other |

| Date of Decision MM DD YY | 50. Fines Amount | 51. Costs | 52. Judgment of Sentence | BAL: $ |
|---|---|---|---|---|
| 03 03 05 | $ .00 | $ .00 | | .00 |

**Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Arraignment**

| Bail at Preliminary Arraignment | | | | 56. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| Type  54. Amount $ | 55. Date Set MM DD YY | | | |

**Name and Address of Corporate Surety and Agent or Individual Surety-Preliminary Hearing**

| Current Bail/Bail at Preliminary Hearing | | | | 60. Date Bail Posted MM DD YY |
|---|---|---|---|---|
| Type  58. Amount $ | 59. Date Set MM DD YY | | | |

| 61. Committed Date | 62. Code | 63. Place of Commitment |
|---|---|---|

COPY: MAG. DIST. JUDGE

| 64. Date Transcript Sent to Court MM DD YY |
|---|
| 02 07 11 |

Certified this _____ day of _____

My commission expires first Monday of January, 2001. SEAL

*Michael G. Detzel*

I, the above named Issuing Authority certify that this Transcript is a true and correct Transcript of the Docket.

PC 501A-99  DATE PRINTED: 2/07/11 11:12:08 AM

FELL-00002305

# EXHIBIT 232



English ▾          Other NewsBank Products

Search History   Saved Articles

Search Results for **alexanderian** in All Text

Pennsylvania - Selected Source Types

Edit Search | New Search     Did you mean: *alexandrian*

? Show Help ▾

Back To Results     ◀ Previous  Article 21 of 36  Next ▶     Save this Article ☐

# NARCOTICS PROBE - AREA DOC TARGET OF DRUG BUST DR. HARRY ALEXANDERIAN BEING ACCUSED BY STATE ATTORNEY GENERAL OF MAKING LARGE-SCALE RX SALES TO ADDICTS.

**Times Leader, The (Wilkes Barre, PA)** - Tuesday, October 5, 2004

*Author: TERRIE MORGAN-BESECKER tmorgan@leader.net*

WEST PITTSTON - A 78-year-old borough doctor earned $2,000 to $4,000 per day selling prescription narcotics to addicts who flocked to his office in a posh West Pittston neighborhood, state authorities said Monday.

Dr. Harry **Alexanderian** saw up to 100 patients per day and once purchased so much Tylenol with codeine that he ranked as the largest physician purchaser of codeine in the United States, state Attorney General Jerry Pappert said at a press conference announcing charges against the physician.

**Alexanderian** is charged with illegally selling narcotic painkillers and anxiety medications, including Valium, Darvocet, Vicodin and Tylenol with codeine, from his home and office at 1010 Susquehanna Ave. from 1997 to 2003. He was also charged with money laundering and unlicensed treatment of drug addiction.

Authorities said some of **Alexanderian** 's patients were heroin addicts who went to him on the false belief he could cure their addiction - an aspect of the case Pappert said he found ``particularly reprehensible."

``We're alleging Dr. **Alexanderian** gave drugs to people he knew were drug addicts, and far from helping them detox, he was exacerbating the problem," Pappert said.

The arrest is part of an initiative Pappert announced earlier this year to target the illegal the sale of prescription drugs, he said.

``There is not the same stigma attached to distributing prescription drugs," Pappert said. ``Just because he was not delivering drugs during the middle of the night on a street corner does not diminish the seriousness of the crime. In many ways this defendant is one of the biggest drug dealers in the area."

The investigation began in early 2002. The arrest comes seven months after agents raided **Alexanderian** 's office. Approximately 190,000 pills and thousands of documents were seized.

Agents interviewed more than 100 of **Alexanderian** 's patients. The case was then taken to a statewide Grand Jury, which recommended the charges.

Financial records showed **Alexanderian** purchased $500,000 worth of drugs from various pharmaceutical companies from December 2001 to February 2004, Pappert said. It's alleged he sold the drugs directly to patients after performing a minimal medical evaluation,

NEW Related Articles

Tell us what you think...

▶ NET DRUGS CAN BE BAD MEDICINE - DOCTORS, PHARMACIS...

▶ No Child Left Untested? - Should Schools Conduct R...

▶ DOCTOR CHARGED IN DRUG MISUSE

▶ Drug Dangers - Common Drugs That Can Hurt You

▶ Life-or-Death Lottery - The medicine is scarce; it...

▶ Strange Medicine

▶ Saying No to Big Pharma - Some Docs Decline Drug F...

▶ Made to Order Medicine - A revolution in genetic r...

▶ STING NETS MORE THAN 20 DRUG SUSPECTS/ TWENTY-THRE...

▶ An AIDS Drug-Price War - An Indian firm takes on t...

○ 4 Saved Articles
● this article

✉ Email                    ▼

🖨 Print                     ▼

↗ Bibliography (export)

Quick Links

▶ Find articles by TERRIE MORGAN-BESECKER tmorgan@leader.net
▶ Find more articles from page 1A
▶ Find more from section "NEWS"
▶ Find all articles from October 5,