**APPENDIX A**

**Documents Sought from the United States Attorney's Office for the District of Vermont**

1.  Any and all records regarding Christopher Eike, and/or the incident in Woodstock New York.

2.  Any and all records, notes, communications and other documents regarding the 1992 shooting incident involving Mr. Fell and John Gacek.

3.  Any and all records relating to Mr. Fell's disciplinary incidents on March 17, 2004 or April 9, 2005 and regarding the disciplinary histories or grievances of any of the officers involved in those incidents including Officer Marc Pelkey.

4.  Any and all records relating to Francis Bellantoni, including, but not limited to the 302 or other interview documentation of any interview with Mr. Bellantoni conducted by the FBI, U.S. Attorney, or any other law enforcement agency.

5.  Any and all records, notes and other documents relating to Dr. Michael Welner's work in Mr. Fell's case.

6.  Any and all records, notes, communications and other documents relating to Dr. Richard Wetzel's examination of Mr. Fell on June 13, 2005, including communications between Dr. Wetzel and the Government or between Dr. Wetzel and other mental health professionals.

7.  Any and all 302s, 340s and reports or notes of interviews not produced to the defense, including reports of interviews listed in Dr. Welner's report that were not turned over to the defense.

8.  Any and all records regarding Mr. Lee, including, but not limited to any and all records regarding Mr. Lee's prison record at the Northwest State Correctional Facility.

9.  Any and all physical evidence, records, notes and other documents relating to the Dover Plains crime scene, including but not limited to:

    a.  Any physical evidence obtained from the crime scene during any investigation;

    b.  Any depiction of the crime scene, including photographs and/or videos taken during any investigation; and

    c.  Any communications between the state and local police agencies and the FBI regarding the Dover Plains crime scene.

10. Any and all physical evidence, records, notes, communications and other documents relating to the death of Mrs. King.

11. Any and all records, photographs, communications and other documents regarding Dr. Baden's work on Mr. Fell's case.

12. Any and all physical evidence, records, notes, communications and other documents relating to the Rutland crime scene, including but not limited to:

    a.  Any physical evidence obtained from the crime scene during any investigation;

    b. Any depiction of the crime scene, including photographs and/or videos taken during any investigation; and

    c. Any communications between the state and local police agencies and the FBI regarding the Rutland crime scene.

13. A complete inventory list of all evidence taken from the Rutland crime scene.

14. Any and all physical evidence, photographs, records, notes, communications and other documents relating to the autopsies of Debra Fell and Charles Conway.

15. Any and all records, photographs, communications and documents with or from the Vermont Medical Examiner's Office and Dr. Paul Morrow regarding the autopsies of Debra Fell and Charles Conway.

16. Any and all investigatory documents, including any and all records, notes, communications and other documents collected during the FBI's investigation of Mr. Fell's and Mr. Lee's history and background, including, but not limited to any documentation underlying the FBI's report on Mr. Fell and Mr. Lee compiled in early 2001.

17. The pipes found in the car upon Mr. Fell and Mr. Lee's arrest in Clarksville, Arkansas, and the results of any and all testing done on the pipes or substances contained in the pipes.

18. Any results of testing done on the brown liquid and Marlboro box with plastic baggies that were found in the car upon Mr. Fell and Mr. Lee's arrest in Clarksville, Arkansas.

19. Any and all records, documents and communications concerning the decision of the United States Government to seek the death penalty against Mr. Fell.

20. Any and all records, documents or communications regarding Mr. Fell's disability determination by the Social Security Administration and all documents from the Wilkes-Barre Social Security Office and the Office of Disability Determination.