UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
---------------------------------------------------------------- X
                               :

DONALD FELL,                      :

           Movant,       :

         - against -     :     2:01-CR-12

                            :

UNITED STATES OF AMERICA,     :

          Respondent.    :

                            :

---------------------------------------------------------------- X


# RESPONSE TO THE GOVERNMENT'S SURREPLY TO MR. FELL'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

LEWIS J. LIMAN
Cleary Gottlieb Steen &
Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont 05641-4125
(802) 479-2514

Date:  October 17, 2011

*Attorneys for Donald Robert Fell, Jr.*

Movant Donald Fell, through undersigned counsel, submits this response to the Government's Surreply to Mr. Fell's Motion for Leave to Conduct Discovery. In that Surreply, the Government asks the Court to defer ruling on Mr. Fell's motion until after the Government serves its Answer to Mr. Fell's 2255 Motion in December 2011. Taking into account the time that Mr. Fell would need for a reply, and then adding in time for the Court to consider the papers, the Government's proposal would have resolution of Mr. Fell's Motion for Leave to Conduct Discovery ("Discovery Motion") delayed until the Spring of 2012 – an unnecessarily long time that needlessly risks fading memories, lost evidence and the like.

Mr. Fell respectfully requests that the Court exercise its discretion under the 2255 Rules and order the Government to withhold its Answer until discovery is complete and Mr. Fell has filed amendments to his 2255 Motion as a result of the discovery.[1] Even if the Court does not postpone the Government's prospective Answer date of December 1, 2011, there is no valid basis for the Government's request to delay a decision on Mr. Fell's Discovery Motion until after the Answer is filed. Mr. Fell has had to compile his 2255 Motion without the benefit of discovery for well over a year. Mr. Fell now therefore respectfully requests that the Court proceed with the resolution of Mr. Fell's pending Discovery Motion regardless of the timing of the Answer.

## I.    The Court Should Exercise Its Discretion To Postpone the Government's Answer Date

Under the 2255 Rules, the Court has discretion over the timing of the Government's response to a 2255 motion. See Rule 4(b) (if the Court does not dismiss the 2255 Motion upon the Court's own initial review of the motion "the judge must order the United States attorney to

---

[1] Unless otherwise specified, all capitalized terms have the meaning assigned in Mr. Fell's Memorandum in Support of his Motion for Leave to Conduct Discovery, dated May 5, 2011 and Reply Memorandum in Support of the Motion for Leave to Conduct Discovery, dated August 26, 2011 ("Reply Br.").

file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Here, the Court has entertained motion practice on the issue of discovery, which it has acknowledged is integral to a robust prosecution of Mr. Fell's 2255 Motion. See Hearing Transcript at 3:24-25, United States v. Fell, No. 2:01l-CR- 12 (D. Vt. June 1, 2011) ("June 1 Hr'g. Tr.") (Court: "[T]here, I assume, will be extensive discovery in regard to the litigation."); see id. at 11:17-21 (Court: Noting that a preemptive narrowing of the issues would be "a little premature because, frankly, discovery has not been conducted on issues of withholding of evidence or ineffective assistance of counsel for pursuing an investigation, et cetera."); id. at 19:1-7 (Court: "I am particularly sensitive to the issue of a need for discovery, generally speaking, especially when you are talking about ineffective assistance of counsel for failure to investigate, or the withholding of evidence from the government, because a lot of that information has to be disclosed before you can adequately address the issue."). The Court – and the Government (then represented by other counsel) – has further postulated that Mr. Fell's prospective amendment to the 2255 Motion, which would then be the operative instrument to adjudicate, would be filed after discovery has been completed. See id. at 5:10-15 (Mr. Darrow: "at some point [Mr. Fell] will seek to file an amended motion ... which would be the operative instrument to adjudicate at the time"; Court: "Right. Once discovery has been completed, as I understand.").

Given that Mr. Fell intends to file an amended motion after discovery, Mr. Fell respectfully submits that in the interest of judicial economy the Court should not permit the Answer at this early date. See e.g. Banks v. Dretke, 540 U.S. 668, 675-76 (2004) (long-suppressed evidence supporting a Brady claim only came to light following post-conviction discovery and an evidentiary hearing authorized in a federal habeas corpus proceeding). The

2

more efficient course of conduct would be for Mr. Fell to have the opportunity to submit an amended motion after conducting discovery, to which the Government would then submit a response, Mr. Fell would then reply, and the Court would then schedule a hearing and make a determination as to the merits of the Mr. Fell's claims.

## II.     The Court Should Proceed with the Resolution of Mr. Fell's Discovery Motion Request Regardless of the Timing of the Government's Answer

Even if the Court permits the Government's Answer at this early date, there is no valid basis for the Government's request that the Court delay a decision on Mr. Fell's Discovery Motion until after the Answer is filed.

