

**U.S. Department of Justice**

*United States Attorney*
*District of Vermont*

---

*United States Courthouse and Federal Building*
*Post Office Box 570*                                    *(802) 951-6725*
*Burlington, Vermont 05402-0570*                         *Fax: (802) 951-6540*

September 21, 2012

Hon. William K. Sessions, III
United States District Court
District of Vermont
Burlington, VT 05402-0928

      Re:    *United States v. Fell*
           No. 2:01-CR-12-2

Dear Judge Sessions:

This letter responds to the September 11, 2012, letter from Donald Fell's attorneys asking the Court to grant Fell's May, 2011 motion for discovery (Doc. 309). The latter also proposes the entirety of 2013 for discovery, with an amended § 2255 motion following in 2014. The government opposes these requests.

Fell's discovery motion is now stale. Since it was filed in May, 2011, the government's December 2011 response to the § 2255 motion (Doc 338), and Fell's August 2012 reply (Doc 358), have thoroughly aired the issues. Also during the interim Fell obtained considerable additional discovery through FOIA requests. We note also that his massive § 2255 motion reflected extensive pre-filing investigation. At this point, based upon over 1,000 pages of briefing, and hundreds of associated exhibits, the government respectfully urges the Court to dismiss the petition, or, alternatively, limit its scope. Once that is done, sensible discovery on any remaining issues can be addressed. Embarking now on the massive discovery contemplated in mid-2011 would overlook developments since that time, and would be unwarranted and very burdensome. The unguided and unnecessary proposed discovery would simply be a "fishing expedition" in already heavily fished waters.

Fell's 2011 motion proposed sweeping subpoenas and document requests on multiple entities, including the Vermont Department of Corrections; Vermont's Northwest State Correctional Facility; the United States Marshal's Service; the United States Attorney's Office ("USAO"); the Federal Bureau of Investigation ("FBI"); and the Office of the Attorney General of the United States. The motion was submitted prior to Rule 4 review by the Court and – as was subsequently pointed out – in disregard of, in various instances, the trial record, the facts, and the limitations of § 2255 collateral review. Rather than going forward with the discovery proposed in 2011, necessitating piecemeal responses from various entities, if deemed necessary at all the Court should narrow the scope of the issues requiring discovery (and narrow the scope of permissible discovery).

The government's Dec 2011 response addressed all of Fell's claims in detail. Since filing his 2011 motion, Fell has obtained more discovery (beyond the discovery voluntarily produced by the government referenced in prior filings). Thus, his FOIA requests on multiple entities (including the USAO, the FBI, and the State of Vermont), have brought responses. The combination of the government's filing, a comprehensive trial – and post-trial – record, and extensive discovery already obtained, renders the 2011 discovery motion outdated. It makes little sense to proceed with discovery

proposed in early 2011, ignoring subsequent events and the parties' extensive briefing.

The United States also opposes Fell's request for leave to amend his 2255 motion in 2014 (nearly a decade after trial). The law limits amendments to 2255 motions, and Fell makes no showing that he should be permitted to continue to expand his already voluminous claims.

After the filing of an answer, a 2255 movant may amend his petition only with the government's consent or with leave of court. Leave should be freely given when justice requires. Fed.R.Civ. P. 15(a)(2); *see U.S. v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) (concerning the applicability of the rule to 2255 proceedings). The Court's discretion to grant such leave, however, is limited by the Antiterrorism and Effective Death Penalty Act of 1996, which imposes a one-year period of limitations in which federal prisoners may seek collateral relief from criminal judgments. 28 U.S.C. 2255(f) ("A 1-year period of limitation shall apply to a motion under this section"); *see also Negron v. U.S.*, 394 Fed.Appx. 788, 790 n. 1, 794 (2d Cir. 2010); *U.S. v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). The limitation period, which begins to run on the date the Supreme Court denies a defendant's petition for writ of certiorari from a direct appeal, *Willis*, 202 F.3d at 1280-81, bars untimely amendments that add new claims to an initial 2255 motion. *U.S. v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

The limitation period is not an absolute bar as 2255 movants can make untimely amendments that relate back to existing claims. *Hoffenberg v. U.S.*, 333 Fed.Appx. 625, 628-29 (2d Cir. 2009); *U.S. v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000). However, arguments premised on new facts do not relate back to earlier contentions just because they rely on the same constitutional principle. *Id.* "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the same conduct, transaction, or occurrence." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Thus, a proposed amendment may not introduce a new theory based on facts different from those underlying existing issues. *See Dean v. U.S.*, 278 F.3d 1218, 1221 (11th Cir. 2002) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts").

The limitations period on new 2255 claims is long past. Moreover, the government has filed its response to the 2255 motion. Therefore, prior to seeking leave to amend, Fell must identify the proposed amendment and demonstrate that it relates back to his original pleading. His proposed motion for leave is thus premature and should be denied.

Thank you for your consideration.

Very truly yours,

TRISTRAM J. COFFIN
United States Attorney

By:   JACABED RODRIGUEZ-COSS
WILLIAM B. DARROW

cc:   Lewis J. Liman, Cathleen Price, Richard Rubin

2