# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1 (212) 225-2550
E-Mail: lliman@cgsh.com

LESLIE B. SAMUELS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
JOHN PALENBERG
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER

JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA

BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
JOON H. KIM
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
JONATHAN S. KOLODNER
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
ELIZABETH LENAS
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
RESIDENT COUNSEL

November 5, 2012

RECEIVED
BURLINGTON, VT

NOV - 9 2012

CLERK'S OFFICE
U.S. DISTRICT COURT

Hon. William K. Sessions III
United States District Court of Vermont
P.O. Box 945
Burlington, VT 05402

Re:  *United States v. Donald Fell*, 2:01-CR-12-01 (WKS)

Dear Judge Sessions:

We represent Donald Fell and write in response to the Government's September 21, 2012 letter ("Sept. 21 Letter") opposing Mr. Fell's September 11, 2012 request that the Court enter an order granting and setting a schedule for discovery in the above-referenced matter ("Sept. 11 Letter"). The Government has offered no compelling reason that the Court should delay in granting Mr. Fell the discovery requested in his fully-briefed Motion for Leave to Conduct Discovery, Dkt. No. 309 ("Discovery Motion").

First, the Government's Sept. 21 Letter is premised on the notion that because Mr. Fell obtained documents from Freedom of Information Act ("FOIA") requests and because the Government chose to provide other information to Mr. Fell, he somehow has received the "discovery" to which he is entitled and the Court need not grant his motion for discovery under the Federal Rules of Civil Procedure and Criminal Procedure. That notion is deeply flawed for at least two reasons. First, the documents that Mr. Fell received through FOIA requests do not exhaust at all the materials that he would need in order to press his 2255 Motion, as laid out in the Discovery Motion itself. Second, information obtained informally or through FOIA requests is not "discovery." It is not accompanied by the certification accompanying every discovery disclosure or response that the disclosure is complete and correct and has been made "after

Hon. William K. Sessions III, p. 2

reasonable inquiry." Fed. R. Civ. P. 26(g). It does not carry with it the obligation to supplement. See, e.g., Fed. R. Civ. P. 26(e). Finally, it does not provide recourse should the Government fail to comply with its obligations under those rules. See, e.g., Fed. R. Civ. P. 37; Fed. R. Crim. P. 16(d)(2), 17(g). Mr. Fell is hopeful that the Government will satisfy all of its obligations and will, for example, base its responses on reasonable inquiry, but basic due process would require that Mr. Fell have the right to request documents and information from the Government through the ordinary processes provided to every litigant and not just rely on the Government's say-so.

Second, the Government is not correct that the pending briefing on the Government's Amended Opposition to Fell's § 2255 Motion (the "Amended Opposition"), Dkt. No. 338, renders the Discovery Motion "outdated." Id. The Government has already acknowledged that some of the materials requested in the Discovery Motion should be disclosed, see Opposition of the United States to Fell's Discovery Motion at 20-21, 23, 25, Dkt. No. 323, and Mr. Fell's opposition has demonstrated that he is entitled to other information and that the Government's opposition is without merit. More importantly though, as Mr. Fell explained in the Discovery Motion briefing and in his Sept. 11 Letter, there is nothing in the Amended Opposition that would prevent the Court from allowing discovery to proceed and the case to move forward while the opposition is *sub judice*.[1] See Movant's Sept. 11 Letter at 2; Hearing Transcript at 23:11-14, United States v. Fell, 2:01-CR-12-01 (WKS) (D. Vt. June 30, 2011) (considering a then-hypothetical Government filing, this Court instructed that, even if that filing did impact whether it was efficient to move forward with discovery on some allegations, in general it is appropriate to "let the discovery go forward"). After Mr. Fell makes requests to the Government under the Federal Rules, the Government will still be able to object to those requests under the standards established by the Federal Rules and the parties can try to work out issues between them. Moreover, Mr. Fell would be able to obtain needed discovery from third parties.

Finally, the Government makes much of a dispute that is not currently before the Court, namely whether Mr. Fell is entitled to amend his Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and For a New Trial Pursuant to 28 U.S.C. § 2255, Dkt. No. 301, after discovery is completed. While the proposed order submitted with Movant's Sept. 11 Letter included a proposed date for such an amendment, Mr. Fell has not requested leave to amend and

---

[1]    Also counseling in favor of allowing discovery while the Amended Opposition is pending is that – as Mr. Fell explained in his reply brief to that opposition, Dkt. No. 358 ("Reply") – the Government's argument for dismissal in the Amended Opposition rests on a misunderstanding of the standard that the Court must apply in this early stage of the proceedings. See Reply at 7-9. At the "initial consideration" stage contemplated by Rule 4 of the Rules Governing § 2255 Proceedings, "[t]he critical question is whether [the movant's] allegations, when viewed against the record…were 'so palpably incredible,' so 'patently frivolous or false,' as to warrant summary dismissal." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (citation omitted); see also Armienti v. United States, 234 F.3d 820, 823-25 (2d Cir. 2000) (dismissal is not appropriate where "the motion and the files and records of the case do not conclusively show that [movant] is entitled to no relief") (citations and internal quotation marks omitted). It is simply inefficient to keep Mr. Fell from proceeding with discovery while the Court determines whether Mr. Fell's 2255 Motion has met this extremely low threshold.

Hon. William K. Sessions III, p. 3

the Government's opposition to any amendment would regardless not be ripe until discovery is completed and Mr. Fell has had an opportunity to assess what amendments are necessary.[2]

   As this Court has recognized, in cases such as this there is "a need for discovery… especially when you are talking about ineffective assistance of counsel for failure to investigate, or the withholding of evidence from [sic] the government, because a lot of that information has to be disclosed before you can adequately address the issue." Hearing Transcript at 19:1-7, United States v. Fell, 2:01-CR-12-01 (WKS) (D. Vt. June 30, 2011). The Government has offered no plausible basis for its asserted need to delay the commencement of this inevitable discovery any further, and Mr. Fell should be granted leave to conduct it as outlined in the Discovery Motion.

         Respectfully submitted,

         Lewis J. Liman

cc: William Darrow
  Jacabed Rodriguez-Coss
  Cathleen Price
  Richard Rubin

---

[2] It should be noted that the Government acknowledged that Mr. Fell will file an amendment after discovery is complete in discussions with the Court at the hearing on June 30, 2011. Hearing Transcript at 5:10-15, United States v. Fell, 2:01-CR-12-01 (WKS) (D. Vt. June 30, 2011) ("MR. DARROW: . . . at some point they will seek to file an amended motion . . . which would be the instrument to adjudicate at the time. THE COURT: Right. Once discovery has been completed, as I understand.").