UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
----------------------------------------------------------------------- X
                                                                       :
DONALD FELL,                                                           :
                                                                       :
                                   Movant,                             :
                                                                       :          2:01-CR-12
                      - against -                                      :
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                   Respondent.                         :
                                                                       :
                                                                       :
----------------------------------------------------------------------- X

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

Donald Fell respectfully submits this Memorandum of Law in support of his

Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order dated May

10, 2013, which denied in part and granted in part the Government's request for summary

dismissal of Mr. Fell's Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence,

and for a New Trial pursuant to 28 U.S.C. § 2255 ("2255 Motion").

Mr. Fell seeks limited relief. The Court dismissed Mr. Fell's claim that he was

selected by the Attorney General to receive the death penalty on the impermissible grounds of

race, gender and geography, without indicating explicitly whether that dismissal was with

prejudice or without prejudice. See Claim XXIII(A). Mr. Fell recognizes that the Court has held

that he has not cited sufficient evidence to sustain that claim under current law and he does not

ask that the Court now reinstate that claim or reconsider his arguments. Rather, he asks for the

limited relief that the Court make explicit that his selective prosecution claim is dismissed

without prejudice. He makes this request so that, in the event that the law changes between now

and an ultimate determination on his 2255 Motion or the facts develop in such a manner that he

has the basis to amend the Motion, he is not faced with the argument that the claim was dismissed with prejudice and that the time to seek reconsideration of that ruling has run.

On May 10, 2013, the Court ruled on the Government's request for summary dismissal of Mr. Fell's entire 2255 Motion in a Memorandum Opinion and Order, permitting the vast majority of Mr. Fell's claims to go forward. See Memorandum Opinion and Order, Dkt. No. 367 (May 10, 2013) (the "Order").[1] The Court summarily dismissed Mr. Fell's claim that the Attorney General decided to seek the death penalty against him on the basis of race, gender, and geography (Claim XXIII(A)) and ruled that Mr. Fell had not met the onerous burden to establish "good cause" for discovery from the Government. See Dkt. 367 at 108 (cited new articles and statistical studies did not "supply the requisite showing"); id. at 110 (cited statistics did not constitute "some evidence").

The Court specified that it was dismissing another claim, Claim XXIII(E) (method of execution), without prejudice. Dkt. 367 at 114. However, the Court did not explicitly indicate whether its dismissal of Claim XXIII(A) was with or without prejudice. Id.

Mr. Fell respects that this Court has ruled and he does not now challenge that ruling on the merits. He understands also that this Court has ruled with respect to discovery from the Government and does not challenge that ruling. However, because the Court did not indicate whether its dismissal was without prejudice, he recognizes that the Government might argue that it was with prejudice. See Kern v. Hettinger, 303 F.2d 333, 340 (2d Cir. 1962) (holding that dismissal was with prejudice where words "without prejudice" were absent); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2373 (3d ed. 2008) (dismissal that comes within final sentence of Rule 41(b) is with prejudice when the court is silent on the

---

[1] The Court ruled on Mr. Fell's requests for discovery on those claims, see ECF No. 369 (the "Discovery Order"), and scheduled further proceedings on Mr. Fell's juror misconduct claims, see ECF No. 368.

matter).  The Government might then assert that such dismissal forecloses him from seeking to amend even if facts or law develop during the pendency of the 2255 Motion that would otherwise permit the assertion of a selective prosecution claim.  Cf. Fed. R. Civ. P. 15.  Mr. Fell is also concerned that, under those circumstances, the Government might argue that Mr. Fell should have asked for clarification within the period provided by the Local Rules of Procedure for motions for reconsideration.  See D. Vt. R. 7.0(c).

Mr. Fell does not believe that such arguments would be meritorious.  However, given the gravity of the issues at stake and the consequences of a finding of waiver, Mr. Fell believes it is appropriate for the Court to clarify its Order.  He therefore asks that the Court clarify that the dismissal was without prejudice so that in the event, however likely or unlikely, that the facts or law develop in a way that warrants amendment, he may amend.

This request will not prejudice the Government.  Mr. Fell will not amend unless the law or the facts relevant to Claim XXIII(A) change in a manner that would state a claim given this Court's ruling.  Nor will he seek discovery from the Government with respect to this issue unless and until the facts or law change so as to support a request for discovery given this Court's rulings.

## **CONCLUSION**

For the reasons set forth above, Mr. Fell seeks clarification or modification of the summary dismissal of Claim XXIII(A) to hold that the claim is dismissed without prejudice.

Dated: May 24, 2013                              RESPECTFULLY SUBMITTED,
New York, New York


 /s/ Lewis Liman
LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999


Dated: May 24, 2013
New York, New York


 /s/ Cathleen Price
CATHLEEN PRICE
P.O. Box 321762
New York, NY 10032
(212) 998-6193


Dated: May 24, 2013
Barre, Vermont


 /s/ Richard Rubin
RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

*Attorneys for Movant Donald Fell*