UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 JUN -7  AM 10: 41

CLERK

BY _____
DEPUTY CLERK

----------------------------------------------------------------- X
                         :

DONALD FELL,                       :

          Movant,              :

         - against -           :      2:01-CR-12-01

                         :

UNITED STATES OF AMERICA,    :

          Respondent.      :

                         :

----------------------------------------------------------------- X

## DEFENDANT'S APPLICATION FOR FUNDS FOR MENTAL HEALTH EXPERT ASSISTANCE

### FILED *EX PARTE* AND UNDER SEAL

Defendant Donald Fell respectfully submits this *ex parte*, sealed application for funds to retain Dr. Leo J. Shea III, a clinical psychologist and neuropsychologist with expertise in treating trauma and patients with chronic neurological diseases. Dr. Shea will further develop evidence in connection with the mental health claims set forth in Mr. Fell's motion for collateral relief under 28 U.S.C. § 2255 (the "2255 Motion") and will be prepared to provide related testimony if and when that becomes appropriate. Mr. Fell requests that the Court order the District Clerk to file all documents and exhibits submitted in connection with this application under seal, and that the Court hold these documents *in camera* for review exclusively by the Court.

### I.    REQUEST FOR EXPERT ASSISTANCE

As the Court is aware, Mr. Fell raised claims in the 2255 Motion that his trial counsel were ineffective in their investigation and presentation of Mr. Fell's mental health, and

the Court has permitted Mr. Fell to proceed to an evidentiary hearing on these claims. Memorandum and Order at 114, Dkt. No. 367 (May 10, 2013). In order to further support his claims, Mr. Fell seeks to retain a clinical neuropsychologist to evaluate Mr. Fell.

As Mr. Fell alleged in the 2255 Motion, trial counsel retained Dr. Wilfred Van Gorp to conduct neuropsychological testing on Mr. Fell in the months after he was arrested in contemplation of a plea agreement, but this neuropsychological testing fell below prevailing professional norms because Dr. Van Gorp did not have the benefit of a complete social history of Mr. Fell's life, and he did not subject Mr. Fell to an informed or even complete battery of testing. Mr. Fell's Motion alleged that an adequate mental health assessment would have revealed that Mr. Fell suffered multiple impairments. One of Mr. Fell's postconviction experts has indicated the need for additional neuropsychological testing to further explore and assess infirmities that have been revealed in the course of the postconviction investigation. Postconviction counsel request that the Court appoint Dr. Leo Shea to perform this assessment.

Section 3591 of the Federal Death Penalty Act of 1994 authorizes the Court to provide the defense funds for experts that are "reasonably necessary for the representation of the defendant" in capital cases. 18 U.S.C. § 3599(f) ("Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorney to obtains such services on behalf of the defendant."). See also Patrick v. Johnson, 48 F. Supp. 2d 645, 646 (N.D. Tex. 1999) ("[E]stablished habeas corpus and death penalty precedent suggests that Congress intended to provide prisoners with 'all resources needed to discover, plead, develop, and present evidence determinative of their colorable constitutional claims.'") (citing J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 19.3 at 702 (3d

ed. 1998)).  The services of a neuropsychologist are reasonably necessary in order for Mr. Fell to demonstrate that trial counsel's investigation of Mr. Fell's mental health fell below prevailing professional norms.  See Lynch v. Hudson, No. 2:07 Civ. 948, 2009 WL 3497846, at *3 (S.D. Ohio Oct. 29, 2009) (granting funds to retain neuropsychologist to develop claim of ineffective assistance of counsel); Brinkley v. Houk, No. 4:06 Civ. 0110, 2007 WL 1544586, at *4 (N.D. Ohio May 24, 2007) (granting funds to retain licensed psychologist or psychiatrist, or mitigation specialist, to assist the court in evaluating evidence of disorders not presented at trial).  Dr. Shea is eminently qualified to provide the evaluation and analysis necessary to a full consideration of Mr. Fell's claims of ineffective assistance of counsel.  Further, Dr. Shea is qualified to provide expert testimony at an evidentiary hearing if and when that becomes necessary.

## II.   NEUROPSYCHOLOGIST EXPERT, DR. LEO SHEA III

Dr. Leo J. Shea III is a respected clinical psychologist and neuropsychologist with extensive experience in evaluating, diagnosing, and treating neurological impairments.  He has over 20 years of clinical experience.  See Curriculum Vitae of Leo Shea III, Ph.D., attached as Exhibit A.  Dr. Shea is a Senior Staff Psychologist at the Rusk Institute of Rehabilitation Medicine, a position he has held since 1998.  He is also President of Neuropsychological Evaluation and Treatment Services, P.C., which has offices in both New York City and Quincy, Massachusetts.  In addition to his clinical practice, Dr. Shea has taught courses on both neuropsychology and psychology, and is currently a Clinical Associate Professor of Rehabilitation Medicine at the New York University School of Medicine.  Furthermore, Dr. Shea has served as a member of numerous boards and professional organizations.  He is currently an Executive Board Member of the New York Academy of Traumatic Brain Injury, and a member of the American Psychological Association, International Neuropsychological Association, and

3

National Academy of Neuropsychology. Dr. Shea's training and experience thus equip him to evaluate Mr. Fell's neuropsychological functioning.

Dr. Shea has estimated that it will take approximately 70 hours to review all of the materials pertinent to Mr. Fell's evaluation, conduct a thorough examination, and draft a report of his findings. Dr. Shea's fee for professional services is $300 per hour, and it is estimated that he will incur $1000 in expenses, including travel expenses necessary to evaluate Mr. Fell. Jerry Tritz, the Case Budgeting Attorney from the Second Circuit who is overseeing the budget for this matter, has no objection to an authorization of 70 hours for Dr. Shea at $300 per hour, or to an authorization of $1000 in expenses.

## CONCLUSION

For the foregoing reasons, Mr. Fell requests that the Court grant his request for funds to compensate Dr. Shea for 70 hours of work at $300 per hour and up to $1000 in expenses, with leave to apply for authorization in excess of this amount if necessary. A Proposed Order is attached as Exhibit B to this application.

Dated: June 6, 2013                         RESPECTFULLY SUBMITTED,
New York, New York


                                            LEWIS J. LIMAN
                                            Cleary Gottlieb Steen & Hamilton LLP
                                            1 Liberty Plaza
                                            New York, New York 10006
                                            (212) 225-2550
                                            Fax: (212) 225-3999

                                            CATHLEEN PRICE
                                            P.O. Box 321762
                                            New York, NY 10032
                                            (212) 998-6193

4

RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

*Counsel for Defendant, Donald Fell*