IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DONALD FELL,                              )
                                          )
         *Petitioner*,               )
                                          )
v.                                        )        **Civil Case No.**
                                          )        **Criminal Case No. CR-01-12-S**
UNITED STATES OF AMERICA                  )
                                          )
         *Respondent.*               )

## GOVERNMENT'S FIRST MOTION FOR DISCOVERY

**COMES NOW**, Respondent, the United States of America, by and through the

undersigned counsel, and, pursuant to this Court's Order of May 10, 2013, (Dkt. No. 369) and

Rule 6 of the Rules Governing Section 2255 Proceedings, moves for discovery as follows:

### PROCEDURAL HISTORY

On May 10, 2013, the Court issued an Opinion and Order permitting discovery in this

case and requesting the parties to submit a discovery schedule. (Dkt. No. 369) Despite efforts to

come to an agreed upon discovery schedule, the parties have failed to reach an agreement. The

government thus files the instant motion for discovery and proposed Order.[1]

### I.     FELL SHOULD DISCLOSE TRIAL COUNSEL'S FILES

This Court should order Fell to disclose his trial attorneys' files and records concerning

their representation of him, as the information contained within those documents is necessary for

---

[1] The government understands that the defendant's proposed discovery schedule would not effectively assist the parties in accomplishing discovery in this case in an efficient and expeditious manner. Moreover, discovery in 2255 proceedings is left to the discretion of the court and must be undertaken with leave of court. Therefore, a discovery order that does not specify what discovery will be taken is meaningless.

a full and fair adjudication of counsel's performance, which the defendant has placed directly in issue.

Rule 6 of the Rules Governing Section 2255 cases authorizes discovery with leave of the district court.  Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." For the government to meaningfully reply to Fell's assertions, it requires access to the documents that informed and reflect trial counsel's contemporaneous impressions and actions.  As such, good cause exists for disclosure of counsel's files.  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (stating that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

Fell has, of course, waived his attorney-client privilege in regard to communications concerning his claims of ineffective assistance.  As courts have recognized, a habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove his claim.  *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009).  Given the breadth of Fell's ineffectiveness claims, which encompass every aspect of the penalty phase proceedings, including proof of the defendant's mental health, and arguments to the jury, the government urges this Court to issue an order pursuant to Federal Rule of Civil Procedure, Rules 26 and 34,[2] requiring Fell to make available for inspection and copying, within 45 days, at the offices of the defendant's current counsel in

---

[2] The government relies upon the Rules of Civil Procedure because no Rule of Criminal Procedure provides an ample procedural vehicle for the scope of disclosures that should flow from the defendant to the government in this instance.

Vermont, trial counsel's complete case files relating to their representation of Fell. Any electronically stored information should be produced in its original form.

## II.    THE COURT SHOULD ORDER EXPERT WITNESS DISCLOSURES AND A WITNESS LIST

In support of his claims that trial counsel performed ineffectively, Fell has proffered declarations from asserted experts on mitigation, mental health and crime scene analysis. The opinions of those potential witnesses will presumably play a central role in the evidentiary hearing this Court has ordered with respect to the claims of ineffectiveness. Accordingly, this Court should order Fell to provide full disclosures of expert testimony within the next 45 days.

The Rules of Civil Procedure require a party that intends to call an expert witness to provide a written report outlining the opinions the expert will offer, the data considered by the expert in forming those opinions, the expert's qualifications, the cases in which the expert has recently testified, and the compensation to be paid to the expert. Fed. R. Civ. P. 26(a)(2)(B). Such disclosures provide opposing parties with a reasonable opportunity to prepare effective cross-examination and to arrange for their own experts, as needed. *ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163, 1176 (10th Cir. 2011).

Presently, it appears that Fell may attempt to present the expert testimony of as many as 7 witnesses – Dr. Mark Cunningham, Dr. Mark J. Mills, Dr. Wilfred G. van Gorp, Cynthia Ayres, James Aiken, Ph.D., Dr. Jonathan J. Lipman and Charles Wetli. As to each of these witnesses, good cause exists for disclosures under Rule 26(b)(2), which will permit the government to prepare cross-examination and identify experts that it may need to retain. *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir.2008). For the government to fully and fairly prepare for the evidentiary hearing, this Court should order Fell to make disclosures, within 45 days, for the

above-named experts, and any other experts, he intends to call at the evidentiary hearing concerning claims of ineffective assistance of counsel.

Additionally, to permit the government to fully prepare for the hearing, this Court should order Fell to provide a witness list under the procedure set forth in Federal Rule of Civil Procedure 26(a)(3).

