**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| DONALD FELL, | ) |
| | ) |
|        *Petitioner*, | ) |
| | ) |
| v. | ) |
| | )   **Case No. 2:01-cr-12** |
| UNITED STATES OF AMERICA | ) |
| | ) |
|        *Respondent.* | ) |

**GOVERNMENT'S SECOND MOTION TO COMPEL DISCOVERY**
**AND TO UNSEAL DOCUMENTS**

**COMES NOW**, Respondent, the United States of America, by and through the

undersigned counsel, and, pursuant to Rule 26(b) of the Federal Rules of Civil Procedure and

and Rule 6 of the Rules Governing Section 2255 Proceedings, moves for discovery as follows:

**PROCEDURAL HISTORY**

On May 10, 2013, the Court issued an Opinion and Order denying summary dismissal of

Petitioner's claim XXII related to allegations juror misconduct and scheduling a hearing for

August to conduct a limited inquiry into Petitioner's allegations (hereinafter "the August

hearing").

On June 4, 2013, the Government held a conference with Petitioner's counsel regarding

discovery in this case. During that conference the government advised that it would need

discovery with regard to the issues to be explored during the August hearing. Specifically, the

Government asked for any reports of interviews of the jurors in this case. In addition, we sought

disclosure of Petitioner's motion requesting authorization to interview the jurors in this case and

the Court's subsequent order granting said authorization. The Government made clear that it

needed this information to properly prepare for the August hearing. Counsel for Petitioner asked

the government to place it requests in writing, which the government did. <u>See</u> Copy of Electronic Communication dated June 6, 2013. The Government clearly requested a response by COB Friday, June 7, 2013. The Government never received a response to its written request. Therefore, we must assume that Petitioner will not comply with the Government's discovery request.

Evaluation and analysis of the information requested herein will take some time. Therefore, it is of the essence that this process moves expeditiously to ensure that both parties are prepared to litigate the issues at the August hearing. Thus, the Government moves this Court to unseal Petitioner's motion requesting authorization to interview the jurors in this case, and the Court's Order pursuant to said motion; and to compel Petitioner to provide the Government with any prior statements of the jurors in this case, any documents in Petitioner's possession that relate to any of the jurors in this case and the opportunity to interview the jurors in this case as set forth below.

I.    **THE COURT SHOULD UNSEAL PETITIONER'S MOTION REQUESTING AUTHORIZATION TO INTERVIEW THE JURORS IN THIS CASE AND THE ORDER ENTERED PURSUANT TO THAT MOTION**

Petitioner in this case moved this Court ex-parte and under seal for authorization to interview the jurors in this case. The Government was not made aware of said motion nor afforded an opportunity to respond to Petitioner's request. A court Order was subsequently entered, also ex-parte and under seal, authorizing Petitioner to interview the jurors in this case. Upon information and belief, all 12 jurors were interviewed by Petitioner.

Based on these interviews, Petitioner filed Claim XXII, alleging juror misconduct and asking this court to set aside his sentence and grant him a new sentencing hearing. This Court has now scheduled this claim for a hearing in August.

In order to afford the Government an opportunity to prepare for this hearing, this Court should unseal Petitioner's motion requesting authorization to interview the jurors in this case and the Court's Order providing such authorization. At this juncture, the Government is completely in the dark about the facts and circumstances that led Petitioner to request authorization to interview the jurors in this case, and to the Court's subsequent Order, granting authorization to Petitioner to do so. The Government has no information with which to gage the extent of the court's authorization to Petitioner.

It goes without saying that the Government has a compelling interest in defending a verdict that was entered after a fair and just trial presided by this court, which has been affirmed after appellate review. Indeed, in affirming the jury's verdict, the Second Circuit noted that "Chief Judge Sessions presided over this complicated and difficult trial with care, fairness, and an exemplary concern for the protection of Fell's rights." *United States v. Fell*, 531 F.3d 197, 240 (2nd Cir. 2008).

The Government, the victims in this case and the community have an interest in seeing that the verdict rendered by the jury in this case not be disturbed without just cause. Just as the Court is granting Petitioner an opportunity to explore whether any juror in this case was biased in their consideration of the evidence, so should the Court afford the Government every opportunity to defend what the Government understands is a fair and just verdict. The Government simply cannot do its job blind. The court has ordered a hearing to explore allegations that were first placed before the court in a motion filed by Petitioner. The Government should have access to

that motion.  This information is necessary for a full and fair adjudication of the allegations advanced by Petitioner, and which he has placed directly in issue.

