UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

--------------------------------------------------------------------- X
                                                                     :
DONALD FELL,                                                         :
                                                                     :
                            Movant,                                  :
                                                                     :          2:01-CR-12
                  - against -                                        :
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
                            Respondent.                              :
                                                                     :
--------------------------------------------------------------------- X

## OPPOSITION TO THE GOVERNMENT'S SECOND MOTION TO COMPEL DISCOVERY AND TO UNSEAL DOCUMENTS

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

I.    THE GOVERNMENT'S MOTION TO COMPEL IS PROCEDURALLY
      DEFECTIVE.................................................................................................. 3

II.   THE GOVERNMENT HAS NOT DEMONSTRATED GOOD CAUSE FOR
      DISCOVERY.................................................................................................. 3

III.  THE GOVERNMENT'S REQUESTS FOR PRIOR STATEMENTS OF
      JURORS  AND DOCUMENTS RELATED TO JURORS CALL FOR
      DOCUMENTS PROTECTED BY THE WORK PRODUCT DOCTRINE .......... 7

CONCLUSION................................................................................................................ 10

## TABLE OF AUTHORITIES

**Rules and Statutes**                                                              **Page(s)**

Fed. R. Civ. P. 26(b)(3)................................................................................................ 8

Fed. R. Civ. P. 26(b)(3)(A)(ii) .................................................................................. 8, 9

D. Vt. L.R. 26(d)(1) .................................................................................................... 3

Rule 6(a), Rules Governing § 2255 Proceedings........................................................ 3

Rule 6(b), Rules Governing § 2255 Proceedings........................................................ 4

**Cases**                                                                           **Page(s)**

*Baum v. Village of Chittenango,*
218 F.R.D. 36 (N.D.N.Y. 2003)................................................................................... 7

*Bracy v. Gramley,*
520 U.S. 899 (1997)..................................................................................................... 4

*Anderson v. Miller,*
346 F.3d 315 (2d. Cir. 2003)........................................................................................ 4

*Hickman v. Taylor,*
329 U.S. 495 (1947)..................................................................................................... 8, 9

*In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002,*
318 F.3d 379 (2d Cir. 2003)......................................................................................... 9

*In re Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991,*
959 F.2d 1158 (2d Cir. 1992)....................................................................................... 10

*In re Murphy,*
560 F.2d 326 (8th Cir. 1977) ....................................................................................... 8

*Mattox v. United States,*
146 U.S. 140 (1892)...................................................................................................... 4

*Santiago v. Miles,*
121 F.R.D. 636 (W.D.N.Y. 1988)................................................................................ 9

*SEC v. Samuel H. Sloan & Co.,*
369 F. Supp. 994 (S.D.N.Y. 1973) .............................................................................. 7

**<u>Cases</u>**                                                            **<u>Page(s)</u>**


*United States ex rel. Owen v. McMann,*
435 F.2d 813 (2d Cir. 1970)......................................................................................    5

*United States v. Daugerdas,*
No. S3 09 CR 581, 2012 WL 92293 (S.D.N.Y. Jan. 11, 2012)...........................    8

*United States v. Farhane,*
634 F.3d 127 (2d Cir. 2011).....................................................................................    5

*United States v. Lecco,*
Nos. 2:05-cr-00107-01, 2:05-cr-00107-02 (S.D. W. Va. Dec. 3, 2007).............    7

*United States v. Sampson,*
820 F. Supp. 2d 151 (D. Mass. 2011) ....................................................................    6


**<u>Other Authorities</u>**                                               **<u>Page(s)</u>**

8 Charles A. Wright & Arthur R. Miller,
Federal Practice and Procedure § 2025 (1970)......................................................    9

Donald Fell respectfully submits this memorandum in opposition to the Government's Motion to Compel Discovery. Mr. Fell does not oppose the Government's Motion to Unseal Documents, and consents to the Government's demand for Mr. Fell's communication to the Court regarding juror interviews, if he is permitted by the Court to produce it.

