# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
    v.                          )       Cr. No. 01-10384-MLW
                                )
GARY LEE SAMPSON                )

MEMORANDUM AND ORDER

WOLF, D.J.                                        April 15, 2011

In Claim IV of his First Amended Motion for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence Made Pursuant to 28 U.S.C. §2255 and/or Rule 33 of the Federal Rules of Criminal Procedure (the "Amended §2255 Motion"), Gary Lee Sampson alleges that three jurors intentionally provided inaccurate responses to material questions during voir dire. He claims that he is entitled to a new trial under the standard articulated in McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984), as well as because of the actual and implied bias of the three jurors and because of the deprivation of a right to exercise peremptory challenges intelligently.

After discussing Claim IV with the parties in the closed portion of the May 5, 2009 hearing, the court concluded, essentially without objection, that filings related to Claim IV should be impounded. The court further concluded that it was necessary to exclude the public from conferences and hearings related to that claim. The court did, however, inform the public that there was a claim related to the jury that would not, at least

initially, be part of the public record and that a transcript would be made of all closed proceedings. See May 15, 2009 Tr. at 16, 77. On November 18, 2010, the court held a closed evidentiary hearing at which each of the three jurors testified. On March 18, 2010, the court held a second closed evidentiary hearing at which one of the jurors was recalled to testify further. Transcripts of these evidentiary hearings have been prepared.

The evidentiary record for Claim IV of the Amended §2255 Motion is now complete. In a sealed March 20, 2011 Order, the court ordered the parties to file proposed findings of fact and conclusions of law by April 27, 2011.

Shortly before the March 18, 2011 evidentiary hearing, the government moved that the record relating to Claim IV be unsealed in redacted form and that the hearing be opened to the public. Sampson opposed these requests. At the March 18, 2011 hearing, the court concluded that the hearing should be closed for the reasons explained at prior hearings and summarized below. The court deferred deciding whether to make the redacted record of Claim IV public. The court ordered the parties to submit a proposed redacted record of Claim IV by April 11, 2011. The parties have now filed a proposed redacted record. For the reasons described below, the court is making it part of the record, with a few additional redactions.

"[J]udicial documents are presumptively available to the

2

public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." United States v. McVeigh, 119 F.3d 806, 811 (10th Cir. 1997); see also United States v. Amodeo, 71 F.3d 1044, 1047-50 (2d Cir. 1995). The public – including the families and friends of Sampson's victims – has a substantial and legitimate interest in monitoring Sampson's postconviction proceedings. Here, however, it was necessary to seal submissions related to his jury claim and to close the hearings for essentially two reasons. First, accurate factfinding in this matter required candid, unrehearsed testimony, which could have been compromised if jurors were alerted to the nature of the claim in advance or if the public was present in the courtroom when the jurors were asked highly personal and potentially embarrassing questions. Second, this claim was likely to involve disclosure of sensitive information concerning some of the jurors and their family members. It, therefore, implicated significant privacy interests of the jurors and of third parties, which the court protected by closing to the public parts of the pretrial questioning of potential jurors. These privacy interests required continued consideration because "[j]urors summoned from the community to serve as participants in our democratic system of justice are entitled to safety, privacy, and protection against harassment." See In re Globe Newspaper Company, 920 F.2d 88, 95 (1st Cir. 1990). Therefore, closing the proceedings to promote

3

candid testimony and to permit justified redactions to the public record was necessary to strike the proper balance between transparency and sensitivity to jurors' legitimate privacy interests.

Now that the record concerning this claim is complete, confidentiality is no longer generally required. Because the court has received all the evidence, there is not a continued danger that disclosure will injure the reliability of testimony or the process of determining the facts. The privacy interests of the jurors and of others will necessarily be injured to some extent when the court issues its findings of fact, in which personal matters relevant to Sampson's claim will be discussed. However, such injury should be reduced by redacting the record of this claim, including redaction of the names of the jurors and of uninvolved third parties, and redaction of certain particularly sensitive personal information.

This case has received substantial attention from the media. It may be possible, despite the redactions, for the media to identify the jurors involved and members of their families. However, it should be recognized that, although Sampson has alleged juror misconduct, the court has not yet decided the merits of those allegations. Particularly in the absence of a finding of misconduct by a juror, the media may wish to consider whether it is appropriate to reveal the name of any juror it proves able to identify and may decide not to subject private citizens who

4

performed a public service in this case to what would likely be unwelcome attention.  That decision is for the media to make.

