# EXHIBIT B

1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

No. 1:01-cr-10384-MLW-1

UNITED STATES OF AMERICA

vs.

GARY LEE SAMPSON

*********

For Hearing Before:
Chief Judge Mark L. Wolf

2255 Hearing: Ineffective Assistance of Counsel
(Continued.)

United States District Court
District of Massachusetts (Boston.)
One Courthouse Way
Boston, Massachusetts 02210
Thursday, November 18, 2010

********

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5200, Boston, MA 02210
bulldog@richromanow.com

Proposed Public Disclosure Copy Submitted
Pursuant to Order dated February 21, 2011

2

                    A P P E A R A N C E S


JOHN A. WORTMANN, JR, ESQ.
GEORGE W. VIEN, ESQ.
MARK T. QUINLIVAN, ESQ.
ZACHARY HAFER, ESQ.
    United States Attorney's Office
    John Joseph Moakley Federal Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3207
    Email: John.wortmann@usdoj.gov
    For the United States


WILLIAM E. McDANIELS, ESQ.
JENNIFER G. WICHT, ESQ.
THOMAS P. WINDOM, ESQ.
    Williams & Connolly, LLP
    725 12th Street, N.W.
    Washington, DC 20005
    (202) 434-5000
    Email: Wmcdaniels@wc.com
and
J. MARTIN RICHEY, ESQ.
ELIZABETH L. PREVETT, ESQ.
    Federal Defender's Office
    51 Sleeper Street, 5th Floor
    Boston, MA 02210
    (617) 223-8061
    Email: Martin_richey@fd.org
    For the defendant

3

I N D E X

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
|  | | | | |
| By Ms. Wicht: | 65 | | | |
| By Mr. Vien: | | | | |
| ▬▬▬▬▬▬ | | | | |
| By Mr. Windom: | 104 | | | |
| By Mr. Wortmann: | | | | |
| ▬▬▬▬▬▬ | | | | |
| By Mr. McDaniels: | 138 | | 167 | |
| By Mr. Wortmann: | | 163 | | |

4

E X H I B I T S

EXHIBIT 1      ███████   10-21-10 letter with subpoena      39

EXHIBIT 2      ███████,  transcript of instructions         39

EXHIBIT 3      ███████   transcript of voir dire            39

EXHIBIT 70     ███████,  Questionnaire                      39

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EXHIBIT 4      ███████,  10-21-10 letter with subpoena      91

EXHIBIT 5      ███████   transcript of voir dire            91

EXHIBIT 80     ███████   Questionnaire                      91

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EXHIBIT 6      ███████,  10-21-10 letter, subpoena         118

EXHIBIT 7      ███████   transcript of voir dire           118

EXHIBIT 64     ███████   Questionnaire                     118

P R O C E E D I N G S

(Begins, 9:00 a.m.)

THE CLERK:  Criminal Matter 01-10384, the United States versus Gary Sampson.  The Court is in session.  You may be seated.

THE COURT:  Good morning.  Would counsel please identify themselves for the Court and for the record.

MR. WORTMANN:  Your Honor, good morning.  For the government, John Wortmann, Mark Quinlivan, George Vien and Zach Hafer.

MR. McDANIELS:  William McDaniels on behalf of Gary Sampson.

MS. WICHT:  Jennifer Wicht for Mr. Sampson.

MR. WINDOM:  Good morning, your Honor.  Thomas Windom for Mr. Sampson.

MR. RICHEY:  Martin Richey from the Federal Defender's Office, on behalf of Mr. Sampson, and with me is Elizabeth Prevett.

THE COURT:  Okay.  I'm going to direct the Court Security Officer to lock the courtroom.  This is a closed proceeding to deal with issues regarding the responses given by three jurors to questions on their juror questionnaires and on voir dire.

I'm sorry.  Did you lock the door?

COURT OFFICER:  It's locked, your Honor.

THE COURT:  Thank you.

For the reasons stated on May 5, 2009 and August 31, 2010, these proceedings are being closed to the public.  As I've explained previously, there are significant privacy interests of the jurors involved in this matter.  Closing this will encourage more complete and candid responses.  I have found and continue to find there's no feasible alternative to questioning the jurors in closed session.

A transcript of these proceedings will be made. That transcript may be made part of the public record with any appropriate redactions at an appropriate time.

Essentially I've done the analysis required by *Owen vs. United States*, 483 F. 3rd 48 at 61, and the Supreme Court's *Press Enterprise* decision, 464 U.S. 501 at 512, and decided that this -- that the closing of the courtroom today is justified and appropriate.

. Mr. Sampson is not present.  Pursuant to 28 United States Code, Section 2255(c), he does not have a right to be present.  I have the discretion to remit or require that he be here and, perhaps, for future reference I should note for the parties the First Circuit's 1959 decision in *Kent vs. United States*, 272 F. 2nd 795 at 797 to 798, where the First Circuit held

that despite the discretion provided by Section -- what is now Section 2254(c) -- and I may have previously said 2255(c), and that was an error, the discretion can be abused. But Mr. Sampson would have a right to be present and to testify if there are substantial issues of fact as to events in which he participated. I don't perceive such issues to be existing today.

On August 31 and September 1, 2010, Mr. Sampson's counsel told me, at that time, that Mr. Sampson did not wish to be present today. On September 1, 2010, I directed his counsel to let Mr. Sampson know that he could attend today if he wanted to.

Mr. McDaniels, have you communicated with Mr. Sampson about this?

MR. McDANIELS: Yes, your Honor. I've spoken to him on a person-to-person visit and we called him again this morning, in light of your Honor's e-mail yesterday, to go over again his right to be here and his right also to waive his presence here and he continues to be in the position that he does not desire to be here and would waive his presence here.

THE COURT: And you refer to an e-mail which actually I haven't seen. I asked Mr. O'Leary to remind you that I was going to ask you about this today. Did he e-mail you on that?

8

MR. McDANIELS:  He did, yeah.  He e-mailed us and said that you might consider calling Mr. Sampson this morning and we spoke to him this morning to alert him that you might be calling and once again we went over the basic issues with him and his mindset remains the same.

THE COURT:  All right.  Mr. Sampson is available on the telephone in Terre Haute.  Would it be prudent or appropriate for me to discuss this with him or do people feel it's unnecessary?

MR. WORTMANN:  Your Honor, from our perspective I'm certainly happy to take counsel's representations.  I don't think it's necessary.

THE COURT:  Okay.  What do you think, Mr. McDaniels?

MR. McDANIELS:  We are satisfied with the record as it is, your Honor.  We're clear as to what Mr. Sampson's position is.

THE COURT:  All right.  I mean, I'd guess I'd say the following.  Certainly in the ordinary case I'd be satisfied to proceed.  I don't know whether at some time there's going to be some third set of counsel that's going to argue that the present counsel was ineffective because they didn't ask me to bring Mr. Sampson here.  But I'll say the following.