# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

DONALD FELL,

              Movant,

    v.

UNITED STATES OF AMERICA,

              Respondent.

)
)
)
)
)
)
)
) 2:01-CR-12-01
)
)
)
)
)
)
)
)
)

## REPLY IN SUPPORT OF MOTION TO CONDUCT THE COURT'S JUROR INQUIRY *IN CAMERA*

LEWIS J. LIMAN
Cleary Gottlieb Steen &
Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514

Date:   August 1, 2013

*Attorneys for Donald Robert Fell, Jr.*

Donald Fell, by and through his undersigned counsel, respectfully submits this reply memorandum of law in support of his motion to conduct the Court's juror inquiry on Claim XXII of Mr. Fell's 2255 Motion *in camera* and to seal the transcript of said inquiry immediately afterward.

The Government's Opposition asks the wrong question and, accordingly, comes to the wrong conclusion. Mr. Fell does not ask the Court through this motion to find that the "jurors were dishonest during jury selection and trial" (Opp. 1) or that the jurors "would be unlikely to testify truthfully under oath in open court" (Opp. 4-5) and the Court need not make those findings to grant Mr. Fell the limited relief he is seeking through this motion. The Court has already held that Mr. Fell made sufficient allegations to require a hearing regarding juror misconduct – the Court need not prejudge that issue to determine the hearing is best held *in camera*. Mem. Op. and Order: Claim XXII: Juror Misconduct, Dkt. No. 368, at 9-11 (May 10, 2013) (the "Order"). Rather, Mr. Fell asserts that given the nature of the issues raised by the hearing – issues having to do with child sexual abuse, criminal conduct and criminal convictions, and threats inside the jury room – there are overriding interests in juror privacy and juror candor, those interests would be best protected by holding the proceedings *in camera* and sealing the transcript in the first instance, and there are no other reasonable alternatives that would sufficiently protect the same interests.

Mr. Fell made those showings. The questions to be addressed by the jurors at the hearing are sensitive ones that implicate their privacy, juror candor and juror privacy would be enhanced if they are permitted to answer those questions outside the presence of the public in the first instance, those interests have not been compromised by the limited disclosure to date, and the procedure Mr. Fell proposes is measured and balanced. The Government does not dispute any of

1

those assertions.  It seemingly recognizes that the nature of the issues implicate juror privacy, but offers that "[r]eferring to jurors by number is the practice employed to date to protect juror privacy." (Opp. 4).  But while that procedure may be sufficient at voir dire when a juror (as one of many) merely states that there is a confidential matter he wishes to discuss *in camera* without revealing its nature and a transcript is then released which identifies the juror who raised the issue only by number, here the nature of the confidential and sensitive matter has already been revealed and the appearance of the juror thus will immediately reveal both the nature of the sensitive matter and the identity of the juror who has raised it.  The Government's proposed procedure thus offers cold comfort to those jurors, each of whom has kept his or her identity confidential to date.  By the time the juror appears in person in open court, the identification of the juror by number is likely to be an irrelevancy.   His or her identity will already have been revealed – both to those who know the juror by recognition and to all those others who would readily be able to determine the juror by name or who would be prepared to publish the juror's picture even without name.[1]  It also would offer cold comfort to the defendant here or the Court for the assignment of a juror number after the fact will do nothing to mitigate the chilling effect on the jurors' willingness to discuss intimate affairs openly that would follow from the jurors' likely perception that they would be recognized in open court both by their friends and acquaintances and by the public at large.

The Government also asserts that "[i]f a juror has a significant concern about publicity, that juror may say so at the hearing" *after he or she has been identified by appearance* (Opp. 5), but – as Mr. Fell noted in his opening – that proposal fails to address either the interest in juror

---

[1] As Mr. Fell noted in his opening brief, the risk that the appearance of one or more jurors will also compromise such juror(s) name is real and substantial.  Because the explanation why that is so would compromise the very interests this motion is seeking to protect, Mr. Fell requests the opportunity to elaborate on it *in camera* should the Court have any concern with respect to this issue.

privacy or the interests of the defendant and the tribunal. Contrary to the Government's suggestion, the jurors cannot fairly be expected to know in advance the precise questions that will be asked of them and the extent to which they will necessarily invade areas that the jurors deem to be sensitive or private. The legal issue before the Court will necessarily require inquiry beyond the limited information set forth to date in the parties' papers and the Court's opinion. Nor is it fair – either to the juror or the system – to require a juror after having been identified by name and asked an embarrassing question to then state that he or she wants to answer the question *in camera*. The mere request to answer the question *in camera* risks revealing confidential or sensitive information about the juror – that the answer is not a flat denial but information that would embarrass the juror. Nor does that proposal address the tribunal and the defendant's interest in protecting juror candor. The Government proposal fails to address the risk that the jurors – their identity having been revealed – will not be fully comfortable or candid answering detailed questions about private matters they will not be able to anticipate before being asked them but that may be essential in resolving the issues of honesty and bias presented by the motion.

