UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,
                    Plaintiff,

            v.                                          Docket No. 2:01-CR-12-01

DONALD FELL,
                    Defendant.

INTERESTED PARTY'S MEMORANDUM IN SUPPORT OF MOTION TO CONDUCT
JUROR INQUIRY IN CAMERA

Juror No. 162, by and through counsel, Langrock Sperry & Wool, LLP, hereby files

this Memorandum in Support of the Defendant's Motion to Conduct Juror Inquiry *In Camera*.

On July 25, 2013, attorneys for the Defendant filed a Motion to Conduct Juror Inquiry

*in Camera*, asserting that the juror's interests as well as those of the Defendant would be best

preserved if the Court's questioning of the jurors at the upcoming hearing were conducted in

private. The government has opposed this request. Juror No. 162, one of those due to be

questioned, files this Memorandum through counsel to support the closure of the courtroom

and protection of juror privacy.

Courts routinely protect juror privacy during *voir dire* by permitting sensitive subjects

to be addressed at the bench, outside the hearing of the public. The parties, including the

court, accept generally that private citizens, having done nothing to attract public attention

other than perform their civic duty, and having no stake in the litigation, should not be forced

to reveal deeply personal or potentially embarrassing information about themselves. In the

ordinary course, the matters revealed by jurors at the bench remain private. Despite its

opposition to the defense request that the upcoming hearing be conducted in private, the

LANGROCK SPERRY
& WOOL LLP

government has not suggested that the measures *typically* taken to protect jurors during *voir dire* are in any way problematic.

In the upcoming hearing, however, taking the relevant juror testimony at the bench does nothing to preserve juror privacy, because the nature of the testimony has already been revealed by the parties in their prior pleadings. Nearly the only aspect of privacy that remains for Juror No. 162 is the juror's identity; following a public hearing, even if Juror #162 is permitted to testify about specific subjects at the bench, the harm will be done, as the juror's identify will have become public.

The subjects on which Juror No. 162 expects to be questioned are deeply personal, far distant in time, and potentially embarrassing not only to the Juror, but also to other individuals not present. While Juror #162 recognizes that the Court may at some point need to unseal the transcript of the proceedings, the Court can set conditions on an unsealing order that will continue to preserve the confidentiality of the Juror's identity and of any testimony not specifically required to be made public. By contrast, an open hearing will do nothing to balance the interests of juror privacy against the need for a public trial.

Juror No. 162 accordingly joins in the request that the hearing scheduled for August 15, 2013 be conducted *in camera*.

LANGROCK SPERRY
& WOOL LLP

2

DATED at Burlington, Vermont this 12 day of August, 2013.

LANGROCK SPERRY & WOOL, LLP

Lisa B. Shelkrot
PO Box 721, 210 College Street
Burlington, VT 05402
lshelkrot@langrock.com
Phone: (802) 864-0217

Attorneys for Interested Party Juror #162

604051.1