UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA          :
                                  :
          v.                      :     Case No. 2:01-cr-12
                                  :
DONALD FELL,                      :
                                  :
          Defendant-Movant.       :

**Memorandum and Order**

Following a status conference concerning an upcoming hearing with respect to allegations of juror misconduct, Defendant Donald Fell has moved to conduct the court's juror inquiry in camera and to seal the transcript. *See* ECF No. 392. Specifically he has requested that the Court adopt the procedure used in post-conviction proceedings in *United States v. Sampson*, No. 1:01-cr-10384-MLW (D. Mass. hearing conducted Nov. 18, 2010), in which the district court closed the courtroom for the limited purpose of questioning jurors concerning their responses to questions on their questionnaires and on voir dire. The motion is **denied in part** and **granted in part**.

The parties substantially agree on the standards applicable to closure of this proceeding; they differ only as to whether those standards have been met. Court proceedings in criminal matters are presumptively open to the public. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) ("[A] presumption of openness inheres in the very nature of a criminal trial under our system of justice.").

This "presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."  *Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984) ("*Press-Enter. I*").  District courts in the Second Circuit must follow four steps in deciding a motion for closure:

> First, the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party which closure would prevent. . . . Second, if a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access. Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access.  Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose.

*United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) (citations and quotation marks omitted); *see also United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2012) (listing substantially the same criteria in different order).

Fell urges the Court to recognize several compelling interests that may be prejudiced:  1) jurors' interest in their

privacy; 2) the privacy interest of other third parties; 3) Fell's interest in a flow of information free from any potential chilling effect on the jurors' candor; and 4) the Court's own interest in juror candor.

Privacy interests may be considered a compelling interest. *Doe*, 63 F.3d at 128.  Juror candor in responding to questions—at least in the context of voir dire—is also an accepted compelling interest.  *See United States v. King*, 140 F.3d 76, 82 (2d Cir. 1998).  The burden on the moving party "'to show prejudice increases the more extensive the closure sought,'" however. *Ayala v. Speckard*, 131 F.3d 62, 70 (2d Cir. 1997) (en banc) (quoting *Doe*, 63 F.3d at 129).  Thus, this Court will "require persuasive evidence of serious risk to an important interest in ordering any closure," recognizing "that the more extensive is the closure requested, the greater must be the gravity of the required interest and the likelihood of risk to that interest." *Id.*

Three jurors, identified only by juror number, have been summoned to a hearing.  Two jurors will be asked to explain omissions or discrepancies in their responses or failure to respond to questions during the jury selection process.  Two jurors will be asked whether they learned any extra-record information.  One juror will be asked about an event that allegedly occurred in the jury room.  Only one of these areas of

inquiry implicates any significant privacy interest: the contention that a juror had been the victim of sexual abuse as a child.  This juror has requested that the hearing be conducted in camera, because the subject matter is "deeply personal."  *See* Interested Party's Mem. in Support of Mot. to Conduct Juror Inquiry in Camera 2, ECF No. 398.

Having considered the juror's submission, the Court finds that the juror's interest in maintaining privacy is a compelling interest.  There is a substantial probability of prejudice to that interest if the juror is required to testify in open court; specifically the juror's identity and some degree of detail about the past incident or incidents will be revealed to anyone who attends the hearing or reads or listens to media coverage of the hearing.  Testifying in camera will prevent that disclosure.  The alternative of identification only by juror number will not ensure that the subject matter of the disclosure remains private. The alternative of providing information to the Court and parties at the bench will not ensure that the juror's identity remains private.  Under the circumstances, which include a credible allegation that a juror failed to disclose material information during voir dire in a death penalty case, the Court finds that the prejudice to this juror's interest in maintaining privacy concerning a deeply personal and potentially embarrassing matter outweigh the qualified First Amendment right of access.

4

To ensure that closure is no more extensive than necessary, the Court adopts the following procedure.  The Court will hear testimony from this juror in camera.  A transcript of the testimony will be made, and maintained under seal until an appropriate redaction is devised.  The redacted transcript will be docketed.

The remainder of the hearing will be conducted in open court.  The Court finds, on the current state of the record, that Fell has not overcome the presumption of openness that court proceedings in criminal matters enjoy with respect to the remaining areas of inquiry.

Areas of inquiry involving failure to disclose misdemeanor convictions and failure to disclose exposure to extra-record information do not significantly invade juror or third party privacy.  Before appearing however, each juror will be informed that if he or she feels that the questioning will touch on deeply personal or embarrassing matters the juror may request that it take place in camera.  The Court will then determine whether there is a substantial probability of prejudice, whether an in camera hearing is warranted, and make the required findings.

With regard to the allegation of an improper demonstration during jury deliberation, this hearing involves a purely factual inquiry into whether a particular incident took place in the jury room.  No privacy interest is implicated.

Fell has suggested that a full review of his claims might be compromised if jurors' fear of identification and disclosure caused them to be less than candid. Assuming that juror candor is a compelling interest in post-conviction proceedings as well as during voir dire, the matters to be investigated are not particularly controversial. With the exception of the misdemeanor convictions, the matters have come to light because the jurors were apparently willing to share the information with defense investigators. No juror is being asked to disclose an opinion or attitude that might be unpopular or open to criticism.

*King*, in which the Second Circuit recognized a potential chilling effect on juror candor, stands in sharp contrast. The voir dire examination in *King* sought to explore the racial views of potential jurors in a case in which pretrial publicity had heightened racial tensions. The *King* panel emphasized that public access should not be limited simply because public questioning might inhibit the candor of a juror's responses. 140 F.3d at 82-83.

For the foregoing reasons, the Court grants the juror's request to be examined in camera concerning Fell's claim that the juror failed to disclose material information concerning childhood sexual abuse. The Court denies Fell's request to conduct the remainder of the juror inquiry in camera.

6

Dated at Burlington, in the District of Vermont, this 14th day of August, 2013.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge