IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DONALD FELL,                          )
                                      )
            *Petitioner*,             )
                                      )
v.                                    )        **Civil Case No.**
                                      )        **Criminal Case No. CR-01-12-S**
UNITED STATES OF AMERICA              )
                                      )
            *Respondent.*             )

## GOVERNMENT'S RENEWED MOTION TO COMPEL DISCOVERY

**COMES NOW**, Respondent, the United States of America, by and through the

undersigned counsel, and, pursuant to this Court's Order of May 10, 2013, (Dkt. No. 369) and

Rule 6 of the Rules Governing Section 2255 Proceedings, moves for discovery as follows:

## PROCEDURAL HISTORY

On May 10, 2013, the Court issued an Opinion and Order permitting discovery in this

case and requesting the parties to submit a discovery schedule. (Dkt. No. 369) Despite efforts to

come to an agreed upon discovery schedule, the parties failed to reach an agreement. On June

10, 2013, the government filed a First Motion to Compel Discovery. Without addressing the

merits of the Government's motion, the court directed the parties to meet and confer regarding

the Government's requests for discovery. On August 26, 2013, the parties held an extensive

discovery conference during which each party addressed each of the discovery requests made by

the Government. While Petitioner Donald Fell agreed to provide some of the documents

requested by the Government, he either refused to provide, or agreed to provide belatedly, a

number of documents that the Government considers vital in order to adequately prepare for the

evidentiary hearing to be held in the summer of 2014. The government respectfully submits that

1

the Petitioner's proposed discovery schedule would not effectively assist the parties in accomplishing discovery in this case in an efficient, expeditious and timely manner.  Therefore, the Government herein renews its Motion to Compel Discovery as set forth below.

## I.      FELL SHOULD DISCLOSE TRIAL COUNSEL'S FILES IN THEIR ENTIRETY

The Government requested that Fell disclose his trial attorneys' files and records concerning their representation of him in the District of Vermont, Criminal Case No. 01-12, as the information contained within those records is necessary for a full and fair adjudication of counsel's performance, which Fell has placed directly in issue through his 2255 Petition.

Fell agreed to produce "all non-privileged material from trial counsel's files" within 45 days, that is, on or before October 18, 2013.

The Government submits that Fell must produce his trial counsel's files in their entirety. Fell has filed a myriad of ineffective assistance of counsel claims, which the government submits were in fact reasonable strategic decisions made by trial counsel.  Therefore, supporting evidence would be found precisely in the privileged communications of counsel with each other, with their experts, with their witnesses and with their client Fell.  Supporting evidence would also be found in trial counsel's work product.  For example, the government submits that trial counsel's decision not to present any mental health evidence in penalty was a reasonable strategic decision. Trial counsel's privileged communications, notes, and attorney work product would necessarily inform the Government's position.  Hence, trial counsel's privileged communications, including all electronic communications, notes and attorney work product must be produced.  Moreover, it is Petitioner's position that Cynthia Ayres was a member of the trial defense team.  Accordingly, any documents obtained by her, or produced by her, as well as any communications engaged in by Ms. Ayres should be considered part of trial counsel's files.

Therefore, the Government submits that, at least with regard to any matter put at issue by Fell's 2255 petition, trial counsel's files and records should be disclosed in their entirety, including any privileged documents, notes and communications, as well as attorney work product.[1]

Rule 6 of the Rules Governing Section 2255 cases authorizes discovery with leave of the district court. Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, for "good cause." For the Government to meaningfully reply to Fell's assertions, it requires access to the documents that informed and reflect trial counsel's contemporaneous impressions and actions. As such, good cause exists for disclosure of counsel's files. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (stating that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

Fell has, of course, waived his attorney-client privilege in regard to communications concerning his claims of ineffective assistance. As courts have recognized, a habeas petitioner who claims ineffective assistance of counsel impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove his claim. *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009). Given the breadth of Fell's ineffectiveness claims, which encompass every aspect of the penalty phase proceedings, including proof of the defendant's mental health, and arguments to the jury, the government urges this Court to issue an order

