UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD FELL,                              )
         Plaintiff                      )
                               )
                               )        Case No. 2:01-cr-12
         v.                               )
                               )
UNITED STATES OF AMERICA,                 )
         Defendant                      )

**DEPARTMENT OF CORRECTIONS'
MOTION TO QUASH SUBPOENAS**

NOW COMES the Vermont Department of Corrections ("DOC"), by and through

Attorney General William H. Sorrell, pursuant to F.R.C.P. 45(c)(3)(A)(iii), and

respectfully requests that this Honorable Court quash the subpoenas duces tecum issued

to St Johnsbury Probation and Parole (Attached as Exhibit A), Northeast Correctional

Complex (Exhibit B), Southeast State Correctional Facility (Exhibit C), Marble Valley

Regional Correctional Facility and Rutland County Jail (Exhibit D) and the Vermont

Department of Corrections (Exhibit E), all dated 09/27/13 and commanding to produce,

in part, certain DOC records related to Patrick Ryan (dob ____) that the DOC is

prohibited by state statutes, federal statutes and federal regulations from producing

pursuant to a subpoena. The DOC submits the following Memorandum of Law in support

of this motion.

**MEMORANDUM OF LAW**

I.   Background

On or about September 27, 2013, Lewis Liman, Esq. representing the plaintiff,

issued the above mentioned subpoenas duce tecum and forwarded the subpoenas to

various DOC facilities and a DOC probation and parole field office. The subpoenas duces tecum issued to the VT DOC and the DOC facilities command the production of "[a]ny and all records regarding Patrick Ryan (Date of Birth: _____), including but not limited to, the following: dates of incarceration, court documents, disciplinary records, substance abuse treatment records, visitation records, visitor logs, approved phone number lists, phone call lists, call logs, mailing lists (noting addresses of letters/packages received and/or sent by the inmate), progress reports and probation and/or parole records". Exhibits B, C, D, and E.

   II. <u>Facility Records</u>

      A. <u>Disciplinary records and progress reports</u>

The DOC is required to maintain an offender's disciplinary records and progress reports in an individual file for an offender, in this case, Patrick Ryan, whose content "shall be confidential and shall not be subject to public inspection except by court order for good cause shown ..." 28 V.S.A. § 601(10). Thus, the DOC cannot produce the requested disciplinary records and progress reports in response to a subpoena duces tecum. The statute requires a court order compelling production for good cause shown. 28 V.S.A. § 601(10).

The plaintiff must petition the court for an order and must show good cause for the court to order disclosure of any parts of the DOC's offender file. The records subpoenaed are not the plaintiff's own records, but the records of a third party. The subpoena does not present any information regarding any relationship between Mr. Patrick Ryan and the underlying matter whereby a determination of good cause can be made.

B.  <u>Probation and parole records</u>

The subpoenas, as issued, would compel the production of the parole or probation supervision history of Mr. Ryan.  28 V.S.A. §204 (d) provides that any supervision history prepared by a DOC employee in the discharge of the employee's official duties is privileged and shall not be disclosed outside the department other than to the judge or parole board. 28 V.S.A. §204 (d).  Here, plaintiff seeks disclosure of supervision history through the use of a subpoena. The statute is clear that the documents sought are privileged and confidential and not subject to disclosure without permission of the sentencing court or parole board.

C.  <u>Substance abuse treatment records</u>

Alcohol and drug abuse patient records contained in the DOC's file for Mr. Ryan may be confidential and may not be disclosed in response to a subpoena. *See* 42 U.S.C. § 290dd-2. DOC can only disclose substance abuse treatment records without Mr. Ryan's consent to medical personnel to meet a medical emergency, to qualified personnel for the purpose of conducting research, management of audits or program evaluations and if authorized by an appropriate court order granted after a showing of good cause. *Id*.

Here, plaintiff attempts to obtain copies of Mr. Ryan's substance abuse treatment records via a subpoena. To obtain copies of the records, plaintiff must file an application with the court in accordance with the applicable federal regulation. *See* 42 C.F.R. § 2.64. Plaintiff has, instead of filing an application with the court, subpoenaed Mr. Ryan's substance abuse records. The DOC, without Mr. Ryan's consent or an order by the court on application of plaintiff, is prohibited from disclosing the requested substance abuse treatment records. 42 U.S.C. § 290dd-2.

III. <u>St. Johnsbury Probation and Parole Records</u>

The subpoena duces tecum issued to the St. Johnsbury Probation and Parole field office commands the production of "[a]ny and all records regarding Patrick Ryan (Date of Birth: _____), including but not limited to, the following: probation reports, police reports, court records, incarceration records, progress reports, sentencing recommendations, pre-sentence investigation reports, IDAP and ISAP reports, substance abuse evaluations, house arrest reports, supervision reports, intermediate sanction reports, probation office reports and intake and discharge reports". Exhibit A.

The DOC adopts and reasserts its argument above regarding the seeking of probation reports, incarceration reports, progress reports, IDAP and ISAP reports, substance abuse evaluations, supervision reports, intermediate sanction reports, and probation officer reports. The confidentiality provision contained in 28 V.S.A. § 601(10) prevents the disclosure of documents contained in the DOC core file for Mr. Ryan, the privilege contained in 28 V.S.A. §204 (d) attaches to those documents containing supervision history and 42 U.S.C. § 290dd-2 prohibits the disclosure of substance abuse evaluations.

The subpoena duces tecum issued to the St. Johnsbury Probation and Parole field office also commands the production of sentencing recommendations and pre-sentence investigation reports ("PSI"). *See* Exhibit A. 28 V.S.A. § 204 (d) provides that a PSI prepared by a DOC employee is privileged and shall not be disclosed to anyone outside the DOC other than to the sentencing judge, except the court may in its discretion, permit the inspection of the report or parts thereof by the state's attorney, the defendant or his or her attorney or other person's having a proper interest therein, whenever the best interest

of the defendant makes the action desirable or helpful. 28 V.S.A. § 204 (d).  The

privilege can only be waived by the sentencing court and Plaintiff cannot obtain the PSI

by way of a subpoena. In addition, the only exception to the non-disclosure requirement

contained in the statute applies only if inspection of the PSI is in the best interest or

welfare of Mr. Ryan, not the best interest of the plaintiff.

WHEREFORE, the DOC respectfully requests that this Honorable Court quash

those parts of the subpoenas duces tecum that seek production of documents that are

either privileged or confidential.

DATED at Montpelier, Vermont this 7th. day of October 2013.

Respectfully submitted,

WILLIAM H. SORRELL
ATTORNEY GENERAL


By:    /s/ Robert M. LaRose, Esq.
       Robert M. LaRose, Esq.
       Assistant Attorney General
       Attorney General's Office
       101 State Street
       Montpelier, VT  05609-1001
       (802) 828-2383
       Robert.LaRose@ahs.state.vt.us


CERTIFICATE OF SERVICE


I hereby certify that on October 7, 2013, I electronically filed with the Clerk of

Court the foregoing document using the CM/ECF system. The CM/ECF system will

provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF

parties:

6

Lewis J. Liman, Esq.

By:    /s/ Robert M. LaRose, Esq.
       Robert M. LaRose, Esq.
       Assistant Attorney General
       Attorney General's Office
       101 State Street
       Montpelier, VT  05609-1001
       (802) 828-2383
       Robert.LaRose@ahs.state.vt.us