UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
---------------------------------------------------------------------- X
                                            :

DONALD FELL,                                 :
                                             :

                   Movant,           :
                                             :           2:01-CR-12-01
              - against -                  :

UNITED STATES OF AMERICA,      :

                 Respondent.      :
                                             :

---------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL THE MEMORANDUM OF LAW IN SUPPORT OF MR. FELL'S OPPOSITION TO THE DEPARTMENT OF CORRECTIONS' MOTION TO QUASH SUBPOENAS

Movant Donald Fell respectfully submits this memorandum in support of his

request, pursuant to Local Rule 5.2 of the United States District Court for the District of

Vermont, that the Court file under seal the Memorandum of Law in Support of Mr. Fell's

Opposition to the Department of Corrections' Motion to Quash Subpoenas (the "Opposition").

The standards applicable to this motion are well-settled. Private information

should be shielded from public disclosure where the public's presumptive right of access is

outweighed by a compelling interest in favor of confidentiality and the document at issue is not

central to the public's understanding of the disposition of the case. In weighing the public right

of access against the privacy interests present in a case, the Second Circuit has instructed that

courts should consider: 1) the degree to which the subject matter is traditionally considered

private rather than public, as customarily private matters will weigh more heavily against access

than those affecting a substantial portion of the public; and 2) the sensitivity of the information

and the subject. United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995). In particular,

2

"the privacy interests of innocent third parties…should weigh heavily in a court's balancing equation." Id.  Further, the weight accorded to the presumption of public access to court records is influenced by where that material falls on a "continuum" of relevance to a court's basis for a decision. Id. at 1049.  "Where such documents are usually filed with the court and are generally available, the weight of the presumption [of access] is stronger than where filing with the court is unusual or is generally under seal." Id. at 1050.

The transcript of the Examination of Jurors 143 & 162 held on August 15, 2013 remains under seal.  Unless and until that transcript is unsealed, this Opposition, which contains more detail, should remain under seal.

For the foregoing reason, Mr. Fell respectfully requests that the Court enter the attached Proposed Order to file under seal the Memorandum of Law in Support of Mr. Fell's Opposition to the Department of Corrections' Motion to Quash Subpoenas.

RESPECTFULLY SUBMITTED,

Dated:  October 18, 2013
Burlington, Vermont

/s/ Richard Rubin
RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

Dated:  October 18, 2013
New York, New York

/s/ Lewis J. Liman
LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

Dated:  October 18, 2013
New York, New York

/s/ Cathleen Price
CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

*Counsel for Donald Fell*

3