**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **DONALD FELL,** | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| **v.** | ) | **Civil Case No.** |
| | ) | **Criminal Case No. CR-01-12-S** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *Respondent.* | ) | |

<u>**GOVERNMENT'S BRIEF REGARDING ITS DISPUTED DISCOVERY REQUESTS**</u>

**COMES NOW**, Respondent, the United States of America, by and through the undersigned counsel, and, pursuant to this Court's Order of September 27, 2013, sets forth the discovery requests that it has served upon Petitioner, and which Petitioner opposes, and the Government's grounds in support thereof.

**PROCEDURAL HISTORY**

On October 20, 2010, counsel for Petitioner requested assistance with the inspection of evidence and trial exhibits prior to filing the 28 U.S.C. § 2255 motion. Pursuant to this request, the Government arranged for the 2255 defense team to review trial exhibits at the offices of the FBI in Albany on November 10, 2010.[1]

On March 8, 2011, pursuant to a further request of the 2255 defense team prior to filing the § 2255 motion , the Government provided all preserved correspondence, including preserved electronic communications, between the U.S. Attorney's Office and Fell's trial lawyers.

---

[1] On August 15, 2013, the 2255 defense team was permitted to inspect again certain trial exhibits, including Fell's shotgun.

On March 21, 2011, Fell filed his § 2255 petition, alleging ineffective assistance of counsel and requesting that his death sentence be set aside.  The Government filed its Amended Response in Opposition on December 21, 2011.

On July 20-21, 2011, after the Rutland, VT Police Department rebuffed the 2255 defense team's request to review Rutland crime scene evidence, the Government arranged a viewing.

On July 29, 2011, the Government produced to the 2255 defense team: (1) investigative reports regarding items gathered at the Rutland, VT and Dover, NY crimes scenes, and in connection with the Arkansas arrests; (2) documents obtained and reviewed by the FBI during its 2001 background investigations into Fell's and Robert Lee's lives; and (3) an unredacted copy of the June 14, 2005, electronic communication from Albany FBI to Philadelphia FBI requesting an interview of Christopher Eike.

On May 10, 2013, the Court issued an Opinion and Order permitting discovery in this case and requesting the parties to submit a discovery schedule.  (Dkt. No. 369)

After the parties were unable to come to an agreed discovery schedule, on June 10, 2013, the Government filed its First Motion to Compel Discovery.  Without addressing the merits of the Government's motion, the Court directed the parties to meet and confer regarding the Government's requests for discovery.

On August 26, 2013, the parties held an extensive discovery conference during which each party addressed each of the Government's discovery requests.  While Petitioner agreed to provide some of the documents requested, he either refused to provide, or agreed to provide

belatedly in 2014, a number of documents that the Government considers vital in order to

adequately prepare for the evidentiary hearing to be held in the summer of 2014.[2]

On September 19, 2013, the Government filed a renewed Motion to Compel Discovery

(Dkt. 409). The Government urged that the Petitioner's proposed discovery schedule would not

effectively assist the parties in accomplishing discovery in an efficient and expeditious manner.

On September 27, 2013, the Court entertained oral argument on the Government's

Renewed Motion to Compel Discovery and ordered the parties to brief any unresolved issues by

October 25, 2013. The parties held another discovery conference on October 23, 2013, in an

effort to resolve or narrow disputed discovery issues. While some additional agreements were

reached, several issues remain under dispute.

Therefore, the Government herein renews its Motion to Compel Discovery as to the

issues set forth below.

## I.     THE COURT SHOULD PERMIT THE GOVERNMENT TO DEPOSE FELL'S WITNESSES AND PETITIONER

In support of his claims that trial counsel performed ineffectively, Fell has proffered

declarations from several lay witnesses, who will presumably testify in support of his contentions

during the evidentiary hearing. This Court should permit the Government to depose Fell's

witnesses, specifically Terry Fell and Susan Benczkowski, and Petitioner, in anticipation of the

evidentiary hearing.

---

[2] The discovery that the § 2255 team agreed to provide at the August, 2013 conference is the files and communications between members of Fell's trial defense team. Counsel promised to provide that material by October 18, 2013. To date, however, only a portion of that material has been provided. The latter material includes, counsel has asserted, attorney Alex Bunin's files, but not the files of attorneys Paul Volk and Gene Primomo.

Rule 6(a) of the Rules Governing Section 2255 proceedings states:  "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  "A party requesting discovery must provide reasons for the request."  Rule 6(b), Rules Governing Section 2255 Proceedings.  In defending a claim of ineffective assistance of counsel, the Government is entitled to discover any information tending to undermine petitioner's specific claims. *United States v. Lott*, 2005 WL 3741492.

