**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| DONALD FELL, )<br>    *Petitioner,*    )<br>                )<br>    v.          )    No.  2:01-CR-12<br>                )<br>UNITED STATES OF AMERICA,   )<br>    *Respondent*.    )<br>_____  ) | |

**OPPOSITION OF THE UNITED STATES**
**TO FELL'S MOTION FOR LEAVE TO FILE AMENDED § 2255 PETITION**

Respondent, the United States of America, by and through its attorney, Tristram J.

Coffin, United States Attorney for the District of Vermont, submits the instant Opposition to

Donald Fell's "Motion for Leave to File a Redacted Amended 28 U.S.C. § 2255 Motion," filed

on October 22, 2013 (Dkt. No. 419).

**INTRODUCTION**

On March 21, 2011, Fell filed a timely 2255 Petition.  The Government filed its response

on December 22, 2011.  Among other things, Fell claimed that three of the jurors at his trial

engaged in misconduct.  In August and September, 2013, the Court conducted an inquiry at

which the three jurors testified.  On October 22, 2013, over two and half years after the filing of

his 2011 2255 Petition, Fell moved for leave to amend and add a host of new claims of juror

misconduct.  The Government submits that Fell's amended claims are untimely and should not

be allowed.

**PROCEDURAL BACKGROUND**

Prior to the 2005 trial in this triple homicide case, this Court conducted an extensive and thorough jury selection process.  At the outset, prospective jurors filled out the Court's standard, two-page questionnaire providing background information.  In addition, the Court designed, with input from the parties, an extensive 34-page questionnaire, containing 75 questions divided into six parts. That questionnaire inquired as to each prospective juror's:  (1) background; (2) experiences and beliefs; (3) grasp of basic legal principles; (4) views concerning the death penalty; (5) exposure to media treatment of the case or the death penalty; and (6) schedule during the anticipated three weeks of trial.  In addition, each juror's name and address was provided in each questionnaire.  In preparation for jury selection, the parties and the Court both had completed questionnaires to review with prospective jurors.  Next, after the Court conducted general voir dire of groups of 16 jurors, each prospective juror was individually questioned, first by the Court, and then by attorneys for the parties.  At the request of the defense, and over the government's objection, the Court permitted case specific questions during individual voir dire. *See United States v. Fell*, 372 F. Supp.2d 766, 767 (D. Vt. 2005) (describing the "lengthy voir dire process" and the proper use of case-specific questions).  The Court invested a month selecting the jury in this case.

At trial the jury heard evidence of the gratuitous and brutal murders of three persons, Charles Conway and Debra Fell, knifed to death in Rutland, Vermont, followed by Terry King, kidnapped in Rutland and battered to death in Dover Plains, New York.  Fell admitted to the killings; having repeatedly kicked King in the head as she lay on her back praying in Dover Plains, her blood was found on his steel-toed boots.  The jury also heard defense mitigation

evidence from 14 penalty phase witnesses, including school teachers, social workers, and Fell family members, who described Fell's chaotic childhood and upbringing.  The jury also heard from a number of correctional officers and institution teacher who described Fell's adjustment to prison.

In its unanimous July 14, 2005, verdict, the jury agreed with the defense unanimously as to eight mitigating factors (including that Fell as a child had been "sexually and physically abused" and "abandoned" by his parents), but found that the aggravating circumstances of the King murder warranted a sentence of death.

On April 24, 2006 ,the Court denied Fell's Rule 29 post-trial motion claiming prosecutorial misconduct.  Dkt. No. 236.  On June 16, 2006, the Court sentenced Fell to death on Counts One and Two, consistent with the jury's verdict.  Dkt. No. 244.  In 2007 the Court of Appeals affirmed the jury's verdict and sentence.  *United States v. Fell*, 531 F.3d 197 (2d Cir. 2008).  The Supreme Court declined review on March 22, 2010.  *Fell v. United States*, 559 U.S. 1031 (Mem 2010).

On March 21, 2011 – the last day of the one-year § 2255 limitations period – Fell's § 2255 Petition was filed by Cleary Gottlieb Steen & Hamilton LLP.  The 365-page motion, accompanied by over 300 exhibits, raises 21 sets of claims, most containing a multitude of sub-claims.  It sets forth a blizzard of accusations against Fell's three trial lawyers, against the two Assistant U.S. Attorneys who prosecuted the case, and against jurors who satisfied this Court's thorough selection process and returned the verdict.  The motion urges that leading up to the trial, and on nearly every day of trial, all five lawyers representing the two parties committed serial errors of constitutional magnitude, such that the jury – itself infected with dishonest jurors

who violated Court orders – returned an unjust verdict.  This pervasive failure of the federal

criminal justice system, Fell contends, took place notwithstanding the Second Circuit's finding

that this Court's presided over the trial "with care, fairness, and an exemplary concern for the

protection of Fell's rights."  *Fell*, *supra*, 531 F.3d at 240.

On December 22, 2011, the Government filed its Response in Opposition to the 2011

2255 Petition, seeking summary dismissal of all claims.  Specifically, the Government sought

dismissal of the juror claims, arguing that Fell defaulted by failing to raise them during the

criminal case, and that counsel violated Fed. Rule of Evid. 606(b) by interviewing jurors about

their deliberations and submitting evidence of juror statements about juror deliberations.  Rule

606(b), the Government argued, barred the evidence from consideration by the Court.

As to the individual claims, the Government urged that Juror 162's childhood sexual

abuse took place about 50 years before Fell's trial, and there was no reason to suspect that she

deliberately concealed this fact during voir dire, particularly since she had freely discussed it

with Fell's counsel.  In any event, the new information about Juror 162 did not support a finding

of bias that would have warranted a challenge for cause at the 2005 trial – in fact, Juror 162's

statements, at voir dire and in her interview by 2255 counsel years later, reflect a conscientious

impartial juror.  "Amended Opposition of the United States to Fell's § 2255 Motion," filed

December 21, 2011, pp. 318-25.

As to Juror 26, the Government disclosed that a records check revealed, in addition to the

mid-1990s unlawful mischief misdemeanor conviction, a 1994 DUI misdemeanor violation.

