UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
---------------------------------------------------------------------- X
                      :

DONALD FELL,                     :

            Movant,          :

        - against -       :      2:01-CR-12-01

UNITED STATES OF AMERICA,    :

           Respondent.   :

---------------------------------------------------------------------- X

**RESPONSE TO "GOVERNMENT'S RESPONSE IN OPPOSITION TO FELL'S STATEMENT OF DISPUTED DISCOVERY," DKT. NO. 445 (Nov. 27, 2013)**

      Donald Fell respectfully submits this memorandum in response to the

Government's Response in Opposition to Fell's Statement of Disputed Discovery, Dkt. No. 445

(Nov. 27, 2013) ("Government's Response").  In particular, as the Court is aware, on November

8, 2013 – after Mr. Fell had timely submitted his Reply Brief in Support of Statement of

Disputed Discovery, Dkt. No. 429 (Nov. 4, 2013) ("Reply Brief") pursuant to the Court's Order

for simultaneous briefing[1] – the Government moved for an extension of time to file its reply brief

until November 22, 2013.  Government's First Motion for Extension of Time, Dkt. No. 432 (Nov.

8, 2013).  The effect of that motion was to convert the Court's order providing for simultaneous

briefing into one where the Government accorded itself a right to review and reply to Mr. Fell's

Reply Brief.  Mr. Fell agreed with the Government that he would not object to the request, on the

understanding that the Government would not object to a sur-reply addressing any arguments

responding to the Reply Brief.  The Court was so informed.  This memorandum is thus submitted

for the limited purpose of responding to the Government's arguments about Mr. Fell's Reply

---

[1] See Minute Entry, Dkt. No. 411 (Sept. 27, 2013) ("September 27 Order").

Brief that – had the Government filed the Government's Response in accordance with the schedule in the September 27 Scheduling Order – the Government would not have seen before submitting its Response.

## ARGUMENT

A. Mr. Fell Has Shown Good Cause for Depositions of the Government's Trial Attorneys and Federal Bureau of Investigation ("FBI") Agents

Mr. Fell's Reply Brief cited to numerous cases authorizing a habeas petitioner to depose the prosecutors from his underlying criminal trial. The Government seeks to distinguish these cases, in part, on the grounds that they involved depositions of prosecutors in proceedings under 28 U.S.C. § 2254. Whereas it had previously stated sweepingly that it had found "no case in which Government lawyers are deposed post-conviction" to resolve prosecutorial misconduct and Brady claims, Government's Brief Regarding Its Disputed Discovery Requests, Dkt. No. 424 (Oct. 25, 2013) ("Government's Brief") at 11, now – having been confronted with a response to that claim – the Government retreats to the suggestion that "the deposition of an AUSA in a 2255 proceeding" would be an "extraordinary, indeed unprecedented, measure." Government's Response at 3 (emphasis added). This, too, is incorrect.[2] See, e.g., Harris v. U.S., Nos. 07-21559-Civ & 03-20347-CR, 2012 WL 1135818, at *2 (S.D. Fla. Apr. 4, 2012) (noting deadline for 2255 petitioner to complete depositions of an Assistant United States Attorney, a former

---

[2] The Government also implies that courts should be more reluctant to authorize depositions in "capital 2255 cases" than in other 2255 proceedings. Government's Response at 3 (emphasis added). This proposition finds no support in the law. See Rule 1, Rules Governing 2255 Proceedings (governing all motions "filed in a United States district court under 28 U.S.C. § 2255" without regard to whether petitioner moves for relief from a capital or noncapital judgment). The suggestion that a petitioner who has been sentenced to death should have less of an opportunity for discovery than a petitioner moving for relief from a more lenient sentence is, at best, bizarre. See Lockett v. Ohio, 438 U.S. 586, 604 (1978) ("[The] qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed."); see also Payne v. Bell, 89 F. Supp. 2d 967, 971 (W.D. Tenn. 2000) (citing Lockett, 438 U.S. at 604) ("[M]ore liberal discovery is appropriate in capital cases where the stakes for petitioner are so high.").

