UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

-------------------------------------------------------------------- X
                               :

DONALD FELL,                           :

                Movant,          :

                             :            2:01-CR-12-01
         - against -          :

UNITED STATES OF AMERICA,    :

             Respondent.      :

                               :

-------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN REPONSE TO GOVERNMENT'S OPPOSITION TO MR. FELL'S AMENDED § 2255 MOTION

        Donald Fell respectfully submits this memorandum of law in response to the

Opposition of the United States to Fell's Motion for Leave to File Amended § 2255 Petition

("Government Opposition"). Mr. Fell does not believe he needs to amend his Motion to obtain

relief on the basis of the misstatements and other juror misconduct specified in the Amended

Motion of Donald Fell for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and For a

New Trial Pursuant to 28 U.S.C. § 2255 ("Amended 2255 Motion"); the theories and detail

specified in the Amended 2255 Motion are fairly subsumed within the Motion of Donald Fell for

Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial Pursuant to 28

U.S.C. § 2255 ("2255 Motion"). At the hearing on August 15, 2013, however, the Court

suggested that Mr. Fell file the Amended 2255 Motion and Mr. Fell did so, in order to provide

further specification of the facts upon which he claimed an entitlement to relief.

        The Court should permit the Amended 2255 Motion under Federal Rule of Civil

Procedure 15(a)(2), which states that "[t]he court should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). Furthermore, Mr. Fell's Amended 2255 Motion is timely

because "the original and amended petitions state claims that are tied to a common core of operative facts," thus satisfying Rule 15(c)'s "relation back" requirement.  Mayle v. Felix, 545 U.S. 644, 664 (2005).

## PROCEDURAL HISTORY

On March 21, 2011, Donald Fell moved this Court to vacate, set aside, or correct the judgment and sentence of death imposed upon him by this Court on June 16, 2006, and to grant him a new trial.  The 2255 Motion was based on, among other things, the claim that significant juror misconduct deprived Mr. Fell of his Fifth, Sixth, and Eighth Amendment rights to an impartial jury.[1]  In particular, Claim XXII in the 2255 Motion was headed "Mr. Fell was Deprived of his Fifth, Sixth, and Eighth Amendment Right to an Impartial Jury."  2255 Motion at 323.  The 2255 Motion then alleged: "Jurors who would have been Stricken for Cause if they had been Truthful were Empanelled after Making Material Misstatements or Omissions During Jury Selection."  Id.  It also alleged: "Mr. Fell was Deprived of his Fifth, Sixth, and Eighth Amendment Rights to a Fair and Unbiased Trial when Jurors Were Exposed to Extraneous Influences," id. at 330, and "Additional Jurors in Mr. Fell's Case Engaged in Misconduct in Violation of Mr. Fell's Rights under the Fifth, Sixth, and Eighth Amendments," id. at 340.  The 2255 Motion contained details about juror misconduct committed by Jurors #26, #143, and #162.  It also alleged generally that the jurors failed to answer the questions at voir dire "completely or truthfully," id. at 325, and that, beyond the specific examples laid out in the 2255 Motion, there was "additional juror misconduct," including "false or misleading responses of jurors on voir dire," id. at 340.

---

[1] On June 1, 2011, this Court held a scheduling conference at which time the parties acknowledged that Mr. Fell would amend his 2255 Motion following the completion of discovery.  See Transcript of Scheduling Conference as to Donald Fell, Dkt. No. 324 (June 1, 2011) ("June 1 Conference"), at 5.

From the outset, Mr. Fell made it clear – and the Government reflected that it understood – that the 2255 Motion was not the motion that the Court would adjudicate, and that Mr. Fell would amend, most likely after the completion of discovery. The following colloquy took place at the initial scheduling conference:

> MR. DARROW: And we understand, consistent with what counsel represents to the Court, that at some point they will seek to file an amended motion to file it, which would be the instrument to adjudicate at the time.

> THE COURT: Right. Once discovery has been completed, as I understand. Is that right?

> MR. LIMAN: Yes, your Honor, that's correct.

June 1, 2011 Hr'g Tr. at 5:9-15.

Thereafter, on December 21, 2011, the Government filed its Amended Opposition to the 2255 Motion ("Amended Opposition") seeking to summarily dismiss all of Mr. Fell's claims. Dkt. No. 338. The Amended Opposition addressed generally the claim that the jurors were untruthful. The Government put at issue the entirety of the voir dire, arguing, for example: "Further evidence that juror 162 did not purposely conceal abuse as a child is the fact that she readily disclosed the fact that her son had been charged with a crime 16 years prior to trial. Specifically, juror 162 reported that her son had been placed under house arrest for Driving Under the Influence and Domestic Violence." Amended Opposition at 320.

