UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA          :
                                  :
          v.                      :     Case No. 2:01-cr-12
                                  :
DONALD FELL,                      :
                                  :
          Defendant-Movant.       :

**Memorandum & Order re:  Discovery**

This memorandum of decision addresses outstanding motions
for discovery and to quash subpoenas, ECF Nos. 375, 409, 415 and
426.

On March 5, 2013, the court heard argument on the
Government's request for summary dismissal of the § 2255
petition, and discussed Fell's request for discovery.  The Court
asked the parties to develop a discovery plan.  The parties
agreed in principle to exchange documentary discovery and then to
proceed to requests for depositions.  Within thirty days of the
Court's decision on the request for summary dismissal the parties
were to submit a plan for discovery.  The decision issued on May
10, 2013.

On June 10, 2013, Fell submitted a proposed discovery
schedule/order.  ECF No. 377.  The Government filed its first
motion for discovery, ECF No. 375.  The parties acknowledged that
they could not reach an agreement on a discovery schedule, and
each submitted proposed orders, neither of which the Court
adopted.

In a telephone conference on July 23 that primarily addressed issues relating to Fell's juror misconduct claims, the Court again inquired about a discovery schedule.  The parties again attempted to reach agreement at a discovery conference on August 26, but were unable to reach complete agreement.

On September 19, 2013, the Government renewed its motion to compel discovery.  ECF No. 409.  Specifically, the Government requested:  Fell's trial counsels' files; immediate expert disclosures and a witness list; depositions of Fell's experts, trial counsel and mitigation specialist, lay witnesses and Fell himself; a mental health evaluation of Fell by Dr. Michael Welner; and various documents.  On September 27 the Court requested briefing on the outstanding discovery issues by October 25.  ECF Nos. 424 & 425.  Responsive briefs were submitted as well.[1]  ECF Nos. 429, 445 & 448.

## I.    § 2255 Discovery

Rule 6(a) of the Rules Governing Section 2255 Proceedings authorizes a judge, for good cause, to allow a party to conduct discovery under the Federal Rules of Civil or Criminal Procedure. The party requesting discovery must provide reasons for the request.  Rule 6(b).  "Good cause" exists "'where specific allegations before the court show reason to believe that the

---

[1]  The Government has requested oral argument.  The Court finds that the issues have been ably and amply briefed, and oral argument is unnecessary. L.R. 7(a)(6).

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

### A.    Fell's trial counsels' complete case files

Fell agreed to produce all non-privileged material from trial counsel's files on or before October 18, and to produce a privilege log with respect to the remainder.

### B.    Fell's expert disclosures

Fell agreed to make expert disclosures by December 31, 2013.

### C.    Depositions of experts

The parties have apparently agreed to depositions of post-conviction experts for both sides.  Fell has agreed to produce his trial experts for depositions to begin no earlier than January 2014.

### D.    Deposition of Fell's trial counsel and mitigation specialist

Fell has agreed to depositions of trial counsel and his mitigation specialist.

### E.    Depositions of government counsel and case agent

The Government opposes producing the assistant United States Attorneys responsible for investigating and trying the Fell case, claiming that none of Fell's claims warrant their deposition testimony.  Fell has alleged both prosecutorial misconduct and

ineffective assistance of his trial counsel in failing to challenge the misconduct.  Specifically his § 2255 motion alleges that the Government violated this Court's order in connection with a subsequent mental health evaluation of Fell, failed to disclose *Brady* material and knowingly elicited false testimony in violation of *Napue*.

