UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
----------------------------------------------------------------------- X
                                                                        :
DONALD FELL,                                                            :
                                                                        :
                          Movant,                                      :
                                                                        :            2:01-CR-12-01
                       - against -                                     :
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                          Respondent.                                  :
                                                                        :
                                                                        :
----------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DONALD FELL'S MOTION FOR IN CAMERA REVIEW OF JOHN DOE'S SUBSTANCE ABUSE TREATMENT RECORDS PURSUANT TO 42 C.F.R. § 2.64**

Movant Donald Fell respectfully submits this memorandum in support of his request, pursuant to 42 C.F.R. § 2.64, that the Court conduct an in camera review of the substance abuse treatment records of John Doe from the Vermont Department of Corrections, Maple Leaf Farm Associates, Inc., and Pine Street Counseling (formerly known as Champlain Drug and Alcohol Services).

I.      Mr. Fell Has Good Cause to Warrant Disclosure of John Doe's Treatment Records

The federal statute under which 42 C.F.R. § 2.64 is promulgated details the standard applicable to this motion:

> [T[he content of such records may be disclosed . . . [i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause thereof . . . .  In assessing good cause, the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services.

42 U.S.C. § 290dd-2(b)(2)(C).

In order to satisfy the "good cause" standard, Mr. Fell must show that: "(1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services."  42 C.F.R. § 2.64(d).

A.    Other ways of obtaining John Doe's substance abuse treatment history would not be effective

In this case, there are no effective alternatives to learning the extent of Juror #162's knowledge of Mr. Doe's substance abuse treatment other than from the records themselves.  When asked about her son's history with substance abuse, treatment, and related contact with the criminal justice system, Juror #162 has sworn both at voir dire and in open court that she is only aware that her son was treated for alcohol abuse (as opposed to other substances), that this treatment was isolated, and that any related contact with the criminal justice system was limited to isolated events 16 years prior to voir dire.  The Government and Juror #162 maintain that Juror #162 was honest at voir dire and in her testimony.

Mr. Fell has uncovered facts proving that Juror #162's son's history of substance abuse treatment is far more extensive than Juror #162 disclosed.  Mr. Fell has also uncovered facts demonstrating that Juror #162 was aware of far more of this history than she disclosed at voir dire or testified to in court on August 15, 2013.  For example, when Juror #162's son was arrested for his fourth DWI in 2001, merely four years before voir dire, cocaine, marijuana, and fourteen alcohol containers were found in his car, and Juror #162's son was referred to the Intensive Substance Abuse Program as a result of his conviction.  Juror #162 was living in an apartment adjoining John Doe at the time of this conviction and sentencing, and did not report this substance abuse treatment or this resulting contact with the criminal justice system.  In addition, Juror #162 has herself reported to the press that her son underwent drug abuse

2

treatment at her insistence, contrary to Juror #162's disclosures at voir dire.  Indeed, John Doe's

criminal and other court records show repeated (and unsuccessful) substance abuse treatment,

problems not only with alcohol but with many different substances, and near-constant contact

with the criminal justice system resulting from these problems.  Juror #162's answers at voir dire

and testimony at the hearing on August 15, 2013 omitted nearly all of this information.

Notwithstanding that Mr. Fell can already prove that these omissions and

misstatements by Juror #162 were knowing and intentional, without review of John Doe's

substance abuse treatment records, the parties and the Court may not be aware of the full extent

of Juror #162's misstatements and omissions.  Moreover, "[t]hat the subpoenaed information

may corroborate information already within Fell's possession does not render it unnecessarily

cumulative and therefore beyond his reach to discover."  Mem. & Order re: Discovery, Dkt. No.

458 at 13-14 (Dec. 19, 2013).  Accordingly, John Doe's substance abuse treatment records –

which are likely to both corroborate facts already known to Mr. Fell and contain unique

information – should be subject to in camera inspection to ascertain whether good cause exists

for discovery of the information contained therein.

