IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DONALD FELL,             )
                         )
          *Petitioner*,     )
                         )
v.                      )     **Civil Case No.**
                         )     **Criminal Case No. CR-01-12-S**
UNITED STATES OF AMERICA  )
                         )
         *Respondent.*    )
_____ )

**GOVERNMENT'S MOTION REGARDING SCOPE OF HEARING**

**COMES NOW**, Respondent, the United States of America, by and through the undersigned counsel, and, pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, respectfully moves the Court as follows:

On March 21, 2011, Fell filed a timely 2255 Petition. Among other things, Fell claimed that three of the jurors at his trial engaged in misconduct. On December 22, 2011, the Government filed its Response in Opposition to the 2011 2255 Petition, seeking summary dismissal of all claims. Specifically, the Government sought dismissal of the juror claims, arguing that Fell defaulted by failing to raise them during the criminal case, and that counsel violated Fed. Rule of Evid. 606(b) by interviewing jurors about their deliberations and submitting evidence of juror statements about juror deliberations. Rule 606(b), the Government argued, barred the evidence from consideration by the Court.

As to the individual claims, the Government urged that Juror 162's childhood sexual abuse took place approximately 50 years before Fell's trial, and there was no reason to suspect that she deliberately concealed this fact during voir dire, particularly since she had freely discussed it with Fell's counsel. In any event, the new information about Juror 162 did not

support a finding of bias that would have warranted a challenge for cause at the 2005 trial – in fact, Juror 162's statements, both during voir dire and during her interview with 2255 counsel years later, reflect a conscientious and impartial juror. "Amended Opposition of the United States to Fell's § 2255 Motion," filed December 21, 2011, pp. 318-25.

In addition to the formidable Rule 606(b) bar to the claims involving Juror 143, the Government pointed out that any Rutland observations made during trial were merely cumulative, since a series of photographs of the Robbins Street apartment and the Price Chopper location were introduced into evidence at trial. Moreover, the shotgun allegation, even if true, did not support a claim that Juror 143 coerced any other juror to change her vote.

As to Juror 26, the Government disclosed that a records check revealed a 1994 DUI misdemeanor violation, in addition to the mid-1990s unlawful mischief misdemeanor conviction cited by Fell. Nonetheless, the Government urged that non-disclosure of two minor infractions committed nearly a decade before trial, and media exposure years before trial, did not support an inference of deliberate deceit, and would not have served as grounds for a challenge for cause.

On August 20, 2012, Fell filed a "Reply to the Government's Amended Opposition to Motion of Donald Fell for Collateral Relief, to Vacate, Set Aside, or Correct Sentence, and for a New Trial Pursuant to 28 U.S.C. § 2255," Dkt. No. 358, wherein he reiterated the 2011 2255 juror claims.

The Court's May 10, 2013, "Memorandum Opinion and Order: Claim XXII: Juror Misconduct," declined to dismiss summarily Fell's juror claims. The Court observed that Juror 162's statement that her childhood sexual abuse "didn't turn me into a murderer," "suggests that this juror might not have been able to fairly and impartially consider evidence of childhood

sexual abuse as a mitigating factor in a capital trial." *Id*. at 8-9.  As to Jurors 162, 26 and 143 generally, the Court found that more information was necessary prior to deciding whether a full evidentiary hearing was needed on the claims set forth in Fell's March 2011 Petition.  The Court scheduled and held inquiries in August (Jurors 162 and 143), and September (Juror 26), 2013, wherein the jurors were summonsed and testified.

Prior to the inquiry, the Government moved the Court to require 2255 counsel to provide discovery regarding the allegations of juror misconduct.  The Court declined the request in a July 23, 2013, phone conference with counsel.

This Court held preliminary inquiries of the jurors subject to Fell's March 2011 claims in August and September, 2013.

On October 22, 2013, over two and half years after the filing of his 2011 2255 Petition, and after the Government had responded to his 2255 Petition, and the Court had held preliminary inquiries, Fell moved for leave to amend and add a host of new claims of juror misconduct.  Dkt. No.  419.  The Government opposed Fell's motion for leave to amend and add new claims on the grounds that the same were time-barred.  Dkt. No. 440.  Fell replied to the Government's opposition on December 13, 2013.  Dkt. No. 449.

The Court has not ruled on the Petitioner's Motion for Leave to Amend his 2255 Petition. Therefore, the only claims that are ripe for an evidentiary hearing, pursuant to Rule 8(a), are those set forth in Petitioner's March 2011 2255 Petition.  The Government submits that the upcoming hearing must then be limited to the claims raised in that Petition.  Notwithstanding, from the Petitioner's letter to the Court yesterday, February 24, 2014, regarding the scope of the

hearing, it is apparent that he is making no distinction between the claims made in his original March 2011 Petition, and those sought to be added through his proposed amended petition.

However, the Rules following § 2255 place an affirmative duty upon this Court to "review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing Section 2255 Proceedings in the United States District Courts; *see* Mot. at 1. The rule creates a duty that arises after the government's responsive pleading is filed. *See Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (noting court's obligation to exercise discretion).

Thus, even if Fell were to be granted leave to amend, the Court cannot now determine if the answer to Fell's proposed amended petition, which has not been filed, creates any factual conflicts that will require resolution through evidentiary development.  Furthermore, the government has not had an opportunity to show that relief should not be granted even if Fell can prove his factual allegations. *See United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

Wherefore, the United States respectfully requests that the evidentiary hearing scheduled

for March 18-20, 2014, be limited to the claims set forth in Fell's March 2011 2255 Petition.

Dated at Burlington, in the District of Vermont, this 25th day of February, 2013.

Respectfully submitted,

UNITED STATES OF AMERICA

By:    *s/Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
Trial Attorney, Criminal Division
U.S. Department of Justice
1000 Lafayette Blvd.
Bridgeport, CT  06604
(203) 696-3027
Jacabed.rodriguez-coss@usdoj.gov


WILLIAM B. DARROW
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following all counsel of record.

By:    *s/Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice