UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

------------------------------------------------------------------- X

DONALD FELL,

                Movant,

          - against -

UNITED STATES OF AMERICA,

            Respondent.

------------------------------------------------------------------- X

2:01-CR-12-01

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL DONALD FELL'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c) FOR A PROTECTIVE ORDER TO TAKE A DEPOSITION UNDER SEAL AND SEAL DEPOSITION TRANSCRIPT AND SUPPORTING MEMORANDUM OF LAW AND EXHIBITS

Movant Donald Fell respectfully submits this memorandum in support of his request, pursuant to Local Rule 5.2 of the United States District Court for the District of Vermont, to file under seal his Motion Pursuant to Federal Rule of Civil Procedure 26(c) for a Protective Order To Take a Deposition Under Seal and Seal Deposition Transcript and Supporting Memorandum of Law and Exhibits.

The standards applicable to this motion are well-settled. Private information should be shielded from public disclosure where the public's presumptive right of access is outweighed by a compelling interest in favor of confidentiality and the document at issue is not central to the public's understanding of the disposition of the case. In weighing the public right of access against the privacy interests present in a case, the Second Circuit has instructed that courts should consider: 1) the degree to which the subject matter is traditionally considered

private rather than public, as customarily private matters will weigh more heavily against access than those affecting a substantial portion of the public; and 2) the sensitivity of the information and the subject. United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995). In particular, "the privacy interests of innocent third parties…should weigh heavily in a court's balancing equation." Id. Further, the weight accorded to the presumption of public access to court records is influenced by where that material falls on a "continuum" of relevance to a court's basis for a decision. Id. at 1049. "Where such documents are usually filed with the court and are generally available, the weight of the presumption [of access] is stronger than where filing with the court is unusual or is generally under seal." Id. at 1050.

The materials Mr. Fell seeks to seal contain private and sensitive information related to nonparties to this case, including the name of, and information regarding, an individual who fears for the personal safety of her and her family based upon her testimony in this case. This individual is scheduled to give deposition testimony pursuant to Federal Rule of Civil Procedure 45 on Thursday, March 6, 2014.

For the foregoing reasons, Mr. Fell respectfully requests that the Court enter the attached Proposed Order to file under seal Mr. Fell's Motion Pursuant to Federal Rule of Civil Procedure 26(c) for a Protective Order To Take a Deposition Under Seal and Seal Deposition Transcript and Supporting Memorandum of Law and Exhibits.

RESPECTFULLY SUBMITTED,

Dated:  February 22, 2014
New York, New York

LEWIS J. LIMAN
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2550
Fax: (212) 225-3999

*Counsel for Donald Fell*