**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

DONALD FELL,                          )
                                      )
               *Petitioner*,          )
                                      )
v.                                    )        **Civil Case No.**
                                      )        **Criminal Case No. CR-01-12-S**
UNITED STATES OF AMERICA              )
                                      )
               *Respondent.*          )
_____        )


**GOVERNMENT'S EXPEDITED MOTION TO COMPEL**
**CONTINUATION OF DEPOSITION**


**COMES NOW**, Respondent, the United States of America, by and through the

undersigned counsel, and, respectfully moves the Court as follows:

Introduction

On March 6, 2014, the Government took the deposition of Beth Bochnak, Fell's jury

selection expert.   Fell's counsel obstructed the entire deposition by objecting no less than 185

times in approximately three and half hours, averaging almost an objection per minute.

Moreover, Fell's counsel repeatedly instructed Ms. Bochnak not to answer questions, asserting a

work-product privilege.  At other times Fell's counsel limited Ms. Bochnak's responses to only

Juror 162, or Jurors 143 and 26, not allowing Ms. Bochnak to respond to general questions

regarding the jury selection process.  In addition, during the deposition it became evident that not

all of Ms. Bochnak's work product had been produced as requested.  Hence, the Government

hereby moves to compel Fell to make Ms. Bochnak available again to complete her deposition

and to produce all responsive documents to the Government's discovery requests.

On March 21, 2011, Fell filed a timely 2255 Petition.  Among other things, Fell claimed that three of the jurors at his trial engaged in misconduct.  The Court's May 10, 2013, "Memorandum Opinion and Order: Claim XXII: Juror Misconduct," declined to dismiss summarily Fell's juror claims.  As to Jurors 162, 26 and 143 generally, the Court found that more information was necessary prior to deciding whether a full evidentiary hearing was needed on the claims set forth in Fell's March 2011 Petition.  The Court scheduled and held inquiries in August (Jurors 162 and 143), and September (Juror 26), 2013, wherein the jurors were summoned and testified.

The Government moved the Court to require Fell to provide discovery regarding the allegations made in his 2255 Petition.  On December 19, 2013, this Court issued an Order authorizing certain discovery by the Government in this case.  The Court stated, in relevant part,

**C. Depositions of experts**

    The parties have apparently agreed to depositions of
    postconviction experts for both sides. Fell has agreed to
    produce his trial experts for depositions to begin no
    earlier than January 2014.

No limitation was placed on the depositions to be conducted, and Fell did not file any motion for clarification of the Court's Order.  The only agreement by the parties prior to beginning the current depositions was that the same would relate only to the juror misconduct claims, which are scheduled for an evidentiary hearing on March 18-20, 2014.  The proposed deposition was discussed by the parties in anticipation of this hearing, and no objection or limitation was raised by Fell.

Notwithstanding, from the outset, Fell obstructed the Government's efforts to conduct a full deposition of Ms. Bochnak regarding the jury selection process in United States v. Donald

Fell.  For example, when the Government asked at the beginning of the deposition whether Ms. Bochnak had assisted with the drafting of the questionnaire, Fell objected.

> Q    So did you provide the first draft of that questionnaire?
>
> MR. BUELL:  I'm going to object to your -- I do think we have a standing position that Ms. Bochnak's work product, in as far as it doesn't pertain to the four jurors as to which we made claims, it continues to be protected.
>
> MS. RODRIGUEZ-COSS:  Okay.  So, noted.
>
> Q    Did you draft the first questionnaire?
>
> MR. BUELL:  I'm not just putting it on the record.  I'm going to instruct her not to answer any questions that I think violate a continuing work product protection.

Transcript, Deposition of March 6, 2014, p. 13.  The above exchange was characteristic of the entire deposition with Fell's counsel instructing the witness when to assert a privilege (though the indication was clear that they did not legally represent the witness), when not to answer a question, and how to limit her responses.  Fell's counsel repeatedly instructed the witness to limit her responses to jurors 162, 143 and 26.

