IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DONALD FELL,
       *Petitioner*,

v.                                                     Criminal Case No. CR-01-12-S

UNITED STATES OF AMERICA,
       *Respondent*.

GOVERNMENT'S REPLY IN SUPPORT OF EXPEDITED MOTION TO COMPEL
CONTINUATION OF DEPOSITION

COMES NOW, Respondent, the United States of America, by and through undersigned

counsel and Replies as follows to Movant Donald Fell's Opposition to the Government's

Expedited Motion to Compel Continuation of Deposition (Doc. 480):

As set forth in the Government's Motion to Compel the Continuation of Beth Bochnak's

Deposition, counsel for Fell unduly obstructed the questioning of the witness and produced

documents redacted to a degree clearly intended to prevent their use in examining the witness.

Doc. 476.  In opposition, Fell argues that the request for information concerning the thought

processes of trial counsel and their jury consultant is irrelevant, because the defense team's

tactics would not inform the test for jury misconduct at issue in this case.  He also contends that

he provided documents, and permitted deposition responses, within the scope of attorney work

product privilege he believes he has impliedly waived in this case.  Doc. 480.  Fell's arguments

misconceive the claim at issue, the goals of discovery and the scope of applicable privilege.

"Although not unlimited, relevance, for the purpose of discovery, is an extremely broad

concept."  *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *see also Oppenheimer Fund,*

1

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It "encompass[es] any matter that bears on, or that could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc.*, 437 U.S. at 351. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

During discovery, an objecting party "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive." *Tourtelotte v. Anvil Place Master Tenant*, LLC, No. 3:11CV1454, 2012 WL 5471855, at *1 (D. Conn. Nov. 9, 2012) (quoting *In re Priceline.com Inc. Securities Litigation*, 233 F.R.D. 83, 85 (D.Conn.2005)). Likewise, general claims of privilege are inadequate responses to a discovery request. *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).

Since at least 1888, the Supreme Court has observed "[t]he rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." *Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003) (citing *Hunt v. Blackburn*, 128 U.S. 464 (1888)). The rule precludes "a party from using the privilege as both a shield and a sword." *Bittaker*, at 719 (citing, inter alia, *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.1992)). Practically speaking, parties may not "abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Id*.

In this case, the perceptions and opinions of Fell's trial attorneys and jury consultant are highly relevant, despite any argument that they do not speak to the applicable test for juror misconduct. To demonstrate juror misconduct meriting relief, Fell must establish that a panel

2

member "failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *see United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002). The test therefore simply presumes that more complete or accurate information would provide counsel with a motive to seek a venire member's excusal. *See McDonough*, at 556.

Here, however, the government believes that Fell's trial counsel had a motive not to inquire too deeply about the substance abuse and criminal history issues of juror 162's son. Highlighting those issues would have likely prompted the government to strike a panelist out of a concern that she would empathize with Fell. *See e.g., McGee v. Kirkland*, 506 Fed. Appx. 588, 590 (9th Cir. 2013) (observing, "Although the prosecutor accepted some jurors whose relatives had been convicted of crimes, prosecutors often attempt to ensure that juries have few, if any, such individuals"); *e.g., Harris v. Sheets*, 489 Fed. Appx. 69, 72 (6th Cir. 2012); *United States v. One Feather*, 465 Fed. Appx. 577, 579 (8th Cir. 2012). Were that the case, strict adherence to a theoretical application of the *McDonough* test would unfairly permit Fell to maintain the fiction that he would have sought the excusal of juror 162 had she responded more completely to voir dire. Such a legalistic analysis would subvert the "strong presumption . . . against setting aside jury verdicts based on charges of juror misconduct." *United States v. Greer*, 998 F. Supp. 399, 405 (D. Vt. 1998) (citing *Tanner v. United States*, 483 U.S. 107, 120 (1987)). Indeed, it would permit Fell to take inconsistent positions between trial and his § 2255 action, seeking relief on an error he essentially invited. *See Druery v. Thaler*, 647 F.3d 535, 545 (5th Cir. 2011) (noting the application of the invited error doctrine on collateral review).

