UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 2:01-cr-12 |
| | : | |
| DONALD FELL, | : | |
| | : | |
| Defendant-Movant. | : | |

**Memorandum Opinion and Order: Motion to Compel**

In the course of this Section 2255 proceeding, the parties have been engaged in hearings and discovery regarding Donald Fell's claims of juror misconduct. The government recently deposed Fell's jury consultant, and now moves to compel the continuation of the deposition, arguing that work product objections barred it from obtaining discoverable information. Following review of the parties' submissions on the government's motion, the motion to compel is **granted in part** and **denied in part**.

## I.  Background

The Court previously ruled that Fell's allegations of juror misconduct warranted "further investigation," and that it would conduct a "limited inquiry" with respect to three of the juror's who served at his capital trial. ECF 368 at 19. The Court further invited the parties to submit proposed procedures for that inquiry that are "consistent with its narrow purpose" and

mindful of "the need to safeguard the privacy of jurors and the deliberative process." *Id.* The parties subsequently agreed to the depositions of, among others, Fell's trial attorneys and jury consultant. The parties also agreed that those depositions would relate only to the juror misconduct claims.

The government deposed jury consultant Beth Bochnak on March 6, 2014. The deposition lasted approximately four hours. From the outset, Fell's counsel objected to questions that would reveal work product beyond that specifically related to the three jurors at issue. As to those jurors, Fell has agreed to waive work product protections. ECF 480 at 12-13.

The government objects to the limited nature of Fell's waiver, arguing that "[t]he selection of the jurors in this case did not occur in a vacuum," and that it is entitled to probe the trial team's general jury selection strategy. ECF 476 at 5. The government also contends that relevant documents have been either withheld or overly-redacted. In response, Fell submits that all non-privileged documents have been produced, and that limiting the work-product waiver to three jurors is consistent with both the Court's guidance and the legal standards for a juror misconduct claim. Fell also reports that following the Bochnak deposition, and prior to the depositions of Fell's trial attorneys, counsel agreed to permit the government to ask questions about the jury selection process generally.

## II.  Discussion

### A.    The Bochnak Deposition

The Bochnak deposition focused primarily on the selection of Juror 162.  Fell contends that Juror 162 withheld information that, if revealed, would have led defense counsel to strike her for cause.  The government posits that Fell's attorneys saw Juror 162 as potentially sympathetic to their arguments, and thus declined to raise certain issues during voir dire for fear that the government might present a challenge of its own.  The government further argues that, in order to support its theory, it must be allowed to "compare the treatment of similarly-situated jurors or to have access to the general precepts that guided the defense strategy."  ECF 487 at 4.

Although Fell's attorneys barred questioning of Bochnak with respect to jury strategies generally, they subsequently allowed such questioning of Fell's trial attorneys.  In consenting to this latter questioning, Fell's counsel opened the door to similar inquiries of other witnesses, including Bochnak.  The motion to compel continuation of the Bochnak deposition is therefore **granted** to this limited extent.

If the government chooses to continue the Bochnak deposition, it may inquire about the trial team's general jury selection strategies.  It may not inquire about other individual jurors aside from the three in question.  Specifically, the

3

government may not obtain information about "similarly-situated jurors" in order to make comparisons to Juror 162, or for any other purpose.  ECF 487 at 4.  To the extent the government's motion seeks leave to access such information about other jurors, its motion is **denied**.

**B.    Document Production**

The government also moves to compel documents requested during the Bochnak deposition, including Bochnak's invoices, electronic files, and redacted versions of tables used during jury selection.  Fell submits that all of Bochnak's work product with respect to Jurors 26, 143, and 162 has been produced.  Counsel also represents that it recently produced to the government "a strike list that, in addition to the name of a juror at issue, also shows the number of prospective jurors on that list."  ECF 480 at 7.

The status of the requested documents is not entirely clear.  When the government asked for production of Bochnak's invoices during the deposition, Fell's counsel took the request "under advisement."  Bochnak Dep. Tr. at 11.  The matter of unredacted tables was also taken under advisement.  *Id.* at 99, 103.  With respect to electronic files, the government agreed to put the request in writing.  *Id.* at 40-41.  And as to the strike list, the government requested it in unredacted form, *id.* at 156, and it is not clear whether Fell's subsequent production has

satisfied that request.  The government reserved the right to continue the deposition based upon the matters taken under advisement.  *Id.* at 155.

Counsel for Fell now represents to the Court that "every non-privileged document responsive to the Government's prior requests" has been produced.  ECF 480 at 7.  If no further documents are to be produced, and the government has grounds for compelling production of specific documents, it may again file a motion with the Court and, if necessary, request submission of the contested documents for *in camera* review.  The current motion to compel documents is **denied** without prejudice.

## III.  Conclusion

In habeas corpus proceedings, the "scope and extent of ... discovery is a matter confided to the discretion of the District Court."  *Bracy v. Gramley*, 520 U.S. 899, 909 (1997).  The Court previously instructed the parties that the scope of its juror misconduct inquiry would be narrow, and tailored to protect the privacy interests of the remaining jurors and the deliberative process.  Consistent with that guidance, the government's current motion to compel continuation of the Bochnak deposition (ECF 476) is **granted** to allow limited questioning about jury selection strategies, and is otherwise **denied.**  The government's motion to compel additional document production is **denied** without prejudice.  If the Bochnak deposition is continued, the parties

shall each bear their own costs.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2014.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge
