UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA        :
                                :
                v.              :        Case No. 2:01-cr-12
                                :
DONALD FELL,                    :
                                :
                Defendant-Movant.   :

### Order Re: Proposed Exhibits

In the course of this Section 2255 proceeding, the parties have been engaged in hearings regarding Donald Fell's claims of juror misconduct.  Those hearings are ongoing, and are set to conclude on May 9, 2014.  Fell has submitted a list of exhibits he seeks to admit into evidence, and the government has asserted its objections.  The Court has reviewed the parties' submissions, and rules as follows:

**Exhibit 8 – Summary Chart**

This summary chart was admitted during the hearing on August 15, 2013, with the provision that the underlying documentation would be provided at a later date.  Fell contends that such documentation has been presented in the form of Exhibits 12-15, but the government reports that it is unable to determine how those exhibits line up with the summary.  In his reply memorandum, Fell states that he has provided the government with a new document "noting by exhibit number each exhibit wherein the supporting documentation for Exhibit 8 is located."  ECF 490 at

12 n.8.  The Court assumes that Fell's latest submission has resolved the issue, and barring any specific objection by the government at the May 9 hearing, this exhibit will be ADMITTED.

**Exhibit 9 – Family Court Records Re: Divorce**

This exhibit consists of state court records of a divorce proceeding involving Juror 162's son.  The government argues that some of the documents contain "private information that bears no relevance on the issues before this Court," and in some instances are comprised of hearsay.  The government also objects to Fell's assertion that the exhibit supports a claim that Juror 162 has been accused of a crime.

Portions of Exhibit 9 suggest that Juror 162 may have been more aware of her son's criminal and substance abuse problems than she revealed on her voir dire questionnaire.  The exhibit may also support Fell's contention that Juror 162 was a party to the divorce case.  The exhibit is not hearsay, as it is not introduced for its truth but rather for the state of mind of the declarant, and although it may include private information, the exhibit is comprised of public court records.

With respect to Fell's contention that the exhibit supports his claim that Juror 162 was accused of a crime, the Court disagrees.  Exhibit 9 will be ADMITTED, but not for that purpose.

**Exhibit 16 – Family Court Records Re: Custody Dispute**

The government contends that this 23-page exhibit is

irrelevant, and to the extent that it is being used to demonstrate the residence of Juror 162's son, it may be limited to a single page (Bates No. 3434).  Fell confirms that the document pertains to whether Juror 162 and her son lived together or in close proximity, and urges the Court to admit the entire exhibit because "it explains the context of the report of [the son's] address and demonstrates its reliability."  ECF 490 at 16. Because relevance appears limited to the question of the son's residence, the Court will ADMIT only Bates No. 3434 in Exhibit 16.

**Exhibit 17 – Other Family Court Records**

The issue with Exhibit 17 is essentially the same as that presented with respect to Exhibit 16.  There is a single page that reveals an address for Juror 162's son (Bates No. 3481), and Fell seeks to have the remainder of the exhibit admitted to show reliability.  The Court will ADMIT only Bates No. 3481 in Exhibit 17.

**Exhibit 22 – DOC Movement History of Juror 162's Son**

The government objects to this exhibit as "not self-explanatory."  Fell responds that the movement log demonstrates the parole status of Juror 162's son at the time Juror 162 was completing her voir dire questionnaires.  The exhibit does appear to indicate that the son's parole expired in 2005.  This exhibit will be ADMITTED.

**Exhibit 25 – Police Report Re: Juror 143**

This exhibit contains a police report of a complaint that Juror 143 stole a picnic table.  The complainant stated that he followed Juror 143 and tried to overtake him in his vehicle at a high rate of speed, but departed when Juror 143 displayed a handgun.  The police determined that the picnic table in the back of Juror 143's truck was not the stolen item, and no charges were filed.  As this exhibit may be relevant to Fell's amended claims that Juror 143 was the subject of a criminal investigation and accused of a crime, it will be ADMITTED.

**Exhibit 28 – Colchester Police Department Records**

This exhibit is comprised of Colchester Police Department records pertaining to Juror 162 and her son.  The government objects to part of the exhibit.  Specifically, the government objects to Bates Nos. 3652-63 because they are dated after July 2005.  However, the documents provide a history of the son's license suspensions dating to before the Fell trial.  They also show his address in September 2005, which Fell submits is relevant to Juror 162's knowledge of her son's life during that time period.

