oodstock C.C.C.
62 Pleasant St
Woodstock, VT 05091

To Family Court;                    April 8, 1993

♂— MOTION TO ENFORCE or modify existing FINAL ORDER ←

I have a final divorce order which reads; During the period that I'm incarcerated, Karen shall transport the minor child (███████ ██████) to the Rutland Correctional Center (1) one weekend per month, on Sunday from approximately 3:00 pm to 4:45 pm.

She brought my son on February 7, and we ~~agrred~~ agreed she would bring him to see me the first Sunday of every month. She made an excuse not to bring him there on the 7th of march.

I was transferred to the Woodstock Correctional Center on the eleventh of March to participate in a program for anger management (self change), because the group in Rutland was over crowded.

I had to go through the superintendant here to get special visiting that would correspond with what was on the final order. I got my visiting changed from Saturday 9-11 am to Sunday from 1-3 pm

I had Karen notified as to the change of facilities through my Mother ████████████. I also had telephone contact with Karen and explained that Woodstock is only an additional 20-30 minute drive.

I understand that she is training for a new job with the Grand Union, and has to travel quite a bit. I explained that at the most she would only have to transport him to Woodstock two times, three at the most, until my group is finished in June. At that time I could arrange for michael to be transported ~~to~~ by his Grandmother.

I will be transferred to ~~Chittendent~~ Chittenden Correctional Center in June for Work Search and will eligible for FSU until I am released in August.

My Son ████████ is the most important part of my life, and want to continue to excercise my rights as his father. I have done every-thing that is expected of me to satisfy the Court. I feel

FELL-00002987

now that Karen should do what is expected of her for the well being of our son. Now that I am in Woodstock she is refusing to bring hi

I haven't seen ███████ for two months and am concerned that these sparatic visits will only confuse him, and will HAVE an emotional effect on him as time goes on.

I would like to modify and enforce the order to read During the period of my incarceration Karen (or designated person) shall transport the minor child to █████ place of incarceration one (1) weekend per month on Sunday for two hours to be agreed upon by the parties.

I would also ask that I be supplied with a telephone number for █████ Residence to be used to communicate about visiting, and incase of an emergency, and to notify Karen of any changes in employment, insurance, medical, dental or any other legal situation reguarding ███████ that should arise.

Any help or information on this situation from you would be greatly appreciated

Sincerly

███████████████████

4/8/93

FILED

12 - 1993

ADDISON FAMILY COURT
███ REPERSON CLERK

FELL-00002988

| Vermont Family Court | County Addison | Docket Number F53-3-92 AnDmd |
|---|---|---|

### MOTION FOR ENFORCEMENT OF ORDER AND DECREE

| Plaintiff Karen M. Ryan | v. | Defendant ▮ |
|---|---|---|

NOW COMES the Plaintiff/(Defendant) in the above entitled matter and states as follows:

Jan 26, 1993 ¿

1. This Court's Order dated Feb 24, 1993 stated as follows:

During the period that ▮ is incarcerated, Karen Shall transport the minor child to the Rutland Correctional Center (1) weekend per month, on Sunday afternoon from approximately 3:00 pm to 4:45 pm.

2. Plaintiff/Defendant has the ability to comply with this order but has failed and refused and continues to fail and refuse to do so in that: She did not transport the minor child to Rutland CCC during (the agreed weekend of) the month of March. Nor has she transported the minor child to Woodstock on the first Sunday (agreed by the parties) of the month of April.

WHEREFORE the Plaintiff/(Defendant) requests the Court

1. Order the (Plaintiff)/Defendant to comply with its order.

2. Order such other relief as deemed proper.

Dated at Woodstock ,Vermont this 10th day of April, 1993.

Signed ▮

FELL-00002989

Form 804

| Vermont Family Court | County Addison | Docket Number F53-3-92 AnDmd |
|---|---|---|

### AFFIDAVIT

| Plaintiff Karen M. Ryan | V. ▮ |
|---|---|

**In support of the complaint, motion, petition or objection filed in this case, subject to the penalties for perjury, I state the following facts, which are true to the best of my knowledge and belief:**

Karen transported the minor child to Rutland CCC the first Sunday of the month of February. We agreed that she would bring my son (▮) on the first Sunday of every month.

She did not transport him to Rutland CCC on the 7th of March. On the 13th of March I was transferred to Woodstock CCC for the self change group, because the group/program at Rutland only had room for a certain number of people. (I was told that there were inmates at Rutland who were felt to have a greater need for the program than myself.) I had my mother (▮) notify Karen as to the change. I was given a phone number and Karen asked me to call her. When we spoke I told her that Woodstock is only 25 to 30 minutes from Rutland. She (Karen) told me that it was to far to drive, she was busy with work, and that there wasn't much that she could do for me. I feel that such sparatic visits with my son will confuse him and I am concerned for his emotional/physical welfare & well being

| Si ▮ | Date 4/10/93 |
|---|---|

Subscribed and sworn to before me:

| _Philip Neil Karlon_ | 4-10-93 | 2-95 |
|---|---|---|
| Signature of Notary | Date | Expiration Date |

4/91 lsmc

FELL-00002990

```
=========================================================================
Vermont Family Court    SCHEDULING/ENTRY ORDER - JUDGE        Addison County
=========================================================================
|   Docket 53-3-92 Andm  (div)        Ryan vs. █████                      |
|------------------------------------------------------------------------|
Case Track:    Not set                        Last judge: Edward J. Cashman
Hearing(s) set:Motion Hearing, Fri, 04/30/93, 01:00 PM
-------------------------------------------------------------------------
p# 1  plf ____ Ryan, Karen M.         ____ Pro Se
p# 2  def  __  ████████████████       ____ Brown, Kevin E.
p# 3  min  __  ████████████████        __
p# 4  gp   __  ████████████████        __
p# 5  gal  __  Bennett, Susan          __
-------------------------------------------------------------------------
Motion/Petitions/Requests              Filed    ----- Current Status -----
                                                 Status   Jud/Mag Date
1   R/to establish child support        03/30/92 order    MG-SJG  03/25/93
2   R/to establish parental rights & resp.03/30/92 finord MSK     02/24/93
3   R/to establish parent-child contact 03/30/92 finord   MSK     02/24/93
4   R/for Property Division             03/30/92 finord   MSK     02/24/93
5   M/for Temporary Relief              03/30/92 stiphrg  MSK     01/26/93
6   M/Grandparent's Visitation.         06/18/92 finord   MSK     02/24/93
7   M/Increased Grandparents Visit.     10/21/92 finord   MSK     02/24/93
8   M/to Continue                       11/23/92 granted  MSK     11/23/92
9   P/to modify child support           12/21/92 order    MG-SJG  03/25/93
10  M/for Enforcement                   04/13/93 isset    EJC     04/13/93
=========================================================================

Scheduled for:                  Moving party: Commenced Completed Continued
MPR 10 M/for Enforcement             def       _____   _____   _____
-------------------------------------------------------------------------

Judge's  entries:
```

_Motion to Enforce granted_

_Mother will deliver child to paternal grandmother for visitation under Order. - delivery at times and places agreed._

4/30/93 /Date    Cashman Judge

Off Record/Reporter _Field_    Asst. Judges _Heith_

dmjdflt20.ws

Form No. 378
Certification of Transport

## CERTIFICATION OF TRANSPORT
State of Vermont

State of

| Defendant | Unit | Circuit/County | Docket No. |
|---|---|---|---|
| ▮▮▮▮▮▮ | II | Addison | |

### THIS IS TO CERTIFY THAT THE ABOVE NAMED DEFENDANT WAS TRANSPORTED TO THIS COURT FROM THE

_____ Chittenden Correctional Center        _____ St. Johnsbury Correctional Center
_____ Rutland Correctional Center        _____ Windsor Correctional Facility
_____ St. Albans Correctional Facility        __✓__ Woodstock Correctional Center
_____ other: _____

FOR A̶R̶R̶A̶I̶G̶N̶M̶E̶N̶T̶ Motion Hrg. BY ORDER OF THE COURT ON:    Date 4/30/93    Clerk's Signature ~~~~~

| S B | Time _____ to _____ | | Transport Officer's Signature | Date |
| H I | Total Transport Hours: _____ | | | |
| E L | Total Court Hours: _____ | | Assisting Transport Officer(s) | |
| R L | **TOTAL BILLABLE HOURS:** ___ | | | |
| I I | Total Per Diem Hours: _____ | No. of Prisoners _____ | Officer's Meal Reimbursement: _____ |
| F N | Total Fulltime Hours: _____ | No. of Billable Miles: _____ | Prisoner's Meal Reimbursement: _____ |
| F' G | Notes: | | | |
| S | | | | |

**BI-Set 11/87 VCI**        **Copy 1 - Court**        **Copy 2 - Sheriff**

FELL-00002992

```
========================================================================
Vermont Family Court     SCHEDULING/ENTRY ORDER - JUDGE      Addison County
========================================================================
|  Docket 53-3-92 Andm  (div)          ███████████████               |
------------------------------------------------------------------------
Case Track:    Not set                    Last judge: Edward J. Cashman
Hearing(s) set:Motion Hearing, Fri, 04/30/93, 01:00 PM
------------------------------------------------------------------------
p# 1  plf  ___  ████████████████    ___  Pro Se
p# 2  def  ___  ████████████████    ___  Brown, Kevin E.
p# 3  min  ___  ████████████████    ___
p# 4  gp   ___  ████████████████    ___
p# 5  gal  ___  Bennett, Susan      ___
------------------------------------------------------------------------
Motion/Petitions/Requests              Filed    ----- Current Status  -----
                                                Status  Jud/Mag Date
1   R/to establish child support       03/30/92  order   MG-SJG  03/25/93
2   R/to establish parental rights & resp.03/30/92 finord  MSK    02/24/93
3   R/to establish parent-child contact 03/30/92  finord  MSK     02/24/93
4   R/for Property Division            03/30/92  finord  MSK     02/24/93
5   M/for Temporary Relief             03/30/92  stiphrg MSK     01/26/93
6   M/Grandparent's Visitation.        06/18/92  finord  MSK     02/24/93
7   M/Increased Grandparents Visit.    10/21/92  finord  MSK     02/24/93
8   M/to Continue                      11/23/92  granted MSK     11/23/92
9   P/to modify child support          12/21/92  order   MG-SJG  03/25/93
10  M/for Enforcement                  04/13/93  isset   EJC     04/13/93
========================================================================

Scheduled for:                 Moving party:  Commenced  Completed  Continued
MPR 10 M/for Enforcement            def        _____     _____     _____
------------------------------------------------------------------------

Judge's  entries:
```

Motion to Enforce granted

Mother will deliver child to paternal
grandmother for visitation under
Order. - delivery at times and
places agreed.

4/30/93 _____ Cashman
Date                Judge

Off Record/Reporter _Full_     Asst. Judges _Heith_
dmjdflt20.ws

Family Court of Vermont
Addison County

===============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================

Docket No: 53-3-92 Andm ▮▮▮▮▮▮▮▮▮ [Pro Se/Brown]

Title of Motion:        Motion to Continue, No. 11

Date Motion Filed:      April 28, 1993

Motion Filed By:        Pro Se, Attorney for:
                        Plaintiff Karen ▮▮▮▮▮▮▮

MPR Response:           NONE

___ Granted    Compliance by_____

✓ Denied

___ Scheduled for hearing on: _____ at _____; Time Allotted _____

___ Other

- No notice of Continuance request given to defendant -

- Not an adequate reason for Continuance

_____          4/29/93
        Judge / Magistrate                    Date
===============================================================================
Date copies sent to: _____          Clerk's Initials _CWE_
Copies sent to:
    Plaintiff Karen ▮▮▮▮▮▮ - Notified via telephone - 4/29/93.
    Grandparent ▮▮▮▮▮▮▮
    Guardian ad litem Susan Bennett
    Attorney Kevin E. Brown for Defendant ▮▮▮▮▮▮▮

FELL-00002994

```
=================================================================
              E N T R Y   R E G A R D I N G   M O T I O N
=================================================================

Docket No: 53-3-92 Andm    Ryan vs. ███████    [Pro Se/Brown]

Title of Motion:        Motion to Continue, No. 11

Date Motion Filed:      April 28, 1993

Motion Filed By:        Pro Se, Attorney for:
                        Plaintiff Karen ████████

MPR Response:           NONE

___ Granted    Compliance by _____

 ✓  Denied

___ Scheduled for hearing on: _____ at _____; Time Allotted _____

___ Other
```

_- Un notice of Continuance request given to defendant -_

_- Not an adequate reason for continuance_

_Edward A. Schmidt_ (signature)          4/29/93

Judge / Magistrate                        Date

```
=================================================================

Date copies sent to: _____          Clerk's Initials  CSE
Copies sent to:
    Plaintiff Karen ████████  — added via telephone - 4/29/93.
    Grandparent ████████████
    Guardian ad litem Susan Bennett
    Attorney Kevin E. Brown for Defendant ████████████
```

ENTRY REGARDING MOTION

Docket No: 53-3-92 Andm    Ryan vs. ▮▮▮▮ (Pro Se/Brown)

Title of Motion:    Motion to Continue, No. 11

Date Motion Filed:    April 28, 1993

Motion Filed By:    Pro Se, Attorney for:
                    Plaintiff Karen ▮▮▮▮

MPR Response:    NONE

___ Granted    Compliance by_____

✓ Denied

___ Scheduled for hearing on _____ at _____ Time Allotted _____

___ Other

*(handwritten notes, illegible)*

*(signature)*  4/29/93
Judge // Magistrate    Date

Date copies sent to: _____    Clerk's Initials ▮▮▮
Copies sent to:
    Plaintiff Karen ▮▮▮▮
    Grandparent ▮▮▮▮
    Guardian ad litem Susan Bennett
    Attorney Kevin S. Brown for Defendant ▮▮▮▮

FELL-00002996

ENTRY REGARDING MOTION

Docket No: 53-3-93 Andm [ ]   (Pro Se Travel)

Title of Motion:   Motion to Continue No. 11

Date Motion Filed:   April 29, 1993

Motion Filed By:   Pro Se. Attorney for
                   Plaintiff Karen [ ]

MPR Response:   None

___ Granted   Conditions by _____

✓ Denied

___ Scheduled for hearing on _____ at _____ Time Allotted _____

___ Other

_____
Judge / Magistrate

_____
Date

Date copies sent _____
Copies sent to:
        Plaintiff Karen M. [ ]
        Grandparent [ ]
        Guardian ad litem Susan Bennett
        Attorney Kevin H. [ ]

Clerk's Initials _____

FELL-00002997



53-3-92 An Con P

Motion to Continue

I, Karen ▮▮▮▮ request a rescheduled hearing (set date April 30, 1993) because of work schedule. I would need two weeks notice for work purposes.

