# EXHIBIT 324

STATE OF VERMONT

SUPERIOR COURT                                   PROBATE DIVISION
WASHINGTON UNIT                                  DOCKET NO 16325

IN RE:  GUARDIANSHIP OF █████████
        OF CITY OF BARRE, VERMONT

### CERTIFICATION OF RECORD

I, Janice M. Brown, Register of the Probate Division for the Washington Unit, having by law custody of the records, reports or documents recorded or filed in the Probate Division, certify that the foregoing or attached copy of:

### COPY OF FILE

is a true and correct copy of an official record or report or entry therein of the Probate Division for the above named district, or of a document authorized by law to be recorded or filed and actually recorded or filed in the Probate Division of the above named district.

IN TESTIMONY WHEREOF, I hereunto affix the seal of the Court and subscribe my name at Montpelier, in said District this 13th day of August 2013.

_____
Janice M. Brown, Register

FELL-00003078

Probate
Form No. 98    **16325**
No.

## GUARDIAN FOR

████████████

CITY OF BARRE, VERMONT

Donald G. Milne, Guardian

City of Barre, Vermont

October 18, 1963

WNP. 128

29. 29. 10

Sept. 13, 1965 - Joseph Palmisano entered his appearance for ward, ████████

Dec. 13, 1965:
Ward discharged as to person. Property remains under guardianship.

Sept. 22, 1966 - No Bond Co.
Fidelity & Deposit Co.

FELL-0000307

FORM 9    RELEASE - GENERAL

TUTBLANX REGISTERED US PAT OFFICE
Tuttle Law Print Publishers Rutland Vt

# To all to Whom these Presents shall Come,

## or may concern:

**Greeting: Know Ye,** That  I, ███████ of City of Montpelier in the County of Washington and State of Vermont

for and in consideration of the sum of      and interest of Four thousand Two hundred thirty-one and 05/100ths------------ dollars ($      ), lawful money of the United States of America to  me  in hand paid by

### Fidelity and Deposit Company of Maryland

the receipt whereof is hereby acknowledged, have remised, released, and forever discharged and by these presents do   for   myself and my      heirs, executors and administrators, remise, release and forever discharge the said

### Fidelity and Deposit Company of Maryland, its

heirs, executors and administrators, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, which against the said

### Fidelity and Deposit Company of Maryland

I ever had, now have  or which my heirs, executors or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

**In Witness Whereof,**  I  have hereunto set  my  hand and seal the  6th  day of  August  in the year Nineteen Hundred and Sixty-six.

In Presence of

Joseph C. Palmer

Reginald T. Abare                    ███████████ L.S

                                     L.S

STATE OF
County of
}ss.

On this the                day of                      , 19    , before me,        , the undersigned officer, personally appeared

known to me (or satisfactorily proven) to be the person
whose name       subscribed to the within instrument and acknowledged that   he
executed the same for the purposes therein contained.
IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____

_____
Title of Officer

STATE OF
County of
}ss.

On this the               day of                    , 19    , before me,
the undersigned officer, personally appeared
who acknowledged himself to be the
of                         , a corporation, and that he as such            ,
being authorized so to do, executed the foregoing instrument for the purposes therein
contained, by signing the name of the corporation by himself as         .
IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____

_____
Title of Officer

COPY

General Release

TO

FIDELITY AND DEPOSIT
COMPANY OF MARYLAND

Dated. AUGUST 6, 19 66

## POWER OF ATTORNEY

Know all men by these presents that I, ███ █

of City of Montpelier, in the County of Washington and State of

Vermont do hereby designate and appoint Joseph C. Palmisano, Esq.

of City of Barre as my attorney and agent with full power to settle

my claim against Donald G. Milne through the Fidelity and Deposit

Company of Maryland for the sum of not less than $4,231.05 with a

right to accept payment and to cash any check or draft issued in my

name by signing the name of the undersigned and to disburse the

proceeds received in payment of the accounts due from the undersigned

to third parties as appears of record in the Probate Court, District

of Washington and to pay himself for services and expenses and to

account to the undersigned for the balance remaining after payment

of the above mentioned disbursements, if there be any balance.


IN WITNESS WHEREOF, I set my hand this 6th day of August, A. D. 1966

R. T. Abare

█████████████████

STATE OF VERMONT  }
                  }  SS.    At City of Barre this 6th day of
WASHINGTON COUNTY }           August A. D. 1966

████████

personally appeared, and she acknowledged this instrument, by her sealed

and subscribed to be her free act and deed.

Before me ___R. T. Abare___

___Notary Public___

LAW OFFICES
REGINALD T. ABARE
18 NORTH MAIN STREET
BARRE, VT.

FELL-00003082

Original:

No. 16.3.25

ESTATE OF

▮▮▮▮▮▮▮▮▮▮▮▮

VOLUNTARY APPLICATION FOR
APPOINTMENT OF GUARDIAN FOR
INFIRM PERSON

Filed   OCT 18 1963 ..............., 19........

Judge

Recorded, Vol. 27 ........ Page 191 .............

FELL-00003083

Probate
Form No. 67A

## STATE OF VERMONT

DISTRICT OF Washington , ss.

To THE HONORABLE PROBATE COURT FOR THE DISTRICT AFORESAID:

Comes ███████████ ,
of City of Barre, , in said District, — a married person — an
unmarried person — and respectfully represents that she is more than 21 years of age; and
that by reason of infirmity, age, mental and physical disability, she deems her
self unfitted for the prudent management of her affairs, and respectfully requests said
Court to appoint Donald G. Milne Esquire,
of City of Barre, in said District, as h e r Guardian.

Dated at Waterbury in said District, this 15th
day of O c t o b e r , 19 63.

███████████

Witnesses

*T. L. Phileps Jr. M.D.*

*Pauline Houston*

2M-1-59

FELL-00003084

No.........................

ESTATE OF

...................................................................................................................

...................................................................................................................

GUARDIAN ACCOUNT

Filed.........................................................,19.......... .

Hearing.........................................................,19.......... .

...................................................................................................

...................................................................................................

...................................................................................................

Examined on oath, allowed and ordered to be recorded.

..................................................................... Judge

Recorded, Vol .........................Page......................

FELL-00003085

Probate
Form No. 76

STATE OF VERMONT

DISTRICT OF _____, SS.

_____ _____ _____ Guardian unto

_____ of _____

in said District, in account with said ward.

Covering period from _____, 19____ to _____, 19____

The said Guardian charges himself—herself— with the amount of:

Personal Estate as per—inventory—last prior account — _____ $11,250.50

Real Estate as per—inventory—last prior account — _____ 1,000.—

Gain on Personal Estate sold, Schedule A _____

Gain on Real Estate sold pursuant to License, Schedule B _____

Personal Estate not included in inventory or prior accounts, Schedule C _____

Gain by rents, interest and dividends, Schedule D _____ 330.—

Other income and estate not in inventory or prior accounts, Schedule E _____ 3224.—

Total Charges _____ 15804.—

And said Guardian discharges—himself—herself—as follows, to wit:

Paid taxes, insurance & other expenses of property maintenance, Schedule 1 _____

Loss on sale of Personal Estate, Schedule 2 _____

Loss on sale of Real Estate, Schedule 3 _____ 250.00

Paid debts of ward outstanding prior to appointment, Schedule 4 _____

Paid expenses of education and clothing of ward, Schedule 5 _____

Paid board, nursing and medical care of ward, Schedule 6 _____ 4231.05

Paid for Attorney Fees _____

Paid for Probate Fees _____

Services and personal expenses of Guardian, Schedule 7 _____

Other disbursements, Schedule 8 _____ 6388.13

Expenses of sale (include _____ 738.89

Total Credits _____ 11608.07

Amount charged against Guardian $15804.—          Cash          4—

Amount allowed the Guardian $11,608.07                    12,658.07

                                              allowed No.  2—.—

Balance in hands of Guardian $4195.93, consisting of

Real Estate $_____, Schedule 9.

Personal Estate $4195.93, Schedule 10. Consisting of 2nduty 2920.00

2920                                                furniture 1000.—

                                                         cash 275.93

The foregoing is a just and true account,

_____
Guardian

Subscribed and sworn to this _____ day of _____, 19_____.

Before me, _____
Notary Public

*Note: All the above subdivisions, both alphabetical and numerical, must be supported by detailed schedules.

10M-9-64

FELL-00003086

No. 16325

## ESTATE OF

City of Barre, Vermont

## Order of Notice
## Guardian's Application to Sell
## Real Estate

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

Recorded Vol. 58 Page 303

FELL-00003087

No. 71

GUARDIANSHIP ESTATE OF ▓▓▓▓▓▓▓▓▓▓

# State of Vermont

DISTRICT OF **Washington** ss.

THE HONORABLE PROBATE COURT, FOR THE DISTRICT AFORESAID:

**Guardianship**
To all persons interested in the/estate of ▓▓▓▓▓▓▓

of **City of Barre** in said District,                    GREETING:

WHEREAS, application in writing hath been made to this Court by the guardian of ▓▓▓▓▓▓ for license to sell/the real estate of said ward situated in the City of Barre, in said District, to wit: five-room house and land located at No. 15 Downes Avenue.

Representing that the sale thereof for the purpose of putting the proceeds of such sale at interest, or investing the same in stocks or other  real estate, or using the avails thereof for the benefit of said ward as the law directs would be beneficial for said ward.

WHEREUPON, the said Court appointed and assigned the **5th** day of **October** 19 **64** , at **9** o'clock in the **fore** noon **EST**. at the Probate Office, in **Montpelier** in said District, to hear and decide upon said application, and ordered that public notice thereof to be given to all persons interested therein, by publishing this order three weeks successively in the **Times-Argus** a newspaper published at **City of Barre** in said District, which circulates in the neighborhood of those persons interested therein; all which publications shall be previous to the time appointed for the hearing.

THEREFORE, you are hereby notified to appear before said Court, at the time and place aforesaid, then and there in said Court, to object to the granting of such license, if you see cause.

GIVEN UNDER MY HAND AT **Montpelier** in said District, this **16th** day of **September** , 19 **64** .

_Nora E. Olich_
JUDGE

2-M-2-50

FELL-00003088

Probate
Form No. 73

STATE OF VERMONT

DISTRICT OF_____Washington_____ss.

THE HONORABLE PROBATE COURT FOR THE DISTRICT AFORESAID:

To_____Donald G. Milne_____

Guardian of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮_____

_____of_____City of Barre_____in said District.

WHEREAS, upon application of said_____Donald G. Milne,_____Guardian, as aforesaid, for license to sell the following described real estate of **his** said ward xxxixxBxinx

_____situated in the City of Barre, in said District, to wit:_____

_____five-room house and land located at No. 15 Downes Avenue_____

and the said court having issued an order of notice to all persons interested, fixing the_____5th_____day of _____October,_____19 64 , for hearing and deciding upon said application at the Probate Office, in _____Montpelier_____which order of notice was published by order of said Court, three weeks successively in the_____Times-Argus_____a newspaper published at _____City of Barre_____and which circulates in the neighborhood of those interested, all which publications were made previous to the time appointed for hearing and deciding on said application, as above mentioned

at which time and place of hearing no objections were made to granting such license.

The said_____Donald G. Milne,_____Guardian, having appeared and produced to said Court satisfactory evidence of the necessity of granting the license applied for, and also produced satisfactory testimony of the value of said real estate above described; and having given bonds, with sufficient surety, under the directions of said Court, with proper conditions,xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx, and having been duly sworn that **he** would sell the estate which **he** shall be authorized to sell, in such manner as **his** judgment will be most beneficial to **his** said ward . And all the requisitions of the statute in said case having been complied with:

WHEREUPON, said Court orders and decrees that License and Authority be granted, and the same are hereby granted to the said_____Donald G. Milne,_____Guardian as aforesaid, and **he** is hereby licensed and empowered to sell and convey, at private sale or public auction, as **he** finds most for the interest of said ward , all the above described real estate belonging to said ward ; and if sold at public auction, notice thereof is to be given by posting notices thereof in four public places in _____City of Barre_____ten days before such sale. And **he** is ordered to make return of **his** doings hereon, to the Register of this Court, within three months after any sale of real estate, under this license.

IN TESTIMONY WHEREOF, I hereunto affix the seal of said Court, and sub-

(SEAL)          scribe my name at_____Montpelier_____in said District,

this_____5th_____day of_____October_____19 64

_____
JUDGE

2M-4-52

Don Milne brought in account —

You will note under Schedule 8, 6, 388.13 and bills payable in amount of $4,231.05 — he will have itemized list of these in tomorrow. His secretary is making a copy of it now. I told him to be sure to have it in tomorrow or you

FELL-00003090

couldn't probably
accept this account
& he said he
realized this +
would have it here.

FELL-00003091

STATE OF VERMONT,    )

                                      )    IN PROBATE COURT.

District of ................................................. ... ss.  )

I, ............................................................................................................, Register of Probate for the District aforesaid hereby certify the foregoing to be a true copy of the original license of sale granted by this Court, as now appears of record in this office.

IN TESTIMONY WHEREOF, I hereunto affix the seal of said Court and subscribe

my name, at ....................................................................................................in said District,

this.............................day of ...........................................................................19..........

