5:01-cr-00012-gwc    Document 512-50    Filed 04/15/14    Page 1 of 64

# EXHIBIT 327

**SUPERIOR COURT OF VERMONT**
**ADDISON UNIT**

(802) 388-4237 (Voice)
(802) 388-4643 (FAX)

**CRIMINAL DIVISION**

7 Mahady Court
Middlebury, VT   05753

August 6, 2013

Ms. Jennifer Martin
VTPrivateye, LLC
P.O. Box 122
Burlington, Vermont 05402

Re: ████ ████ , Records Request

Dear Ms. Martin,

Enclosed are requested, certified, documents.  Total certifications equal eleven; cost is $55.  There is no added copying fee, as it was due to my oversight that the documents originally sent were not certified.  Please remit payment to: Vermont Superior Court.

Thank you.

Sincerely,

*Shelly Goddard*

Shelly Goddard
Criminal Docket Clerk
Addison Court

Enclosures

FELL-00003236

Vermont Superior Court                                    Addison Criminal Division

Docket No.  448-8-92 Ancr    State vs. ███  █████████████-8-92 Ancr

Prosecutor:  John T. Quinn          Defendant:  ████████████████
                                                ███
Motions pdg:                        POB:        S. Amboy, NJ
Bail set:                           Atty:       Larry S. Novins
Incarcerated:  Woodstock Regional Correctional Facility
               Conditions:          Aliases:
Case Status:                        Address:    P. O. Box 5561
    Disposed                                    Essex Junction VT 05453
Next Hearing:

```
=============================================================================
Dspt  Docket No.    Ct. Statute           F/M/O
=============================================================================
1     448-8-92 Ancr  1   13 1023           mis   12/21/92 Plea nolo contendr
    SIMPLE ASSAULT
=============================================================================
```

08/23/92   Cash bail set by Kathy Keeler on dispute 1. Amount this dispute(s):
           1000.00, Total: 1000.00. Condition[s] 1-3,10,14 imposed; No 10: to
           post $1000.00 cash or surety bail; No.14: not to associate with Karen
           Marie ███, No.14: not to harass Karen Marie ███.
08/24/92   Information and Affidavit filed on 1 dispute.
           Dispute 1 for Docket No. 448-8-92 Ancr Count #1, SIMPLE ASSAULT,
           Misdemeanor, 13 V.S.A. 1023. Alleged offense date: 08/22/92.
           Arrest/citation date: 08/22/92 Middlebury PD.
           Arraignment set for 08/24/92 at 02:00 PM.
           Arraignment held by D. A. Jenkins. (TAPE).
           Probable Cause found by Judge D. A. Jenkins on dispute 1.
           Appearance entered by Anthony Patt.
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           dispute 1. Pre-trial discovery order issued.
           Cash bail set by D. A. Jenkins on dispute 1. Amount this dispute(s):
           0.00, Total: 0.00. Condition[s] 1-3,6,12,14,17 imposed; No.6: to
           reside in Chittenden Or Washington Counties. County; No 10: to post
           $1000.00 cash or surety bail; No.14: not to associate with Karen
           Marie ███, No.14: not to harass Karen Marie ███; additional
           conditions: Abide by any abuse order.
           Calendar Call set for 09/29/92 at 01:00 PM.
           Jury Drawing set for 09/30/92 at 09:00 AM.  Bail struck.
09/28/92   Motion to Withdraw as Counsel filed by Attorney Anthony Patt for
           Defendant ███████████████ on dispute 1. Motion to Withdraw as
           Counsel given to judge.
09/29/92   Motion 1 (to Withdraw as Counsel) granted by Michael S. Kupersmith.
           Parties notified on the record.
           Attorney Anthony Patt withdraws.
           Attorney assigned: Larry S. Novins.
           Calendar Call held by Michael S. Kupersmith. (TAPE).
           Jury Drawing scheduled for 09/30/92 cancelled.
           Calendar Call set for 11/03/92 at 01:00 PM.
           Case status changed to Active - Pretrial.
           Jury Drawing set for 11/04/92 at 09:00 AM.
11/02/92   Defendant pleads nolo contendre on dispute 1. Plea agreement filed.
           Judge Michael S. Kupersmith accepts plea after finding it to be
           voluntary and made with knowledge and understanding of the
           consequences and after a knowing waiver of constitutional rights.
           Plea found to have a factual basis.  Adjudication of guilty entered.
           Entry Order: PSI ORDERED.
           Calendar Call scheduled for 11/03/92 cancelled.

*Certified to be a true copy of the original as the same appears on file in this office. 8/6/13  [signature] Sherry Goddard, Clerk Vermont Superior Court, Criminal Division, Middlebury Vermont*

Jury Drawing scheduled for 11/04/92 cancelled.
'Presentence investigation ordered by Judge Michael S. Kupersmith to be completed by Probation and Parole due 12/14/92.
Sentencing Hearing set for 12/21/92 at 10:30 AM.

12/21/92   Sentencing Hearing held by Michael S. Kupersmith. (TAPE).
Sentence on dispute 1: to serve 11 month(s) to 12 month(s) to start on 12/21/92 per Judge Michael S. Kupersmith.  Sentencing Mittimus to Commissioner of Corrections issued.  $10.00 surcharge assessed.

Amount of Payment Order No. 1706 on dispute 1, corrected by $-10.00.
Dispute 1: Plea nolo contendre. Judgment of Guilty entered by Judge Michael S. Kupersmith on dispute 1.
Case closed.

FELL-00003238

P.O. BOX 136

ESSEX JCT.                    VT 05453

| | Unit No. | Circuit | | Docket No.: | 448-8-92ANCR |
| | 2 | Addison | | Incident No.: | 92-02606 |
| | Sched Date of Appear: 08/24/92 | | SA Case No.: | ADCR9200525 |
| | DoB: | Age: 31  PoB: SOUTH AMBOY, NJ | | | |

| Date of Offense | Date Arr/Cit | Department | Operator's License No. – St | Accident | Injury |
|---|---|---|---|---|---|
| 08/22/92 | 08/22/92 | 0111 CYR | 40474749 | VT | Property Damage |

(SA) SIMPLE ASSAULT                Count 1   of 1   : 13 V.S.A. 1023                Misdemeanor

**RULES**

- Date of Rule 5 Hg
- ☑ Copy of Affidavit and Info Provided to Defendant
- ☐ Probable Cause Found
- ☐ Continued for Plea

**ARRAIGNMENT**

- Date of Arraignment: 8/24/92
- Defendant Waives
- ☑ 24 Hour Rule
- ☑ Reading of Info
- ☐ Right to Counsel

**Defendant Pleads**
- ☐ Guilty
- ☐ Nolo Contendere
- ☑ Not Guilty
- ☐ Pro Forma Not Guilty

**Defendant's Attorney**
- ☐ Pro Se
- ☑ Private
- ☐ Counsel Assigned
- ☐ Counsel Denied

Name of Judge
Name of Reporter
Name of Defendant's Attorney
Name of Guardian Ad Litem

**FAILURE TO APPEAR**
- Date
- ☐ Judicial Summons to Issue
- ☐ Arrest Warrant To Issue
- Amount of Bail
- Date J/Summons
- Date A/Warrant

**PRETRIAL**

- Referred to Diversion ☐ Date
- Date Discovery Order
- Status Conference Set For
- Calendar Call Set For
- Jury Drawing Set For

PRE-ARRAIGNMENT BAIL   $ _____
Date Set   Amount   Date Posted
☐ by _____
Att's Appearance or Return

**BAIL**
- Date Set
- Amount
- Deposit
- ☐ Personal Recognizance
- ☐ Appearance Bond
- Date Posted
- Date Mitt For Lack of Bail
- Date Refunded
- ☐ Cash/Surety
- ☐ Conditions

**TRIAL**

- Date Jury Drawn | Judge/Reporter
- Date Trial Begun | Judge/Reporter
- ☐ Trial by Jury  ☐ Trial by Court

**REFUSAL**
- Date of Determination
- ☐ P.O. Reasonable  ☐ P.O. Not Reasonable
- ☐ Admitted by Def  ☐ Waived by S.A.

☐ Docket entries continued

**CONVICTION**

AMENDED TO — Name of Offense | Title | Section V.S.A | Felony | Misd | Muni | Code n (CIC) | Ord

- ☐ Plea Guilty
- ☑ Plea Nolo — Date CU/7/82
- ☐ Verdict Guilty
- ☐ Guilty by Waiver
- ☐ Nolo by Waiver
- ☑ Plea Agreement

Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty entered hereon

JUDGE _____

**NON-CONVICTION**
- ☐ Plea Agreement
- ☐ Probable Cause Not Found
- ☐ Dismissed by Court
- ☐ Verdict Not Guilty
- ☐ Transferred to Juvenile Court
- ☐ Dismissed by S.A - not Diversion
- ☐ Dismissed by S.A - Diversion Satisfactorily Completed

Date

- ☐ PSI Ordered
- ☐ PSI Waived

Date | Sentencing Set For

**SENTENCE**

Date of Sentencing: 12/11/92
Sentence Deferred For ☐ _____ years

- FINE — Amount | Date Paid in Full | Due Date
- SURCHARGE — ☑ $5 00 Surcharge Assessed | Date Paid
- TERM

| | MINIMUM | | | MAXIMUM | | |
|---|---|---|---|---|---|---|
| | YEARS | MONTHS | DAYS | YEARS | MONTHS | DAYS |
| | | 11 | | | 12 | |

**SUSPENDED / PROBATION**
- ☐ ALL
- ☐ SUSPENDED
- ☐ PART SUSPENDED TO SERVE — YEARS MONTHS DAYS
- ☐ Concurrent
- ☐ Consecutive to Dkt No's
- ☐ Judgment Not Guilty
- ☑ Judgment Guilty
- Date of Disposition
- ☐ Mittimus — Date
- ☐ Probation Warrant
- Restitution ☐ $
- ☐ Special Cond
- Date of Appeal
- Probation Discharge Date

Sig nure of Judge
Date 12/11/92
Date Disp Rpt Sent

DMV Use                    Signature of Clerk                    Date

Certified to be a true copy of the original as the same appears on file in this office
6/6/13
Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont

FORM 349 REV 12/89 18M
DOCKET & DISPOSITION REPORT                DOCKET BOOK

FELL-00003239

██████████
P.O. BOX 136

ESSEX JCT.                    VT 05453

| | Unit No.    Circuit | | Docket No.:  448-8-92ANCR |
| | 2      | Addison | | Incident No.:  92-02606 |
| | Sched Date of Appear: 08/24/92 | | SA Case No.:  ADCR9200525 |
| | DoB:███      Age: 31  PoB: SOUTH AMBOY, NJ | | |

| Date of Offense | Date Arr/Cit | Department | Operator's License No. - St | Accident | Injury |
|---|---|---|---|---|---|
| 08/22/92 | 08/22/92 | 0111 CYR | 40474749 | VT |  Property Damage | |
| (SA) SIMPLE ASSAULT | | | Count 1  of 1  : 13 V.S.A 1023 | | Misdemeanor |

# INFORMATION BY STATE'S ATTORNEY

State of Vermont Addison  County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, JOHN T. QUINN

State's Attorney for said County, upon oath of office charges:

That ████████ of ESSEX JCT.

at MIDDLEBURY  in this County and Territorial Unit

on the 22 day of August 1992

was then and there a person who recklessly caused bodily injury to another, to-wit; caused bodily injury to Karen M. ███ by throwing her down and punching her repeatedly in the face and stomach in violation of 13 VSA § 1023 (a)(1).

Penalty:  not more than one year or not more than $1,000 or both.

and against the peace and dignity of the state.

Dated:

August 24, 1992

This information has been presented to me and I have found probable cause, this        day of              1992

_____
                    States Attorney

_____
                    District Judge

Form No. 369
Notice of Plea Agreement

STATE OF VERMONT
V.

STATE OF VERMONT
DISTRICT COURT OF VERMONT

NOTICE OF PLEA AGREEMENT

| Defendant | Unit | Circuit | Docket No. |
|---|---|---|---|
| ▓▓▓▓ | *II* | *Addison* | *483·9·92AncR* |
| | | | *448·8·92AncR* |

The State of Vermont and the defendant above-named enter into the following agreement:

☐ The defendant pleads ☐ guilty ☒ nolo to the original charge(s) of (include docket nos.):

Simple Assault  448-8-92AncR

☐ The defendant pleads ☐ guilty ☒ nolo to the amended charge(s) of (include docket nos.):

~~simple assault~~,  unlawful trespass 13VSA§3705(d) amended from Burglary.

☐ The State agrees to dismiss the charge(s) of (include docket nos.):

_____

☐ The State agrees not to bring further charges known to the State at this time.

☐ The State has agreed to recommend a sentence of: as per p.s.i.  m. ▓▓▓ may argue ~~in less than psi recommendations~~ No agreement as to sentence

, plus payment of the $8.00 surcharge required by law.

☐ There is no agreement as to recommended sentence.

☐ The defendant ☒ is ☐ is not on probation for prior offenses, but was not at the time of these offenses.

☐ The defendant understands that the Court shall not defer decision and shall not be bound by the plea agreement under Rule 11(e)(4), and the defendant will not later be allowed to withdraw his/her plea.

☐ This is a binding Rule 11 plea agreement.

☐ Other: ~~probation district~~ domestic violence counseling is recommended by m. ▓▓▓

| Date Filed: 11/2/92 | Signature Clerk/Judge  *uuvk* | ▓▓▓▓▓▓ | Date 11/2/92 |
|---|---|---|---|
| Presiding Judge | | ▓▓▓▓▓▓ | Date 11/2/92 |
| | | Attorney for State  John J. Quinn | Date 11/2/92 |

1M 12/90 VCI

FELL-00003241

**AFFIDAVIT**

STATE OF VERMONT

.........ADDISON..............County S.S.

NOW COMES .........Sgt...Edward..Cyr................................., affiant(s), being duly sworn and on oath,
                    (officer)

deposes and says he has probable cause to believe that ...███████████..............................................
                                                              (defendant)

has committed the offense(s) of ....Simple..Assault................................................., a violation of

.................T.13..............................., Vermont Statutes Annotated $....1023................................................

On 8/22/92 at approximately 2258hrs. I received a call from the Middlebury Police dispatcher advising of an assault which had just occured at 50 High St. Involved in the assault was the defendant and his wife Karen who was at M.P.D. t4 file a complaint.

As I was about to leave the State Police office I received a call from the defendant stating that he had just had a fight with his wife and had thrown her down and punched her in the face.

When I arrived at M.P.D. I met with the victim and in a sworn written statement she stated that she had arrived home at approximately 2230 to 2300hrs. The defendant immediately came out of the house and confronted Bruce Sturtevant a friend of the victim and tried to get him to fight. Sturtevant declined and backed across the street at which time the defendant grabbed the victim and threw her down and  punched her repeatedly in the face and stomach.

The victims face was covered with abrasions and contusions as well as swelling in her right cheek and a blackening of her left eye.

This arrest was made in accordance with the provisions of T15 chapter 21, the Domestic Violence law which states that arrest can be made for an unwittnesed misdemeanor.

Wittness;    Bruce Sturtevant  D.O.B. ██████        Box 190 New Haven Vt.

Subscribed and sworn to before me on

this..23..,day of ..Aug.........1992

_____
(Affiant)

FELL-00003242

# STATE OF VERMONT
## ARREST / CUSTODY REPORT

CAUTION  Y  N

|D|M| |9|2|0|2|6|0|6|
AGENCY COMPLAINT NO.

DATE OF FIRST CONTACT
|0|8|2|2|9|2|
MO   DAY   YR.

ARRESTING AGENCY Middlebury Police Dept.

## IDENTIFICATION:

| LAST NAME | FIRST NAME | MIDDLE NAME | DOB | 31 AGE | M SEX | W RACE* | 2 ETHNIC* |

P.O. Box 136  STREET
South Amboy New Jersey  PLACE OF BIRTH (CITY/STATE)

| EMPLOYED 4X | UNEMPLOYED | STUDENT | REFUSED TO ANSWER |

Essex Jct.  CITY/TOWN
No Phone  PHONE NUMBER

A + P Food Store  EMPLOYER/SCHOOL

Vt  STATE   05453  ZIP CODE    SOC. SEC. NO.    ID NUMBER

Prel St.
Essex Jct.  ADDRESS

ALIAS    LAST NAME    FIRST NAME    MIDDLE NAME

SCARS/MARKS

| 1 SING | ②MAR | 3 SEP | 4 DIV | 5 WID | 6 COHAB |
MARITAL STATUS

6' 1"  HEIGHT    170 lb. WEIGHT

| 1 BLA | ②BRO | 3 BLD | 4 RED | 5 GREY | 6 BALD | 7 WHI |
HAIR COLOR

| ①BRO | 2 BLU | 3 HAZ | 4 OTH |
EYE COLOR    SPECIFY

## D.M.V. INFORMATION:

40474749  OPERATOR LICENSE NO.    Vt. STATE    06/07/96 EXPIRATION DATE

| INJURY | FATAL | PROP. DAMAGE |
ACCIDENT

| REFUSED | NO | YES | RESULT | % |
TEST

ALB·149  REGISTRATION NO.    Vt STATE    / / EXPIRATION DATE    Chevy VEHICLE MAKE    Cov. TYPE    1989 YEAR

CV____    HH____    CDL____

## ARREST DATA:

TIME    PLACE    GRID/COUNTY-TOWN    OFFENSE GRID

V.S.A.