Many of the discovery requests and subpoenas Mr. Fell seeks leave to serve under the Federal Rules of Civil Procedure would not be addressed to the Department of Justice. The Justice Department thus would not be burdened by any production obligations pursuant to those subpoenas and requests. In other instances, where the discovery request would be addressed to the Justice Department, the Justice Department has already agreed to produce responsive documents. It just has not agreed to conduct the search required by the Federal Rules of Civil Procedure, to make the statements required by the Federal Rules of Civil Procedure, or to subject itself to the consequences under the Federal Rules of Civil Procedure of a discovery default or violation. This applies to a broad swath of requests including those for forensic evidence in Vermont, New York and Arkansas, and records relating to its collection; documents underlying a report that the FBI issued regarding Mr. Fell and Mr. Lee's background in 2001; the unredacted version of the June 14, 2005 memorandum from the Albany FBI to the Philadelphia FBI requesting interview of Christopher Eike; information regarding the interview conducted by the FBI of Frances Bellantoni, an eyewitness to the crimes; and information from the Catskills Regional Medical Center regarding Christopher Eike (as to which it currently states it has no

3

responsive documents). <u>See</u> Opp. Br. at 20-21, 23, 25-26. The Court was also clear at the outset that it expected discovery to go forward at least with respect to non-contested issues. <u>See</u> June 1 Hr'g Tr. at 23:8-15 (Court addressing the Government's request to "narrow" the issues: "[Y]ou should have a pretty good explanation of what areas you want to attempt to narrow so that you should be able to, at least by [June] 20th, say ... these are the issues that we anticipate we may seek to dismiss and hold in abeyance the discovery in regard to those particular issues. But more generally, let the discovery go forward. Or raise your objection to the discovery in your response."); <u>id.</u> at 25:1-12 (Court addressing counsel for Mr. Fell's concern about the Government's request to postpone discovery: "[I]f you know if areas in which clearly discovery will go forward, or the claims will go forward, will not be subject to a motion to dismiss, it seems to me that they should respond by [June] 20th to those ... I appreciate the fact that you want to move forward."). Mr. Fell simply seeks the right to serve discovery requests with respect to all of these categories of information so that – particularly in a case of this significance – he is not forced to rely on the Government's say-so but he has a request with force of law which requires the Government to back up its assertions with the searches required by the Federal Rules. There could be no conceivable hardship in the Government answering such discovery requests.

In other instances, the Government originally stated that it intended to move for summary disposition (but has backed off that assertion) but never articulated any basis for why it would have hardship responding to discovery requests or why third parties other than the Government would have hardship responding to discovery requests. Mr. Fell's objections to the Government's request to hold discovery in abeyance pending its then purportedly forthcoming summary dismissal motion, Reply Br. at 11-14, apply with equal if not greater force here.

4

Indeed, the only request as to which the Government interposed any privilege or hardship objection was that with respect to its decision to seek the death penalty in this case and that objection clearly is best (and most customarily dealt with) by the service of a discovery request by the requestor and the service of a privilege log and objections by the responding party: it cannot be addressed in the abstract.

More generally, if the Government has any objections to any discovery requests, the appropriate way to address them is after they are authorized to be served and are served and through a meet-and-confer and then through a motion to compel, or a motion for a protective order under the Federal Rules of Civil Procedure. The 2255 Rules do not provide for such objections to be dealt with prior to discovery being authorized.

Accordingly, there is no reason to delay resolution of the Discovery Motion until the Government files its Answer.

Dated: October 17, 2011
New York, New York

RESPECTFULLY SUBMITTED,

/s/ Lewis J. Liman
LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

Dated: October 17, 2011
New York, New York

/s/ Cathleen I. Price
CATHLEEN I. PRICE
P.O. Box 321762
New York, NY 10032
(212) 998-6193

5

Dated: October 17, 2011
Barre, Vermont

/s/ Richard Rubin
RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont  05641-4125
(802) 479-2514
Fax: (802) 479-2516

ATTORNEYS FOR MOVANT,
DONALD FELL

6

# UNITED STATES DISTRICT COURT

# DISTRICT OF VERMONT

## CERTIFICATE OF SERVICE

I, Lewis J. Liman, an attorney admitted to practice in the State of New York and a partner of the firm of Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On October 17, 2011, I electronically filed with the Clerk of Court the Response to the Government's Surreply to Mr. Fell's Motion for Leave to Conduct Discovery using the CM/ECF system on behalf of Donald Fell. The CM/ECF system will provide service of such filings via Notice of Electronic Filing (NEF) to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action.

Dated: October 17, 2011
New York, New York

/s/ Lewis J. Liman
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
(212) 225-2550
lliman@cgsh.com