## III.   THE COURT SHOULD PERMIT THE GOVERNMENT TO DEPOSE FELL'S WITNESSES

In support of his claims that trial counsel performed ineffectively, Fell has proffered declarations from several witnesses, who will presumably testify in support of his contentions during the ordered evidentiary hearing.  This Court should permit the government to depose Fell's witnesses in anticipation of the hearing.

Depositions of witnesses will lead to the discovery of evidence and facilitate potentially dispositive motions that could narrow the scope of the evidentiary hearing.  *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Good cause for the proposed depositions exists: they will permit the government to fully and fairly prepare for the evidentiary hearing and to seek summary judgment as to claims that can be determined without evidentiary development.

At present, it appears that Fell will rely on the following expert witnesses:  Dr. Mark Cunningham, Dr. Mark J. Mills, Dr. Wilfred G. van Gorp, Cynthia Ayres, James Aiken, Ph.D., Dr. Jonathan J. Lipman and Dr. Charles Wetli. The opinions of those asserted experts are central to Fell's claims of ineffectiveness.  Given the importance of those witnesses to the claims of ineffectiveness, the government seeks to depose them, pursuant to Federal Rule of Civil Procedure 26(b)(4), and thereby determine the scope, bases, and reliability of their opinions.

Because the conduct of trial and appellate counsel lies at the heart of Fell's ineffective assistance claims, the government also seeks leave to depose Alexander Bunin, Gene Primono, Paul S. Vol, John Blume, Christopher Seeds and Sheri Johnson under Federal Rule of Civil Procedure 30. Likewise, Fell's own conduct and statements necessarily informed counsel's actions and the opinions of the defense's experts. As such, the government also seeks leave to depose Donald Fell at the Federal Correctional Complex in Terre Haute, Indiana. *See* Fed. R. Civ. Pro. 30(a)(2)(B) (requiring leave to depose an incarcerated witness).

## IV. THE COURT SHOULD ORDER FELL TO UNDERGO A MENTAL HEALTH EVALUATION BY THE GOVERNMENT'S EXPERTS

Fell asserts as a basis for his ineffectiveness claims that trial counsel inadequately investigated and presented evidence of his mental health. In support of those arguments, Fell has proffered declarations from several expert witnesses attesting to his past mental condition. The government seeks an opportunity to perform a complete mental health evaluation of Fell.

Because Fell asserts that he suffered from mental conditions and/or disorders that went unexplored by his trial counsel, thus placing at issue the reasonableness of trial counsel's conduct, good cause exists for the government to evaluate his present mental condition. Federal Rule of Civil Procedure 35(a)(1) authorizes courts to order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner. In this case, Fell has placed in controversy his mental health as diagnosed by psychiatrists and neuropsychologists. For the government to independently assess the reliability and veracity of Fell's allegations, it should have the opportunity to evaluate Fell's mental health. Accordingly, the government proposes that within the next 180 days, Michael Welner, M.D. will perform a full-scope psychiatric evaluation of Fell at the Special Confinement Unit in Terre Haute, where

the defendant is currently housed by the Bureau of Prisons.  The evaluation will be limited in scope to an assessment of Fell's mental health, as it relates to his assertions of mental illness at the time he murdered Charles Conway, Deborah Fell and Terry King.

## V.     THE COURT SHOULD PERMIT THE GOVERNMENT TO SERVE SUBPOEANAS DUCES TECUM

Fell asserts that his attorneys inadequately presented evidence of his mental health and social history.  In support of those arguments, Fell relies, directly and indirectly, upon his personal history – including aspects of his education, employment, family life and medical history – and the opinions of several expert witnesses.  This Court should permit the government to subpoena documents relating to Fell's life history and the files of various witnesses, including trial counsel and the defense's experts.