Rule 6 of the Rules governing Section 2255 cases authorizes discovery with leave of the district court.  Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause."  For the Government to meaningfully respond to Fell's allegations, it requires access to the Petitioner's motion and this Court's Order.  For example, without the opportunity to examine the Petitioner's motion to interview the jurors in this case, the Government cannot appropriately consider whether Petitioner could have raised these allegations on direct appeal.

Therefore, the Government urges this Court to issue an order unsealing Petitioner's motion for authorization to interview the jurors in this case and this Court's Order entered pursuant to Petitioner's motion, and further providing a copy of said documents to the Government.

## II.    THE COURT SHOULD COMPEL PETITIONER TO DISCLOSE ALL PRIOR STATEMENTS OF ALL JURORS IN THIS CASE

The Government moves this court to compel Petitioner to disclose any reports, notes, summaries, recordings (audio or video), electronic communications or any other documents that contain any statements by any juror.  The Federal Rules of Criminal and Civil Procedure both recognize the importance of the disclosure of prior statements by potential witnesses to both parties in a case in order to properly prepare to litigate the facts at issue.  The Government simply cannot prepare to litigate Petitioner's allegations at the August hearing without receiving disclosure of any prior statements by the jurors in this case.

Upon information and believe Petitioner had the opportunity to interview all of the jurors in this case. And while he has alleged misconduct on the part of only three jurors, statements of other jurors may inform the court's decision with regard to Petitioner's allegations. For example, Petitioner alleges that Juror 143's conduct (pointing a shotgun at another juror to demonstrate that an unloaded weapon can instill fear) amounted to a threat, and further that the juror involved changed her vote to death as a result of Juror 143's alleged threat. Clearly the testimony of the juror who had the weapon pointed at her is highly relevant. Did she feel threatened? Did Juror 143's conduct cause her to change her verdict? Upon information and belief, the answers to these questions is no as Petitioner's motion is devoid of any evidence to that effect. Nonetheless, the Government needs to examine the statements of both jurors involved in order to prepare to litigate Petitioner's claim.

Similarly, Petitioner claims that Juror 143 shared extraneous information with the jury during the deliberations of the case. However, the record is again devoid of any evidence that any other juror remembers hearing or considering such extraneous information. Again the Government should be allowed to examine the statements of all jurors in this case to properly prepare to litigate Petitioner's claim.

III.     **THE COURT SHOULD COMPEL PETITIONER TO DISCLOSE ALL DOCUMENTS RELATING TO ANY JUROR IN THIS CASE**

Petitioner further claims that Juror 26 was convicted in April 1996 of unlawful mischief, a misdemeanor, for which he received a fine of $100. Petitioner claims that Juror 26 failed to disclose this information in his juror questionnaire. The Government requests that this Court compel Petitioner to produce Juror 26 criminal record and any other document that he has in his possession that relates to Juror 26 and any other juror in this case.

## IV.   THE COURT SHOULD PERMIT THE GOVERNMENT TO INTERVIEW THE JURORS IN THIS CASE

Upon information and belief, Petitioner in this case was afforded an opportunity to interview all 12 jurors in this case.  In support of his claim that jurors in this case engaged in misconduct, Fell has submitted only three sworn statements by jurors in this case.  Upon information and belief, Petitioner has not included all of the information provided by each one of these jurors in the sworn statements submitted in support of his Petition.  Nor has Petitioner submitted any information provided by the other 9 jurors in this case.  The Government should be permitted the same opportunity granted to the Petitioner to interview the jurors in this case and gather any relevant information that may assist in preparing for the August hearing.

**CONCLUSION**

Based on the foregoing reasoning and authority, the Government urges this court to grant the proposed discovery order.

Dated: June 28, 2013

Respectfully submitted,

TRISTAM J. COFFIN
United States Attorney


*/s/ Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice
1000 Lafayette Blvd.
Bridgeport, CT  06604
(203) 696-3027
Jacabed.rodriguez-coss@usdoj.gov

*/s/ William B. Darrow*
WILLIAM B. DARROW
PAUL J. VAN DE GRAAF
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Respectfully submitted,

/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney

7