## PRELIMINARY STATEMENT

On May 10, 2013, the Court held that Mr. Fell had demonstrated reasonable grounds for further review of Claim XXII of his Motion for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial pursuant to 28 U.S.C. § 2255. The Court also prescribed the form that further review would take: an inquiry focusing on whether Jurors 162 or 26 made material misstatements in voir dire, whether Jurors 26 or 143 obtained or communicated extra-record information, and whether Juror 143 made a threat during deliberations. The Court also directed the parties to submit proposed procedures for that inquiry, which the parties did on June 10. Those agreed-upon proposed procedures provide that the Court will conduct the inquiry of jurors in the first instance, and counsel for Mr. Fell and counsel for the Government will be permitted to ask relevant follow-up questions. In addition, the parties will file post-hearing briefs forty-five days after the hearing to address further factual development or proceedings, if any, that either party may seek with respect to Claim XXII.

Now, despite those agreed-upon procedures, the Government asks the Court to authorize broad categories of discovery from Mr. Fell and from the jurors in this case. The eleventh-hour timing of these requests is unexplained. Mr. Fell filed his Section 2255 Motion on March 21, 2011. The Motion made clear that Mr. Fell's post-conviction counsel conducted interviews and investigations of the jurors in the above-captioned case. Only now – more than two years after learning about counsel's interviews of jurors, and mere weeks before the August hearing – does the Government seek discovery of Mr. Fell's counsel's files and permission to conduct

interviews of its own. Unsurprisingly, given this timeline of events, the Government has not satisfied the requirements of the Local Rules regarding meet-and-confer procedures with opposing counsel. The Government's delay in bringing these requests weighs heavily against granting its late motion.

The Government is also not entitled to the discovery that it seeks. It has not identified any purpose that this discovery would serve in aiding the Government in its preparation for the August hearing. The Court has ordered an inquiry into the allegations made in Claim XXII. The Government does not need to conduct discovery in advance of that inquiry. The parties have agreed (subject to the Court's approval) on a procedure for eliciting any relevant information. The Government is not entitled to this discovery as of right – it must show that it has "good cause" for these late and voluminous requests. It cannot.

The Government is also seeking documents and information that are protected by the work product doctrine. The types of documents that the Government demands – notes of interviews, summaries of conversations, documents obtained through counsel's investigation – are classic attorney work product. The production of such documents would reveal Mr. Fell's counsel's strategy and mental impressions. Such core attorney work product is protected by courts nearly absolutely, and will only be ordered turned over in extraordinary circumstances of need. The Government has not even attempted to explain why it needs to violate this fundamental protection. Again, it cannot – the inquiry ordered by the Court will yield the exact information the Government is calling for, and in a way that will preserve the confidentiality of Mr. Fell's counsel's work product.

## I. THE GOVERNMENT'S MOTION TO COMPEL IS PROCEDURALLY DEFECTIVE

The Local Rules of the District of Vermont require that, prior to filing a discovery motion, a party must "confer[] with opposing counsel in a good faith effort to reduce or eliminate the controversy or arrive at a mutually satisfactory resolution." D. Vt. L.R. 26(d)(1). The Local Rules also require that any discovery motion must include an affidavit with information such as a certification that counsel have conferred, dates of consultation, and the length of time of the conferences. The Government has not submitted any such affidavit, and not surprisingly: its efforts at reaching a resolution between the parties have been extremely limited. The Government made its demands for discovery without providing Mr. Fell with meaningful time to respond, and subsequently filed its Motion to Compel without any attempt to meet and confer regarding its dispute. The Government's Motion to Compel is therefore procedurally defective and must be dismissed.

## II. THE GOVERNMENT HAS NOT DEMONSTRATED GOOD CAUSE FOR DISCOVERY

The Government has moved the Court to compel Mr. Fell to produce "any reports, notes, summaries, recordings, electronic communications or any other documents that contain any statements by any juror," as well as "all documents relating to any juror in this case." Government's Second Motion to Compel Discovery and to Unseal Documents, Dkt. No. 382, at 4-6 (June 28, 2013) (the "Mot. Compel"). The Government has also sought permission from the Court to conduct interviews of all jurors in this case. Notably, the Government does not cite a single case in support of its broad requests.