While the jury claim was sealed, the court ordered the three jurors at issue not to discuss this matter with the media and with certain other people.  Because the documents concerning the jury claim are now being substantially unsealed, the three jurors who testified may discuss this matter with the media and with anyone else, if they choose to do so.  They are also free to decline to respond to questions if contacted by the media.  See In re Globe Newspaper Company, 920 F.2d at 98.  The Clerk is being ordered to serve this Order upon each of the three jurors by mail.

Accordingly, it is hereby ORDERED that:

1.  The government's motion to unseal the record of Claim IV of Sampson's Amended §2255 Motion (Docket No. 1146) is ALLOWED.

2.  The attached redacted record concerning Claim IV is UNSEALED and includes in complete or redacted form:

> a.  Sampson's First Motion for Discovery (Docket No. 927);
>
> b.  Government's Opposition to First Motion for 2255 Discovery (Docket No. 939);
>
> c.  Sampson's Reply to First Motion for Discovery (Docket No. 951);
>
> d.  Sampson's Opposition to Motion to Defer Discovery Hearing (Docket No. 953);

5

e.  May 5, 2009 Transcript of Status Conference (Docket Nos. 999 and 1000);

f.  Sampson's §2255 Motion (Docket No. 969) and Motion to Seal (Docket No. 970);

g.  Government's Request for Summary Dismissal of §2255 Motion (Docket No. 1007);

h.  Sampson's Renewed Motion for a Sealed Evidentiary Hearing (Docket No. 977) and Motion to Seal (Docket No. 976);

i.  Sampson's Supplemental Brief Regarding Jury Issue (Docket No. 975) and Motion to Seal (Docket No. 974);

j.  Government's Supplemental Brief Regarding Jury Issue (Docket No. 979);

k.  Sampson's First Amended §2255 Motion (Docket No. 1035);

l.  Government's Request for Summary Dismissal of First Amended §2255 Motion (Docket No. 1055);

m.  Sampson's Partial Opposition to Request for Summary Dismissal (Docket No. 1034);

n.  Government's Reply to Opposition to Request for Summary Dismissal (Docket No. 1050);

o.  August 31, 2010 Transcript of Summary Dismissal Hearing (Docket No. 1112);

6

p.   Sampson's Response to October 14, 2010 Order (Docket No. 1108) and Motion to Seal (Docket No. 1107);

q.   October 21, 2010 Order (Docket No. 1109);

r.   Returned Subpoena (Docket No. 1116);

s.   November 18, 2010 Transcript of Evidentiary Hearing (Docket No. 1174);

t.   November 19, 2010 Transcript of Hearing (Docket No. 1175);

u.   November 22, 2010 Order (Docket No. 1125);

v.   Sampson's Response to November 19 & 22, 2010 Order (Docket No. 1127) and Motion to Seal (Docket No. 1126);

w.   January 3, 2011 Order (Docket No. 1134);

x.   Sampson's Response to November 19, 2010 Order (Docket No. 1138) and Motion to Seal (Docket No. 1136);

y.   Government's Response to November 19, 2010 Order (Docket No. 1148);

z.   Sampson's Response to Government's January 14, 2011 Filing (Docket No. 1144) and Motion to Seal (Docket No. 1143);

aa.  Sampson's Statement Regarding Additional Evidentiary Matters (Docket No. 1145);

bb. Government's Response Regarding Additional Evidentiary Matters (Docket No. 1146);

cc. February 21, 2011 Order (Docket No. 1147);

dd. Government's Response to February 21, 2011 Order (Docket No. 1152);

ee. Sampson's Response to February 21, 2011 Order (Docket No. 1150) and Motion to Seal (Docket No. 1149);

ff. Sampson's Supplemental Response to February 21, 2011 Order (Docket No. 1156) and Motion to Seal (Docket No. 1155); and

gg. March 18, 2011 Transcript of Evidentiary Hearing (Docket No. 1165).[1]

3. The Clerk shall serve this Order, but not the attached redacted record, by mail upon each of the three jurors who testified.



UNITED STATES DISTRICT JUDGE

---

[1]The redacted record concerning Claim IV is available electronically on CM/ECF, and for inspection and copying in the Clerk's Office.