The Government's answer also simply ignores the fact that this inquiry will necessarily implicate private information of third parties who will have no ability to protect their rights in court, such as family members of the jurors who will not be present. See Mem. of L. in Supp. of Mot. to Conduct the Ct.'s Juror Inquiry *In Camera* ("Mem.") at 5.

The Government further suggests that a portion of a juror's testimony "presenting difficulties" could be received at the bench, but to ask that the juror make that determination after the fact as the Government would require here, makes no sense. Mr. Fell has already made a showing that jurors at issue failed to reveal information of a confidential and sensitive nature in

response to Court questions. What is not known is the identity of those jurors and their answers to follow-up questions. It is no answer to say that the jurors should identify the questions that might be difficult for them to answer in public The overriding interest supported by an *in camera* hearing is that of "assuring [jurors'] candor in responding to questions so that a fair trial would be assured." United States v. King, 140 F.3d 76, 82 (2d Cir. 1998). As the Second Circuit put it, "It is one thing to oblige jurors to state in public that they prefer a closed door session to identify sensitive matters elicited by a questionnaire. It is quite a different matter to expect them to acknowledge in public that their own candor will be inhibited by questioning in public." Id.

The Government also falsely posits that Mr. Fell is attempting to circumvent the "public scrutiny of criminal trials" by seeking to "vacate[]" his conviction and sentence "in secret collateral proceedings." Opp. of the United States to Mot. to Close Courtroom and Seal Tr. at 3. But Mr. Fell is seeking to do no such thing. He and presumably the Government agree that at the appropriate time juror testimony can be released with juror name and juror appearance redacted, and juror identity reflected only by number. They just disagree on the timing. The Government would have the juror identified by number only after the juror is identified by her appearance (and perhaps her name) by appearing in open court and when identification by number would be fruitless. Mr. Fell would protect juror privacy and candor by having the jurors identified by number (and without making public other identifying information) in the first instance. There is no issue of keeping information about the nature of Mr. Fell's claims or the basis of any court decision from the public. To rule on Mr. Fell's motion, the public does not

4

need to know which of the jurors was a victim of child abuse and which had criminal convictions.[2]

Finally, the Government also does not dispute that what Mr. Fell is proposing was exactly the method employed by District Judge Wolf in similar circumstances in United States v. Sampson, nor has the Government offered any reason why that case is distinguishable from Mr. Fell's. In Sampson, Judge Wolf ordered the court closed before there was a finding that any juror lied to the court. See United States v. Sampson, 820 F. Supp. 2d 151, 161 (D. Mass. 2011). Indeed, in that case, there was a weaker claim for juror privacy and juror candor than here. At the time the Court was ordered closed, no affidavits from the jurors were presented and there would have been no way to connect a juror by her or his appearance to an embarrassing or private fact that had already been disclosed. See Mot. of Gary Lee Sampson for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence Made Pursuant to 28 U.S.C. § 2255 and/or R. 33 of the Fed. R. of Crim. Proc. at 109-15, United States v. Sampson, Cr. No. 01-10384-MLW, 820 F. Supp. 2d 151 (D. Mass. 2011). The opposite is true here. Thus, even more so than in Sampson, there are overriding interests here that support closing the courtroom in the first instance. See Mem., Ex. A at 3-4.

Mr. Fell has demonstrated that there are several compelling interests that are likely to be prejudiced by a hearing in open court. The process proposed by Mr. Fell is no broader than necessary to protect those interests, and the alternatives offered by the Government would fail to adequately protect the interests at stake. Accordingly, Mr. Fell respectfully requests that the Court grant the relief requested in Mr. Fell's motion.

---

[2] The Government's attempt to invoke the requirements of the Crime Victims Act of 2004 are unavailing. As the Government admits, the requirements of that statute pertain only to "public court proceeding[s]." 18 U.S.C. § 3771(a)(3). By its terms they would not pertain to a proceeding ordered sealed.

5

RESPECTFULLY SUBMITTED,

Dated:  August 1, 2013
New York, New York

LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

Dated:  August 1, 2013
Barre, Vermont

/s/ Richard Rubin
RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

Dated:  August 1, 2013
New York, New York

/s/ Cathleen Price
CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

*Attorneys for Donald Robert Fell, Jr.*

6

## CERTIFICATE OF SERVICE

I, Lewis Liman, an attorney admitted to practice in the State of New York and a partner of the firm Cleary Gottlieb Steen & Hamilton LLP, hereby certify that on August 1, 2013, I electronically filed with the Clerk of the Court Donald Fell's Reply in Support of his Motion to Conduct the Court's Juror Inquiry *In Camera*. The CM/ECF system will provide service of such filings via Notice of Electronic Filing ("NEF") to all parties with an e-mail address of record who appeared and consented to electronic service in this action.

Dated: August 1, 2013
New York, New York

/s/ Lewis J. Liman
Lewis J. Liman
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999