---

[1] Regarding matters that Petitioner claims have not been placed at issue, Petitioner agreed to provide a privilege log, describing the subject matter of any materials withheld. The Government reserves its right to move for disclosure of all or some of this material once a privilege log has been provided.

pursuant to Federal Rule of Civil Procedure, Rules 26 and 34,[2] requiring Fell to make available for inspection and copying, no later than October 18, 2013, at the offices of the defendant's current counsel in Vermont, trial counsel's complete case files relating to their representation of Fell, including privilege material.  Any electronically stored information should be produced in its original form.

## II.    THE COURT SHOULD ORDER IMMEDIATE EXPERT WITNESS DISCLOSURES AND A WITNESS LIST

In support of his March 2011 claims that trial counsel performed ineffectively, Fell has proffered declarations from asserted experts on mitigation, mental health and crime scene analysis.  Moreover, during the discovery conference of August 26, 2013, Fell indicated that there are a number of experts on whose testimony he will rely during the upcoming evidentiary hearing, and whose identity is yet to be disclosed.  The opinions of those potential witnesses will presumably play a central role in the evidentiary hearing this Court has ordered with respect to the claims of ineffective assistance of counsel.  Fell, however, has indicated that he is not willing to disclose the identity of those witnesses, or provide discovery with regard to their testimony until "90 days before the hearing date currently scheduled for June 2014."

The proposed disclosure date for experts is completely unreasonable.  Disclosure of experts 90 days prior to the hearing date will only result in the continuance of the scheduled hearing.  90 days is simply an insufficient amount of time for the Government to prepare to meet such testimony.  We urge the court to consider that the Government has no idea who these experts are or what they would say.  Until the Government receives expert discovery, it cannot

---

[2] The Government relies upon the Rules of Civil Procedure because no Rule of Criminal Procedure provides an ample procedural vehicle for the scope of disclosures that should flow from the defendant to the government in this instance.

retain experts to rebut such testimony, a lengthy process in and of itself.  Moreover, any psychiatric evaluation of the defendant by the Government must be preceded by complete expert disclosure.  For example, Petitioner has consented to a complete mental health evaluation.  Such an examination requires a significant amount of coordination among experts. This simply cannot be accomplished within 90 days prior to the scheduled hearing.

More importantly, it is blatantly apparent that Petitioner is merely trying to gain a tactical advantage with his refusal to provide expert discovery earlier.  Clearly such experts provided opinions to the defense prior to the filing of Fell's March 2011 2255 Petition.  Counsel has had more than two years to discuss all available psychological and background information on Fell with his newly retained experts.  There is no reason why Fell should not be compelled to provide discovery with regard to expert testimony at this juncture of the proceedings.  Accordingly, this Court should order Fell to provide full disclosures of expert testimony within the next 30 days, and no later than October 18, 2013.

The Rules of Civil Procedure require a party that intends to call an expert witness to provide a written report outlining the opinions the expert will offer, the data considered by the expert in forming those opinions, the expert's qualifications, the cases in which the expert has recently testified, and the compensation to be paid to the expert.  Fed. R. Civ. P. 26(a)(2)(B). Such disclosures provide opposing parties with a reasonable opportunity to prepare effective cross-examination and to arrange for their own experts, as needed.  *ClearOne Communications, Inc. v. Biamp Systems*, 653 F.3d 1163, 1176 (10th Cir. 2011).