Depositions of witnesses will lead to the discovery of evidence and facilitate potentially dispositive motions that could narrow the scope of the evidentiary hearing.  *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Good cause for the proposed depositions exists: they will permit the Government to fully and fairly prepare for the evidentiary hearing and to seek summary judgment as to claims that can be determined without evidentiary development.

1.  Lay Witnesses

The Government moved to depose certain factual witnesses that it understands are central to Fell's claims, specifically his sisters, Terry Fell and Susan Benczkowski.  In claim number III, Fell specifically alleges that trial counsel was ineffective in failing to spend more time interviewing both Terri Fell and Susan Benezkowski and preparing their testimony for trial. Clearly the Government is entitled to explore what additional information, if any either of these two witnesses had to offer in support of Fell's defense in sentencing.  Both of these witnesses testified for Fell during the sentencing hearing, but Petitioner now claims post-conviction that there is additional information that they could have contributed in his defense that was not explored by trial counsel.  The Government should be allowed to explore this alleged additional

information.  The specific areas of inquiry for each of these witnesses are directly related to the remaining issues in the Petition, including that trial counsel failed to obtain readily-available evidence of a much more severe history of abuse and trauma of Petitioner.  *See* Claim III.  Upon information and belief, this additional evidence informed the new expert opinions upon which Petitioner will rely at the evidentiary hearing.  Further, communications with the trial defense team and discussions between trial counsel and these potential witnesses are highly relevant to whether Petitioner can substantiate his allegations.  The Government cannot respond to Petitioner's claim that trial counsel was ineffective in failing to present additional mitigation evidence without deposing these witnesses concerning their knowledge of Fell's life history and their interactions with Fell, trial counsel and Fell's mitigation specialist.  Such depositions would permit the Government to fully and fairly prepare for the evidentiary hearing and to seek summary judgment as to claims that can be determined without evidentiary development.

    2.  <u>The Petitioner</u>

Likewise, the Government seeks to depose Petitioner Fell.  He opposes such a deposition. Clearly Fell's own conduct and statements necessarily informed counsel's actions and the opinions of the defense's experts.  As such, the Government requests that this court compel Petitioner to submit to a deposition.

Fell is the petitioner herein and his petition claims, among other things, that his counsel were ineffective in the conduct of the mitigation investigation and presentation.  Among his criticisms is the claim that his counsel failed to adequately investigate his life history.  The statements of some of his witnesses claim that his counsel did not begin investigating his mitigation facts soon enough or were not thorough enough in their investigation.  Several witnesses claim that counsel essentially ignored them, did not ask them the right questions or did

not spend an adequate amount of time preparing them to testify. Fell authorized the filing of

this petition thereby endorsing its factual claims. In essence, Fell has already "testified" by

submitting his Petition and the Government simply seeks a fair opportunity to question him

about his allegations concerning his dealings with his counsel and his life history. *Bean v.

Calderon*, 166 F.R.D. 452, 455 (E.D. Ca. 1996) (deposition of petitioner authorized). *Bean* has

been cited with approval by other jurisdictions. *See, e.g.*, *Detrich v. Schiro*, 2007 WL 177831, *3

(D. Ariz. Jan. 23, 2007); *Lott v. Bradshaw*, 2005 WL 3741492, *10 (N.D. Ohio Mar. 29, 2005).

In addition, because a Section 2255 proceeding is essentially civil in nature, if Fell refuses to be

deposed or testify at his hearing, this Court may draw an adverse inference about the facts.

*United States v. Nahodil*, 36 F.3d 323, 328-29 (3d Cir. 1994).

Fell's refusal to submit to a deposition ignores the fact that he is the subject of the

mitigation and the primary source of information about his life experiences. The best evidence

concerning the adequacy of the work performed by his counsel is what questions his counsel

asked or did not ask and what answers Fell did or did not give. Through his petition, Fell put

into issue his personal communications with his counsel about his life story and his mental

health. He cannot bring this action and then deny the Government access to the most probative

evidence on the claim.