Nonetheless, the Government urged that non-disclosure of two minor infractions committed

nearly a decade before trial, and media exposure years before trial, did not support an inference

of deliberate deceit, and would not have served as grounds for a challenge for cause.

In addition to the formidable Rule 606(b) bar to the claims involving Juror 143, the Government pointed out that any Rutland observations were merely cumulative, since a series of photographs of the Robbins Street apartment and the Price Chopper location were introduced into evidence at trial.  The shotgun allegation, even if true, did not support a claim that Juror 143 coerced any other juror to change her vote.  Indeed, the August 15, 2013, inquiry completely undercut Fell's claim that his shotgun was in the jury room.  Juror 143 testified that the shotgun was never in the jury room.  He explained that he enacted holding a shotgun, but did not hold the real shotgun admitted in evidence.  Moreover, neither Juror 162 or 26 remembered a shotgun ever being in the jury room during jury deliberations.  This is reflected in Fell's weak statement of this claim in his 2013 proposed amended 2255 filing.

On August 20, 2012, Fell filed a "Reply to the Government's Amended Opposition to Motion of Donald Fell for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial Pursuant to 28 U.S.C. § 2255," Dkt. No. 358, wherein he reiterated only the 2011 2255 juror claims.

The Court's May 10, 2013, "Memorandum Opinion and Order: Claim XXII: Juror Misconduct," declined to dismiss Fell's juror claims.  The Court observed that Juror 162's "it didn't turn me into a murderer" statement "suggests that this juror might not have been able to fairly and impartially consider evidence of childhood sexual abuse as a mitigating factor in a capital trial."  *Id*. at 8-9.  As to Jurors 162, 26 and 143 generally, the Court found that more information was necessary.  The Court scheduled and held inquiries in August (Jurors 162 and 143), and September (Juror 26), 2013, wherein the jurors were summonsed and testified.  Prior to

the inquiry, the government moved the Court to require 2255 counsel to provide discovery regarding the allegations of juror misconduct. The Court declined the request in a July 23, 2013, phone conference with counsel.

On October 22, 2013, Fell filed the instant motion seeking leave to file a "redacted amended" § 2255 Petition, adding new claims of juror misconduct. The new 2013 claims reflect a sweeping and intrusive investigation into the jury deliberations in this case, as well as the personal lives and backgrounds of the trial jurors, and condemns four jurors for alleged dishonesty during the 2005 jury selection process. The motion for leave to file an amended 2255 Petition – submitted over 30 months after the expiration of the one-year statute of limitations established by section 2255 – is silent as to the untimeliness of the new claims. As demonstrated infra, the new claims are wholly different than the claims advanced in the original Petition and are thus time-barred.

## FACTUAL BACKGROUND

### A.     Fell's 2011 Allegations of Juror Misconduct

The 2011 § 2255 Petition attacked jurors 26, 143 and 162 for either failing to truthfully respond to specific questions on the 34-page juror questionnaire, failing to be truthful during voir dire or failing to follow the Court's instructions during trial. In addition, Fell claimed that Juror 143 coerced another juror into changing her vote.

### 1. 2011 Allegations of Misconduct by Juror 26

In his 2011 2255 Petition, Fell claimed that Juror 26 failed to respond to question 43(b) of the 34-page juror questionnaire truthfully by concealing that he had been previously charged and convicted in 1996, almost a decade before trial, of misdemeanor unlawful mischief. Juror 26

was not arrested as result of the incident, but merely cited to court.  He was subsequently fined $100.  In addition, the Government learned that Juror 26 also had a 1995 conviction for driving under the influence for which he had his license suspended for 90 days.  Fell further claimed that Juror 26 was untruthful in failing to disclose during voir dire that he had learned about the death of co-defendant Robert Lee through the media several years before trial.

### 2.  2011 Allegations of Misconduct by Juror 143

In his 2011 2255 Petition, Fell claimed that Juror 143 drove by the residence of Debra Fell and visited the Price Chopper where Terry King was abducted during the course of the trial and shared his observations with other jurors during jury deliberations.  In addition, Fell claimed that Juror 143 pointed Fell's shotgun, which had been admitted into evidence, at another juror during deliberations to coerce her vote for death.

### 3.  2011 Allegations of Misconduct by Juror 162

In his 2011 2255 Petition, Fell claimed that Juror 162 failed to respond truthfully to question 38 of the 34-page juror questionnaire by concealing that she had been the victim of childhood sexual abuse.

### B.    2013 Allegations of Juror Misconduct

In his 2013 proposed amended 2255 Petition Fell continues to insist on the juror misconduct claims alleged in his original 2011 2255 Petition.  Moreover, Fell adds a series of new allegations of misconduct by Jurors 162, 143, 26  and 27.

### 1.  2013 Allegations of Misconduct by Juror 26

#### a.  Prior Misdemeanor Convictions

Fell now contends that Juror 26 not only concealed a prior 1996 misdemeanor conviction

for unlawful mischief, as alleged in his 2011 Petition, but also, a 1995 misdemeanor conviction for driving under the influence and a mid-1990s misdemeanor conviction for non-payment of wages. The Government does not object to Fell's reliance on Juror 26's additional misdemeanor convictions because it understands that they constitute evidence of Fell's original claim, which is, that Juror 26 failed to respond truthfully to question 43(b) of the 34-page juror questionnaire.

### b. Prior Civil Suits

Fell claims that Juror 26 failed to disclose "a long history of civil suits involving him or his family, on his short questionnaire." Dkt. No. 419, p. 353.

### c. Criminal Convictions of Son

Fell further claims that Juror 26's son has a "criminal history," though he fails to specify what that is.

### d. Father's Connection to Local Government

Fell claims that Juror 26's father had connections to local government that he failed to disclose.