Assistant United States Attorney, and a Drug Enforcement Agent); McCarroll v. U.S., Nos. 99-cv-884 & 95-cr-48-1, 2002 WL 1058194, at *1 (N.D. Ill. Mar. 26, 2002) (2255 petitioner authorized to depose four current and former Assistant United States Attorneys, including chief prosecutor at petitioner's trial).[3]

The Government specifically addresses four of the five cases that Mr. Fell has cited for the proposition that prosecutors may be deposed in post-conviction proceedings regarding well pled allegations of prosecutorial misconduct and ineffective assistance of counsel.[4]  The Government suggests that three of these cases require petitioner to "set forth strong reasons" to depose the prosecutor, and that they "carefully limit [the depositions'] scope." Government's Response at 5.[5]  In fact, the cases simply stand for the proposition that where a petitioner has good cause to depose a prosecutor in connection with a claim for relief, the petitioner may do so.  In all three of them, the Court authorized depositions of suitable scope to enable the petitioner to fully explore evidence in support of his claim.  See Robb v. Ishee, No. 2:02-cv-535, 2012 WL 604225, at *2, 4 (S.D. Ohio Feb. 24, 2012) (authorizing deposition of five different prosecutors and two troopers on "any . . . details" regarding existence of exculpatory trial file that formed basis of petitioner's Brady claim and finding good cause existed because petitioner's Brady claim was "not born of pure speculation . . . or wholly unreasonable");

---

[3] The Government repeats its inapposite contention that Mr. Fell has failed to comply with the procedural requirements of 28 C.F.R. 16.21.  See Government's Response at 1-2,4; Government's Brief at 12.  The Government, however, has not even attempted to rebut Mr. Fell's contention that these regulations do not apply to requests for leave to serve deposition notices on Government trial attorneys.  See Reply Brief at 2 n.1.

[4] The Government simply ignores Payne v. Bell, a reported case in which the court authorized the deposition of the lead prosecutor in petitioner's capital trial on the grounds that a prosecutor's deposition testimony is "often highly relevant to the district court's ability to rule on constitutional claims presented in the petition," including both Brady and ineffective assistance of counsel claims.  89 F. Supp. 2d 967, 975 (W.D. Tenn. 2000) (citing U.S. ex rel. William Davis v. McMann, 386 F.2d 611, 613-14 (2d Cir. 1967)).

[5] The Government's analysis of the fourth case, United States v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y. 2006), only confirms that it stands for the proposition for which Mr. Fell cited it, viz. that prosecutors may be compelled to testify.  See Reply Brief at 2.

Reid v. Vaughn, No. Civ. 01-2385, 2003 WL 21027275, at *2 (E.D. Pa. May 2, 2003) (authorizing deposition of prosecutor in order to determine whether petitioner was "entitled to relief" based on Brady claim that prosecutor failed to disclose exculpatory statement witness made during trial recess); Conway v. Houk, No. 3:07-cv-345, 2009 WL 961199, at *3 (S.D. Ohio Apr. 8, 2009) (authorizing deposition of prosecutor in connection with both prosecutorial misconduct claim and claim "that [petitioner's] attorneys rendered ineffective assistance of trial counsel" even though discovery sought in connection with these claims "much broader" than other discovery sought in case).

The Government argues that Mr. Fell has not shown good cause to depose the Government's trial attorneys and FBI agents because "Fell's 'Reply Brief in Support of Statement of Disputed Discovery[]' . . . makes little effort to define the scope of his extraordinary request . . . ." Government's Response at 5.[6] The Government inexplicably fails to address the nine pages in Mr. Fell's Statement of Disputed Discovery – the only filing that the Government would have been able to respond to had it complied with the September 27 Order on scheduling – in which, pace the Government, he "carefully and specifically explained what it is that he wishes to inquire about in the proposed depositions." Government's Response at 5; see Statement of Disputed Discovery, Dkt. No. 425 (Oct. 25, 2013) ("Statement") at 4-12.

---

[6] The Government captions the section of its Response addressing the allegations of prosecutorial misconduct related to Christopher Eike, Officer Pelke, and Robert Lee "None of Petitioner's prosecutorial misconduct claims based on alleged Brady violations will be informed by a deposition of Government trial counsel." Government's Response at 9. It thus concedes, as it must, that Mr. Fell may depose Government trial counsel in connection with his claims of prosecutorial misconduct insofar as they are based on violations of Napue v. Illinois, 360 U.S. 264 (1959), and Giglio v. United States, 405 U.S. 150 (1972). As Mr. Fell has successfully pled violations of Napue or Giglio related to the Government's misconduct in connection with Mr. Eike, Officer Pelkey, and Mr. Lee, the Government has implicitly conceded that good cause exists for depositions related to this misconduct. See Motion of Donald Fell for Collateral Relief to Vacate, Set Aside, or Correct Sentence, and for a New Trial Pursuant to 28 U.S.C. § 2255, Dkt. No. 301 (Mar. 21, 2011) ("2255 Motion"), at Claims VI-VIII.