On May 10, 2013, this Court rejected the Government's Opposition and issued an Order holding that "Fell's motion [with respect to juror misconduct] has demonstrated reasonable grounds for further investigation" and ordering a "limited inquiry" of the jurors.

Memorandum Opinion and Order: Claim XXII: Juror Misconduct, Dkt. No. 368 (May 10, 2013) ("May 10 Order"), at 19.[2]

This Court conducted the inquiry of the jurors on August 15 and September 27, 2013.  Both before and after these hearings, Mr. Fell uncovered extensive and disturbing additional facts supporting his allegations of juror misconduct against Jurors #162, #143, and #26, and Mr. Fell presented much of this evidence at these hearings.  Mr. Fell also uncovered facts supporting his allegation that an additional juror, specifically Juror #27, engaged in serious juror misconduct by withholding information regarding his criminal history in violation of his disclosure obligations at voir dire.  In the Amended 2255 Motion, Mr. Fell pleaded these extensive facts specifying and amplifying his claim of juror misconduct.  He alleged that Juror #162 concealed not only that she had been the victim of sexual abuse, but also that her husband was the victim of child sexual abuse, that Juror #162 was the victim of embezzlement, that Juror #162 was the victim of physical abuse at the hands of her partner, Lucille Tatro, that Juror #162's son was the victim of physical abuse by Ms. Tatro as well, that Juror #162's husband was physically attacked by Ms. Tatro, and that both Juror #162 and her husband were the victims of stalking and harassment, events as to which Juror #162 filed a police complaint.  See Amended 2255 Motion at 329-33.  Mr. Fell also alleged that Juror #162 concealed material, responsive facts about her son, including that his criminal history was far more extensive – both in time and severity – than she had disclosed at voir dire, and that he underwent alcohol and drug abuse treatment far in excess of the minimal information she disclosed.  See id. at 333-44.  Further, Mr. Fell alleged that Juror #162 had herself been accused of a crime – inappropriate sexual touching

_____

[2] Pursuant to the May 10 Order, the parties stipulated that forty-five days after the juror inquiry, they would brief this Court to address further factual developments or proceedings, if any, that either party may seek with respect to the juror misconduct claims in the 2255 Motion.  Proposed Stipulated Order for Procedures for the Inquiry of Jurors, Dkt. No. 376 (June 10, 2013).  Those briefs are now due December 15.

of a child – and has also undergone treatment for alcohol abuse.  See id. at 341-44.  Finally, Mr. Fell alleged that Juror #162 had been a party to numerous civil suits, including a battle to gain restitution of the funds embezzled from her, and a multiple-year litigation in family court regarding custody and visitation rights to her grandson, and that she concealed information relevant to her opinions of the fields of psychiatry and psychology and about her ability to render an impartial verdict.  See id. at 344-48.

Mr. Fell also alleged in his Amended 2255 Motion that, in addition to a criminal mischief conviction, Juror #26 had also concealed a conviction for driving under the influence and a criminal charge of misdemeanor non-payment of wages, a crime for which he was ordered to pay $2,875 in restitution.[3]  See id. at 353.  Mr. Fell also alleged that other members of Juror #26's family had criminal history he did not disclose, and that Juror #26 concealed his involvement in numerous civil suits and his connection to government.  See id.  With respect to Juror #143, Mr. Fell alleged that in addition to his misconduct relating to extraneous evidence and coercion, Juror #143 also concealed the fact that he had been accused of theft and pointing a gun at two men, and had been investigated by the police in connection with that incident.  See id. at 358.

Finally, Mr. Fell alleged in his Amended 2255 Motion that a fourth juror had concealed material information at voir dire.  Juror #27 concealed the fact that he was accused of and pled guilty to driving under the influence, and was charged with assault.  See id. at 358-59.