Although it is not routine to permit depositions of prosecutors in post-conviction relief cases, it is not unheard of.  *See, e.g.*, *Ferguson v. Abrams*, No. 92-CV-4754 (ILG), 1998 WL 305631 (E.D.N.Y. 1998) (permitting deposition of the lead prosecutors in a § 2254 case on claims of *Brady* and *Napue* violations); *see also Richardson v. United States*, No. 2:11-CV-479, Crim. No. 2:06-CR-00100(3), 2013 WL 5521859 at *1 n.1 (S.D. Ohio, Oct. 3, 2013) (noting that the court's expansion of the record in a § 2255 case included transcripts of the depositions of the assistant United States Attorneys who represented the government at trial); *Robb v. Ishee*, No. 2:02-cv-535, 2012 WL 604225 at *4 (S.D. Ohio, Feb. 24, 2012) (permitting depositions of state prosecutors on specific issues); *Reid v. Vaughn*, No. Civ.A. 01-2385, 2003 WL 21027275 at *2 (E.D. Pa. May 2, 2003) (finding good cause to permit a deposition of a state prosecutor); *Payne v. Bell*, 89 F. Supp. 2d 967, 975 (W.D. Tenn. Feb. 15, 2000) (permitting a request to take the deposition of a state prosecutor).

### 1.   The Welner issue

Fell's trial counsel objected to the use of Dr. Wetzel to facilitate the completion of a psychological report by the Government's rebuttal witness, Dr. Welner, in apparent circumvention of the Court's April 7, 2005, order permitting the Government to obtain an evaluation of Fell.  Counsel withdrew Fell's mental health case before the Court could rule whether government counsel had engaged in misconduct and whether a sanction excluding some or all of Dr. Welner's testimony would be appropriate.  The Court did not take evidence, nor did it evaluate Fell's post-trial claim that he was denied due process at sentencing because of prosecutorial misconduct, because the issue was mooted by his withdrawal of his own expert evidence on his mental condition.

Fell claims that his trial counsel were ineffective in abandoning his mental health case and stipulating that he did not suffer from a mental disease or defect.  This claim is central to Fell's ineffective assistance of counsel claim.  Fell's § 2255 counsel should be permitted to explore in discovery whether government counsel, Dr. Welner, and/or Dr. Wetzel violated the Court's April 7 Order.  In particular, Fell may question counsel Dr. Welner and Dr. Wetzel regarding both the questions that were given to Dr. Wetzel to ask during his interview with Fell, the purposes of those questions, and how those questions were

communicated to Dr. Wetzel.  Without that information, Fell is unable to show that preclusion of the witness's testimony was a possibility, nor present his full argument concerning ineffective assistance of counsel.  With that information, the parties may address whether a violation of the Court's order occurred.

### 2.   The Eike, Pelkey and Lee evidence

The Government emphasized the violence and similarity of an earlier assault committed by Fell in arguing that the jury should impose the death penalty.  Fell argues that the Government knew that the incidents were not similar in substantial ways, did not disclose the information to the defense and deliberately pursued a false argument in its zeal to persuade the jury to vote for death.  The Government has denied that it had information contradicting the description of the assault that it pressed in summation.  Fell will be allowed to inquire whether the government prosecutors knew that Eike did not suffer serious injuries, was not in a coma and whether they knowingly exploited misinformation placed before the jury.

The Government showed the jury a videotape of a prison incident to suggest that Fell would not adjust to life in prison. Although Corrections Officer Pelkey, depicted on the videotape, was present in the courtroom and prepared to testify, the Government decided not to call him.  Fell has alleged that the Government was aware when it showed the tape that Officer Pelkey

had a history of violent behavior against inmates, and had behaved inappropriately and used excessive force against Fell during the incident.  The Government argued to the jury that the officers behaved impeccably throughout the incident.  Fell will be allowed to inquire whether the government prosecutors knew that Officer Pelkey had received complaints of excessive force in the incident depicted and therefore argued a false inference from the videotape.

The Government's theory at trial was that Robert Lee was a follower, and that Fell was the dominant and more aggressive one of the pair.  Fell has alleged that the Government withheld substantial evidence that demonstrated Lee's dominant and aggressive behavior.  Fell will be allowed to inquire about any withheld evidence concerning Lee that may have tended to impeach the picture of Lee as a passive follower.