B.    <u>The public interest and need for the disclosure outweigh the potential
      injury to the patient, the physician-patient relationship and the treatment
      services</u>

In this case, there is a compelling public interest in justice for Mr. Fell.  Mr. Fell

is under a sentence of death, and he has an exceptionally urgent need to protect his opportunity

for the full and fair airing of the facts in support of his juror misconduct claim.  The Court has

recognized this interest.  *See* Mem. & Order re: Discovery at 16 ("The federal interest here is in

ascertaining whether a federal death sentence was properly imposed.").  "[T]he penalty of death

is qualitatively different from a sentence of imprisonment, however long . . .  Because of that

qualitative difference, there is a corresponding difference in the need for reliability in the

determination that death is the appropriate punishment in a specific case." *United States v.*

*Sampson*, 820 F. Supp. 2d 151, 157 (D. Mass. 2011).   Mr. Fell has a compelling interest in a full

review of his claims that cannot be protected if the discovery of important information material

to one of his claims is obstructed.

The requested records are relevant and material to the inquiry into whether Juror

#162 intentionally lied and omitted information at voir dire, rendering her answers materially

misleading with respect to critical questions directed towards her suitability as a juror in Mr.

Fell's capital case.  As described above, Mr. Fell has already developed evidence demonstrating

that Juror #162's answers on voir dire were inaccurate, and that Juror #162's omissions and

misstatements were deliberate.  Mr. Fell's compelling interest in uncovering the extent to which

Juror #162 lied at voir dire, and whether truthful answers would have supported a challenge for

cause, will be served through in camera inspection of John Doe's substance treatment records

and disclosure to the parties of any information responsive to Mr. Fell's claim.

The need for this information greatly outweighs the injury to the patient, to the

physician-patient relationship, and to the treatment services.  Mr. Fell intends to take every

precaution required by law to protect the patient from injury.  Mr. Fell is asking for disclosure of

records for use only in this proceeding, *see Doe v. Marsh*, 899 F. Supp. 933, 935 (N.D.N.Y.

1995), and Mr. Fell intends to file any documents obtained through this application under seal.

*See* 42 C.F.R. § 2.64(e)(3).  In addition, the records sought relate to treatment that occurred years

in the past.  Finally, the Vermont Department of Corrections has offered no reason why the

treatment services would be harmed by discovery of the records sought, and the narrowly-

tailored scope of the request suffices to protect this interest.  The precautions taken by the Court

4

with respect to disciplinary records, progress reports, and probation and parole records are more than sufficient to ensure that only information as to which Mr. Fell has good cause will be discovered, and that any information relevant to Mr. Fell's claim will be released only to the extent necessary for Mr. Fell to support his claim before the Court.

For the foregoing reasons, Mr. Fell respectfully requests that the Court conduct an in camera review of John Doe's substance abuse treatment records from the Vermont Department of Corrections, Maple Leaf Farm Associates, Inc., and Pine Street Counseling (formerly known as Champlain Drug and Alcohol Services).  In the alternative, Mr. Fell respectfully requests that the Court grant him a hearing on the matter.  *See* 42 C.F.R. § 2.64(c) (authorizing the court to conduct a hearing on the application).

RESPECTFULLY SUBMITTED,

Dated:  December 27, 2013
Burlington, Vermont

/s/ Richard Rubin

RICHARD RUBIN
Rubin, Kidney, Myer & DeWolfe
237 N. Main Street
Barre, Vermont, 05641-4125
(802) 479-2514
Fax: (802) 479-2516

Dated:  December 27, 2013
New York, New York

/s/ Lewis J. Liman

LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

Dated:  December 27, 2013
New York, New York

/s/ Cathleen Price

CATHLEEN PRICE
P.O. Box 321762
New York, New York 10032
(212) 998-6193

*Counsel for Donald Fell*