> Q    And this particular jury questionnaire was completed by Juror 162 and for purposes of the deposition, we will be referring to her by her number.
>
> A    That's fine.
>
> Q    What input did you have in the drafting of the questionnaire, if any?
>
> MR. BUELL:  So, again, if you can answer that question without revealing your work product in this case, that's okay.  But if it does reveal your work product in this case, then I instruct you not to answer.
>
> A    Okay.  I won't answer then.

Id. at pp. 17-18.  Similar obstruction continued throughout the deposition, with Fell objecting to almost every question posed either for form or content.  See, e.g., Transcript of Deposition which

is being submitted to the Court in camera, pp. 42-56.  As a result the Government was denied its

right to discovery.

> [T]he deposition-discovery rules are to be acorded a broad and liberal treatment.  No longer can the time-honored cry of "fishing expedition" serve to preclude a party from nquiring into the facts underlying his opponent's case.  Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession.

Hickman v. Taylor, 329 U.S. 495, 507 (1947).  The questions put to Ms. Bochnak by the

Government were germane to the jury selection process in this case, relevant to the

Government's defense theory against Fell's juror misconduct claims and thus properly within the

scope of discovery.  They should have been answered.  Moreover, the action of Fell's attorney in

directing the deponent not to answer was highly improper.  It is well settled that any objection

during a deposition must be stated concisely and in a non-argumentative manner.  7 J. Moore,

Moore's Federal Practice, at SP30-1.

While a deponent may be instructed not to answer a question to preserve a privilege, the

claim that the questions posed by the Government infringed on the deponent's attorney work

product was absurd as her entire testimony is covered by the attorney work product.  Such

privilege is now foreclosed given Fell's assertion of his juror misconduct claims and, in

accordance with the Court's Order, making the witness available for deposition.  Fell cannot

simultaneously maintain his claim, yet selectively seek to foreclose inquiry into defense-

controlled information that clearly relates to the claim, especially given that essentially all

defense-possessed information on the issue can be portrayed as work product.  No conditions

were placed on the proposed deposition when it was agreed to.  As a result the Government was

prejudiced as it had no opportunity to litigate the objections advanced during the deposition before its taking.

More importantly, it is not correct that general information about the jury selection process in this case is not relevant to the issues the court will consider during the March 18-20 hearing.  The selection of the jurors in this case did not occur in a vacumm.  General questions about the jury selection process will inform the Government's defense to Petitioner's claim.

During the deposition the Government repeatedly asked Fell's counsel to reconsider their position to no avail.  Rule 7 of the Local Rules for the District of Vermont.

> MR. BUELL:  You can ask her about the jurors as to which we made claims.  It is our position that her work product and the attorney-client privilege associated with that and trial counsel's work product isn't waived outside of those jurors.  Our position is that it isn't waived with respect to those jurors, but we are willing to let you explore those.

Id. at p. 16.  Fell's attorney in fact requested a break so that he could instruct the witness on the limitations that would bear on her responses.  Id. at 34-38.

The Government should be permitted to complete its deposition, unobstructed by counsel for Petitioner.  Indeed, the deposition of Gene Primomo was taken today, in Rutland, Vermont by Assistant U.S. Attorney Bill Darrow, with Mr. Richard Rubin representing Fell, and no such objections were raised.

Given that the delay in the completion of the deposition was due to bad faith on Petitioner's counsel's part, Petitioner should cover any expenses related to the completion of said deposition. Fed.R.Civ.P. 30(d)((2).  See also 7 J. Moore, Moore's Federal Practice, at SP30-1 ("If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate

sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.").

Furthermore, it became evident during the course of the deposition that Petitioner has not complied with his discovery obligations. During the course of the discovery process in this case, the Government had requested the work-product of Ms. Bochnak, which was not entirely produced. During the deposition the Government requested Ms. Bochnak's invoices. These documents are relevant to determine the extent of Ms. Bochnak's work in this case. For example, throughout the deposition Ms. Bochnak alleged not to remember a number of things because the trial took place 9 years ago.

Q    There are cases where you might have drafted the jury questionnaire? If the trial counsel had asked you to do it, that would be a service that you would provide?

MR. BUELL:  Object to the form of that question.

A    If we're just talking about the Fell case, which is what I thought we were talking about, I don't remember what my input may have been --

Q    The extent of your input.

A    -- on this.