During Ms. Bochnak's deposition Fell unreasonably asserted that any question that was not narrowly confined to a few specific jurors trenched on his work product privilege.[1]  But the privilege must give way to the extent necessary for the government to fairly meet his claim, not simply by express reference to individuals named in the claims.  *See Bittaker*, 331 F.3d at 719. Fell's narrow conception of the privilege precludes the government from testing the veracity, consistency and reasonability of the witness's responses.  *Cf. United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (holding that fairness provides the barometer by which courts measure the waiver of privilege).  Fairness demands that the government have the opportunity to test with evidence that fully demonstrates whether juror 162 would have been subject to a motion to strike.  Fell frustrates the government's right of fair response by insisting that his privilege waiver is confined to statements that expressly refer to specific jurors.  He makes no effort to demonstrate why those responses alone would adequately permit the government to respond, nor could he make such a showing.  The jury selection did not occur in a vacuum, and the government requires broader knowledge of the trial team's strategies to determine whether it would have challenged juror 162 under any circumstances.

Fell also contends that further discovery would not profit the government's case because Ms. Bochnak and trial counsel have both testified that they did not want juror 162 on the jury and that she did not have characteristics that they viewed favorably.  Fell's argument ignores the fact that his limitations on discovery deprived the government of the ability to test the veracity of the deposition responses.  Without the ability to compare the treatment of similarly-situated jurors or to have access to the general precepts that guided the defense strategy, the government must simply accept the deponent's responses at face value.  This state of affairs may satisfy Fell,

---

[1]  It should be noted that no such limitations were placed on the deposition testimony of either trial counsel.

but it does not satisfy the requirement that the government have access to information necessary to meet his claim fairly.

Fell's argument ignores the witnesses' concessions that juror 162 actually did possess attractive traits from the defense perspective.  For instance, Ms. Bochnak conceded, "[I]t was in her favor that she -- her son was -- had his life changed for the best through an intervention from what she described as the Department of Corrections plus intensive therapy."  Tran., Deposition of March 6, 2014, p. 134.  Indeed, Ms. Bochnak's handwritten note to counsel (Ex. A), suggests she had questions about the juror's son's criminal history that counsel declined to ask, presumably to avoid alerting the government to the issue.  One attorney, Mr. Pimomo , stated that he did not place much stock in juror 162's opinion that exposure to the correctional system had rehabilitated her son because his crimes were not, as he understood it, especially serious (Tran., Deposition of March 11, 2014, pp. 36-37), suggesting the juror might have been more attractive to the defense had it understood the son to have a more extensive criminal record.

Moreover, Fell's redactions render his document disclosures nearly meaningless, depriving them of the context necessary for understanding.  Indeed, as noted in the Motion, Ms. Bochnak had difficulty even recognizing, much less interpreting, one of the redacted records.  *See* Doc. 476 at 8 (quoting Tran., Deposition of March 6, 2014, pp. 83-84).  In attempting to excuse his redactions, Fell does not demonstrate that they fairly permit a response to his claims.  *Cf. Bittaker*, 331 F.3d at 719.  Rather, he argues that the government did not raise the issue sooner.  His answer is a non sequitur: it does not show the government has waived any right through the timing of this request, nor does it establish that his redactions have not deprived the documents of the meaning necessary to respond fairly to his claims.

**CONCLUSION**

Based on the foregoing reasoning and authority, the government respectfully urges this Court to grant its motion to compel the continuation of the deposition of Beth Bochnak.

Wherefore, the United States respectfully requests that this Court compel Fell to once again produce his trial jury selection expert for deposition and produce the documents requested orally on March 6, 2014. Further, the Government requests that Fell be made to cover the costs of the continuation of the deposition.

Dated at Burlington, in the District of Vermont, this 21st day of March, 2014.

Respectfully submitted,
UNITED STATES OF AMERICA


TRISTRAM J. COFFIN
United States Attorney


By:     /s/ Jacabed Rodriguez-Coss
JACABED RODRIGUEZ-COSS
Trial Attorney
U.S. Department of Justice
1000 Lafayette Blvd.
Bridgeport, CT  06604
(203) 696-3027
Jacabed.rodriguez-coss@usdoj.gov


/s/ William B. Darrow
WILLIAM B. DARROW
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Respectfully submitted,

By:     /s/ William B. Darrow
        WILLIAM B. DARROW
        Assistant U.S. Attorney