The government also objects to Bates Nos. 3665-67, which consist of a property damage complaint that Juror 162 filed with the police.  Fell contends that this evidence is relevant to Juror 162's "no" response to Question 36 on the long form

questionnaire: "Have you ever filed a complaint with the police against anyone?"

The government further objects to the final 74 pages (Bates Nos. 3699-3763) of this exhibit because they post-date the trial. Fell has removed some of the documents (and submitted Exhibit 28a to replace the original Exhibit 28), but contends that the remainder are relevant to the issue of Juror 162's truthfulness. The documents consist of numerous police reports, some of which were the result of complaints filed by Juror 162 herself.  It is unclear how these documents pertain to the question of truthfulness.  Accordingly, the Court declines to admit those final pages, and will ADMIT only Bates Nos. 3642 through 3698 of Exhibit 28a.

**Exhibits 30 and 31 – Newspaper Articles Re: Juror 162**

These exhibits are newspaper articles from October 2013 containing Juror 162's criticisms of Fell's current defense team. The government objects to the exhibits as hearsay.  Fell reports that the government waived its hearsay objections.[1]

The exhibits are being offered to show that Juror 162 knew of her son's inpatient drug treatment when he was a teenager. Juror 162 also told the press, as set forth in Exhibit 30, that

---

[1]  Fell also contends that if the government had given notice of its hearsay objection, counsel could have "done even more to elicit from the juror that the statements attributed to her in the press were statements given by her."  ECF 490 at 20 n.23.

her son had "not been in criminal trouble for seven years," which Fell contends is inconsistent with her August 2013 testimony that her son's criminal acts took place when he was "in his twenties." The statements in the articles are not being admitted for the truth, and are relevant to Fell's claims.  Exhibits 30 and 31 will therefore be ADMITTED.

**Exhibit 35 – DOC Records for Juror 162's Son (under seal)**

This exhibit consists of DOC case notes and other records regarding Juror 162's son's domestic and substance abuse treatment.  The exhibit was admitted by stipulation at the March 18-19 hearing, and is under seal.

The government objects to "page 5 of 37" of Exhibit 35 as post-dating the July 2005 trial.  Like Exhibit 22, the page in question appears to indicate that the son was on parole in 2005. The government also objects to the final two pages of the exhibit as not self-explanatory, as they make heavy use of DOC codes. This exhibit will be ADMITTED, with the exception of the final two pages.

**Exhibit 36 – State Court Records Re: Juror 26**

This exhibit is a series of docket sheets from state court civil cases allegedly involving Juror 26 and/or his family.  Fell asserts that the exhibit supports a claim that Juror 26 "failed to disclose the long history of civil suits involving him and his family on his short questionnaire."  ECF 490 at 21-22.  The

government counters that Fell has failed to establish that the documents relate to Juror 26.  Fell responds that two of the state court cases have defendants with the same name as Juror 26; one names as a defendant an individual with the same name as Juror 26's son; and two show a plaintiff with the same name as Juror 26's father.  The exhibit will be ADMITTED.

**Exhibit 37 – Northfield Police Department Records Re: Juror 143**

This exhibit is a police incident report from September 2005 regarding Juror 143.  The report states that police responded to a family disturbance and served an abuse prevention order on Juror 143.  The order pertained to Juror 143's girlfriend, Kaulene Kelsey.  Ms. Kelsey testified at the March 18-19 hearing.

The government objects to the exhibit because it post-dates the Fell trial.  Fell responds that the exhibit supports Ms. Kelsey's testimony that her relationship with Juror 143 ended in late summer, 2005.  The exhibit is relevant for that purpose, and will be ADMITTED.

**Exhibits 39-41 – Video Clips from Rutland**

These exhibits, together with Exhibit 38, were provisionally admitted subject to Fell's eventual showing of relevance.  The government maintains its objection, and Fell states that he "will establish the relevance of those videos in subsequent briefing." ECF 490 at 23.  Fell also informs the court that it will re-call Attorney Scott Buell as a witness in order to authenticate

information set forth on a summary exhibit.  The Court therefore declines to issue a final ruling on those exhibits at this time.

Dated at Burlington, in the District of Vermont, this 6th day of May, 2014.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
United States District Judge