Karen ▮▮▮▮

4/28



FILED

APR 28 1993

ADDISON FAMILY COURT
CHIP EPPERSON, CLERK

FELL-00002998

Form 29

STATE OF VERMONT

ACCEPTANCE OF SERVICE

| | COUNTY |
|---|---|

| ☐ District Court | ☑ Family Court | ☐ Superior Court |
|---|---|---|

| Re: | Defendant | | Docket No. 53-3-92 |
|---|---|---|---|
| Re: | State vs. | | In re: |
| Re: | Plaintiff ▉ | vs. | Defendant ▉ |

I, Karen ▉ hereby Accept Service of

the Protich for Enf, AH, noh ▉

in the above-entitled cause and waive all other form of service.

| Date 4-28-93 | Signature Karen ▉ |
|---|---|

FILED

AP 28 93

ADDISON FAMILY COURT
CHIEF EFFERSON CLERK

9/26/90

Form No. 377
Transport Order

**TRANSPORT ORDER**
**State of Vermont**

| Docket No. |
| --- |
| F53-3-92anDmS |

State v.

| Defendant | Unit | Circuit/County | Offense |
| --- | --- | --- | --- |
| | II | Addison | |

TO ANY SHERIFF, DEPUTY SHERIFF, STATE POLICE OFFICER, POLICE OFFICER, CONSTABLE, OR CORRECTIONS
OFFICER IN THE STATE: By authority of the State of Vermont you are ordered to transport:

**WHO** ____X____ the above named defendant _____ other: ____

**FROM** ____X____ the _____ Woodstock _____ Correctional Center
_____ other: ____

**TO**
_____ The above named District Court.
_____ The District Court of Vermont _____ Circuit,
_____ The Correctional Center at _____ Vermont, to be
held on bail mittimus dated
_____ The Vermont State Hospital at Waterbury.
____X____ Other: Addison Family Court, 5 Court Street, Middlebury, VT   05753

**FOR** ____ Arraignment __x__ Court Hearing ____Jury Drawing/Trial ____ Deposition ____ Psych. Exam ____ Other

**WHEN** to be held on Friday, April 30, 1993 at 1:00 P.m.

THE ABOVE NAMED DEFENDANT SHALL BE RETURNED AT THE COMPLETION OF THE PROCEEDINGS UNDER
THIS OR SUCH OTHER ORDER AS SHALL BE MADE BY THE COURT.

**PAYMENT** This transport was requested by and shall be paid for by
_____ the Court ____X____ Other: Dept. of Corrections

| Special Instructions: | Signature | Date |
| --- | --- | --- |
| | (signature) | 4/27/93 |

**OFFICER'S RETURN**
By authority of this Order, on _____ I took the within named person from _____
to _____ and returned him/her to the _____

| | Signature | Date |
| --- | --- | --- |
| | Assisting Transport Officer | |

**SHERIFF'S BILLING**
Time _____ to _____ .
Total Transport Hours: _____
Total Court Hours: _____
TOTAL BILLABLE HOURS: _____
Total Per Diem Hours _____   No. of Prisoners: _____   Officer's Meal Reimbursement: _____
Total Fulltime Hours _____   No. of Billable Miles: _____   Prisoner's Meal Reimbursement: _____
Notes:

R 5M Quad Set 5/89 VCI    Copy 1 - Court    Copy 2 - Sheriff    Copy 3 - Correctional Center    Copy 4 - File

| Vermont Family Court | County Addison | Docket Number F53-3-92 AnDmd |
|---|---|---|

### MOTION FOR ENFORCEMENT OF ORDER AND DECREE

| Plaintiff Karen M. ▮ | V. | Defendant ▮ |
|---|---|---|

NOW COMES the Plaintiff/(Defendant) in the above entitled matter and states as follows:

1. This Court's Order dated Jan 26, 1993 & Feb 24 1993 stated as follows: During the period that ▮ is incarcerated, Karen Shall transport the minor child to the Rutland Correctional Center (1) weekend Per month, on Sunday afternoon from approximately 3:00 pm to 4:45 pm.

2. Plaintiff/Defendant has the ability to comply with this order but has failed and refused and continues to fail and refuse to do so in that: She did not transport the minor child to Rutland CCC during (the agreed weekend of) the month of March. Nor has She transported the minor child to Woodstock on the first Sunday (agreed by the parties) of the month of April.

WHEREFORE the Plaintiff/(Defendant) requests the Court

1. Order the (Plaintiff)/Defendant to comply with its order.
2. Order such other relief as deemed proper.

Dated at Woodstock ,Vermont this 10th day of April, 1993.

Signed ▮

Form 804

| Vermont Family Court | County Addison | Docket Number F53-3-92 AnDmd |
|---|---|---|

## AFFIDAVIT

| Plaintiff | | Defendant |
|---|---|---|
| Karen M ███ | V. | ███████ |

**In support of the complaint, motion, petition or objection filed in this case, subject to the penalties for perjury, I state the following facts, which are true to the best of my knowledge and belief:**

Karen transported the minor child to Rutland CCC the first Sunday of the month of February. We agreed that she would bring my son (michael) on the first Sunday of every month.

She did not transport him to Rutland CCC on the 7th of march. On the 13th of march I was transferred to Woodstock CCC for the self change group, because the group/program at Rutland only had room for a certain number of people. (I was told that there were Inmates at Rutland who were felt to have a greater need for the program than myself.) I had my mother (███████) notify Karen as to the change. I was given a phone number and Karen asked me to call her. When we spoke I told her that Woodstock is only 25 to 30 minutes from Rutland. She (Karen) told me that it was to far to drive, she was busy with work, and that there wasn't much that she could do for me. I feel that such sparntic visits with my son will confuse him and I am concerned for his emotional/physical welfare well being

| | Date 4/10/93 |
|---|---|

Subscribed and sworn to before me:

_Philinel Kushn_     4-10-93     2-95

Signature of Notary       Date       Expiration Date

4/91 lsmc

FELL-00003002

Woodstock C.C.C.
62 Pleasant St
Woodstock, VT 05091

To Family Court:          April 8, 1993
~ MOTION TO ENFORCE or Modify existing FINAL ORDER ~

I have a final divorce order which reads: During the period that I'm incarcerated, Karen shall transport the minor child ( ███ ███ ) to the Rutland Correctional Center (1) one weekend per month, on Sunday from approximately 3:00 pm to 4:45 pm.

She brought my son on February 7, and we ~~agreed~~ agreed she would bring him to see me the first Sunday of every month. She made an excuse not to bring him there on the 7th of March.

I was transferred to the Woodstock Correctional Center on the eleventh of March to participate in a program for anger management (Self change), because the group in Rutland was over crowded.

I had to go through the superintendant here to get special visiting that would correspond with what was on the final order. I got my visiting changed from Saturday 9-11 am to Sunday from 1-3 pm.

I had Karen notified as to the change of facilities through my Mother ███████, ███████. I also had telephone contact with Karen and explained that Woodstock is only an additional 20-30 minute drive.

I understand that she is training for a new job with the Grand Union, and has to travel quite a bit. I explained that at the most she would only have to transport him to Woodstock two times, three at the most, until my group is finished in June. At that time I could arrange for michael to be transported ~~to~~ by his Grandmother.

I will be transferred to ~~Chittendent~~ Chittenden Correctional Center in June for work search and will eligible for FSU until I am released in August.

My Son ███████ is the most important part of my life, and want to continue to excercise my rights as his father. I have done everything that is expected of me to satisfy the Court. I feel

now that Karen should do what is expected of her for the well being of our Son. Now that I am in Woodstock she is refusing to bring him █ I haven't seen ████ for two months and am concerned that these sparatic visits will only confuse him, and will HAVE an emotional effect on him as time goes on.

I would liKE to modify and enforce the order to read During the period of my incarceration Karen (or designated person) shall transport the minor Child to ████ place of incarceration one (1) weekend per month on Sunday for two hours to be agreed pon by the parties.

I would also ask that I be supplied with a telephone umber for ████ Residence to be used to communicate about isiting, and incase of an emergency, and to notify Karen of any 'hanges in employment, insurance, medical, dental or any other egal situation reguarding ████ that should arise.

Any help or information on this situation from you would be reatly appreciated

Sincerly

████████████

4/8/93

FILED

12 93

FELL-00003004

Form 800

| COVER SHEET | Vermont Family Court | County | Addison | Docket Number F53-3-92 AnDmd |
|---|---|---|---|---|

| Plaintiff KAREN ███ | V. | Defendant ████████ |
|---|---|---|

| Tel. #: Day _____ Evening: _____ | Tel. #: Day Woodstock CCC. Evening: 476-3070 (mothers) |
|---|---|

1. Case Type: A) __ New    ✓ Existing
            B) ✓ Divorce    __ Annulment    __ Desertion & Nonsupport
            __ Parentage    __ Legal Separation    __ Other: _____
            C) Minor Children? __ Yes    __ No

2. The __ Plaintiff    __ Defendant is a recipient of public assistance from or through the Department of Social Welfare.

3. Existing Court Orders or Court proceedings involving the plaintiff, defendant, or the child(ren) of the plaintiff and the defendant:
       A) __ Child Support Order: Date of the Order and the date(s) it was modified: _____. Name and location of court _____
       B) __ Domestic Abuse, Guardianship, or Adoption: Docket # _____ _____ Name and location of court _____
       _____

4. If the plaintiff and the defendant together have minor children, attach a completed Affidavit of Child Custody, Form No. 135.

5. Action Requested:
       __ Establish Support                __ Modify Support
            __ Child                            __ Child
            __ Maintenance Supplement           __ Maintenance Supplement
            __ Spouse                           __ Spouse
       __ Establish Parental Rights and    __ Modify Parent Rights and
            Responsibilities (Custody)          Responsibilities (Custody)
       __ Establish Parent-Child Contact   __ Modify Parent-Child Contact
            (Visitation)                        (Visitation)
       __ Establish Paternity              __ Contempt
       __ Wage Withholding                 ✓ Enforcement
                                           __ Other: _____

6. Service of Process:
       __ No Child Support Issues; Plaintiff will serve
       __ Child Support Issues; Clerk will serve
            __ Serve by 1st Class Mail with Acknowledgment
            __ Serve by Certified Mail;    $_____ attached
            __ Serve by Personal Service;  $_____ attached
       __ Service Completed; Return/Acceptance of Service is attached

7. __ Plaintiff    __ Petitioner requests assistance from the Office of Child Support Services.

SEE INSTRUCTIONS ON THE BACK OF THIS COVER SHEET

11/16/90

FELL-00003005

ADDRESS SHEET

VT FAMILY COURT                ADDISON COUNTY              DOCKET # F53-3-92 AnDmd

[REDACTED]                          Karen                        M.

Plaintiff   last name              first name              middle initial

Po Box  3710

Street address

Vergennes              Vermont                    05491

City                   State                      Zip Code

? (mothers 388-3583) 388-6034 (Grand Union)

Phone number    home                    work

[REDACTED]

Defendant   last name              first name              middle initial

Woodstock  CCC - 62 Pleasant St.

Street address

Woodstock              Vermont                    05091

City                   State                      Zip Code

476-3070  (mothers)

Phone number    home                    work

my address upon release  Po Box 47 Barre Vt 05641

FELL-00003006

STATE OF VERMONT
ADDISON FAMILY COURT

Karen M. ▮▮▮▮▮
Plaintiff

vs.

▮▮▮▮▮▮
Defendant

Docket Number _____

## PRO SE APPEARANCE

Any citizen is entitled to represent himself or herself in a family court case. If this is your intention, it is necessary to enter your appearance for yourself. (This is called a pro-se appearance.) By completing and filing this form with the clerk's office, and sending a copy to the other party, you are telling the court it is your intention to represent yourself. The purpose of a pro se appearance is so notices of court dates and copies of court papers can be sent to you by first class mail, instead of by restricted certified mail, or by personal service by the sheriff or local law enforcement agency.

As a pro se litigant you must notify this court of any change of your address. If you change your address without informing the court, notices may not be received in time for hearings and you may lose the case (by default) for not being present when you should be.

A person appearing pro-se should understand that Court Officers, Judges, Clerks, etc. must be impartial to both sides of a law suit at all times. If legal advise were to be given to one side of the case that impartial status would be violated. Court personnel will try to help to the extent they can without breaking this rule.

A PRO SE LITIGANT MUST FURNISH A COPY OF ANYTHING THAT HE/SHE FILES WITH THE COURT TO ANY OTHER PARTY WHO HAS ENTERED AN APPEARANCE IN THE MATTER.

I hereby enter a pro-se appearance in the following case. My current address is:

Karen M. ▮▮▮▮▮
P+3 Box 3710
Vergennes Vt. 05491

Telephone No. 759-2125

I understand it is my responsibility to keep the court informed of any changes to my address.

Date: March 25th          Karen ▮▮▮▮▮
                          Signature

FILED

M 25 13

FELL-00003007

Form 29

STATE OF VERMONT

ACCEPTANCE OF SERVICE

Addison COUNTY

| ☐ District Court | ☒ Family Court | ☐ Superior Court |

| Re: | Defendant | Docket No. |
| Re: | State vs. | In re: |
| Re: | Plaintiff Karen ███ vs. | Defendant ███ |

I, Karen ███ hereby Accept Service of the Final Order filed

Feb 24, 1993 in the above-entitled cause and waive all other form of service.

| Date Feb 24, 93 | Signature Karen N ███ |



FILED

M 22 93

FAMILY COURT

9/26/90

FELL-00003008

DH-PHS-DIV-89
21283

F53-3-92 AnDmd
COURT DOCKET NUMBER

DEPARTMENT OF HEALTH
**VERMONT RECORD OF DIVORCE OR ANNULMENT**

STATE FILE NUMBER

**HUSBAND**

1. HUSBAND'S NAME *(First, Middle, Last)*

| 2a. RESIDENCE—STATE | 2b. CITY OR TOWN | 3. MAILING ADDRESS *(Street and Number or Rural Route Number, City or Town, State, Zip Code)* |
|---|---|---|
| Vermont | Ripton | P.O. Box 136 |
| 4. BIRTHPLACE *(State or Foreign Country)* | 5. DATE OF BIRTH *(Month, Day, Year)* | Ripton, VT  05766 |
| New Jersey | | |

**WIFE**

| 6a. WIFE'S NAME *(First, Middle, Last)* | | 6b. MAIDEN SURNAME |
|---|---|---|
| Karen M. | | New |
| 7a. RESIDENCE—STATE | 7b. CITY OR TOWN | 8. MAILING ADDRESS *(Street and Number or Rural Route Number, City or Town, State, Zip Code)* RR#2  BOX 2193 |
| Vermont | Ripton | P.O. Vergenne, VT 05491 |
| 9. BIRTHPLACE *(State or Foreign Country)* | 10. DATE OF BIRTH *(Month, Day, Year)* | ~~Ripton, VT  05766~~ |
| Vermont | | |

**MARRIAGE**

| 11a. PLACE OF THIS MARRIAGE *(State or Foreign Country)* | 11b. CITY TOWN OR LOCATION | 11c. DATE OF THIS MARRIAGE *(Month, Day, Year)* |
|---|---|---|
| Vermont | New Haven | June 25, 1989 |

| 12a. DATE COUPLE LAST RESIDED IN SAME HOUSEHOLD *(Month, Day, Year)* | 12b. NUMBER OF CHILDREN UNDER 18 IN THIS HOUSEHOLD AS OF THE DATE IN ITEM 12a. | 13. PETITIONER |
|---|---|---|
| March 23, 1992 | Number  1   ☐ None | ☐ Husband  ☒ Wife  ☐ Both  ☐ Other *(Specify)*_____ |

| 14a. NAME OF PETITIONER'S ATTORNEY *(Type/Print)* | 14b. ADDRESS *(Street and Number or Rural Route Number, City or Town, State, Zip Code)* |
|---|---|
| John R. Barrera, Esq.  ☐ NO ATTORNEY | 102-C Court Street Middlebury, VT  05753 |

**DECREE**

| 15. I CERTIFY THAT THIS DECREE BECAME ABSOLUTE (FINAL) ON *(Month, Day, Year)* | 16. TYPE OF DECREE — Absolute Divorce or Annulment *(Specify)* | 17. COUNTY OF DECREE |
|---|---|---|
| May 24, 1993 | Absolute Divorce | Addison |

| 18. NUMBER OF CHILDREN UNDER 18 WHOSE PHYSICAL CUSTODY WAS AWARDED TO: | 19. LEGAL GROUNDS FOR DECREE *(Specify)* |
|---|---|
| Husband_____  Wife___1___ Joint (Husband/Wife)_____  Other_____ ☐ No Children | Six months separation. |

| 20. SIGNATURE OF COURT OFFICIAL | 21. TITLE OF COURT OFFICIAL | 22. DATE SIGNED *(Month, Day, Year)* |
|---|---|---|
| | | |

---

CONFIDENTIAL INFORMATION. THE INFORMATION BELOW WILL NOT APPEAR ON CERTIFIED COPIES OF THE RECORD.