.......................................................................................................
REGISTER

No........16325..............

ESTATE OF

City of Barre, Vermont.

[blacked out]

GUARDIAN'S

LICENSE TO SELL REAL ESTATE

Donald G. Milne, Guardian

Recorded, Vol....28....Page...304....

FELL-00003092



Mr ▮▮▮▮▮▮▮
of furniture Sold to
- No. American Van Lines -
- Bob LePage ?.
▮▮▮▮ Plymouth Convertible
Call N. Milne - find
exact status of request
Jan acct. - Co 33617

FELL-00003093

Margaret Tenney, Social Welfare, would like
to be notified if and when guardianship is
removed in this estate.        9/29/65

FELL-00003094

Probate
Form No. 46

ESTATE OF ▮▮▮▮▮▮▮▮▮▮ OF Montpelier

Schedule C

Income From House Sale                    7,261.11 (cash)

3,000.00 (2nd mtge)

19,261.11
**TOTAL**

Schedule D

Rent of House

R. Camire - Nov. 1963 to March '64.        330⁻        ?

330⁻
**TOTAL**

10M-7-64

In Re:

Guardianship Estate

PETITION

District of Washington
Montpelier, Vermont

FELL-00003096

STATE OF VERMONT
WASHINGTON COUNTY, SS.

IN RE:

███████████                                              PROBATE COURT

To Donald G. Milne of the City of Barre, Vermont and Washington, Vermont.
Comes Nora E. Olich, Judge of Probate for the District of Washington, herewith deposes and says:

1. That the said Donald G. Milne was duly appointed legal Guardian of ████████ ████ an adult, on October 18, 1963;

2. That since said time the said Donald G. Milne has on various occasions been requested to file an account of his actions as said Guardian;

3. That on October 15, 1965 the said Donald G. Milne was cited to show cause why he should not make such accounting;

4. That prior to the time appointed the said Guardian appeared and stated said account would be filed on or before November 4, 1965, which was not done;

5. That on November 5, 1965 said Guardian called and stated said account would be filed on November 8, 1965, which was not done;

6. That on November 9, the Court in writing instructed said Guardian to comply with the orders of this Court by filing such account on or before noon, November 9, 1965;

7. That said Guardian has not filed said account and has failed to show cause why he has not done so.

WHEREFORE, the said Donald G. Milne is herewith ordered to show cause why he should not be punished for contempt for failing to obey the orders of this Court as aforesaid.

Done in Court this 16th day of November, 1965.

_____
Nora E. Olich
Judge of Probate

FELL-00003097

FELL-00030089

STATE OF VERMONT           )  To any Sheriff or Constable in the State,
                           )
WASHINGTON COUNTY, SS.     )                                GREETING:


BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby commanded to summon Donald C. Milne and notify him to appear before the Probate Court for the District of Washington in Montpelier on November 23, 1965 at 1:30 o'clock in the afternoon then and there to show cause, if any he may have, why he should not be adjudged in contempt and to stand to and abide by such other order in the premise as to the Court shall seem meet.

FAIL NOT but service and return make.


Dated at City of Montpelier in the County of Washington this 16th day of November, A. D. 1965.


                                    Pearl I. Houghton
                                    Register

STATE OF VERMONT
WASHINGTON COUNTY, SS.

IN RE:

████████████                                    PROBATE COURT

To Donald G. Milne of the City of Barre, Vermont and Washington, Vermont.
Comes Nora E. Olich, Judge of Probate for the District of Washington, herewith deposes and says:

1. That the said Donald G. Milne was duly appointed legal Guar████
████ █ ████ an adult, on October 18, 1963;

2. That since said time the said Donald G. Milne has on various occasions been requested to file an account of his actions as said Guardian;

3. That on October 15, 1965 the said Donald G. Milne was cited to show cause why he should not make such accounting;

4. That prior to the time appointed the said Guardian appeared and stated said account would be filed on or before November 4, 1965, which was not done;

5. That on November 5, 1965 said Guardian called and stated said account would be filed on November 8, 1965, which was not done;

6. That on November 9, the Court in writing instructed said Guardian to comply with the orders of this Court by filing such account on or before noon, November 9, 1965;

7. That said Guardian has not filed said account and has failed to show cause why he has not done so.

WHEREFORE, the said Donald G. Milne is herewith ordered to show cause why he should not be punished for contempt for failing to obey the orders of this Court as aforesaid.

Done in Court this 16th day of November, 1965.

Nora E. Olich
Judge of Probate

FELL-00003099

FELL-00003100

STATE OF VERMONT        )   To any Sheriff or Constable in the State,
                        )
WASHINGTON COUNTY, SS.  )                           GREETING:


BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby commanded to summon Donald G. Milne and notify him to appear before the Probate Court for the District of Washington in Montpelier on November 23, 1965 at 1:30 o'clock in the afternoon then and there to show cause, if any he may have, why he should not be adjudged in contempt and to stand to and abide by such other order in the premise as to the Court shall seem meet.

FAIL NOT but service and return make.


Dated at City of Montpelier in the County of Washington this 16th day of November, A. D. 1965.


                                Pearl I. Houghton
                                    Register



Box 530 Utica, N.Y. 13503
Phone 315 735-3321

UTICA MUTUAL INSURANCE COMPANY

4. JJG.

June 8, 1965

W. Edson McKee, Esq.
94 Main Street
Montpelier, Vermont

RE:   File N.J. 57535
      Howard J. ▉▉▉ ( dec'd)
            vs
      Tar Asphalt Service, Inc.
      Accident: September 11, 1961

Dear Sir:

In accordance with the judgment of Judge Ackerman dated April 22,
1965 in the above case, we are attaching a voucher payable to you
as guardian of ▉▉▉▉▉▉▉, in the amount of $100.00, covering
20-weeks at the rate of $40.00 per week and covering the period
from January 22, 1965 to June 11, 1965. There would have been due
for this period a total of $800.00, however, we deducted from that
amount the $700.00, which according to the judgment was to be de-
ducted from the compensation due ▉▉▉▉▉▉▉ and paid to Attorneys
Baer and Arbeiter. There would still be due according to the judgment,
compensation for ▉▉▉▉▉▉▉ of 155 weeks from June 11, 1965 to May
31, 1968, then from May 31, 1968 to June 7, 1979. Compensation is to
continue to be paid at the rate of $40.00 per week to you, as ▉▉▉
▉▉▉'s guardian. This period amounts to 574-6/7 weeks. The remaining
57-weeks due the guardian of ▉▉▉▉▉▉▉, has been paid covering the
period from December 20, 1963 to January 22, 1965. Further payments in
this case will be made to you as guardian of ▉▉▉▉▉▉▉ on a monthly
basis. Therefore, further vouchers issued will be in the amount of $160
per week and each voucher will cover four weeks compensation.

                              Very truly yours

                              J.J. ▉▉▉▉▉▉

JJG:P*

Law Offices
JOSEPH C. PALMISANO

116 North Main Street
BARRE, VERMONT 05641
Telephone 479-9595
**4 December 1967**

Honorable Judge Nora Olich
Washington District Probate Court
Montpelier, Vermont

Re:  Financial Statement of ▮▮▮▮ ▮▮

Dear Judge Olich:

Enclosed herewith is the financial statement which I was able to procure from Mrs. ▮▮▮ as it can best be determined.

1. Property owned by Mrs. ▮▮▮▮:
    A. a 1964 Plymouth automobile
    B. household furnishings
    C. Clothing
    D. no savings accounts
    E. no insurance policies
    F. no other assets

2. Monthly expenditures for Mrs. ▮▮▮ and son, ▮▮▮▮▮:
    A. Rent  $85.00
    B. Food  $100.00
    C. Laundry  $8.00
    D. Electricity  $10.00
    E. Telephone  $7.00
    F. Furniture payments  $49.00
    G. Piano payments for son's use  $24.00
    H. Piano lessons for son, ▮▮▮▮  $8.00
    I. Haircuts for ▮▮▮▮  $2.00
    J. Clothing  $15.00
    K. Automobile payments  $53.20
    L. Car insurance and gasoline  $30.00
    M. Gas heat for apartment  $20.00

    TOTAL MONTHLY EXPENDITURES  $411.20

3. Mrs. ▮▮▮'s income:
    Monthly take-home pay approximately $184.00.
    Social Security payments  $70.00

    TOTAL  $254.00

-2-

As you can see by the amount of expenditures and the income of Mrs. ████, she has a very difficult time making ends meet and needs all the assistance she can get. Therefore, I feel the court is justified, if it sees fit, to grant to Mrs. ████ a certain portion of the income derived from her son's trust account which would at least enable Mrs. ████ to eliminate the payment for rent and further enable the mother and son to have a nice home.

Mrs. ████ has progressed since she was placed under the Court's custody and it appears has completely rehabilitated herself. Mr. John Wackerman agrees that it would be a just reward to the girl if she is allowed to purchase a home under the Court's direction for herself and her son.

I will be glad to provide any further information the Court may desire in this matter.

Cordially,

Joseph C. Palmisano

JCP/rp



FELL-00003104

STATE OF VERMONT
WASHINGTON COUNTY, SS.

IN RE: ███████                          DISTRICT OF WASHINGTON

                                        PROBATE COURT

## A C C O U N T I N G

Now comes ███████ in the above entitled matter, through
her attorney, Joseph C. Palmisano, Esquire and makes the following
accounting of the disbursements made out of the proceeds received from
the Fidelity and Deposit Company of Maryland on behalf of ███████

                    August 12, 1966 - check received from the
Fidelity and Deposit Company of Maryland - - - - - - - - - - - - - $4231.05

### DISBURSEMENTS
August 15, 1966

| Ck No. | | |
|---|---|---|
| 4965 | Lambert Tire | 26.81 |
| 4966 | Central Tire | 44.26 |
| 4967 | Bob's Trucking | 35.00 |
| 4968 | H. A. Smalley | 14.19 |
| 4969 | Vermont State Hospital | 1500.00 |
| 4970 | Le Page Gravel | 9.00 |
| 4971 | Morse Taxi | 10.00 |
| 4972 | Barre City Hospital | 229.81 |
| 4973 | Mary Fletcher Hospital | 286.00 |
| 4974 | C. O. Granai, M. D. | 5.00 |
| 4975 | Dr. R. Sussman | 15.00 |
| 4976 | Dr. John Boardman | 110.00 |
| 4977 | Dr. E. V. Reynolds | 104.00 |
| 4978 | Montpelier T.V. | 10.90 |
| 4979 | Vermont Music | 103.37 |
| 4980 | Central Cab | 45.85 |
| 4981 | Homer Fitts | 45.47 |
| 4982 | Sam's Market | 35.31 |
| 4983 | Dr. L. C. Kingston | 30.00 |
| 4984 | Dr. F. E. Woodruff | 5.00 |
| 4985 | Dr. A. Melkonian | 24.00 |
| 4987 | Dr. Hutchins | 7.00 |
| 4988 | Lash Furniture | 36.64 |
| 4989 | Gray's Department Store | 30.18 |
| 4990 | Children's Aid | 149.71 |
| 4991 | Charm Beauty Salon | 17.50 |
| 4992 | Emslie Florist | 33.25 |
| 4996 | Mid-Town Chrysler | 64.41 |
| 4997 | Perry Medical Clinic | 40.50 |
| 4998 | Pecks Flower Shop | 40.20 |
| 4999 | A. Brown | 22.00 |
| 5000 | Probate Court fees | 29.50 |

LAW OFFICES
REGINALD T. ABARE
116 NORTH MAIN ST.
BARRE, VERMONT

-1-

FELL-00003105

C O N T I N U E D

| | | |
|---|---|---|
| 5002 | Al-ans | 3.00 |
| 5003 | Mrs. Francis ▮ | 100.00 |
| | Costs of suit | 12.00 |
| | Services and expenses | 600.00 |
| 5004 | Mrs. ▮ | 356.19 |
| | TOTAL | $4231.05 |

August 12, 1966    proceeds received - - - - - - -    $4231.05

August 15, 1966    disbursements - - - - - - - - -    $4231.05

Dated at City of Barre this 7th day of September, A. D.  1966

By  Joseph C. Palmisano
    her attorney

LAW OFFICES
EGINALD T. ABARE
116 NORTH MAIN ST.
BARRE, VERMONT

FELL-00003106

No._____

GUARDIAN ACCOUNT

Filed_____,19 65.

Hearing_____,19_____.

_____

_____

_____

Examined on oath, allowed and ordered to be recorded.

_____
Judge

Orand

Recorded, Vol _____Page_____.

FELL-00003107

Probate
Form No. 76

STATE OF VERMONT

DISTRICT OF _Washington_ , ss.

_Donald L Milne_ Guardian unto

██████████████████ of _City of Barre_

in said District, in account with said ward.