OFFENSE    TITLE    SECTION    SUB-SECTION    / / OFFENSE DATE

| | | | |
OFFENSE CODE

| FINGERPRINTS Y N | PHOTOGRAPH Y N |
ATTACH TO A/C - 3

| RELEASED TO GUARDIAN | ARRAIGNED | CITED | LODGED | BAIL |
IMMEDIATE DISPOSITION    COMMENTS

COMPANION CASE NO.

FINGERPRINT OFFICER

ARRESTING OFFICER SIGNATURE    ID. NO.

PHOTOGRAPH OFFICER

APPROVING OFFICER SIGNATURE    ID. NO.

## OFFENSE: (STATE'S ATTORNEY USE)

DOCKET #____

V.S.A.

COUNT: ___ l of 1

Same  CHARGED    TITLE    SECTION    SUB-SECTION

| NO PROSECUTION | DIVERSION | FORWARDED TO COURT | RETURNED | COMMENT: |

*RACE CODE: W-WHITE, B-BLACK, I-INDIAN, A-ASIAN, U-UNKNOWN

*ETHNIC CODE: 1-HISPANIC, 2-NON HISPANIC

VT 453
7/83

FELL-00003243

==================================================================
**MITTIMUS TO COMMISSIONER OF CORRECTIONS**
==================================================================

STATE OF VERMONT
District Court of Vermont
Unit No. 2, Addison District Circuit

Re:  ▉▉▉▉▉▉▉▉▉▉▉▉                    Date of Order: 12/21/92
Date of Birth: ▉▉▉▉▉▉▉▉
448-8-92 Ancr

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF VERMONT

You are ordered to commit the above-named defendant to the Commissioner of Corrections or his authorized representative who is ordered to receive the defendant in accordance with the following sentence(s):

448-8-92 Ancr Ct. 1:  SIMPLE ASSAULT
    Minimum: 11 Month(s) Maximum: 12 Month(s)

    Sentence to commence 12/21/92

By Order of the Court: *B/mS Kupersmith*    Judge M. S. Kupersmith

OFFICER'S RETURN

By Authority of this mittimus, I committed the above_named defendant to the

| Location/Corr. Facility *Rutland* | Date *12-21-92* | Time *3.32* AM PM |

and left the Supervising Officer of the facility a copy of this Mittimus with my return.

Officer's Signature | Title *Chief Sg. ACSO*

*8/6/13* Certified to be a true copy of the original as the same appears on file in this office

*Shelly Goddard.*
Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont

DEC 2 2 1992

ADDISON DISTRICT COURT

FELL-00003244

Form No. 369
Notice of Plea Agreement

STATE OF VERMONT
V.

STATE OF VERMONT
DISTRICT COURT OF VERMONT

NOTICE OF PLEA AGREEMENT

| Defendant | Unit | Circuit | Docket No. |
|---|---|---|---|
| ▆▆▆ ▆▆▆ | II | Addison | 483.9.92AncR  448.8.92AncR |

The State of Vermont and the defendant above-named enter into the following agreement:

☐ The defendant pleads    ☐ guilty  ☑ nolo  to the original charge(s) of (include docket nos.):

Simple Assault  448-8-92AncR

☐ The defendant pleads    ☐ guilty  ☑ nolo  to the amended charge(s) of (include docket nos.):

~~simple assault;~~  unlawful trespass  13VSA§3705(d) amended from burglary.

☐ The State agrees to dismiss the charge(s) of (include docket nos.):

☐ The State agrees not to bring further charges known to the State at this time.

☐ The State has agreed to recommend a sentence of: as per P.S.I., Mr. ▆▆▆ may argue ~~for less than psi recommendations~~ No agreement as to sentence

_____, plus payment of the $8.00 surcharge required by law.

☐ There is no agreement as to recommended sentence.

☐ The defendant    ☑ is   ☐ is not   on probation for prior offenses, but was not at the time of these offenses.

☐ The defendant understands that the Court shall not defer decision and shall not be bound by the plea agreement under Rule 11(e)(4), and the defendant will not later be allowed to withdraw his/her plea.

☐ This is a binding Rule 11 plea agreement.

☐ Other: ~~restitution is paid~~ domestic violence counseling is recommended by Mr. ▆▆▆

| Date Filed: 01/2/92 | Signature Clerk/Judge  ▆▆▆ | D ▆▆▆ | Date 11/2/92 |
|---|---|---|---|
| Presiding Judge | | A ▆▆▆ Attorney for State  John T. Quinn | Date 11/0/92  Date 11/2/92 |

1M 12/90 VCI

FELL-00003245

APPLICATION FOR ARREST WARRANT

x   EMERGENCY                                                    ___ ROUTINE

REASON FOR EMERGENCY: Danger to exwife

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The undersigned (Deputy) State's Attorney for Addison County, pursuant to V.R.Cr.P. 4(c) hereby requests the Vermont District Court, Unit No. II, Addison Circuit, issue an Arrest Warrant upon a finding of probable cause made by the Court on the following person. Additional information is provided in compliance with V.R.Cr.P. 4(a).

NAME: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮             DOCKET NO. _____

ALIASES: _____

DOB: ▮▮▮▮▮▮▮▮▮               POB:  So.Amboy N.J.

RESIDENCE - LAST KNOWN:  Burlington Vt.

EMPLOYMENT:     ___ UNKNOWN        X  EMPLOYED AT: A+P Essex Jct Vt.

                ___ UNEMPLOYED

FAMILY RELATIONSHIPS:  ___ UNKNOWN    ___ SINGLE    ___ MARRIED    x  DIVORCED

PAST CRIMINAL RECORD:  x  ATTACHED    x  ON FILE WITH DOCKET

PAST HISTORY OF RESPONSE TO LEGAL PROCESS:

    ___ FAILURE TO APPEAR        ___ CRIMINAL    ___ MOTOR VEHICLE

    ___ HISTORY OF FLIGHT

    ___ PRIOR FUGITIVE

    x  VIOLATION OF CONDITIONS OF RELEASE/PROBATION/PAROLE

REASON FOR WARRANT REQUEST:

    x  UNABLE TO LOCATE        x  DANGER TO COMMUNITY

    ___ DEFENDANT HAS MOVED AND CANNOT BE SERVED CITATION/SUMMONS. ATTEMPT(S) HAVE BEEN MADE BY INVESTIGATING AGENCY

    ___ DEFENDANT IS BELIEVED TO NOW BE RESIDING OUT-OF-STATE

    ___ RECORDS SHOWS UNLIKELY TO RESPOND TO CITATION

BAIL REQUESTED: $ 1000.00

DATE: 9/14/92

_____
(DEPUTY) STATE'S ATTORNEY

FELL-00003246

Form No. 344

**STATE OF VERMONT**
**CONDITIONS OF RELEASE ORDER**

Docket Number _448-8-92 Ancr_

| Defendant | D.O.B | Unit | Circuit _Addison_ | Offense _Simple Assault_ |
|---|---|---|---|---|

The Court has determined that future appearance(s) of the defendant will not be reasonably assured by his/her release on personal recognizance or execution of an unsecured appearance bond alone; and that the release of the defendant will constitute a danger to the public. It is therefore ordered that the defendant be released upon the following marked conditions:

1. ☑ THE DEFENDANT SHALL PERSONALLY APPEAR IN COURT AS REQUIRED BY NOTICE TO THE DEFENDANT OR DEFENDANT'S ATTORNEY, OR BE IN VIOLATION OF THIS ORDER.

2. ☑ Defendant shall let his/her attorney or the court clerk know where s/he is at all times, and a telephone number and address where s/he may be reached.

3. ☑ Defendant shall not be charged with, and have probable cause found for, a felony, a crime against a person, or an offense like the offense s/he is now charged with.

4. ☐ Defendant is released into the custody of

5. ☐ Defendant shall report to

6. ☐ Defendant shall reside in _Chittenden-Addison_ County and shall not travel outside of that County without written permission from this Court (on)

7. ☐ Defendant shall not operate a motor vehicle.

8. ☐ Defendant shall not operate a motor vehicle unless legally authorized to do so, and in possession of a valid motor vehicle operator's license.

9. ☐ Defendant shall execute an appearance bond in the amount of $ _____ , and deposit 10% of this amount in cash.

10. ☐ Defendant shall execute a bail bond with sufficient sureties, or deposit cash in the amount of $ _____ .

11. ☐ Defendant shall observe the following curfew conditions:

12. ☑ Defendant shall not purchase, possess, or consume any alcoholic beverages.

13. ☐ Defendant shall not purchase, possess, or use any firearms.

14. ☑ Defendant shall not associate with _Keith_ ██████ nor personally contact, harass, or cause to be harassed _her_

15. ☐ Defendant shall appear in the District Court named above on

    at _____ .

16. ☐ Defendant shall be subject to arrest without warrant pursuant to V.R.Cr.P.3(a)(b) if s/he does not appear as directed in Condition(s) No. _____ without just cause.

17. ☑ The following additional conditions are imposed on the defendant:

    _Abide by any court order_

By Order of the Court:                    (Please see additional information on the back)

| Presiding Judge/Clerk | Date |
|---|---|

I have received a copy of this order. I have read it. I understand it.

| Defendant | Date |
|---|---|

R 5M 3/89 Quad Set 25 per pad V.C.I.

FELL-00003247

Vermont Superior Court                                    Addison Criminal Division

Docket No.  483-9-92 Ancr      State vs. ████  ████████  ████-9-92 Ancr

Prosecutor:    John T. Quinn          Defendant:    ███████████████
                                      DOB:          ████████████
Motions pdg:                          POB:          S. Amboy, NJ
Bail set:                             Atty:         Larry S. Novins
Incarcerated:  Woodstock Regional Correctional Facility
               Conditions:            Aliases:
                                      Address:      P. O. Box 5561
Case Status:                                        Essex Junction VT 05453
     Disposed
Next Hearing:

========================================================================

Dspt  Docket No.    Ct. Statute              F/M/O

========================================================================

1     483-9-92 Ancr   1   13 3705 d           fel   12/21/92 Plea nolo contendr
      UNLAWFUL TRESPASS

========================================================================

09/14/92   Information and Affidavit filed on 1 dispute.
           Dispute 1 for Docket No. 483-9-92 Ancr Count #1, BURGLARY, Felony, 13
           V.S.A. 1201. Alleged offense date: 09/12/92.  Middlebury PD.
           Note: Request for arrest warrant filed by SA.
09/15/92   Arrest warrant ordered on dispute 1 by Michael S. Kupersmith per
           application of prosecutor.  $5000.00 bail set.
           Arrest warrant issued by Judge Michael S. Kupersmith, Warrant No.
           1454 assigned.
           Arrest warrant no. 1454 served: defendant arrested.
           Note: paperwork faxed to Chittenden District Court.
           Note: Defendant was arraigned in Chittenden District Court. By Judge
           Kilburn/Trotter Did not waive 24 hour rule.
           Cash bail set by Ronald F. Kilburn on dispute 1. Amount this
           dispute(s): 5000.00, Total: 5000.00. Condition[s] 1-3,6,10,12,14,17
           imposed; No.6: to reside in Chittenden or Washington County; No 10:
           to post $5000.00 cash or surety bail; No.14: not to associate with
           Karen ████  No.14: not to harass Karen  ████; additional conditions:
           Abide by any abuse order.
           Mittimus for Failure to Give Bail issued.  Custody status: Chittenden
           Regional Correctional Facility. Conditions of Release signed by
           defendant. bailmitt issued at Chitt Dist. Ct.
           Arraignment set for 09/16/92 at 01:30 PM.
09/16/92   Arraignment held by Michael S. Kupersmith. (TAPE).
           Probable Cause found by Judge Michael S. Kupersmith on dispute 1.
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           dispute 1. Pre-trial discovery order issued.  Public Defender
           requested.
           Request granted for public defender.  436.00 to be paid; Payment
           Order No. 1595.
           Attorney assigned: Larry S. Novins.
           Appearance bond set by Michael S. Kupersmith on dispute 1.Amount this
           dispute(s): 0.00, Total: 0.00, with 0.00 deposit. Condition[s]
           1-6,9,11-12,14-15,17 imposed. No.4: released into the custody of
           ███████████  No.5: to report to Barre Police Dept. twice daily,
           before; No.6: to reside in Washington EXCEPT to go to work & Court
           County; No.9: to deposit ten percent of a $10,000.00 appearance bond;
           No 10: to post $5000.00 cash or surety bail; No.14: not to associate
           with Karen ████, No.14: not to harass Karen ████ n NO PHONE CALLS, No.
           15: to appear in court on for all hearings & conferences; additional
           conditions: Defendant shall not enter Addison County for any reason
           except to go go Court or attorney's office; He must take direct

Certified to be a true copy of the original as the same appears on file in this office
8/6/13
███████
Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont

routes and leave county immediately.
Status Conference set for 10/19/92 at 10:00 AM.
09/21/92  Motion To Review Conditions Of Release filed by Attorney John T.
Quinn for Plaintiff State on dispute 1. Motion To Review Conditions
Of Release given to judge.
Motion Hearing set for 09/21/92 at 03:30 PM.
Motion Hearing held by Michael S. Kupersmith. (TAPE).
Appearance bond set by Michael S. Kupersmith on dispute 1.Amount this
dispute(s): 0.00, Total: 0.00, with 0.00 deposit. Condition[s]
1-6,9,11-12,14-15,17 imposed. No.4: released into the custody of
███████████; No.5: to report to Barre Police Dept. twice daily,
before; No.6: to reside in Washington EXCEPT to go to work & Court
County; No.9: to deposit ten percent of a $10,000.00 appearance bond;
No 10: to post $5000.00 cash or surety bail; No.14: not to associate
with Karen ███n, No.14: not to harass Karen ███ NO PHONE CALLS, No.
15: to appear in court on for all hearings & conferences; additional
conditions: Defendant shall not enter Addison County for any reason
except to go go Court, attorney's office & Probation Office; He must
take direct routes & leave county immediately.  Def can also come to
E. Middlebury, Vt to get property-Must use Route 116 to arrive and
leave on 9/22/92.
Motion 1 (To Review Conditions Of Release) rendered moot by Michael
S. Kupersmith.  Parties notified on the record.
10/07/92  Motion To Modify Conditions Of Release filed by Attorney Larry S.
Novins for Defendant ██████████████████ on dispute 1. Motion To
Modify Conditions Of Release given to judge.
Motion To Modify Conditions Of Release set for hearing per Judge
Michael S. Kupersmith.
Motion Hearing set for 10/08/92 at 08:30 AM.
10/08/92  Motion Hearing held by Michael S. Kupersmith. (TAPE).
Motion 2 (To Modify Conditions Of Release) granted by Michael S.
Kupersmith.  Parties notified on the record.
Defendant released on conditions on dispute 1 per Michael S.
Kupersmith.  Conditions 1-3,5-6,9,11-15,17,19-20 imposed; No.5: to
report to Burlington Probation Office 9:00 AM; No.6: to reside in
Chittenden County; No.9: to deposit ten percent of a $10,000.00
appearance bond; No.14: not to associate with Karen ███ No.14: not
to harass Karen███ No. 15: to appear in court on for all hearings
& conferences; Def shall not enter Addison County for any reason,
except to go to Court or his Attorney's office. He must take direct
routes and leave the county immediately.
Motion To Dismiss filed by Attorney Larry S. Novins for Defendant
██████████████████ on dispute 1. Motion To Dismiss given to judge.
10/09/92  Motion To Dismiss set for hearing per Judge Michael S. Kupersmith.
Motion Hearing set for 11/02/92 at 11:00 AM.  Status Conference
scheduled for 10/19/92 has been CANCELLED.
Status Conference scheduled for 10/19/92 cancelled.
11/02/92  Motion Hearing held by Michael S. Kupersmith. (TAPE).
Defendant pleads nolo contendre to amended charge on dispute 1. Plea
agreement filed. Judge Michael S. Kupersmith accepts plea after
finding it to be voluntary and made with knowledge and understanding
of the consequences and after a knowing waiver of constitutional
rights.  Plea found to have a factual basis.  Adjudication of guilty
entered.
Charge amended to UNLAWFUL TRESPASS, Felony, 13 V.S.A. 3705 d on
dispute 1.
Entry Order: PSI ORDERED.
Presentence investigation ordered by Judge Michael S. Kupersmith to
be completed by Probation and Parole due 12/14/92.
Sentencing Hearing set for 12/21/92 at 10:30 AM.
12/09/92  Tax referral on Payment #1651 Order #1595.
12/21/92  Sentencing Hearing held by Michael S. Kupersmith. (TAPE).
Sentence on dispute 1: to serve 0 to 3 year(s) all suspended and
defendant placed on probation under standard conditions and special
conditions 1,3-5,7-8,14.  No.8: to pay fine of $10.00 s/c.  No. 14:
Mental health counseling to include anger management & domestic

FELL-00003249

violence.  You shall not harass or cause to be harassed, Karen █████,
& not contact Karen █████ unless approved by probation officer.  Prob.
Officer shall approve place of employment & living address.  Prob.
Officer shall be able to restrict travel with respect to Karen █████
Probation should be for an extende period of time. Probation warrant
issued.  Cons w/ 448-8-92 Ancr Cons w/ 357-7-92 Ancr. $10.00
surcharge assessed.
Dispute 1: Plea nolo contendre. Judgment of Guilty entered by Judge
Michael S. Kupersmith on dispute 1.
Case closed.
Motion 3 (To Dismiss) rendered moot.