Federal Rules of Civil Procedures 34(c) and 45 permit a litigant to subpoena documents in the possession of a non-party.  Good cause exists to permit the government to subpoena documents related to Fell's personal history.  Fell has, himself, relied upon details of his life to support his claims.  For instance, he argues that counsel should have presented more coherent social history evidence, including school records.  *See* Doc. 1 at 84-85, 92.  Moreover, Fell's conduct and performance at work, at school and in custody bear on the reliability of his mental health diagnoses, which form the core of several of his ineffective assistance of counsel claims.  Of course, his medical record also informs the reliability of his mental health diagnoses.  Finally, his conduct, and that of his family members, as recounted in prior legal actions provides a reliable source of evidence about his mental health and social history.  Given the significance of life history records to Fell's claims, the Court should permit the government to subpoena records from the following third parties:

a.  U.S. Social Security Administration (for records of Fell's benefits and paid employment)

b.  all organizations and individuals who employed Fell in a paid or unpaid capacity (for all records of his employment)

c.  all schools that Fell attended (for all of his academic, administrative, behavioral, psychological and counseling records)

d.  all social services records pertaining to Fell (for all records of home visits, interviews with family members, neighbors, teachers, healthcare professionals, counseling sessions and any other services provided)

e.  all judicial and administrative courts in which Fell has been a litigant or witness (for any sealed transcripts of his testimony or any non-public records related to litigation in which he was a party or witness)

f.  all penal and detention facilities in which Fell has been an inmate (for all records of his custody)

g.  all medical professionals who have treated or diagnosed Fell (for all of his medical records)

h.  all mental health professionals who have treated or diagnosed Fell (for all of his mental health records)

i.  Dr. Mark Cunningham (for all documents reviewed and considered in forming opinions regarding Fell)

j.  Dr. Mark J. Mills (for all documents reviewed and considered in forming opinions regarding Fell)

    k.  Cynthia Ayres, Mitigation Specialist (for all documents considered in forming opinions regarding Fell)

    l.  Dr. Jonathan Lipman ( for all documents considered in forming opinions regarding Fell)

    m.  Dr. Charles Wetli

    n.  Dr. Wilfred G. van Gorp

    o.  James Aiken  (for all documents considered in forming opinions regarding Fell)

To the extent any such records are privileged under state or federal law, this Court should order Fell to execute the waivers necessary for the government to obtain the material.

As noted, Fell has relied upon the opinions of several medical and mental health experts as the bases for his claims of ineffective assistance of counsel. To permit the government to test the veracity and reliability of the experts' testimony, it should have the opportunity to subpoena the documents that they considered in forming those opinions.  Accordingly, good cause exists for the government to issue subpoenas for such material, including any notes, interview notes, raw test data, normative data, diagnostic criteria, and other documents provided by the defendant or his attorneys that were considered in forming the experts' opinions.

Finally, the government seeks leave to subpoena the files of trial counsel, only to the extent that Fell is unable, for want of possession, to disclose that material himself.  As argued above, good cause exists for the court to permit the government to obtain counsel's file, as it presumably contains evidence of the trial lawyers' contemporaneous impressions and decision making.

## VI.  THE COURT SHOULD PERMIT THE GOVERNMENT TO PROPOUND INTERROGATORIES TO FELL

As previously noted, Fell has relied extensively on his own personal history as a basis for his claims of mental illness, which in turn animate claims of ineffective assistance of counsel. Of course, Fell is the person best informed about his own life, and his current attorneys have evidently expended great effort in documenting that history.

Parties may propound interrogatories broadly related to claims for relief.  See Fed. R. Civ. Pro. 26(b) & 33.  The need for the government to investigate Fell's personal history provides good cause for it to propound interrogatories to him.  Through these interrogatories, the government aims to obtain information with which it can verify factual assertions made by the defense and its experts and determine whether expert opinions have been founded on complete information.  Specifically, the interrogatories will seek to determine the identities of medical and mental health professionals who have treated or diagnosed Fell, the identities of people with whom Fell has had intimate relationships, the identities of any employers Fell has had, the identities of any schools Fell has attended, and the identities of any psychoactive agents he has ingested.  Additionally, the government seeks to learn of contacts Fell may have had with police and child protective agencies, and also to determine what civil or criminal litigation he has participated in as a witness or litigant.

## CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant

the proposed discovery order.

Dated: June 10, 2013

                                    Respectfully submitted,

                                    TRISTAM J. COFFIN
                                    United States Attorney


                                    /s/ Jacabed Rodriguez-Coss
                                    JACABED RODRIGUEZ-COSS
                                    Trial Attorney
                                    U.S. Department of Justice
                                    1000 Lafayette Blvd.
                                    Bridgeport, CT  06604
                                    (203) 696-3027
                                    Jacabed.rodriguez-coss@usdoj.gov


                                    /s/ William B. Darrow
                                    WILLIAM B. DARROW
                                    PAUL J. VAN DE GRAAF
                                    Assistant U.S. Attorneys
                                    P.O. Box 570
                                    Burlington, VT 05402-0570
                                    (802) 951-6725
                                    Bill.Darrow@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Respectfully submitted,

/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney

11