The government does not have good cause for its sweeping demands. Rule 6 of the Section 2255 Rules provides that, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules." Rule 6(a), Rules Governing § 2255 Proceedings. "A habeas

3

petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), and "[a] party requesting discovery must provide reasons for the request," Rule 6(b), Rules Governing § 2255 Proceedings. The Government offers only two specific examples of why the discovery it requests might be relevant to its ability to litigate the issues identified by the Court as pertinent to the narrow focus of the August hearing. Neither example identifies potential evidence that would even be relevant or admissible, let alone potential evidence which might give rise to good cause for discovery.

First, the government argues that it needs evidence relating to another juror about whether she felt threatened when Juror 143 pointed a shotgun at her. Mot. Compel at 5. However, as this Court held in its Order on Claim XXII, the test to assess a juror misconduct claim premised on juror coercion is an objective one, focusing on whether a *reasonable* juror would have felt threatened under the circumstances. *See, e.g., Anderson v. Miller*, 346 F.3d 315, 330 (2d Cir. 2003); Memorandum Opinion and Order: Claim XXII: Juror Misconduct, Dkt. No. 368, at 18 (May 10, 2013) (the "Order") (holding that further development of the facts was needed to determine "whether a *typical* juror would regard [the event] as a threat" (emphasis added)). Indeed, the type of testimony and information the Government seeks to uncover – "Did she feel threatened? Did Juror 143's conduct cause her to change her verdict?" (Mot. Compel at 5) – would be inadmissible and irrelevant to the Court's inquiry. *See Mattox v. United States*, 146 U.S. 140, 149 (1892); Order at 17-18 ("A juror may not testify 'as to the motives and influences which affected [the] deliberations,' but 'may testify to any facts bearing upon the question of the existence of any extraneous influence.'" (quoting *Mattox*, 146 U.S. at 149) (alteration in original)). The Government itself argued this in its Amended Opposition to Mr.

Fell's Section 2255 Motion: "juror testimony is not admissible to show the effect of evidence upon a jury's thought process." Amended Opposition of the United States to Fell's § 2255 Motion, Dkt. No. 338, at 332 (Dec. 21, 2011) (the "Opp."). Thus, the subjective thought processes of the Juror to whom this threat was made would do nothing to aid the government in its ability to litigate its case.

Second, the government asserts that it needs evidence from other jurors relating to the impact of the extraneous evidence introduced by Juror 143. Mot. Compel at 5. Again, this information is irrelevant. The Court must evaluate "the nature of what [information] has been infiltrated and the probability of prejudice" to the jury. *United States ex rel. Owen v. McMann*, 435 F.2d 813, 818 (2d Cir. 1970). However, "'[w]here an extraneous influence is shown, the court must apply an objective test, assessing for itself the likelihood that the influence would affect a *typical* juror.'" Order at 12 (quoting *United States v. Farhane*, 634 F.3d 127, 168 (2d Cir. 2011)) (emphasis added). Juror 143 will be questioned at the August hearing about the extraneous information to which he exposed himself as well as what he shared, including the "circumstances surrounding the jurors' exposure to the information." *Farhane*, 634 F.3d at 169. By contrast, the testimony and information sought by the government – whether "any other juror remembers hearing or considering such extraneous information" (Mot. Compel at 5) – would go to "the subjective effect of the information on jurors' mental processes or on the jury's deliberations," which is not subject to the government's examination. *Farhane*, 634 F.3d at 169.

Aside from these inapposite examples of potential testimony, the Government has made no attempt to assert good cause for this discovery. The Government will have ample opportunity to examine and elicit any potentially relevant testimony from the jurors in this case. Jurors 26, 143, and 162 will be present for the August hearing, and, under the proposed procedures for the

August hearing submitted by the parties to the Court, the Government would be permitted – to the same extent as Mr. Fell – to ask relevant follow-up questions. The Government has offered no lawful reason why, prior to the August hearing, it is necessary to obtain information or testimony from any other juror in this case.