Presently, it appears that Fell, in addition to relying on the expert testimony of as many as 7 witnesses – Dr. Mark Cunningham, Dr. Mark J. Mills, Dr. Wilfred G. van Gorp, Cynthia Ayres, James Aiken, Ph.D., Dr. Jonathan J. Lipman and Charles Wetli, will rely on the testimony

5

of yet additional experts who remain to be identified.  As to each of these witnesses, good cause exists for disclosures under Rule 26(b)(2), which will permit the Government to prepare cross-examination and identify experts that it may need to retain in order to rebut their testimony. *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir.2008).  For the Government to fully and fairly prepare for the evidentiary hearing, this Court should order Fell to make disclosures, within the next 30 days, for the above-named experts, and any other experts he intends to call at the evidentiary hearing concerning claims of ineffective assistance of counsel.

Additionally, to permit the Government to fully prepare for the upcoming evidentiary hearing, the Government requested that Fell provide a witness list under the procedure set forth in Federal Rule of Civil Procedure 26(a)(3).  Petitioner agreed to provide a witness list 30 days prior to the hearing date currently scheduled for June 2014.  The Government submits that in order to fully prepare for the evidentiary hearing a witness list must be disclosed at least 90 days prior to the hearing date.

## III.   THE COURT SHOULD PERMIT THE GOVERNMENT TO DEPOSE FELL'S WITNESSES

In support of his claims that trial counsel performed ineffectively, Fell has proffered declarations from several expert and lay witnesses, who will presumably testify in support of his contentions during the ordered evidentiary hearing.  This Court should permit the Government to depose Fell's witnesses in anticipation of the hearing.

Depositions of witnesses will lead to the discovery of evidence and facilitate potentially dispositive motions that could narrow the scope of the evidentiary hearing.  *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Good cause for the proposed depositions exists: they will permit the Government to fully and fairly prepare for the evidentiary hearing

and to seek summary judgment as to claims that can be determined without evidentiary development.

1.  Expert Witnesses

At present, it appears that Fell will rely on the following expert witnesses:  Dr. Mark Cunningham, Dr. Mark J. Mills, Dr. Wilfred G. van Gorp, Cynthia Ayres, Dr. Jonathan J. Lipman and Dr. Charles Wetli. The opinions of those asserted experts are central to Fell's claims of ineffectiveness.  Given the importance of those witnesses to the claims of ineffectiveness advanced by Fell, the government seeks to depose them, pursuant to Federal Rule of Civil Procedure 26(b)(4), and thereby determine the scope, bases, and reliability of their opinions.

Petitioner consented to the depositions of Dr. Cunningham, Dr. Mills, Dr. van Gorp and Dr. Lipman, but not until April of 2014, and with the understanding that the Government will produce their mental health experts for deposition.  The Government agrees to produce its experts for depositions, but submits that April of 2014 is far too close to the hearing date and will not provide sufficient time for the parties to complete depositions prior to the hearing. Moreover, the Government submits that Petitioner must also consent to the depositions of his yet to be announced mental health experts.  (Petitioner views Ms. Ayres as part of the trial defense team and we address her potential deposition below.)

Moreover, the Government also moves for the deposition of Dr. Charles Wetli.  Dr. Wetli's testimony is central to several claims advanced by Petitioner; therefore, the Government should have an opportunity to explore said testimony.

2. Trial Counsel

Because the conduct and performance of trial counsel lies at the heart of Fell's ineffective assistance claims, the government also seeks leave to depose Alexander Bunin, Gene Primono, Paul S. Volk and Cynthia Ayres under Federal Rule of Civil Procedure 30.

Petitioner consents to the depositions of Mr. Primono, Mr. Bunin, Mr. Volk and Ms. Ayres, but only if the Government agrees to produce its attorneys for deposition. However, as stated above, the performance of Petitioner's trial team is at the heart of the petition and involves a myriad of claims that will necessarily be informed by the testimony of trial counsel. Petitioner, having clearly placed at issue the performance of his trial team, cannot now dictate conditions on their testimony. Whether or not the Government should be entitled to depose trial counsel and Ms. Ayres should not be premised on whether or not Government counsel will be similarly deposed. This issue should turn on whether trial counsel has information that will inform the allegations made by Fell and enable the Government to respond adequately to Fell's claims, prepare for the evidentiary hearing and seek summary judgment if appropriate. For example, the first claim advanced by Fell at p. 27 of his Petition, is that his trial attorneys failed to investigate mitigation information. Surely the testimony of his trial counsel and Ms. Ayres, Petitioner's mitigation specialist, is highly relevant to this claim. Similarly, trial counsel's testimony would also be relevant to the myriad of ineffective assistance of counsel claims raised by Fell in his Petition.