The Supreme Court's leading ineffective-assistance case, *Strickland v. Washington*, is

instructive on the issue of whether a respondent should be permitted to depose a Petitioner:

> The reasonableness of counsel's actions may be determined or substantially influenced
> by the defendant's own statements or actions. Counsel's actions are usually based, quite
> properly, on informed strategic choices made by the defendant and on information
> supplied by the defendant. In particular, what investigation decisions are reasonable
> depends critically on such information. For example, when the facts that support a
> certain potential line of defense are generally known to counsel because of what the
> defendant has said, the need for further investigation may be considerably diminished or

eliminated altogether.  And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.  In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

466 U.S. 668, 691 (1984).  The Court has thus made clear that a defendant's communications and interactions with his counsel are highly relevant to and probative of his claim of ineffective assistance of counsel.  The United States is "entitled to discover not only counsel's version of what was said, but also petitioner's version as well." *See Bean v. Calderon*, 166 F.R.D at 457.

Several circuits have had no difficulty applying this rule in the context of waivers of the attorney-client privilege.  *See, e.g., In re Lott*, 424 F.3d 446, 453 (6th Cir.2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir.2001) (holding that by bringing an ineffective-assistance claim, § 2255 movant waives attorney-client privilege with respect to conversations that "bare on strategic choices made during representation"); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1974) ("[Attorney-client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir.1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications

7

relevant to that issue."). The Ninth Circuit has also indicated that this rule applies as well to the attorney's work-product privilege. *Bittaker*, 331 F.3d at 722 n. 6.

Court's have permitted the Government to depose a petitioner in similar cases. In *Allen v. United States*, 2011 WL 4729819 (E.D.Mo. Oct. 7, 2011), p. 6, the court permitted the deposition of Petitioner who had been convicted of bank robbery resulting in death in violation of 18 U.S.C. 2113(e) and firearms murder in violation of 18 U.S.C. 924 (j). After being sentenced to death, Allen also challenged his sentence pursuant to section 2255. With one exception, the court denied Allen's claims for relief without an evidentiary hearing. *Id*. at p. 1. Allen was permitted discovery on his claim that his trial attorney was ineffective in failing to properly investigate and present mitigation evidence. The Government sought to depose Allen and he opposed. The court found that Allen's deposition would yield relevant information and authorized his deposition. *Id*. at 7; *Allen v. United States*, 2011 WL 5553635 (E.D.Mo. Nov. 15, 2011) (Denying Petitioner's motion for reconsideration). *See also Lee v. United States*, 2006 Wl 680943 (E.D.Pa. March 14, 2006) (granting the Government leave to take Petitioner's deposition);

Fell's course of dealing with his attorneys is relevant to explain why they made some of the decisions that they made. Fell obviously had his own communications with trial counsel about the facts of his life and his background, being the primary historian of his own life. He also submitted to examinations by his trial experts and he has more recently submitted to examinations by his new experts who will be witnesses at the hearing and presumably give testimony based, in part, on Fell's statements to them. Yet Fell wants to deny the Government an opportunity to question him about his communications and relationship with the trial counsel he now attacks.

8

Fell has relevant and probative information that will inform the Government's opposition to his 2255 Petition; therefore, the Government seeks leave to depose Donald Fell at the Federal Correctional Complex in Terre Haute, Indiana. *See* Fed. R. Civ. Pro. 30(a)(2)(B) (requiring leave to depose an incarcerated witness).

## II.    THE COURT SHOULD ORDER FELL TO UNDERGO A MENTAL HEALTH EVALUATION BY THE GOVERNMENT'S SELECTED EXPERT

The Government requested that Fell submit to a complete mental health evaluation. Petitioner agrees, but only if the evaluation is not done by the Government's expert, Dr. Michael Welner.

The Government played no role in the Petitioner's selection of experts. In fact, two-and-a-half- years after the filing of the § 2255 motion referencing expert opinion, the Government has yet to even learn their identity. Similarly, the defense should play no role on the Government's selection of its experts. Generally, a party's choice of mental and physical health expert to examine an opposing party is permitted absent the opponent's well-founded objection. That rule is well-established under Fed. R. Civ. P. 35 (permitting an expert examination "[w]hen the mental or physical condition ... of a party ... is in controversy"). *See Chrissafis* v. *Continental Airlines, Inc.,* 1997 WL 534874, at \*5 (N.D.Ill. Aug.21, 1997) ("Defendants have had absolutely no say in determining which physician and expert plaintiff has chosen for the presentation of her case, why should plaintiff have more of a say in defendants' choice, absent some valid objection to that choice? . .. Plaintiff wishes to proceed with her own paid expert, while at the same time denying Defendant the right to do the same. Apparently what is sauce for the goose is not sauce for the gander. We see no reason in this case for not allowing the movant under Rule 35 to select the examiner"); *Powell* v. *United States,* 149 F.R.D. 122, 124

(E.D.Va.1993) (valid objection to examiner would be one where, for example, plaintiff demonstrated that the expert had a business or social relationship or attorney-client relationship with the attorney representing the defendant).