### 2. 2013 Allegations of Misconduct by Juror 143

Fell now contends that Juror 143 failed to respond truthfully to question 43(a) in failing to disclose that he had been previously accused of and investigated for a crime.[1]

### 3. 2013 Allegations of Misconduct by Juror 162

a)  In his 2013 proposed amended 2255 Petition Fell claims that Juror 162 failed to

---

[1] Fell also claims that Juror 143 threatened witnesses with a firearm, but fails to state whether this is a fact in support of the new claim of misconduct, or a claim in and of itself. Without conceding the truthfulness of Fell's allegation, the Government was unable to locate a question in the record that would have required the disclosure of this information.

respond truthfully to the first question on the second page of her short 2-page questionnaire.  The question read as follows:

Have you, any relative or person close to you ever been any the following:

| | | |
|---|---|---|
| a) victim of a crime | __ Yes | ___ No |
| b) witness to a crime | __ Yes | ___ No |
| c) accused of a crime | __ Yes | ___ No |

Juror 162 marked No to (a) and (b) and Yes to (c).

The next question asked:

Have you or anyone close to you, been a complainant in a criminal case?

___Yes                              ___No

If so, please explain.

Juror 162 marked No, but in the three half lines provided, she wrote:

> My son was under Department of Corrections House Arrest for
> DUI and domestic violence 16 years ago, he is now ass't manager
> at Shaw's, so he sure has been a better person for it.

*See* Short Juror Questionnaire of Juror 162 marked as Petitioner's Exhibit 2 of Juror Inquiry of August 15, 2013.  Fell claims that Juror 162 in her response to the question which asked if any of her relatives has been accused of a crime because, although she disclosed that her son had been under house arrest for DUI and domestic violence, she "omitted crucial information."

b)  Fell further claims that Juror 162 falsely responded no to a question in her short juror questionnaire, which asked:

Have you, or anyone close to you, been a plaintiff or a defendant in a civil case?

Juror 162 marked No.  Fell claims that Juror 162

c)  Fell further claims that Juror 162 falsely responded to Question 43(b) of the 34-page

juror questionnaire, which read as follows:

> 43.    (b)    Have you or has a family member or close friend ever been
> charged with a crime?

Juror 162 placed a checkmark next to YES.  The question then asked:  IF YES, what was the

result of that prosecution?  Juror 162 wrote:  (House arrest).  In the two lines provided for an

explanation, Juror 162 added:

> My son – DWI + domestic abuse – He was under the Dept of
> Corrections for 3 yrs – Intense Counseling – Best thing ever
> happened to him – He is now a different person

Fell argues that Juror 162 falsely omitted the remainder of her son's criminal record.

d) Fell further claims that Juror 162 responded falsely to Question 43(a) of the 34-page

juror questionnaire, which asked:

> 43.    (a)    Have you or has a family member or close friend ever been
> involved in or been the target of a criminal investigation?

Juror 162 marked NO.  Fell claims that Juror 162 filed a criminal complaint against her ex-

partner.

e) Fell further claims that Juror 162 responded falsely to Question 44 of the 34-page juror

questionnaire, which asked:

> 44.    Have you or any close friend or relative, ever been treated for a substance
> abuse problem?

Juror 162 marked YES, and wrote, my son - alcohol.  The question next asked:

> As a result of that problem, did you or your close friend or relative have
> any contact with the Criminal Justice system?

Juror 162 wrote:  yes, as explained above.  Fell claims that Juror 162 failed to disclose her son's

other substance abuse.

f) Fell further claims that Juror 162 responded falsely to Question 36 of the 34-page juror questionnaire, which read:

>36.   Have you ever filed a complaint with the police against anyone?

Juror 162 marked NO. This question was also asked on the short juror questionnaire, and Juror 162 again marked NO. Fell claims ....

g) Fell further claims that Juror 162 responded falsely to Question 73 of the 34-page juror questionnaire, which asked:

>73.   If this case proceeds to a penalty phase, you may hear testimony from a psychologist or psychiatrist. What is your opinion about the fields of psychology and psychiatry, and the ability of such persons to identify and explain reasons for human behavior?

Juror 162 wrote: "I am in the healthcare field and respect the opinion of these people;" Juror 162 underlined the word "respect" twice, and then wrote the word "but," and then scratched it.

h) Finally, Fell claims that Juror 162 responded falsely to questions 7, 49, 50 and 74. Each of these questions asks whether the juror can be fair and impartial.

### 4.   2013 Allegations of Misconduct by Juror 27

For the first time in his proposed amended 2255 Petition Fell claims that Juror 27 misrepresented his prior criminal history. Fell alleges that Juror 27 was charged with and pled guilty to driving under the influence. Fell also alleges that Juror 27 was charged with, but apparently not convicted of, assault.

In short, following an extraordinary investigation into the lives of the jurors who convicted him by a team of 2255 lawyers, Fell now seeks to turn the tables and put his jurors on

11

trial, for perjury and false statement. These new attacks on trial jurors were alleged for the first time on October 22, 2013, more than eight years after the 2005 trial and 30 months after the expiration of the 2255 statute of limitations. They are based upon new facts, never disclosed before the filing of his proposed amended 2255 Petition in 2013, that do not "relate back" to facts alleged in his 2011 2255 Petition. Consequently, the motion for leave to file an amended 2255 Petition asserting the new claims should be denied.

## MEMORANDUM OF LAW

Fell's amended claims, filed more than two and half years after the deadline for timely inclusion in a § 2255 petition, do not relate back to an existing claim because they are premised on new legal theories and factual allegations. Fell has made no effort to identify circumstances outside of his control that prevented him from timely raising these claims. Accordingly, the Government urges this Court to deny Fell's Motion for Leave to Amend.

A.      Section 2255 Timeliness Requirement

After the filing of an answer, a § 2255 movant may amend his motion only with the government's written consent or with leave of court, which should be freely given when justice requires. Fed. R. Civ. Proc. 15(a)(2); *see United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) (concerning the applicability of the rule to § 2255 proceedings). The court's discretion to provide such leave is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year period of limitations in which federal prisoners may seek collateral relief from criminal judgments. 28 U.S.C. § 2255(f); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). That period begins to run from the latest of several events, only one of which is relevant here – "the date on which the judgment of conviction

12

becomes final." § 2255(f)(1). Fell's conviction became final on March 22, 2010, when the

Supreme Court declined to review the decision by the Second Circuit Court of Appeals affirming

the verdict and sentence of death entered against him. Fell's 2255 motion, filed one year later on

March 21, 2011, was timely. The amended motion, submitted by Fell on October 22, 2013, more

than two and half years after the expiration of the limitations period, is untimely.