The Government also tries to draw a distinction between deposition testimony and trial testimony.  Given that the interests of Government trial counsel and law enforcement agents are aligned with the Government in these proceedings, and they have not previously given testimony related to the claims in Mr. Fell's 2255 Motion, good cause exists for Mr. Fell to depose them.  See Reid, , 2003 WL 21027275, at *2 (discovery by deposition appropriate to "avoid the possibility of any surprise testimony" and "streamline the issues to be resolved at the [evidentiary] hearing") (internal quotation marks omitted).

B.  The Government Should Not Be Allowed To Depose Mr. Fell

The Government's two new arguments to Mr. Fell's Reply Brief for why it should be permitted to depose Mr. Fell lack merit.  First, the Government's argument that Mr. Fell is "the only source of the information" about Officer Pelkey's conduct misstates the relevant inquiry and the relevant facts.  See Government's Response at 16.  Mr. Fell has claimed that counsel was ineffective by failing to request Officer Pelkey's disciplinary and grievance records. He has also claimed that the Government engaged in misconduct by withholding evidence of Officer Pelkey's record of misconduct, presenting testimony from Gregory Machia and Michael Gordon  and making arguments that it knew or should have known were false.  See 2255 Motion at Claim VII(A).  He did not claim that counsel should have called Mr. Fell to testify, and none of the claims he does make rest on what Mr. Fell would or would not have recalled about the incident.  A defendant is not required to testify in order for his counsel to test the Government's evidence or to hold the Government to its obligation not to put on evidence it should know is false.  Moreover, it simply is not true that Mr. Fell is a source of information regarding Officer Pelkey.  Instead, Mr. Fell's claim regarding Officer Pelkey's misconduct relies exclusively on contemporaneous reports written by other corrections officers and the testimony of Officer Pelkey himself.  See id.

The Government also seeks to depose Mr. Fell on whether "the Government failed to disclose favorable information about his co-defendant Lee that would have demonstrated that Lee was the dominant figure in the Fell-Lee relationship." Government's Response at 16. But Mr. Fell has no information about the Government's failures to disclose Brady material. That information is in the possession of the Government's trial lawyers, whom Mr. Fell properly seeks to depose.[7]

### Conclusion

For the reasons described above, Mr. Fell respectfully urges the Court to grant the relief requested in his Statement.

---

[7] The Government represents that it has fully complied with its discovery obligations. See Government's Brief at 12. In fact, the Government has yet to turn over a number of documents to which Mr. Fell is entitled, including many of Dr. Welner's 302s and FBI and U.S. Marshall's records. Mr. Fell will shortly send the Government a letter detailing the discovery obligations it still needs to meet.

RESPECTFULLY SUBMITTED,

Dated:  December 5, 2013
New York, New York

/s/ Lewis J. Liman_____
LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

Dated:  December 5, 2013
Burlington, Vermont

/s/ Richard Rubin_____
RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

Dated:  December 5, 2013
New York, New York

/s/ Cathleen Price_____
CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

*Counsel for Donald Fell*

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

------------------------------------------------------------------------ X
                                            :

DONALD FELL,                                :

                    Movant,           :

            - against -           :       2:01-CR-12-01

                                              :

UNITED STATES OF AMERICA,        :

                   Respondent.     :

                                              :
------------------------------------------------------------------------ X

## CERTIFICATE OF SERVICE

I, Lewis Liman, an attorney admitted to practice in the State of New York and a partner of the firm Cleary Gottlieb Steen & Hamilton LLP, hereby certify that on December 5, 2013, I electronically filed with the Clerk of the Court Donald Fell's Statement of Disputed Discovery. The CM/ECF system will provide service of such filings via Notice of Electronic Filing ("NEF") to all parties with an e-mail address of record who appeared and consented to electronic service in this action.

Dated:  December 5, 2013
New York, New York

                                    /s/ Lewis J. Liman
                                    Lewis J. Liman
                                    Cleary Gottlieb Steen & Hamilton LLP
                                    One Liberty Plaza
                                    New York, New York 10006
                                    (212) 225-2550
                                    Fax: (212) 225-3999