At the August 15, 2013 investigatory hearing, the Court asked Mr. Fell's counsel whether Mr. Fell intended "to make an effort at amending [the 2255 Motion] to cover issues

---

[3] In his 2255 Motion, Mr. Fell alleged that Juror #26 had concealed his conviction for criminal mischief.  In its Amended Opposition, the Government (having conducted its own investigation of the facts of juror misconduct beyond those originally pled by Mr. Fell) disclosed that Juror #26 had been convicted of driving under the influence. See Amended Opposition at 326 n.67.  In his Reply to the Government's Amended Opposition ("Reply"), Mr. Fell added that Juror #26 had been charged with another misdemeanor.  Reply, Dkt. No. 358 (Aug 20, 2012), at 238.

which . . . may have [been] raised" at that hearing. Aug. 15, 2013 Hr'g Tr. at 180:8-9. Counsel

responded:

> MR. RUBIN: The answer to your question is yes, we intend to amend the petition, the ultimate petition, and consistent with the rules, there would be a date set for the amendment of the petition prior to the final hearing, which is tentatively set for June. So yes, the answer to your question is yes, we will expand the allegations consistent with the claim of dishonesty.

Id. at 180:17-24.

The minute entry following these proceedings reflected the fact that amendment of the 2255

Motion was contemplated, stating "if dft wishes to amend original claim, it must be done as soon

as possible." Minute Entry for Proceedings Held Before Judge William K. Sessions III: Juror

Inquiry as to Donald Fell Held on 8/15/2013, Dkt No. 400 (Aug. 15, 2013).

## ARGUMENT

### I.   This Court Should Grant Leave to Amend Under the Liberal Amendment Policy of Federal Rule of Civil Procedure 15(a)(2)

The Government does not dispute that Mr. Fell has satisfied all of the

requirements of Federal Rule of Civil Procedure 15(a)(2) which applies in 2255 proceedings and

provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R.

Civ. P. 15(a)(2). See Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002) (stating that leave

may be denied "where necessary to thwart tactics that are dilatory, unfairly prejudicial or

otherwise abusive"); Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d

Cir. 1999) (holding that district court may deny leave on grounds of futility). "District courts

have discretion to grant leave to amend when justice so requires." Wong v. Ashcroft, 369 F.

Supp. 2d 483, 488 (S.D.N.Y. 2005) (citing Ching, 298 F.3d at 180).

The Government does not argue that Mr. Fell acted with "undue delay, bad faith

or dilatory motive" or that there was a "repeated failure to cure deficiencies by amendments

6

previously allowed." Foman v. Davis, 371 U.S. 178, 182 (1962).  Mr. Fell promptly filed the amendment shortly after the conclusion of the preliminary investigatory hearings, the amendment raises the most profound issues regarding juror misconduct and the right to a fair and impartial jury, and there is no dilatory motive.

The Government would also suffer no "undue prejudice…by…allowance of the amendment." Foman, 371 U.S. at 182.  The Court has held preliminary hearings at which much of the evidence regarding juror misconduct has already been the subject of inquiry of the jurors, and discovery and testimony of witnesses other than the jurors has not yet commenced.  There is no harm to the Government from the further specification contained in the Amended 2255 Motion.  Indeed, the Government has been on notice since 2011 that Mr. Fell would amend his Motion.

Finally, the Government virtually concedes – as it must – that Mr. Fell's claim would not be futile if proved.[4]  Mr. Fell's Amended 2255 Motion raises a question of profound and fundamental constitutional principle:  "[o]ne touchstone of a fair trial is an impartial trier of fact—a jury capable and willing to decide the case solely on the evidence before it." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554 (1984) (quoting Smith v. Phillips, 455 U.S. 209, 217 (1982)).  The right to an impartial jury carries particular weight in a death penalty case, where "the penalty of death is qualitatively different from a sentence of imprisonment, however long" and where, "[b]ecause of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment." Woodson v. North Carolina, 428 U.S. 280, 305 (1976) (plurality

---

[4] The Government makes a single conclusory statement in its 33 pages of briefing that the amendment "would be futile as it has shown no probability that he is entitled to have his verdict overturned based on these claims." Government Opposition, Dkt. No. 440 (Nov. 22, 2013), at 29.  Aside from its claim that an amendment is time-barred, it does not identify why the claims are futile, and it cannot do so.

7

opinion); see also Sampson v. United States, 724 F.3d 150, 170 (1st Cir. 2013) (vacating death sentence as a result of juror dishonesty at voir dire). As this Court stated, "[u]nder the Eighth Amendment, a capital defendant is entitled to a sentencer who will consider any relevant mitigating evidence." Memorandum and Order Dismissing Juror 184, Dkt. No. 139 (June 9, 2005), at 12. Because "[t]he FDPA requires jurors to make an individual finding regarding each mitigating factor proposed by the defense… it is important for the Court to ensure that every prospective juror is able to fairly and impartially consider the categories of mitigating evidence that the defendant would introduce at the penalty phase." Id. at 7.