Fell is permitted to serve deposition notices on the Government's trial attorneys with respect to these issues.  The Court is unable to evaluate whether good cause exists to depose the case agent in this case.  Fell has not specified what a deposition of the Government's investigative agent will contribute to his claims of prosecutorial misconduct.  Should further discovery indicate that the case agent could provide relevant testimony on these issues, Fell may renew his request.

### F.   Deposition of Fell

The Government seeks to depose Fell about communications he had with trial counsel concerning his background and his mental health, about the disciplinary incident involving Officer Pelkey, and Fell's relationship with Robert Lee.

As a general matter, a defendant's communications and interactions with his counsel about these issues are relevant to a claim of ineffective assistance of counsel. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 691 (1984).  Fell has also placed at issue whether the Government misused the videotape of the incident at the correctional facility, and the nature of his relationship with Lee.  The Government has shown good cause to depose Fell on these topics.  The Government is not permitted to question Fell on the underlying facts of the offense.

### G.   Depositions of Fell's sisters

The Government seeks to depose Fell's sisters, Teri Fell and Susan Benczkowski.  Teri Fell provided a detailed declaration in support of Fell's § 2255 petition, and may be called as a witness.  The Government is entitled to seek to depose her.

Fell does not intend to call Susan Benczkowski as a witness however, nor has she submitted a declaration in connection with the § 2255 petition.  The Government contends that it must be permitted to depose the witnesses upon whom Fell relies to support his claim that his trial counsel conducted a

constitutionally inadequate mitigation investigation.  Although Fell has indicated that he does not intend to rely upon Ms. Benczkowski, her testimony is relevant on the ineffective assistance of counsel claim.  The Government has shown good cause to depose her.

### H.    Mental health evaluation of Fell by Dr. Welner

The Government has requested an order requiring Fell to submit to a complete mental health evaluation within ninety days of the Government's receipt of Fell's expert disclosure.  Fell has agreed to a mental health evaluation, but opposes being evaluated by Dr. Welner.  He also argues that Welner is a fact witness and therefore an inappropriate examiner.  Finally he argues that Dr. Welner's testimony would be inadmissible as unreliable in any case.

The Government is entitled to its choice of expert in evaluating the mental health claims raised in Fell's § 2255 motion.  Dr. Welner may or may not be a fact witness concerning his evaluation of Fell and Dr. Wetzel's examination of Fell in 2005.  Fell's objections to Dr. Welner's testimony are food for cross-examination, not grounds for precluding him as the government's expert.

### I.    Disclosure of Documents responsive to Fell's request nos. 5 and 6

Fell has requested documents, notes and other records pertaining to Dr. Welner's work in his case and documents, and

notes and other records pertaining to Dr. Wetzel's examination of Fell on June 13, 2005, including communications between Dr. Wetzel and the Government or between Dr. Wetzel and other mental health professionals.  The Government has refused to produce documents responsive to these requests that it contends are protected as attorney work product, and has indicated that it will provide a privilege log.

"The attorney work product doctrine . . . provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial."  *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003).  The party seeking discovery of such material must show that he has "substantial need of the materials . . . and . . . is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  *Id.* (quoting Fed. R. Civ. P. 26(b)(3)).  Work product that reveals mental impressions, conclusions, opinions, or legal theories of an attorney will generally not be ordered disclosed "'unless a highly persuasive showing [of need] is made.'"  *In re Grand Jury Proceedings*, 219 F.3d 175, 190-01 (2d Cir. 2000) (quoting *United States v. Adlman*, 134 F.3d 1194, 1204 (2d Cir. 1998)).  Work product protection is not afforded to data or information considered by an expert in formulating an opinion, however.  *See* Fed. R. Civ. P. 26(a)(2)(B)(ii).

10

This Court will not compel the wholesale disclosure of documents for which the protection of the work product doctrine is asserted.  That a document is eligible for work product protection does not mean it may not be required to be produced in discovery.  *Adlman*, 134 F.3d at 1202.  This Court must assess whether Fell has made an adequate showing of substantial need for each document and an inability to obtain its contents elsewhere without undue hardship.  *Id.* at 1203.