MR. BUELL:  Just let her finish the answer.

THE WITNESS:  That's all.

Q    You don't remember the extent of your input into the jury questionnaire?

A    Yeah.

Q    Or if you had any input?

A    I just don't remember.

Id. at pp. 24-25.  Ms. Bochnak's invoices may provide some of the information that Ms.

Bochnak was unable to recollect.

Similarly, Fell screened the work product of Ms. Bochnak and provided only what he

understood was relevant.

> Q    So you did not provide them with all of your work in this case?  You did a screening ahead of time?
>
> MR. BUELL:  You can answer that.
>
> A    No, I gave them my binder that had all the jurors on it.

Id. at p. 31.  Unless the Government is permitted to review the jury selection experts work

product, we cannot determine whether there is additional information that may inform the

Government's defense to Petitioner's claim.

In addition, it appears that no review of any electronic files of the jury selection expert

was conducted.

> Q    Have you looked -- reviewed your electronic files to identify whether there may be any electronic files that are responsive to our discovery requests that may be -- may have been
> preserved by you electronically and not on paper?
>
> MR. BUELL:  So you are asking if they are responsive to the request for work product as it pertained to Juror 162?
>
> MS. RODRIGUEZ-COSS:  For now, I will ask that question, but I don't believe our discovery questions were limited to 162, but for now I will ask that question.
>
> BY MS. RODRIGUEZ-COSS:
>
> Q    Have you reviewed your electronic files to determine whether there is any additional work product pertaining to the U.S. v. Donald Fell case regarding 162, 26, 143, or 27 that may have been preserved by you electronically but for which you may not have a paper copy of in your files?
>
> A    I don't know.

Id. at pp. 40-4.  Clearly, a search of the expert's electronic files is important to determine whether there are any documents that were preserved electronically, which are responsive to the Government's discovery requests.

In addition, Petitioner has produced a number of tables prepared by the jury selection expert that were heavily redacted to the point that not even Ms. Bochnak could understand them.

> MS. RODRIGUEZ-COSS:  Okay.  Let me mark what has been identified as   Government Exhibit 14 and I don't know how to identify this different from any of the other ones you gave me.  It has 00060960.  (Document Bates-stamped TRIALCOUNSEL00060960 through TRIALCOUNSEL0006975 was marked as Government's Exhibit 14 for identification, as of this date.)
>
> BY MS. RODRIGUEZ-COSS:
>
> Q    Do you recognize that document?
>
> A    It's a little hard to recognize it in its current situation, but ...
>
> Q    I know.  That's all I got, though.
>
> A    I recognize it.  I'm not sure what this is.
>
> Q    What do you recognize?
>
> A    Well, I see the juror's name.

Id. at 83-84.  The Government requests unredacted copies be produce prior to the continuation of the deposition so that we can properly formulate questions in that regard.

Thus, the Government requests that it be allowed to complete the deposition of Ms. Bochnak, without further objections and interruptions, and after the following documents have been produced.

A.  Invoices

B.  Any responsive electronic files

C.  Unredacted tables, including the Petitioner's strike list

Wherefore, the United States respectfully requests that this Court compel Fell to once again produce his trial jury selection expert for deposition, produce the documents requested orally on March 6, 2014.  Further, the Government requests that Fell be made to cover the costs of the continuation of the deposition.

Dated at Burlington, in the District of Vermont, this 11th day of March, 2013.

Respectfully submitted,

UNITED STATES OF AMERICA

By:      s/Jacabed Rodriguez-Coss
         JACABED RODRIGUEZ-COSS
         Trial Attorney, Criminal Division
         U.S. Department of Justice
         1000 Lafayette Blvd.
         Bridgeport, CT  06604
         (203) 696-3027
         Jacabed.rodriguez-coss@usdoj.gov

         s/William B. Darrow
         WILLIAM B. DARROW
         Assistant U.S. Attorney
         P.O. Box 570
         Burlington, VT 05402-0570
         (802) 951-6725
         Bill.Darrow@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following all counsel of record.

By:    *s/Jacabed Rodriguez-Coss*
         JACABED RODRIGUEZ-COSS
         Trial Attorney
         U.S. Department of Justice