THIS SECTION MUST BE COMPLETED BEFORE FILING WITH THE COUNTY CLERK
(Title18, Section 5004, V.S.A.)

| | 23. NUMBER OF THIS MARRIAGE—First, Second, etc. *(Specify below)* | 24. IF PREVIOUSLY MARRIED, LAST MARRIAGE ENDED | | 25. Race — White, Black, American Indian, etc. *(Specify)* | 26. EDUCATION *(Specify only highest grade completed)* | |
|---|---|---|---|---|---|---|
| | | By Death, Divorce, Dissolution, or Annulment *(Specify Below)* | Date *(Month, Day, Year)* | | Elementary/Secondary (0-12) | College (1-4 or 5+) |
| **HUSBAND** | 23a. First | 24a. | 24b. | 25a. White | 26a. 12 | |
| **WIFE** | 23b. First | 24c. | 24d. | 25b. White | 26b. 12 | |

Second Copy: Copy for lawyer or libelant

FELL-00003009

DH-PHS-DIV-89
21283

FS3-3-92 AnDivrel

COURT DOCKET NUMBER

DEPARTMENT OF HEALTH
**VERMONT RECORD OF DIVORCE OR ANNULMENT**

STATE FILE NUMBER

**HUSBAND**

1. HUSBAND'S NAME (First, Middle, Last)

| 2a. RESIDENCE—STATE | 2b. CITY OR TOWN | 3. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) |
|---|---|---|
| Vermont | Ripton | |
| 4. BIRTHPLACE (State or Foreign Country) | 5. DATE OF BIRTH (Month, Day, Year) | P.O. Box 136 |
| New Jersey | | Ripton, VT   05766 |

**WIFE**

| 6a. WIFE'S NAME (First, Middle, Last) | | 6b. MAIDEN SURNAME |
|---|---|---|
| Karen M. | | New |
| 7a. RESIDENCE—STATE | 7b. CITY OR TOWN | 8. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) |
| Vermont | Ripton | #272    Box 243 |
| 9. BIRTHPLACE (State or Foreign Country) | 10. DATE OF BIRTH (Month, Day, Year) | P.O. Box 114, VT  5791 |
| Vermont | | Ripton, VT   05765 |

**MARRIAGE**

| 11a. PLACE OF THIS MARRIAGE (State or Foreign County) | 11b. CITY TOWN OR LOCATION | | 11c. DATE OF THIS MARRIAGE (Month, Day, Year) |
|---|---|---|---|
| Vermont | New Haven | | June 25, 1989 |
| 12a. DATE COUPLE LAST RESIDED IN SAME HOUSEHOLD (Month, Day, Year) | 12b. NUMBER OF CHILDREN UNDER 18 IN THIS HOUSEHOLD AS OF THE DATE IN ITEM 12a. | 13. PETITIONER | |
| March 23, 1992 | Number 1    ☐ None | ☐ Husband  ☒ Wife  ☐ Both  ☐ Other (Specify) | |
| 14a. NAME OF PETITIONERS ATTORNEY (Type/Print) | | 14b. ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) | |
| John R. Barrera, Esq.  ☐ NO ATTORNEY | | 102-C Court Street  Middlebury, VT   05753 | |

**DECREE**

| 15. I CERTIFY THAT THIS DECREE BECAME ABSOLUTE (FINAL) ON (Month, Day, Year) | 16. TYPE OF DECREE — Absolute Divorce or Annulment (Specify) | | 17. COUNTY OF DECREE |
|---|---|---|---|
| May 24, 1993 | Absolute Divorce | | Addison |
| 18. NUMBER OF CHILDREN UNDER 18 WHOSE PHYSICAL CUSTODY WAS AWARDED TO :   Husband_____ Wife__/__   Joint (Husband/Wife)_____ Other_____   ☐ No Children | 19. LEGAL GROUNDS FOR DECREE (Specify)   Six months Separation. | | |
| 20. SIGNATURE OF COURT OFFICIAL | 21. TITLE OF COURT OFFICIAL | | 22. DATE SIGNED (Month, Day, Year) |

Third Copy: Copy to be retained by court

FELL-00003010

```
==================================================================
:rmont Family Court    SCHEDULING/ENTRY ORDER - JUDGE    Addison County
==================================================================
   Docket 53-3-92 Andm  (div)        ████████████
-------------------------------------------------------------------
:ase Track:    Not set                    Last judge: M. S. Kupersmith
Iearing(s) set:Final Hearing - Uncontested Divorce, Wed, 02/24/93, 01:30 PM
-------------------------------------------------------------------
)# 1   plf  ████████████          Barrera, John R.
i# 2   def  ████████████       ✓  Brown, Kevin E.  ℋ. Peul
i# 3   min  ████████████
i# 4   gp   ████████████
:# 5   gal  ████ Bennett, Susan
-------------------------------------------------------------------
:otion/Petitions/Requests              Filed    ----- Current Status -----
                                                Status  Jud/Mag  Date
   R/to establish child support         03/30/92  isset   MSK    12/22/92
   R/to establish parental rights & resp.03/30/92 isset   MSK    12/22/92
   R/to establish parent-child contact  03/30/92  isset   MSK    12/22/92
   R/for Property Division              03/30/92  isset   MSK    12/22/92
   M/for Temporary Relief               03/30/92  isset   MSK    12/22/92
   M/Grandparent's Visitation.          06/18/92  isset   MSK    12/22/92
   M/Increased Grandparents Visit.      10/21/92  isset   MSK    12/22/92
   M/to Continue                        11/23/92  granted MSK    11/23/92
   P/to modify child support            12/21/92  isset   MSK    12/22/92
==================================================================

:cheduled for:             Moving party:  Commenced  Completed  Continued
inal Hearing - Uncontested Divorce        _____    _____    _____
-------------------------------------------------------------------

idge's  entries:

_____

_____

_____

_____

_____

_____

_____


        _____      _____
                Date                         Judge

.d.ws
```

FELL-00003011

STATE OF VERMONT                    FAMILY COURT
                                   CIVIL ACTION
COUNTY OF ADDISON, ss.             DOCKET NO. F53-3-92AnDmd

KAREN M. ███

    vs.

███████████████

## STIPULATION FOR FINAL ORDER

The parties have conferred with their respective counsel and with the guardian ad litem Susan J. Bennett, and hereby agree and stipulate that the following terms and provisions will be incorporated into a Final Order:

1. The parties shall share legal rights and responsibilities for the minor child, and shall communicate and cooperate as needed regarding the sharing of these responsibilities. Karen shall have the physical legal rights and responsibilities for the minor child, Michael, subject to visitation rights in favor of ████ as herein stated.

2. During the period that ██████ is incarcerated, Karen shall transport the minor child to the Rutland Correctional Center one (1) weekend per month, on Sunday afternoon from approximately 3:00 p.m. to 4:45 p.m.

3. The grandparent ████████ shall have the right to have the child with her for one (1) weekend per month, from Friday evening at 7:00 p.m. until Sunday at 4:00 p.m. The particular weekend shall be by agreement of the parties.

4. When ██████ is released from incarceration, he shall

)HN R. BARRERA
TTORNEY AT LAW
2-C COURT STREET
)LEBURY, VT 05753
802) - 388-6371

- 1 -

FELL-00003012

have reasonable rights of visitation, at reasonable times and places, upon reasonable prior notice to Karen.

5.   Each party is perpetually restrained and enjoined from interfering with the personal liberty of the other, nor shall either party abuse the other, or physically contact the other in any way, nor shall there be verbal harassment or abuse of any kind.  In addition, neither party shall ever enter or be in the residence of the other party.  This provision may be enforced under the abuse provisions of 15 V.S.A. Chapter 21.  The prohibition pertaining to the entering the residential property of the parties, includes the residential property of Karen's parents in Ripton, Vermont, and the residential property of ███████ parents in Barre, Vermont.

6.   Child support payments shall be made in accordance with the Vermont Child Support Guidelines.

7.   The personal property and motor vehicles which the parties owned at the time this action was filed (March 30, 1992) have been disposed of by agreement of the parties.  Neither party is awarded any interest in any particular item of personal property.

8.   As to marital debt, the indebtedness to GMAC has been resolved by a repossession of the car in question.  Any deficiency owed GMAC shall be the equal responsibility of each party.  The Mastercard debt ($1,430.00), the Chase Manhattan Visa debt ($1,100.00), and the Sears

OHN R. BARRERA
ATTORNEY AT LAW
02-C COURT STREET
JDLEBURY, VT 05753
(802) 388-6371

- 2 -

FELL-00003013

debt ($1,550.00), shall be the sole responsibility of Karen.  The Vermont Federal Visa debt (approximately $1,000.00), shall be the sole responsibility of Patrick. Each shall hold the other harmless for any liability in connection with said indebtedness.

9. Each party is restrained and enjoined from making further use of any joint credit cards owned by the parties.

10. Other than as stated above, there is no other marital debt.

11. When ▓▓▓▓▓ becomes employed, he shall maintain ▓▓▓▓▓ on any group health insurance policy, if available through his employment at a reasonable cost.  The parties shall each be responsible for 1/2 of the cost of any uninsured (including deductible) medical or dental costs.

12. During any time when ▓▓▓▓▓ is exercising visitation, he shall be alcohol and drug free, nor shall he have any alcoholic beverage or drugs on his person or in his possession at the time.

Dated at Middlebury, Vermont this 24th day of February, 1993.

Karen M. ▓▓▓▓▓▓

Dated at _Middlebury_, Vermont on this 24th day of February, 1993.

▓▓▓▓▓▓▓▓▓

by _Michael Read_ as attorney-in-fact

- 3 -

JOHN R. BARRERA
ATTORNEY AT LAW
102-C COURT STREET
MIDDLEBURY, VT 05753
(802) - 388-6371

Dated at _____, Vermont on this _____ day of February, 1993.

_____
Joyce M. Gagnon

APPROVED AS TO FORM:

_____
John R. Barrera, Esq.

_____
Kevin Brown, Esq.

_____
Susan J. Bennett, Guardian
Ad Litem

JOHN R. BARRERA
ATTORNEY AT LAW
102-C COURT STREET
DDLEBURY, VT 05753
(802) - 388-6371

- 4 -

FELL-00003015

STATE OF VERMONT

ADDISON COUNTY, SS.

ADDISON FAMILY COURT

DOCKET NO.  F53-3-92AnDmd

KAREN M. ███████ )
             )
      vs.    )
             )
████████████████ )

### ACCEPTANCE OF SERVICE

I, ████████████, the Defendant in the above matter, hereby accept service of the FINAL ORDER FOR RELIEF FROM ABUSE, and agree that such acceptance of service shall be as binding upon me as if a copy of the same were delivered to me personally by a duly authorized officer, and I expressly waive all further notice.

Dated at Rutland, Vermont, this 29ᵗʰ day of January, 1993.



FILED

E -8

ADDISON FAMILY COURT
EPPERSON, CLERK

FELL-00003016



## STIPULATION REGARDING RELIEF ABUSE ORDER

The relief from abuse ~~from abuse~~ order presently in force shall be AMENDED as follows:

1. ████████████ will have parent-child contact with Michael while Patrick remains ~~in the~~ INCARACERATED.

2. Such parent-child contact will take place on alternate ~~Sun~~ Sundays ~~from from~~ Afternoons during the times available ~~from~~ for inmate visitation at Rutland County Correctional Center (approximately 3:00 - 4:45 pm).

3. ████████████, ████████████, grandmother, will transport Michael ~~or~~ to see Patrick on one Sunday ~~weekend~~ day visitation day. Then ████████████ will transport Michael to see ████████████ on the next Sunday visitation day.

4. In the event that alternative visitation arrangements become available at the place of ████████ incarceration, the parties ~~are with attempt~~ agree to negotiate in good faith to provide for less restrictive visitation arrangements.

JAN 2 6 1998

ADDISON COUNTY
CHIP BEGSLE, CLERK

FELL-00003017



Karen M. ████
KAREN

████ ████ by Kevin Brown
Attorney in
Fact!

Approved as to form

J. Barrera
John BARRERA
Attorney for Karen ████

Kevin Brown
Kevin Brown
Attorney for ████

FELL-0000003018

Form No. 821

| Vermont Family Court | County | Docket Number |
|---|---|---|

SCHEDULING/ENTRY ORDER

| Plaintiff | | Defendant |
|---|---|---|
| | V. | |
| Attorney _____ GAL _____ | | Attorney _____ GAL _____ |

Commenced   Completed   Continued

Scheduled for: 1. _____   ___   ___   ___

2. _____   ___   ___   ___

3. _____   ___   ___   ___

Magistrate's Entries:

_____

_____

_____

_____

_____

_____

Next Proceeding: Court___   Magistrate___   Date_____   Time____

Tape _____   Mag._____

FILED

JAN 2 6 1993

ADDISON FAMILY COURT
PHIL EPPERSON, CLERK

Judges' Entries:

_visitation agreed upon_

_→ abuse order to be amended + rep filed_

_(grandmother will take child to see father 1/mo_

_F will take him 1/mo_

_parties are negot. re (both parties are considering_

_bankruptcy)_

Next Proceeding: _final (✓) - 30 days_

Schedule _____   hrs./mins.   on/after _____

Off Record/Reporter_____   Judge_____

FELL-00003019

Form Number 368
Motion Reaction Form

Hold for memo until: _Nov 10th_

XX  Family Court

**STATE OF VERMONT**

| ☐ DISTRICT COURT OF VERMONT | Unit No. | Circuit/County | Docket Number |
| ☐ SUPERIOR COURT OF VERMONT | 2 | Addison | F53-3-92AnDmd |

KAREN ███  V. ███

## ENTRY REGARDING MOTION

Motion for Increased Grandparent's Visitation, and
Title of Motion: Supervision of Parent/Child Contact with father of the children.-jc.

Date Motion Filed: October 21, 1992

Party Filing Motion:
☐ Plaintiff/State_____
☐ Defendant_____
X☐ Other_ Paternal Grandmother: ███

Date Response Filed: _____
("NONE" If None Filed )

____ Granted    Compliance by_____

____ Denied

____ Scheduled for hearing on:_____ at _____; Time Allotted_____
(Date)         (Time)

____ Other

_____  _____  _____
Presiding Judge   Assistant Ju███      Date

Date copies sent to:
Plaintiff/State_____
Defense    _____
Other      _____
           _____    Is _____

R2/87

Form No. 821

| Vermont Family Court | County | Docket Number |
|---|---|---|

SCHEDULING/ENTRY ORDER

| Plaintiff | V. | Defendant |
|---|---|---|
| Attorney _____ <br> GAL _____ | | Attorney _____ <br> GAL _____ |

Commenced   Completed   Continued

Scheduled for: 1. _____    ___    ___    ___

2. _____    ___    ___    ___

3. _____    ___    ___    ___

Magistrate's Entries:

_____

_____

_____

_____

_____

_____

_____

Next Proceeding: Court___   Magistrate___   Date_____   Time_____
Tape _____   Mag._____

Judges' Entries: _A_ _uicaccerele e au of_ 12/21 _____

_ceutody/viritetin au ceren._

_ul k 5C in 3u days_ ⌐

FILED

DEC 2 2 1992

ADDISON FAMILY COURT
CHIP EPPERSON, CLERK

Next Proceeding: _____

Schedule _____ hrs./mins.   on/after _____

Off Record/Reporter_____   Judge_____   _____

Assistant Judge

FELL-00003021

ADDISON FAMILY COURT
5 Court Street
Middlebury, VT    05753

## NOTICE OF HEARING

Karen ███████

v.                                        Docket # F53-3-92AnDmd

███████████

    You are hereby notified to appear at the **Addison Family Court** in connection with the above captioned case on:

            Date:                          Time:

            December 22, 1992              9:00 a.m.