Covering period from _October 18_ , 19_63_ to _Dec 22_ , 196 5

The said Guardian charges himself--herself--- with the amount of:

| | |
|---|---|
| Personal Estate as per---inventory---last prior account --- | $11,250.00 |
| Real Estate as per--inventory--last prior account -- | 1,000.— |
| Gain on Personal Estate sold, Schedule A | |
| Gain on Real Estate sold pursuant to License, Schedule B | |
| Personal Estate not included in inventory or prior accounts, Schedule C | |
| Gain by rents, interest and dividends, Schedule D | 330.00 |
| Other income and estate not in inventory or prior accounts, Schedule E | |
| | 3,224.00 |
| Total Charges | 15,804.00 |

And said Guardian discharges---himself--herself--as follows, to wit:

| | |
|---|---|
| Paid taxes, insurance & other expenses of property maintenance, Schedule 1 | |
| Loss on sale of Personal Estate, Schedule 2 | |
| Loss on sale of Real Estate, Schedule 3 | 250.— |
| Paid debts of ward outstanding prior to appointment, Schedule 4 | |
| Paid expenses of education and clothing of ward, Schedule 5 | |
| Paid board, nursing and medical care of ward, Schedule 6      3,136.55 | 4,231.05 |
| Paid for Attorney Fees | |
| Paid for Probate Fees | 17.50 |
| Services and personal expenses of Guardian, Schedule 7      210.00 | |
| Other disbursements, Schedule 8 | 6,838.13 |
| _Expenses of Sale_ | 738.89 |
| Total Credits | 11,201.07 |

Amount charged against Guardian    $ 15,804.00
Amount allowed the Guardian    $ 11,201.07

Balance in hands of Guardian    $ 4602.93 consisting of
            Real Estate    $_____ , Schedule 9.
            Personal Estate    $ 4602.93 , Schedule 10.—

The foregoing is a just and true account,    _Donald L. Milne_

                                    Guardian

Subscribed and sworn to this _22nd_ day of _December_ , 19 65.

        Before me, _Vera E Click_
                            _Judge._    Notary Public

*Note: All the above subdivisions, both alphabetical and numerical, must be supported by detailed schedules.

10M-9-64

FELL-00003108

Probate
Form No. 76

### STATE OF VERMONT

DISTRICT OF _Washington_ , SS.

_Donald C. _____ Guardian unto

████████████ of _Montpelier_

in said District, in account with said ward.

Covering period from _August 15_ , 19_63_ to _Nov. 22_ , 19_65_

The said Guardian charges himself—herself— with the amount of:

| | |
|---|---|
| Personal Estate as per—inventory—last prior account— | $ |
| Real Estate as per—inventory—last prior account — | |
| Gain on Personal Estate sold, Schedule A | |
| Gain on Real Estate sold pursuant to License, Schedule B | |
| Personal Estate not included in inventory or prior accounts, Schedule C | 10,261.11 |
| Gain by rents, interest and dividends, Schedule D | 330 — |
| Other income and estate not in inventory or prior accounts, Schedule E | 3,224 — |
| | |
| **Total Charges** | 13,815.11 |

And said Guardian discharges—himself—herself—as follows, to wit:

| | |
|---|---|
| Paid taxes, insurance & other expenses of property maintenance, Schedule 1 | |
| Loss on sale of Personal Estate, Schedule 2 | |
| Loss on sale of Real Estate, Schedule 3 | |
| Paid debts of ward outstanding prior to appointment, Schedule 4 | |
| Paid expenses of education and clothing of ward, Schedule 5 | |
| Paid board, nursing and medical care of ward, Schedule 6 | |
| Paid for Attorney Fees | |
| Paid for Probate Fees | |
| Services and personal expenses of Guardian, Schedule 7 | |
| Other disbursements, Schedule 8 | 6,388.13 |
| | |
| **Total Credits** | |

Amount charged against Guardian    $ 13,815.11
Amount allowed the Guardian    $ 6,388.13

Balance in hands of Guardian    $_____, consisting of
Real Estate    $_____, Schedule 9.
Personal Estate    $ 7,346.77 , Schedule 10.

The foregoing is a just and true account, _Donald C. _____
Guardian

Subscribed and sworn to this _22nd_ day of _November_ , 19_65_.

Before me, _Pearl O. Houghton_
Notary Public

*Note: All the above subdivisions, both alphabetical and numerical, must be supported by detailed schedules.

10M-2-63

FELL-00003109

Probate
Form No. 46

ESTATE OF ████████████████ OF _Juat T pala_

Schedule _15._

Cash on Hand                    4,426.97
Balance on 2nd mortgage          2,920 —

                                7,346.97
                                **TOTAL**

Schedule _____

This accounting does not include bills
payable in the amount of 4231.05 as per attached
schedule nor does it include out of pocket expenses
nor fee of Guardian which I feel should be taken
up with the probate Judge, nor does it include unpaid
balance on car of approximatly $1700 — nor unpaid
balance on Hi-Fi of approximatly 200 —

                                _____
                                **TOTAL**

10M-7-64

FELL-00003110

Probate
Form No. 46

ESTATE OF .................................................................OF .................................................................

Schedule.............................

Second mortgage - 2920.00
Household furniture - 1000.—
Cash 682.93
_____
4602.93

(Subject to indebtedness)
of $10,074.50 to W. St. Hosp.

TOTAL ...........................................

Schedule..............................

TOTAL ...........................................

40M-11-60

Probate
Form No. 46

ESTATE OF ████████████████ OF _Montpelier_

Schedule _E_

Workimans Comp closeout check                    2080-
"    "    "    monthly checks              500 —
socal Security    "    ..              264 —
Payments on 2nd Mortgage                      80 -

3224
TOTAL

Schedule _8_

Advances to ████. ████ + Bills
Paid on her behalf as per attached Schedule 6

6388.13
TOTAL

10M-7-64

FELL-00003112

Probate
Form No. 46

ESTATE OF ............................................................................OF ....................................................................

Schedule ___3___

Sale of homestead

11,250 00
10,261 11
988.89

800.—
for appliances

Sched 8

Taxes 368.82
357.57
Stamps 12.10
738.89

10,261.11 - sale price
738.89 - expenses
11,000.00

Schedule_____

TOTAL

35 2 4
.03
106.7 2

15
3
1 30,

TOTAL

10M-3-65

FELL-00003113

No. 16320

GUARDIAN BOND

Filed and Approved ........ **OCT 18 1969**........

Judge

Recorded, Vol........27........Page.....191........

FELL-00003114

Probate
Form No. 65

## KNOW ALL MEN BY THESE PRESENTS,

THAT WE, _____Donald G. Milne_____

of_____Barre, Vermont_____County of _____Washington_____

and State of Vermont, as principal and____Fidelity and Deposit Company of Baltimore,_____

_____Maryland_____

_____ as sureties, are held

and stand firmly bound and obliged to the Probate Court for the District of Washington County_____

in the State of Vermont in the penal sum of___Five Thousand Dollars ($5,000.00)_____dollars,
current money of the United States, for the payment of which, well and truly to be made, we, the said obligors,
do jointly and severally bind ourselves, our heirs, executors and administrators, firmly by these presents.

Signed with our hands and sealed with our seals.     Dated at _____Barre_____

Vermont, the__17th_____day of_____October_____, 19 63 .

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, that if the above bounden _____

_____Donald G. Milne_____ appointed by said Court

as Guardian of_____Mrs. ████████_____

_____shall well
and faithfully execute and discharge the aforesaid trust of Guardian to the said ward     , in all parts thereof,
according to the rules and directions of the law in such case made and provided, and make a true inventory
under oath of all the real estate, and all goods, chattels, rights and credits of said ward     , that shall come
to_____his_____possession or knowledge, and return the same to the Register of said Probate Court within
sixty days from this date, or within sixty days from the time such estate shall hereafter come to the possession
or knowledge of said Guardian, and shall manage and dispose of all such estate and effects according to law,
and for the best interest of said ward     , and faithfully discharge____his_____trust in relation thereto,
and render a true and just account of the property in____his_____hands, and of the management and dis-
position of same, within one year after____his_____appointment, and annually thereafter, except as pro-
vided in 14 V.S.A. § 2921 and at such other times as the Court directs, and at the expiration of said trust shall
render and settle____his_____account as aforesaid, and pay over and deliver all such estate and effects
remaining in_____his_____hands or due from____him_____on such settlement to the person or
persons legally entitled to the same, and pay all Probate fees and charges, then the above obligation to be void
and of no effect; otherwise to remain in full force and effect.

IN PRESENCE OF

_____     _____ 

_____     Fidelity and Deposit Company of     [L.S.]
                                     Baltimore, Maryland.
_____     Attorney-in-Fact _____[L.S.]

_____     _____[L.S.]

5M-3-61

FELL-00003115

No. 16325

GUARDIANSHIP ESTATE OF

██████

City of Barre, Vermont

INVENTORY AND WARRANT

Returned into the Probate Office
DEC 30 1963
......................, 19.........

Accepted and ordered to be recorded.

Attest:

_Vora E. Click_
                    Judge

Recorded, Vol. 27 Page 506

FELL-00003116

## AN INVENTORY

OF THE ESTATE OF .......... Mrs. ██████ .......... late of .......... City of Barre ..........

in the District of .......... Washington .......... deceased, appraised on oath by us, the subscribers,

duly appointed to that service by the Honorable Probate Court for said District, viz:

| | | |
|---|---|---|
| Real Estate | | |
| HOUSE AT 15 DOWNES AVENUE: | 11,250.00 | |
| | | |
| | | |
| | | |
| | | |
| Live Stock | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Farming Tools | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Household Furniture | 1,000.0 | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | CARRIED FORWARD | |

FELL-00003117

| | | | BROUGHT FORWARD, | | |
|---|---|---|---|---|---|
| Notes, Bonds, Stocks and Cash, | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Other Personal Estate | | | | | |
| | | | | | |
| | | | AMOUNT | | |

Dated at _____ City of Barre _____ this _23rd_ day of _December_ , 19 _63_ .

_[signatures]_

Appraisers

Guardian
X~~Administrator~~

~~Executor~~

STATE OF VERMONT, } At _____ City of Barre _____ this _23rd_ day

County of _____ Washington _____ , ss. } of _____ December _____ , 19 _63_ , personally appeared the

above named _____ Jose' M. Monte, _____ Donald G. Milne _and James D. Andrews _____ and made

oath that the foregoing is a true inventory, according to _their_ best knowledge, information and belief, of the real estate,

and all the goods, chattels, rights and credits of the said ~~deceased~~ **ward**, that have come to _____ their _____ possession or knowledge.

Before me, _____ Marsha Tucker _____

Notary Public
~~Justice of the Peace~~

FELL-00003118

Probate
Form No. 19

## STATE OF VERMONT

DISTRICT OF............**Washington**............., SS.          PROBATE COURT.

THE HONORABLE PROBATE COURT FOR THE DISTRICT AFORESAID:

To............**James Andrews and Jose' M. Monte, both**............................

.................................................................................................................

of............**City of Barre**............, in said District.    **DEC 27 1963**    GREETING:

BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby appointed a Committee to appraise all

the estate, both real and personal (except the wearing apparel, the articles of apparel and ornaments of the

widow, the apparel of minor children, and necessary provisions to be consumed in subsistence of the family

of the ~~deceased~~ **ward**, whereof ....................████████.................................

.................................................................................................................

~~late~~ of............**City of Barre**............in said District, ~~who~~ **was** seized and possessed in the State aforesaid, to

be shown unto you by............**Donald G. Milne, Guardian**............................

of the estate of the said ~~deceased~~ **ward** and you will appraise the same upon oath, at its present true value in

money, and return the appraisal under your hands to the Probate Court, for the District aforesaid, within

three months, together with this warrant; and likewise deliver a copy of such appraisal to the said

............**Guardian.**............................................

IN TESTIMONY WHEREOF, I hereunto affix the seal of said Court and subscribe

(SEAL)          my name at............**Montpelier**............in said District,

this....**18th**....day of............**October**............, 19..**63**..

............*Pearl O. Houghton*............
                                             ~~Judge~~ - Register

STATE OF VERMONT,          At....**City of Barre**............this....**23rd**....

County of....**Washington**...., SS.          day of............**December**............, 19..**63**.., the

above named ............**James Andrews and Jose' M. Monte**............

............................personally appeared and made solemn oath that they

would faithfully discharge the duties assigned them by the above warrant.

Before me,............*Marsha Tucker*............
                                             Notary Public
                                             ~~Justice of the Peace~~

4M-4-58

FELL-00003119

No. 16325

GUARDIANSHIP ESTATE OF

████████████

City of Barre, Vermont


Certificate to Bonding
Company

9/22/66
Original to Bonding Co.
Conf. copies to
Robert Greascing III *
Jdr.


X̌
Rec. Vol. 30    Page 174

FELL-00003120

STATE OF VERMONT

DISTRICT OF WASHINGTON, ss.                                    PROBATE COURT

I, Nora E. Olich, Judge of the Probate Court within and for said District, do hereby certify that on the 12th day of August, 1966 the Fidelity and Deposit Company of Maryland, surety on a bond in the penal sum of $5,000.00 in the guardianship estate of ███████ ███ of City of Barre, in said District, with Donald G. Milne as principal, did pay and deliver to the said ███████ ███ and her Attorney, Joseph Palmisano, for the benefit of the said ward and her creditors, a sum of $4,231.05 plus interest of $412.00 in full payment of the judgment order issued by this Court against the said Donald Milne; and on the 12th day of September, 1966, the said Joseph Palmisano did file an account of his actions disclosing that the creditors had been paid and that the money was disbursed in accordance with the directions of said Court;

THEREFORE, the said Fidelity and Deposit Company of Maryland as surety is hereby released and discharged from further liability to said ward, her creditors and the Court created by virtue of said bond, and the said Fidelity and Deposit Company of Maryland by reason of its said payment is entitled to full use and benefit of the said judgment order against the said Donald Milne.