01/31/95   Petition for Discharge from Probation filed.
02/02/95   Petition for Discharge from Probation for Satisfactory Completion
granted by Michael S. Kupersmith.

FELL-00003250

| | | Unit No.   Circuit | | Docket No.: 483-9-92ANCR |
| | | 2   Addison | | Incident No.: 92-01395 |
| | | Sched Date of Appear: | | SA Case No.: ADCR9200574 |

BURLINGTON                          VT 05401     DoB: ▮▮▮   Age: 0   PoB:
Date of Offense | Date Arr/Cit |              Department       | Operator's License No. – St |   Accident          Injury
09/12/92       |              | 0111                          |                              |                Property Damage
(BURG) BURGLARY                               Count 1   of 1   : 13 V.S.A 1201                              Felony

| RULE 5 | Date of Rule 5 Hg  9/16/92 | A R R A I G N M E N T | Date of Arraignment  9/16 | Defendant Pleads | Defendant's Attorney | Name of Judge | F A I L U R E   T O   A P P E A R | Date |
|---|---|---|---|---|---|---|---|---|
| | ☒ Copy of Affidavit and Info Provided to Defendant | | Defendant Waives: | ☐ Guilty | ☐ Pro Se | | | ☐ Judicial Summons to Issue |
| | ☐ 24 Hour Rule | | | ☐ Nolo Contendere | ☐ Private | Name of Reporter | | ☐ Arrest Warrant To Issue |
| | ☒ Probable Cause Found | | ☒ Reading of Info | ☒ Not Guilty | ☐ Counsel Assigned | Name of Defendant's Attorney | | Amount of Bail |
| | ☐ Continued for Plea | | ☐ Right to Counsel | ☐ Pro Forma Not Guilty | ☐ Counsel Denied | Name of Guardian Ad Litem | | Date J/Summons |

| P R E T R I A L | Referred to Diversion ☐ Date | B A I L | PRE-ARRAIGNMENT BAIL  $ _____ | | ☐ by _____ | Att's Appearance or Return | F | Date A/Warrant |
|---|---|---|---|---|---|---|---|---|
| | | | Date Set | Date Posted | | | | |
| | Date Discovery Order | | Date Set | Date Posted | | | | |
| | Status Conference Set For | | Amount | Date Mitt For Lack of Bail | | | | |
| | Calendar Call Set For | | Deposit | Date Refunded | | ☒ Rec long-term | | |
| | Jury Drawing Set For | | ☐ Personal Recognizance  ☐ Appearance Bond | ☐ Cash/Surety  ☐ Conditions | | | | |

| T R I A L | Date Jury Drawn | Judge/Reporter | R E F U S A L | Date of Determination | | Certified to be a true copy of the original as the same appears on this office | Docket entries continued |
|---|---|---|---|---|---|---|---|
| | Date Trial Begun | Judge/Reporter | | ☐ P.O. Reasonable  ☐ P.O Not Reasonable | | | |
| | ☐ Trial by Jury | ☐ Trial by Court | | ☐ Admitted by Def  ☐ Waived by SA | | | |

| C O N V I C T I O N | AMENDED TO. | Name of Offense | Title | Section V.S.A. | | N O N - C O N V I C T I O N | |
|---|---|---|---|---|---|---|---|
| | ☐ Plea Guilty | Date 11/2/92  ☒ Plea Agreement | Felony ✗  Misd  Muni.  Ord | Code (VCIC) | | ☐ Plea Agreement | |
| | ☒ Plea Nolo | Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty entered hereon | | | | ☐ Probable Cause Not Found | |
| | ☐ Verdict Guilty | | | | | ☐ Dismissed by Court | |
| | ☐ Guilty by Waiver | | | | | ☐ Verdict Not Guilty | |
| | ☐ Nolo by Waiver | JUDGE | | | | ☐ Transferred to Juvenile Court | |

| S E N T E N C E | ☒ PSI Ordered  ☐ PSI Waived | Date 11/2/92 | Sentencing Set For | s/c  18, A,C D + E | | | |
|---|---|---|---|---|---|---|---|
| | Date of Sentencing | Sentence Deferred For ☐ ____ years | | | | | |
| | FINE | Amount | Date Paid in Full | Due Date | | | |
| | SUR-CHARGE | ☐ $5.00 Surcharge Assessed | Date Paid | | | | |
| | TERM | MINIMUM  YEARS 0  MONTHS  DAYS | MAXIMUM  YEARS 3  MONTHS  DAYS | | P.O. | | |

| S U S P E N D E D | P R O B A T I O N | ☒ ALL  ☐ SUSPENDED | ☐ PART SUSPENDED TO SERVE  YEARS  MONTHS  DAYS | ☐ Concurrent  ☒ Consecutive to Dkt No.s.  44F  357 | ☐ Judgment Not Guilty  ☒ Judgment Guilty | Signature of Judge | Date 12/21/92 |
|---|---|---|---|---|---|---|---|
| | | | | | Date of Disposition | ☐ Mittimus  ☐ Probation Warrant | Date  Date Disp Rpt Sent |
| | Restitution ☐ $ | ☒ Special Cond | | Date of Appeal | Probation Discharge Date | | |

DMV Use

Signature of Clerk                                    Date

```
                                    | Unit No.     Circuit  |    Docket No.:  483-9-92ANCR    |
███████ ██                          | 2     | Addison       |    Incident No.: 92-01395       |
                                    |Sched Date of Appear:  |    SA Case No.:  ADCR9200574    |
BURLINGTON                VT 05401  |DoB: ████  Age: 0  PoB:                                   |
Date of Offense | Date Arr/Cit |    Department | Operator's License No. - St |  Accident       Injury  |
   09/12/92     |              | 0111          |                             |  | Property Damage       |
(BURG) BURGLARY                     Count 1  of 1  : 13 V.S.A 1201                      Felony   |
```

## INFORMATION  BY  STATE'S  ATTORNEY

State of Vermont Addison  County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, JOHN T. QUINN

State's Attorney for said County, upon oath of office charges:

That ██████ ██████ of BURLINGTON

at MIDDLEBURY  in this County and Territorial Unit

on the 12 day of September 1992

was then and there a person who entered a residence  to-wit; the Karen ████ residence   knowing he was not licensed or privileged to do so with the intent to commit a simple assault, in violation of 13 VSA § ~~1201~~. 3705(d)

Penalty:  not more than ~~5~~ years or not more than $1~~,000~~ or both.
          3                              $2000

and against the peace and dignity of the state.

　　Dated:  9/ 14/92

*John T. Quinn*
States Attorney

This information has been presented to me and I have found probable cause, this  15 day of  Sept  1992

*[signature]*
District Judge

FILED

SEP 1 4 1992

...COURT

**AFFIDAVIT**    STATE OF VERMONT

Addison
..........................................County S.S.

NOW COMES ..Ptl Donald Sweet........................................, affiant(s), being duly sworn and on oath,
<span style="display:block; text-align:center;">(officer)</span>

deposes and says he has probable cause to believe that ███████████████████████.
<span style="display:block; text-align:center;">(defendant)</span>

has committed the offense(s) of Burglary,Violation of a Relief From Abuse Order of, a violation of
Violation of Conditions of Release   Simple Assault (2cts)
....Title 13............................., Vermont Statutes Annotated §.1201C,.1030,.7559F,.1023...

On 09-12-92 I recieved a complaint that ████████████ hereafter refered
to as the defendant,was at his exwifes apartment.I met with the complainant
Karen ███████ at her residence at ██████████.. ████████ advised their was a Relief
from Abuse Order against the defendant,which I verified,that was issued on
08-31-92 by Judge David Jenkins.
 I spoke with Bernard Nadeau,owner of the house,who advised he thought the
defendant entered the house threw an attic window.We checked the attic
window and found a louver had been pushed in,the window raised and entered.
 Marshall Currier,who was in ██████ appartment advised he saw a male on the
roof trying to enter the kitchen window and was later identified as the
defendant.When the defendant saw Currier,he jumped up onto the next roof
where the attic window is located.Currier woke █████ and asked if anyone was
working on the roof.She said no and asked if it wasthe defendant. They both
went into the kitchen area.The attic door flew open and the subject Currier
had seen on the roof came into the hall. Currier heard █████ scream and ran
into the hall.Currier advised the defendant was in the bathroom with ███.
The defendant turned and came toward Currier and tried to punch him in the
face.Currier advised ██████grabbed her son and ran down stairs.

 ██████ advised after being woke up she went into the bathroom.The attic door
opened and she started out of the bathroom and saw the defendant comming out
of the attic door.The defendant got in her face and said "good morning".
██████ advised he reeked of beer.█████ backed away from the defendant,but
he went after her with his fist raised.She started screaming and told
the defendant to leave her alone.She thought he was going to hit her as he
has done in the past. She saw Currier come toward the bathroom and the
defendant go after him█████ grabbed her son and went downstairs.The defendant
was trying to grab her as she entered the Nadeau appartment.

 I also found a Conditions of Release issued on 08-24-92 at the Addison
District Court. A copy of this is attached to and becomes part of this
affidavit

Witness List
Karen ███████               ██████████████████
Marshall Currier          Panton Vt.
Bernard Nadeau            ███████████. Midd Vt.

Subscribed and sworn to before me on

this ...12... day of ..Sept....... 19.92.

..............................................
(Notary Public)   (Judicial Officer)

..............................................
(Affiant)

...5-12-92................
(date)

FELL-00003253

# PROBATION   ORDER

### STATE OF VERMONT
### District Court of Vermont
### Unit No. 2, Addison District Circuit

Re: ██████████                           Date of Order: 12/21/92

TO  THE  COMMISSIONER  OF  CORRECTIONS:    The above-named defendant was convicted and
sentenced as follows:

|  | Minimum | Maximum | All Suspended |
|---|---|---|---|
| 483-9-92 Ancr 1   UNLAWFUL TRESPASS |  | 3 YR |  |

Cons w/ 448-8-92 Ancr
Cons w/ 357-7-92 Ancr

The execution of the sentence is suspended and the defendant is placed on probation in the care and custody of the
Commissioner of Corrections until further order of the Court under the following conditions:

A.    You shall not be convicted of another offense.
B.    You shall work, seek employment or participate in vocational training to the full satisfaction of your probation officer.
C.    You shall support yourself and your dependents and meet your family responsibilities.
D.    You shall report to your probation officer in the manner and at such time and place as he or she may require.
E.    You shall notify your probation officer within twenty-four hours of any change of address or employment.
F.    You shall remain within the State unless granted permission to leave by your probation officer.
G.    You shall permit a probation officer to visit you at your home or elsewhere.
H.    You shall participate fully in any program to which you may be referred by the Court or your probation officer.
I.    You shall live an orderly and industrious life.
J.    You shall not engage in threatening, violent or assaultive behavior.
K.    You shall not use alcoholic beverages to the extent they interfere with you employment or the welfare of your family,
      yourself or any other person.
L.    You shall submit to an alcosensor test when requested by your probation officer or any other person authorized by your
      probation officer.
M.    You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician.  You shall submit
      to urinalysis testing when requested by your probation officer or any other person authorized by you probation officer.
N.    You shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in
      possession of a valid Vermont operator's license.
O.    You will pay any unpaid amounts due to the court or the Tax Department
      for any legal services provided at state expense.

Other Conditions:

1.    You shall not purchase or drink any alcoholic beverages and not have any in your possession.(14a)
3.    You shall attend and participate in alcohol screening, counseling, treatment and rehabilitation as directed by your probation
      officer and complete same to the full satisfaction of your probation officer.(14c)
4.    You shall allow the alcohol services program to disclose to the probation officer and to the court, information about your
      attendance and participation in the program.(14d)
5.    You shall attend and participate in any residential treatment program as directed by your probation officer and
      complete the same to the full satisfaction of your probation officer.(14e)
7.    You shall actively participate in mental health counseling to the satisfaction of your probation officer.(16)
8.    You shall complete payment of your fine(s) of 10.00 c/c to your probation officer on a schedule
      determined by your probation officer. (17)
14.   Mental health counseling to include anger management & domestic violence. You shall not harass or cause to be
      harassed, Karen ████ & not contact Karen ████ unless approved by probation officer.
      Prob. Officer shall approve place of employment & living address. Prob. Officer shall be able to restrict
      travel with respect to Karen ████  Probation should be for an extends period of time.

[ - - - - - C O N T I N U E D - - - - - ]

_5/6/13_ Certified to be a
true copy of the original as
the same appears on file in
this office

_Shelly Goddard_

Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont

FELL-00003254

Probation Warrant for ████████████          Date of Order: 12/21/9?          Page 2

NOTICE:  Under the Federal Gun Control Act, any person convicted of a felony may not lawfully own, use or possess a firearm.

By Order of the Court: _Blais Kupersmith_
                    Judge M. S. Kupersmith

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
I have read and understand these conditions and I agree to fulfill them.  I realize that in consideration for this agreement the Court has placed me on probation to give me an opportunity to lead an orderly life without confinement.  I also understand that if I violate any of these conditions, I may be brought before the Court to be further dealt with according with law.

_____    _____     _____    _____
Probation Officer          Date        Defendant                   Date

FELL-00003255

District Court
Form No. 63

# DISTRICT COURT OF VERMONT

### UNIT NO...II,.Addison.Circuit........CIRCUIT

**STATE OF VERMONT**

v.

Docket No...0483-~~6~~-92Ancr...

DOB: . ██████ ..............

. ██████████ .....

**Respondent**

## PETITION FOR DISCHARGE FROM PROBATION

NOW INTO COURT comes the Commissioner of Corrections, and petitions the Court as follows:

**I**

On ...12/21/~~29~~92.................the above subject was convicted of ...................

.......Unlawful Tresspass...........................................and this Court placed the

above named respondent on probation in the care and custody of the Commissioner of Corrections, all as will more fully appear on the Probation Warrant attached to and made a part hereof.

**II**

The respondent has (satisfactorily) / (~~unsatisfactorily~~) complied with the conditions of his probation and his probation officer recommends his discharge. The officer's report and recommendation are attached hereto and made a part hereof.

Petitioner further represents to the Court that termination of probation in this case is warranted.

WHEREOF Petitioner respectfully requests that the respondent be discharged from further probation in the above captioned case.

Commissioner of Corrections

Dated:......1/25/95.............    By:......................................

## ORDER OF DISCHARGE FROM PROBATION

Upon consideration of the above Petition and attached recommendation, it is hereby ordered that the respondent is hereby discharged from probation and is relieved of any obligation imposed by order of this Court in the above captioned case.

Dated at ............................................................ on ...2/2/95..........

Judge

Distribution: Court
              Adult Field Services Office
              Department of Public Safety
              Central Office

FELL-00003256



**Agency of Human Services**
**Department of Corrections**
**Court & Reparative Services**
159 Bank Street
Burlington, Vermont 05401
Tel.: (802) 651-1790

January 24, 1995

Presiding Judge of the Court
District Court of Vermont
Unit II, Addison Circuit
Middlebury, VT

Your Honor:

**PETITION FOR SATISFACTORY DISCHARGE FROM PROBATION**

RE:      █████████  ████
Dkt #:   0483-08-92 Ancr

On 12/21/92  █████████  was found guilty of Unlawful Trespass in
Addison District Court and sentenced to a term of not more than 3
years. In addition to the standard conditions of probation, the
sentencing Court imposed the following special conditions of
probation:
14a, 14c, 14d, 7 ( mental health counseling as deemed appropriate
), 8 ( fine of $20.00 ), 14 ( Mental Health counseling to include
anger management & domestic violence, not to harass Karen ████  )

█████████  ████  has completed alcohol assessment and counseling
with Champlain Drug & Alcohol services to the satisfaction of the
treatment providers and has fully paid any and all fines and
surcharges. Additionally, Mr. ████ has completed DAEP as provided
at Burlington Probation & Parole.