Moreover, the proposed procedures for the August hearing provide that the parties will file post-hearing briefs to address further factual development or proceedings, if any, that either party may seek with respect to Claim XXII. Accordingly, if a fact is elicited at the August hearing that may give rise to good cause for further discovery from any juror – whether in the form of interviews or testimony before this Court – the time for evaluating the need for that discovery and the form which it might take is after the August hearing. There is precedent for this sequence. In *United States v. Sampson*, the court ordered evidentiary hearings to determine the facts underlying claims of juror misconduct. 820 F. Supp. 2d 151, 161 (D. Mass. 2011). After two evidentiary hearings at which jurors testified regarding the movant's claims, the movant identified inconsistencies between one juror's testimony and her statements to the media. *Id.* As a result, the court recalled that juror to testify further. *Id.* Similarly, here, the Court is surely within its power to order further development of the evidence in the event that the August inquiry does not resolve the open issues raised by Claim XXII. That is what the proposed procedures contemplate, and that is the sequence the Government should be bound to.

That is also why there is no need for the Court to permit the Government to further burden the jurors with interviews in advance of the August hearing. The purpose behind Mr. Fell's counsel's interviews of the jurors was to investigate in the first instance the bases for claims in Mr. Fell's Section 2255 Motion. The purpose of the August inquiry is to examine the facts underlying Claim XXII. The interviews proposed by the Government would, by contrast,

serve no purpose. Once the Court has ordered an inquiry to determine the facts surrounding the claim, such redundant interviews only impose an unnecessary burden on jurors and are inappropriate. *Cf.* Sealed Memorandum Opinion and Order, *United States v. Lecco*, Nos. 2:05-cr-00107-01, 2:05-cr-00107-02 (S.D. W. Va. Dec. 3, 2007), Dkt. No. 918, at 40 (ordering that the parties were to have no contact with a juror prior to an evidentiary hearing inquiring into that juror's conduct).

The Government also contends that it needs the criminal record of Juror 26. If it does not already possess it, the Government is fully capable of obtaining this material by its own means.[1] The Government has no good cause for discovery of this information from Mr. Fell. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *SEC v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995–96 (S.D.N.Y. 1973); *accord Baum v. Village of Chittenango*, 218 F.R.D. 36, 40–41 (N.D.N.Y. 2003). In *SEC v. Samuel H. Sloan & Co.*, the court denied a motion to compel production where the movant had the same opportunity to purchase the document (a hearing transcript) as his adversary but had chosen not to do so, emphasizing that "[t]he purpose of discovery is to enable a party to discover and inspect material information which by reason of an opponent's control, would otherwise be unavailable for judicial scrutiny." 369 F. Supp. at 995-96. That cannot be said of the criminal records requested by the Government in this case.

III.   **THE GOVERNMENT'S REQUESTS FOR PRIOR STATEMENTS OF JURORS AND DOCUMENTS RELATED TO JURORS CALL FOR DOCUMENTS PROTECTED BY THE WORK PRODUCT DOCTRINE**

The Government's broad requests – calling for reports, notes, summaries, electronic communications or any other documents that contain any statements by any juror, as well as

---

[1] The Government admitted that it conducted further investigation of Juror 26 post-trial and learned of a previously-undisclosed prior conviction. Opp. at 326 n.67.

7

documents relating to any juror – seek documents and information squarely protected by the work product doctrine.

Memoranda, notes, summaries or communications reflecting counsel's recollections and mental impressions of interviews of witnesses are quintessential examples of attorney work product. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Such work product "enjoys a near absolute immunity and can be discovered only in very rare and extraordinary cases." *United States v. Daugerdas*, No. S3 09 CR 581 (WHP), 2012 WL 92293, at *2 (S.D.N.Y. Jan. 11, 2012) (quoting *P. & B. Marina, Ltd. P'Ship v. Logrande*, 136 F.R.D. 50, 57 (E.D.N.Y. 1991)); *see also In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977).