Contrary to Fell, the Government submits that it has not placed the conduct of its attorneys at issue, nor will any of Petitioner's claims be informed by the testimony of the Government attorneys. Therefore, the Government submits that Petitioner should be compelled

to produce his trial team, to wit, Mr. Primono, Mr. Bunin, Mr. Volk and Ms. Ayres, for a deposition in connection to his 2255 Petition.

### 3. Lay Witnesses

The Government also moved to depose certain factual witnesses who it understands were central to Fell's claims, specifically his sisters, Terry Fell and Susan Benczkowski. In claim number III, Fell specifically alleges that trial counsel was ineffective in failing to spend more time interviewing both Terri Fell and Susan Benezkowski and preparing their testimony for trial. Clearly the Government is entitled to explore what additional information if any either of these two witnesses had to offer in support of Fell's defense.

### 4. The Petitioner

Likewise, the Government seeks to depose Petitioner Fell. He opposes such a deposition. Clearly Fell's own conduct and statements necessarily informed counsel's actions and the opinions of the defense's experts. As such, the Government requests that this court compel Petitioner to submit to a deposition. The Government seeks leave to depose Donald Fell at the Federal Correctional Complex in Terre Haute, Indiana. *See* Fed. R. Civ. Pro. 30(a)(2)(B) (requiring leave to depose an incarcerated witness).

## IV. THE COURT SHOULD ORDER FELL TO UNDERGO A MENTAL HEALTH EVALUATION BY THE GOVERNMENT'S SELECTED EXPERT

The Government requested that Fell submit to a complete mental health evaluation. Petitioner agrees, as long as the evaluation is not conducted by Dr. Michael Welner.

The Government played no role in the Petitioner's selection of experts. In fact, with regard to the experts Petitioner intents to rely on at the evidentiary hearing, the Government has yet to even learn their identity. Similarly, the defense should play no role on the Government's

selection of its own experts.  Generally, a party's choice of mental and physical health expert to examine an opposing party is permitted absent the opponent's well-founded objection. That rule is well-established under Fed. R. Civ. P. 35 (permitting an expert examination "[w]hen the mental or physical condition ... of a party ... is in controversy").  *See Chrissafis* v. *Continental Airlines, Inc.,* 1997 WL 534874, at *5 (N.D.Ill. Aug.21, 1997) ("Defendants have had absolutely no say in determining which physician and expert plaintiff has chosen for the presentation of her case, why should plaintiff have more of a say in defendants' choice, absent some valid objection to that choice? . .. Plaintiff wishes to proceed with her own paid expert, while at the same time denying Defendant the right to do the same.  Apparently what is sauce for the goose is not sauce for the gander.  We see no reason in this case for not allowing the movant under Rule 35 to select the examiner"); *Powell* v. *United States,* 149 F.R.D. 122, 124 (E.D.Va.1993) (valid objection to examiner would be one where, for example, plaintiff demonstrated that the expert had a business or social relationship or attorney-client relationship with the attorney representing the defendant).

Petitioner claims that the court prohibited Dr. Welner from examining Fell in 2005, prior to trial.  While that may be true, the rationale for that decision, at that time, bears no relevance here.  Prior to trial, the court permitted the Government to "complete" the prior mental health examination that had been conducted of Fell since trial counsel had barred Government inquiry in several areas, including, but not limited to the charged crimes.  The court ordered that the original examiner complete the examination.  Here, the Government will conduct a new complete mental health examination of Petitioner to respond to new mental health evaluations that have been conducted of Fell.  Dr. Welner, who was retained by the government in 2004, has conducted a thorough background investigation of Fell and has invested a considerable amount

of time assisting the Government in this case.  There is no reasonable basis to prohibit the Government from relying on Dr. Welner's expertise.