Petitioner originally claimed that the Court prohibited Dr. Welner from examining Fell in 2005, prior to trial. While that may be true, the rationale for that decision, at that time, bears no relevance here. Prior to trial, the Court permitted the Government to "complete" the prior mental health examination that had been conducted of Fell since trial counsel had barred Government inquiry in several areas, including, but not limited to the charged crimes. The Court ordered that the original examiner complete the examination. Here, the Government will conduct a new complete mental health examination of Petitioner to respond to new mental health evaluations that have been conducted of Fell. Dr. Welner, retained by the Government in 2004, has conducted a thorough background investigation of Fell and has invested a considerable amount of time, at considerable expense, assisting the Government in this case. There is no reasonable basis to prohibit the Government from relying on his existing expertise in this case.

Pursuant to objections raised during the last discovery conference held on October 23, 2013, Petitioner now further claims that Dr. Welner "is a factual witness." This objection has no merit. Dr. Welner is an expert witness retained by the Government to rebut Petitioner's mental health allegations. While he conducted a background investigation into the life of Fell in order to render his opinions, he is not a factual witness.

Accordingly, the Government requests that the Court compel Fell to submit to a complete mental health evaluation within 90 days of the Government receiving expert disclosure and discovery. Such examination shall be conducted by Dr. Welner, the mental health expert selected by the Government. Dr. Welner will perform a full-scope psychiatric evaluation of Fell

at the Special Confinement Unit in Terre Haute, where the defendant is currently housed by the Bureau of Prisons.  The evaluation will be limited in scope to an assessment of Fell's mental health, as it relates to his assertions of mental illness or defect at the time he murdered Charles Conway, Deborah Fell and Terry King.  The Government agrees to confer with counsel to determine the tests to be administered.

**III.    THE COURT SHOULD DENY PETITIONER'S REQUEST TO DEPOSE GOVERNMENT TRIAL COUNSEL**

The defense has moved to depose Government trial counsel.  The Government objected on the grounds that the testimony from Government counsel would not inform claims set forth by Petitioner in his 2255 motion.  The defense has countered that the testimony of Government counsel would inform Petitioner's *Brady* and prosecutorial misconduct claims.  However, prosecutorial and *Brady* claims are routinely considered by courts, and depositions by Government counsel are not conducted.  Indeed, the Government has found no case in which Government lawyers are deposed post-conviction to resolve claims of this nature.  Certainly the Court can determine – as courts routinely do – whether a document not disclosed pre-trial constitutes *Brady* material, and further whether the Petitioner was prejudiced by the non-disclosure, without  requiring depositions of Government counsel.  Further, the prosecutorial misconduct claims advance by Petitioner relate to arguments made by Government counsel during summation.  Courts routinely consider such claims without the need for the testimony of Government counsel.  Indeed, the analysis is an objective one, based on the statements made by the prosecutor and the totality of circumstances.  *United States v. Young,* 470 U.S. 1, 16 (1985) (a reviewing court must consider the entire record in evaluating prejudice); *United States v. Espinal,* 981 F.2d 664, 666 (2d Cir. 1992) (same).  In fact, in *United States v. Fell*, 531

F.3d  197, 221-24 (2nd Cir. 2008), the Second Circuit considered certain arguments by Government  counsel during summation without the need of soliciting testimony from counsel.  Therefore, the Government submits that none of the alleged claims by Petitioner warrant the deposition testimony of Government trial counsel.[3]

## IV.    THE GOVERNMENT REQUESTS ORAL ARGUMENT

The Government respectfully requests oral argument on this motion.

### CONCLUSION

Based on the foregoing reasoning and authority, the government urges this court to grant and deny discovery as requested herein.

Dated:  October 25, 2013

Respectfully submitted,

TRISTAM J. COFFIN
United States Attorney

/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice
1000 Lafayette Blvd.
Bridgeport, CT  06604
(203) 696-3027
Jacabed.rodriguez-coss@usdoj.gov

/s/ William B. Darrow
WILLIAM B. DARROW
PAUL J. VAN DE GRAAF
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570

---

[3]  Moreover, without waiving our objections set forth above, and those raised in our Opposition to Motion to Set Aside of Vacate Sentence (Dkt. No. __) that Petitioner's Brady and prosecutorial misconduct claims are procedurally defaulted, the Government submits that Petitioner has further failed to comply with the requirements of 28 C.F.R. 16.21, *et seq*.

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Respectfully submitted,

/s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney

13