The limitation period bars untimely amendments that add "new" claims to an initial

§ 2255 motion. *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

> Congress clearly intended to limit collateral attacks upon judgments obtained in
> federal criminal cases, an intent evidenced by the AEDPA's limitations period for
> filing petitions of one year from the date on which the judgment of conviction
> becomes final.

*United States v. Thomas*, 221 F.3d 430, 434 (3d Cir. 2000).

> B.      Fell's New Claims of Juror Misconduct Do Not Related Back to the
>         Claims Asserted in his Original 2011 2255 Petition.

The limitation period is not an absolute bar:  pursuant to Rule 15(c), Section 2255

petitioners may make untimely amendments that "relate back" to existing claims. *Ching v.

United States*, 298 F.3d 174, 181 (2d Cir. 2002); *United States v. Espinoza-Saenz*, 235 F.3d 501,

504-05 (10th Cir. 2000); *Thomas*, 221 F.3d at 434; *United States v. Pittman*, 209 F.3d 314, 318

(4th Cir. 2000); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999); *Davenport v.

United States*, 217 F.3d 1341, 1342-43 (11th Cir. 2000). *See also Fama v. Comm'r of Corr.

Servs.*, 235 F.3d 804, 815 (2d Cir. 2000).[1]

> An amended habeas petition, we hold, does not relate back (and thereby escape
> AEDPA's one-year time limit) when it asserts a new ground for relief supported

---

[1]  Rule 15 provides for two other scenarios in which relation back can save an otherwise time-barred amendment, but neither is relevant here.

by facts that differ in both time and type from those the original pleading set forth.

*Felix*, 545 U.S. at 650.

Fell offers no legal basis for submitting the amended motion more than two-and-a-half years after the expiration of the limitations period.  Fell misapprehends the burden:  Fell must establish that he satisfied the relation back doctrine under Rule 15.  *See King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009) (placing burden on § 2254 petitioner); *In re Alstom S.A.*, 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005) (noting plaintiff's burden to establish relation back under Rule 15).  Not only does Fell avoid the effort of showing that his new arguments expand or clarify existing issues, he could not do so because his new contentions arise from new factual premises.  Claims premised on new facts do not relate back to earlier contentions just because they both rely on the same constitutional principle.  *See Espinoza-Saenz,* 235 F.3d at 504-05.  In truth, the only relationship between Fell's new and old claims lies in generally-stated legal doctrines, such as the right to an impartial jury.

The government assumes that Fell would contend that the new claims "relate back" to the 2011 § 2255 petition, under Federal Rule of Civil Procedure 15(c).  Under Rule 15(c)(2), "otherwise untimely pleading amendments 'relate back' to the date of the timely-filed original pleading provided the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' " *Id.*  To arise out of the same conduct, transaction or occurrence, the claims must be "tied to a common core of operative facts." *Felix*, 545 U.S. at 664.

"Under Rule 15, the 'central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by

14

the general fact situation alleged in the original pleading.' " *Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006), quoting *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999). "[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back." *Slayton*, 460 F.3d at 228 (citation omitted); *see also Caldwell v. Berlind*, 2013 WL 5779021 (2d Cir. Oct. 28, 2013) (following *Slayton*); *Veal v. United States*, 334 Fed.App'x. 402 (2d Cir. 2009)("the District Court properly found Veal's amendment to be time-barred, because the claims it contained were based on evidence that could have been discovered earlier through due diligence, and also did not relate back to Veal's original Section 2255 motion"); *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815 (2d Cir. 2000) ("In determining whether the claim arises out of the same conduct or occurrence, '[t]he pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims' ") (citation omitted). By contrast, "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Slayton*, 460 F.3d at 228.

In the context of collateral attacks on criminal convictions, the Rule 15 "relation back" provision is strictly construed, because "Congress enacted AEDPA to advance the finality of criminal convictions [citation omitted] . . . [and] [t]o that end, it adopted a tight time line, a one-year limitation period . . . ." *Mayle v. Felix*, 545 U.S. 644, 662; *see also United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (an overly broad interpretation of Rule 15 in habeas proceedings "would be tantamount to judicial rescission of AEDPA's statute of limitations period").

Consistent with the view that use of Rule 15(c) to challenge criminal cases should be narrowly construed, the rules providing for habeas petitions mandate careful pleading. Habeas Corpus Rule 2(c) provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."

> The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

*Mayle v. Felix*, 545 U.S. 644, 649 (2005). *Id.* Thus, normal "notice pleading" common to civil litigation is insufficient. *See Felix*, 545 U.S. at 655. Form AO243, provided for § 2255 filers, available at http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO243.pdf, contains an advisory in bold, stating that:

> CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

*Id.*, Form instruction No. 9 (emphasis on original). In short, § 2255 filers – whether *pro se* or represented by learned counsel – are on notice prior to filing that a petition "must include . . . all grounds for relief," and must allege "the facts that support each ground," subject to a bar "preventing additional grounds [raised] at a later date."

In *Felix*, the Supreme Court held that claims raised in an amendment to a habeas petition did not relate back merely simply because they arose out of the same trial and conviction. *Id.* at 650. The Court held that if a new claim is "supported by facts that differ in both time and type from those the original pleading set forth," it does not relate back. *Id.*

It is not enough for proposed amended habeas claims to be based upon the same constitutional theory as an original, timely claim. New ineffective assistance of counsel claims

do not relate back under Rule 15(c) simply because the original claim also asserted ineffective assistance claims.  *See Turner v. United States*, 699 F.3d 578 (1st Cir. 2012); *United States v. Gonzalez*, 592 F.3d 675 (5th Cir. 2009); *Ozsusamlar v. United States*, 2013 WL 4623648, *4 (S.D.N.Y., Aug 29, 2013) ("Although both sets of claims assert that counsel provided ineffective assistance, 'it is not sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original § 2255 motion'") (citation omitted).  This of course follows from the Second Circuit's rule that, "even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back."  *Slayton*, 460 F.3d at 228.