The facts specified in the Amended Motion – if proved as Mr. Fell submits they have been and will be – establish a violation of those principles and an entitlement to relief. Juror #162 repeatedly and intentionally lied to this Court in response to important voir dire questions, including, among other things: when she asserted that neither she nor anyone close to her had ever been the victim of a crime or a witness to a crime; when she asserted that the history of criminal accusations and charges against her and her family was limited to one incident, sixteen years prior to voir dire, in which her son, Patrick Ryan, received "house arrest" for "DWI and domestic abuse"; and when she asserted that the extent of her and her family's experiences with substance abuse was her son's alcohol problem that had resulted in one DWI. She has continued to lie in response to questioning from the Court and Mr. Fell's § 2255 counsel in connection with these facts.[5]

Juror #26 also repeatedly and intentionally lied to this Court in response to important voir dire questions. In addition to concealing, both at voir dire and every day at trial, the fact that he had been exposed to the highly prejudicial extra-record media reports that Mr.

---

[5] The full extent of Juror #162's dishonesty at the August 2013 investigatory hearing will be demonstrated in Mr. Fell's forthcoming brief addressing the further factual development and proceedings he is seeking with respect to the juror misconduct claim.

Lee committed suicide in prison, Juror #26 also concealed from the parties and the Court numerous instances in which he was charged with and convicted of crimes. Juror #26 has testified that at the time he withheld this information, he did not think he would get picked for the jury and he unilaterally deemed the information unimportant. Sept. 27 Hr'g Tr. at 12, 33, 64.

Juror #143 also concealed a criminal history from the Court and the parties, withholding the fact that he had been accused of theft and pointing a gun at two men, and was investigated by the police. This concealment only compounds the dishonesty that Juror #143 has exhibited in his jury service and in the inquiry into it, and the disdain with which he has treated the efforts of the Court to ensure that the jury that decided Mr. Fell's case was fair and impartial and decided the verdict and the sentence based on the evidence presented in court. Juror #143 deliberately violated court orders in a highly prejudicial investigation of the evidence that he undertook during Mr. Fell's trial, and he has lied in open court to conceal that he did so.[6]

Finally, Juror #27 concealed material facts at voir dire that were directly responsive to questions posed about his criminal history and his involvement with law enforcement. These facts – involving substance abuse, violence, and repeated interactions with law enforcement in connection with this behavior – were exactly the type that the carefully-designed voir dire employed by the Court and the parties was designed to elicit.

The disclosure of all of these facts to the parties and the Court would have provided valid bases for challenges for cause of Jurors #162, #26, #143, and #27. See United States v. Sampson, 820 F. Supp. 2d 151 (D. Mass. 2011), aff'd, 724 F.3d 150 (1st Cir. 2013).

---

[6] The extent to which Juror #143 lied during the August 2013 hearing into his misconduct will be demonstrated in Mr. Fell's forthcoming brief addressing the further factual development and proceedings he is seeking with respect to the juror misconduct claim.

**II.    The Claims in the Amended 2255 Motion Properly "Relate Back" to Those in the Original 2255 Motion Pursuant to Federal Rule of Civil Procedure 15(c)**

The thrust of the Government's argument is that Mr. Fell's claims, even if meritorious and sufficient to entitle him to relief, are not cognizable because they are untimely. That argument is meritless for several reasons.

First, the factual allegations contained in the Amended Motion are fairly subsumed within the original Motion and thus Mr. Fell did not need to move to amend to prove these facts. That Motion alleged: "Jurors who would have been Stricken for Cause if they had been Truthful were Empanelled after Making Material Misstatements or Omissions During Jury Selection." 2255 Motion at 323. The 2255 Motion contained details about juror misconduct committed by Jurors #26, #143, and #162. It also alleged generally that "two of the jurors in Mr. Fell's case . . . did not comply" with "the Court's clear instructions to the jurors about the importance of answering [the voir dire] questions completely [and] truthfully," id. at 325, and that, beyond the specific examples laid out in the 2255 Motion, there was "additional juror misconduct," including "false or misleading responses of jurors on voir dire," id. at 340.