Accordingly, the Government shall serve its privilege log within thirty days of the date of this order.  Fell may challenge specific entries on the privilege log and argue substantial need and an inability to obtain the information by other means.  The Court will then make its determination "whether the document or any portion is the type of material that should be disclosed, while retaining the authority to protect against disclosure of the mental impressions, strategies, and analyses of the [Government] concerning the litigation."  *Id.*

The Government's motions for discovery, ECF Nos. 375 and 409, are accordingly **granted in part and denied in part.**

## II.  Motion to Quash

The Vermont Department of Corrections ("DOC") moved to quash subpoenas duces tecum issued to St. Johnsbury Probation and Parole, Northeast Correctional Complex, Southeast State Correctional Facility, Marble Valley Regional Correctional

Facility and Rutland County Jail, and DOC, commanding these entities to produce DOC records related to Patrick Ryan.  ECF No. 415.  It submits that the requests for disciplinary records and progress reports, probation and parole records, and substance abuse treatment records are barred by state and federal statutes and federal regulations.  The Government has requested to join the motion to quash, and its motion to join, ECF No. 426, is **granted.**  The Government argues in addition that the information petitioner Fell seeks is relevant only to a claim that is time-barred, cumulative, immaterial, and that Fell has not shown good cause to obtain the information sought.  In the alternative, the Government seeks modification of the subpoenas to limit significantly the information sought.

### A.   Time-bar

The parties vigorously dispute whether the evidence sought relates to an entirely new claim and whether that new claim is time-barred.  The parties are also engaged in extensive briefing, not yet completed, concerning whether Fell may file an amended § 2255 petition.  Without addressing the newness or timeliness of claims made in the redacted amended petition filed October 22, 2013, the Court notes merely that the allegation that Juror 162 responded untruthfully during voir dire is not new.  The allegations regarding Juror 162's son are relevant to a determination of her credibility and to her willingness to be

untruthful during voir dire.

### B.   Cumulative

The Government argues that the information sought is unnecessary to establish Fell's claim that Juror 162 failed to answer truthfully questions pertaining to her knowledge of her son's criminal history.  At the same time, the Government argues that Juror 162 responded truthfully in her questionnaire and during voir dire, based on the information obtained to date, a point with which Fell disagrees.

What is not in dispute is that the juror's responses on the questionnaire and at voir dire were incomplete, and potentially misleading.  Fell's impeachment cross-examination of the juror during the hearing on August 15, 2013, suggested that she may either have forgotten or never known substantial portions of her son's history of involvement with the criminal justice system, substance abuse and treatment, or that she selectively omitted or avoided giving complete and truthful answers to the questions. It is Fell's burden to establish that the juror gave incomplete or dishonest answers at voir dire, and that complete and honest answers would have permitted a successful challenge for cause. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).  That the subpoenaed information may corroborate information already within Fell's possession does not render it unnecessarily cumulative and therefore beyond his reach to

13

discover.

## C.   Immaterial

The Government argues that the subpoenaed information is immaterial, because the juror would not have been struck for cause had she disclosed additional information about her son's criminal history and substance abuse.  That begs the question however.  The Government stresses that Fell bears the burden of showing that failure to be completely truthful during voir dire affected the juror's ability to be fair and impartial.  That Fell may ultimately not sustain his burden under the *McDonough* test does not preclude him from presenting his case.

## D.   Good Cause

Good cause may exist for the disclosure of certain DOC records pertaining to the juror's son.  The subpoenas however request a substantial amount of information about an individual who is only indirectly connected to Fell's § 2255 petition.  The information is relevant and discoverable only to the extent that it pertains to the issue of whether Juror 162 failed to answer honestly a material question during voir dire.  As set forth specifically below, the Court limits the information to be provided, and orders certain information to be submitted in camera in order to ensure that the disclosure is no broader than necessary to address the candor of the juror.

**E.    Statutory and regulatory requirements**

**1.    Disciplinary records and progress reports**

The DOC is required to maintain an offender's disciplinary records and progress reports in an individual file whose "content . . . shall be confidential and shall not be subject to public inspection except by court order for good cause shown."  Vt. Stat. Ann. tit. 28, § 601(10).