For the following:  Status Conference or Final Hearing (u).

The Court has allotted 10 minutes for this hearing.

                                        Respectfully,

                                        F̄₍ *Need to schedule*
                                        D₍ *Pet. to MoN. C.S.*

cc: J.Barrera, Esq.
    K.Brown, Esq.
    GAL: S.Bennett

FELL-00003022

VERMONT FAMILY COURT

ADDISON COUNTY, SS.
DOCKET NO. F53-3-92AnDmd

## PETITION TO MODIFY CHILD SUPPORT

Plaintiff: KAREN M. ███████
Address:

Defendant: ███████████
Address: P.O. Box 5561
Essex Jct., VT 05453

SS #_____

SS #: ███████████

Petitioner, ██████████████, requests the Court, pursuant to 15 V.S.A. §660, to increase a child support order as follows:

1. On May 14, 1992, the Addison Family Court ordered ███████████ to pay $135.17 per week for each of the minor child of the parties as child support.

2. I am the parent of the children from whom child support has been ordered.

3. Respondent, Karen M. ███████ is the parent of the children for whom child support has been ordered.

4. Under the Child Support Guidelines, I believe the existing support order would be decreased by more than 10%.

5. Since the Court issued the child support order, there has been a real, substantial and unanticipated change of circumstances. I have detailed the change of circumstances in the attached affidavit.

In support of this petition, I enclose an affidavit containing my income and assets. The Respondent has failed and refused to accept delivery of an income and assets affidavit and to furnish the Petitioner with sufficient information to calculate the child support payable under the Child Support Guidelines.

THEREFORE, I request this Honorable Court:

A. Order the Respondent to file a complete affidavit containing his income and assets.

B. Modify the child support order and order ███████████ to pay child support in accordance with the current Child Support Guidelines on a weekly basis.

DATED: December 21, 1992



FILED

DEC 2 1 1992

ADDISON FAMILY COURT
CHIP EPPERSON, CLERK

STATE OF VERMONT                    ADDISON FAMILY COURT
ADDISON COUNTY, SS.                 DOCKET NO.  F53-3-92AnDmd

KAREN M. ███████        )
                        )
    vs.                 )
                        )
████████████████        )

### AFFIDAVIT OF ████████████████

In support of the Petition to Modify Child Support, subject to penalties of perjury, I state the following facts, which are true to the best of my knowledge and belief.

1.    On March 30, 1992, Karen ████ filed for divorce.  The Addison Family Court issued a Temporary Child Support Order on May 14, 1992 which required Petitioner, ████████████ to pay $585.30 per month ($135.17 per week) for the support of the parties' minor child, ████████.  The Order also required that Petitioner provide health insurance for ████████ and directed that Petitioner pay 50% of the medical or other health expenses unreimbursed by insurance.

2.    At the time the Family Court issued the Temporary Child Support Order, I was employed as a meatcutter with A&P. On or about September 14, 1992 I was fired from my job at A&P.

3.    Since the termination of my employment, I have been unable to find employment.

4.    I am currently enrolled in the residential treatment program at Maple Tree Farm Associates, Inc. for alcohol dependency.



FILED

DEC 2 1 1992

ADDISON FAMILY COURT
CHIP EPPERSON, CLERK

5.    Before I began the residential treatment program, I qualified for unemployment compensation benefits in the amount of $199.00 per week.

6.    I am not receiving any unemployment compensation benefits since I am enrolled in the residential treatment program.

7.    I very much want to provide for my son; however, I simply cannot afford to pay the $585.30 per month in child support payments as required by the current order.

DATED at Underhill, Vermont, this ___4th___ day of December, 1992.

Subscribed and sworn to on this ___4th___ day of December, 1992.

Before me, _____
/ Notary/Public

FELL-00003025

| COVER SHEET | VERMONT FAMILY COURT | COUNTY ADDISON | DOCKET NUMBER F53-3-92AnDmd |
|---|---|---|---|
| Plaintiff KAREN M. ▓ | | Defendant ▓ | |

1. Case Type:    A) ___ New                                    **X** Existing
                 B) **X** Divorce                              ___ Annulment
                    ___ Desertion & nonsupport                 ___ Parentage
                    ___ Legal Separation                       ___ Other
                 C) Minor Children?  **X** Yes                 ___ No

2. The ___ Plaintiff ___ Defendant is a recipient of public assistance from or through the Department of Social Welfare.

3. Existing Court Orders or Court proceedings involving the plaintiff, Defendant, or the child(ren) of the plaintiff and defendant:

   A)    **X** Child Support: Date of the Order and the date(s) it was modified:  _5/14/92_ .  Name and location of Court:  _ADDISON FAMILY COURT_

   B)    **X** Domestic Abuse; Docket #F98-8-92AnFa.  Name and location of court:  _ADDISON FAMILY COURT_ .

4. If the plaintiff and the defendant together have minor children, attach a completed Affidavit of Child Custody, Form No. 135.

5. Action Requested:

   ___ Establish Support                    **X** Modify Support
       ___ Child                                **X** Child
       ___ Maintenance Supplement               ___ Maintenance Supplement
       ___ Spouse                               ___ Spouse
   ___ Establish Parental Rights and        ___ Modify Parent Rights and
       Responsibilities (Custody)               Responsibilities (Custody)
   ___ Establish Parent-Child              ___ Modify Parent-Child
       Contact (Visitation)                     Contact (Visitation)
   ___ Establish Paternity                 ___ Contempt
   ___ Wage Withholding                    ___ Enforcement
                                           ___ Other: _____

6. Contested Issues:

   ___ Parental Rights and                 ___ Parent-Child Contact
       Responsibilities (Custody)              (Visitation)
   ___ Possession of Home                  ___ Possession of Property
   **X** Child Support                     ___ Maintenance Supplement
   ___ Spousal Support                     ___ Other: _____

7. Service of Process:

   ___ No Child Support Issues; Plaintiff will serve
   ___ Child Support Issues; Clerk will serve
       ___ Serve by 1st class mail with acknowledgement
       ___ Serve by Certified Mail:   $_____ attached
       ___ Serve by Personal Service: $_____ attached
       ___ Service Completed; Return/Acceptance of Service is attached

8. ___ Plaintiff ___ Petitioner requests assistance from the Office of
   Child Support.

**FILED**
**DEC 21 1992**
ADDISON FAMILY COURT
CHIP EPPERSON, CLERK

FELL-00003026

Form Number 368
Motion Reaction Form

Hold for memo until: _____

Family Court of VT

## STATE OF VERMONT

| | Unit No. | Circuit/County | Docket Number |
|---|---|---|---|
| ☐ DISTRICT COURT OF VERMONT | II | Addison | F53-3-92AnDmd |
| ☐ SUPERIOR COURT OF VERMONT | | | |

Karen M. ▓▓▓▓▓                                      V. ▓▓▓▓▓▓▓▓

### ENTRY REGARDING MOTION

Title of Motion: __Motion for Continuance__

Date Motion Filed: __November 23, 1992__

Party Filing Motion:

    ☐ Plaintiff/State _____

    ☒ Defendant __Kevin Brown, Esq.__

    ☐ Other _____

Date Response Filed: _____
    ("NONE" If None Filed )

⟍ Granted    Compliance by _____

—— Denied

—— Scheduled for hearing on: _____ at _____ ; Time Allotted _____
    (Date)    (Time)

—— Other


_____    _____    _____    11/03/92
Presiding Judge    Assistant Judge    Assistant Judge    Date

Date copies sent to: 11/23/92
Plaintiff/State J. Barrero
Defense K. Brown
Other GAL: S. Bennett
_____

Clerk's Initials _CLE_

R2/87

FELL-00003027

STATE OF VERMONT                          ADDISON FAMILY COURT

ADDISON COUNTY, SS.                       DOCKET NO.  F53-3-92AnDmd


KAREN M. ███            )
                       )
     vs.               )
                       )
███████████████        )


## MOTION FOR CONTINUANCE

NOW COMES the Defendant, ████████████████, by and through his attorney, Kevin E. Brown of Langrock Sperry & Wool, and hereby moves this Court for a continuance of the Status Conference presently scheduled for Tuesday, November 24, 1992. In support of this Motion, Defendant states as follows:

1.    ████████████ began residential treatment program for alcohol dependency at Maple Leaf Farm Associates on November 16, 1992.  Mr. ████'s treatment program is expected to take twenty-eight (28) days to complete.

2.    The central issue in the parties' divorce concerns Mr. ████'s visitation with his son, ████████.  The parties cannot realistically resolve the visitation issue until the completion of Mr. ████'s treatment program.  Therefore, Defendant respectfully submits that a status conference on November 24, 1992 would be of little value.

3.    Mr. ████ respectfully requests that the Court continue the November 24 Status Conference and reschedule it for a time soon after his completion of the residential treatment on December 14, 1992.

NOV 23 1992

4.    Defendant's counsel has discussed this Motion with Plaintiff's counsel, Attorney John Barrera.  Defense counsel is authorized to say that Plaintiff joins in this request for a continuance.

DATED at Middlebury, Vermont, this 20th day of November, 1992.

LANGROCK SPERRY & WOOL

BY: _____
Kevin E. Brown, Esq.
P.O. Drawer 351
Middlebury, VT   05753

Attorneys for Defendant

FELL-00003029

ADDISON FAMILY COURT
5 Court Street
Middlebury, VT    05753

## NOTICE OF HEARING

Karen ███

v.                                          Docket # F53-3-92AnDmd

███████

You are hereby notified to appear at the **Addison Family Court** in connection with the above captioned case on:

Date:                          Time:

**November 24, 1992**            8:30 a.m.

For the following:  **Status Conference.**

The Court has allotted 10 mintues for this hearing.

Respectfully,

_Signature_
Family Court Manager

Date: October 13, 1992

cc: J.Barrera, Esq.
    A.Patt, Esq.
    GAL: S.Bennett

FELL-00003030

October 19, 1992

Addison County Family Court
5 Court Street
Middlebury, Vt.    05753

Dear Gentleperson:                    Re:    Karen ███ vs. ████████████

I am the natural Paternal Grandparent of the minor child,
████████.    I now have visitation rights consisting of one weekend
a month.    I am requesting that the Court, consider granting me,
my son ████████' visitation .

I believe that since ████████ has no visitation at this time, he
would be able to see his son at my home, under my supervision and
that seeing his son would help give him an incentive to  rebuild
his life.  It must be traumatic not seeing your own child at all.

I would be willing to abide with any restrictions that the Court
would find necessary, as well as providing the transportation
necessary to and from my home for ████████

Respectfully Yours,

████████████

cc:    Larry Novins, Attorney at Law

OCT 2 1 1992

FELL-00003031

10/8    for further SC in 30 days

Ct encourage parties to reach
agreement in interim

FILED

OCT 3 1992

FELL-00003032

```
Docket No.  448-8-92 Ancr      State vs. ██████████████████ 448-8-92 Ancr
```

Vermont District Court
Unit 2, Addison District Circuit

```
Prosecutor:    John T. Quinn          Defendant:  ██████████████████
                                      DOB:        ████████
Motions pdg:                          POB:        S. Amboy, NJ
Bail set:                             Atty:       Larry S. Novins
Incarcerated:  released               Aliases:
Case Status:                          Address:    P. O. Box 5561
     Active - Pretrial                            Essex Junction VT 05453
Next Hearing:  Calendar Call, Tuesday, November 3, 1992, 01:00 PM
```

```
===============================================================================
Dspt  Docket No.     Ct.  Offense               Statute          F/M/O
===============================================================================
1     448-8-92 Ancr   1   SIMPLE ASSAULT        13  1023         mis
===============================================================================
```

08/23/92    Cash bail set by Kathy Keeler on dispute 1. Amount this dispute(s):
            1000.00, Total: 1000.00. Condition[s] 1-3,10,14 imposed; No 10: to
            post $1000.00 cash or surety bail; No.14: not to associate with Karen
            Marie ████, No.14: not to harass Karen Marie████

08/24/92    Information and Affidavit filed on 1 dispute.
            Dispute 1 is Docket No. 448-8-92 Ancr Count #1, SIMPLE ASSAULT,
            Misdemeanor, 13 V.S.A. Sec. 1023. Alleged offense date: 08/22/92.
            Arrest/citation date: 08/22/92 by Middlebury PD.
            Arraignment set for 08/24/92 at 02:00 PM.
            Arraignment held.  DAJ/TAPE.
            Probable Cause found by Judge D. A. Jenkins on dispute 1.
            Appearance entered by Tony Patt.
            Copy of Affidavit and Information given to defendant.  24 hour rule
            waived.
            Reading of Information waived.  Defendant pleads not guilty on
            dispute 1. Pre-trial discovery order issued.
            Cash bail set by D. A. Jenkins on dispute 1. Amount this dispute(s):
            0.00, Total: 0.00. Condition[s] 1-3,6,12,14,17 imposed; No.6: to
            reside in Chittenden Or Washington Counties. County; No 10: to post
            $1000.00 cash or surety bail; No.14: not to associate with Karen
            Marie ████, No.14: not to harass Karen Marie████; additional
            conditions: Abide by any abuse order.
            Calendar Call set for 09/29/92 at 01:00 PM.
            Jury Drawing set for 09/30/92 at 09:00 AM.  Bail struck.
09/28/92    Motion to Withdraw as Counsel filed by Attorney Tony Patt for
            Defendant ██████████████ on dispute 1. Motion to Withdraw as
            Counsel given to judge.
09/29/92    motion to Withdraw as Counsel granted by M. S. Kupersmith.  Parties
            notified on the record.
            Attorney Tony Patt withdraws.
            Attorney assigned: Larry S. Novins.
            Calendar Call held.  MSK/TAPE.
            Jury Drawing scheduled for 09/30/92 cancelled.
            Calendar Call set for 11/03/92 at 01:00 PM.  Case Status: Active -
            Pretrial.
            Jury Drawing set for 11/04/92 at 09:00 AM.