Dated at Montpelier, in said District, this 14th day of September, 1966.

(Seal)

_____
                    Judge

**INSTRUCTIONS TO DELIVERING EMPLOYEE**

☐ Deliver *ONLY* to addressee      ☐ Show address where delivered

*(Additional charges required for these services)*

**RECEIPT**

Received the numbered article described on other side.

SIGNATURE OR NAME OF ADDRESSEE (must always be filled in)

Donald C. Hall

SIGNATURE OF ADDRESSEE'S AGENT, IF ANY

DATE DELIVERED    9/7/66    SHOW WHERE DELIVERED (only if requested)

CSS—16—71948-5—F    GPO

---

**RECEIPT FOR CERTIFIED MAIL—20¢**

No. 704303

POSTMARK OR DATE

SENT TO
Donald G. Milne, Esquire

STREET AND NO.
107 North Main Street

CITY, STATE, AND ZIP CODE
Barre, Vermont

If you want a return receipt, check which
☒ 10¢ shows to whom and when delivered
☐ 35¢ shows to whom, when, and address where delivered

If you want delivery only to addressee, check here
☐ 50¢ fee

FEES ADDITIONAL TO 20¢ FEE

POD Form 3800
July 1963    **NO INSURANCE COVERAGE PROVIDED—NOT FOR INTERNATIONAL MAIL**    *(See other side)*

FELL-00003122

FELL-00003123

No. 16325

RE:  Guardianship Estate

of ████████

City of Barre, Vermont


JUDGMENT ORDER


2/6/66:
Copy to Joseph
Bernisconi, Donald
Milne, Paige & Campbell.


Rec. Vol. 29      Page 244

STATE OF VERMONT
WASHINGTON COUNTY, SS.

PROBATE COURT                                IN RE:
DISTRICT OF WASHINGTON                              GUARDIANSHIP ESTATE

JUDGMENT ORDER

███ █ ███ ward of Donald G. Milne, through her attorney, Joseph Palmisano of the City of Barre, filed her petition seeking to compel the guardian, Donald G. Milne, to file a final accounting;

On November 22, 1965 the guardian filed his final accounting which was continued until December 13, 1965 to enable the guardian to present additional information regarding the accounting.

On December 13, 1965 the ward, ███ █ ███ with her attorney, Joseph Palmisano, and Reginald T. Abare, and Donald G. Milne were present, at which time the account was examined;

On oral petition of the guardian that he be permitted to provide further information to the Court with reference to bank accounts and computing of interest, the matter was continued to a date certain.

The guardian, not appearing, an order was made requesting the guardian to appear on or before January 17, 1966 to show cause;

On January 17, 1966 the guardian failed to appear by himself or by counsel and he is found by judgment of this Court to be in default.

The Court finds, upon due consideration of all the matters presented and representations of counsel for the ward and representations of the guardian, made on behalf of himself, that the account is allowed and filed as follows:

Assets in hands of ward:

| | |
|---|---:|
| Second mortgage of property now owned by Roger Dwinell in City of Barre | $2,920.00 |
| Household furniture | 1,000.00 |
| Cash | 682.93 |

Assets in hands of guardian:

| | |
|---|---:|
| Cash in the sum of | $4,231.05 |

which is due creditors of said ward, plus interest thereon from March, 1964 to the date hereof.

FELL-00003124

The guardian, Donald B. Milne, of the City of Barre is hereby ordered to pay and deliver to Joseph Palmisano on or before February 15, 1966 the sum of $4,231.05 with accrued interest, said sums to be disbursed to creditors, whose names more fully appear in the guardian accounting.

The guardianship of the person of ██ █ █ was terminated effective December 13, 1965.

Dated at Montpelier in said District this 3rd day of February, 1966.

(Seal)

Nora E. Olich
Judge

FELL-00003125

August 26, 1966

Charles Fuller, Jr., Esq.
Claims Attorney
Fidelity and Deposit Company
40 Broad Street
Boston 9, Massachusetts

              Re:   Guardianship Estate of ███ ███

Dear Mr. Fuller:

      I received your check in the amount of $423.10 and am most appreciative. I have checked with Mr. Palmisano and the majority of the creditors have been paid and we have set September 12 as the time for a full report on his doings as Attorney for ███ ███ I am holding this check until such date. The reason for the delay is that I will be on vacation until such date but will give it my immediate attention the day of my return.

      Thank you again for your cooperation.

              Very truly yours,

              Nora E. Olich
              Judge

NEO/h

cc to Joseph Palmisano, Esq.

September 14, 1966

Charles Fuller, Jr., Esq.
Claims Attorney
Fidelity and Deposit Company
40 Broad Street
Boston 9, Massachusetts

Re:   Guardianship Estate of ████ ███

Dear Mr. Fuller:

Sorry for the delay. Started working on this the day I promised, unfortunately we have had an influx of business lately. Thought I would have you check this over. If it meets with your approval, please inform and I will send you an executed copy.

Thank you again for your cooperation in this matter.

Sincerely,

Nora E. Olich
Judge

NEO/h
Enclosure



Exhibit + Washington

State of Vt. } Probate Court

I, Nora E. Chick, Judge of the P.C. within + for said District, do hereby certify that on the 12th day of August, 1966 the F. & D. Co. of Maryland, sureties on a bond in the penal sum of $5,000. in the guardianship estate of ████████ of city of Barre in said District, with Donald A. Milne as principal, did on ████████ ███ █ ████████ him and delivered to the said ████████ + her atty J.P. for the benefit of the said ward and his creditors a sum of $4231.03 plus interest of $412.⁰⁰ in full payment of the ████████ judgment order issued by this Court against the said Donald Milne; + the said J.P. atty. did on the 12th day of Sept. 1966, file an account of his actions disclosing that the creditors had been paid and that the money was disbursed in accordance with the directions of said Court.

Therefore the said F. & D. Co. of Maryland as surety is hereby released and discharged from further liability to said ward ████ her creditors ████ the Court defy will ████ said bond.

Dated at

# Fidelity and Deposit Company

HOME OFFICE    OF MARYLAND    BALTIMORE 3

BONDING  INSURANCE

CHARLES FULLER, JR.
CLAIMS ATTORNEY

BOSTON CLAIM OFFICE
40 BROAD STREET
BOSTON 9, MASS.

TELEPHONE
HUbbard 2-9040

August 24, 1966

The Hon. Nora E. Olich
Judge of the Probate Court
Montpelier, Vermont

Re:    Bond #77 38 953 - Donald G. Milne, Guardian
       ▮▮▮▮▮▮▮▮  - FO 19802

Dear Judge Olich:

As I advised you I would do, I took up with the
company's Home Office your feelings and those of Mr.
Palmisano, in regard to the question of interest in the
above matter.  There is considerable doubt that this an
obligation of the bond.  Because I have explained to them
how much assistance and cooperation I have gotten from
the court, however, they have authorized me to make pay-
ment in this case.

Accordingly, I am enclosing herewith our draft in
the amount of $423.10 with the understanding that this
payment does not constitute a precedent or any admission
of liability etc.  Please release the draft to Mr.
Palmisano at the proper time.

Very truly yours,

Charles Fuller, Jr.
Claims Attorney

CFjr:cg
enc.
cc:  Joseph C. Palmisano, Esq.

FELL-00003129

# Fidelity and Deposit Company

HOME OFFICE    **OF MARYLAND**    BALTIMORE 3

BONDING  INSURANCE

CHARLES FULLER, JR.
CLAIMS ATTORNEY

BOSTON CLAIM OFFICE
40 BROAD STREET
BOSTON 9, MASS.

TELEPHONE
HUBBARD 2-9646

September 20, 1966

The Hon. Nora E. Olich
Judge of the Probate Court
Montpelier, Vermont

Re:  Bond #77 38 953 - Donald G. Milne  -  ██████████
     FO 19802

Dear Judge Olich:

Thanks ever so much for yours of September 14, 1966 and the proposed decree in the above matter.  To get the benefit of their experience and wisdom in such cases, I forwarded the correspondence to our Home Office.

You will recall that when we last discussed how to proceed here with Mr. Palmisano, it was concluded that no release should be executed to Donald G. Milne because it might cut off our rights to recovery against him.  In line with that thinking, the Home Office has suggested that the last paragraph of the proposed decree be extended by add'ng the following:  "and the said Fidelity and Deposit Company of Maryland by reason of its said payment is entitled to full use and benefit of the said judgment order against the said Donald Milne."  If, for any reason, you feel that such an addition would not be proper, we will be quite satisfied with the order in the form you originally proposed.

Very truly yours,

*Charles Fuller, Jr.*

Charles Fuller, Jr.
Claims Attorney

CFjr:cg

FELL-00003130

November 9, 1967

Joseph C. Palmisano, Esq.
110 North Main Street
Barre, Vermont

Re: ████████████████████

Dear Joe:

To confirm our conference relative to the above ward,
when you file in Court a complete financial statement for
the ████████ showing total income and assets, and also
her expenditures, we will review your motion for support
of the ward.

Of course, this is dependant upon the Department of
Social Welfare fully discharging the said ██████ from
its custody.

Very truly yours,

Norm E. Olich
Judge

NEO/h

cc to W. Edson McKee, Esq.

February 28,1966

Re; Moving and stor~~age of~~ ING
                        furniture.


From   Sept.27.1961 ) Moving ▮▮▮▮▮ trailer from Nixon,
                       N.J. to Montpelier,Vt and pack-
  to   Sept.29,1961 ) ing same.......................$100.00


Oct.10,1961   Moved ▮▮▮▮s trailer to Rutland and
              moved another one back for her........   35.00

Oct.11,1962   Moved ▮▮▮▮ things from June Biggs'
              garage and stored in cabin at ▮▮▮▮s   20.00

Dec.2,1963    Moved rubbish from basement at 15
              Downes Ave.,to Barre City dump
              and cleaned basement....................10.00

Jan. 25,1964  Moved some of her things from North
              American Van Lines at Barre to Appt.,
              on River Street, Montpelier,Vt..........20.00

Sept.29,1964  Moved furniture from North American
              Van Lines and put in storage at
              South Barre.............................40.00


                              Total      $225.00
                              _____


                   Yours truly,


                   Philip T. ▮▮▮▮
                   Moonlight Terrace,
                   Montpelier, Vt.

FELL-00003132



Accounting

LAW OFFICES
DONALD*G. MILNE
107 NO. MAIN ST.
BARRE, VERMONT

FELL-00003133

UNPAID BILLS

| | |
|---|---|
| Lambert Tire | 26.81 |
| Central Tire Co. | 44.26 |
| Bob's Trucking | 35.00 |
| H. A. Smalley | 14.19 |
| Vt. State Hospital | 2574.50 |
| LePage Gravel | 9.00 |
| Morse Taxi | 10.00 |
| Barre City Hospital | 289.81 |
| Children's Aid | 149.71 |
| Mary Fletcher | 286.00 |
| C.O. Granai, M.D. | 5.00 |
| Dr. R. Sussman | 15.00 |
| Dr. John Boardman | 110.00 |
| Dr. E. V. Reynolds | 104.00 |
| Montpelier T.V. | 10.90 |
| Vt. Music | 103.37 |
| Central Cab | 45.85 |
| Homer Fitts | 45.47 |
| Sam's Market | 35.31 |
| Charm Beauty Salon | 17.50 |
| Dr. Kingston | 30.00 |
| Dr. Woodruff | 5.00 |
| Dr. Melkonian | 24.00 |
| Dr. Hutchins | 7.00 |
| Lash Furniture | 36.64 |
| Gray's Department Store | 30.18 |
| Emslie Florist | 33.25 |

FELL-00003134

UNPAID BILLS (cont.)

| | | |
|---|---|---|
| Perry Medical Clinic | 40.50 | |
| Pecks Flower Shop | 40.20 · | |
| A. Brown | 22.00 ‒ | |
| M. ■ | 100.00 ‒ | storage bill for furniture |
| TOTAL | $ 4231.05 | |

Checks to or on behalf of ■

| | | |
|---|---|---|
| 52 | 11/5/63 | 130.00 ✓ |
| 73 | 11/21/63 | 50.00 |
| 124 | 1/22/64 | 65.00 |
| 127 | 1/24/64 | 28.00 |
| 128 | 1/24/64 | 35.00 |
| 395 | 11/27/64 | 20.00 |
| 471 | 2/8/65 | 50.00 |
| 499 | 3/15/65 | 75.00 |
| 504 | 3/20/65 | 50.00 |
| 516 | 3/29/65 | 100.00 |
| 528 | 4/5/65 | 100.00 |
| 531 | 4/8/65 | 100.00 |
| 532 | 4/8/65 | 37.97 |
| 537 | 4/14/65 | 50.00 |
| 542 | 4/21/65 | 50.00 |
| 544 | 4/26/65 | 50.00 |
| 547 | 5/3/65 | 50.00 |
| 554 | 5/10/65 | 50.00 |
| 560 | 5/14/65 | 36.86 |