This writer requests that the grant a satisfactory discharge at
this time.

approved John Quinn

JAN 31

ADDISON DISTRICT COURT

Respectfully submitted,

Jim Fuller
Probation Officer

ss
Attachment

Vermont Superior Court                                    Addison Criminal Division

```
┌─────────────────────────────────────────────────────────────────────┐
│  Docket No.  357-7-92 Ancr      State vs. ████  █████      357-7-92 Ancr │
└─────────────────────────────────────────────────────────────────────┘
```

Prosecutor:    John T. Quinn          Defendant:    ████████████████
                                       DOB:          ██████████████
Motions pdg:                           POB:          S. Amboy, NJ
Bail set:                              Atty:         Larry S. Novins
Incarcerated:  Woodstock Regional Correctional Facility
               Conditions:             Aliases:
Case Status:                           Address:      P. O. Box 5561
     Disposed                                        Essex Junction VT 05403
Next Hearing:

========================================================================
Dspt   Docket No.     Ct. Statute          F/M/O
========================================================================
1     357-7-92 Ancr   1    23 1201 (A)(2)      mis   09/21/92 Plea guilty
   DWI #2
========================================================================

07/13/92   Information and Affidavit filed on 1 dispute. Custody status: Addison
           Lockup.
           Dispute 1 for Docket No. 357-7-92 Ancr Count #1, DWI #2, Misdemeanor,
           23 V.S.A. 1201 (A)(2). Alleged offense date: 07/11/92.
           Arrest/citation date: 07/11/92 VSP-New Haven.
           Arraignment set for 07/13/92 at 02:00 PM.
           Cash bail set by D. A. Jenkins on dispute 1. Amount this dispute(s):
           1000.00, Total: 1000.00. Condition[s] 1-3,10,17 imposed; No 10: to
           post $1,000.00 cash or surety bail; additional conditions: Hold until
           sober.
           Arraignment held by D. A. Jenkins. (TAPE).
           Probable Cause found by Judge D. A. Jenkins on dispute 1.
           Appearance entered by Kevin E. Brown.
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           dispute 1. Pre-trial discovery order issued.
           Cash bail set by D. A. Jenkins on dispute 1. Amount this dispute(s):
           0.00, Total: 0.00. Condition[s] 1-3,8,12 imposed; No 10: to post $
           cash or surety bail; additional conditions:.  Bail struck.
           Calendar Call set for 08/11/92 at 01:00 PM.
           Jury Drawing set for 08/12/92 at 09:00 AM.
08/10/92   Motion To Continue 8/11 Calcall & 8/12 Jurydraw filed by Attorney
           Kevin E. Brown for Defendant ████████████████ on dispute 1.
           Motion To Continue 8/11 Calcall & 8/12 Jurydraw given to judge.
           Motion 1 (To Continue 8/11 Calcall & 8/12 Jurydraw) denied by D. A.
           Jenkins.
08/11/92   Calendar Call scheduled for 08/11/92 rescheduled.
           Change of plea set for 09/08/92 at 10:00 AM.
           Jury Drawing scheduled for 08/12/92 cancelled.
09/03/92   Motion To Continue 9/8/92 COP filed by Attorney Kevin E. Brown for
           Defendant ████████████ on dispute 1. Motion To Continue
           9/8/92 COP given to judge.
09/04/92   Motion To Continue 9/8/92 COP to be set for hearing per Judge D. A.
           Jenkins.
           Change of plea scheduled for 09/08/92 rescheduled.
           Change of plea set for 09/21/92 at 10:00 AM.
           Motion 2 (To Continue 9/8/92 COP) granted by D. A. Jenkins.
09/17/92   Change of plea scheduled for 09/21/92 rescheduled.
           Change of plea set for 09/21/92 at 03:30 PM.  Rescheduled from
           9/21/92 at 10:00 Am.
09/21/92   Change of plea held by Michael S. Kupersmith. (TAPE).
           Defendant pleads guilty on dispute 1.  Judge Michael S. Kupersmith
```

Certified to be a true copy of the original as the same appears on file in this office
8/6/13
Clerk, Vermont Superior Court
Criminal Division
Middlebury, Vermont

accepts plea after finding it to be voluntary and made with knowledge and understanding of the consequences and after a knowing waiver of constitutional rights.  Plea found to have a factual basis. Adjudication of guilty entered.

Sentence on dispute 1: to serve 3 day(s) to 2 year(s) all suspended except 3 day(s) and defendant placed on probation under standard conditions and special conditions 1,3-5,8,14.  No.8: to pay fine of $460.00 fine & 40.00 s/c by Cost of counseling to reduce fine amount. No. 14: Abide by all valid abuse orders & conditions of release on docket # 483-9-92 Ancr. Probation warrant issued. $460.00 fine. Court recommends: CREDIT FOR 3 DAYS SERVED. $10.00 surcharge assessed.  $30.00 BAC Test surcharge assessed.

Judgment of Guilty entered by Judge Michael S. Kupersmith on dispute 1.

Case closed.

Plea entered on VOP 1: Admit Violation, heard before Judge Edward J. Cashman.

Entry Order: Put this hearing over one week.

04/23/93    Note: Def is now lodged at Woodstock CCC.

04/27/93    VOP 1 Information and Affidavit filed by Joanne Szwed P & P / Burlington on dispute 1.  New address for party 1 filed. VOP Rule 5 Hearing set for 05/03/93 at 02:00 PM.

05/03/93    VOP Rule 5 Hearing held by Edward J. Cashman. (TAPE). Probable Cause found by Judge Edward J. Cashman on dispute 1.  Public Defender requested.

Attorney assigned: Larry S. Novins.

Plea entered on VOP 1: Admit Violation, heard before Judge Edward J. Cashman.

VOP 1 Finding by Judge Edward J. Cashman: Found.

VOP Merits Hearing set for 05/10/93 at 01:00 PM.

05/10/93    VOP Merits Hearing held by Edward J. Cashman. (TAPE). VOP 1: Disposed, viol. prob. cont. cond mod; Judge Edward J. Cashman presiding.  Sentence on dispute 1 all suspended except 3 day(s) and defendant placed on probation under standard conditions and special conditions 1,3-5,8,14.  No.8: to pay fine of $460.00 fine & 40.00 s/c by Cost of counseling to reduce fine amount.  No. 14: Abide by all valid abuse orders & conditions of release on docket # 483-9-92 Ancr. Abide by all family abuse orders. modified issued.

Case status changed to Disposed.

01/31/95    Petition for Discharge from Probation filed.

02/02/95    Petition for Discharge from Probation for Satisfactory Completion granted by Michael S. Kupersmith.

FELL-00003259

P.O. BOX 136

RIPTON                          VT 05766

| | |
|---|---|
| Date of Offense | Date Arr/Cit |
| 07/11/92 | 07/11/92 |
| (DWI2) DWI #2 | |

Department

2008 NOBLE

| Unit No. | Circuit |
|---|---|
| 2 | Addison |

Sched Date of Appear: 07/13/92

DoB:     Age: 31  PoB: S. AMBOY, NY

Operator's License No. – St
40474749               VT

Count 1  of 1  : 23 V.S.A 1201 (A)(2)

| Docket No.: | 357-7-92ANCR |
|---|---|
| Incident No.: | 92-03080 |
| SA Case No.: | ADCR9200424 |

Accident          Injury

Property Damage

Misdemeanor

## RULE 5

- ☑ Copy of Affidavit and Info. Provided to Defendant
- ☐ Probable Cause Found
- ☐ Continued for Plea

## ARRAIGNMENT

7/13/92

Defendant Waives:
- ☑ 24 Hour Rule
- ☑ Reading of Info
- ☐ Right to Counsel

- ☐ Guilty
- ☐ Nolo Contendere
- ☐ Not Guilty
- ☐ Pro Forma Not Guilty

Attorney
- ☐ Pro Se
- ☐ Private
- ☐ Counsel Assigned
- ☐ Counsel Denied

Name of Reporter

Name of Defendant's Attorney
K. Binon

Name of Guardian Ad Litem

## FAILURE TO APPEAR

- ☐ Judicial Summons to Issue
- ☐ Arrest Warrant To Issue

Amount of Bail

Date J/Summons

Date A/Warrant

## PRETRIAL

| Referred to Diversion | PRE-ARRAIGNMENT BAIL | Att's Appearance or Return |
|---|---|---|
| ☐ Date: | $ | ☐ by |
| Date Discovery Order | Date Set | Date Posted |
| Status Conference Set For | Amount | Date Mitt For Lack of Bail |
| Calendar Call Set For | Deposit | Date Refunded |
| Jury Drawing Set For | ☐ Personal Recognizance  ☐ Appearance Bond | ☐ Cash/Surety  ☑ Conditions |

## BAIL

## TRIAL

| Date Jury Drawn | Judge/Reporter | Date of Determination |
|---|---|---|
| Date Trial Begun | Judge/Reporter | ☐ P.O Reasonable  ☐ P.O Not Reasonable |
| ☐ Trial by Jury | ☐ Trial by Court | ☐ Admitted by Def  ☐ Waived by S.A. |

## REFUSAL

## CONVICTION

AMENDED TO:

- ☑ Plea Guilty   Date 9/21/92
- ☐ Plea Nolo
- ☐ Verdict Guilty
- ☐ Guilty by Waiver
- ☐ Nolo by Waiver

☐ Plea Agreement

Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty entered hereon

JUDGE

| Name of Offense | Title | Section V.S.A |
|---|---|---|
| | Felony | Misd  Muni  Code (VCIC) |
| | | x    Ord. |

## NON-CONVICTION

- ☐ Plea Agreement
- ☐ Probable Cause Not Found
- ☐ Dismissed by Court
- ☐ Verdict Not Guilty
- ☐ Transferred to Juvenile Court
- ☐ Dismissed by S A - not Diversion
- ☐ Dismissed by S A - Diversion Satisfactorily Completed

## SENTENCE

- ☐ PSI Ordered
- ☐ PSI Waived

| | Date | Sentencing Set For |
|---|---|---|
| Date of Sentencing | Sentence Deferred For ☐    years | |

### FINE
| Amount | Date Paid in Full | Due Date |
|---|---|---|

### SUR-CHARGE
☐ $5.00 Surcharge Assessed        Date Paid

### TERM

| | MINIMUM | | | MAXIMUM | | |
|---|---|---|---|---|---|---|
| | YEARS | MONTHS | DAYS | YEARS | MONTHS | DAYS |

## SUSPENDED / PROBATION

- ☐ ALL SUSPENDED
- ☐ PART SUSPENDED TO SERVE   YEARS  MONTHS  DAYS
- ☐ Concurrent
- ☐ Consecutive to Dkt No.'s

Restitution
☐ $         ☐ Special Cond

- ☐ Judgment Not Guilty
- ☑ Judgment Guilty

Date of Disposition

Date of Appeal

Signature of Judge          Date 9/21/92

- ☐ Mittimus          Date
- ☐ Probation Warrant

Probation Discharge Date

DMV Use

Signature of Clerk          Date

| | | Unit No.     Circuit | | Docket No.: 357-7-92ANCR | |
|---|---|---|---|---|---|
| ██████████ | | 2      | Addison | | Incident No.: 92-03080 | |
| P.O. BOX 136 | | Sched Date of Appear: 07/13/92 | | SA Case No.: ADCR9200424 | |
| RIPTON | VT 05766 | DoB: ██████ Age: 31 | PoB: S. AMBOY, NY | | |

| Date of Offense | Date Arr/Cit | Department | Operator's License No. – St | Accident | Injury |
|---|---|---|---|---|---|
| 07/11/92 | 07/11/92 | 2008 NOBLE | 40474749 | VT | Property Damage |
| (DWI2) DWI #2 | | Count 1   of 1   : 23 V.S.A 1201 (A)(2) | | Misdemeanor | |

# INFORMATION BY STATE'S ATTORNEY

State of Vermont Addison  County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, JOHN T. QUINN

State's Attorney for said County, upon oath of office charges;

That ██████████████ of RIPTON

at NEW HAVEN  in this County and Territorial Unit

on the 11 day of July 1992

did then and there operate a motor vehicle on a public highway while under the influence of intoxicating liquor, to-wit; 1982 Honda motorcycle on U.S. Route 7 in violation of 23 VSA § 1201(a)(2).

Penalty: not more than $1,000 or not more than two year in jail with a mandatory 48 hours in jail.

The defendant has been convicted of DWI on 01/05/90

and against the peace and dignity of the state.

Dated:

July 13, 1992

_____
States Attorney

This information has been presented to me and I have found probable cause, this        day of                  1992

_____
District Judge

FELL-00003261

Page 1                         VERMONT STATE POLICE                    2008-92-03080

SUPPORTING  AFFIDAVIT                                    STATE OF VERMONT

Addison . . . . . County S.S.

NOW COMES . . . . <u>Sgt. Thomas R. Noble</u> . . . . . . . . . . . . . . , affiant(s), being duly sworn and
                            (officer)

on oath, deposes and says he has probable cause to believe that . . . . . . . . . ▮▮▮▮▮ . . . . . . . . . .
                                                                                              (defendant)

has committed the offense(s) of . . <u>Driving Under the Influence</u> . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,

a violation of Title . . <sup>23</sup>. . . . . . . . . . . . . . . . , Vermont Statutes Annotated §  1201 . . . . . . . .

On Saturday, July 11, 1992, Trooper Daniel Elliott and Auxiliary Trooper George Crowe
stopped the Defendant on U.S. Route 7 in New Haven.  They took him into custody for
Driving Under the Influence, and Trooper Elliott requested they be met at the back door.
Trooper Mary Ellen Francis and I were at Middlebury Station at the time and met Trooper
Elliott.  Mr. ▮▮▮ was seated in the right front, handcuffed behind.  When the door was
opened he was loud voiced and sarcastic, talking about having his head to the pavement,
as if he expected violence.  Trooper Elliott was physically guiding Mr. ▮▮▮ toward the
back door and ▮▮▮ resisted, demanding that Trooper Elliott release him.  In spite of
verbal directions ▮▮▮ continued to balk and was physically escorted into the processing
room.  There his feet were shackled, per a memo from the Station Commander, and he was
handcuffed to the chair, leaving his right arm free.

Mr. ▮▮▮'s breath smelled strongly of alcoholic beverage, his face was flushed, his eyes
bloodshot and watery.  He demanded repeatedly that he be released from the restraints,
saying that he would be calm.  Otherwise, if we treated him like an animal he would act
like one.  He told us this many times, usually punctuating "...animal!" by raising his
voice and yanking on the handcuffs.  He was extremely belligerent saying "Fuck you"
no less than fifty times, calling all Troopers present "assholes" and "motherfuckers"
many times and repeatedly expressing his desire to confront Trooper Elliott and myself.
He wanted to box and "kick your ass".  He refused to talk with Trooper Elliott, inter-
rupting constantly.  He did advise that he knew his rights and had been through this
before.

Mr. ▮▮▮ displayed extreme antagonism toward Trooper Elliott, who eventually left the
processing room.  Having indicated he would talk to me he kept demanding that he be
released.  Efforts to explain why that could not be done were usually met by a volley of
"Fuck you"'s or some similar derisive reply.  I read the test request portion of the
processing form.  He constantly interrupted and answered direct questions with "Fuck you"
repeatedly.  He did complete some sentences, making it clear he would not take any test
or sign anything.  He also did not want to call an attorney.

Throughout my contact with him Mr. ▮▮▮ showed numerous mood swings ranging through anger,
laughter, brief calm and tears.  He made the exclamatory statement that he had had five

Subscribed and sworn to before me on

this . .<u>13th</u>. .day of . . .<u>July</u> . . . . 19<u>92</u> .        <u>Thomas R. Noble</u>
                                                                              (Affiant)

                                                                    7-13-92
. . . . . . . . . . . . . . . . . . . . . . . . . . . .        . . . . . . . . . . . . . . . . . . . . .
(Notary Public)    (Judicial Officer)                                      (Date)

Page 2                        VERMONT STATE POLICE              2008-92-03080

                          SUPPORTING   AFFIDAVIT                    STATE OF VERMONT

                                                    . . . . . . . . . . Addison . . . . . County S.S.

NOW COMES  . Sgt. Thomas R. Noble . . . . . . . . . , affiant(s), being duly sworn and
                          (officer)

on oath, deposes and says he has probable cause to believe that  . ███████████ . . . . . . . . .
                                                                            (defendant)

has committed the offense(s) of  . . Driving Under the Influence . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,

a violation of Title   23 . . . . . . . . . . . . . . . . . , Vermont Statutes Annotated §  1201 . . . . . . . .

beers.  He became distraught over his marital situation and then quickly became hostile
toward us again.  As he was being led out of the Station he told us he hoped that when
we went home to our spouses and grabbed their crotches that we would be denied sexual
favors.  Troopers Elliott and Francis told me that Mr. ████'s behavior continued to vary
widely and he used many obscenities while at the Addison County Jail.

Subscribed and sworn to before me on

this . 13rd . .day of  . JULY . . . . . 1992 .        Thomas R. Noble
                                                            (Affiant)

                                                       7-13-92
. . . . . . . . . . . . . . . . . . . .              . . . . . . . . . . . . . . . . . .
   (Notary Public)   (Judicial Officer)                    (Date)

djl 7-11-92

VERMONT STATE POLICE
· SUPPLEMENTAL
AFFIDAVIT

STATE OF VERMONT

. . . . . . ADDISON . . . . . . . . . . . County S.S.

NOW COMES . . . . T 1/C. Mary Ellen Francis . . . . . . . . . . , affiant(s), being duly sworn and
(officer)

on oath, deposes and says he has probable cause to believe that . . . . . ▮▮▮▮▮▮
(defendant)

has committed the offense(s) of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Driving While Intoxicated

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .,

a violation of Title    . . .23 . . . . . . . . . . . . . . . . , Vermont Statutes Annotated §    . . . . . 1201 . . . .

On 7-12-92 at approximately 1739 Judge David Jenkins was read the affidavit prepared
by Trooper 1/C Daniel Elliott, charging ▮▮▮▮▮▮ with Driving Under The
Influence. ▮▮▮ had been lodged at the Addison County Lockup. Judge Jenkins found
that probable cause existed. ▮▮▮ will be arraigned on 7-13-92.

Subscribed and sworn to before me on

this . . 12th . . . .day of  July . . . . . . 19 92 .    . . . Mary Ellen Francis . . . . . . . . .
(Affiant)

. . . Kenneth J. Newcomb . . . . .    07-12-92
(Notary Public)/ (Judicial Officer)    (Date)

FELL-00003264

2008-92-03080

VERMONT STATE POLICE

SUPPORTING    AFFIDAVIT

STATE OF VERMONT

.........Addison.......... County S.S.

NOW COMES ...Aux. Tpr. George R. Crowe............., affiant(s), being duly sworn and
(officer)

on oath, deposes and says he has probable cause to believe that .. ████████████ .
(defendant)

has committed the offense(s) of ..... DRIVING WHILE INTOXICATED ...................

.............................................................,

a violation of Title ..23............., Vermont Statutes Annotated § ..1201......

On July 11, 1992 Trooper Elliott and I were southbound on Route 7 just south of MacIntyre
Fuels when we observed a motorcycle also southbound. We observed the motorcycle weaving
back and forth across both white lines and yellow center lines. We attempted to make
a motor vehicle stop and ended up following with bluelights and siren on for approximately
one (1) mile to just north of the Sugar House Restaurant/Motel.

Trooper Elliott and I approached the motorcycle and identified the operator as Mr.████
████, the Defendant. Trooper Elliott asked if he would step back to the cruiser to get
out of the weather and Mr. ████ refused. ████ was asked to step to the back of the
cruiser, that too was refused. Mr. ████ then informed us that he did not want to take
and was not going to take any tests or blow into any machines. He then became disorderly
(yelling) and advised us that we would have to arrest him to get any further information.
Mr. Ryan was then placed in custody by Trooper Elliott and was transported to the Middle-
bury State Police Office by Trooper Elliott and myself.

Throughout the entire trip to the office Mr.████ was very rude and repeated over and over
more than twenty (20) times "Fuck You". Upon arrival to the office Mr. ████ refused to
enter the building. He had to be forcefully brought into the office by three troopers,
Trooper Elliott, Trooper Francis and Sergeant Noble. Because of Mr. ████'s repeated out-
bursts of rage he was handcuffed and ankle cuffed to a chair.

Throughout the entire time I was with Mr. ████ I could smell a heavy odor of alcohol
coming from his breath. he also experienced major mood swings and repeated things over