The Government contends that the Federal Rules of Criminal and Civil Procedure both recognize the importance of the disclosure of prior statements by potential witnesses. But these same rules also explicitly provide that documents prepared in anticipation of litigation are protected from discovery, and that courts are obligated to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney." Fed. R. Civ. P. 26(b)(3). Only where a party demonstrates that it has "substantial need" for these materials and cannot obtain "their substantial equivalent by other means" without "undue hardship" can it invade opposing counsel's work product. Fed. R. Civ. P. 26(b)(3)(A)(ii) The Government has not attempted – and would not be able – to satisfy this burden. Indeed, as demonstrated above, the Government has provided <u>no</u> valid reason why there is cause for this discovery, let alone an explanation why there is "substantial need" for it. To the extent the Government is seeking anything other than counsel's mental impressions, all potentially relevant information can be adduced by the Court or the parties at the inquiry ordered by the Court. The Government will have an unfettered ability to question the jurors about the subject matters pertinent to the inquiry,

8

which necessarily means that it cannot demonstrate the extraordinary circumstances needed to invade work product protection. The speculation that Mr. Fell's counsel may have uncovered a relevant fact does not satisfy the Government's burden: "A party does not sufficiently show substantial need by an assertion that it wants to make sure it has overlooked nothing," and "the mere surmise that production might reveal impeaching matter has been held not sufficient to justify production." 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2025 (1970).

The documents collected by Mr. Fell's attorneys as part of their investigation in contemplation of this litigation are protected work product as well. They are also irrelevant. The "selection and compilation of . . . documents by counsel transforms that material into attorney work product" when there is a real concern that "counsel's thought processes in relation to pending or anticipated litigation will be exposed through disclosure of the compiled documents." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003) (quotation marks omitted); *see also Santiago v. Miles*, 121 F.R.D. 636 (W.D.N.Y. 1988). In this case, information showing what documents were sought, what leads pursued, what avenues of investigation abandoned, would reveal Mr. Fell's counsel's strategy, mental impressions, legal theories, and opinions. Mr. Fell will produce to the Government any documents he intends to rely on at the hearing in advance of the hearing. The Government has provided no reason why it must obtain from Mr. Fell documents Mr. Fell does not intend to rely upon, and there are no such reasons. The Government can readily obtain these privileged materials by "other means," such as its own investigation, that would avoid revealing Mr. Fell's counsel's protected work product. Fed. R. Civ. P. 26(b)(3)(A)(ii). Its request thus fails. *Hickman*, 329 U.S. at 512 ("[A] burden rests on the one who would invade [the privacy of an

9

attorney's course of preparation] to establish adequate reasons to justify production through a subpoena or court order.").

The only specific request the Government has made is for the criminal record of one juror. Mot. Compel at 5. Since the record is clear that the Government has already accessed this juror's criminal records, the Government cannot be arguing that it faces "undue hardship" in obtaining this document through its own efforts. The only motive for this discovery request, therefore, is the gathering of privileged work product. "[W]here a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected." *In re Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991*, 959 F.2d 1158, 1166-67 (2d Cir. 1992).

## CONCLUSION

For the reasons stated herein, Mr. Fell respectfully requests that the Government's Motion to Compel be denied in its entirety.

Dated: July 12, 2013                          RESPECTFULLY SUBMITTED,
New York, New York

_____
LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999


CATHLEEN PRICE
P.O. Box 321762
New York, NY 10032
(212) 998-6193


RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

*Attorneys for Movant Donald Fell*

11

## UNITED STATES DISTRICT COURT

## DISTRICT OF VERMONT

## CERTIFICATE OF SERVICE

I, Lewis J. Liman, an attorney admitted to practice in the State of New York and a partner of the firm of Cleary Gottlieb Steen & Hamilton LLP, hereby certify that on July 12, 2013, I electronically filed with the Clerk of Court the following documents:

Opposition to the Government's Second Motion to Compel Discovery and to Unseal Documents using the CM/ECF system on behalf of Donald Fell. The CM/ECF system will provide service of such filings via Notice of Electronic Filing ("NEF") to all parties with an e-mail address of record who have appeared and consented to electronic service in this action.

Dated: New York, New York
July 12, 2013

/s/ Lewis Liman
Lewis J. Liman
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999
lliman@cgsh.com