Accordingly, the Government requests that the court compel Fell to submit to a complete mental health evaluation within 90 days of the Government receiving expert disclosure and discovery.  Such examination shall be conducted by a mental health expert selected by the Government.  Said expert will perform a full-scope psychiatric evaluation of Fell at the Special Confinement Unit in Terre Haute, where the defendant is currently housed by the Bureau of Prisons.  The evaluation will be limited in scope to an assessment of Fell's mental health, as it relates to his assertions of mental illness or defect at the time he murdered Charles Conway, Deborah Fell and Terry King.  The Government agrees to confer with counsel to determine the tests to be administered.

## V.   THE COURT SHOULD COMPEL FELL TO PRODUCE DOCUMENTS

Fell asserts that his attorneys inadequately presented evidence of his mental health and social history.  Fell claims that his trial attorneys failed the heed the "clear warning signs" that he suffered from various mental impairments.  *See* Petition, p. 80.  In support of those arguments, Fell relies, directly and indirectly, upon his personal history – including aspects of his education, employment, family life and medical history – and the opinions of several expert witnesses.  This Court should compel Fell to produce any documents in his possession from any of the sources listed below.

Fell asserts that this information constitutes attorney work product and refuses to comply with the Government's request.  However, it is precisely the work product of his trial attorneys that Fell has placed at issue through his Petition.  If the Government is not allowed to see what information Fell's trial attorneys had in their possession prior to his trial, how can the

Government adequately respond to claims of ineffective assistance of counsel based on information contained in those very documents?

Given the significance of the referenced documents, Fell should be compelled to produce all documents obtained from any entity listed below:

    a.   U.S. Social Security Administration

    b.  all organizations and individuals who employed Fell in a paid or unpaid capacity

    c.  any school that Fell attended

    d.  any social service agency

    e.  all judicial and administrative courts in which Fell has been a litigant or witness

    f.  all penal and detention facilities in which Fell has been an inmate

    g.  all medical professionals who have treated or diagnosed Fell

    h.  all mental health professionals who have treated or diagnosed Fell

    i.  Dr. Mark Cunningham

    j.  Dr. Mark J. Mills

    k.  Cynthia Ayres, Mitigation Specialist

    l.  Dr. Jonathan Lipman

    m. Dr. Charles Wetli

    n.  Dr. Wilfred G. van Gorp

    o.  James Aiken

As noted, Fell has relied upon the opinions of several medical and mental health experts as the bases for his claims of ineffective assistance of counsel. To permit the Government to test the veracity and reliability of the experts' testimony, it should have the opportunity to review the documents that they considered in forming those opinions. Accordingly, good cause exists for

the production to the Government of such material, including any notes, interview notes, raw test data, normative data, diagnostic criteria, and other documents provided by the defendant or his attorneys that were considered in forming the experts' opinions.

## VI.   THE GOVERNMENT REQUEST ORAL ARGUMENT

This court has scheduled a hearing in this case for September 27, 2013.  The Government respectfully requests to be heard on this motion following the conclusion of the evidentiary hearing currently scheduled for September 27, 2013.

## CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant the proposed discovery order.

Dated:  September 19, 2013

Respectfully submitted,

TRISTAM J. COFFIN
United States Attorney


/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice
1000 Lafayette Blvd.
Bridgeport, CT  06604
(203) 696-3027
Jacabed.rodriguez-coss@usdoj.gov

/s/ William B. Darrow
WILLIAM B. DARROW
PAUL J. VAN DE GRAAF
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Respectfully submitted,

/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney

14