## Argument

Fell's new 2013 claims of misconduct by four jurors track the general legal theory of juror misconduct advanced in his 2011 2255 Petition, but are based on entirely distinct sets of factual allegations.  Thus, the extraordinary collection of supporting documents submitted with Fell's 2013 claims – including police reports, divorce records, child custody disputes, and psychological evaluations relating to jurors and their families going back for decades – are entirely new and distinct from the factual allegations in the 2011 2255 Petition.  Further, the Government had no notice whatsoever of the new allegations and materials prior to late 2013, when Fell first advanced them.[2]  The 2013 claims do not "render prior allegations more definite and precise," *Slayton*, 460 F.3d at 228, they are distinct from the 2011 allegations and based upon new facts.

---

[2]  Indeed, the Government's request for discovery from Fell's 2255 team at an August, 2013 telephone conference with the Court prior to the hearing on the 2011 juror claims was rebuffed by both Fell's lawyers and the Court.

17

A.  <u>Fell's 2013 Claims of Misconduct by Juror 26 are New and Distinct Claims</u>

Fell now submits that in addition to the 1996 misdemeanor conviction for unlawful mischief, Juror 26 failed to disclose a prior conviction for misdemeanor DWI and a misdemeanor conviction for the non-payment of wages in response to question 43(b) of the 34-page juror questionnaire.  The Government concedes that this two new convictions, one of which was unearthed by the Government, are simply evidence of the original claim set forth by Fell in his 2011 2255 Petition.  However, Fell's new allegations that Juror 26 failed to respond to a question regarding civil suits in his short questionnaire truthfully; and failed to disclose his father's connection to local government are time-barred.

1.   <u>The only claims Fell alleged against Juror 26 in his original 2011 2255 Petition was his failure to disclose a prior conviction and his failure to disclose media exposure</u>.

The 2011 2255 Petition alleged that Juror 26 failed to disclose during voir dire (1) a 1996 unlawful mischief conviction arising from a dispute with an ex-wife in response to Question 43(b); and (2) knowledge from media exposure that Lee "hung himself in jail" long before trial. 2011 Petition, Dkt. No. 301, p. 330.  Fell's 2011 Petition makes no mention of Juror 26 having been a party of a civil suit or his having any connection to a local government that should have been disclosed.

2.   <u>Fell's new claims against Juror 26, based on his alleged participation in civil suits and his alleged connection to local government is time-barred</u>.

Fell makes no attempt to set forth proper claims based on Juror 26's alleged participation in civil suits or his alleged connection to local government.  Footnote 180 of his proposed amended 2255 Petition states the names of two civil suits to which Juror 26 allegedly was a party.  Footnote 181 makes reference to what appears to be a newspaper article that names Juror

26's father and states that he was, among other things, a "longtime selectboard chairman."  Fell adds nothing more to his alleged claim, and states:

> This Court has already held that Mr. Fell has made facially valid claims that Juror 26 made material misstatements on voir dire, and that these misstatements would have been the basis for a successful challenge by trial counsel ...

Dkt. 419, p. 354.

First, a misdemeanor conviction does not disqualify a juror from jury service; therefore, the proposition that the failure to disclose a misdemeanor conviction, particularly one that was a decade old, in and of itself, would provide grounds for a challenge for cause is meritless.  The Court did not state that Juror 26's misstatements "would have been the basis for a successful challenge by trial counsel."  What the Court stated in its May 10, 2013, Order was:

> Although it is certainly possible that the juror did not make deliberate misrepresentations, and it may well be that Fell will ultimately be unable to prevail on the first part of the McDonough test, this Court cannot summarily dismiss a claim that is facially valid.  (Citations omitted).  Similarly, the government argues that had the juror disclosed the information he would not have been eligible for a challenge for cause.  Certainly, on the current record, the juror's responses during individual voir dire reflect his willingness to consider the facts presented and to follow the court's instructions.  The parties, however, did not have the information that might have prompted further inquiry into areas of possible bias.

Dkt. No. 368, p. 11.  The Court goes on to state that it needed more information regarding the allegations raised in the 2011 Petition before ruling on the merits.

Second, in his 2011 Petition Fell did not make a claim that Juror 26 provided answers during voir dire that were materially false and that he did not take the "voir dire process seriously."  These are new claims.  Fell's new claim that Juror 26 failed to disclose that he was a party to a civil suit is based on new and distinct facts than those asserted in his 2011 Petition.  Similarly, that Juror 26's father was involved in local government is similarly a new claim based

19

on completely different facts than those asserted on his 2011 Petition.  All of these facts –

including Juror 26's mid-1990's DWI – could have been discovered by 2255 counsel and timely

alleged, prior to the March, 2011, 2255 filing deadline.  Therefore, they are untimely and should

not be allowed.

Moreover, assuming for the sake of argument that the factual allegations underlying these

two claims are true, which the Government does not concede, and further assuming that Fell can

demonstrate that Juror 26 purposely withheld this information from the Court, Fell fails to state

how if in anyway he was prejudiced.  Allowing Fell to amend his 2011 2255 Petition to allege

these claims would be futile as it has shown no probability that he is entitled to have his verdict

overturned based on these claims.

B.  <u>Fell's 2013 Claims of Misconduct by Juror 143 are New and Distinct Claims</u>

Fell now submits that in addition to visiting the crime scenes at Rutland during trial, and

pointing a gun at a juror during jury deliberations, Juror 143 failed to respond truthfully to

question 43(b) of the 34-page juror questionnaire by failing to disclose that he had been accused

and investigated for a crime.

1.  <u>The only claims Fell alleged against Juror 143 in his original 2011 2255 Petition was that he visited the Rutland crime scene during the trial, and he threatened a fellow juror with Fell's shotgun.</u>

As to Juror 143, the 2011 Petition charged that he violated the Court's instruction not to

learn anything about the case outside the courtroom by going to Rutland during trial and driving

by the apartment where Debra Fell and Charles Conway were murdered, and the Price Chopper

store where Terry King was carjacked and kidnapped.  The 2011 Petition also alleges that during

jury deliberations Juror 143 shared the extraneous information with other jurors.  Finally, the

2011 Petition charges that Juror 143 coerced a wavering and unidentified juror during deliberations into changing her vote by pointing Fell's shotgun at her. 2011 Petition, Dkt. No. 301, pp. 330-337, 338-340.