In Sampson, the movant's original and amended 2255 Motions[7] asserted claims that Mr. Sampson had been denied his due process right to a fair trial because three jurors had provided inaccurate responses to questions at voir dire. See Gary Sampson's First Amended Motion for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence Made Pursuant to 28 U.S.C. § 2255 and/or Rule 33 of the Federal Rules of Criminal Procedure at 193, No. 01-10384, Dkt. No. 1035 (D. Mass. Mar. 29, 2010) (originally filed in redacted form; unredacted version attached as Ex. K to Mem. and Order, No. 01-10384, Dkt. No. 1181 (D. Mass

---

[7] The movant amended his motion to add additional facts to claims other than his juror misconduct claim. The facts supporting his juror misconduct claim do not differ from the original motion to the amended motion.

10

Apr. 15, 2011)).  With respect to one juror, Sampson alleged that she had been dishonest at voir dire because she had failed to disclose that she had been the victim of domestic abuse at the hands of her husband, and that this was responsive to certain questions at voir dire that related to the jurors' own experience with crime and the experience of people close to them with crime (Questions 59, 61, 63, 65, and 66).  Id. at 193-96.  Judge Wolf addressed this allegation by ordering evidentiary hearings with respect to Mr. Sampson's juror misconduct claim.  See Sampson, 820 F. Supp. 2d at 161.

In the course of these hearings, Mr. Sampson learned that this same juror had been dishonest with respect to a far wider range of information than originally pled.  Id. at 186-87.  Specifically, the parties and the Court learned that not only had the juror been dishonest about her husband's criminal history, but she had also lied about: her husband's drug and alcohol abuse, the existence of a daughter, the employment of her daughter with law enforcement, the criminal history of her daughter, the drug and alcohol abuse history of her daughter, and her daughter's time in jail.  This information was responsive both to the questions noted in the amended 2255 motion (questions regarding experience with crime), as well as to other distinct questions: a question about the existence of any children (Question 47); a question about the juror's family's history with drug problems (Question 32); a question about whether anyone in the juror's family spent time in prison (Question 64); and a question about whether anyone in the juror's family had been employed in law enforcement (Question 68).  Id. at 186 n.21.

In determining that Mr. Sampson's subsequent death sentence was unconstitutional, the district court relied on all of these dishonest answers although they had not been amended into his operative 2255 Motion.  Id.  The Government did not object to the introduction of any of these facts – not the facts regarding a person not mentioned in the

amended 2255 motion, and not the facts regarding questions not implicated by the facts pled –

and Sampson never amended his motion to include them.  Id. at 161.  Nor did the Government

object to introduction of these additional facts during Mr. Sampson's examination of the jurors at

the March 18, 2011 hearing.  Instead, at that hearing the following exchange took place:

> MR. WORTMANN [Counsel for the Government]:  I would ask…for you to comment a little bit on what the scope of the examination is going to be.  Is it limited to new matters?  Um, we shouldn't be going over old ground….
>
> THE COURT:  Well, we can talk about that, but maybe you ought to give me an overview and let me know what you propose to do….  Mr. McDaniels, do you want to start?
>
> MR. McDANIELS [Counsel for Mr. Sampson]:  Yes, your Honor….[B]asically since we last met we've uncovered additional information that bears on a number of the questions on the questionnaire and in particular this information relates to [redacted] and the problems and difficulties she had….
>
> THE COURT:  And so therefore there are particular questions that you – additional questions that you think were not answered accurately and perhaps not answered honestly?
>
> MR. McDANIELS:  Correct, some of the same and some are additional.  You know, for example, working for law enforcement?  Drug problems?  Knowing somebody who's been to prison?  So, yes, there are a number of questions.  And some of them were already in play based on previous answers, but also there's some new ones as well.

Transcript of 2255 Hearing held on March 18, 2011 at 10:10-13:1 (emphasis added).  Neither the

Court nor the prosecution objected to an inquiry of this scope, and all parties accepted that any

newly discovered lies would be encompassed within the original juror claim and become part of

the record.

Second, the amendment relates back pursuant to Rule 15(c), which "governs the

timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired,"

and provides that an amendment "relates back to the date of the original pleading when the

amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set

12

out – or attempted to be set out – in the original pleading." <u>Ching</u>, 298 F.3d at 181; Fed. R. Civ. P. 15(c).[8]  "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." <u>Slayton v. American Exp. Co.</u>, 460 F.3d 215, 228 (2d Cir. 2006) (quotation marks omitted).  Accordingly, "[u]nder Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." <u>Id.</u> (quotation marks omitted).  Under the Rule, an amendment does not relate back if it depends on facts "that differ in both time and type from those the original pleading set forth." <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005).