Fell observes that Juror 162's son was repeatedly sentenced to counseling and that disciplinary records and progress reports would indicate whether or not he was responding well to counseling.  At issue however is whether the juror was misrepresenting her son's history or recovery.  Absent a connection between the reports and the juror's knowledge, the Court cannot ascertain whether good cause exists for the production of these records.

Accordingly the Court orders that the subpoenaed disciplinary records and progress reports be produced for in camera inspection.  Only material that is relevant or could lead to relevant information will be released to the attorneys for the parties.  Relevant material may include evidence of alcohol and/or drug abuse, dates of imprisonment and records that may support findings concerning the juror's knowledge of her son's condition and dates of imprisonment.  Any released material will not be subject to public inspection except by further court order

upon a showing of good cause.

### 2.   Probation and parole records

DOC submits that it is barred from disclosing the parole or probation supervision history of a person "to anyone outside the Department other than the [sentencing] judge or the Parole Board," with certain exceptions not relevant here.  Vt. Stat. Ann. tit. 28, § 204(d).  Section 204(d) establishes that a probationer or parolee's supervision history is privileged.  The purpose of the statute is to prevent public disclosure of this information.  *See State v. LaBounty*, 702 A.2d 82, 84 (Vt. 1997).

The privilege recited here was created by state statute; neither the DOC nor the parties have suggested that it arises from common law.  As a matter of comity, this court, as a federal court accords deference to state-created privileges, but it is not bound by them.  *United States v. One Parcel of Property Located at 31-33 York St.,* 930 F.2d 139, 141 (2d Cir. 1991); *see* Fed. R. Evid. 501.  That deference must yield when outweighed by a federal interest.  *One Parcel*, 930 F.2d at 141.  The federal interest here is in ascertaining whether a federal death sentence was properly imposed.

Fell argues that the documents may reveal the extent to which Juror 162 was aware of her son's involvement with probation and parole officers during voir dire and just prior to that time period; whether Juror 162 was involved or participating in her

16

son's programs or treatment; and the extent of her knowledge of his treatment for substance abuse.

As set forth above, however, absent a connection between the reports and the juror's knowledge, the Court cannot ascertain whether good cause exists for the production of these records. Accordingly, the Court orders that the subpoenaed probation and parole records be produced for in camera inspection.  Only material that is relevant or could lead to relevant information will be released to the attorneys for the parties for their use only, and must be returned to the Court at the close of the case.

### 3.    Substance abuse treatment records

Section 290dd-2 of Title 42, United States Code, provides that substance abuse treatment records, with certain exceptions not relevant here, are confidential, and may not be disclosed except as authorized by the statute.  Among other circumstances, the statute permits a court of competent jurisdiction to authorize disclosure for good cause.  42 U.S.C. § 290dd-2(b)(C). "In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services."  *Id.*

Before an order may issue authorizing the disclosure of alcohol or drug abuse patient records, an application must be filed pursuant to 42 C.F.R. § 2.64.  Fell acknowledges that he

has not followed the appropriate procedures set forth in the statute and regulation, which must among other things guard against disclosure of the patient's identity and provide the patient with notice and an opportunity to respond to the request. 42 C.F.R. § 2.64(b).

The Court **grants** the motion to quash the subpoenas to the extent they command the production of substance abuse treatment records.  Fell may submit an application for such records that conforms with statutory and regulatory requirements.

DOC's Motion to Quash Subpoenas, ECF No. 415, is therefore **granted in part and denied in part**.  The portion of the subpoenas duces tecum directing the production of substance abuse records is quashed.  The portions of the subpoenas duces tecum directing the production of disciplinary records and progress reports and probation and parole records is modified to require the production of these records to the Court for in camera review. Upon review and for good cause shown, the Court will release records that may have a bearing on the juror misconduct issue before the Court.

Dated at Burlington, in the District of Vermont, this 19th day of December, 2013.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge

18