FELL-00003033
```

```
Docket No.   483-9-92 Ancr        State vs. ██████████████     83-9-92 Ancr
```

Vermont District Court
Unit 2, Addison District Circuit

Prosecutor:    John T. Quinn        Defendant:    ███████████████
                                    DOB:          ████████
Motions pdg:                        POB:          S. Amboy, NJ
Bail set:                           Atty:         Larry S. Novins
Incarcerated:  released             Aliases:
Case Status:                        Address:      P. O. Box 5561
     Active - Pretrial                            Essex Junction VT 05453
Next Hearing:  Status Conference, Monday, October 19, 1992, 10:00 AM

=======================================================================
Dspt  Docket No.     Ct.  Offense                    Statute        F/M/O
=======================================================================
1     483-9-92 Ancr   1    BURGLARY                   13  1201        fel
=======================================================================

09/14/92    Information and Affidavit filed on 1 dispute.
            Dispute 1 is Docket No. 483-9-92 Ancr Count #1, BURGLARY, Felony, 13
            V.S.A. Sec. 1201. Alleged offense date: 09/12/92.  By Middlebury PD.
            Note: Request for arrest warrant filed by SA.
09/15/92    Arrest warrant ordered on dispute 1 by M. S. Kupersmith per
            application of prosecutor.  $5000.00 bail set.
            Arrest warrant issued by Judge M. S. Kupersmith, Warrant No. 1454
            assigned.
            Arrest warrant no. 1454 served: defendant arrested.
            Note: paperwork faxed to Chittenden District Court.
            Note: Defendant was arraigned in Chittenden District Court. By Judge
            Kilburn/Trotter Did not waive 24 hour rule.
            Cash bail set by Ronald F. Kilburn on dispute 1. Amount this
            dispute(s): 5000.00, Total: 5000.00. Condition[s] 1-3,6,10,12,14,17
            imposed; No.6: to reside in Chittenden or Washington County; No 10:
            to post $5000.00 cash or surety bail; No.14: not to associate with
            Karen Ryan, No.14: not to harass Karen Ryan; additional conditions:
            Abide by any abuse order.
            Mittimus for Failure to Give Bail issued.  Custody status: Chittenden
            CCC. Conditions of Release signed by defendant. Bailmitt issued at
            Chitt Dist. Ct.
            Arraignment set for 09/16/92 at 01:30 PM.
09/16/92    Arraignment held.  MSK/TAPE.
            Probable Cause found by Judge M. S. Kupersmith on dispute 1.
            Copy of Affidavit and Information given to defendant.  24 hour rule
            waived.
            Reading of Information waived.  Defendant pleads not guilty on
            dispute 1. Pre-trial discovery order issued.  Public Defender
            requested.
            Public Defender ordered. Payment of 436.00 ordered; Agreement no.
            1595 assigned.
            Attorney assigned: Larry S. Novins.
            Appearance bond set by M. S. Kupersmith on dispute 1.Amount this
            dispute(s): 0.00, Total: 0.00, with 0.00 deposit. Condition[s]
            1-6,9,11-12,14-15,17 imposed. No.4: released into the custody of
            ███████████   No.5: to report to Barre Police Dept. Twice daily,
            before; No.6: to reside in Washington EXCEPT to go to work & Court
            County; No.9: to deposit ten percent of a $10,000.00 appearance bond;
            No 10: to post $5000.00 cash or surety bail; No.14: not to associate
            with Karen ████  No.14: not to harass Karen ████  NO PHONE CALLS, No.
            15: to appear in court on for all hearings & conferences; additional
            conditions: Defendant shall not enter Addison County for any reason
            except to go go Court or attorney's office; He must take direct
            routes and leave county immediately.
```

FELL-00003034

Status Conference set for 10/19/92 at 10:00 AM.

09/21/92  Motion To Review Conditions Of Release filed by Attorney John T. Quinn for Plaintiff State on dispute 1. Motion To Review Conditions Of Release given to judge.
Motion Hearing set for 09/21/92 at 03:30 PM.
Motion Hearing held.  MSK/TAPE.
Appearance bond set by M. S. Kupersmith on dispute 1.Amount this dispute(s): 0.00, Total: 0.00, with 0.00 deposit. Condition[s] 1-6,9,11-12,14-15,17 imposed. No.4: released into the custody of ████████████; No.5: to report to Barre Police Dept. Twice daily, before; No.6: to reside in Washington EXCEPT to go to work & Court County; No.9: to deposit ten percent of a $10,000.00 appearance bond; No 10: to post $5000.00 cash or surety bail; No.14: not to associate with Karen Ryan, No.14: not to harass Karen ████ NO PHONE CALLS, No. 15: to appear in court on for all hearings & conferences; additional conditions: Defendant shall not enter Addison County for any reason except to go go Court, attorney's office & Probation Office; He must take direct routes & leave county immediately.  Def can also come to E. Middlebury, Vt to get property-Must use Route 116 to arrive and leave on 9/22/92.
motion To Review Conditions Of Release rendered moot. By M. S. Kupersmith.  Parties notified on the record.

FELL-00003035

Form No. 821

| Vermont Family Court | County | | Docket Number |
|---|---|---|---|

SCHEDULING/ENTRY ORDER

| Plaintiff | | V. | Defendant | |
|---|---|---|---|---|
| Attorney _____ GAL _____ | | | Attorney _____ GAL _____ | |

                                                  Commenced  Completed  Continued

Scheduled for: 1. _____  ___  ___  ___

               2. _____  ___  ___  ___

               3. _____  ___  ___  ___

Magistrate's Entries:

_____

_____

_____

_____

_____

_____

_____

Next Proceeding: Court___  Magistrate___  Date_____  Time_____
          Tape _____  Mag._____

Judges' Entries:

_Parties in general agreement_

_a stip to be filed_

FILED

AUG - 6 1992

Next Proceeding: _____

Schedule _____  hrs./mins.  on/after _____

Off Record/Reporter_____  Judge_____

   Assistant Judge_____  Assistant _____

FELL-00003036

Form 29

STATE OF VERMONT

ACCEPTANCE OF SERVICE

Addison COUNTY

| ☐ District Court | ☑ Family Court | ☐ Superior Court |

Re:  | Defendant | Docket No. |
Re:  | State vs. | In re: |
Re:  | Plaintiff Karen M. ▇▇▇. | Defendant ▇▇▇ |

I, Karen M. ▇▇▇ - hereby Accept Service of
the Temporary Order filed
July 17, 1992 in the above-entitled cause and waive all
other form of service.

| Date July 21ˢᵗ 92 | Signature Karen M ▇▇▇ |

FILED

JUL 21 1992

Family ▇▇▇
▇▇▇
Addison Circuit

9/26/90

FELL-00003037

Form Number 368
Motion Reaction Form

Hold for memo until: _____

XX  Family Court

**STATE OF VERMONT**

| ☐ DISTRICT COURT OF VERMONT ☐ SUPERIOR COURT OF VERMONT | Unit No. 2 | Circuit/County Addison | Docket Number F53-3-92AnDmd |
|---|---|---|---|

KAREN ▓▓▓▓▓ _____ V. ▓▓▓▓▓▓▓▓▓▓▓ _____

## ENTRY REGARDING MOTION

Title of Motion:___Motion for Grandparent's Visitation._____

Date Motion Filed:___June 18, 1992_____

Party Filing Motion:      ☐ Plaintiff/State_____

                         ☐ Defendant_____

                    X☑ Other____▓▓▓▓▓▓▓___, grandparent____

Date Response Filed: _____
                    ("NONE" If None Filed )

_____Granted        Compliance by_____

_____Denied

___✓___Scheduled for hearing on:___S/Chuf. Aug 6, 1992 at ___9:00 AM___; Time Allotted __10 min__
                                   (Date)              (Time)

_____Other


_____        _____        _____        __7/21/92__
Presiding Judge                       Assistant Judge                Assistant Judge                /Date

Date copies sent to:

Plaintiff/State___7/21/92____

Defense ____7/21/92___

Other ▓▓▓▓▓▓▓___7/21/92___

Clerk's Initials __H__

R2/87

FELL-00003038

STATE OF VERMONT                FAMILY COURT
                               CIVIL ACTION
COUNTY OF ADDISON, ss.         DOCKET NO. F53-3-92AnDmd

KAREN M. ███████

        vs.

███████████████████

### STIPULATION FOR TEMPORARY ORDER

The parties and their counsel have conferred with each other, and with the guardian ad litem Susan J. Bennett, and hereby agree that the following terms and provisions will be incorporated into a Temporary Order:

1. The parties shall share legal rights and responsibilities for the minor child, and shall communicate and cooperate as needed regarding the sharing of these responsibilities. Karen shall have the physical rights and responsibilities for the minor child, ███████ subject to visitation rights in favor of ███████, as herein stated.

2. ███████ shall have visitation with ███████ for two (2) days per week, on his days off, from 8:30 a.m. until 7:00 p.m. In the event ███████s regular day off is not on a Thursday, then he shall give two (2) days prior notice to Karen of his day off.

3. Karen shall enroll in a counseling program at the Addison County Counseling Service, pertaining to the responsible use of alcohol. Neither party shall consume alcoholic beverages or drugs (except drugs for medicinal


FILED

JUN 25 1992

- 1 -

FELL-00003039

purposes) while the child is in the care and custody of that particular parent.

4. ▮▮▮▮▮ shall be entitled to overnight visitations with ▮▮▮▮▮, and shall have alternating weekend visitations, beginning Friday evenings at 5:00 p.m., and ending on Sunday afternoons at 5:00 p.m., when it is established that he has enrolled in, and is actively participating in a structured alcohol program, and has further restructured his residential living arrangements to avoid associations with persons with alcohol or substance abuse problems.

5. In addition, after these conditions are met, ▮▮▮▮▮ shall be entitled to have ▮▮▮▮▮ with him for ▮▮▮▮▮ one (1) week summer vacation.

6. During those times when ▮▮▮▮▮ is with ▮▮▮▮▮ any motorcycle rides shall be confined to paved roads within a two (2) mile radius of ▮▮▮▮▮ place of residence.

7. ▮▮▮▮▮ shall maintain ▮▮▮▮▮ on his group health insurance policy. The parties shall each be responsible for ½ of the cost of any uninsured (including deductible) medical or dental costs.

8. ▮▮▮▮▮ shall have the use and possession of the 1977 Chevy pick-up truck, and may sell same and retain the proceeds for himself. He shall also retain the use and ownership of the 1989 Chevrolet car and the 1978 Jeep.

9. The Plaintiff shall retain the use and ownership of the vehicle presently in her possession.

- 2 -

10. Each party shall be restrained and enjoined from interfering with the personal liberty of the other, nor shall either party abuse the other, or physically contact the other in any way, nor shall there be verbal harassment or abuse of any kind. In addition, neither party shall enter or be in the residence of the other. This provision may be enforced as though the Temporary Order were issued under the abuse provisions of 15 V.S.A. §21. This prohibition pertaining to entering the residential property of the parties, includes the residential property of Karen's parents in Ripton, Vermont, and the residential property of ███████'s parents in Barre, Vermont.

Dated at Middlebury, Vermont this 25ᵗʰ day of June, 1992.

Karen M. ███████

Dated at Middlebury, Vermont this 6-23-92 day of June, 1992.

███████

APPROVED AS TO FORM:

John R. Barrera, Esq.

Anthony Patt, Esq.

- 3 -

FELL-00003041

ADDISON COUNTY, VERMONT, FAMILY COURT - GUARDIAN AD LITEM REPORT

CASE Karen ███████ v. ██████████████     DOCKET # F53-3-92AnDmd

GUARDIAN AD LITEM  Susan J. Bennett   DATE 6/16/92

This case concerns Karen and ████████████ and their minor child██████ (3). The issues at stake are the custody and visitation arrangements for ████████ The information in this report is based on interviews with Mr. ████, Mrs. ██████████████, and Mrs. ████'s mother, Mary ████, and telephone discussions with ████████████ (Mr. ████'s mother), Mary Ann ████████, a friend of Mrs. ████'s mother who has spent a lot of time with Mrs. ████ and ████████, Jackie Jackson, a neighbor of Mr. and Mrs. ████'s, and the two attorneys involved in the case (Mr. Anthony Patt for Mr. ████ and Mr. John Barrerra for Mrs. ████).

The temporary arrangements in effect since April provide for Mrs. ████ to have custody of ████████, and for Mr. ████ to have visitation from Thursday morning to Friday morning every week, and from Friday evening to Sunday evening every other weekend. Mrs. ████ works 29 hours a week at the Grand Union in Middlebury, and while she is at work, ████████ stays with either a paid babysitter or Mrs. ████'s mother. Mr. ████ works 40 hours a week at the A and P, and was recently promoted and transferred from the store in Middlebury to one in Essex. Mr. ████'s mother has been babysitting for ████████ when he is at work during the visitation periods.

████████ is an attractive and bright child who appears to be well-cared for and responded readily to my visit with him. ████████ is obviously strongly attached to both his mother and father. In response to my questions, he indicated enthusiasm for his new living arrangements with his mother and a strong desire for continued visits with his father.

Since their separation, Mrs. ████ has moved with ████████ into an apartment in Middlebury and from all appearances is committed to providing her son with a stable home environment. Mrs. ████ indicates that during her marriage to Mr. ████, she drank heavily but now has her drinking under control. This seems to be confirmed by others with whom I spoke.

Mr. ████ indicates a sincere desire to have a good relationship with his son, and appears to be committed to visiting with him on a regular basis. However, all those with whom I spoke, including Mr. ████, said that Mr. ████ has had a longstanding drinking problem. Mr. ████ also indicates that drug use was a problem in the past but is no longer. Mr. ████ is trying to avoid alcohol use when ████████ is with him, but in a number of conversations I was told that he has not been consistently successful. Some family members and friends are concerned that ████████ may not be physically safe when he is with his father because Mr. ████'s drinking interferes with his ability to care for his son. This problem could be compounded by Mr. ████'s decision to share his apartment in Ripton with a friend in order to help pay the rent.

Although I can not confirm first hand any of the allegations that have been made about alcohol use by both Mr. and Mrs. ███, I believe that where the well-being of a 3-year-old boy is at stake we should err on the side of caution. I believe that custody of Michael should remain with Mrs. ███, contingent on her obtaining some counseling to assure that she does, in fact, use alcohol responsibly in the future and also to sort out some of the lingering resentments from her marriage. I think that consideration should be given to modifying the current visitation arrangement for Mr. ███, at least for a transition period. A good approach might be for Mr. ███ to have visitation with ███ for two days a week on his days off, from early morning until ███'s bedtime, but not overnight. I also recommend that Mr. ███ enroll in a structured alcohol counseling program. When Mr. ███ can demonstrate that he has his use of alcohol under control, and has remained alcohol-free during the periods when ███ is with him, the court should entertain a motion for expanded visitation rights. I do believe that Mr. ███ is truly committed to providing a secure and stable environment for his son while visiting, but I think realistically he needs help in achieving this goal.

███'s relationship with both sets of grandparents seems to be very important to him, and I hope that both parents will make sure that ███ has consistent and positive contact with them in the future. If Mr. ███'s visitation rights are modified, as outlined above, care should be taken to assure that Mr. ███'s mother will have appropriate opportunities to visit with her grandson. I would anticipate that Mrs. ███'s mother will continue to be heavily involved in his care, as she is now.

FELL-00003043

FELL-00003044

ADDISON COUNTY, VERMONT, FAMILY COURT — GUARDIAN AD LITEM REPORT

CASE Karen ▮▮▮▮▮ v. ▮▮▮▮▮▮▮▮▮▮▮    DOCKET # F53-3-92AnDmd

GUARDIAN AD LITEM  Susan J. Bennett    DATE 6/16/92

STATE OF VERMONT                                    CHITTENDEN FAMILY COURT
CHITTENDEN COUNTY, SS.

DOCKET # F53-3-92AnDmd

Karen ███ Plaintiff    )
                        )
                        )
            v.          )
                        )        MOTION FOR GRANDPARENTS
                        )              VISITATION
                        )
    ███ Defendant       )
                        )

I, ████████████████████ am the

grandparent of ____████████████_____,

the child(ren) of the parties in the above listed action.