FELL-00003135

| 561 | 5/17/65 | 50.00 |
| 562 | 5/24/65 | 100.00 |
| 565 | 6/2/65 | 100.00 |
| 567 | 6/7/65 | 50.00 |
| 577 | 6/12/65 | 50.00 |
| 580 | 6/21/65 | 50.00 |
| 583 | 6/28/65 | 100.00 |
| 585 | 7/6/65 | 50.00 |
| 588 | 7/12/65 | 50.00 |
| 590 | 7/17/65 | 50.00 |
| | SUBTOTAL | $ 1777.83 |
| 591 | 7/19/65 | 50.00 |
| 592 | 7/26/65 | 50.00 |
| 594 | 8/2/65 | 50.00 |
| 596 | 8/12/65 | 50.00 |
| 597 | 8/16/65 | 50.00 |
| 599 | No date | 5.00 |
| 600 | No date | 50.00 |
| 601 | 8/26/65 | 50.00 |
| 602 | 8/30/65 | 50.00 |
| 604 | 9/6/65 | 75.00 |
| 605 | 9/14/65 | 50.00 |
| 606 | 9/15/65 | 53.48 |
| 609 | 10/2/65 | 100.00 |
| 610 | 10/2/65 | 130.00 |
| 611 | 10/2/65 | 50.00 |
| 614 | 10/11/65 | 50.00 |
| 615 | 10/14/65 | 20.00 |
| 617 | 10/15/65 | 200.00 |

FELL-00003136

| 618 | 10/19/65 | 50.00 | |
| 619 | 10/24/65 | 50.00 | |
| 620 | 10/29/65 | 100.00 | |
| 622 | 11/2/65 | 50.00 | |
| 624 | 11/8/65 | 100.00 | |
| 607 | Howard Bank | 317.32 | (car) '64 Plymouth fury. |
| 589 | The Mercier Agency | 139.30 | (insurance) |
| 566 | Howard Bank | 156.14 | (car) 2 payments |
| 500 | Smalley Auto | 605.50 | (car) down payment once |
| 424 | Washington Probate Court | 2.00 | |
| 394 | George Soucy | 12.00 | Landlord |
| 366 | Couillard | 19.60 | heat |

TOTAL     $ 2835.34

PAID OUT

| 8/22/63 | ▮ ▬ | 30.00 | |
| 8/22/63 | Green Mt. Power | 36.13 | house |
| 8/28/63 | Barre Water Dept. | 8.34 | house |
| 8/29/63 | Anderson Movers | 12.50 | house |
| 9/6/63 | Granite Savings Bank | 151.25 | loan from Mr Mott. |
| 9/12/63 | Reynolds & Son | 4.00 | |
| 9/14/63 | Mrs. R. Lovely | 16.25 | |
| 9/20/63 | Mrs. R. Lovely | 23.75 | |
| 9/24/63 | Green Mt. Diner | 12.30 | |
| 10/15/63 | N E T & T | 23.97 | |
| 10/30/63 | J. Monte (Seaboard) | 30.00 | |

FELL-00003137



| Date | Payee | | Amount |
|---|---|---|---|
| 11/4/63 | ■ ■ | | 20.00 |
| 11/14/63 | J. ■ | | 30.00 |
| 11/14/63 | J. Monte (Seaboard) | | 30.00 |
| 11/14/63 | Kendall Lawson | | 9.00 |
| 11/14/63 | Green Mt. Power | | 18.42 |
| 11/14/63 | Dr. Caccavo | | 8.00 |
| 11/14/63 | Booth Brothers | | 28.47 |
| 11/14/63 | Youth Centre | | 28.46 |
| 11/14/63 | Couillard Heating | | 33.68 |
| 11/14/63 | Stark Brothers | | 15.85 -n ise glass. |
| 11/14/63 | Vt. Music | | 32.09 ✓ |
| 12/12/63 | ■ ■ | | 30.00 |
| 2/4/64 | ■ ■ | | 25.00 |
| 2/29/64 | J ■ | | 30.00 |
| 3/18/64 | ■ ■ | | 35.00 |
| 3/24/64 | Mr. Soucy | | 68.00 rent |
| 4/17/64 | Barre Water Department | | 4.50 |
| 4/27/64 | ■ ■ | | 50.00 |
| 5/13/64 | ■ ■ | | 20.00 |
| 5/14/64 | ■ ■ | | 10.00 |
| 5/15/64 | ■ ■ | | 10.00 |
| | TOTAL | | $ 864.96 |

PAID OUT
(Personal Checks)

| 2/10/64 | ■ ■ | 141 | 30.00 - |
| 3/2/64 | ■ ■ | 166 | 30.00 . |
| 3/4/64 | ■ ■ | 168 | 30.00 |
| 4/13/64 | North American | 225 | 100.00 (storage) |

total 2 ro.50

FELL-00003138

| 10/12/64 | Probate Court | 479 | 5.00 |
| 1/14/65 | ▆▆▆ | 565 | 50.00 |
| 1/20/65 | ▆▆▆ | 575 | 20.00 |
| 1/25/65 | ▆ ▆ | 585 | 50.00 |
| 2/14/65 | ▆ ▆ | 613 | 200.00 |
| 7/19/65 | ▆▆▆ | 870 | 50.00 [1] |
| 8/30/65 | ▆ ▆ | 946 | 100.00 |
| | TOTAL | | $ 665.00 |

Paid to ▆▆ in Cash

| 11/15/65 | 50.00 |
| 11/13/65 | 50.00 |
| | 50.00 |
| | 50.00 |
| | 30.00 |
| | $ 15.00 |
| TOTAL | $ 245.00 |



11/26/
11/24/65
11/29/65
12/6

200.00
200.00
50.00

50.00
400.00

FELL-00003139

*Robert Grussing 111*

*Attorney at Law*

*127 Main Street*

*Brattleboro, Vermont*

———

*Telephone 254-6061*

12 August 1966

Judge Nora Olich
Judge of Probate Court
Washington District
Montpelier, Vermont

Re: ████████ Estate

Dear Judge Olich,

    I am enclosing a bill of Dr. Louis C. Kingston in connection with the estate of ███e███ which Mrs. Milne has turned over to me. I believe that this should be in your files.

Sincerely,

Robert Grussing III

GRIII/ka
encl.

FELL-00003140



**STATEMENT**    June 24,1966

DATE_____

| DATE | | AMOUNT |
|---|---|---|
| | FOR PROFESSIONAL SERVICES: | |
| 53 21 Jan. | Eye examination & glasses | $ 30.00 |

ABOVE IS THE STATEMENT OF YOUR ACCOUNT. PLEASE ENCLOSE PAYMENT IN THIS CONVENIENT ADDRESSED ENVELOPE AND DROP IN THE MAIL. THANK YOU.

Miss. ███ ███

15 Downes Avenue
        Barre, Vt.

No. 16325

Guardianship Estate of

City of Barre, Vermont

ORDER DISCHARGING WARD

FROM GUARDIANSHIP OF

PERSON

Rec. Vol. 29    Page 244

FELL-00003142

5:01-cr-00012-gwc    Document 512-47    Filed 04/15/14    Page 67 of 131

STATE OF VERMONT,

District of Washington, ss.

IN PROBATE COURT held at Montpelier in said District on the 13th day of December, 1965:

WHEREAS, Donald G. Milne, Guardian unto ████████ of the City of Barre, Vermont, filed in Court his certificate certifying therein that the said ████ ███ is now capable of taking care of herself and her property and is no longer in need of a Guardian;

The Court, after due consideration of the said certificate and other evidence presented, finds that the said ████ is capable of taking care of herself and the guardianship as to her person is no longer necessary; however, the Court reserves the right to retain control of the property until further hearing;

THEREFORE, it is hereby ORDERED and DECREED that the said ████ ████ be and her person is hereby discharged from guardianship.

IN TESTIMONY WHEREOF, I hereunto affix the seal of said Court and subscribe my name at Montpelier, in said District, this 13th day of December 1965.

_____
Judge

FELL-00003143

# Fidelity and Deposit Company

HOME OFFICE  OF MARYLAND  BALTIMORE 3

BONDING  INSURANCE

CHARLES FULLER, JR.
CLAIMS ATTORNEY

BOSTON CLAIM OFFICE
40 BROAD STREET
BOSTON 9, MASS.

TELEPHONE
HUbbard 2-9646

July 26, 1966

Joseph C. Palmisano, Esq.
Law Offices of Reginald T. Abare
116 North Main Street
Barre, Vermont  05641

Re:  Bond #77 38 953 - Donald G. Milne, Guardian - ███
     ███ - FO 19802

Dear Mr. Palmisano:

Supplementing mine of July 8, I have now received authorization from my company's Home Office to make payment in the ███████████ matter, always provided, of course, Mr. Milne does not make payment as demanded or take some other steps to prevent our making payment. I plan, therefore, to be in Vermont to conclude this matter on Friday, August 12.

The company does not feel that, as surety, they can make payment directly to you under these circumstances. Accordingly, our present thought is to make payment directly to the Probate Court in exchange for a decree terminating the liability on our bond and a release from ███████████ I have discussed this with Judge Olich and she did not feel that proceeding in that fashion would present any obstacle to distribution to you.

I am writing the Judge again today to confirm my understanding in that regard, but if you have any thoughts on the matter in the meantime, we would appreciate hearing from you.

Very truly yours,

Charles Fuller, Jr.
Claims Attorney

CFjr:cg

cc:  The Hon. Nora E. Olich
     Judge of the Probate Court

# Fidelity and Deposit Company

HOME OFFICE    **OF MARYLAND**    BALTIMORE 3

BONDING  INSURANCE

CHARLES FULLER, Jr.
CLAIMS ATTORNEY

BOSTON CLAIM OFFICE
40 BROAD STREET
BOSTON 9, MASS.

TELEPHONE
HUbbard 2-9646

July 26, 1966

The Hon. Nora E. Olich
Judge of the Probate Court
Montpelier, Vermont

Re:  Bond #77 38 953 - Donald G. Milne, Guardian
█████████ - FO 19802

Dear Judge Olich:

Mr. Palmisano is now requesting payment in the ███████
matter and I see no reason to require him to bring suit in
the County Court etc.  Accordingly, I have written Mr.
Palmisano as per copy attached and will be in Vermont to
line this up on August 12 if that is agreeable to you.

There seems to be little precedant for just how to handle
this matter in Vermont.  In other jurisdictions, we have
found it necessary to wait for a formal removal of the
guardian, appointment of a successor, statement of an
account, entry of a surcharge and finally, entry of a
decree upon which the surety can make payment.  All of
these steps take time and would result in additional ex-
pense to the estate.  They would not seem to accomplish
any particular purpose in this case where the ward has
alreadybeen restored to competency and the funds are all
allocated to creditors.

Because ███████████ has been restored to competency, we can
protect the company from anyone claiming through her, by
taking her release.  We do feel that we should also have
some protection from unknown claimants and latent obliga-
tions.  We did have in mind, as I discussed with you when
I was last in your court, some sort of simple decree from
the court to the effect that upon payment of the sum of
$4,231.05 the Fidelity and Deposit Company of Maryland is
discharged from all liability on the bond and, further,
has a judgment against Donald G. Milne for that amount.

FELL-00003145

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND

DATE   July 26, 1966          SHEET NO.  2

TO

The Hon. Nora E. Olich

If, for any reason our making the settlement, the method of proceeding or the time that has been suggested are not agreeable to you, please let us know and we will change our plans to suit yours.

Very truly yours,

Charles Fuller, Jr.
Claims Attorney

CFjr:cg
enc.

FELL-00003146

STATE OF VERMONT,

County of _Washington_ ss.

At _Barre_ _____ in said County this _28th_ day of _October_ ____, 19 _65_,

I then served the within Petition and Citation for Court of Inquiry, upon the within named _____ _____, by delivering to _him_ a true and attested copy thereof

with this, my return, thereon.

Attest, _____ _Deputy_ Sheriff

A true copy. Attest, _____ Sheriff

FEES:

1 Copy, - - $ _2 00_

Travel _15_ miles, $ _2.46_

Total, - - $ _____



FELL-00003

..................................................................................................................................................................

..................................................................................................................................................................

..................................................................................................................................................................

..................................................................................................................................................................

and further, to stand and abide such action and decree as said Judge of Probate may make in the premises.

To any Sheriff or Constable in the State, or to........................................................................................

an indifferent person, to serve and return.

Dated at......................................in said District, the............day of......................19......

........................................Judge-Register

JOSEPH C. PALMISANO ..........................................recognized to the said

DONALD MILNE ..........................................in the sum of ten dollars, as surety for costs of prosecution

as the law directs.

Before me,      ........................................
Judge - Register

3M-7-64

FELL-00003148

STATE OF VERMONT
WASHINGTON COUNTY, SS.