and over. His eyes were glassy and his face was red. He was very disrespectful to me
and other officers involved.

Subscribed and sworn to before me on

this ..12TH..day of ..July...... 1992.

_____
(Notary Public)/ (Judicial Officer)

_____
(Affiant)

..7/12/92..
(Date)

FELL-00003265

NOW COMES __T 1/C  Daniel T Elliott__, affiant, being duly sworn and on oath, deposes and states that I have probable cause to believe that _____, hereinafter referred to as defendant, committed the offense of Driving While Intoxicated in violation of 23 V.S.A. § __1201__. In support of this charge the affiant says as follows:

1. I am a law enforcement officer certified by the Vermont Criminal Justice Training Council. I am certified to operate the crimper/Datamaster breath testing device.

   **CHECK THE APPROPRIATE DESCRIPTION.**

2. ☒ On __July 11__, 199 _2_ at __01 24__ hours I observed defendant operating, attempting to operate, in actual physical control, of a (Yr./Make/Model) __1982 Honda Motorcycle__ on __US RTE 7__ a public highway in the town/city of __New Haven__, __Addison__ County.

   **OR**

   ☐ Although I did not observe operation in this case, I was able to determine that the time of operation was _____ hours from the following information (e.g. witnesses, operator's statements):

3. I made the following observations of defendant's operation which resulted in my making this stop.

   The operator  of the motorcycle crossed the center line noticably on three (3) seperate occassions.  On another two (2) occassions the operator was traveling completely in the Northbound lane while traveling South.  Once the blue lights and wig wags were activated the defendant still did not stop.  The siren was then activated and the defendant was stopped approximately 1 mile later.

4. I made the following observations of defendant at roadside which resulted in my processing him/her for DWI (e.g. at stop, dexterity test performance, Alco-Sensor result, statements):

   The DEFENDANT refused to take all dexterity test.  The Defendant had a strong smell of intoxicants on his breath, and his eyes were bloodshot and watery.  The DEFENDANT was extremely violent constantly saying Fuck you Fuck you Fuck You.  With these factors and the operation of the motor vehicle the decision was made to process the DEFENDANT.

FELL-00003266

**DWI AFFIDAVIT**      Case # _2008-92-03080_      DPS 289 Page 2 of 2    (8/91)

5. I informed the defendant of his/her rights under 23 V.S.A. §1202(d) by reading these rights from the standard DWI processing form. I read the defendant the following:

Vermont law authorizes me as a law enforcement officer, to request a breath (blood) test to determine whether you are under the influence of alcohol (or other drugs). Before you decide, I will explain your rights. Since I am requesting you submit to a breath (blood) test, you have the right to have additional tests administered at your own expense, by an individual of your own choosing. The results will be sent only to you or your lawyer. I then provided a list of facilities in this area which will administer additional tests.

**CHECK THE SECTION READ TO THE DRIVER.**
☐ Infrared Test Only.    In addition you have a right to a second infrared test which I will administer.
☐ Crimper/Blood Test Only.    If you submit to a test, part of the sample will be held by the Department of Health. Within the next 45 days you may make arrangements for an independent analysis of the sample. The results of the independent analysis will be sent only to you or to your lawyer.

If the results of the evidentiary test indicate that you are under the influence of alcohol (or other drugs), you will be subject to criminal and civil charges and your license or privilege to operate will be suspended for at least 90 days. If you refuse to give a sample the court will have a hearing, if you desire, to decide if my request is reasonable. If my request is found to be reasonable, your privilege to drive shall be suspended for at least six months. Your refusal may be introduced as evidence in a criminal proceeding. You have the right to talk with a lawyer before deciding whether or not to submit to a test. If you cannot afford a lawyer and want one, a Public Defender will be contacted for you, at the state's expense. You have a reasonable amount of time in which to decide whether or not to submit to a test.

Defendant indicated that he/she did/did not understand these rights.    (If defendant did not understand describe action taken):

6. Upon receiving this information the defendant agreed ☐ refused ☒ to provide a sample of his/her breath ☐ blood ☐. The sample was obtained pursuant to Health Department rules at _____ hours on _____, 199__. The sample was obtained via (Datamaster, crimper, blood. *If by blood*, it was drawn by _____ of the _____.

If defendant refused to provide a sample for testing describe the circumstances surrounding the refusal:

The DEFENDANT was read his rights by Sgt Tom Noble of the Vermont State Police. The defendants continuious reply was fuck you fuck you Fuck you, You are all a bunch of fucking assholes. I will get all of you and kick you fucking asses. The DEFENDANT advised he knew of his rights and we could all go fuck ourselves. The DEFENDANT advised he did not want to talk with a lawyer, and to go fuck ourselves.

7. I observed the defendant for 15 minutes prior to taking the test and he did not appear to belch, burp or vomit. I asked defendant immediately prior to taking the test whether he/she had belched, burped or vomited in the last 15 minutes and he responded:

8. Based on my training and experience the test was properly taken, and the sampling equipment functioned properly. The test indicated that the defendant's alcohol concentration was a __N/A__ % BAC.

9. While processing the defendant I complied with the Soldiers and Sailors Relief Act by inquiring if the defendant was presently on active duty with the Armed Forces of the United States, or scheduled to go on active duty in the future. He/She said that he/she was ☐ was not ☐ on active duty, or scheduled to go onto active duty. I confirmed the defendant's current mailing address, and I issued ☒ mailed ☐ the defendant a notice of intent to suspend and this affidavit on _July 11_, 199_2_.

☐ If checked see attached documentation which I have prepared in this case and which is incorporated by reference into this affidavit:
☐ DWI Processing Form    ☐ Other *(describe)*: _____

Dated at _Middlebury_, Vermont, this 11th day of _July_, 1992.

_____
Affiant

Subscribed and sworn to before me on this __11th__ day of _July_, 1992.

_____
Notary Public

FELL-00003267

District Court                                                                  Fuller
Form No. 63

<div align="center">

DISTRICT COURT OF VERMONT

UNIT NO...II,. Addison................CIRCUIT

</div>

STATE OF VERMONT

<div align="center">

v.                                          Docket No. 0357-07-92AnCr....

██████████████                              ██████████████████████.

..................
Respondent

PETITION FOR DISCHARGE FROM PROBATION

</div>

NOW INTO COURT comes the Commissioner of Corrections, and petitions the Court as follows:

<div align="center">I</div>

On ......05/10/93.................the above subject was convicted of ..................

.....DUI #2.................................................and this Court placed the

above named respondent on probation in the care and custody of the Commissioner of Corrections, all as will more fully appear on the Probation Warrant attached to and made a part hereof.

<div align="center">II</div>

The respondent has (satisfactorily) / (xxxxxxxxxxxx) complied with the conditions of his probation and his probation officer recommends his discharge. The officer's report and recommendation are attached hereto and made a part hereof.

Petitioner further represents to the Court that termination of probation in this case is warranted.

WHEREOF Petitioner respectfully requests that the respondent be discharged from further probation in the above captioned case.

<div align="right">

Commissioner of Corrections

</div>

Dated:......1./25/95.............     By:...█████████████............

<div align="center">

ORDER OF DISCHARGE FROM PROBATION

</div>

Upon consideration of the above Petition and attached recommendation, it is hereby ordered that the respondent is hereby discharged from probation and is relieved of any obligation imposed by order of this Court in the above captioned case.

Certified to be a true copy of the original as the same appears on file in this office

8|6|13

*Shelly Goddard*
Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont

Dated at .................................................. on ....2/2/95...........

Judge

Distribution: Court
              Adult Field Services Office
              Department of Public Safety
              Central Office

FELL-00003268



**Agency of Human Services**
**Department of Corrections**
**Court & Reparative Services**
159 Bank Street
Burlington, Vermont 05401
Tel.: (802) 651-1790


January 24, 1995


Presiding Judge of the Court
District Court of Vermont
Unit II, Addison Circuit
Middlebury, VT 05753

Your Honor:

**PETITION FOR SATISFACTORY DISCHARGE FROM PROBATION**

RE: ▉▉▉▉▉▉▉▉
Dkt #: 0357-07-92 Ancr

On 05/10/93 ▉▉▉▉ ▉▉ was found guilty of DUI#2 in Addison District Court and sentenced to a term of not less than 3 days and not more than 2 years, all suspended but 3 days. In addition to the standard conditions of probation, the sentencing Court imposed the following special conditions of probation:
14a, 14c, 14d, 14e, 8 ( fine of $460.00 & $40.00 sc ) & 14 ( Abide by all valid abuse & family court orders )

▉▉▉▉ ▉ ▉▉ has completed alcohol assessment and counseling with Champlain Drug & Alcohol services to the satisfaction of the treatment providers and has fully paid any and all fines and surcharges.

This writer requests that the grant a satisfactory discharge at this time.

approved - John T. Quinn

FILED
JAN 31 1995
ADDISON DISTRICT COURT

ss

Attachment

Respectfully submitted,

Jim Fuller
Probation Officer

FELL-00003269

===========================================================================

**[REDACTED] P R O B A T I O N   O R D E R**

===========================================================================

STATE OF VERMONT
District Court of Vermont
Unit No. 2, Addison Circuit

Re: [REDACTED]                                    Date of Order: 05/10/93

TO THE COMMISSIONER OF CORRECTIONS: The above-named defendant was convicted and
sentenced as follows:

|  | Minimum | Maximum | All Suspended |
|---|---|---|---|
| 357-7-92 Ancr 1   DWI #2 | 3 DAYS | 2 YR | But 3 DAYS |

CREDIT FOR DAYS SERVED
(3)

The execution of the sentence is partially suspended and the defendant is placed on probation in the care and custody of the
Commissioner of Corrections until further order of the Court under the following conditions:

A.   You shall not be convicted of another offense.
B.   You shall work, seek employment or participate in vocational training to the full satisfaction of your probation officer.
C.   You shall support yourself and your dependents and meet your family responsibilities.
D.   You shall report to your probation officer in the manner and at such time and place as he or she may require.
E.   You shall notify your probation officer within twenty-four hours of any change of address or employment.
F.   You shall remain within the State unless granted permission to leave by your probation officer.
G.   You shall permit a probation officer to visit you at your home or elsewhere.
H.   You shall participate fully in any program to which you may be referred by the Court or your probation officer.
I.   You shall live an orderly and industrious life.
J.   You shall not engage in threatening, violent or assaultive behavior.
K.   You shall not use alcoholic beverages to the extent they interfere with you employment or the welfare of your family,
     yourself or any other person.
L.   You shall submit to an alcosensor test when requested by your probation officer or any other person authorized by your
     probation officer.
M.   You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician.  You shall submit
     to urinalysis testing when requested by your probation officer or any other person authorized by you probation officer.
N.   You shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in
     possession of a valid Vermont operator's license.

Other Conditions:

1.   You shall not purchase or drink any alcoholic beverages and not have any in your posession.[14a]
3.   You shall attend and participate in alcohol screening, counseling, treatment and rehabilitation as directed by your probation
     officer and complete same to the full satisfaction of your probation officer.[14c]
4.   You shall allow the alcohol services program to disclose to the probation officer and to the court, information about your
     attendance and participation in the program.[14d]
5.   You shall attend and participate in any residential treatment program as directed by your probation officer and
     complete the same to the full satisfaction of your probation officer.[14e]
8.   You shall complete payment of your fine(s) of 460.00 fine & 40.00 s/c to your probation officer by Cost of counseling to reduce
14.  Abide by all valid abuse orders & conditions of release on docket # 483-9-92 Ancr.
     Abide by all family abuse orders.

NOTICE:  Under the Federal Gun Control Act, any person convicted of a felony may not lawfully own, use or possess a firearm.

By Order of the Court: /S/ *Edward J. Cashman*
                        Judge Edward J. Cashman

===========================================================================

I have read and understand these conditions and I agree to fulfill them.  I realize that in consideration for this agreement the
Court has placed me on probation to give me an opportunity to lead an orderly life without confinement.  I also understand that if
I violate any of these conditions, I may be brought before the Court to be further dealt with according with law.

Probation Officer _____ 6/34'93        Defendant [REDACTED]        6/30/93
                          Date                                        Date

FILED
-3 1994
COURT

FELL-00003270

==========================================================================

# P R O B A T I O N   O R D E R

==========================================================================

STATE OF VERMONT
District Court of Vermont
Unit No. 2, Addison District Circuit

Re: ██████████████                    Date of Order: 09/21/92

TO THE COMMISSIONER OF CORRECTIONS:    The above-named defendant was convicted and
sentenced as follows:

|  |  | Minimum | Maximum | All Suspended |
|---|---|---|---|---|
| 357-7-92 Ancr 1 | DWI #2 | 3 DAYS | 2 YR | But 3 DAYS |

The execution of the sentence is partially suspended and the defendant is placed on probation in the care and custody of the
Commissioner of Corrections until further order of the Court under the following conditions:

A.  You shall not be convicted of another offense.
B.  You shall work, seek employment or participate in vocational training to the full satisfaction of your probation officer.
C.  You shall support yourself and your dependents and meet your family responsibilities.
D.  You shall report to your probation officer in the manner and at such time and place as he or she may require.
E.  You shall notify your probation officer within twenty-four hours of any change of address or employment.
F.  You shall remain within the State unless granted permission to leave by your probation officer.
G.  You shall permit a probation officer to visit you at your home or elsewhere.
H.  You shall participate fully in any program to which you may be referred by the Court or your probation officer.
I.  You shall live an orderly and industrious life.
J.  You shall not engage in threatening, violent or assaultive behavior.
K.  You shall not use alcoholic beverages to the extent they interfere with you employment or the welfare of your family,
    yourself or any other person.
L.  You shall submit to an alcosensor test when requested by your probation officer or any other person authorized by your
    probation officer.
M.  You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician. You shall submit
    to urinalysis testing when requested by your probation officer or any other person authorized by you probation officer.
N.  You shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in
    possession of a valid Vermont operator's license.

Other Conditions:

1.  You shall not purchase or drink any alcoholic beverages and not have any in your posession.[14a]
3.  You shall attend and participate in alcohol screening, counseling, treatment and rehabilitation as directed by your probation
    officer and complete same to the full satisfaction of your probation officer.[14c]
4.  You shall allow the alcohol services program to disclose to the probation officer and to the court, information about your
    attendance and participation in the program.[14d]
5.  You shall attend and participate in any residential treatment program as directed by your probation officer and
    complete the same to the full satisfaction of your probation officer.[14e]
8.  You shall complete payment of your fine(s) of 460.00 fine & 40.00 s/c to your probation officer by Cost of counseling to reduce fine amount. [17]
14. Abide by all valid abuse orders & conditions of release on docket # 483-9-92 Ancr.

[ - - - - - C O N T I N U E D - - - - - ]



FILED

SEP 2 2 1992

ADDISON DISTRICT COURT

FELL-00003271

Probation Warrant for Ryan, Patrick Michael          Date of Order: 09/21/92                    Page 2

NOTICE:  Under the Federal Gun Control Act, any person convicted of a felony may not lawfully own, use or possess a firearm.

By Order of the Court: /S/ m s Kupersmith

Judge M. S. Kupersmith

=================================================================================================================================
I have read and understand these conditions and I agree to fulfill them.  I realize that in consideration for this agreement the Court has placed me on probation to give me an opportunity to lead an orderly life without confinement.  I also understand that if I violate any of these conditions, I may be brought before the Court to be further dealt with according with law.

Dianne Smith Tucker  9/21/92

Probation Officer          Date                        De

FELL-00003272

District Court
Form No. 392
Docket & Disposition Rpt.
Violation of Probation

**STATE OF VERMONT**

**DISTRICT COURT OF VERMONT**

Docket No.
357-7-92 AnCr

VOP

| Defendant | | | | | | |
|---|---|---|---|---|---|---|
| Last Name | First | M.I. | Unit No. II | Circuit Addison | Incident Offense No. | #1 |
| Address Woodstock Corr. Facility | | | Scheduled Date of Appearance 05-03-93 | | DMV Use | |
| City, State, Zip Code Woodstock, VT | | | Date of Birth | Age 31 | Place of Birth | |
| Date of Violation 03-23-93 | Place of Violation Burlingotn | | Probation Officer Szwed | | Office Location Burlington | ☐ Previous Violations |

Original Sentence:
Judge Kupersmtih    Date 09-21-92

| | MINIMUM | | | MAXIMUM | | | | TO SERVE | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | YEARS | MONTHS | DAYS | YEARS | MONTHS | DAYS | ☐ ALL SUSPENDED | YEARS | MONTHS | DAYS |
| | | | 3 | 2 | | | XX PART SUSPENDED | | | 3 |

Original Offense
DWI #2

**VIOLATION OF PROBATION**

| RULE 5 | |
|---|---|
| Date of Rule 5 Hrg 3/5/93 | |
| ☑ Copy of Complaint to Defendant | |
| ☑ Probable Cause Found | |
| ☐ Continued for Plea | |

| ARRAIGNMENT | |
|---|---|
| Date of Arraignment 5/3/93 | |
| Defendant Waives | |
| ☑ 24 Hour Rule | |