Fell's 2255 lawyers interviewed Juror 143 about his views of the trial, the jury deliberations and his reasons for voting for death. They obtained a hand-written statement, not written by Juror 143, but signed by him, which states:

> A female juror pointed out that the shotgun was not loaded. The Marshal then brought in the gun. We showed the jury that it was unloaded. I also made sure that the gun was unloaded. This was important to me because as a hunter, I am very serious about gun safety. I cocked and pointed it a her and she squirmed. I said, "that's what they did, you were scared even though you knew it wasn't loaded."

*See* Sworn Declaration of Juror 143 marked as Petitioner's Exhibit 6 of Juror Inquiry of August 15, 2013. The 2011 2255 Petition mentions nothing about Juror 143 ever having been accused of a crime, or failing to respond to Question 43(a) of the 34-questionnaire honestly. In fact, his 2011 Petition makes no allegation whatsoever that Juror 143 failed to disclose any information asked in his long juror questionnaire.

2. <u>Fell's new claims against Juror 143, based on his failure to disclose that he was accused of a crime in response to Question 43(b) is time-barred.</u>

Fell alleges that Juror 143 was investigated for and accused of a crime. Fell does not allege that charges were ever filed against Juror 143 as a result of what turned out to be a misunderstanding. Juror 143 took a picnic table that belonged to him from a public park and was followed aggressively by two individuals who thought he had stolen the table, which still sits on his front lawn. The so-called investigation was nothing more than a police officer confirming that the table did indeed belong to Juror 143. Juror 143 responded honestly that he had never

been charged with a crime.  Moreover, the claim is untimely as it does not relate back to the claim set forth against Juror 143 in the 2011 Petition.  A proposed amendment may not introduce a new theory based on facts different from those underlying existing issues. *See Dean v. United State*s, 278 F.3d 1218, 1221 (11th Cir. 2002) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts").

Moreover, assuming for the sake of argument that the factual allegations underlying this new claim are true, which the Government does not concede, and further assuming that Fell can demonstrate that Juror 143 purposely withheld this information from the Court, Fell fails to state how if in anyway he was prejudiced.  Allowing Fell to amend his 2011 2255 Petition to allege this claim would be futile as it has shown no probability that he is entitled to have his verdict overturned based on this claim.

C.  Fell's 2013 Claims of Misconduct by Juror 162 are New and Distinct Claims

Fell raises a myriad of new claims against Juror 162 for failing to disclose information both on her juror questionnaire and during voir dire.  None the claims were previously raised by Fell.  They all arise from completely different facts and do not relate to the claim of misconduct raised against Juror 162 in his original 2011 2255 Petition.

1.  The only claim Fell alleged against Juror 162 in his original 2011 2255 Petition was her failure to respond to Question 38 truthfully.

Fell's 2011 2255 Petition, in argument XXI, asserts that:

> Juror 162 failed to disclose on her juror questionnaire that she was the victim of the same crime as Mr. Fell and his sister, sexual abuse.  Juror #162 answered "no" to the question [38] "Have you or has a family member or close friend ever been a witness to or the victim of a crime?  However, in a post-conviction interview with 2255 counsel, Juror 162 admitted that she had been the victim of a crime.  Specifically, Juror # 162 admitted that she was the victim of sexual abuse as a child.

*Id.*, pp. 325-26. Fell's 2255 lawyers interviewed Juror 162 about her views of the trial, the jury deliberations and her reasons for voting for death. They obtained a written statement signed by Juror 162, which states:

> At trial, we learned that Donald Fell was abused as a child and that his parents were alcoholics. I was sexually abused by my stepfather for years and it didn't turn me into a murderer. We all have choices in life and Donald Fell just chose evil. Donald Fell had plenty of chances to get help, including from teachers and principals. He was given lots of chances to change things and he didn't take them. That was important to me.

*See* Sworn Declaration of Juror 162 marked as Petitioner's Exhibit 6 of Juror Inquiry of August 15, 2013. Despite the fact that Juror 162 clearly considered Fell's childhood sexual abuse as a mitigating factor, *see* Special Verdict Form, Dkt, No. 200, p. 16, factor 12, Fell alleged that Juror 162's failure to disclose her own childhood sexual abuse prejudiced him at trial. Specifically, Fell's 2011 2255 Petition urges that Juror 162's childhood sexual abuse, unknown during voir dire, "was extraordinarily important information that Mr. Fell and his counsel needed to know and had a right under the questionnaire to know. The failure of the juror to disclose the information – even in camera – prejudiced Mr. Fell and requires a new trial." *Id.*, page 326. Fell's 2011 2255 Petition makes no mention of Juror 162's son, or of any of the other new charges leveled against her in the 2013 proposed amended petition.

Fell's claim was thus that Juror 162 responded to Question 38 of the 34-page juror questionnaire falsely. Juror 162's admission during the juror inquiry of August 15, 2013, that she was also the victim of embezzlement when she was approximately 18 years old does not give rise to a new claim, but rather is evidence in support of Fell's original claim that Juror 162 failed to disclose that she had been the victim of a crime.

However, Fell's new allegations that Juror 162 failed to respond truthfully to question 43(b) of the 34-page juror questionnaire, and the first question on the second page of the short juror questionnaire are new claims.

2.   <u>Fell's claim that Juror 162 failed to respond to Question 43(b) and the first question on the second page of the short juror questionnaire truthfully is time-barred</u>.

Petitioner's new claim that Juror 162 was untruthful in her response to Question 43(b) is based on the fact that in the two lines provided to Juror 162 in the 34-page juror questionnaire to explain further her response to Question 43(b), she failed to disclose her adult son's entire criminal history. Fell raises the same claim with regards to Juror 162's response to the first question on the second page of the short juror questionnaire. Fell did not challenge Juror 162's honesty at his 2005 trial (while questioning her on individual voir dire or otherwise), in his post-trial Rule 29 motion, or in his 2006 appeal. This despite the fact that Juror 162 clearly disclosed in both juror questionnaires that her son had a criminal past that included DWI and domestic violence, and had spent time under the supervision of the Department of Corrections. Indeed, the only allegation as to Juror 162 in the 2011 2255 Petition concerns her failure to disclose her own childhood sexual abuse.