Here, the facts in the Amended 2255 Motion and those in the 2255 Motion do not differ in either time or type.[9]  Rather, they "are tied to a common core of operative facts." <u>Id.</u> at 664.  The core juror claim in the 2255 Motion was that jurors lied at voir dire, considered

---

[8] Rule 12 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts states that the Federal Rules of Civil Procedure are applicable to § 2255 proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules."  28 U.S.C.A. § 2254, Rule 12; 28 U.S.C.A. § 2255, Rule 12.  Courts have routinely applied Federal Rule of Civil Procedure 15, governing amended and supplemental pleadings, to § 2255 proceedings.  <u>See, e.g.</u>, <u>Ching</u>, 298 F.3d at 180 ("We have previously decided that the application of Fed. R. Civ. P. 15 to habeas petitions and § 2255 motions would not frustrate the AEDPA's goals, even if the motion to amend is brought late in the proceedings.").

[9] For the proposition that leave to amend should be denied, the Government relies on remarks during the August 2013 investigatory hearing when the Court stated: "I don't think that claim has been raised in advance…. So – I did not read your pleadings as suggesting in any way that the – the argument related to general responses.  I thought it was all sexual abuse."  Aug. 15, 2013 Hr'g Tr. at 132:24-33:6.  Those remarks cannot carry the water the Government would have them hold.  The Court made the remarks in the course of considering whether to permit Mr. Fell permission to ask Juror #162 questions regarding the additional allegations of juror misconduct – the Court ultimately granted that permission.  <u>See id.</u> at 133:6-10 ("I thought it was all sexual abuse.  Now perhaps it should be broader than that, if that's what you are asking about, but at least in regard to impeachment, bias, you certainly have the right to explore that. So you can go ahead.").  It did not address the separate questions whether the allegations were fairly subsumed within the 2255 Motion, much less whether an amended motion (which had not yet been filed) containing allegations of juror misconduct would relate back to the 2255 Motion.  Indeed, neither issue was addressed to the Court or argued.  Notwithstanding the suggestion, the Government therefore does not and cannot argue that the Court's observations during oral argument should be accorded the force of law of the case.  Just as "dictum, i.e., a statement not essential to the holding, is not law of the case" (<u>Egiazaryan v. Zalmayev</u>, 880 F. Supp. 2d 494, 502 (S.D.N.Y. 2012)), nor are observations made by the Court at oral argument or examination.  <u>Cf.</u> <u>Brewer v. Lape</u>, No. 06 Civ. 10290 (PKC) (GWG) 2010 WL 3565176, at *16 (S.D.N.Y. June 11, 2010) ("Judges are free to pose any questions they wish at oral argument, and their comments or questions reveal neither how they will rule nor why.").

13

extraneous evidence, engaged in unlawful coercion, and committed other misconduct depriving Mr. Fell of his Fifth, Sixth and Eighth Amendment rights. That claim arose out of long-established principles regarding a fair and impartial jury, and rests on conduct that took place during voir dire and during questioning of jurors and juror deliberations at trial. The factual allegations that Mr. Fell seeks to add – that Juror #162 and other jurors made misstatements at voir dire additional to those Mr. Fell originally pled – occurred at the same time and place as was true for the originally-pled claim. And they are of the same type: lies and misstatements in response to the voir dire employed by the parties and the Court. Indeed, were they not pled, they would still be considered part of the same *res gestae* as the issues raised by the original juror misconduct claim and "inextricably linked" to the original lies. See United States v. Quinones, 511 F. 3d 289, 309 (2d Cir. 2007).[10]

In its Opposition to Fell's Motion for Leave to File Amended § 2255 Petition, the Government "concedes that [the two new convictions alleged with respect to Juror 26], one of which was unearthed by the Government, are simply evidence of the original claim set forth by Fell in his 2011 2255 Petition." Government Opposition at 18. Similarly, the Government