I believe visitation with the grandparent(s) is in the best
interest of the child(ren) for the following reasons:
  I believe that grandparents play a vital role in the life of a child. I know this
because of the bond and relationship between Michael and myself. He also loves my
husband, who in this case, is not his natural grandfather but who may as well be. They
spend many hours playing and interacting with each other. ██████ natural grandfather i
deceased.) There is also a strong sense of continuity, security, and family for a child
to have a grandparent and I know that as long as I live, ██████ will always have these
with us. I know that I will always be there for him whenever possible, and he as well as
his parents can depend on me for these things. Above all though, he will always be able
to count on my love unconditionally.

     6/16/92                    ████████████████
    (DATE)                      (SIGNATURE OF PLAINTIFF)

Subscribed and sworn to before me:

_____        6/16/92          2/16/95
(SIGNATURE OF NOTARY)          (DATE)        (EXPIRATION DATE)

ADDISON FAMILY COURT
FILED

JUN 18 1992

Form 804

| Vermont Family Court | County Addison | Docket Number F53-3-92AnDmd |
|---|---|---|

## AFFIDAVIT

| Plaintiff | Defendant |
|---|---|
| Karen ▓ | V. ▓ |

**In support of the complaint, motion, petition or objection filed in this case, subject to the penalties for perjury, I state the following facts, which are true to the best of my knowledge and belief:**

I am the natural Grandmother of ▓ son of ▓ and Karen ▓.

I have seen this child on a regular basis since his birth, at least every other weekend.  I would like to continue seeing my grandson on a regular basis, at least twice a month. I would like these visits to be separate and apart from when my son has ▓ as I don't wish to interfere with his visitations.  However, I do not know the intentions of my daughter-in-law at a later time, and would like to make my visitation legal. This child is a very important part of my life, as I know I am in his.  I love Michael very much and will always want him a part of my life.

For these reasons, I am asking the Court to grant me this right, legally.

▓ 6/16/92

Subscribed and sworn to before me:

_____       6/16/92        2/10/95
Signature of Notary              Date          Expiration Date

4/91 fsmc

ADDISON FAMILY COURT
FILED

JUN 1 8 1992

FAMILY COURT

Karen ~~Ryan~~

vs.

████████████████

COUNTY : Addison            DOCKET : F53-3-92AnDmd

(Child Support Worksheet and Findings of Fact Shared Custody)

| Children | DOB | Children | DOB |
|---|---|---|---|
| ████████████ | ████████ | | 00/00/00 |
| | 00/00/00 | | 00/00/00 |
| | 00/00/00 | | 00/00/00 |

Parent A: Karen ████            has child(ren) 71% of time.
Parent B: Patrick ████          has child(ren) 29% of time.

PART I   Calculating Monthly Available Income

                                              Parent A -- Parent B - Combined

| | Parent A | Parent B | Combined |
|---|---|---|---|
| 1. Monthly Gross Income | $ 866.00 | $ 2627.53 | |
| a. Minus Self-Employment and/or Spousal Support Adjustment | $ 0.00 | $ 0.00 | |
| 2. Monthly Adjusted Gross Income | $ 866.00 | $ 2627.53 | |
| 3. Monthly After Tax Income (from tax conversion table) | $ 848.54 | $ 2063.67 | |
| a. Minus Pre-existing Child Support | $ 0.00 | $ 0.00 | |
| b. Minus Health Insurance | $ 0.00 | $ 0.00 | |
| c. Minus Additional Self-Employment and/or Spousal Support Adjustment | $ 0.00 | $ 0.00 | |
| 4. Monthly Unadjusted Available Income | $ 848.54 | $ 2063.67 | |
| a. Minus Additional Dependent Adjust | $ 0.00 | $ 0.00 | |
| 5. Monthly Available Income | $ 848.54 | $ 2063.67 | $ 2912.21 |

PART II   Calculating Child Support Obligation

| | Parent A | Parent B | Combined |
|---|---|---|---|
| 6. Proportional Share of Income | 29.13% | 70.86% | |
| 7. Child Support Guideline Amount (from family expenditures table) | | | $ 617.00 |
| 8. Multiply line 7 x 1.5 | | | $ 925.50 |
| a. Qualified Child Care | $ 324.75 | $ 129.00 | |
| b. Extraordinary Medical Expenses | $ 0.00 | $ 0.00 | |
| c. Extraordinary Educational Expenses | $ 0.00 | $ 0.00 | |
| 9. Totals of lines 8a, 8b, 8c | $ 324.75 | $ 129.00 | $ 453.75 |
| 10. Combined Family Expenditures | | | $ 1379.25 |
| 11. Parental Support Obligation | $ 401.77 | $ 977.33 | |

PART III   Shared Custody Calculations

| | Parent A | Parent B | Combined |
|---|---|---|---|
| 12. Expenditure Adjustment | | $ 129.00 | |
| 13. Minus Credit for time spent with Parent B | | | $ 268.39 |
| 14. Plus Adjustment for more than 25% but less than 30% time spent with Parent B | | | $ 5.36 |
| 15. Adjusted Shared Custody Support Obligation | | | $ 585.30 |

PART IV   Ability to Pay Calculation

FILED

| | Parent B |
|---|---|
| 16. Self Support Reserve | $ 709.00 |
| 17. Income Available for Support | $ 1354.67 |
| 18. Monthly Support Payable | $ 585.30 |

MAY 14 1992

Family Court ~~of Vermont~~
Unit # 2
Addison Circuit

```
19. Monthly Incomes (after support pymt)   $ 1433.84    $ 1478.37
20. Maintenance Supplement                              $    0.00
```

FELL-00003048

Form 813

| Vermont Family Court | County _Addison_ | Docket Number _F53-3-92 and Dm_ |

AFFIDAVIT OF INCOME AND ASSETS

| Plaintiff _Karen_ ████ | V. | Defendant ████ |

| Your Name _Karen_ ████ | Your Social Security Number ████ |
| Street Address ████ | Telephone Number: Day: _388-8032_ |
| Mailing ████ | Evening: _Same_ |
| City, State, Zip _Middlebury Vt 05753_ | |

A. MONTHLY EMPLOYMENT INCOME: (Your weekly income multiplied by 4.333)

| Employer Name and Address | Second Employer Name and Address |
| _Grand Union Middlebury Vt_ | |

Monthly Income

1. Total wages, salary and tips (including overtime)................ _866_
2. Reimbursements or in-kind payments received in the course
   of employment which reduces personal living expense............. _0_
3. Other (commissions, royalties, bonuses, severance pay,
   gifts, prizes, inheritances):  Specify: _____
   _____ _0_

B. SPOUSAL SUPPORT ACTUALLY RECEIVED:............................... _0_

C. CAPITAL GAINS (Current Annual Capital Gains Income divided by 12).. _____

D. BENEFITS
   1. Social Security Benefits: (type:_____) _0_
   2. Workers' Compensation Benefits ................................. _0_
   3. Unemployment Insurance Benefits ................................ _0_
   4. Disability Insurance Benefits .................................. _0_

E. SCHEDULES
   1. NON-INCOME PRODUCING ASSETS - IMPUTED INCOME (ATTACH SCHEDULE A). _0_
   2. INCOME PRODUCING ASSETS (ATTACH SCHEDULE B)..................... _0_
   3. MONTHLY BUSINESS INCOME (ATTACH SCHEDULE C)..................... _0_
   4. RENT FROM INCOME PRODUCING PROPERTY (ATTACH SCHEDULE E)......... _0_

TOTAL MONTHLY INCOME............................................... $ _866_

FILED
MAY 14 1992
8/91

SEE REQUEST FOR ADDITIONAL INFORMATION ON BACK

Family Court of Vermont
Unit # 2
Addison Circuit

F.   Non-Income Producing Assets

NA 1. I have listed my non-income producing assets on Schedule A.

✓ 2. I have not attached Schedule A because:
    (a) The total equity value (market value minus amount owed) of my checking
    accounts, real property (other than my personal residence), and personal property
    (boats, jewelry, stereos, etc.) is less than $10,000.00;   AND
    (b) The total equity value of my automobile, snowmobiles and recreational
    vehicles and other motor vehicles is less than $15,000.00.

G.   Income from Public Assistance

Do you receive public assistance from the Vermont Department of Social Welfare?
    __ yes     X no (skip this Section and go to Section H.)    _Monthly Amount_
If yes:
    1.   Aid to Families with Needy Children
    2.   Supplemental Security Income
    3.   Food Stamps
    4.   Fuel Assistance
    5.   General Assistance
    6.   Other:_____

H.   Expenses Related to Child Support Worksheet Calculation

                                                            _Monthly Amount_

1. Preexisting spousal support obligation actually paid:
2. Spousal support obligation paid to party in present action:
3. Preexisting child support obligations actually paid:
    (for children who are not subject to this action)
4. Health insurance premiums paid for children involved
    in this action:
5. Out-of-pocket child care costs incurred for employment
    or employment related education:
    (Amount of gross child care costs      $   350
    minus amount of any child care subsidy   $_____
    minus amount of any child care tax credits $_____):   $ 350

6. Extraordinary medical expenses or expenses related to
    special needs of the children involved in the present action:
    (Extraordinary medical uninsured expenses in excess of $16.67 per month.)

I.   Do you have any natural, adopted, or stepchildren who are living in your
    household?     __ yes     __ no     How many? _____ .

## CERTIFICATION

I certify that the monthly income and additional information provided on this Affidavit
and the attached Schedules are true and accurate to the best of my knowledge.

                        _Karen_ ▮▮▮▮▮▮     _May 14-92_
                                Signature                             Date

Subscribed and sworn to before me:

_____ _May 19 2_             _Feb 10, 95_
Notary Public           Date                    Expiration Date

8/91

FELL-00003050

Form 813 - Schedule D

| Name of Affiant ▮▮▮▮▮ <br> Karen | Docket Number |
|---|---|

## AFFIDAVIT OF INCOME AND ASSETS - SCHEDULE D

### RESOURCES AND LIABILITIES

**A. Resources**

**1. Life Insurance Policies**

| Face Value | Person Covered | Beneficiary | Policy # & Company | Cash/Loan Value |
|---|---|---|---|---|
| 10,000 | Karen ▮▮▮ | Child | Grand Union | 0 |

| | Market Value | − | Liens | = | Equity |
|---|---|---|---|---|---|
| 2. IRA's & Keoughs - List separately: | 0 | | | | |
| 3. Primary Residence - (if owned); Include Name on Deed: | 0 | | | | |
| 4. Household Furnishings: | 500 | | | | |
| 5. Other: Describe and list separately: | | | | | |

**B. Liabilities**

**1. Loans (List each separately; identify what the loan is for)**

| Date of Loan | Name of Lender | Collateral (if any) | Payment per/Time Period | Balance |
|---|---|---|---|---|
| | VSAC | | 25/mo | |
| | Credit Cards | | 100/mo | |

**2. Installment Debts (Include credit card balances)**

| Date Commenced | To Whom Owed | What the Debt is For | Item Mortgaged |
|---|---|---|---|
| | VSAC | School loan | 3000 |
| | Credit Card (VISA, Mastercard, fashion Bug, Sears) | Purchases | 3500 |

**3. Other Liabilities (Include court ordered payments other than spousal or child support)**

SEE REQUEST FOR ADDITIONAL INFORMATION ON BACK

12/13/90

FELL-00003051

C. Monthly Expenses

| | Self | Children | Total |
|---|---|---|---|
| Federal Taxes.................. | | | |
| State Taxes.................... | | | |
| Social Security Taxes (FICA).. | | | |
| Rent or Mortgage.............. | | | |
| Property Taxes and Assessments | | | |
| Property Insurance............ | | | |
| Home Maintenance.............. | | | |
| Utilities..................... | | | |
| Electricity................... | | | |
| Telephone..................... | | | |
| Water......................... | | | |
| Gas for Home.................. | | | |
| Heat - Type:_____.. | | | |
| Food.......................... | | | |
| Laundry and Cleaning.......... | | | |
| Clothing...................... | | | |
| Medical & Dental (not covered by insurance............... | | | |
| Insurance: Life............... | | | |
| Health............. | | | |
| Accident........... | | | |
| Other_____... | | | |
| Entertainment................. | | | |
| Vacation...................... | | | |
| Transportation: | | | |
| Gas.......................... | | | |
| Maintenance.................. | | | |
| Registration................. | | | |
| Insurance.................... | | | |
| Union and Other Dues and Employment Required Expenses (Please Specify): | | | |
| _____... | | | |
| _____... | | | |
| _____... | | | |
| Incidentals................... | | | |
| Child Care Cost: Total cost minus subsidies plus tax credits........... | | | |
| Extraordinary travel expenses incurred in exercising the right to periods of visitation or parent-child contact..... | | | |
| Other (Specify): | | | |
| _____... | | | |
| _____... | | | |
| _____... | | | |
| _____... | | | |
| Total......................... | | | |

12/13/90

FELL-00003052

Form 813 - 12/13/90

Vermont                    _____ County        Docket No. _____
Family Court

## AFFIDAVIT OF INCOME AND ASSETS

Plaintiff, ▮▮▮▮▮▮▮                      v.    Defendant, _Karen_ ▮▮▮▮▮▮

Your Name: _Box 136_                     Your Social Security No. ▮▮▮▮▮▮
Street Address: _Ripton   Vt_            Telephone Number:
Mailing Address: _Ripton   Vt_                   Day:
City, State, Zip:        _05766_                 Evening:

A.    MONTHLY EMPLOYMENT INCOME:  (Your weekly income multiplied by 4.333)

      Employer Name and Address:        Second Employer Name and Address:

      _AEP  RT 7 South_
      _Middlebury  VT_                                          Monthly Income
                                                                 $ _2'627.53_
1.    Total Wages, salary and tips (including overtime)
2.    Reimbursements or in-kind payments received in the course
      of employment which reduces personal living expense       $ _____
3.    Other (Commissions, royalties, bonuses, severance pay,
      gifts, prizes, inheritances):  Specify: _____
      _____        $ _____

B.    SPOUSAL SUPPORT ACTUALLY RECEIVED                          $ _____

C.    CAPITAL GAINS (Current Annual Capital Gains Income divided by 12)    $ _____

D.    BENEFITS
      1.    Social Security Benefits (Type: _____)       $ _____
      2.    Workers' Compensation Benefits                       $ _____
      3.    Unemployment Insurance Benefits                      $ _____
      4.    Disability Insurance Benefits                        $ _____

E.    SCHEDULES
      1.    NON-INCOME PRODUCING ASSETS - IMPUTED INCOME (ATTACH SCHEDULE A)    $ _____
      2.    INCOME PRODUCING ASSETS (ATTACH SCHEDULE B)          $ _____
      3.    MONTHLY BUSINESS INCOME (ATTACH SCHEDULE C)          $ _____
      4.    RENT FROM INCOME-PRODUCING PROPERTY (ATTACH SCHEDULE E)    $ _____

TOTAL MONTHLY INCOME                                             $ _2'627.53_

F.    NON-INCOME PRODUCING ASSETS

      _✗_    1.    I have listed my non-income producing assets on Schedule A.
             2.    I have not attached Schedule A because:
                   (a)  The equity value (market value minus amount owed) of my checking accounts and
                   personal property (boats, jewelry, stereos, etc.) is less than $10,000.00;
                   (b)  The equity value of my motor vehicles, snowmobiles and recreational vehicles
                   is less than $15,000.00; AND
                   (c)  I own no Real Property (land, houses) other than my primary residence.

SEE REQUEST FOR ADDITIONAL INFORMATION ON PAGE 2



FILED

MAY 1 4 1992

Family Court of Verm...
      Unit #2
Addison Coun...