███████████

VS.                                                     PROBATE COURT FOR THE
                                                        DISTRICT OF WASHINGTON
DONALD MILNE

## PETITION

NOW COMES ███████████ by and through her attorney, Joseph C. Palmisano, Esquire, and respectfully requests the Court to set a date for a hearing to terminate her guardianship and to show cause why the guardian Donald Milne, Esquire, should not make an accounting.

Dated at City of Barre this 14th day of October A.D. 1965.

███████████

BY HER ATTORNEY

*Joseph C. Palmisano*

STATE OF VERMONT
Washington County, ss.

TO: Donald Milne, Esquire of City of Barre in the County of Washington and State of Vermont and your servants, agents and attorneys:

Upon consideration of the foregoing petition, you, the said Donald Milne, Esquire, are hereby ordered to appear before the undersigned Probate Judge at the Washington County Court House in the City of Montpelier on the 2nd day of November, 1965 at 10 o'clock in the fore noon to show cause, if any you have, why an accounting should not be presented to the Probate Court for the District of Washington and that the guardianship of ███████ should not be terminated and to abide by such order as such Probate Judge may make and otherwise as she may direct.
Dated At Montpelier, Vermont this 15th day of October, 1965.

TO ANY SHERIFF OR CONSTABLE IN THE STATE TO SERVE AND RETURN:

*Nora E. Pollack*
Probate Judge

LAW OFFICES
REGINALD T. ABARE
116 NORTH MAIN ST.
BARRE. VERMONT

STATE OF VERMONT
WASHINGTON COUNTY, SS.

PROBATE COURT
DISTRICT OF WASHINGTON

IN RE:  JOYCE G. RYAN
GUARDIANSHIP ESTATE

JUDGMENT ORDER

███████████ , ward of Donald G. Milne, through her attorney, Joseph Palmisano of the City of Barre, filed her petition seeking to compel the guardian, Donald G. Milne, to file a final accounting, ~~she petitioned~~ ~~~~:

On November 22, 1965 the guardian filed his final accounting which was continued until December 13, 1965 to enable the guardian to present additional information regarding the accounting.

On December 13, 1965 the ward, ████████████ with her attorney, Joseph Palmisano, and Reginald T. Abare, and Donald G. Milne were present, at which time the account was examined;

On oral petition of the guardian that he be permitted to provide further information to the court with reference to bank accounts and computing of interest, the matter was continued to a date certain.

The guardian, not appearing, an order was made requesting the guardian to appear on or before January 17, 1966 to show cause;

On January 17, 1966 the guardian failed to appear by himself or by counsel and he is found by judgment of this court to be in default.

The court finds, upon due consideration of all the matters presented and representations of counsel for the ward and representations of the guardian, made on behalf of himself, that the account is allowed and filed as follows:

Assets in hands of ward:

| | |
|---|---|
| Second mortgage of property  now owned by Roger Dwinell in City of Barre | $2,920.00 |
| Household furniture | 1,000.00 |
| Cash | 682.93 |

Assets in hands of guardian:

| | |
|---|---|
| Cash in the sum of | $4,231.05 |

which is due creditors of said ward, plus interest thereon from March, 1964 to the date hereof.

The guardian, Donald G. Milne, of the City of Barre is hereby

ordered to pay and deliver to Joseph Palmisano on or before February 15 1966 the sum of $4,231.05 with accrued interest, said sums to be disbursed to creditors, whose names more fully appear in the guardian accounting.

The guardianship of the person of ███████ was terminated effective December 13, 1965.

Dated at Montpelier in said District this 3 day of February, 1966.

S/Nora E. Chick
Judge

FELL-00003151



FELL-00003152

STATE OF VERMONT

DISTRICT OF WASHINGTON

Re:  Guardianship of  ▮▮▮▮▮  ▮▮

TO THE HONORABLE Probate Court within and for the District of Washington:

Comes Donald G. Milne of Washington and District of Randolph and respectfully represents that he was duly appointed Guardian unto ▮▮▮▮ ▮▮▮ of Montpelier in said District on the 14th day of October, 1963;

That since his appointment he has acted as such Guardian for the said ▮▮▮▮ ▮▮;

That he now believes, and so believing, hereby certifies that the said ▮▮▮▮ ▮▮ is now competent and capable of taking care of herself and her property and no longer needs a guardian.

THEREFORE, your Petitioner prays that the Court order the said ▮▮▮▮ ▮▮ discharged from Guardianship and your Petitioner be relieved from further duties and liabilities as such Guardian.

Dated at Barre in said District, this 13th day of December, A.D., 1965.

Donald G. Milne

Donald G. Milne

LAW OFFICE OF
DONALD G. MILNE
107 NO. MAIN STREET
BARRE, VERMONT



FELL-00003154

STATE OF VERMONT
WASHINGTON COUNTY, SS.

IN RE:

██████████                                    PROBATE COURT

To Donald G. Milne of the City of Barre, Vermont and Washington, Vermont.

Comes Nora E. Olich, Judge of Probate for the District of Washington, here-
with deposes and says:

    1.  That the said Donald G. Milne was duly appointed legal Guardian
of ██████████, an adult, on October 18, 1963;

    2.  That since said time the said Donald G. Milne has on various
occasions been requested to file an account of his actions as said Guardian;

    3.  That on October 15, 1965 the said Donald G. Milne was cited to
show cause why he should not make such accounting;

    4.  That prior to the time appointed the said Guardian appeared and
stated said account would be filed on or before November 4, 1965, which
was not done;

    5.  That on November 5, 1965 said Guardian called and stated said
account would be filed on November 8, 1965, which was not done;

    6.  That on November 9, the Court in writing instructed said Guardian
to comply with the orders of this Court by filing such account on or before
noon, November 9, 1965;

    7.  That said Guardian has not filed said account and has failed
to show cause why he has not done so.

    WHEREFORE, the said Donald G. Milne is herewith ordered to show cause
why he should not be punished for contempt for failing to obey the orders
of this Court as aforesaid.

    Done in Court this 16th day of November, 1965.

                                  *Nora E. Olich*
                                    Judge of Probate

STATE OF VERMONT          )  To any Sheriff or Constable in the State,
                         )
WASHINGTON COUNTY, SS.    )                              GREETING:


BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby commanded to summon Donald G. Milne and notify him to appear before the Probate Court for the District of Washington in Montpelier on November 23, 1965 at 1:30 o'clock in the afternoon then and there to show cause, if any he may have, why he should not be adjudged in contempt and to stand to and abide by such other order in the premise as to the Court shall seem meet.

FAIL NOT but service and return make.


Dated at City of Montpelier in the County of Washington this 16th day of November, A. D. 1965.


                                    _Pearl V. Houghton_
                                         Register

FELL-00003156

STATE OF VERMONT
Washington County,ss:

At Montpelier in said County
this 17th day of November 1965

I served the foregoing petition on the within named defendant, Donald Milne

by delivering to him a true and attested copy of the original Petition, with

this my return thereon endorsed.

Fees:

2 miles   .30
1 copy   2.00
Total   $2.30

A true copy

Attest: _Peter R. Miacheri_
Deputy Sheriff

Attest: _____
Deputy Sheriff

FELL-00003157



*Original*

In re: ████████

Guardianship Estate

PETITION

District of Washington

Montpelier, Vermont

Rec. Vol. 29          Page 267

FELL-00003158

FELL-00003159

No. **16325**

GUARDIANSHIP   ESTATE OF

████████████████

........City_of_Barre,_Vermont....

GUARDIAN LETTER
FOR ADULT

Donald G. Milne, Guardian

Recorded, Vol......27......Page...19.2.......

Probate
Form No. 68

## STATE OF VERMONT

DISTRICT OF _____ **Washington** _____, ss.

THE HONORABLE PROBATE COURT FOR THE DISTRICT AFORESAID:

To _____ **Donald G. Milne** _____

of _____ **City of Barre** _____ in

the County of _____ **Washington** _____ and State of Vermont.

GREETING:

WHEREAS, ███████████ _____ of _____ **City of Barre** _____

in said District, was, ~~after notice and hearing~~ upon her voluntary application, _____ adjudged by this Court to be _____ **by reason of infirmity, age, mental and physical disability,** incapable of taking care of _____ **her** self and _____ **her** _____ property, and in need of a guardian.

THEREFORE, trusting in your care and fidelity, the Court aforesaid does, by these presents hereby appoint you to be guardian unto the said ██████████████ .

and does empower you to have the care of the person and the custody of the property of your said ward    , with full power and authority to receive, demand, sue for and recover, all and singular such property and estate as may by any means whatever belong to said ward    , and make and return a true inventory thereof, under oath, to the register of said Court, within sixty days from the time such estate shall come to your possession or knowledge, and the same to manage and dispose of according to law, and for the best interest of your ward    , and render an account of all such property, and of the management and disposition of the same, within one year after such estate shall come to your possession or knowledge, and annually thereafter, and at such other times as said Court shall direct; also at the expiration of your trust, render and settle your guardian account, and pay over and deliver the estate and effects remaining in your hands, or due from you on such settlement, to the person or persons legally entitled to the same.

IN TESTIMONY WHEREOF, I hereunto affix the seal of said Court and subscribe

my name at _____ **Montpelier** _____ in said District,

**(Seal)**

this _____ **18th** _____ day of _____ **October** _____, 19 **63**

_____ **Pearl I. Houghton** _____
~~Judge~~- Register

4M-3-61

March 28, 1966

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

             and

Joseph Palmisano, Esq.
116 North Main Street
Barre, Vermont

                    Re:   Guardianship Estate of █████████

Gentlemen:

        After due consideration the Motion to set aside the
Default Judgment filed by the Guardian is denied, and the
Motion to Deny filed by the Attorney for the Ward is granted.

                              Very truly yours,


                              Nora E. Olich
                              Judge

NEO/h

January 10, 1966

Robert Larrow, Esq.
Burlington, Vermont

Dear Sir:

To confirm our conversation of January 6th, the Court records disclose the following:

Mr. Milne was appointed guardian of ███████, a non compos adult, on October 18, 1963. Appraiser's inventory disclosed real estate $11,250, household furniture $1,000. The real estate was sold, however, no report of sale or accounts were filed. Court started requesting account May 1965. October 15th, Joseph Palmisano, Esq. filed petition to show cause, November 16th petition to show cause why guardian should not be adjudged in contempt served, set for November 23rd, tentative account filed November 22, 1965, discloses creditors of ward unpaid in the sum of $4231.05, after several hearings ordered guardian to pay ward $682.93, hearing continued for further disposition.

Mr. Milne appointed executor of the Violet A. Murray estate on May 14th, 1964. Inventory - real estate $12,500, personal $2593. License to sell issued - no report of sale or commissioners' report filed. Started requesting reports and accounts August 17th, 1965. Heirs instructed to obtain counsel in October, Joseph Wool, Esq. appears. As of this date - no account.

Richard M. Calevro estate,,John Calevro appointed administrator December 18, 1963, Donald Milne appointed resident agent. Estate opened because of wrongful death action - Court has been informed that cause was settled. No account has been filed.

Very truly yours,

Nora E. Olich
Judge

P.S. This morning the Barre Trust Co. returned $2.00 check to Court, written on Mr. Milne's personal account, reason for return "insufficient funds".

FELL-00003162

LAW OFFICES
**REGINALD T. ABARE**
JOSEPH PALMISANO
ASSOCIATE

116 NORTH MAIN STREET
BARRE, VERMONT 05641
TELEPHONE 476-6681

June 28, 1966

Judge Nora Olich
Washington County Probate Court
Montpelier, Vermont

In re: ▮▮▮▮▮

Dear Judge Olich:

As I have not heard from the lawyer for the insurance company, I feel that I should file the enclosed motion to seek permission to sue under the bond.

Probably the best method to solve this problem would be for you to forward to the lawyer a copy of the motion thereby enabling him to resolve this problem as quickly as possible.

If you have a better suggestion how to get this matter terminated, please contact me.

Cordially,

Joseph C. Palmisano

Enclosure:  H/W
As Stated

*Judge talked with Joe Palmisano June 30, 66 + will follow up until Joe has contacted Mr. Fuller in Boston.*

FELL-00003163

5:01-cr-00012-gwc    Document 512-47    Filed 04/15/14    Page 88 of 131

STATE OF VERMONT

WASHINGTON COUNTY, SS.

IN RE ▮▮▮▮▮

LEAVE TO PROSECUTE

PROBATE COURT FOR THE

DISTRICT OF WASHINGTON

JUN 30 1966 [signature]

REGINALD T. ABARE

ATTORNEY

BARRE, VERMONT

FELL-00003164

STATE OF VERMONT

Washington County, SS.

IN RE: ▮▮▮▮▮▮▮▮                              PROBATE COURT FOR THE
                                            DISTRICT OF WASHINGTON

## APPLICATION FOR LEAVE TO PROSECUTE

Now comes ▮▮▮▮▮▮▮ through her attorney, Joseph C. Palmisano to the Probate Court for the District of Washington, as a person injured by a breach of the condition of a bond and respectfully represents:

(1)        That a bond in the amount of $5,000.00 was issued by the Fidelity and Deposit Company of Baltimore, Maryland, on October 15, 1963 and filed with the Probate Court to insure the faithful performance of the duties of the Guardian Donald G. Milne.