| ☑ Reading of Complaint | |
| ☐ Right to Counsel | |

Defendant
☑ Admits Violation
☐ Denies Violation

Defendant's Attorney
☐ Pro Se
☐ Private Counsel
☑ Counsel Assigned
☐ Counsel Denied

Name of Judge Cashman
Name of Reporter
Name of Defendant's Attorney
Name of Guardian Ad Litem

| FAILURE TO APPEAR | |
|---|---|
| Date | |
| ☐ Judicial Summons to Issue | |
| ☐ Arrest Warrant to Issue | |
| Amount Bail | |
| Date J/Summons | |
| Date A/Warrant | |

PRE-ARRAIGNMENT BAIL
$

Date Viol. Hearing

Att's. Appearance or Return
☐ by

| BAIL | |
|---|---|
| Date Set | Date Posted |
| Amount | Date Mitt. for Lack of Bail |
| Deposit | Date Refunded |
| ☐ Personal Recognizance  ☐ Cash/Surety | |
| ☐ Appearance Bond  ☐ Conditions | |

reset for revocation hearing 3/10/93 1pm

Defendant's admission of violation is found by this court to be a voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Admission has a factual basis. Said admission is hereby accepted and a finding of violation entered hereon.

JUDGE:

| DISP | |
|---|---|
| Date 3/5/93 | ☐ Finding of No Violation |
| ☐ Dismissed by Court | ☑ Finding of Violation |
| ☐ Dismissed by State | ☑ Admission of Violation |

☐ Probation Continued Under Original Conditions
☑ Probation Conditions Modified
☐ Probation Revoked

Certified to be a true copy of the original as the same appears on file in this office 8/6/13

Clerk Vermont Superior Court Criminal Division Middlebury Vermont

Date Sentence Imposed 3/10/93

| SENTENCE | MINIMUM | | | MAXIMUM | | |
|---|---|---|---|---|---|---|
| TERM | YEARS | MONTHS | DAYS | YEARS | MONTHS | DAYS |
| | | | 3 | 2 | | |

with credit for: _____
to be served from: _____ at _____ AM/PM
to: _____ at _____ AM/PM
beginning: _____

SUSPENDED ON PROBATION

| TO SERVE | | |
|---|---|---|
| YEARS | MONTHS | DAYS |

☐ Concurrent
☐ Consecutive to Dkt. No.'s

☐ PART SUSPENDED
☑ ALL SUSPENDED

ADDITIONAL OR MODIFIED CONDITIONS    Abide by all family court orders
Probation Warrant Modified To Include

| Date of Disposition 5/10/93 | ☐ Mittimus ☐ Probation Warrant | Date | Date Disp. Rpt. Sent 5/12/93 | Signature of Judge | Date 3/10/93 |
|---|---|---|---|---|---|
| DMV Use | | | Probation Discharge Date | Signature of Clerk | Date 5/12/93 |

CASE FILE

F 3000 10/84

FELL-00003273

## DISTRICT COURT OF VERMONT

UNIT NO.II, __Addison__ CIRCUIT DOCKET NO. 357-7-92AnCr

STATE OF VERMONT
vs.

████████n,
**Defendant**

### PROBATION VIOLATION COMPLAINT

NOW INTO COURT comes the Commissioner of Corrections by and through the undersigned and authorized probation officer and makes the following complaint:

I

On __09-21-92__ the above named defendant was placed on probation in the care and custody of the Commissioner of Corrections.

II

During the period of probation the defendant has violated the condition(s) of his probation as follows:

**Condition A:** Shall not be convicted of a new offense.
**Condition K:** Shall not use alcoholic beverages to the extent that they interfere with the welfare of yourself, your employment, family or any other person. **Condition N:** Shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in possession of a valid Vermont operator's license. **Condition 1:** Shall not purchase, possess or consume any alcoholic beverage.

---

### AFFIDAVIT

**Condition: K & 1**

On 10-30-92, ████████ came into the Burlington office of Probation and Parole to sign in as per his conditions of release for a (then) pending charge that was to be heard in the Vermont District Court in Addison County (dkt: 483-9-92). Ann Ward, the officer on "intake" that day, reported to this writer that when Mr. ███ approached the counter to sign in there was an odor of intoxicants about his person. Further, Officer Ward requested that Mr. ███ provide a breath sample for her. Mr. Ryan complied, the results of which were a B.A.C. of .035%.

**Condition: A, K, N & 1:**

On 03-23-93, ████████ was convicted of Driving While Intoxicated 3rd. Police affidavit in this case reflects that Mr. ███ did not have a valid driver's license at the time he was cited.



**FILED**

**APR 27 1993**

**ADDISON DISTRICT COURT**

FELL-00003274

**WHEREFORE** complainant respectfully requests the Court to find the defendant in violation of the conditions of probation.

DATE 4-13-93 _____ Probation Officer _____.

Subscribed and sworn to this 13 day of April , 19 93 .

_____Sheila Stanley_____ Notary Public

--------------------------------------------------------

PROBABLE CAUSE FOUND.
DATE: _3/3/93_ _____ JUDICIAL OFFICER

FELL-00003275

**DEPARTMENT OF CORRECTIONS**                    **OFFICE MEMORANDUM**

**To:** Gail LeBlanc, Casework Supervisor

**From:** Joanne Szwed, Probation Officer

**Date:** April 7, 1993            **Subject:** ▮▮▮▮▮▮▮▮▮
                                   Dt. # 357-7-92 AnCr (DWI)

## CASEWORK SUMMARY FOR VIOLATION OF PROBATION

On 9/21/92, ▮▮▮▮▮▮ ▮▮▮ stood before the Vermont District Court, Addison Circuit, convicted of Driving While Intoxicated - second. He was sentenced to 3 days to 2 years, all suspended but 3 days. Placed on probation, special conditions in Mr. ▮▮▮▮ case include:

> 1: Shall not purchase, possess nor consume any alcoholic beverages.
> 3: Shall attend and participate in alcohol screening, counseling, treatment and rehabilitation.
> 4: Shall allow disclosure of information between treatment providers and the office of Probation.
> 5: Shall attend and participate in any residential program as directed by Probation.
> 8: Shall complete payment of fine of $460 and $40 surcharge. Cost of counseling will reduce fine amount.
> 14: Abide by all valid abuse orders and conditions of release on docket # 483-9-92 AnCr (ULT-Fel/sentenced 12-21-92).

**Conditions Violated:**

A. Shall not be convicted of a new offense.

K: Shall not use alcoholic beverages to the extent that they interfere with the welfare of yourself, your employment, family or any other person.

1: Shall not purchase, possess nor consume any alcoholic beverages.

N: Shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in possession of a valid Vermont operator's license.

On 10/30/92, ▮▮▮▮▮ ▮▮▮ came into the Burlington office of Probation and Parole to sign in as per his conditions of release for a (then) pending charge that was to be heard in the Vermont District Court in Addison County (dkt: 483-9-92).

FELL-00003276

Anne Ward, the officer on "intake" that day, reported to this writer that when Mr. ███ approached the counter to sign in, there was an odor of intoxicants about his person. Further, Officer Ward requested that Mr. ███ provide a breath sample for her. Mr. ███ complied, the results of which were a BAC of .035%

On November 11, 1992, ███ was cited for Driving While Intoxicated/3rd. On 03-23-93 Mr. ███ was convicted of this charge in the Washington County circuit of District Court. Police affidavit in this conviction notes that Mr. ███ did not have a valid Vermont driver's license at the time he was cited.

## Summary:

When ███ probation case was transferred to Burlington Probation, he already had before him pending felony charge of Unlawful Trespass and a charge of Simple Assault domestic. Those cases have since been resolved; Mr. ███ was sentence to 11 to 12 months for the S.A. and 0 to 3 years, all suspended for the Unlawful Trespass. Just prior to Mr. ███s incarceration at Rutland Correctional Facility, where he now resides, however, a new charge of DWI/3rd was filed. On 03-23-93 the latest charge was concluded providing a sentence of 1 to 2 years, all suspended but 6 months concurrent to the S.A.

Mr. ███s history of disregarding the laws of this state and the welfare of its citizens dates back to 1978. His history of violence toward other, including domestic partners and law enforcement officers, can be documented back at least ten years. If we look more recently at his criminal behavior we will note that unlike other individual's facing pending charges, Mr. ███ seems to be unaffected by Court sanctions, be it probation conditions or conditions of release: DWI 2 citation earned on 07-11-92; Simple Assault domestic citation 08-22-92,; citation for Burglary, Violation of Relief From Abuse Order, Violation of Conditions of Release and 2 counts of Simple assault (all amended to Unlawful Trespass and 1 ct Simple Assault) 09-12-92; and on 11-11-92 citation for DWI-3.

Reviewing the above it becomes clear to any reasonable person that Mr. ███ is a defiant and extremely dangerous individual who has no motivation to stop drinking, to arrest his violent behavior, an individual who clearly, does not belong in the community.

FELL-00003277

3

## Recommendation:

That ███████████ be found in violation of probation conditions A, K, N, and 1. That his probation in this case be revoked and that he serve the full underlying sentence of 3 days to 2 years, concurrent to those cases for which he is presently incarcerated. Mr. ████ should receive credit for the three days served at the start of this probation case.

FELL-00003278

STATE OF VERMONT
v.                    DISTRICT COURT OF VERMONT                341-S-89 Ad

| Unit No. | Docket | | 89/656 |
|---|---|---|---|
| II | Addison | | |

Scheduled Date of Appearance: 5/22/89

Age: 25

| Date of Arrest/Citation | Department | | |
|---|---|---|---|
| 4/27/89 | Goven, ACSD | 40474749 | VT |

| Count | Title | Section | |
|---|---|---|---|
| 1 of 1 | 23 | VSA 674 | X |

5/27/89    ARRAIGNMENT    5/22/89

8/6/13 Certified to be a true copy of the original as the same appears on file in this office

Shelly Goddard

Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont.

5-20-89    BAIL

6-26-89

AMENDED TO.    N.L.    23    601

7-10-89

NON CONVICTION

Date of Sentence: 7/10/89

FINE    100.00    7/10/89

SUR. CHARGE

TERM

PROBATION

7/10/89

7-10-85

POOR COPY RECEIVED FOR MICROFILMING

DOCKET BOOK



FELL-00003280

District Court
Form No. 349
Docket & Disposition Rpt.

**STATE OF VERMONT**

v.

**DISTRICT COURT OF VERMONT**

Docket No.

Defendant

| Last Name | First | M.I. | Unit No. | Circuit | Incident Offense No. |
|---|---|---|---|---|---|
| | | | II | Addison | 89/656 |

| Address | Scheduled Date of Appearance | DMV Use |
|---|---|---|
| Court St., Apt. # 98 | 5/22/89 | |

| City, State, Zip Code | Date of Birth | Age | Place of Birth | |
|---|---|---|---|---|
| Middlebury, VT | | 28 | | |

| Date of Offense | Date of Arrest/Citation | Department | Operator's License No | State | Accident | Injury |
|---|---|---|---|---|---|---|
| 4/27/89 | 4/27/89 | Gowen, ACSD | 40474749 | VT | ☐ Property Damage | ☐ |

| Name of Offense | Count | Title | Section | Felony | Misd. | Muni. | Code (VCIC) |
|---|---|---|---|---|---|---|---|
| DLS #2 | 1 of 1 | 23 | V.S.A. 674 | | X | Ord | |

## INFORMATION BY STATE'S ATTORNEY

State of Vermont                Addison        County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, William T. Keefe, Deputy

State's Attorney for said County, upon oath of office, charges:

That ▮▮▮▮▮ ▮▮ of Middlebury

at Ripton in this County and Territorial Unit

on the 27th day of April, 1989,
did then and there operate a motor vehicle on a public high-
way while his/her right and license to operate a motor vehicle
on the public highways of the State of Vermont was duly sus-
pended by the Vermont Department of Motor Vehicles, to-wit;
a 1980 Mercury on Route # 125 in violation of 23 VSA § 674.

Penalty:  not more than $500 or not more than 90 days or both.

The defendant has been convicted of DLS on 2/17/81

and against the peace and dignity of the State.

Dated:     5/15/89

This information has been presented to me and I have found probable cause, this 22 day of May 89

_____
State's Attorney

Deputy

_____
District Judge

COURT

FELL-00003281

POOR COPY
RECEIVED FOR
MICROFILMING

AFFIDAVIT                   · STATE OF VERMONT

.................... County S.S.

NOW COMES ...Duane Gowen......................, affiant(s), being duly sworn and on oath,
                    (officer)

deposes and says he has probable cause to believe that █████████ ██ ████ ............
                                                              (defendant)

has committed the offense(s) of ..Driving Under Suspension.........................., a violation of

Title 23.................................., Vermont Statutes Annotated § ......674..............................

1) On April 27, 1989 this officer was on patrol in the town of Ripton Vermont and was in a marked police cruiser operating stationary radar on rte 125 in the village of Ripton when I noticed a vehicle bearing VT registration 266H4. This vehicle was traveling west on rte 125 at what I felt to be a greater speed than the posted 35 mph limit. I then turned on the radar unit and it showed to do so.

2) This officer then pulled the police cruiser in behind the vehicle and started to follow the vehicle. At about 1 & 1/10 of a mile west of the village of Ripton where the road widens out for a safe traffic stop this officer turned on the blue lights and pulled the vehicle over.

3) After approaching the vehicle and obtaining the operators drivers license the operator was identified as a ████████ ████ ██ ██████, D.O.B. ████████

4) After a routine license check through the Vermont State Police in Middlebury, with both PID# 30474749 and name and date on both, Patrick ███ showed to be under suspension in the state of Vermont.

5) This officer then placed Mr. ██ ██ under arrest for Driving under suspension and transported to the Addison County Sheriff's Department

6) Deputy Clerk Tammy Trudeau was contacted and authorized no bail and release on citation.

Subscribed and sworn to before me on

this 5th day of May 19 89.

Marilara Thompson
..................................

..................................
(Affiant)

..................................
(Deputy Sheriff)

FELL-00003282

June 23, 1989

TAM[illegible],

On Monday's calendar [illegible] first is [redacted] whose attorney, Christopher Davis called to request that it be continued because Patrick is getting married the day before. I said I thought it was okay.

The attorney Chris Davis won't be available for the following Monday, July [illegible] only. Please reschedule the matter for later in July.

I called Judy and left the message with Dale Penn

THANK[illegible] [illegible]

POOR COPY
RECEIVED FOR
MICROFILMING

STATE OF VERMONT

DISTRICT COURT, UNIT # 2, ADDISON CIRCUIT

DEFENDANT:                              OFFENSE _____

_____  DOCKET NO(S): _____

### PRE-TRIAL DISCOVERY ORDER

1. In the above-entitled matter, IT IS HEREBY ORDERED, no later than _____6-1-89_____ the State's Attorney shall:

   (a) disclose to the Defendant's attorney the names and addresses of all witnesses presently known to the prosecuting attorney, and permit the Defendant's attorney to inspect and copy or photograph the written and/or recorded statements of such witnesses which may be within the prosecuting attorney's possession or control;

   (b) disclose to Defendant's attorney and permit him or her to inspect and copy or photograph all materials or information within the prosecuting attorney's possession, custody or control that is subject to V.R.Cr.P. 16(a) (2);

   (c) disclose to Defendant's attorney any and all collateral or exculpatory information as contemplated by V.R.Cr.P. 16(b) and (c).

2. IT IS FURTHER ORDERED that the State's Attorney, no later than _____6-6-89_____ shall provide record checks of witnesses to the defense attorney.

3. IT IS FURTHER ORDERED, subject to the provisions of V.R.Cr.P. 16.1(c), the Defendant's attorney shall disclose to the prosecuting attorney no later than _____6-12-89_____ a list of witnesses and their addresses to be called at trial.

4. All pre-trial motions shall be filed no later than ____6-19-89____ Motions are to be accompanied by a concise statement of facts and the law relied on. Any party opposed to the grant of a written motion shall file a memorandum in opposition not more than ten (10) days after service of the motion unless otherwise ordered by the Court.

5. All depositions shall be taken under Rule 15 and completed before the appearance date listed below.

THE NEXT SCHEDULED APPEARANCE DATE IS:

STATUS CONFERENCE _____

CALENDAR CALL    6-26-89 @ 10:00 a.m.                  :

COURT TRIAL _____

**YOU MUST BE PERSONALLY PRESENT FOR THIS EVENT. THIS IS THE ONLY NOTICE YOU WILL RECEIVE.**

6. Counsel shall be prepared and ready for trial at the time set by the Court at the Status Conference, if one is held. If no conference is held, counsel shall be prepared and ready for trial after 30 days from the date hereof.

_____5-22-89_____                    /s/ David A. Jenkins
       DATE                             Presiding Judge

MRI-07361

SPOO 0122 11:00 01MAY89

SPO6P 0025 11:00 01MAY89

REPLY MESSAGE

VT CRIMINAL HISTORY REPLY.    REQ BY/ADD CO SHERIFF.    CASE#/

SUBJECT OF INQUIRY:    NA███████████ ███.    ██████████

| --DATE-- | --OFFENSE-- | --DISPOSITION-- | --COURT-- |
|----------|-------------|-----------------|-----------|
| 04-14-80 | BAD CHECK | DISMISSED | WASH |
| 05-19-80 | ULT | $25. | WASH |
| 02-22-82 | ULM | $50. | WASH |
| 06-16-82 | SA AMD DC | $100. 0-30 DAYS S&P | WASH |
| 06-09-82 | SA ON PO | 40-45 DAYS CONS | WASH |
| 02-02-83 | BURG | 2-6 MOS CONC | WASH |
| 05-12-83 | VOP | ORIG SENT | WASH |
|  | SATIS DISCH FROM PROB 09-13-84. |  |  |
| 09-19-88 | ULT (M) | $75. | ADD |

END OF HISTORY

ANY CRIMINAL RECORD INFORMATION PROVIDED ABOVE REPRESENTS CASE DISPOSITION
DATA REPORTED BY THE COURTS INDICATED. THIS INFORMATION IS NOT SUBSTANTIATED
BY FINGERPRINT COMPARISON. ALL RESPONSES ARE BASED ON FILE SEARCH CRITERIA
PROVIDED BY THE REQUESTOR. THIS INFORMATION IS PROVIDED EXCLUSIVELY FOR THE

USE STATED IN THE REQUEST AND IS NOT TO BE USED FOR ANY OTHER PURPOSE.
AUTH: R D BOYDEN, DIR. -- VT CRIMINAL INFORMATION CTR -- WATERBURY, VT

FELL-00003285

MRL-24348

PSO2 3882 20:30 27APR89

SPO6 0143 20:30 27APR89

QDL.PID/40474749.OPT/ALL                                      04/27/89  2030 PAGE: 001

███████████         ████████  M 170 6-01 4 40474749 IS 06-14-88

COURT ST APT 98                         1992-OP  1-1-M              VD 06-07-92

MIDDLEBURY        VT        SUSP-S  LIC-A                       CONV  REG

05753                                            06-14-88 04 01 DD46

S AMBOY         NJ

        CONVICTION CODE   SUSPENSION EFFECTIVE DATE    TERM OF SUSPENSION
             FA                12-01-88                   INDF
             FA                12-08-88                   INDF
** END OF LIST **

MRI-24350

PSO3 2111 20:30 27APR89

SPO6 0144 20:30 27APR89

QCB.PID/40474749                                    04/27/89   2030  PAGE: 001

54/69

| NUMBER | CONVICTION | COURT | OFFENSE | E-DATE DWI H SENT | CO CCCFRF FINE CM | PTS W/S ACC L TIME EFF ELIG/REIN |
|---|---|---|---|---|---|---|
| 42648 | 09-30-77 ESL | 5-12-036 | 09-25-77 ESL C | | 0028 | 000 |
| 47965 | 11-21-77 ESL | 5-12-036 | 11-02-77 ESL C | | 0040 | 000 |
| 03464 | 01-25-78 VO | 5-12-036 | 12-19-77 VO C | | 0046 | 000 |
| 27812 | 06-01-78 VO | 5-12-036 | 04-23-78 VO C | | 0050 | 000 |
| 09381 | 02-17-81 DLS | 5-12-036 | 01-17-81 DLS C | | 0075 | 10 /S 000 |
| 19874 | 03-27-81 VNI | 5-12-036 | 06-06-79 VNI | | 0035 | 00 / 000 |
| 42430 | 07-10-81 ESL | 5-14-285 | 07-19-79 ESL C | | 0035 | 03 / 000 |
| 83923 | 10-31-86 VSL | 5-04-114 | 08-26-86 VSL | | 0035 | 03 / 000 |
| 50570 | 07-18-88 VSL | 5-01-387 | 06-04-88 VSL | | 0035 | 03 W/ 000 |
| 47965-C | 11-21-77 ESL | 5-12-036 | 01-14-78 | | 010D | 01-04-78 01-14-78R |
| 03464-C | 01-25-78 VO | 5-12-036 | 03-15-78 | | 015D | 02-28-78 03-15-78R |
| 27812-C | 06-01-78 VO | 5-12-036 | 07-24-78 | | 020D | 07-04-78 07-24-78R |
| 64844-C | 11-24-78 VO | 5-12-036 | 01-26-79 | | 030D | 12-27-78 01-26-79R |