At the August hearing, when pressed as to the new allegations, 2255 counsel urged that the 2011 motion broadly claimed that Juror 162 was "dishonest," and only "one aspect of this was the failure to disclose her . . . being a victim of sexual abuse." Transcript at 131. The Government raised an objection based on the fact that the questioning had nothing to do with the claim Petitioner raised in his 2255 Petition. The Court inquired of Counsel:

> The Court: so how are you linking this to the issue that's before the Court, and that's whether she honestly responded to the victim of a crime [question].

*Id*. at 130.  Counsel argued that the claim filed in the 2255 Petition was broader than stated by

the Court, but the Court disagreed.

> The Court:  The nature of the allegation, I thought, in regard to her testimony, was that she did not disclose the fact that she was a victim of sexual abuse, and that becomes relevant because of course there was information introduced during the course of the trial about the defendant being sexually abused.  Now you are suggesting that it's a little broader than that.  You are basically suggesting that the problem with her response to the questions on voir dire and to the form shows a general lack of honesty.  I guess that's what you are – you are suggesting at this point.  I don't think that claim has been raised in advance.…  So – **I did not read your pleadings as suggesting in any way that the – the argument related to general responses.**  I thought it was all sexual abuse.

*Id.* at 132-33.  (Emphasis added).  Indeed, Fell's 2255 Petition makes no mention of a general

claim of dishonesty against Juror 162.  Nor does Juror 162's Sworn Declaration, which

accompanied Fell's 2255 Petition.  *See* Petitioner Exhibit 1.

It is clear from the record that this is a new claim, unrelated to the claim of juror

misconduct set forth against Juror 162 in the original petition.  The original petition makes no

mention of Juror 162's son or his criminal record, despite the fact that Fell had an opportunity to

interview Juror 162 at length prior to filing his 2255 Petition.  Moreover, as demonstrated above,

this new claim involves Juror 162's response to a different question, regarding a completely

different subject matter.  The Court itself recognized as much when it stated:

> I don't think that claim has been raised in advance.…  So – **I did not read your pleadings as suggesting in any way that the – the argument related to general responses.**  I thought it was all sexual abuse.

*Id.* at 132-33.  (Emphasis added).[3]

During the years since the filing of the 2011 Petition, Fell's § 2255 lawyers provided no

notice of the new allegations.  At the August 15, 2013 hearing, the Government was as surprised

---

[3] Over the Government's objection, the Court permitted Fell to question Juror 162 with regards to her son's criminal record for purposes of impeachment only.  *Id.* at 133.

as the Court and Juror 162 when 2255 counsel unleashed the new, well-researched and summarized allegations in an attempt to impeach Juror 162's testimony.  Fell should not be permitted to wait until late 2013 – over eight years after trial and two-and-a-half years after expiration of the § 2255 limitations period – to raise this new claim.

3.      Fell's claim that Juror 162 failed to respond to Question 44 truthfully is time-barred.

Petitioner's new claim that Juror 162 was untruthful in her response to Question 44 is based on the fact that she failed to state that her son abused other drugs, in addition to alcohol, despite the fact that Question 44 asks only whether a relative had been "treated" for drugs. Based on the fact that Juror 162's son has attended drug treatment centers, Fell charges that Juror 162's son was treated for the abuse of other controlled substances and Juror 162 knew of said treatment.  Moreover, Fell claims that Juror 162 herself abused alcohol and failed to disclose it, again, despite the fact that Question 44 was limited to the "treatment" for substance abuse.

The Government submits that Fell's claim is completely without merit.  But more importantly, it is based on completely different facts than the facts submitted in support of his 2011 juror misconduct claim against Juror 162.  Indeed, this claim does not relate in any way to Juror 162's alleged failure to disclose that she had been the victim of a crime.  Therefore, it is time-barred and should not be allowed.

4.      Fell's claim that Juror 162 failed to respond to a question on the second page of the short juror questionnaire regarding civil suits truthfully is time-barred.

Petitioner's new claim that Juror 162 was untruthful in her response to a question on the second page of the short juror questionnaire is based on the fact that it asked whether she had been the party of a civil suit and Juror 162 stated no, when she had been a party to her son's

custody proceedings because she sought visitation rights with her grandson.  Fell further claims that Juror 162 had also filed suit against her legal custodian to regain funds he had embezzled when she approximately 18 years old.  Again, this claim is based on entirely new and different facts from those alleged in his 2011 Petition in support of his claim of juror misconduct against Juror 162.

5.      Fell's claim that Juror 162 was dishonest about her opinions of psychologists and psychiatrists is time-barred.

Petitioner's new claim that Juror 162 was untruthful in her response to Question 73 of the 34-page juror questionnaire is based on the fact that she was a psychiatric patient when she was approximately 18 years old, after tragically losing her husband in a fire.  Juror 162 fell into a severe depression and required psychiatric attention that included hospitalization.  Juror 162 discussed these events freely and openly with 2255 counsel during her post-conviction interview, with the Court during the juror inquiry of August 15, 2013.  After being unfairly accused by 2255 counsel of abandoning her son when she was hospitalized, Juror 162 attempted to explain as follows:

> I did not give up custody of my son.  I was sick.  I had just gone through a traumatic event and I suffered from severe depression.  There's been a lot learned about that since, though.  I would never give up my son.

Transcript, August 15, 2013, p. 173-74.  When asked how long she was in the hospital, Juror 162 responded:

> I don't recall how long it was.  It was a brief period.  I had just undergone my husband being burned to death.  I was young, and my son was an infant.  It was all – I couldn't deal with it. That wouldn't happen today.  They would give you antidepressants today, which they didn't have back in those days, and that's why I went there.

*Id.* at 174.

27

Based on this testimony, Petitioner charges that Juror 162 "omitted this significant life experience from her long questionnaire." Of course Petitioner fails to state which question exactly on her long questionnaire asked Juror 162 what experiences if any she had with mental health professionals or whether she had ever received psychological or psychiatric treatment. Probably because no such question was posed to her or any other juror on the long questionnaire or during voir dire. Question 73 only asked for her opinion about psychologist and psychiatrists. Not only is Petitioner's claim that Juror 162 lied about her "personal" opinion regarding psychologists and psychiatrists completely unsubstantiated by any interpretation of the record, it is time-barred. It does not relate in any way to the claim set forth against Juror 162 in his 2011 Petition.