---

[10] Instructive in this regard are cases considering the application of Federal Rule of Evidence 404(b) and whether evidence of other acts should be considered "extrinsic" acts unrelated to the charged offense (generally not admissible under 404(b)) or "intrinsic" acts that are "inextricably intertwined" with the charged offense (and thus beyond the reach of the requirements of 404(b)). See, e.g., United States v. Everett, 270 F.3d 986, 992 (6th Cir. 2001) (prosecution for bank fraud in which all evidence of the checks signed by Appellant was admitted, whether legally authorized or not, because both the authorized checks and the unauthorized checks were "inextricably intertwined" and part of the same "circumstances surrounding the offense"); United States v. Nektalov, 325 F. Supp. 2d 367 (S.D.N.Y. 2004) (admitting evidence of prior transactions to the charged money laundering offenses as "background" evidence); United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (finding uncharged evidence that defendant added fictitious items to inventory lists to be "inextricably intertwined" with the charged offense of making false statements to secure additional credit lines); United States v. Williams, 205 F.3d 23, 33 (2d Cir. 2000) (finding evidence of defendant's prior criminal conduct admissible under 404(b) because it was relevant "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed") (quotation marks omitted); United States v. Gonzalez, 110 F.3d 936 (2d Cir. 1997) (relying in part on the contemporaneous nature of the two acts, the court found that burglaries committed on the same night were intrinsically related); contra United States v. Dolney, No. 04-CR-159 (NGG), 2005 WL 2129169 (E.D.N.Y. Sept. 1, 2005) (finding that evidence of conduct that occurred two years prior to the charged conspiracy was not "intrinsic" because of the significant time lapse).

concedes that "Juror 162's admission during the juror inquiry of August 15, 2013, that she was also the victim of embezzlement when she was approximately 18 years old does not give rise to a new claim, but rather is evidence in support of Fell's original claim that Juror 162 failed to disclose that she had been the victim of a crime." Id. at 23.[11]

The Government also does not even address, much less distinguish, the closest opinions on point. In Williams v. Folino, the court held that juror dishonesty at voir dire was all of the same time and type. Civ. No. 98-1320, 2009 U.S. Dist. LEXIS 84077 (W.D. Pa. Sept. 15, 2009). In that case, a 2254 petitioner originally pled that a certain juror, "Juror Number Two," had untruthfully answered a question at voir dire regarding racial bias. Id. at *3-4. He later sought to amend his 2254 petition to add, among other things, the allegations that three other jurors also lied on voir dire in response to a question about racial bias, and that one juror lied on voir dire regarding exposure to media reports prior to trial. Id. at *18. The court held:

> In this case, claim number one, which asserts that [three additional jurors] lied on voir dire about racial bias, is of the same type as the timely filed claim in the original petition concerning Juror Number Two and it arose at the same time (that is, during voir dire). Similarly, claim number two, which asserts that [a juror] lied on voir dire when he stated that he had not read newspaper accounts prior to the trial is of the same time and type as the claim regarding Juror Number Two. . . . Thus . . . claims one and two could be made amendments to the petition under the law as set forth in *Mayle v. Felix*.

Id. at *28-30.

---

[11] In taking this position, the Government also necessarily concedes that all of the evidence that Juror #162 and people close to her were victims of crimes is thus simply "evidence in support of Fell's original claim" – including Mr. Fell's allegations that Juror #162's husband was the victim of child sexual abuse, that Juror #162 was the victim of physical abuse at the hands of her partner, Lucille Tatro, that Juror #162's son was the victim of physical abuse by Ms. Tatro, that Juror #162's husband was physically attacked by Ms. Tatro, and that both Juror #162 and her husband were the victims of stalking and harassment, events as to which Juror #162 filed a police complaint – an action that was responsive to more than one question at voir dire.

Similarly, in Snow v. Baker, the court held that an amended claim adding further facts of juror bias was "based on the same core of operative facts" as the original petition. No. 03-Civ-00292-MMD, 2013 WL 5149650, at *10 (D. Nev. Sept. 12, 2013). In that case, the petitioner originally alleged that a juror was biased because she had heard media coverage of the case and had formed an opinion as to the defendant's guilt. See No. 03 Civ. 00292, Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, Dkt. No. 10 (Mar. 13, 2003), at Ground 19, Attached at p. 25, Part S. In his amended petition, the petitioner also alleged that the same juror was also biased because her son personally knew the victim. No. 03 Civ. 00292, Second Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, Mar. 9, 2012, Dkt. No. 137, at 65. The court held that under Mayle, the latter related back to the former and was thus not barred by the statute of limitations, despite being filed approximately nine years after the original petition was filed. Snow, 2013 WL 5149650, at *10.