G.    INCOME FROM PUBLIC ASSISTANCE

Do you receive public assistance from the Vermont Department of Social Welfare?

|  | | Yes | ✗ | No (skip this Section and go to Section H.) | Monthly Amount |
|---|---|---|---|---|---|

If yes:

| | | | Monthly Amount |
|---|---|---|---|
| 1. | Aid to Families with Needy Children | | $_____ |
| 2. | Supplemental Security Income | | $_____ |
| 3. | Food Stamps | | $_____ |
| 4. | Fuel Assistance | | $_____ |
| 5. | General Assistance | | $_____ |
| 6. | Other: _____ | | $_____ |

H.    EXPENSES RELATED TO CHILD SUPPORT WORKSHEET CALCULATION

Monthly Amount

1.    Preexisting spousal support obligation actually paid:                           $ 100.00
2.    Spousal support obligation paid to party in present action:              $_____
3.    Preexisting child support obligations actually paid:                           $ 100.00
      (for children who are not subject to this action)
4.    Health insurance premiums paid for children involved in
      this action                                                                                                    $_____
5.    Out-of-pocket child care costs incurred for employment
      or employment related education:
         (Amount of gross child care costs)                    $ 200.00
               minus amount of any child care subsidy        $_____
               plus amount of any child care tax credits    $_____ );        $_____
6.    Extraordinary medical expenses or expenses related to
      special needs of the children involved in the present action:                    $_____
      (Extraordinary medical uninsured expenses in excess of $16.67 per month)

CERTIFICATION

I certify that the monthly income and additional information provided on this Affidavit and the attached
Schedules are true and accurate to the best of my knowledge

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮         4-16-92
                                                                                    Date

Subscribed and sworn to before me:

Notary Public          4/16/92                    2/18/95
                                Date                      Expiration Date

Form 813 - 12/13/90 - Schedules A & B

Vermont _____ County        Docket No. _____
Family Court

    Name of Affiant:
    Docket No.

## AFFIDAVIT OF INCOME AND ASSETS – SCHEDULE A

## NON-INCOME PRODUCING ASSETS

|   | | Market Value | Liens | Equity |
|---|---|---|---|---|
| 1. | Checking Accounts: List each account separately, giving the name of the bank and the account number. Enter the current balance under "Equity:" VEMONT FEDERAL 10·11·1358·7 | | | $ 2.90 |
| 2. | Real Property: Describe and list each address separately. Do Not include your primary residence | | | |
| 3. | Personal Property, such as boats, jewelry, collectibles, electronics, equipment. List each item separately. | | | |
| 4. | Vehicles, such as autos, trucks, motorcycles, snowmobiles, recreation vehicles. If a vehicle is valued at more than $15,000., subtract $15,000. from the equity value and enter that amount under "equity:" | | | |
| 5. | Other: List separately: | | | |

6.  Total Equity Value                                                                    $_____

7.  Subtract $10,000.00 from line 6                                                       $_____

8.  Current Rate for Long Term U.S. Treasury Bill (Call Bank for Rate)                    $_____

9.  Multiply line 7 by line 8                                                             $_____

IMPUTED MONTHLY INCOME (Divide line 9 by 12)                                              $_____
       Enter this amount on line E.1. of Form 813

FELL-00003055

Form 813 - 12/13/90 - Schedules A & B

Vermont                _____ County          Docket No. _____
Family Court                                         .

    Name of Affiant:
    Docket No.

## AFFIDAVIT OF INCOME AND ASSETS - SCHEDULE B

### INCOME PRODUCING ASSETS

Instructions

    1.  List each item under 1 through 4 separately.
    2.  Identify individual account numbers and the company name.      .
    3.  Enter the current balance under Market Value.
    4.  Monthly Income equals Annual Income divided by 12.

|  | Market Value | Liens | Equity |
|---|---|---|---|
| 1. Savings and Certificates of Deposit: | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 2. Stocks, Bonds, Notes, Trusts | | | |
| | | | |
| | | | |
| | | | |
| 3. Annuities, Pensions, Deferred Compensation Plans: | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 4. Other Income Producing Assets | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

TOTAL MONTHLY INCOME FROM ASSETS                                          $_____
        Enter this amount on Line E.2. of Form 813

FELL-00003056

Form 813 - 12/13/90 - Schedules C

Vermont _____ County          Docket No. _____
Family Court

      Name of Affiant:
      Docket No.

# AFFIDAVIT OF INCOME AND ASSETS - SCHEDULE C

## MONTHLY BUSINESS INCOME

A.  Monthly Gross Receipts or Sales                                    $_____

B.  Monthly Business Expenses:
    1.  Cost of Goods Sold and/or operations        $_____
    2.  Advertising                              $_____
    3.  Bad Debts from Sales or Service           $_____
    4.  Auto:  Gas                 $_____
              Insurance          $_____
              Maintenance       $_____
              Registration     $_____
         Total                        $_____
    5.  Commissions                           $_____
    6.  Depletion                            $_____
    7.  Depreciation                       $_____
    8.  Dues and Publications                $_____
    9.  Employee Benefit Programs            $_____
   10.  Freight                            $_____
   11.  Insurance (Other than Health).  List and Specify:

       _____
       _____    $_____
   12.  Interest on Mortgage (to banks)         $_____
   13.  Interest:  (Other).  List and Specify:

       _____
       _____    $_____
   14.  Legal and Professional Services        $_____
   15.  Office Expenses                    $_____
   16.  Laundry and Cleaning               $_____
   17.  Pension and Profit Share Plans
   18.  Rent on Leased Business Property       $_____
   19.  Machinery Equipment               $_____
   20.  Other Business Property            $_____
   21.  Repairs                            $_____
   22.  Supplies                          $_____
   23.  Taxes                              $_____
   24.  Travel                           $_____
   25.  Meals and Entertainment            $_____
   26.  Utilities and Phone               $_____
   27.  Wages                            $_____
   28.  Other Expenses.  List and Specify:

       _____
       _____    $_____

TOTAL MONTHLY BUSINESS EXPENSES                 $_____

MONTHLY BUSINESS INCOME (Gross receipts/sales minus expenses)   $_____
    Enter this amount of Line E.3. of Form 813

FELL-00003057

Form 813 - 12/13/90 - Schedules D

Vermont                    _____ County         Docket No. _____
Family Court

Name of Affiant: _____ .
Docket No.

# AFFIDAVIT OF INCOME AND ASSETS - SCHEDULE D

## RESOURCES AND LIABILITIES

A.   Resources
1.   Life Insurance Policies

| Face Value | Person(s) Covered | Beneficiary | Policy # & Company | Cash/Loan Value |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

| | Market Value | - Liens | = Equity |
|---|---|---|---|

2.   IRA's & Keoughs - List Separately

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

3.   Primary Residence - (If owned);
     Include Name on Deed:

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

4.   Household Furnishings:

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

5.   Other:  Describe and list Separately:

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

B.   Liabilities
1.   Loans (List each Separately; identify what the loan is for)

| Date of Loan | Name of Lender | Collateral (if any) | Payment per Time Period | Balance |
|---|---|---|---|---|
| 5/4/90 | GMAC | 89 C̶r̶e̶e̶l̶ CAVAL | 244.60 | 3,142.24 |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

2.   Installment Debts (Include credit card balances)

| Date Commenced | To Whom Owed | What the Debt is For | Item Mortgaged | |
|---|---|---|---|---|
| 1991 | SEARS | HOUSE HOLD Furnishings | | 1257.94 |
| 1991 | CiTI BANK | CREDiT CARD | | 751.35 |
| 1990 | ViSA | | | 955.44 |
| 1901 | ALLSTATE | INS | | 124.00 |
| 1992 | DAiRYLAND | INS | | 78.00 |

3.   Other Liabilities (Include court ordered payments other than spousal or child support)

_____
_____
_____

SEE REQUEST FOR ADDITIONAL INFORMATION ON BACK

FELL-00003058

Form 813 - 12/13/90 - Schedules D

Vermont _____ County          Docket No. _____
Family Court

Name of Affiant:
Docket No.

| | | Self | Children | Total |
|---|---|---|---|---|
| | Monthly Expenses | | | |
| 1. | Federal Taxes | 373.88 | | 1. 373.88 |
| 2. | State Taxes | 108.04 | | 2. 108.04 |
| 3. | Social Security Taxes (FICA) | 150.04 | | 3. 150.04 |
| 4. | Rent or Mortgage | 400.00 | | 4. 400.00 |
| 5. | Property Taxes and Assessments | | | 5. |
| 6. | Property Insurance | | | 6. |
| 7. | Home Maintenance | 30.00 | | 7. 30.00 |
| 8. | Utilities - WOOD/FUEL | 605.00 yrly | | 8. 605.00 yearly |
| 9. | Electricity | 98.84 | | 9. 98.84 |
| 10. | Telephone | 71.05 | | 10. 71.05 |
| 11. | Water | | | 11. |
| 12. | Gas for Home | | | 12. |
| 13. | Health - Type: _____ | | | 13. |
| 14. | Food | 200.00 | | 14. 200.00 |
| 15. | Laundry and Cleaning | 33.00 | | 15. 33.00 |
| 16. | Clothing | 50.00 | | 16. 50.00 |
| 17. | Medical & Dental (Not covered by insurance) | 100.00 | | 17. 100.00 |
| 18. | Insurance:  Life | | | 18. |
| | Health | | | |
| | Accident | | | |
| | Other: _____ | | | |
| 19. | Entertainment | 80.00 | | 19. 80.00 |
| 20. | Vacation | | | 20. |
| 21. | Transportation: | | | 21. |
| | Gas | 40.00 | | 40.00 |
| | Maintenance | 30.00 | | 30.00 |
| | Registration | 42.00 | | 42.00 |
| | Insurance | 244.60 + 80.00 | | 324.60 |
| 22. | Union and Other Dues and Employment Required Expenses (Please Specify) DUES | | | |
| | Union DED | 21.40 | | 22. 21.40 |
| | 2 PAIRS SHOES yearly | 200.00 | | 200.00 |
| 23. | Incidentals | 20.00 | | 23. 20.00 |
| 24. | Child Care Costs Total cost minus subsidies plus tax credits | | | 24. |
| 25. | Extraordinary travel expenses incurred in exercising the right to periods of visitation or parent-child contact | 20.00 | | 25. 20.00 |
| 26. | Other (Specify): | | | 26. |
| | | | | |
| | | | | |
| | | | | |

TOTAL         _____          _____          _____

FELL-00003059

Form 813 - 12/13/90 - Schedules E
Vermont _____ County          Docket No. _____
Family Court

        Name of Affiant:
        Docket No.

## AFFIDAVIT OF INCOME AND ASSETS – SCHEDULE E

### RENT FROM INCOME PRODUCING PROPERTY

A.  Annual Rent Received                                    $_____ Line A

B.  Annual Rental Expenses:
        1.   Advertising                            $_____
        2.   Auto and Travel                        $_____
        3.   Cleaning and Maintenance               $_____
        4.   Commissions                            $_____
        5.   Insurance                              $_____
        6.   Legal and other Professional Fees      $_____
        7.   Mortgage Interest Paid to Banks        $_____
        8.   Other Interest                         $_____
        9.   Repairs                                $_____
        10.  Supplies                               $_____
        11.  Taxes                                  $_____
        12.  Utilities                              $_____
        13.  Wages and Salaries                     $_____
        14.  Other (list) _____     $_____
             _____  $_____
             _____  $_____
             _____  $_____
             _____  $_____

        15.  Depreciation Expense                   $_____

TOTAL ANNUAL EXPENSES                                       $_____ Line B

TOTAL ANNUAL INCOME (Line A minus Line B)                  $_____ Line C

TOTAL MONTHLY INCOME (Line C divided by 12)                $_____
        (Enter this amount on Line E.4. of Form 813

FELL-00003060

Form 821m

| Vermont Family Court | County Addison | Docket Number F53-3-92AnDmd |
|---|---|---|

## SCHEDULING/ENTRY ORDER - MAGISTRATE

| Date Petition Filed | Parental Rights & Responsibilities | Affidavit ___ Plaintiff ___ Defendant | ___ Existing CSO | ___ IV-D ___ Not IV-D |
|---|---|---|---|---|
|  |  |  |  |  |

| Plaintiff KAREN ▮ | Defendant V. ▮ |
|---|---|
| Attorney JOHN BARRERA | Attorney ANTHONY PATT |
| Guardian Ad Litem | Guardian Ad Litem |

Scheduled for:   1. _Establishment 5/14/92_   Commenced  Completed  Continued

2. _____     ___    ___    ___

3. _____     ___    ___    ___

Magistrate's Entries:

_____

_____

_____

_____

_____

_____

_____

_____

_____

Next Proceeding:   Court ___   Magistrate ___   Date _____   Time _____

Tape _____   Magistrate _____

| METHOD OF DISPOSITON OF SCHEDULED HEARING | | | | | | |
|---|---|---|---|---|---|---|
| Withdrawn by Petitioner | Stipulation | | Default | Rescheduled (No Hearing) | Contested | |
|  | Hrg. | No Hrg. |  |  | Order | Comm. & Contd. | Under Advisement |
|  |  | ✓ |  |  |  |  |  |

___ Stipulation Filed, Order Issued, No Hearing Needs to be Scheduled

4/91 lsmc

FELL-00003061

Form No. 821

| Vermont Family Court | County | | Docket Number |
|---|---|---|---|
| | | | 753-3-92 AnDmd |

SCHEDULING/ENTRY ORDER

| Plaintiff KAREN | V. | Defendant |
|---|---|---|
| Attorney ____ GAL ____ | | Attorney ____ GAL ____ |

Scheduled for: 1. _____

2. _____

3. _____

      Commenced  Completed  Continued

Magistrate's Entries:

_____

_____

_____

_____

_____

Next Proceeding: Court___ Magistrate___ Date_____ Time_____
      Tape _____ Mag._____

Judges' Entries: Contested Tempoary v custodes .
GAL shall be appointed for trial.
next 2 HRS

_____

_____

_____

_____

Next Proceeding: _____

Schedule _____ hrs./mins. on/after _____

Off Record/Reporter_____ Judge_____

Assistant Judge_____  Assistant Judge_____

12/90

1. *autos to P to be reg. To be purchased others to Def.*

2. *w convergence of P/P*

3. *P prop Sears*

4. *JT chuby to be closed*

5. *JT Kistung order neither at resum of the deif off pmnt fn irnt*

6. *furnishing*

Disopee

1. *enterlammnt center at Kishon*
2. *parent child contact*
3. *tax refund 49ᵗ    x on to 98*

FELL-00003063

STATE OF VERMONT                          ADDISON FAMILY COURT

ADDISON COUNTY, SS.                       DOCKET NO.   F53-3-92AnDmd


KAREN M. ████████            )
                            )
        vs.                 )
                            )
████████████████            )
                            )

## ANSWER TO COMPLAINT AND COUNTERCLAIM

NOW COMES the Defendant, ████████████████ by and through his attorney, Anthony G. Patt of Langrock Sperry & Wool, and answers Plaintiff's Complaint for Divorce as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## COUNTERCLAIM

Defendant hereby counterclaims for the following relief:

1. Divorce from the bonds of matrimony.

2. That the Court grant Defendant legal right and responsibilities for the minor children.

3. That the Court award Defendant a suitable portion of the property of the marriage.

4. Such other relief as is just and equitable.

ADDISON FAMILY COURT
FILED

8 1992

CHIP EFFERSON
CLERK

DATED at Middlebury, Vermont, this __6__ day of April, 1992.