(2)        That on February 3, 1966, this Court ordered Donald G. Milne to pay and deliver to Joseph C. Palmisano on or before February 15, 1966, the sum of $4,231.05 with accrued interest which sum represents the unpaid balance of the Guardian Estate of ▮▮▮▮▮▮▮▮.

(3)        That the said Donald G. Milne has wholly failed to deliver any of the sum ordered to be paid by the Court.

WHEREFORE, pursuant to Title 14, section 2108 of the Vermont Statutes Annotated, application is hereby made to the Probate Court For The District of Washington to which such bond is given, for leave to prosecute the same.

                                            ▮▮▮▮▮▮▮▮▮▮▮▮

                                    By: Joseph C. Palmisano
                                        Her attorney

STATE OF VERMONT

WASHINGTON COUNTY, SS.

IN RE: ███  ███

LEAVE TO PROSECUTE

PROBATE COURT FOR THE

DISTRICT OF WASHINGTON

REGINALD T. ABARE
ATTORNEY
BARRE, VERMONT

FELL-00003166

STATE OF VERMONT

Washington County, SS.

IN RE: ███████                              PROBATE COURT FOR THE
                                            DISTRICT OF WASHINGTON

## APPLICATION FOR LEAVE TO PROSECUTE

Now comes ███████ through her attorney, Joseph C. Palmisano
to the Probate Court for the District of Washington, as a person injured
by a breach of the condition of a bond and respectfully represents:

(1)         That a bond in the amount of $5,000.00 was
issued by the Fidelity and Deposit Company of Baltimore, Maryland, on
October 15, 1963 and filed with the Probate Court to insure the faithful
performance of the duties of the Guardian Donald G. Milne.

(2)         That on February 3, 1966, this Court ordered
Donald G. Milne to pay and deliver to Joseph C. Palmisano on or before
February 15, 1966, the sum of $4,231.05 with accrued interest which sum
represents the unpaid balance of the Guardian Estate of ███████.

(3)         That the said Donald G. Milne has wholly
failed to deliver any of the sum ordered to be paid by the Court.

WHEREFORE, pursuant to Title 14, section 2108 of the Vermont
Statutes Annotated, application is hereby made to the Probate Court For
The District of Washington to which such bond is given, for leave to
prosecute the same.

                                    ███████

                                    By: Joseph C. Palmisano
                                        her attorney

FELL-00003167

July 8, 1966

Joseph C. Palmisano, Esq.
Law Offices of Reginald T. Abare
116 North Main St.
Barre, Vermont  05641

Re:    Bond #77 38 953 - Donald G. Milne, Guardian
       ████████ - 19803

Dear Mr. Palmisano:

Thank you for yours of July 6, advising of the disposition of the various matters involving Mr. Milne.

I understand from Judge Olich that Mr. Milne did participate in the hearing which led to the finding in the amount of $4,231.05, and agreed at that time that the amount was correct.

Acc  Accordingly, I am writing to my Home Office at this time for instructions as to whether this settlement can be made without the expense, etc. of litigation, in accordance with your suggestion.

I will be in touch with you and the Probate Court furthur.

                              Very truly yours,


                              Charles Fuller, Jr.
                              Claims Attorney

CFjr/bb
cc: H.O. Claim
    Probate Court
    Dist. of Wash.
    Montpelier, Vt.

FELL-00003168

July 27, 1966

Charles Fuller, Jr.
Claims Attorney
Fidelity and Deposit Company
40 Broad Street
Boston 9, Massachusetts

                    Re:   Guardianship Estate of
                          ████████████

Dear Mr. Fuller:

    I have noted on the docket that you will be in Town August 12, and will reserve from 1:30 on in the afternoon for disposition of the above matter. Mr. Palmisano will also be present and I am sure that we can make some arrangement which will be satisfactory to all concerned.

                                    Very truly yours,

                                    Nora E. Olich
                                         Judge

NEO/h

cc to Joseph C. Palmisano, Esq.

FELL-00003169

LAW OFFICES
REGINALD T. ABARE
JOSEPH PALMISANO
ASSOCIATE

116 NORTH MAIN STREET
BARRE, VERMONT 05641
TELEPHONE 476-6681

January 31, 1966

Judge Nora Olich
Probate Court
Montpelier, Vermont

Re: █████████

Dear Judge Olich:

Mr. Abare and I have discussed the Order which you forwarded to us in regard to the above-mentioned matter.

Mr. Abare suggested a few minor changes which he has incorporated in the enclosed Order and copy which I am forwarding. I hope that you will get an opportunity to read them before I call upon you later this week.

I hope you will forgive my rotten typing, but I am doing this at night as I have a full schedule in Barre Municipal Court tomorrow.

Cordially,

FELL-00003170

STATE OF VERMONT

WASHINGTON COUNTY

IN RE: GUARDIANSHIP OF

MOTION TO DENY

PROBATE COURT FOR
DISTRICT OF WASHINGTON

REGINALD T. ABARE
ATTORNEY
BARRE, VERMONT

Vol. Rec. 160 Page 5

FELL-00003171



FELL-00003172

STATE OF VERMONT
WASHINGTON COUNTY, SS.

IN RE: GUARDIANSHIP OF

DISTRICT OF WASHINGTON

PROBATE COURT

## MOTION TO DENY

Now comes ███████, in the above entitled matter, through
her attorney, Joseph C. Palmisano, and moves for the denial of the Motion to
Set Aside Judgment entered in the above entitled matter by Donald G. Milne,
Esquire, for the following reasons:

1.          That at the hearing on December 13, 1965, which
was continued from November 22nd, the guardian Donald G. Milne was present with
the ward ███████ and her attorneys, Joseph C. Palmisano and Reginald T. Abare,
and that Donald G. Milne acknowledged the accounting filed by him to be true
showing cash in his hands of $682.93, a second mortgage with a balance of $2,920.
and funds due in the amount of $4,231.05 plus accrued interest held in some
bank in California and that he would supply the Court with the name of the
bank and its location in California and would present the savings bank book
to the Court.

2.          At the hearing on December 13th, the guardian
delivered to the Court the second mortgage and accounted for the sum of $682.93
by subsequently paying to the ward ███████ various sums represented by cash
and checks totaling $682.93.

3.          That since December 13th, the alleged guardian
has failed to deliver the bankbook to the Court or any other person and has
failed to file any subsequent account within the allocated time.

4.          That since December 13th, Donald G. Milne has
been requested on several occasions to deliver evidence of the existence of
a bankbook and has wholly failed and neglected to do so and has ignored all
requests made by the Court

STATE OF VERMONT

WASHINGTON COUNTY

In re:  Guardianship of           District of Washington

████████                          Probate Court

MOTION

Now comes the guardian in the above-entitled cause
and moves that the Default Judgment rendered by the District
of Washington Probate Court be set aside and a hearing be
held thereon for the following reasons:

That the amount of the judgment order does not
take into consideration monies paid by the guardian since
the 23d of December, 1965, and in fact, is incorrect and
in excess of the actual amount due approximately One Thousand
Two Hundred Dollars ($1200).

Dated at Barre in the County of Washington and
State of Vermont this 18th day of February, A.D., 1966.

_Donald G. Milne_

Donald G. Milne

LAW OFFICE OF
DONALD G. MILNE
107 NO. MAIN STREET
BARRE, VERMONT

FELL-00003174

FELL-00003175

Original:

No. *16325*

ESTATE OF

........ Mrs. ▮▮▮▮▮▮▮

GUARDIAN'S APPLICATION
FOR LICENSE TO SELL REAL ESTATE

Filed __**SEP** 16 1964_____, 19_____

Hearing _October 5_, 19 _64_

Notice in _Terrin Tissue_
_9 ε·m_

_Vera E. Chew_
_Judge_

Recorded, Vol. _28_ Page _303_

Probate
Form No. 70

# STATE OF VERMONT

DISTRICT OF **Washington** _____, SS.

THE HONORABLE PROBATE COURT FOR THE DISTRICT AFORESAID:

YOUR PETITIONER, ___**Donald G. Milne**_____ Guardian of

█████████████ .......................................................................................................................................................

of _____**Barre City**_____in said District____**of Washington**_____respectfully represents

that the sale of___**all**_____of the real estate of h**is** said ward, situated in

**the City of Barre, to wit a five-room house located at # 15 Downes**

**Avenue, in the City of Barre,** ................................................................................................................

for the purpose of putting the proceeds of such sale at interest or investing the same in stocks or other real estate or in using the avails thereof as the law directs for the benefit of said ward, would be conducive to the interest of h**is** said ward.

Said guardian therefore prays said Court to grant h**is** license to make such sale.

Dated at__**Barre City**_____, this **16th** day of___**September**_____, 19__**64**.

*Donald G. Milne* Guardian.

At **City of Barre**_____on the___**16th** day of_____**September**_____, 19 **64** .

said_____**Donald G. Milne**_____as aforesaid, appeared before me and made solemn oath that    h **e**  would faithfully discharge the duties of h **is** trust in making sale of the real estate above described, as in h **is** judgment would be most beneficial to said ward, and according to law.

_____
Notary Public

2M-7-54

STATE OF VERMONT

DISTRICT OF _Washington_, ss

_Montpelier_, Vt.

_December 6_, 19 65

_Donald G. Milne, Guardian_

e of _[redacted]_

To the PROBATE COURT, Dr.

All fees to be paid as they accrue.

| | | | | | |
|---|---|---|---|---|---|
| 16 | Petition filed | | | | |
| 16 | Citation issued | | 50 | | |
| 6 | Hearing | 2 | 00 | | |
| 6 | Settlement & Record | 2 | 00 | | |
| 13 | Certificate of Competency filed | | | | |
| 13 | Order Discharging Ward from Guardianship of Person | | | | |
| 13 | 3 Cert. copies Order @ 2.00 | 6 | 00 | | |
| 15 | Order Discharging Ward from Guardianship of Property | | | | |
| | 3 Cert copies Order @ 2.00 | 6 | 00 | | |
| 15 | Certificate to Bonding Co. | 1 | 00 | | |
| | | | | 17 | 50 |

FELL-00003177

May 24, 1966

Mr. Charles Fuller
Fidelity and Deposit Company
40 Broad Street
Boston, Massachusetts

                    Re:  Guardianship Estate of ████████

Dear Sir:

    Undoubtedly you have already been informed of the out-
come of the Donald Milne trial; however, we are enclosing
a copy of the local news for your file.

    It was my understanding that possibly the ████████
matter could be closed without the necessity of action on the
bond in County Court.  Will you please give me your thoughts
on this matter.

                                    Very truly yours,


                                    Nora E. Olich
                                    Judge

NEO/h
Enclosure
cc to Joseph C. Palmisano, Esq.

FELL-00003178

April 19, 1966

Samuelson and Bloomberg
Attorneys-at-Law
156 College Street
Burlington, Vermont

Re:  Guardianship Estate of ███████

Gentlemen:

Donald G. Milne was appointed as Guardian of ███████ on October 18, 1963.  On December 15, 1965 the Court discharged the guardianship of the person; however, the guardianship of the property remains in effect.  We suggest that you contact Mrs. Ryan's attorney, Joseph Palmisano, 116 North Main Street, Barre, Vermont, for further information.

Very truly yours,

Nora E. Olich
Judge

NEO/h

cc to Joseph Palmisano, Esq.

FELL-00003179

SAMUELSON AND BLOOMBERG
ATTORNEYS - AT - LAW
156 COLLEGE STREET
BURLINGTON, VERMONT
05401

MYRON SAMUELSON
SAMUEL S. BLOOMBERG

LLOYD A. PORTNOW

TELEPHONES
862-6511  862-6512

April 18, 1966

Probate Court of Washington County
Montpelier
Vermont

Gentlemen:

Re: Mary Fletcher Hospital
vs. ███████████

Would you please advise whether or not a Guardianship
Estate has been opened for ███████████

Our records indicate that Donald G. Milne was appointed
a Guardian.  In view of the publicity which has recently been noted
relative to Mr. Milne, could you advise whether or not this Estate
is involved in the alleged mismanagement on the part of the Guardian.

Very truly yours,

SAMUELSON & BLOOMBERG

By:

MS/dg

FELL-00003180

**STATE OF VERMONT**
PROBATE COURT, DISTRICT OF WASHINGTON
MONTPELIER

March 2, 1966



Josepn Palmisano, Esq.
116 No. Main St.
Barre, Vermont

and

Donald G. Milne, Esq.
107 No. Main St.
Barre, Vermont

In re:   Guardianship of ████████

Gentlemen:

The Court has assigned the 25th day of March next at 10 a.m. for hearing on the motion to set aside the default judgment in the above matter.

Very truly yours,

Nora A. Ulich
Judge

(Copy of Motion enclosed
with Mr. Palmisano's letter)

FELL-00003181

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

February 18, 1966

Honorable Nora Olich
Probate Judge
District of Washington
Montpelier, Vermont

Re: ████████

Dear Judge Olich:

       Enclosed you will find an original and one copy
of a Motion in the above-entitled cause.