| 64845-C | 11-24-78 ESL | 5-12-036 | 01-21-79 | | 025D | 12-27-78 01-26-79R |
| 39416-S | 05-28-79 FA | 5-12-036 | 07-01-85 | | INDF | 07-21-79 08-04-81R |
| 60184-S | 05-21-79 FA | 5-12-036 | 07-01-85 | | INDF | 08-07-79 08-04-81R |
| 60290-S | 06-25-79 FA | 5-12-036 | 07-01-85 | | INDF | 08-14-79 08-04-81R |
| 62154-S | 08-14-79 FA | 5-14-285 | 07-01-85 | | INDF | 10-18-79 08-04-81R |
| 00526-S | 12-17-79 FA | 5-12-036 | 07-01-85 | | INDF | 01-24-80 08-04-81R |
| 09381-C | 02-17-81 PTS | 5-12-036 | 04-13-81 | | 0030 | 03-14-81 08-04-81R |

QCB.PID/40474749                                    04/27/89   2030 PAGE: 002

| NUMBER | CONVICTION | COURT | OFFENSE | E-DATE DWI H SENT | CO CCCFRF FINE CM | PTS W/S ACC L TIME EFF ELIG/REIN |
|---|---|---|---|---|---|---|
| 05286-S | 06-23-81 HO | | 06-26-83 | | 002Y | 06-26-81 08-04-81R |
| 05398-S | 06-25-81 HO | | 07-17-83 | | 002Y | 07-17-81 08-04-81R |
| 22960-S | 10-25-88 FA | 5-14-285 | | | INDF | 12-01-88 |
| 23501-S | 11-02-88 FA | 5-01-387 | | | INDF | 12-08-88 |
| ** END OF LIST ** 0024 0025 | | | | | | |

POOR COPY
RECEIVED FOR
MICROFILMING

**STATE OF VERMONT**
**ARREST / CUSTODY REPORT**

CAUTION
Y | N

E OF FIRST CONTACT

| | | | | | | | | |
AGENCY COMPLAINT NO.

MO    DAY    YR

ARRESTING AGENCY _____

## IDENTIFICATION:

Myan

| LAST NAME | FIRST NAME | MIDDLE NAME | DOB | AGE | SEX | RACE* | ETHNIC* |

| STREET | | PLACE OF BIRTH (CITY/STATE) | | EMPLOYED | UNEMPLOYED | STUDENT | REFUSED TO ANSWER |

| CITY/TOWN | | PHONE NUMBER | | EMPLOYER/SCHOOL |

| STATE | ZIP CODE | SOC. SEC. NO | ID NUMBER | ADDRESS |

| ALIAS | LAST NAME | FIRST NAME | MIDDLE NAME |

SCARS / MARKS

| 1 SING | 2 MAR | 3 SEP | 4 DIV | 5 WID | 6 OTHER |
MARITAL STATUS

| HEIGHT | WEIGHT | lb |

| 1 BLK | 2 BRO | 3 BLD | 4 RED | 5 GREY | 6 BALD | 7 WHI |
HAIR COLOR

| 1 BRO | 2 BLU | 3 HAZ | 4 OTH |
EYE COLOR    SPECIFY

## D.M.V. INFORMATION:

D.M.V. CASE NO _____

4047

| OPERATOR LICENSE NO | STATE | EXPIRATION DATE | INJURY | FATAL | PROP. DAMAGE | | REFUSED | NO | YES | RESULT | % |
| | | | ACCIDENT | | | | | | | TEST | |

26

| REGISTRATION NO | STATE | EXPIRATION DATE | VEHICLE MAKE | TYPE | YEAR |

## ARREST DATA:

20 25

| TIME | PLACE | RD COUNTY TOWN | OFFENSE GRID |
Driving    V S A

| OFFENSE | TITLE | SECTION | SUB SECTION | OFFENSE DATE |
| FINGERPRINTS | PHOTOGRAPH | | | |

| | | | | Y | N | Y | N | RELEASED O GUARDIAN | ARRAIGNED | CITED | LODGED | BAIL |
OFFENSE CODE    ATTACH O A/C-3    IMMEDIATE DISPOSITION    COMMENTS

COMPANION CASE NO

ARRESTING OFFICER SIGNATURE    ID NO

FINGERPRINT OFFICER

PHOTOGRAPH OFFICER    APPROVING OFFICER SIGNATURE    ID NO

## OFFENSE: (STATE'S ATTORNEY USE)

V S.A

DOCKET #_____

COUNT _____ OF _____

| CHARGED | TITLE | SECTION | SUB-SECTION |

| NO PROSECUTION | DIVERSION | FORWARDED TO COURT | RETURNED | COMMENT |

RACE CODE: W-WHITE, B-BLACK, I-INDIAN, A-ASIAN, U-UNKNOWN

ETHNIC CODE 1-HISPANIC, 2-NON HISPANIC

VT 452
7/83

A/C 5 CORRECTIONS



FELL-00003288

Form No. 349
Docket & Disposition Rpt.
Defendant

DISTRICT AND SUPERIOR COURT

| | M.I. | Unit No. | Circuit | Incident/Offense No. |
|---|---|---|---|---|
| | M. | 11 | Addison | 88/1581 |

Address
Court Street

Scheduled Date of Appearance
9/19/88

DMV Use

| City, State, Zip Code | Date of Birth | Age | Place of Birth |
|---|---|---|---|
| Middlebury, VT | | 27 | Middlebury, VT |

| Date of Offense | Date of Arrest/Citation | Department | Operator's License No. | State | ☐ Accident | ☐ Injury |
|---|---|---|---|---|---|---|
| 8/22/88 | 8/22/88 | Ploof/VPD | | | ☐ Property Damage | |

| Name of Offense | Count | Title | Section | Felony | Misd. | Muni. | Code (VCIC) |
|---|---|---|---|---|---|---|---|
| Unlawful Trespass | 1 of 1 | 13 V.S.A. | 3705 | | x | | Ord |

### RULE 5

Date of Rule 5 Hrg.

☐ Copy of Affidavit and Info. Provided to Defendant

☒ Probable Cause Found

☐ Continued for Plea

### ARRAIGNMENT

Date of Arraignment

Defendant Waives
☒ 24 Hour Rule
☒ Reading of Info
☐ Right to Counsel

### Defendant Pleads
☐ Guilty
☐ Nolo Contendere
☒ Not Guilty
☐ Pro Forma Not Guilty

### Defendant's Attorney
☐ Pro Se
☒ Private
☐ Counsel Assigned
☐ Counsel Denied

Name of Judge

Name of Reporter

Name of Defendant's Attorney
C. Demo

Name of Guardian Ad Litem

### PRETRIAL

Released to Diversion
☐ Date

Date Discovery Order

Status Conference Set For

Calendar Call Set For

Jury Drawing Set For

### BAIL
PRE-ARRAIGNMENT BAIL
Date Set    Amount    Date Posted

Date Set

Amount

Deposit

☐ Personal Recognizance
☐ Appearance Bond
☐ Cash/Surety
☐ Conditions

Date Posted

Date Mitt. For Lack of Bail

Date Refunded

Att's. Appearance or Return
☐ by

### TRIAL

Date Jury Drawn    Judge/Reporter

Date Trial Begun    Judge/Reporter

☐ Trial by Jury    ☐ Trial by Court

### REFUSAL
Date of Determination
☐ P.O. Reasonable    ☐ P.O. Not Reasonable
☐ Admitted by Def.    ☐ Waived by S.A.

Date of Summons
Amount Bail
Date Jf/Summons
Date A/V/Warrant

POOR COPY
RECEIVED FOR
MICROFILMING

☐ Docket entries continued

### AMENDED TO.
| Name of Offense | Title | Section V.S.A. | Felony | Misd | Muni | Code (VCIC) Ord. |
|---|---|---|---|---|---|---|

### CONVICTION
☒ Plea Guilty
☐ Plea Nolo
☐ Verdict Guilty
☐ Guilty by Waiver
☐ Nolo by Waiver

Date 9/19/88
☒ Plea Agreement

Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty entered hereon.

JUDGE.

☐ PSI Ordered
☐ PSI Waived

Date of Sentencing
9-14-88

Date    Sentencing Set For

Sentence Deferred For    years

| | Amount | Date Paid in Full | Due Date |
|---|---|---|---|
| FINE | $75.00 | | 10 M 88 |

SUR-CHARGE  ☒ $5.00 Surcharge Assessed    Date Paid

### NON-CONVICTION
☐ Plea Agreement
☐ Probable Cause Not Found
☐ Dismissed by Court
☐ Verdict Not Guilty
☐ Transferred to Juvenile Court

Date

☐ Dismissed by S.A. not Diversion
☐ Dismissed by S.A. Diversion Satisfactorily Completed

8/6/13 Certified to be a true copy of the original as the same appears on file in this office

_Shelley Goddard_

Clerk Vermont Superior Court
Criminal Division
Middlebury Vermont

### SENTENCE

TERM
MINIMUM    MAXIMUM
YEARS MONTHS DAYS    YEARS MONTHS DAYS

### SUSPENDED / PROBATION
☐ ALL    ☐ PART SUSPENDED TO SERVE
☐ SUSPENDED    YEARS MONTHS DAYS
☐ Concurrent
☐ Consecutive to Dkt. No.'s

Restitution
☐ s.    ☐ Special Cond.

☐ Judgment Not Guilty
☒ Judgment Guilty
Date of Disposition
9-14-88

☐ Mittimus
☐ Probation Warrant
Date of Appeal    Probation Discharge Date

Signature of Judge    Date 9/19/88

Date Disp. Rpt. Sent
9-30-88

Signature of Clerk    Date

DMV Use

CASE FILE

District Court
Form No. 349
Docket & Disposition Rpt.
Defendant

STATE OF VERMONT
V,

DISTRICT COURT OF VERMONT

Docket No.

| | Unit No. | Circuit | Incident Offense No |
|---|---|---|---|
| | II | Addison | 88/1581 |

**Address**
Court Street

| Scheduled Date of Appearance | DMV Use |
|---|---|
| 9/19/88 | |

**City, State, Zip Code**
Middlebury, VT

| Date of Birth | Age | Place of Birth |
|---|---|---|
| | 27 | Middlebury, VT |

| Date of Offense | Date of Arrest/Citation | Department | Operator's License No | State | [] Accident | [] Injury |
|---|---|---|---|---|---|---|
| 8/22/88 | 8/22/88 | Ploof/VPD | | | [] Property Damage | |

| Name of Offense | Count | | Title | Section | Felony | Misd | Muni | Code (VC-IC) |
|---|---|---|---|---|---|---|---|---|
| Unlawful Trespass | 1 of 1 | | 13 | V.S.A. 3705 | | X | Ord | |

## INFORMATION BY STATE'S ATTORNEY

State of Vermont      Addison      County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, William T. Keefe, Deputy

State's Attorney for said County, upon oath of office, charges.

That ███████████████ of Middlebury

at Vergennes, in this County and Territorial Unit

on the 22nd day of August, 1988,

was then and there a person who, without legal authority or the consent of the person in lawful possession, entered a place as to which notice against trespass was given by actual commenication by by a law enforcement officer acting on behalf of the person in lawful possession to-wit: entered the property of Little City Tavern after being advised to leave by Officer Donald Ploof in violation of 13 VSA § 3705(c).

Penalty: not more than 30 days or not more than $500 or both.

and against the peace and dignity of the State

Dated: 9/14/88

_Wm. T. Keefe_
State's Attorney

Deputy

This information has been presented to me and I have found probable cause, this ___ day of 9/19/88

_____
District Judge

20M R9-84      COURT

FELL-00003290

**AFFIDAVIT**

**STATE OF VERMONT**

Addison ..... County S.S.

NOW COMES ...... Donald Ploof .........................., affiant(s) being duly sworn and on oath,
(officer)

deposes and says he has probable cause to believe that ........ ███████ █████████ ..........
(defendant)

has committed the offense(s) of ............ Unlawful Trespass .............. , a violation of

........ Title 13 ................ , Vermont Statutes Annotated $ . .3705 .............................

On August 22, 1988 at approximately 2115 hours this officer was working for the Vergennes Police Department. This officer received a call from Paul Stough, the owner of the Little City Tavern, advising of a male subject who was at the time inside the tavern and would not leave. Upon arrival this officer met with Paul Stough and a male subject by the name of ███████. Stough advised ███ would not leave the bar due to a female inside and advised ███ was acting very disorderly with this same female.

This officer had a talk with ███ and advised him to leave the tavern and not to be on the front steps. He advised that he would leave. This officer left the establishment at approximately 2135 hours.

At approximately 2142 hours this officer received a call from Paul Stough advising that ███████ was back inside causing problems. This officer arrived and observed ███ out on the front steps to enter the tavern pounding on the front windows. This officer again advised ███ to leave and if he returned he would be arrested for unlawful trespassing. Again ███ advised, "OK, I'm gone". ███ then left on foot on Maple Street to where a vehicle was parked.

This officer then drove to 206 Main Street alley where I could observe the tavern's front steps. Approximately four (4) minutes passed when this officer observed ███████ go up on the tavern's front steps looking and hitting the front windows.

This officer took ███ into custody. He was issued a citation for unlawful trespassing.

Witnesses:  Paul Stough - Little City Tavern, Vergennes
            Mike LeBeau - Vergennes

Subscribed and sworn to before me on

this ____ day of _____ 19.__

_____
(Notary Public)  (Judicial Officer)

DPS 200  20M  1-76

_____
(Affiant)

_____
(date)

FELL-00003291

FELL-00003



Apt 98
Court St.
Middlebury, VT  05753

NOV 24 '88

DISTRICT COURT OF VERMONT
UNIT NO. 2 ADDISON CIRCUIT



(802) 388 · 4237

5 COURT STREET
MIDDLEBURY, VERMONT
05753

## NOTICE OF CONTEMPT HEARING     FINES PAST DUE

The following persons are NOTIFIED TO APPEAR before a Judicial Officer at
Vermont District Court, 5 Court St., Middlebury, VT on December 12, 1988, at
3:30 p.m. to show cause why he or she should not be found in contempt for
failure to pay past due fines(s), the balance of which is listed. Failure
to appear or to pay the balance due by that date will result in publication,
suspension, referral to a Collection Agency or an arrest warrant.

Dated:  November 18, 1988

_____
Clerk

| | | |
|---|---|---|
| 1. 476-7-88 Tim Alexander | $30 | |
| 771-10-88 Tim Alexander | 55 | |
| 2. 593-8-88 David Ambrose | SC | 5 |
| 3. 660-10-87 Roy Ashley, Jr. | SC | 5 |
| 4. 301-5-88 Bernard Benoit | 35 | |
| 5. 777-10-88 Michael Brennon | PD | 150 |
| 6. D134536 Patricia Burns | 62 | |
| 7. 213-4-87 Leon Charlebois | SC | 5 |
| 8. 269-4-88 Roger Clark, Jr. | 65 | |
| 9. 779-11-87 Derrick Clifford | 205 | |
| 10. 841-10-88 Barry Curavoo | PD | 150 |
| 11. 541-8-88 Leslie Delisle | 205 | |
| " " " | PD | 60 |
| 12. D164281 Mark Duchane | 200 | |
| 13. 786-10-88 Harold Fleming | PD | 50 |
| 14. C348862 David Gagnon | 20 | |
| D139463 David Gagnon | 40 | |
| 15. 285-5-87 Darrell Gevry | 80 | |
| 16. 713-9-88 Charles Gosselin | 85 | |
| 17. 684-9-88 Michael Hallock | 95 | |
| 18. D141108 Timothy Hartnett | 30 | |
| 19. 727-11-86 Daniel Haskins | SC | 5 |
| 837-12-87 Daniel Haskins | SC | 5 |
| 20. 545-8-88 Albert Hobbs | 215 | |
| 21. 504-7-88 Herrick Hurlburt, Jr | 205 | |
| 22. 794-10-88 Davas Johnson | PD | 50 |
| 23. 828-10-88 Dylan Kleinfeldt | 25 | |
| 24. 708-11-88 Mark Ladeau | SC | 5 |

| | | |
|---|---|---|
| 25. D104980 Arthur Lafountaine | $40 | |
| 26. 336-5-88 Patricia Lander | 145 | |
| 27. 551-8-88 Lorraine Loesch | 175 | |
| 28. 589-8-88 Arthur Medeiros | 105 | |
| 29. 217-4-88 Laurie Morin | 40 | |
| 30. 851-10-88 Patrick Morrison | 80 | |
| 31. 588-8-88 Todd Parker | 20 | |
| 32. 687-9-88 ██████ ████ | 80 | |
| 33. 669-9-88 Timothy Smith | 85 | |
| 34. 736-9-88 Debra Stratton | 205 | |
| 35. 770-10-88 Wayne Tracy | SC | 5 |
| 36. C305302 Mark Wedge | 65 | |
| 37. 585-8-88 Christopher Whitney | 80 | |
| 586-8-88 Christopher Whitney | 155 | |
| 38. 525-8-87 Morris Williams | SC | 5 |
| 39. 740-9-88 Ray Williams | PD | 150 |

Form No. 398
Deferred Payment Order

State of Vermont

## DEFERRED PAYMENT ORDER

### STATE OF VERMONT
vs.

| Docket No | Defendant |  |
|-----------|-----------|--|
| 67-9-85 Or | ██████ ██ | |

IT IS ORDERED that you pay the fine as follows to this court on the date indicated no later than 4:30 p.m.:

| Date | Amount of Fine Plus $5.00 Surcharge |
|------|-------------------------------------|
| 10-19-88 | 80.00 |

IT IS FURTHER ORDERED THAT IF THE FINE IS NOT PAID ON OR BEFORE THE ABOVE DATE, YOU SHALL BE ORDERED TO APPEAR IN THIS COURT AT:

| Time  1 (a.m. p.m.) | Date 10-19 88 |
|---------------------|---------------|

TO SHOW CAUSE WHY YOU SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO PAY THE FINE. IF YOU DO NOT APPEAR WHEN ORDERED, A WARRANT FOR YOUR ARREST MAY BE ISSUED.

| Date 4-19-88 | Judge  Hilton H. Dier Jr. |
|--------------|----------------------------|

I understand that if I do not pay the fine as I have agreed that a collection agency may be used to collect this fine. I also understand that my driver's license may be suspended.

I have read this order and understand it and I have received a copy.

| Date | Defen. ██████████████████ |
|------|---------------------------|

Payment Record

| Date | Amt. Paid | Balance | Date | Amt. Paid | Balance |
|------|-----------|---------|------|-----------|---------|
| 11-10-88 | 17.50 |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

FOLLOW UP:

| | | |
|--|--|--|
| / / | Presentation | / / | Arrest Warrant |
| / / | Judicial Summons | / / | Request to DMV (Form 441) |
| / / | Date to Collection Agency | / / | Suspend License |
| / / | Date of Notice from Collection Agency "Fine Paid in Full" | / / | Tax Collection |
| / / | Date Returned from Collection Agency "Fine Uncollected" | | |

R 9/81 V.C.I.                Original - Court              1st Copy - Defendant                Index Card  Tickle File

FELL-00003294

Form No. 398a
Deferred Payment Request

State of Vermont
District Court of Vermont

State of Vermont        V.
(name)                           (docket #)      (unit #)     (circuit)

_____    _____  _____  _____

(offense)                        (amount of fine & surcharge owed)   (date imposed)

_____    $ _____   _____

I am unable to pay the full amount of the fine and surcharge owed above at this time. I request an extension of time to be able to pay this fine. The following is the current information regarding my personal circumstances:

1. Date of Birth ▐███▌

2. Are you now working? _X_ Yes      I work for _____
                                               Located at _____

                                               What do you do for work? _____

                                               How much do you earn per week/hour/month?
                                               _____

                          ___No       How will you get money to pay this fine?
                                               _____

3. Name of closest living relative and telephone number ▐████████▌ (_____)

4. I live at _____
   My mailing Address is _____
   My telephone number is _____. My telephone number at work is _____
   Is there another place we may be able to reach you in case of emergency?
   (Include name, address and telephone number)

   _____

   _____

I understand that I am required to notify the court of any change of address or change in my place of work until this fine is paid in full.

I make the above statement under PENALTY OF PERJURY.

Defendant's Signature: ▐███████████▌      Date: _____

The above individual personally appeared before me and made oath to the truth of the answers in response to the questions.

                                      Notary Public _____  Date _____

| Date to CAO | Total Amount Due | Fine | Surcharge | Local Admin. Charge | If local fine, name of municipality? |
|---|---|---|---|---|---|
|  | $ |  |  |  |  |

Rev. 11/87

FELL-00003295

# STATE OF VERMONT
## ARREST / CUSTODY REPORT

CAUTION
| Y | N |
|---|---|

DATE OF FIRST CONTACT

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

AGENCY COMPLAINT NO

| | | |
|---|---|---|
| MO | DAY | YR |

ARRESTING AGENCY _____

## IDENTIFICATION:

| FIRST NAME | LAST NAME | MIDDLE NAME | | DOB | | AGE | SEX | RACE* | ETHNIC* |
|---|---|---|---|---|---|---|---|---|---|
| STREET | | PLACE OF BIRTH (CITY/STATE) | | | EMPLOYED | UNEMPLOYED | STUDENT | REFUSED TO ANSWER | |
| CITY/TOWN | | PHONE NUMBER | | | | EMPLOYER/SCHOOL | | | |
| STATE | ZIP CODE | SOC SEC NO | ID NUMBER | | | ADDRESS | | | |

| ALIAS | LAST NAME | FIRST NAME | MIDDLE NAME | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

SCARS / MARKS

MARITAL STATUS
| 1 SING | 2 MAR | 3 SEP | 4 DIV | 5 WID | 6 COHAB |
|---|---|---|---|---|---|

| HEIGHT | WEIGHT lb. |
|---|---|

HAIR COLOR
| 1 BLA | 2 BRO | 3 BLD | 4 RED | 5 GREY | 6 BALD | 7 WHI |
|---|---|---|---|---|---|---|

EYE COLOR
| 1 BRO | 2 BLU | 3 HAZ | 4 OTH | SPECIFY |
|---|---|---|---|---|

## D.M.V. INFORMATION:

D M V CASE NO _____

| OPERATOR LICENSE NO | STATE | EXPIRATION DATE | ACCIDENT | | | TEST | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | INJURY | FATAL | PROP DAMAGE | REFUSED | NO | YES | RESULT % |
| REGISTRATION NO | STATE | EXPIRATION DATE | VEHICLE MAKE | TYPE | YEAR | | | | |

## ARREST DATA:

| TIME | PLACE | GRID/COUNTY TOWN | OFFENSE GRID |
|---|---|---|---|
| | V S A | | |

| OFFENSE | TITLE | SECTION | SUB-SECTION | OFFENSE DATE |
|---|---|---|---|---|

| OFFENSE CODE | FINGERPRINTS ATTACH TO A/C 3 | PHOTOGRAPH | IMMEDIATE DISPOSITION | COMMENTS |
|---|---|---|---|---|
| | Y    N | Y    N | RELEASED TO GUARDIAN / ARRAIGNED / CITED / LODGED / BAIL | |

COMPANION CASE NO

FINGERPRINT OFFICER

| ARRESTING OFFICER SIGNATURE | ID NO. |
|---|---|

PHOTOGRAPH OFFICER

| APPROVING OFFICER SIGNATURE | ID. NO. |
|---|---|

## OFFENSE: (STATE'S ATTORNEY USE)

V S A

DOCKET #_____

COUNT: ____ OF ____

| CHARGED | TITLE | SECTION | SUB-SECTION | |
|---|---|---|---|---|
| NO PROSECUTION | DIVERSION | FORWARDED TO COURT | RETURNED | COMMENT _____ |

*RACE CODE  W-WHITE, B-BLACK, I-INDIAN  A-ASIAN, U-UNKNOWN

*ETHNIC CODE  1 HISPANIC, 2-NON HISPANIC

VT 453
7/83

A/C  5 CORRECTIONS

FELL-00003296

A.O.S CORRECTIONS



District Court
Form No. 332
Citation

STATE OF VERMONT
District Court of Vermont
CITATION

Addison

| 09 19 88 | 1:30 | B. | Addison |
| Middlebury | Addison | | the charge of |
| Unlawful Trespass | | | |

IF YOU FAIL TO APPEAR AT THE TIME AND PLACE ORDERED A WARRANT WILL BE ISSUED FOR YOUR ARREST AND YOU MAY BE SUBJECT TO ADDITIONAL CHARGES AND PENALTIES.

| 08 22 88 | Vergennes, Vt | Addison |
| | Ptr | |

I received this citation on:

| 08 22 88 | X Refused To Sign |