Surely, current counsel knew or could easily have determined within days of appointment that the criminal record of Juror 162's son was more extensive than first thought, and that, in addition to alcohol, he was treated for other substance abuse. Indeed, counsel had the opportunity to interview Juror 162 at length about her jury service, the answers in her questionnaire, the answers she provided in voir dire, and even about the prohibited subject of jury deliberations. Despite being informed by Juror 162 during voir dire that her son had a criminal record (through answers she provided on her juror questionnaire) on May 11, 2005, and further having the opportunity to interview Juror 162 at will prior to the filing of his 2255 Petition, Fell provides no hint why he required more than two-and-a-half years to identify the extent of that record, or their observations as bases of potential § 2255 claims. Similarly, counsel could have certainly ascertained whether Juror 162 had been a party to a civil suit within the one year period of limitations. Fell's motion for leave to amend the juror misconduct claim

28

as it relates to Juror 162 should be denied. *See Veal v. United States*, 334 Fed.App'x. 402, *supra* (affirming finding that 2255 motion amendment was time-barred because the claims it contained were based on evidence that could have been discovered earlier through due diligence, and also did not relate back to original 2255 motion); Opinion and Order in *Barrett v. United States*, 09-105, Dkt. No. 210, pp. 2-3, Eastern District of Oklahoma ("based upon the fact that the petitioner has waited more than three years after the statute of limitations has expired to seek leave to add six propositions of error, all of which were discoverable by counsel at the time of their appointment herein, this court finds the proposed amendments would be futile"). *See also Littleton v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) ("a district court may deny … leave [to amend] where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive.").

Moreover, assuming for the sake of argument that the factual allegations underlying these new claims are true, which the Government does not concede, and further assuming that Fell can demonstrate that Juror 162 purposely withheld this information from the Court, Fell fails to state how if in anyway he was prejudiced. Allowing Fell to amend his 2011 2255 Petition to allege these new claims would be futile as it has shown no probability that he is entitled to have his verdict overturned based on these claims.

6.      Juror 162 was honest when she stated to the Court that she was able to render an impartial verdict and the record so demonstrates.

Petitioner attempts to formulate a sixth claim against Juror 162 by alleging that she lied when she responded to four questions on the 34-page questionnaire that she could render a fair and impartial verdict. Rather than a claim, this appears to be an issue that the Court will consider, in light of the totality of the record, with regards to the claim set forth in Fell's 2011

29

Petition.  In this regard, the Court will consider whether Juror 162's childhood experiences of sexual abuse, and her later experience of being defrauded by her court appointed guardian, affected her ability to be fair and impartial in this case.  The Government submits, based on the record, that it did not.  To the extent that the Court determines that Fell's allegations in this regard constitute a claim, the Government submits it is time-barred as it is based on new and distinct facts and does not related back to the claim set forth against Juror 162 in the 2011 Petition.

    D.  <u>Fell's 2013 Claims of Misconduct by Juror 27 are New and are Time-Barred</u>

For the first time in his 2013 proposed amended 2255 Petition Fell claims that Juror 27 failed to respond honestly to Question 43(b) by failing to disclose that he had been convicted of driving under the influence and charged with assault.  This is a completely new claim filed more than 30 months after the expiration of the applicable statute of limitations and should not be allowed.  Fell cannot wait until over eight years after trial, and two and half years after the expiration of the 2255 statute of limitations to discover a juror's minor criminal history and claim that it is grounds for a new trial.

Moreover, assuming for the sake of argument that the factual allegations underlying this new claim are true, which the Government does not concede, and further assuming that Fell can demonstrate that Juror 27 purposely withheld this information from the Court, Fell fails to state how if in anyway he was prejudiced.  Allowing Fell to amend his 2011 2255 Petition to allege this new claim would be futile as it has shown no probability that he is entitled to have his verdict overturned based on this claim.

In each instance, the government had no notice of the new facts and claims prior to late 2013. Fell makes no attempt to excuse the lateness of his new claims by attributing his delay to extraordinary circumstances beyond his control, which might provide a basis for equitable tolling.

As established above, an amendment relates back to an earlier pleading when it "clarifies or amplifies" an existing claim. *United States v. Weeks*, 653 F.3d 1188, 1206 n.12 (10th Cir. 2011); *see also Mayle v. Felix*, 545 U.S. at 655 (holding that "Amendments . . . relate back . . . if the original and amended pleadings arise out of the same conduct, transaction, or occurrence"). Fell cannot meet this standard. New claims that are not of the same "time and type" do not clarify or amplify old claims and do not relate back. *See United States v. Espinoza-Saenz*, 504-05 (10th Cir. 2000) (holding new claims untimely because they were of different time and type than earlier arguments, and citing similar Fourth, Eighth and Eleventh Circuit opinions). Thus, an untimely amendment may not introduce a new theory based on facts different from those underlying existing claims. *See Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002) ("Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts"). Fell cannot claim juror misconduct generally, and subsequently add new claims of juror misconduct based on new theories and different facts, anymore than, as the Supreme Court has held, a petitioner can claim ineffective assistance of counsel generally, and subsequently add new claims of ineffectiveness based on new theories and different facts.

## Conclusion

Fell's 2013 claims do not arise out of the same "conduct, transaction or occurrence" as his 2011 claims, and are not tied to the 2011claims by a common core of operative facts.  To grant Fell leave to amend his 2255 Petition more than two and half years after the statute of limitations has expired to add new allegations of juror misconduct based on facts that were known or should have been known to Fell prior to the filing of the original petition would be tantamount to permitting Fell to circumvent the statute of limitations.  For the reasons stated above, Fell's motion for leave to amend should be denied.

Dated at Burlington, in the District of Vermont, this 22nd day of November, 2013.

Respectfully submitted,

UNITED STATES OF AMERICA

By:

JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice
1000 Lafayette Blvd.
Bridgeport, CT  06604
(203) 696-3027
Jacabed.rodriguez-coss@usdoj.gov


WILLIAM B. DARROW
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court=s electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court=s system.

Respectfully submitted,

/s/ William B. Darrow
WILLIAM B. DARROW
Assistant U.S. Attorney