And, in Lewis v. Commissioner of Corrections, the district court held that an amended 2254 petition alleging suppression of evidence distinct from the suppression alleged in the original petition related back because "the 'conduct' of which [petitioner] complains is the prosecutors' asserted determination to withhold from, or failure to disclose to, [petitioner] and his attorney information that might assist the defense: a dereliction of duty that manifested itself in a number of ways." No. 03 Civ. 196 (CSH), 2013 WL 617034, at *4 (D. Conn. Feb. 19, 2013).

Indeed, as Judge Haight noted in Lewis, "the [Mayle] Court cited with approval the Eighth Circuit's opinion in Mandacina v. United States . . . where 'the original petition alleged violations of Brady v. Maryland . . . while the amended petition alleged the Government's failure to disclose a particular report. . . . Both pleadings related to evidence

16

obtained at the same time by the same police department.  The Court of Appeals approved

relation back.'"  2013 WL 617034, at *5 (citations omitted).  The cases relied upon by the

Government are easily distinguished.  In those cases, the material sought to be added occurs at a

completely separate time during the petitioner's case, and pertains to a completely distinct set of

factual allegations supporting a claim.  For example, in Veal v. United States, a petitioner

attempted to amend his petition to add an additional claim that his counsel had not

communicated a plea offer to him before trial.  No. 01 Civ. 8033 (SCR), 2007 WL 3146925, at

*2 (S.D.N.Y. Oct. 9, 2007), aff'd No. 07-5621, 2009 WL 1762805 (2d Cir. June 23, 2009).  The

court denied leave to amend, holding that this new claim and the facts supporting it were of a

completely separate time and type than those originally pled: the original petition made

ineffectiveness claims pertaining to a different lawyer, and/or concerning decisions made at a

"materially different point in the litigation process" and "involv[ing] a completely different set of

facts."  Id. at *6.[12]  By contrast, Mr. Fell's Amended 2255 Motion alleges additional examples of

misconduct that are of the same type and that occurred at the same time as the examples of the

misconduct alleged in his original petition.

---

[12] See also Turner v. United States, 699 F.3d 578, 585 (1st Cir. 2012) (claim of ineffective assistance for failure to properly cross-examine the Government's witnesses did not relate back to claim of ineffective assistance for bringing in evidence of defendant's past misconduct); United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (claim of ineffective assistance for failure to file an appeal did not relate back to claims of ineffective assistance during sentencing phase and for pressuring defendant to go to trial despite ample evidence against him); Ozsusamlar v. United States, No. 10-Civ 6655 (KMW) (HBP), 2013 WL 4623648, at *4 (S.D.N.Y. Aug. 29, 2013) (claim of ineffective assistance for failure to introduce mitigating factors during sentencing phase did not relate back to failure to confront witnesses and suppress evidence at trial because the two instances of ineffective assistance occurred at different stages of the proceeding).  The same is true of Dean v. United States, 278 F.3d 1218 (11th Cir. 2002), which the Government cites for the unexceptional proposition that an "untimely amendment may not introduce a new theory based on facts different from those underlying existing claims."  Government Opposition at 31.  In Dean, the court found that three of the four amended claims related back to the original petition, holding, for example, that the amended claim that the court improperly allowed evidence of uncharged misconduct related back to the original claim that the court erred "in allowing the government to enter inadmissible evidence."  Id. at 1223.  The claim that was found to not relate back was not made "at all" in the original petition.  Id. at 1222-23.

17

Moreover, there can be no doubt that the Government was on "fair notice" that Mr. Fell's original juror dishonesty claim implicated Juror #162's – and other jurors' – answers to other questions.  <u>Fama v. Comm'r of Corr. Servs.</u>, 235 F.3d 804, 815 (2d Cir. 2000) (quotation marks omitted).  The Government explicitly turned to those other answers in its analysis of whether Juror #162 had been intentionally dishonest at voir dire.  Amended Opposition at 320.

## <u>CONCLUSION</u>

For the reasons described above, Mr. Fell respectfully requests that the Court permit Mr. Fell's Amended 2255 Motion.

Dated:  December 13, 2013
Barre, Vermont

RESPECTFULLY SUBMITTED,

/s/ Richard Rubin_____
RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

Dated:  December 13, 2013
New York, New York

/s/ Lewis J. Liman_____
LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

Dated:  December 13, 2013
New York, New York

/s/ Cathleen Price_____
CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

*Counsel for Donald Fell*