LANGROCK SPERRY & WOOL

BY:_____
Anthony G. Patt, Esq.
P.O. Drawer 351
Middlebury, VT   05753

Attorneys for Defendant

FELL-00003065

STATE OF VERMONT

ADDISON COUNTY, SS.

ADDISON FAMILY COURT

DOCKET NO.   F53-3-92AnDmd

KAREN M. ███████

    vs.

███████████████

## NOTICE OF APPEARANCE

NOW COMES, Anthony G. Patt, Esq., of the law firm of Langrock Sperry & Wool, and hereby enters his appearance in the above referenced matter on behalf of the Defendant, ███████████

████████

DATED at Middlebury, Vermont, this ___6___ day of April, 1992.

LANGROCK SPERRY & WOOL

BY: _____
Anthony G. Patt, Esq.
P.O. Drawer 351
Middlebury, VT   05753

Attorneys for Defendant

ADDISON FAMILY COURT
FILED

8 1992

CHIP EPPERSON
CLERK

FELL-00003066

STATE OF VERMONT                FAMILY COURT
                               CIVIL ACTION
COUNTY OF ADDISON, ss.          DOCKET NO.

KAREN M. ███████

     vs.

███████████████████

## MOTION FOR TEMPORARY RELIEF

The Plaintiff, Karen M. ████ requests the following temporary relief:

1. She is without adequate means of maintaining herself and the minor child of the parties during the pendency of this action, and therefore requests that after hearing and due notice to Defendant, the Defendant be ordered and directed to pay to her a sum adequate to provide her and the minor child with adequate and proper support.

2. The sole temporary custody of the minor child ██████ ████ to include all legal and physical rights and responsibilities, until such time as the Court, after due notice and hearing, has specified what child visitation rights will be given to Defendant.

3. That a temporary Restraining Order be issued enjoining Defendant from interfering with Plaintiff's personal liberty, and from interfering with her sole custody and control of the minor child, except while Defendant is in the exercise of rights of visitation as aforesaid.

4. That Defendant be restrained and enjoined from entering any residential property occupied by the Plaintiff and

FILED

MAR 30 1992

Family Court of Vermont
Unit # 2
Addison Circuit

FELL-00003067

the minor child, including but not limited to the residential property of Plaintiff's parents in Ripton, Vermont, except while the Defendant is there to exercise his rights of visitation as aforesaid.

5. That the Defendant be restrained and enjoined from transferring, for value or otherwise, any of the property of the parties, whether owned individually or jointly.

6. That the Defendant be restrained from making further use of any joint credit cards owned by the parties.

7. That the joint checking account, in the names of the parties, be divided in a fair and equitable manner.

8. That the Defendant pay over to her a portion of the proceeds of a Vermont State Income Tax Refund, which she believes and alleges that the Defendant has previously received.

9. The possession and use of the 1989 Chevrolet car, for herself and the minor child.

WHEREFORE, Plaintiff requests that a date be set for hearing on this Motion, that notice be given to Defendant, and that Defendant be required to show cause if any that he may have, why the relief requested in this Motion should not be granted.

Dated at Middlebury, Vermont this 30th day of March, 1992.

John R. Barrera, Esq.
Attorney for Plaintiff

FELL-00003068

Form 815

| Vermont Family Court | County Addison | Docket Number F53 - 3 -92AnOmp |
|---|---|---|

SUMMONS

| Plaintiff | V. | Defendant |
|---|---|---|
| Karen M. ▇▇▇ | | ▇▇▇▇▇▇▇ |

To the above-named Defendant:

You are hereby summoned and required to serve upon, __ Plaintiff

X Plaintiff's Attorney _____ John R. Barrera _____

whose address is:            102-C Court Street
                             Middlebury, VT   05753

an answer to the attached complaint that has been served upon you.

You must also file a copy of your answer with the court at the following address:

                             Addison Family Court
                             5 Court Street
                             Middlebury, VT   05753

**You must answer this summons within twenty (20) days
of the date of service.**

If you fail to answer the complaint within twenty days, a default judgment may be entered against you and the court may grant the relief demanded by the plaintiff in the complaint.

Under most circumstances, your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

_Mar 30, 92_                        _____
Date**FILED**                        Plaintiff's Attorney/ Court Clerk

MAR 3 0 1992                        Served on _____
                                              Date
Family Court of Vermont
Unit # 2
10/10/90   Addison Circuit          _____
                                    Deputy Sheriff

FELL-00003069

Form 816

| Vermont Family Court | County Addison | Docket Number F53-3-92 AnOmd |
|---|---|---|

COMPLAINT FOR DIVORCE

| Plaintiff Karen M. ▮ | V. | Defendant ▮ |
|---|---|---|

1. Plaintiff resides in the town of ___Ripton___,

county of ___Addison___, and has resided in the State of

Vermont continuously until the present day since __all her life__ (date).

2. Defendant resides in the town of ___Ripton___,

county of ___Addison___, State of ___Vermont___.

3. Plaintiff and Defendant were married on __June 25, 1989__
                                                              (date)

at __New Haven__, ___Vermont___.
       (town)              (state)

4. The following minor children were born of said marriage:

| Name | Date of Birth | Name | Date of Birth |
|---|---|---|---|
| ▮ | | | |
| | | | |
| | | | |

5. The parties own the following property singly or jointly:

    Household furniture
    1989 Chevrolet Car
    1980 Chevy Pick-up truck
    1980 Jeef ·
    Chevy 4WD
    900 Custom Honda Motorcycle

6. No action for divorce, annulment, abuse prevention or separate support has been brought by either party against the other, except: ~~None~~. Divorce action, Docket No. 5161-90 Af, dated 9/14/90

FILED

MAR 30 1992

Family Court of ~~·~~ ("A certified copy of the complaint and docket entries in the
  Unit # 2
  Addison Circuit    previous action is attached.)

FELL-00003070

7.   Defendant has lived separate and apart from the plaintiff for six consecutive months and the resumption of a marital relationship is not reasonably probable.  The parties separated on  March 23, 1992  (date).

8.  __ Plaintiff    __ Defendant is a recipient of public assistance from the Vermont Department of Social Welfare.

PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

1.   Divorce from the bonds of matrimony.

X_ 2.   That the Court grant __Plaintiff_____ legal right and responsibilities for the minor children.

X_ 3.   That the Court grant __Defendant_____ suitable parent/child contact.

X_ 4.   That the Court award __Plaintiff_____ suitable child support money.

X_ 5.   That the Court award __Plaintiff_____. a suitable portion of the property of the marriage.

6.   Such other relief as is just and equitable.

_May 30, 92_
(Date)

_Karen M._____ ███████████
(Signature of Plaintiff)

Subscribed and sworn to before me:

_____  _May 30 92_  _Feb 10, 95_
(Signature of Notary)       (date)      (Expiration Date)

10/30/90

FELL-00003071

Form 820

| Vermont Family Court | County Addison | Docket Number F53-3-92 An Dmd |
|---|---|---|

<u>NOTICE AND ACKNOWLEDGEMENT OF</u>
<u>RECEIPT OF SUMMONS AND COMPLAINT</u>

| Plaintiff Karen | | v. | Defendant |
|---|---|---|---|

To:

Enclosed are a summons and complaint ✓ and notice of hearing which are served on you under Rule 4(1) of the Vermont Rules of Civil Procedure. They have been sent to you because you are a defendant in this action.

The bottom part of this form is an acknowledgement that you have received the enclosed summons and complaint (and notice of hearing.) You must sign and date the acknowledgement within twenty (20) days from the date it was mailed to you and return it to the court at the following address:



**ADDISON COUNTY FAMILY COURT**
**5 Court Street**
**Middlebury, VT 05753**

If you do not complete and return this form so it is received by the court within 20 days after mailing of this notice, you may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you must answer the enclosed complaint within 20 days from the date that you sign the acknowledgement. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Acknowledgement of Receipt of Summons and Complaint was mailed on the date shown below.

_____3/30/92_____     _____Jane Costello_____
/ Date                        Court Clerk

ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare and certify that I received a copy of the summons and complaint ___ and notice of hearing in the above-captioned matter at the following address: Addison County Court
5 Court St Middlebury VT 05753

FILED

X_____ 3-30-92
Signature              Date

APR 30 1992

Vermont ... Unit #2
Addison County

FELL-00003072

RETURN OF SERVICE

_Addison_        _2_          _Addison_          _F 53- 3-92 AmDmd_
Court           Unit         County/Circuit       Docket Number

_Karen_ ▮▮▮▮▮▮▮     VS.   ▮▮▮▮▮▮▮
Plaintiff                   Defendant

On _3-30-92_ , at _420PM_ , I personally served this

_Copy of Summons & Complaint_ upon ▮▮▮▮▮▮▮ by _serving_
Type of Document        Name of Receiving Party
_served in hand at 15 court ST Middlebury_
_ct 05753_

_Albert L Watson  Sgt Addison Sheriff_
Signature/Serving Officer   Title

_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_
Social Security Number

____FEES____

Service                $_____

_____miles at_____ = $_____

                       $_____

▮▮▮▮▮▮▮ E OF SERVICE

I, ▮▮▮▮▮▮▮ , the named defendant, hereby

accept service.

Signed ▮▮▮▮▮▮▮          Dated _3-30-92_

FILED

MAR 3 0 1992

Affidavit: Uniform
Child Custody

STATE OF VERMONT

AFFIDAVIT OF CHILD CUSTODY
(Pursuant to 15 V.S.A. Chapter 19)

| Court Family | Unit | County/Circuit Addison | Docket Number |
|---|---|---|---|

| Plaintiff Karen M. ▮ | v. | Defendant ▮ |
|---|---|---|

As required by 15 V.S.A. Section 1037, I give the following information under oath:

| I. Name and present address of child who is subject to this custody proceeding. | II. Place(s) where the child has lived during the past five years. | III. Name(s) and present address(es) of person(s) with whom child has lived during the past five years* |
|---|---|---|
| Name of child ▮ | Previous Address(es) of child | Name and Present Address |
| Present Address of child Quarry Rd Middlebury, VT 05753 | | Natural parents  —  Name and Present Address |
| Name of child  Present Address of child | Previous Address(es) of child | Name and Present Address  Name and Present Address |
| Name of child  Present Address of child | Previous Address(es) of child | Name and Present Address  Name and Present Address |

*If you need more space to add additional names and/or addresses, please use an additional page.

IV. Questions

A. Have you participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the child(ren) named above in Vermont or any other state?
☐ Yes ** ☐ No

B. Do you have information of any custody proceeding concerning the child(ren) named above pending in a court in Vermont or any other state?
☐ Yes ** ☐ No

C. Do you know of any person not a party to these proceedings who has physical custody of the child(ren) named above or claims to have custody or visitation rights with respect to the child(ren)?
☐ Yes ** ☐ No

**If you answered "Yes" to any of the above questions, please explain on an additional page.

| Name (Printed or Typed) Karen M. ▮ | Signature Karen M ▮ | Date May 9 92 |
|---|---|---|
| Subscribed and sworn to before me | Notary Public Barrera | Date May 30, 92 | Expiration Date Feb 10, 95 |

Notice: You have a continuing duty to inform the court of any custody proceeding concerning the child(ren) in Vermont or any other state of which you obtain information during the proceeding.

12/81

Form 800

| COVER SHEET | Vermont Family Court | County  Addison | Docket Number  F53-3-92 A-Dm |
|---|---|---|---|

| Plaintiff Name and Address | Defendant Name and Address |
|---|---|
| Karen M. ███ | V. ███████████ |

Telephone #:  Day ( 802 ) 388-1120
Evening ( _____ ) 1534

Telephone #:  Day ( 802 ) 388-1120
Evening ( _____ )

1. Case Type:

A) ✓ New ___ Existing ___ Existing Human Service Board Order (attached)    If this is an existing case:    Name of Petitioner

B) ✓ Divorce ___ Annulment ___ Desertion & Nonsupport ___ Parentage ___ Legal Separation
___ Other:

C) Minor Children? ✓ Yes ___ No (If this is a New Case involving Minor Children, attach a completed Affidavit of Child Custody, Form No. 135.)

D) Are Parental Rights and Responsibilities Contested? ✓ Yes ___ No

2. A) The ___ Plaintiff ___ Defendant receives services from the Office of Child Support Services.
   B) The ___ Plaintiff ___ Defendant is or has been a recipient of public assistance from or through the Department of Social Welfare.

3. Existing Court Orders or Court proceedings involving the plaintiff, defendant, or their children:

A) ___ Child Support Order:

| Date of the Order and the Date(s) it was Modified |
|---|
| Name and Location of the Court |
| Docket Number |

B) ✓ Domestic Abuse, Guardianship, or Adoption:

| Name and Location of the Court |
|---|

4. Action Requested:

✓ Establish Support
  ✓ Child
  ✓ Maintenance Supplement
  ___ Spouse
✓ Establish Parental Rights and Responsibilities (Custody)
✓ Establish Parent-Child Contact (Visitation)
___ Establish Parentage
✓ Wage Withholding
✓ Other: See Motion for Temporary Relief

___ Modify Support
  ___ Child
  ___ Maintenance Supplement
  ___ Spouse
___ Modify Parental Rights and Responsibilities (Custody)
___ Modify Parent-Child Contact (Visitation)
___ Contempt
___ Enforcement

FILED

MAR 30 1992

Family Court of Vermont
Unit #2
Addison Circuit

30 min (1 hr)

5. Service of Process: ___ Service Completed; Return/Acceptance of Service is attached
   ___ Plaintiff's/Petitioner's Attorney will Serve
   ___ No Child Support Issues; Plaintiff/Petitioner will Serve
   ___ Child Support Issues; Clerk will Serve:
      ___ Serve by Certified Mail ___ Serve by Personal Service
      ___ Serve by 1st Class Mail with Acknowledgment

$ _____ attached

___ Plaintiff ___ Petitioner requests assistance from the Office of Child Support Services.

Rev. 11/91 lsmc

**SEE INSTRUCTIONS ON THE BACK OF THIS COVER SHEET**

FELL-00003075

## MARSH & ASSOCIATES, P.C.
ATTORNEYS AT LAW
62 Court Street
Middlebury, VT 05753

Pamela A. Marsh
Deborah Grant

TEL: (802) 388-4026
FAX: (802) 388-2021

Friday, December 15, 1995

Chip Epperson, Clerk
Addison Family Court
Middlebury, VT 05753

Re:  Currier v. ████, Docket No. F53-3-92 Andmd

Dear Chip:

Enclosed please find for filing my Memorandum in Opposition to Motion for Grandparent's Visitation.

Thank you for your services.

Sincerely

Pamela A. Marsh, Esq.

PAM/map

cc: _Client_
    ████
    Karen Rush Shingler, Esq.

FILED

DEC 1 8 1995

FELL-00003076

LAW OFFICE OF
KAREN RUSH SHINGLER
131 Main Street
Burlington, Vermont 05401

Karen Rush Shingler
Laurie LeClair

Tel. (802) 865-0654
Fax (802) 865-4270

December 12, 1995

Chip Epperson, Clerk
Vermont Family Court
5 Court Street
Middlebury, Vermont  05753

Re:  <u>Currier v. █████</u>

Dear Chip:

Enclosed please find a Motion for Grandparent Visitation
with an Affidavit and Certificate of Service in regard to the
above mentioned case for filing with the Court.

Thank you for your assistance in this matter.

Sincerely,

Karen Shingler

KRS/kab
encl.

cc:  Pamela Marsh, Esq.
     ████████████████