                    Sincerely yours,

                    Donald G. Milne

DGM:lsb

Enclosures: 2

January 12, 1966

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

                    Re:  Guardianship Estate of ███████

Dear Donald:

It is my understanding that you were to appear the first
week in January to terminate the above matter. Having received
no notification from you, I have assigned next Monday, January 17,
at 9:00 a.m. for hearing thereon.

                                        Very truly yours,


                                        Nora E. Olich
                                        Judge

NEO/h

cc to Joseph Palmisano, Esq.
       Paige and Campbell Insurance Company


Dictated but not read.

FELL-00003183

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

November 29, 1965

Honorable Nora Olich
Probate Judge
District of Washington
Montpelier, Vermont

Re:  ███████████

Dear Judge Olich:

Enclosed you will find itemized statements in regard to the ████████████████████ which I filed with you the first part of the week.

I believe this is self-explanatory, but if there are any questions, please do not hesitate to contact me.

Sincerely yours,

Donald G. Milne

DGM:lsb

Enclosure

FELL-00003184

November 23, 1965

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

           Re: ██████████ Guardianship

Dear Donald:

    To confirm our telephone conversation of this date, the

Court has set December 6 next at 1:30 p.m. for hearing on

your account as Guardian of the above ward.

                    Very truly yours,

                    Nora E. Olich
                    Judge

NEO/h

cc to Joseph Palmisano, Esq.
    Paige and Campbell Insurance Company
    Mr. ██████████

LAW OFFICES .
## REGINALD T. ABARE

116 NORTH MAIN STREET
**BARRE, VERMONT 05641**
TELEPHONE 476-6681

November 23, 1965

Judge Nora Olich
Probate Court
Montpelier, Vermont

Dear Judge Olich:

I am enclosing herewith in duplicate a Subpeona
Duces Tecum, in the matter of the guardianship estate of
███████. Will you or the clerk please complete it and
sign it, returning it to me at your earliest convenience so
that we may have it served?

Cordially yours,

Reginald T. Abare

rta/bf

FELL-00003186

November 17, 1965

Paige and Campbell Insurance Company
107 North Main Street
Barre, Vermont

Attention:   Harold P. Shea

Re:   Guardianship of ████████

Dear Harold:

The Fidelity and Deposit Company of Baltimore, Mary-
land appears as surety on the guardianship bond in the above
matter.

For your information I am enclosing herewith copy of
Petition which is being served on Mr. Milne.  If you care to
discuss this matter, do not hesitate to call.

Very truly yours,

Nora E. Olich
Judge

NEO/h
Enclosure

cc to Joseph Palmisano, Esq.

FELL-00003187

November 9, 1965

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

                    Re:   Guardianship Estate of ▊▊▊▊

Dear Mr. Milne:

On Monday, November 8, you failed once again to file an account as promised in the above guardianship. The Court will no longer be stalled. The ward, her Attorney, and various interested parties are becoming increasingly critical of this situation and it is my unpleasant duty to inform you that unless the account is filed in this office on or before noon, November 16, 1965, a contempt writ will be issued.

I dislike very much to take such drastic action but I am sure you are aware of the difficult position which you are creating by your uncooperative attitude.

                                        Very truly yours,


                                        Nora E. Olich
                                        Judge

NEO/h

cc to Joseph Palmisano, Esq.

FELL-00003188

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

September 15, 1965

Honorable Nora E. Olich
Probate Judge
District of Washington
Montpelier, Vermont

Re:　▮▮▮▮▮▮▮

Dear Judge Olich:

I acknowledge receipt of your letter dated September 13, 1965, in regard to Mrs. ▮▮▮ and will have the necessary papers in your office within the next two weeks.

Sincerely yours,

Donald G. Milne

DGM:lsb

cc:　Joseph Palmisano
116 North Main Street
Barre, Vermont

FELL-00003189

September 13, 1965

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

Re:   Guardianship Estate of ███  ███

Dear Donald:

I enclose herewith copy of a letter received from Joseph
Palmisano, Esq. this morning.  I believe it is self-explanatory.
We are enclosing herewith forms for your use in filing the re-
quested account and request that same be filed before September 30.

Very truly yours,

Nora E. Olich
Judge

NEO/h
Enclosures

cc to Joseph Palmisano, Esq.

LAW OFFICES

## REGINALD T. ABARE

JOSEPH PALMISANO
ASSOCIATE

116 NORTH MAIN STREET
BARRE, VERMONT 05641
TELEPHONE 476-6681

September 10, 1965

Nora Olich, Probate Judge
Washington District
Montpelier, Vermont

Re: Guardianship of ███████

Dear Judge:

Kindly enter my appearance for Mrs. ███████, in the above matter which is before your Court.

It is my opinion based upon my personal observation of ███████ and the representations of witnesses that Mrs. ███ is competent and is highly capable of handling her own affairs including her finances.

Upon reviewing ███████ file, I noticed that no accounting had been made in the past three years.

Mrs. ███ has instructed me to request a hearing in order to terminate her guardianship and to require an accounting of her assets by her guardian within the next fifteen days.

The only reason I can give for Mrs. ███s apparent urgency in this matter is her desire to resume her role in our society as a healthy useful citizen.

Cordially,

J.C. Palmisano

jcp/bf

FELL-00003191

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

May 13, 1965.

Nora Olich
Probate Judge
District of Wash
Montpelier, Vt

Re: Guardianship estate of █████████

Dear Judge Olich

This will acknowledge yours of May 12, 1965.

I shall submit the accounting you requested within the next 30-days.

Sincerely yours,

Donald G. Milne

DGM:ds

May 12, 1965


Donald Milne, Esq.
107 North Main Street
Barre, Vermont

                              Re:  Guardianship Estate of ████████

Dear Don:

     In view of the apparent conflicts of various people in this
matter and as I note that you have not filed an account as Guardian
since you were appointed on October 18, 1963, I am enclosing here-
with the necessary forms and request that you submit such account
within the next thirty days.  Upon receipt of the account, I will
set a date for hearing and we will attempt to straighten this
matter out.

                                        Very truly yours,


                                        Nora E. Glich
                                        Judge

NEO/h
Enclosures
cc to M. Martin Leinwohl, Esq.
    Mr. ████████

FELL-00003193

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

Dec. 11, 1964.

Honorable Nora Olich
Poobate Judge
District of Wash
Mont., Vt.

Dear Judge Olich:

    Enclosed, is my check in the amount of $2.00, to cover the costs of the certificates on the ▮▮▮▮ ▮▮ guardianship.

             Sincerely yours,

             Donald G. Milne

DGM:ds
Enclosure:

FELL-00003194

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

Dec. 7, 1964.

Honorable Nora Olich
Probate Judge
District of Wash
Montpelier, Vt

Dear Judge Olich:

     Would you please send me two certified copies of my appointment
as guardian of ████████ ████.

                          Sincerely yours,

                          Donald G. Milne

DGM:ds

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

October 13, 1964.

Honorable Nora Olich
Judge of Probate
District of Washington
Montpelier, Vt.

Dear Judge Olich:

        Enclosed, is my check in the amount of $5.00
to cover the fees on the Notice and License to Sell on the ███
███ guardianship.

        Sincerely yours,

        Donald G. Milne

DGM:ds
Enclosure:

FELL-00003196

LAW OFFICE OF

DONALD G. MILNE

107 NORTH MAIN STREET
BARRE, VERMONT

TELEPHONE
GRANITE 6-8929

October 6, 1964.

M. Martin Leinwohl Esquire
So. Main St
Barre, Vt.

Re: ██████████████, Guardianship.

Dear Marc:

It is my understanding that as Attorney for ██████████████ the Father-In-Law of my client, ████ ████ that you are objecting to the sale of her house at # 15 Downes Avenue because you do not feel the purchase or sale price of $11,000 is sufficient.

This letter is to request that you have your client put in writing what he feels this house should be sold for, and that if sold for said price, you will no longer object and "hinder", the handling of the affairs of ████ ████ in regard to the disposition of this house.

I certainly feel it is somewhat presumptuous for someone to sit back and criticize the sale price of this house when they were sitting in the Probate Court at the time the price were discussed between Judge Olich and myself but in the interest of(her money, I mean harmony, and having as little ill willas possible amongst all parties concerned, I would like to get this matter straightened out once and for all so the property can be disposed of and the expense of keeping it done away with and then the proceeds properly invested for the protection of ████████.

As soon as I receive this written communication from you, I will then proceed

FELL-00003197

LAW OFFICE OF

DONALD G. MILNE

107 NORTH MAIN STREET
BARRE, VERMONT

TELEPHONE
GRANITE 6-8929

M. Martin Leinwohl Esquire
Page 2
October 6, 1964.

to dispose of the house on that basis if at all possible.

However, I feel that before you put any price tag on this house you should examine carefully this house and the other houses in the neighborhood which you say are selling for a higher price and I am sure that you will see there is a mark-difference in the houses.

Sincerely yours,

Donald G. Milne

DGM:ds

C.C. Nora Olich, Probate Judge, District of Washington, Montpelier, Vt.

FELL-00003198

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-S002

Sept. 16, 1964.

Nora Olich-Probate Judge
District of Washington
Montpelier, Vt.

Re: ███████-Guardianship.

Dear Judge Olich:

      Enclosed, is a Guardian's Application for License to Sell Real Estate.

      Would you please process through the normal channels.

Sincerely yours,

Donald G. Milne

DGM:ds
Enclosures:

January 31, 1964

Donald G. Milne, Esq.
107 North Main Street
Barre, Vermont

Re: Guardianship of █████████

Dear Don:

The Court does not have any printed form for petition to mortgage a ward's real estate as every case is slightly different.

Upon receipt of a petition, we will set a date for hearing and cause notice by publication as required by statute.

Very truly yours,

Nora E. Olich
Judge

NEO/h

LAW OFFICE OF

**DONALD G. MILNE**

107 NORTH MAIN STREET
BARRE, VERMONT

TEL. 476-5002

January 28, 1964.

Honorable Nora Olich
Probate Judge
DISTRICT OF WASHINGTON
Montpelier, Vt.

Dear Judge Olich:

As Guardian of ███████   ████████████████████
████████████

In order to do this, I must mortgage some of her real estate.

Would you please send me the forms necessary to secure the Court's
approval.

Sincerely yours,

Donald G. Milne

DGM:dls.

**JOSE M. MONTE**
ATTORNEY AT LAW
5 KEITH AVENUE
BARRE, VERMONT
TEL. 476-4041

January 4, 1963

Hon. Nora Olich
Judge of Probate Court
Montpelier, Vermont

Dear Judge Olich:

I am asking on behalf of Fields Jewelry Store
of Barre for the appointment of commissioners in the estate of
███████. Mr. Field has a claim of $97.50 against the estate
of Mrs. ███.

Very truly yours,

Jose M. Monte,
Attorney for Creditor

Jmm;mt

FELL-00003202

# CITY of BARRE,
## VERMONT
### OFFICE OF THE CITY ATTORNEY



REGINALD T. ABARE
CITY ATTORNEY

October 17, 1963

Judge Nora Olich
Probate Court
Montpelier, Vt.

Dear Judge Olich:

I have been talking with Donald Milne, Attorney, who has been requested by ▮▮▮▮▮ to be her guardian until such time as she has recovered from her temporary incapacity.

The City of Barre has no objection to Mr. Milne's appointment. We feel certain that he will represent her adequately.

Cordially yours,

Reginald T. Abare

rta/bf

cc: Donald Milne, Attorney

FELL-00003203

STATE OF VERMONT

No. 93

DISTRICT OF _Washington_ , ss

_Montpelier_ , Vt.

_March 25_ , 19 66

_Donald G. Milne, Guardian_

e: Gdn.
:e of ▮▮▮▮▮▮▮▮▮▮▮▮

To the PROBATE COURT, Dr.

All fees to be paid as they accrue.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 21 | Motion filed to set aside Default Judgment | | — | | | |
| | 25 | Hearing | | 2 | 00 | | |
| | 25 | Order | | 4 | 00 | | |
| | | | | 6 | 00 | | |
| | 15 | Bal. due | | 17 | 50 | | |
| | | 2 Cert. copies Order | | 6 | 00 | | |

Received PAYMENT Probate COURT

FELL-00003204

Present
Joe Colombano

Original award 36,000
— to Aug 63 — checks received
Nov or Dec 1963 —
hearing last spring $2080=

Terunder
substantiate
by letter.

Payments of $10.00 a month.
2920.00 or int.

4231.05
124.07
4106.98

4231.05
2920.—

15,804.00
12,008.07
3,795.93

25.0
738.89
58852

65

325.

FELL-00003206



476 4433

In Probate Court held at Montpelier this 12th of Aug. 1966.

Whereas it appears that plaintiff H. Milne was duly appointed guardian of the person + property ██████████████ and that the guardianship to the person was terminated on Dec. 13, 1965 and the guardianship of the property still remains in full force and effect,

And Whereas on Feb. 3, 194_ a judgment order was issued by this Court showing assets in hands of W. G. Milne the sum in cash in the sum of $4231.05 which was due creditors of said interest thereon from March 1964,

And Whereas it further appears that the said Milne has refused and has not carried out said order.

And Whereas I further appears that the said W. G. Milne was bound in the penal sum of 5000.00 with the Fidelity + Deposit Co. of Baltimore, Maryland

FELL-00003207