```
1RI-13096
.3P00 011B 12:44 26AUG88
.3P06P 003U 12:44 26AUG88
REPLY MESSAGE

VT CRIMINAL HISTORY REPLY.    REQ BY/DUGAN.    CASE#/
SUBJECT OF INQUIRY:   NAM/▮▮▮▮▮▮▮▮    DOB/▮▮▮▮▮

--DATE---.------ ---OFFENSE---- ----,-------------DISPOSITION-----------.--COURT---
)41480BAD CHECKDISMISSEDWASHINGTON
)51980UNLAWFUL TRESPASS$25.00WASH
)22282UNLAWFUL MISCHIEF$50.00WASH
)61682SIMPLE ASSAULT AMEND
DISORDERLY CONDUCT$100.00   0-30 DAYS S&PWASH
)60982SIMPLE ASSAULT ON PO40-40 DAYSWASH
)20283BURGLARY.' 6 YEARSWASH
)51283VIOLATION PROBATIONORIGINAL SENTENCEWASH
.ND
```

ANY CRIMINAL RECORD INFORMATION PROVIDED ABOVE REPRESENTS CASE DISPOSITION
DATA REPORTED BY THE COURTS INDICATED. THIS INFORMATION IS NOT SUBSTANTIATED
BY FINGERPRINT COMPARISON. ALL RESPONSES ARE BASED ON FILE SEARCH CRITERIA
PROVIDED BY THE REQUESTOR. THIS INFORMATION IS PROVIDED EXCLUSIVELY FOR THE

USE STATED IN THE REQUEST AND IS NOT TO BE USED FOR ANY OTHER PURPOSE.
AUTH: R D BOYDEN, DIR. - VT CRIMINAL INFORMATION CTR - WATERBURY, VT

FELL-00003298