# EXHIBIT 328

AFFIDAVIT                              STATE OF VERMONT

Washington          County SS

NOW COMES ................ Andrew W. Marceau ................, affiant(s), being duly sworn and on oath
                              (officer)

deposes and says he has probable cause to believe that ......... █████████████ ........................

has committed the offense(s) of ......... Driving While License Suspended ............, a violation of

............. Title 23 ..........................., Vermont Statutes Annotated § ......... 674(a) .............

On January 17, 1981, Officer Bedia and this officer were on patrol in the City of Barre.  At approximately 01:10 hours, we observed a light colored truck with no taillights by the intersection of North Main St. and Route 62.

We stopped the vehicle on the Barre-Montpelier Road by Ann's Motel.  The vehicle had Vermont Truck registration M1041.  The operator of the vehicle was found to be ██████████ DOB █████████ of Montpelier, Vermont.

A license check showed that ███████████ DOB █████████, was under suspension for failure to appear.  Mr. ████ was transported to the Barre Police Department after the vehicle he was operating was towed by Jerry's Wrecker Service.  At the police station Mr. ████ was given a citation for driving while license suspended and the owner of the vehicle was given two citations; for defective equipment and for vehicle not inspected.

Subscribed and sworn to before me on

this ...22.. day of .. Jan ..... 19..81                    Andrew W. Marceau
                                                                        (officer)
.................................................                1-22-81
(Notary Public)    (Judicial Officer)                              (date)

STATE OF VERMONT | DISTRICT COURT OF VERMONT | Docket No. 669-6-82 Wmcr

| Defendant | v. | | |
|---|---|---|---|
| Last Name ▓▓▓ | First ▓▓▓ | M.I. ▓ | Unit No. 5 | Circuit Washington |

DMV Use

| Address ▓▓▓▓▓▓ | Scheduled Date of Appearance June 21, 1982 | Incident Offense No. 82-36249 |
|---|---|---|

| City, State, Zip Code | Date of Birth ▓▓▓ | Age 20 | Place of Birth South Amboy, NJ |
| Montpelier, Vermont 05602 | | | |

| Occupation Howards Market | Operator's License No. | Soc. Sec. No. ▓▓▓ |

| Date of Offense 05-20-82 | Place of Offense Montpelier | Date of Arrest/Citation 05-20-82 | Place of Arrest/Citation Montpelier |

☐ Arrest ☒ Citation   ☐ Accident ☐ Property Damage ☒ Injury

| Arresting Officer Mark T. Moody | Department Montpelier |

| Name of Offense Simple Assault | Count 1 of 1 | Title 13 V.S.A. | Section 1023 | Felony | Misd. X | Muni. | Code (VCIC) | Ord. |

**RULE 5 HEARING**

Date of Rule 5 Hrg. 6/16/82
☒ Copy of Affidavit and Info. Provided to Defendant
☒ Probable Cause Found
☐ Continued for Plea

**ARRAIGNMENT**

Date of Arraignment 6/16/82

Defendant Waives:
☒ 24 Hour Rule
☒ Reading of Info.
☐ Right to Counsel

Defendant Pleads:
☐ Guilty
☐ Nolo Contendere
☐ Not Guilty
☐ Pro Forma Not Guilty

Defendant's Attorney:
☐ Pro Se
☐ Private
☒ Counsel Assigned
☐ Counsel Denied

Name of Judge: Connery
Name of Reporter: Longwell
Name of Defendant's Attorney:
Name of Guardian Ad Litem:

Date Failure to Appear
☐ Judicial Summons to Issue
☐ Arrest Warrant to Issue
Date J/Summons
Date A/Warrant

**BAIL**

Date Bail Set 6/16/82
☒ Personal Recognizance
☐ Appearance Bond
☐ Cash/Surety
☒ Conditions

Amount
Deposit
Date Bail Posted

Date Discovery Order 6/16/82
P/T Conference Set For
Jury Drawing Set For 7/26/82

Date Refusal Hg.

**TRIAL**

Date Jury Drawn
Date Trial Commenced
☐ Trial by Jury

Judge at Trial
Reporter at Trial
☐ Trial by Court

☐ P.O. Reason-able ☐ P.O. Not Reason-able
Date
☐ Admitted by Deft. ☐ Waived by S.A.

**DISPOSITION**

Amended to: Name of Offense DC | Title V.S.A. 13- | Section 1026(a) | Felony | Misd. X | Muni. | Code (VCIC) | Ord. |

Date 10-18-82
☐ Not Guilty
☐ Plea Nolo
☐ Dismissed by S.A.
☐ Dismissed by Court
☐ Pre Sentence Ordered
☐ Pre Sentence Waived

☐ Verdict Guilty
☐ Verdict Not Guilty
☒ Adjudication Guilty Transferred to
☐ Juvenile Court
☐ Guilty by Waiver
☐ Nolo by Waiver

☒ Plea Agreement
Other Docket No.(s):

Date
Sentencing Set for

Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty entered hereon.
JUDGE

**SENTENCE**

Date Sentence Imposed 10-18-82 | Fine $100 | Date Fine Paid in Full 11/19/82 | Date Fine Due

5/12/83 Probation violated-conviction dkt. 151-2-83 Wmcr original sentence imposed to be served concurrently with dkt. 151-2-83 Wmcr cook/tape

| TERM | MINIMUM | | | MAXIMUM | | | |
|---|---|---|---|---|---|---|---|
| | Years | Months | Days | Years | Months | Days | ☐ Suspended ☒ On Probation |
| | 0 | 0 | 0 | 0 | 0 | 30 | ☐ Deferred |
| Split, to Serve | Years | Months | Days | | | | ☐ Diversion |

☐ Concurrent, To Docket Number(s)
☐ Consecutive
Restitution/Amount ☐ $

☐ Judgment Not Guilty   Signature of Judge
☐ Judgment Guilty   Date 10-18-82

Date of Disposition 10/18/92 ☒ Mittimus Date | ☒ Probation Warrant 10/18/82 | Disp. Report Sent Date 10/21/82 | Date of Appeal | Probation Discharge Date 9/17/84   Notified 11/10/82

D.M.V. Use
15M 6/81

Amended 5/13/83   Signature of Clerk Joanne B. Goodnow   Date 10/18/82

District Court
Form No. 68
Citation

STATE OF VERMONT
District Court of Vermont
CITATION

County
Washington

TO: ███████████████████

Montpelier, VT

BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby ordered to appear before a Judicial Officer at the District Court of Vermont, at the following time and place:

| Date | Time | Unit | Circuit |
|---|---|---|---|
| June 21, 1982 | 8:00 A.M. | 5 | Washington |

| Town/City | County | |
|---|---|---|
| Barre | Washington | to answer to the charge of |

| Offense |
|---|
| Simple Assault    Title 13, V.S.A. 1023 |

An information charging you with this offense will be presented at the time of your appearance.

IF YOU DO NOT APPEAR AT THE TIME AND PLACE ORDERED, A WARRANT WILL BE ISSUED FOR YOUR ARREST AND YOU MAY BE SUBJECT TO ADDITIONAL CHARGES AND PENALTIES.

| Date Issued: | Town/City | County |
|---|---|---|
| 05-20-82 | Montpelier | Washington |

| Signature - Issuing Officer | Title |
|---|---|
| Mark C. Moody | Patrolman |

I received this Citation on:
20M 9/81 VT I.I.

| Date | Signed |
|---|---|
| 05-20-82 | X ████████████ |

White - Court's Copy          Yellow - Officer's Copy          Pink - Defendant's Copy

**AFFIDAVIT**

STATE OF VERMONT

WASHINGTON COUNTY S.S.

NOW COMES ___Mark L. Moody___, affiant(s), being duly sworn on oath
　　　　(Officer)

deposes and says he has probable cause to believe that ___████████___

has committed the offense(s) of ___Simple Assault___

a violation of ___Title 13___, Vermont Statutes Annotated §§ ___1023___.

On Thursday, May 20, 1982 at 0143 hours I was on Main Street in Montpelier, Vermont near the Mall Drugs Store. I was talking with a number of individuals when I heard an argument at the rear of the crowd of people present.

I noticed ████████, date of birth ██████ of Montpelier, Vermont, was in the crowd and heard him hollering, "Just get away from me."

I lost sight of ███ and then I saw an individual, known to me as Gary Sweetser, fall to the sidewalk.

I checked Sweetser's pulse as he seemed to be unconscious. Sweetser's pulse was strong and regular. There was blood coming from Sweetser's mouth and he did not answer me when I talked to him.

I then requested the Montpelier Ambulance Service via the Montpelier Police dispatcher. The ambulance service responded and transported Sweetser to the Central Vermont Hospital.

I asked the individuals in the crowd what had happened and they said they didn't want to get involved.

███ then stated, "He wouldn't leave us alone."

I again asked if anyone had seen what happened. Spontaneously, Ryan stated, "I punched him."

I then arrested ███ for Simple Assault and transported him to the Montpelier Police Department for processing.

Pursuant to Miranda and waiver of his rights, ████ said Sweetser had interfered with ████ and his girlfriend during a personal talk. In a written statement, ███ stated, "...I got angry and said leave us alone its personal and doesn't concern you he still wouldn't leave so out of reflex I punched him in the Jaw!!"

████ was released on a Citation to appear in Court on June 21, 1982 to answer to the charge of Simple Assault.

Subscribed and sworn to before me on

This 13th day of June 19 82

_Deborah H. Moon_
(Notary Public)(Judicial Officer)

_Mark L. Moody_
(Affiant)
06-13-82
(Date)

MLM/dlm

FELL-00003302

District Court
Form No. 20

# INFORMATION BY STATE'S ATTORNEY

STATE OF VERMONT,                                           DISTRICT COURT OF VERMONT

COUNTY, ss.                    5    UNIT          Washington          CIRCUIT

BY THE AUTHORITY OF THE STATE OF VERMONT,    Gregory McNaughton

State's Attorney for said County, upon his        oath of office, charges:

That ██████████████████

of      Montpelier              in the County of   Washington

at      Montpelier              in the County of   WAshington                    and in said Territorial Unit

on the      20    day of    May          , 19 82

did then and there knowingly and unlawfully cause bodily
injury to another, to wit, Gary Sweetser, by hitting him
in the jaw, all in violation of Title 13, VSA ████ 1023(a)(1)
NMT 1 year or NMT $1000.00

That did create a risk of public inconvenience
By engaging in fighting behavior

T 13 Sec 1026(1)

MLM/es

and against the peace and dignity of the State.

Dated:  June 10, 1982                    _____
                                                     State's Attorney

This information has been presented to me and I have found probable cause, this 6/16/82 day of

                                          _____
                                                     District Judge

R 20M 12/80 Tri/Set VT I.L.
        1st copy - Court's                2nd copy - State's Attorney            3rd copy - Defendant's

FELL-00003303

CASE # 82-16249

## BAIL STATEMENT

NAME _____
      LAST              FIRST              MIDDLE

ALLIASES_____

D.O.B. _____     P.O.B. South Amboy, NJ

PRESENT ADDRESS_____ Montpelier, Vermont
               STREET        CITY           STATE

HOW LONG HAVE YOU LIVED AT PRESENT ADDRESS?_____

PREVIOUS ADDRESS_____
               STREET        CITY           STATE

HOW LONG DID YOU LIVE AT YOUR PREVIOUS ADDRESS?_____

OCCUPATION_____ HOW LONG EMPLOYED_____

EMPLOYERS NAME  Howard's Market_____

EMPLOYERS ADDRESS_____ S. Barre, Vermont_____
               STREET          CITY         STATE

PARENTS

FATHER_____

MOTHER_____

OFFENSE: Simple Assault   Title 13, V.S.A. 1023_____

LIST PREVIOUS ARREST(S): (USE REVERSE SIDE IF NEEDED.)

MOTOR VEHICLE RECORD:

| 9-23-77 ESL | 9-30-77 ESL | $28.00 | | | Washington Dist. |
| 11-02-77 ESL | 11-21-77 ESL | $40.00 | | | Washington Dist. |
| 12-19-77 VO | 01-25-78 VO | $46.00 | | | Washington Dst. |
| 04-23-78 VO | 06-01-78 VO | $50.00 | | | Washington DIst. |
| 01-17-81 DLS | 02-17-81 DLS | $75.00 | | | Washington Dist. |
| 06-06-79 VNI | 03-27-81 VNI | $35.00 | | | Washington Dist. |
| 07-19-79 ESL | 07-10-81 ESL | $35.00 | | | Windsor Circ. |
| | 11-21-77 ESL | 10D | 01-04-78-01-14-78 | R | Washington Circ. |
| | 01-25-78 VO | 15D | 02-28-78-03-15-78 | R | Washington Circ. |
| | 06-01-78 VO | 20D | 07-04-78-07-24-78 | R | Washington Circ. |
| | 11-24-78 VO | 30D | 12-27-78-01-26-79 | R | Washington Circ. |
| | 05-28-79 FA | INDF | 07-21-79-08-04-81 | R | Washington Circ. |
| | 11-24-78 ESL | 25D | 12-27-78-01-26-79 | R | Washington Circ. |
| | 05-21-79 FA | INDF | 08-07-79-08-04-81 | R | WAshington Circ. |
| | 06-25-79 FA | INDF | 08-14-79-08-04-81 | R | Washington Circ. |
| | 08-14-79 FA | INDF | 10-18-79-08-04-81 | R | Windsor Circ. |
| | 12-17-79 FA | INDF | 01-24-80-08-04-81 | R | Washington Circ. |
| | 02-17-81 PTS | 30D | 03-14-81-08-04-81 | R | Washington Circ |
| | 06-23-81 HO | 2YR | 06-26-81-08-04-81 | R | |
| | 06-25-81 HO | 2YR | 07-17-61-08-04-81 | R | |

OVER

FELL-00003304

**STATE OF VERMONT**
**DISTRICT COURT OF VERMONT**

STATE OF VERMONT                    **NOTICE OF PLEA AGREEMENT**
v.

| Defendant | Unit V | Circuit WASHINGTON | Docket No. 151-2-89 |
|---|---|---|---|

The State of Vermont and the defendant above-named enter into the following agreement:

☒ The defendant pleads    ☒ guilty    to the original charge(s) of:
                          ☐ nolo

BURGLARY

☐ The defendant pleads    ☐ guilty    to the amended charge(s) of:
                          ☐ nolo

☐ The State agrees to dismiss the charge(s) of:

POOR COPY
RECEIVED FOR
MICROFILMING

☐ The State agrees to dismiss the charge(s) of:

☒ The State agrees not to bring further charges known to the State at this time.

☒ The State has agreed to recommend a sentence of: _Two years to Six years. A violation of probation on a disorderly conduct to be served concurrently._

☐ There is no agreement as to recommended sentence.

☒ The defendant    ☒ is      on probation for prior offenses.
                   ☐ is not

☐ The defendant understands that the Court shall not defer decision and shall not be bound by the plea agreement under Rule 11(e)(4), and the defendant will not later be allowed to withdraw his/her plea.

☐ This is a binding Rule 11 plea agreement.

☒ Other: _The defendant reserves the right to argue for a lesser sentence. The defendant agrees to make restitution on this offense and three other offenses known to the state at this time, which the state may address or amend._

| Date Filed: 4/14/83 | Signature Clerk/Judge | Defendant | Date |
|---|---|---|---|
| Presiding Judge (signature) | | Attorney for Defendant (signature) | Date 4/14/83 |
| | | Attorney for State (signature) | Date 4/14/83 |

3M 10/81 Quad/Set

1st Copy - Court          2nd Copy - Defendant          3rd Copy - State's Attorney          4d Copy - Defense Attorney

FELL-00003305

District Court
Form No. 57

**STATE OF VERMONT**
**CONDITIONS OF RELEASE ORDER**

Docket Number

| Defendant | Unit | Circuit | Offense |
|---|---|---|---|
| [redacted] | 5 | Washington | Simple Assault |

The Court has determined that future appearance(s) of the defendant will not be reasonably assured by his/her release on personal recognizance or execution of an unsecured appearance bond alone; and that the release of the defendant will constitute a danger to the public. It is therefore ordered that the defendant be released upon the following marked conditions:

1. [X] THE DEFENDANT SHALL PERSONALLY APPEAR IN COURT AS REQUIRED BY NOTICE TO THE DEFENDANT OR DEFENDANT'S ATTORNEY, OR BE IN VIOLATION OF THIS ORDER.

2. [X] Defendant shall let his/her attorney or the court clerk know where s/he is at all times, and a telephone number and address where s/he may be reached.

3. [X] Defendant shall not be charged with, and have probable cause found for, a felony, a crime against a person, or an offense like the offense s/he is now charged with.

4. [ ] Defendant is released into the custody of _____

5. [X] Defendant shall report to _Montpelier P D   3 times a Week_

6. [ ] Defendant shall reside in _____ County and shall not travel outside of that County without written permission from this Court.

7. [ ] Defendant shall not operate a motor vehicle unless legally authorized to do so.

8. [ ] Defendant shall execute an appearance bond in the amount of $ _____ , and deposit 10% of this amount in cash.

9. [ ] Defendant shall execute a bail bond with sufficient sureties, or deposit cash in the amount of $ _____

10. [X] Defendant shall observe the following curfew conditions: _9:00 PM to 6:00 AM_

11. [X] Defendant shall not purchase, possess, or consume any alcoholic beverages.
12. [ ] Defendant shall not purchase, possess, or use any firearms.

13. [ ] Defendant shall not associate with _Gary Sneelson_  not personally

14. [X] contact, harass, or cause to be harassed _Gary Sneelson_
The following additional conditions are imposed on the defendant:

_See Bail conditions on JBA 699-6-82_

15. Not enter any public establishments where alcohol is served, including restaurants
16. Defendant shall take antabuse daily in presence of Lucille Tatro.
17. Defendant shall attend alcohol counseling.
18. Defendant shall not operate a motor vehicle.
19. Defendant shall not associate with any person, other than for a brief exchange, except he may associate with Marlene Walbridge.

(Please see additional information on the back)

| Date | Presiding Judge |
|---|---|
| 6/16/82 | John P. Connorn |

I have received a copy of this order. I have read it. I understand it.

| Date | Defendant |
|---|---|
| 6/16/82 | [redacted] |

5M 02/82 Quin Set 25 per pad VT I.I.
1st Copy - Court      2nd Copy - Defendant      3rd Copy - State's Attorney      4th Copy - Arresting Dept.      5th Copy - Other

FELL-00003306

District Court
Form Bot 15
Deferred Payment Order

**STATE OF VERMONT**
**District Court of Vermont**

**STATE OF VERMONT**
**V.**

*Wmer*

| | Docket No. | Unit No. | Circuit |
|---|---|---|---|
| ██████████████████████ | 609-6-82 | 5 | Wbshs |

## DEFERRED PAYMENT ORDER

You were fined today the total amount of $ | Amount of Fine | 100.00 | in the above entitled case.

It is ORDERED that you shall pay the Fine to this Court no later than 4:30 p.m. on

Date Fine Due: 11/19/82

It is further ORDERED that if the fine is not paid on or before that date, you shall appear in this Court at

Time: 10:30 AM   Appearance Date: 11/22/82   to show cause why you should not be held in contempt for failure to pay the fine.

Date: 10/18/82

Signature/Judge: _____

I have read this order and understand it, and I have received a copy of it.

Date: 10/18/82

Defendant: ██████████████████

10/21/82  $25. cash pd.
10/29/82  $25. Cash pd.
11/15/82  25   "   "
11/18/82  25.  "   "

R 8/80 5M Sets of 25 per pad VT I.I.
Distribution:         1st Copy - Case File         2nd Copy - Defendant         Card - Deferred Payment File

FELL-00003307



FELL-00003308



**FILED**

NOV 10 1982

DISTRICT COURT OF VERMONT
UNIT #5, WASHINGTON CIRCUIT

**DEPARTMENT OF CORRECTIONS**
103 SOUTH MAIN STREET
WATERBURY, VERMONT 05676

DISTRICT OFFICE

255 North Main Street
Barre, Vermont 05641
November 9, 1982

Vermont District Court
Washington Circuit, Unit #5
Barre, Vermont 05641

Re: ████████
Dkt. #669-6-82 WnCr

Dear Judge:

I would request Condition #16 be amended to read as follows:

'You shall make restitution in the amount of $233.35 for the
use and benefit of Gary Sweetser for hospital bills through
the Department of Corrections, Division of Probation and Parole."

Sincerely,

Richard J. Shaw
Probation & Parole Officer

RJS/g
Attach.

FELL-00003309

District Court
Form No. 9
Mittimus - Revocation
Probation

**STATE OF VERMONT**

**District Court of Vermont**

**MITTIMUS TO COMMISSIONER OF CORRECTIONS**

(Probation Revocation)

STATE OF VERMONT

v.

| Defendant | Unit | Circuit | Count No. | Docket No. |
|---|---|---|---|---|
| ▮▮▮▮▮▮▮▮ | 5 | Washington | | 669-6-82 Wncr |

**TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF VERMONT**

The Defendant named above was convicted and sentenced as follows:

| Date of Sentence | Crime |
|---|---|
| October 18, 1982 | Disorderly Conduct |

| TERM | Minimum | | | Maximum | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Years | Months | Days | Years | Months | Days | | Years | Months | Days |
| | 0 | 0 | 0 | 0 | 0 | 30 | all suspended but | | | |

and ordered to pay a fine of $100.00

| | Count No. | Docket No. |
|---|---|---|
| ☐ concurrent with | | |
| ☐ consecutive to | | |

to commence forthwith _____

_____

_____

| Date | |
|---|---|
| | |

with credit for time spent in custody from _____ prior to sentencing.

The execution of the sentence was suspended and the respondent was placed on probation.

On [Date: May 12, 1983], this Court revoked probation and required that the defendant serve the sentence which was suspended as follows:  not less than zero days nor more than 30 days to be served concurrently

with sentence in docket no. 151-2-83 Wncr

You are ordered to commit the above-named defendant to the Commissioner of Corrections or his authorized representative who is ordered to receive the defendant in accordance with the sentence.

| Correctional Facility | |
|---|---|
| The Court recommends commitment to | |

**FILED**

MAY 18 1983

DISTRICT COURT OF VERMONT
UNIT #5, WASHINGTON CIRCUIT

| Court's Comments | |
|---|---|
| | |

| Date | Name of Sentencing Judge | Signature Judge/Clerk |
|---|---|---|
| 5/12/83 | Alan W. Cook | *[signature]* |

**OFFICER'S RETURN**

By authority of this mittimus, I committed the above-named defendant to the

| Location - Correctional Facility | Date | Time | AM PM |
|---|---|---|---|
| | | | |

and left with the Supervising Officer of the facility a copy of this Mittimus with my return.

| | Officer's Signature | Title |
|---|---|---|
| 2M R12/81 Quin Set 25 per pad VT LI | | |

Distribution:   White - Court;   Green - Corr. Ctr. (Central Off.);   Yellow - Corr. Ctr. File;   Pink - Officer   Goldenrod - Case File

FELL-00003310

STATE OF VERMONT

District Court of Vermont

MITTIMUS TO COMMISSIONER OF CORRECTIONS

(Probation Revocation)

STATE OF VERMONT

v.

| Defendant | Unit | Circuit | Count No. | Docket No. |
|---|---|---|---|---|
| ███████ | 5 | Washington | | 669-8-82 Wncr |

**TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF VERMONT**
The Defendant named above was convicted and sentenced as follows:

| Date of Sentence | Crime |
|---|---|
| October 18, 1982 | Disorderly Conduct |

| | Minimum | | | Maximum | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Years | Months | Days | Years | Months | Days | | Years | Months | Days |
| | 0 | 0 | 0 | 0 | 0 | 30 | all suspended but | | | |

and ordered to pay a fine of $100.00

☐ concurrent with
☐ consecutive to

| Count No. | Docket No. |
|---|---|
| | |

to commence forthwith _____

with credit for time spent in custody from [ Date _____ ] prior to sentencing.

The execution of the sentence was suspended and the respondent was placed on probation.

On [ Date **May 12, 1983** ], this Court revoked probation and required that the defendant serve the sentence which was suspended as follows: **not less than zero days nor more than 30 days to be served concurrently**

**with sentence in docket no. 151-2-83 Wncr**

You are ordered to commit the above-named defendant to the Commissioner of Corrections or his authorized representative who is ordered to receive the defendant in accordance with the sentence.

| Correctional Facility |
|---|
| |

The Court recommends commitment to

| Court's Comments |
|---|
| |

| Date | Name of Sentencing Judge | Signature - Judge/Clerk |
|---|---|---|
| 5/12/83 | Alan W. Cook | _(signature)_ |

**OFFICER'S RETURN**

By authority of this mittimus, I committed the above-named defendant to the

| Location - Correctional Facility | Date | Time | AM / PM |
|---|---|---|---|
| | | | |

and left with the Supervising Officer of the facility a copy of this Mittimus with my return.

| | Officer's Signature | Title |
|---|---|---|
| | | |

2M R12/81 Quin Set 25 per pad VT 1.1

Distributions:    White - Court;    Green - Corr. Ctr. (Central Off.);    Yellow - Corr. Ctr. (File);    Pink - Officer    Goldenrod - Case File

FELL-00003311

DISTRICT COURT OF VERMONT
WASHINGTON____ CIRCUIT, UNIT # 5___

STATE OF VERMONT
VS

DOCKET #  660-6-82 WnCr_____

MODIFIED PROBATION ORDER

The above named subject was placed on probation under the above Docket # on the  18th
day of ____October____, 19 82___. The following probation term/terms in such case is/are hereby
revoked/amended as follows:

CONDITION #16:   You shall make restitution in the amount of $233.35 for the
use and benefit of Gary Sweetser for hospital bills though
the Department of Corrections, Division of Probation and Parole.

Dated at __Barre_____, Vermont, this 10th day of ___Nov.___, 19 82

_____
Judicial Officer

District Court
Form No. 41
Probation Warrant

**STATE OF VERMONT**
**District Court of Vermont**

State   V.

**PROBATION WARRANT**

| Defendant | | Unit | Circuit | | Count No. | Docket No. |
|---|---|---|---|---|---|---|
| | | 5 | Washington | | 1 of 1 | 660-6-82WaCr. |

TO THE COMMISSIONER OF CORRECTIONS:  The above-named defendant was convicted and sentenced as follows:

| Date of Sentence | Offense | | Fine |
|---|---|---|---|
| 10/18/82 | Disorderly Conduct | | $ 100.00 |

| | MINIMUM | | | MAXIMUM | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Years | Months | Days | Years | Months | Days | ☐ concurrent with | | Count No. | Docket No. | |
| TERM | 0 | 0 | 0 | 0 | 0 | 30 | ☐ consecutive to | | | | |

| | Years | Months | Days | | | |
|---|---|---|---|---|---|---|
| all suspended, but | | | | with credit for time spent in custody from | Date | prior to sentencing. |

The execution of the sentence was/will be suspended and the defendant was/will be placed on probation in the care and custody of the Commissioner of Corrections until further order of the Court under conditions 1-9 printed on the reverse side of this warrant and under the following additional conditions:

10.   A. ☐ You shall not purchase or drink any alcoholic beverages and not have any in your possession.
      B. ☐ You shall not use alcoholic beverages to the extent it interferes with your employment or the welfare of your family, yourself, or any other person.
      C. ☐ You shall attend and participate in the next available session of the Crash program at your own expense and complete it to the satisfaction of your probation officer.
      D. ☐ You shall attend and participate in alcohol screening, counselling, treatment and rehabilitation as directed by your probation officer and complete the same to the full satisfaction of your probation officer.
      E. ☐ You shall allow the alcohol services program to disclose to the probation officer and to the court information about your attendance and participation in the program.
11.   ☐ You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician.
12.   ☐ You shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in possession of a valid Vermont operator's license.
13.   ☐ Interrupted Sentence:  You shall report to the correctional facility for the number of days as required on your mittimus, as directed by your probation officer.  You shall report on time, and you shall not be under the influence of intoxicating beverages and/or drugs when you report to the correctional facility.  You shall follow the rules and regulations of the correctional facility.
14.   ☐ You shall actively participate in mental health counseling to the satisfaction of your probation officer.
15.   ☐ You shall complete payment of your fine of $ _____ to your probation officer by _____.
16.   ☐ Restitution shall be made as follows: *[handwritten]*
17.   ☐ You shall accept a job through the RETURN-IT Program, or any job deemed appropriate by your probation officer, to pay for Condition # _____ of this Probation Warrant as follows:

18.   *[handwritten]*

| Name - Sentencing Judge | Signature, Judge | Date |
|---|---|---|
| George F. Ellison | *[signature]* | |

I have read and understand these conditions and I agree to fulfill them.  I realize that in consideration for this agreement the Court has placed me on probation to give me an opportunity to lead an orderly life without confinement.  I also understand that if I violate any of these conditions, I may be brought before the Court to be further dealt with according with law.

| Probation Officer | Date | Def | Date |
|---|---|---|---|
| *[signature]* | 10/18/8_ | | 10/18/8_ |

R 5M 2/82 Quad/Set 25 per pad VT I.I.

FELL-00003313

District Court
Form No. 63

## DISTRICT COURT OF VERMONT

### UNIT NO..2.....WASHINGTON.............CIRCUIT

STATE OF VERMONT

v.

▮▮▮▮▮▮▮▮▮

.........................
Respondent

Docket No...669-6-83 Wncr....

DOB:......▮▮▮▮▮..........

## PETITION FOR DISCHARGE FROM PROBATION

NOW INTO COURT comes the Commissioner of Corrections, and petitions the Court as follows:

I

On .....OCTOBER 18, 1982.....the above subject was convicted of .....................
.....DISORDERLY CONDUCT.............................................and this Court placed the
above named respondent on probation in the care and custody of the Commissioner of Corrections, all as
will more fully appear on the Probation Warrant attached to and made a part hereof.

II

The respondent has (satisfactorily) / (unsatisfactorily) complied with the conditions of his probation and
his probation officer recommends his discharge. The officer's report and recommendation are attached hereto
and made a part hereof.

Petitioner further represents to the Court that termination of probation in this case is warranted.

WHEREOF Petitioner respectfully requests that the respondent be discharged from further probation in
the above captioned case.

Commissioner of Corrections

Dated:.....SEPTEMBER 13, 1984..........    By:.......................................
                                              DISTRICT MANAGER

## ORDER OF DISCHARGE FROM PROBATION

Upon consideration of the above Petition and attached recommendation, it is hereby ordered that the
respondent is hereby discharged from probation and is relieved of any obligation imposed by order of this
Court in the above captioned case.

BARRE, VERMONT
Dated at .................................................................on..9/97/84......

Judge

Distribution: Court
             Adult Field Services Office
             Department of Public Safety
             Central Office

FELL-00003314



FILED
SEP 17 1984

**DEPARTMENT OF CORRECTIONS**
103 SOUTH MAIN STREET
WATERBURY, VERMONT 05676

**DISTRICT OFFICE**

255 North Main Street
Barre, Vermont 05641
September 13, 1984

Vermont District Court
Washington Circuit, Unit #2
255 North Main Street
Barre, Vermont 05641

Re: ▓▓▓▓▓▓▓▓
Dkt. #669-6-82 Wncr

Dear Judge:

On October 18, 1982 ▓▓▓▓▓▓▓ was convicted of Disorderly
Conduct ammended from Simple Assault. He received a 0-30 day
suspended sentence and a $100.00 fine. He was also ordered to
make restitution in the amount of $233.35. Mr. ▓▓▓ is currently
on a deferred sentence for Aggravated Assault and on parole for
Burglary. The Honorable Judge George Ellison ordered that the above
case be discharged once the restitution was paid.

Mr. ▓▓▓ has recently been released from jail and lives in Burlington,
Vermont. The restitution on the Disorderly Conduct has been paid in
full, as has the fine. I therefore recommend that Mr. ▓▓▓ be discharged
satisfactorily from probation on Dkt. #669-6-82 Wncr at this time.

Respectfully,

Stephen J. Lickwar
Probation & Parole Officer

SJL/kd

FELL-00003315

Docket No. 18-1-93 Wncr      State vs. [REDACTED]      18-1-93 Wncr

Vermont District Court
Unit 3, Washington Circuit

Prosecutor:    Robert C. Manley      Defendant: [REDACTED]
                                     DOB:
Motions pdg:                         POB:            So. Amboy, N.J.
Bail set:                            Atty:           David F. Kidney PD
Incarcerated:  Rutland CCC           Aliases:
Case Status:                         Address:        Box 1052
    Disposed                                         Montpelier VT 05602
Next Hearing:

| Dept | Docket No. | Ct. | Offense | Statute | F/M/O |
|------|-----------|-----|---------|---------|-------|
| 1 | 18-1-93 Wncr | 1 | DWI #3 | 23  1201 (A)(2) | fel |
| | | | | 03/23/93  Plea guilty | |

01/05/93   Information and Affidavit filed on 1 dispute. Custody status:
           released.
           Dispute 1 is Docket No. 18-1-93 Wncr Count #1, DWI #3, Felony, 23
           V.S.A. Sec. 1201 (A)(2). Alleged offense date: 11/11/92.
           Arrest/citation date: 11/15/92 by Berlin Police Department.
           Calendar Call set for 01/26/93 at 08:30 AM.
           Arraignment set for 01/11/93 at 01:00 PM.
01/07/93   Probable Cause found by Judge Dean Pineles on dispute 1.
01/11/93   Arraignment held. DP/TAPE.
           Copy of Affidavit and Information given to defendant. 24 hour rule
           waived.
           Reading of Information waived. Defendant pleads not guilty on
           dispute 1. Pre-trial discovery order issued.
           Defendant released on conditions on dispute 1 per Dean Pineles.
           Conditions 1-3,5,7,11-12,17 imposed; No.5: to report to Barre City
           Police Dept. Every Friday; You shall submit to an alco-sensor test by
           any law enforcement officer who has reason to believe that you have
           consumed alcohol. You shall not be in establishments whose primary
           business is serving alcohol.
           Note: Per Sandy Parits, deft. surrenders conditions.
           Attorney assigned: David F. Kidney PD.
01/21/93   Note: State's submission of copies of certified records of prior DWI
           convictions filed.
01/26/93   Calendar Call held. DP/TAPE.
           Note: Def incarcerated on Addison Cty SA case; 11-12 mo (release
           August).
           Jury Drawing set for 03/23/93 at 08:30 AM.
           Entry Order: If No to strike enhanced penalty, set 3/5/93 at 9:00 AM.
           Deft. Serving 11-12 months on Addison case. Release date August.
           Court indicates 6 mos. To 3 yrs time to serve concurrent.
           Transcripts of priors ordered. Jury Draw 3/23/93. Mo. To strike
           3/5/93.
02/08/93   Note: Supp. Filing of Cert. Copies Re: Prior Record.
03/01/93   Status Conference set for 03/05/93 at 09:00 AM. AT CALENDAR CALL
           1/26/93 MOTION TO STRIKE ENHANCED PENALTY WAS SCHEDULED TO BE HEARD
           3/5/93 AT 9:00. AS NO MOTION HAS BEEN FILED, CASE HAS BEEN SCHEDULED
           FOR STATUS CONFERENCE.
03/05/93   Status Conference held. DP/TAPE.
           Entry Order: Ct. Indicated 1-2 yrs. Amb 6 months concurrent. Deft.
           Serving sentence now. Minimum release date is 8/93. Deft. Wants to
           take depo of other officer. Jury draw 3/23/93.
03/23/93   Jury Drawing held. DP/TAPE.
           Defendant pleads guilty on dispute 1. Judge Dean Pineles accepts

FELL-00003316

plea, finding it to be voluntary and made with knowledge and understanding of the consequences and after a knowing waiver of constitutional rights.  Plea found to have a factual basis.
Adjudication of guilty adopted.
Sentence on dispute 1: to serve 1 year to 2 years all suspended except 6 months and defendant placed on probation under standard conditions and special conditions 1,3-4,6,14-15.  No.6: to pay fine of $640.00.  No. 14: You shall not enter any establishment that serve alcohol beverage. No. 15: You shall abide by curfew as deemed appropriate by probation officer.Probation warrant issued.
  to start on 03/23/03.  Credit for time served credit for 72 days.
Sentencing Mittimus to Commissioner of Corrections issued.
Concurrent to Addison case.  $10.00 surcharge assessed. $30.00 DNA
Test surcharge assessed.
.
Judgment of Guilty entered by Judge Dean Pineles on dispute 1.  Case
Closed.

FELL-00003317



FELL-00003318

**AFFIDAVIT**

PAGE 1 OF 7                                                    STATE OF VERMONT
Incident Number: 1203-92-1115                                  Washington County, S.S.

Now comes Officer Kevin P. Galway, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe that ▮▮▮▮▮▮▮▮ has committed the following offense of Driving While Intoxicated, a violation of Title 23, Vermont Statutes Annotated 1205

1.  I am a law enforcement officer certified by the Vermont Justice Training Council to operate the crimper/Datamaster breath testing device.

2.  On November 11, 1992 at 1730 hrs  I observed the defendant in actual physical control of a 1989 Chevrolet Red Cavalier on the Dog River Road a public highway in the Town of Berlin, Washington County.  DEFENDANT WAS SITTING BEHIND STEERING WHEEL WITH  KEYS IN IGNITION.

Although I did not observe operation in this case, I was able to determine time of operation was shortly before my arrival at the location from the following information provided me by the following witness.  A passenger who was sitting in the vehicle, Robert Molander, dob.  11/04/60  refused to give me a written statement, however, he did advise me that it was ▮▮▮▮who had been operating the vehicle.  Molander went on to advise he and ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a short time before my arrival.  Mr. Molander agreed to a Alco-Sensor Test.  ( 0008 ) BAC. He was then given a ride home by a member of the Montpelier Police Department.

4 I made the following observations of the defendant at roadside which resulted in me processing him/her for DWI( e.g., at stop, dexterity test performance, Alco-Sensor result, statements)

On November 11, 1992 I was on duty and working for the Town of Berlin Police Department in the Town of Berlin

At approximately 1730 hrs  I was travelling East on the Dog River Road Town of Berlin, when I noticed a car parked in a isolated rest  area just past the Montpelier Sewage Treatment Plant.  It was dark, but I could see i that the side windows had fogged over when me headlights hit them.  I continued on a short distance and turned around at the next available location  It was my intention to check on the well being of the occupants so I returned to where  the vehicle was parked  I drove up behind the car and noted the registration as being Vt. AAB149.

Subscribed and sworn to before me on this
12th day of December  1992

_____
(Notary Public)

_____ (AFFIANT)

December 12, 1992

FELL-00003319

Page ___ of ___
INCIDENT NUMBER 1203-92-

I approached the vehicle on the drivers side and asked the operator if everything was all right. He replied YES. I advised him there was nothing wrong, that I was just checking on their well-being. The operator advised me everything was all right that he and his friend were just visiting and would be leaving soon.

As I was having conversation with the subject I noticed his speech appeared slurred and there was a moderate odor of an alcoholic beverage coming from inside the car. I could see the passenger was holding a bottle of Budwiser in his hand, so I asked the operator if he had been drinking and he said, NO. My eye then caught sight of another bottle of Budwiser wedged down between the drivers seat and the console. I could see it was open and it was about half full. I confronted the operator by asking him if his passenger was drinking both beers. I advised the operator I could smell alcohol on his breath and I could also see his eyes appeared watery. With some reluctance the subject admitted the bottle of beer was his. I then asked him how much he had to drink that day. He replied a beers. I asked him when he started drinking and he said he could not remember the exact time but it was sometime in the afternoon.

At this point I asked the operator for his drivers license, registration, and proof of insurance. As the operator looked through his wallet, I noticed him pass by his license several times and not take it out. He gave me his registration and insurance information and advised me he did not have a drivers license. I saw the license once again as he thumbed through the papers, and then told the operator to give it to me, which he did. I then returned to my cruiser and did a motor vehicle check on the operator, ███████████ dob ████ Vt. pid # 40474749 Investigation revealed Mr. ███████ operators license was under suspension. I asked the dispatch what he was under suspension for. She said she was not sure because of a new coding, however, she went on to advise me she thought it was a drug violation. I returned to the vehicle and asked Mr. ███ if he was aware he was operating his car with his license under suspension, he replied YES. I then asked him (███) if he knew the reason for the suspension and he said he was not going

Subscribed and sworn to before me on this ___ day of December 1992

_(signature)_
(AFFIANT)

_(signature)_
(Notary Public)

December 18, 1992
(Date)

FELL-00003320

Page __3__ of ____
INCIDENT NUMBER 1203-92-

to answer that question.

It should be noted, I was advised by dispatch when I arrived at the P.D. that ▉ was under suspension for D.W.I.

At this point I asked Mr. ▉ if he would give me an Alco-Sensor test so I could evaluate his motor skills. Mr. ▉ refused to take the test then told me he was not going to answer any more questions until he spoke with an attorney. ▉ was then placed in handcuffs and transported to the Berlin Police Department where he was processed for D.W.I. and D.L.S.

Upon arrival at the P.D. ▉ requested I contact his attorney who lived in the Middlebury area. I advised ▉ I was not authorized to make long distance calls for defendants, but I would contact the public defender's office for him. ▉ agreed and at approximately 1820 hrs. the first attempt was made. I listened to a recording which told me to give my name, and phone number, and somebody would return my call. I waited for almost 20 minutes and received no response when I decided to call Att. Richard Rubin who I knew worked for the Public Defenders Office in Berre. At approximately 1840 hrs. I spoke with Mr. Rubin and he agreed to talk with ▉

Following ▉ telephone conversation with Att. Rubin, which he had in private, he subsequently agreed to take the dexterity tests however refused to provide me with a sample of his breath.

Before giving ▉ the dexterity tests, I asked him if he was taking any medication for any reason or if he had any problems with his hips, legs or feet. The defendant answered NO. I asked him if he was being treated by a doctor for any reason ▉ answered NO.

The following tests were explained and demonstrated by this officer:

#1. ONE LEG STAND. Stand with your heels together and your arms at your side.

Subscribed and sworn to before me on this ▉ day of _December_ 1992

_____
(Notary Public)

_____
(AFFIANT)

_____
(Date)

Page 5 of 7
INCIDENT NUMBER 1203-92-

understood, subject answered ___YES___

Defendant passed this test.

#4. 9-13 THUMB TO FINGER COUNT: Subject was instructed to stand straight with heels touching, hands down at side and to maintain position during instructions. He was asked if he understood and subject answered _YES_ He was then asked to count from nine to thirteen using thumb to fingers and back from thirteen to nine in like manner (demonstrated). Asked if he understood, subject answered _YES_ Subject was instructed not to begin test until told to do so.

Failed for the following reasons:
  a. Could not remain steady during instructions.
  b. Had to explain instructions several times.
  c. Did not use thumb to finger.
  d. Started count at 1
  c. Could not do test.

This officer requested the subject to take an Alco-Sensor test. Defendant Refused. The test was taken at approximately __( NA )__ and the results were __( NA )% BAC.

5. I informed the defendant of his rights under 23 V.S.A. #1202 by reading these rights from the standard DWI processing form. I read the defendant the following: Vermont law authorizes me as a law enforcement officer to request a breath test to determine whether you are under the influence of alcohol. Before you decide, I will explain your rights. Since I am requesting you to submit to a breath test, you have the right to have additional tests administered at your own expense, by an individual of your own choosing. The results will be sent only to you or your lawyer. I then provided a list of the facilities in this area which will administer additional tests.

Subscribed and sworn to before me on this
6th day of December 1992

_____
(Notary Public)

_____
(AFFIANT)

December 12, 1992
(Date)

FELL-00003322

Page __6__ of _____
INCIDENT NUMBER 1203-92-

CHECK THE SECTION READ TO THE DRIVER:
___ INFRARED TEST ONLY:     In addition you have the right to a second infrared test which I will administer.
_X_ CRIMPER TEST ONLY:   If you submit to a test, part of the sample will be held by the Department of Health.  Within the next 45 days you may make arrangements for an independent analysis of the sample.  The test results be sent only to you or your lawyer.  If the results of this test indicate that you are under the influence of alcohol or other drugs, you will be subject to criminal charges and your license or privilege will be suspended for 90 days.  If you refuse to give me a sample as evidence, you will have a hearing, if you desire, to decide if my request is reasonable.  If my request is found to be reasonable,  your license or privilege to drive shall be suspended four at least 6 months.  Your refusal may be introduced as evidence in a criminal proceeding.  You have the right to talk with a lawyer before deciding whether or not to submit to a test.  If you cannot afford a lawyer and want one, a Public Defender will be contacted for you at State expense.
You have a reasonable amount of time in which to decide whether or not to submit to a test.

Defendant indicated that he did understand these rights  (IF DEFENDANT DID NOT UNDERSTAND, DESCRIBE ACTION TAKEN)

6. Upon receiving this information the defendant agreed_____, refused_(X)_____, to provide a sample of his breath, the sample was obtained via Datameter, Crimper, Blood, (if by blood, it was drawn by _____( NA )_____ of the _____ at _____ ).

IF THE DEFENDANT REFUSED TO PROVIDE A SAMPLE FOR TESTING , DESCRIBE THE CIRCUMSTANCES SURROUNDING THE REFUSAL.

Defendant refused on the advice of his attorney Mr. Richard Rubin.

7.  I observed the defendant for 15 minutes prior to taking the test and he/she did not appear to belch, burp or vomit.  I asked the defendant immediately prior to taking the test whether he/she had burped, belched or vomited in the last 15

Subscribed and sworn to before me on this
____ day of _____ 1992                    _____
                                                               (AFFIANT)
_____                          _____
(Notary Public)                                           (Date)

Page __7__ of __7__
INCIDENT NUMBER 1203-92-

minutes and he/she responded:  ( NA )

6.  Based on my training the test was properly taken and the sampling equipment functioned properly.  The test indicated the defendant's alcohol concentration was a __( NA )__% BAC.  The test was taken at __( NA )__ hrs.

While processing the defendant I complied with the Soldiers and Sailors Relief Act by inquiring if the defendant was presently on active duty with the Armed Forces of the United States, or scheduled to go on active duty on the future.  He/she said was _____ was not __(_X_)__ , on active duty , not scheduled to go on active duty.  I confirmed the defendant's current mailing address and I issued _____ , mailed __(_X_)_____the defendant a notice of intent to suspend and this affidavit on December 14, 1992.

The defendant was also issued a citation to appear in Washintgton District Court on  January 11, 1993 to answer to the charge of D. W. I.  and   D. L. S.

_____ If checked see attached documentation which I have prepared in this case and which is incorporated by reference into this affidavit.
       _( X )_DWI PROCESSING FORM.
       _____ OTHER (Describe)

Subscribed and sworn to before me on this
_____day of_____  1992                    _____
                                              (AFFIANT)
_____                        _____
       (Notary Public)                        (Date)

## SUPPLEMENT AFFIADAVIT

PAGE 1 OF 1                                    STATE OF VERMONT
Incident Number: 1203-92-11151                 Washington County, S.S.

I Kevin P. Galway hereby swear under penalty of perjury (NMT 15 years, NMT $1000.00 or both) that I have personal knowledge of the following facts and that this statement is true to the best of my information and belief.

D.W.I

While at roadside, the defendant Mr. ███ refused to cooperate in any way with my evaluation of his motor skills. The defendant advised me it was his experience that whenever he cooperated with the police, it always got him in trouble. Mr. ███ advised me it was nothing personal, but before he said or did anything he wanted to talk with an attorney.

Two Montpelier Police Officers arrived at the scene as I was taking the defendant into custody. They were a Officer Dan Menard and Sgt. Cheril Goeslant.

It is the opinion of this officer that the defendant, ███████ was substantially intoxicated at the time of his arrest.

END OF STATEMENT

Subscribed and sworn to before me on this     _Kevin P. Galway_
31 day of  December    1992                   (AFFIANT)

_Holly Levick_                                December 31st, 1992
(Notary Public)                               (Date)

FELL-00003325

██████ ███████████████

CASE NO. 1203-92-11151

BAIL STATEMENT

NAME ___████_____████_____████_____
          Last                First              Middle

ADDRESS ___████████_____ So. Barre    Vermont _____
          Street            City/Town        State    Zip

D.O.B. ___████████_____ /____ P.O.B. So. Amboy N.J. _____
                                        City/State

ALIASES: ____NONE_____

HOW LONG HAVE YOU LIVED AT PRESENT ADDRESS? _____3 Weeks_____

PREVIOUS ADDRESS ____Burlington_____ Vermont _____
                     Street          City/Town   State   Zip

HOW LONG DID YOU LIVE AT PREVIOUS ADDRESS? _____1 Month_____

TIES TO LOCAL COMMUNITY: i.e., Local Address, Relative in Area,
etc. _____
_____Family and friends_____

OCCUPATION Meat Cutter _____ HOW LONG EMPLOYED? Unemployed

EMPLOYER'S NAME _____

EMPLOYER'S ADDRESS _____
                     Street        City/Town    State    Zip

PARENTS -

FATHER'S NAME AND ADDRESS:          MOTHER'S NAME AND ADDRESS:

____Deceased_____          ____████████_____
_____          ____████████_____
_____          ____So. Barre Vermont____

OFFENSE: _____

LIST CRIMINAL AND MOTOR VEHICLE RECORD: (Use other side if
needed)

COVER)

FELL-00003326

Driver's Name: _____

Officer's Name: Ashcroft

Date of Operation/Incident: 1730

Weather: Snowing

## OBSERVATIONS OF OFFICER WITNESS

Additional Observations: _____

## INVESTIGATORY QUESTIONS TO AID IN THE DECISION TO PROSECUTE

Time of last drink: _____

## WALKING OUT OF VEHICLE

Walk & Turn: ☐ ...

One Leg Stand: ☐ ...

_12-13- TRT_

Comments (e.g. used engine, shoes, etc.): _____

Additional Observations: _____

Preliminary Breath Result: _____

## OTHER OCCUPANTS OF THE VEHICLE OR WITNESSES

Name: _____ Address: _____

Phone #: _____ Statement Obtained: ☐ Yes ☐ No    ☐ Sober    ☐ Impaired

Name: _____ Address: _____

Phone #: _____ Statement Obtained: ☐ Yes ☐ No    ☐ Sober    ☐ Impaired

FELL-00003327



FELL-00003329

OFFICER'S OPINION

INSPECTION OF DRIVER

Driver's current address if different from license: ████████████

Time processing complete: 1915

Driver driven to: CVH    By: [signature]

Subscribed and sworn before me this ____ 15th ____ day of ____ November ____ 19 92



# INFORMATION BY STATE'S ATTORNEY

State of Vermont Washington County, SS.

IN THE AUTHORITY OF THE STATE OF VERMONT, ROBERT C. BERLEY,

Deputy State's Attorney for said County, upon oath of office charges:

That PATRICK H SIMS of MONTPELIER

at BERLIN in this County and Territorial Unit

on the 11 day of November 1992

did then and there [illegible] ... upon and along a public highway while under the influence of intoxicating liquor, all in violation of 23 VSA § 1201(a)(2). ... *See Below*

**3rd Conviction**

a conviction of Count I above will be a third conviction as the defendant was convicted of driving while under the influence on 01/05/82 in the Chittenden County District Court and on 04/21/82 in the Addison County District Court, all in violation of 23 VSA § 1201(a). 3rd: ... MIN 3 years and until compliance with 23 VSA § 1209 will be imposed by the Department of Motor Vehicles, 23 VSA § 1209(b).

and against the peace and dignity of the state.

Dated: January 4, 1993

                                        Deputy State's Attorney

This information has been presented to me and I have found probable cause,
this ___ day of ___ 1993

                                        District Judge

FELL-00003331

MITTIMUS TO COMMISSIONER OF CORRECTIONS

STATE OF VERMONT
District Court of Vermont
Unit No. 3, Washington Circuit

Re: ▓▓▓▓▓▓▓▓▓▓                                   Date of Order: 03/23/93
Date of Birth: ▓▓▓▓▓▓▓
18-1-93 Wncr

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF VERMONT

You are ordered to commit the above-named defendant to the Commissioner of Corrections or his authorized representative who is ordered to receive the defendant in accordance with the following sentence(s):

18-1-93 Wncr Ct. 1:     DWI #3
   Minimum: 1 Year(s) Maximum: 2 Year(s)   All susp. but 6 Month(s)
   concurrent to Addison case
   Credit for time served: credit for 72 days.
   Sentence to commence 03/23/93

By Order of the Court: _____ _[signature]_ _____ Judge Dean Pineles

OFFICER'S RETURN
By Authority of this mittimus, I committed the above-named defendant to the

| Location/Corr. Facility | Date | Time | AM PM |
|---|---|---|---|
| Woodstock | 03/23/93 | | |

and left the Supervising Officer of the facility a copy of this Mittimus with my return.

| Officer's Signature | Title |
|---|---|
| _[signature]_ 828 | _[signature]_ Swift |

FELL-00003332



STATE OF VERMONT
WASHINGTON COUNTY, SS.

JAN 2 1 1993

STATE OF VERMONT )
                 )      DISTRICT COURT OF VERMONT
                 )
  V.             )      UNIT #3, WASHINGTON CIRCUIT
_____    )
                        DOCKET NO.   18-01-93 WNCR

### STATE'S SUBMISSION OF COPIES OF CERTIFIED RECORDS OF PRIOR D.W.I. CONVICTIONS

The State herewith submits the following certified copies of prior D.W.I. convictions:  Docket Numbers 4568-10-89 CaCr and 357-7-92 AnCr.  (The Addison case was inadvertently not certified, we have reordered certifications and will file such when recieved.)

Dated at Barre, Vermont on this _21st_ day of January, 1993.

_____
Deputy State's Attorney

cc:    David Kidney
       Attorney for Defendant

FELL-00003333

# PROBATION ORDER

### STATE OF VERMONT
### District Court of Vermont
### Unit No. 2, Addison District Circuit

Re: ███████████                                    Date of Order: 09-21-92

TO THE COMMISSIONER OF CORRECTIONS:    The above-named defendant was convicted and
sentenced as follows:

|  | Minimum | Maximum | All Suspended |
|---|---|---|---|
| 357-7-92 Ancr 1   DWI #2 | 3 DAYS | 2 YR | But 3 DAYS |

The execution of the sentence is partially suspended and the defendant is placed on probation in the care and custody of the
Commissioner of Corrections until further order of the Court under the following conditions:

A.   You shall not be convicted of another offense.
B.   You shall work, seek employment or participate in vocational training to the full satisfaction of your probation officer.
C.   You shall support yourself and your dependents and meet your family responsibilities.
D.   You shall report to your probation officer in the manner and at such time and place as he or she may require.
E.   You shall notify your probation officer within twenty-four hours of any change of address or employment.
F.   You shall remain within the State unless granted permission to leave by your probation officer.
G.   You shall permit a probation officer to visit you at your home or elsewhere.
H.   You shall participate fully in any program to which you may be referred by the Court or your probation officer.
I.   You shall live an orderly and industrious life.
J.   You shall not engage in threatening, violent or assaultive behavior.
K.   You shall not use alcoholic beverages to the extent they interfere with your employment or the welfare of your family,
     yourself or any other person.
L.   You shall submit to an alcosensor test when requested by your probation officer or any other person authorized by your
     probation officer.
M.   You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician. You shall submit
     to urinalysis testing when requested by your probation officer or any other person authorized by your probation officer.
N.   You shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in
     possession of a valid Vermont operator's license.

**Other Conditions:**

1.   You shall not purchase or drink any alcoholic beverages and not have any in your possession.(16a)
3.   You shall attend and participate in alcohol screening, counseling, treatment and rehabilitation as directed by your probation
     officer and complete same to the full satisfaction of your probation officer.(16c)
4.   You shall allow the alcohol services program to disclose to the probation officer and to the court, information about your
     attendance and participation in the program.(16d)
5.   You shall attend and participate in any residential treatment program as directed by your probation officer and
     complete the same to the full satisfaction of your probation officer.(16e)
8.   You shall complete payment of your fine(s) of $60.00 plus $ 60.00 s/c to your probation officer by Cost of counseling to reduce fine amount. (17)
14.  Abide by all valid abuse orders & conditions of release on docket # 483-9-92 Ancr.

1-22-93 Certified to be a true copy
of the original of the same appears
on file in this office.

By _Charles William_
Clerk, District Court of Vermont
Unit #2, Addison Circuit
Middlebury, Vermont

FILED
SEP 22 1992



Probation Warrant for [REDACTED]          Date of Offense [illegible]          Page 4

NOTICE:  Under the Federal Gun Control Act, any person convicted of a felony may not lawfully own, use or possess a firearm.

By Order of the Court: /S/ M S Kupersmith
                          Judge M. S. Kupersmith

I have read and understand these conditions and I agree to follow them.  I realize that in consideration for this agreement the Court has placed me on probation... to give me an opportunity to lead a... life without confinement.  I also understand that if I violate any of these conditions, I may be brought before the Court to be further dealt with according with law.

_Deanon Smith Tucker_  9/21/92
Probation Officer          Date

1-22-93 Certified to be a true copy
of the original as the same appears
on file in this office. -

_Chas Williams_
Dep Clerk, District Court of Vermont
Unit # 2, Addison Circuit
Middlebury, Vermont

FELL-00003335

# PROBATION ORDER

STATE OF VERMONT
District Court of Vermont
Unit No. 6, Washington Circuit

Re: ████████████                              Date of Order: 03/23/93

TO THE COMMISSIONER OF CORRECTIONS:     The above-named defendant was convicted and
sentenced as follows:

|  | Minimum | Maximum | All Suspended |
|---|---|---|---|
| 18-1-93 Wacr 1    DWI #3 | 1 YR | 2 YR | But 6 MO |
| concurrent to Addison case | | | |

The execution of the sentence is partially suspended and the defendant is placed on probation in the care and custody of the Commissioner of Corrections until further order of the Court under the following conditions:

A. You shall not be convicted of another offense.
B. You shall work, seek employment or participate in vocational training to the full satisfaction of your probation officer.
C. You shall support yourself and your dependents and meet your family responsibilities.
D. You shall report to your probation officer in the manner and at such time and place as he or she may require.
E. You shall notify your probation officer within twenty-four hours of any change of address or employment.
F. You shall remain within the State unless granted permission to leave by your probation officer.
G. You shall permit a probation officer to visit you at your home or elsewhere.
H. You shall participate fully in any program to which you may be referred by the Court or your probation officer.
I. You shall live an orderly and industrious life.
J. You shall not engage in threatening, violent or assaultive behavior.
K. You shall not use alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself or any other person.
L. You shall submit to an alcosensor test when requested by your probation officer or any other person authorized by your probation officer.
M. You shall not purchase, possess or consume regulated drugs unless prescribed for your use by a physician. You shall submit to urinalysis testing when requested by your probation officer or any other person authorized by your probation officer.
N. You shall not operate, attempt to operate or be in actual physical control of a motor vehicle on a public highway unless in possession of a valid Vermont operator's license.

Other Conditions:

1. You shall not purchase or drink any alcoholic beverages and not have any in your possession. (14a)
3. You shall attend and participate in alcohol screening, counseling, treatment and rehabilitation as directed by your probation officer and complete same to the full satisfaction of your probation officer. (14c)
4. You shall allow the alcohol services program to disclose to the probation officer and to the court, information about your attendance and participation in the program. (14d)
8. You shall complete payment of your fine(s) of $640.00 to your probation officer on a schedule determined by your probation officer. (1)
14. You shall not enter any establishment that serve alcohol beverages.
15. You shall abide by curfew as deemed appropriate by probation officer.

NOTICE: Under the Federal Gun Control Act, any person convicted of a felony may not lawfully own, use or possess a firearm.

By Order of the Court: _Lauren Dunkel ass't clerk, for_
Judge Dean Pineles

I have read and understand these conditions and I agree to fulfill them. I realize that in consideration for this agreement the Court has placed me on probation to give me an opportunity to lead an orderly life without confinement. I also understand that if I violate any of these conditions, I may be brought before the Court ████████████ living with law.

_signature_  3/23/93          ████████████          3/23/93
Probation Officer    Date                                           Date



Probation Warrant for Ryan, Patrick Michael          Date of Order: 09/21/92                    Page 2

NOTICE: Under the Federal Gun Control Act, any person convicted of a felony may not lawfully own, use or possess a firearm.

By Order of the Court: /s/ M S Kupersmith
                       Judge M. S. Kupersmith

I have read and understand these conditions and I agree to fulfill them. I realize that in consideration for this agreement the
Court has placed me on probation, in lieu of an opportunity to spend my days, life without sentiment. I also understand that if
I violate any of these conditions, I may be brought before the Court to be further dealt with according with law.

Deanna Smith Tudor  9/21/92
Probation Officer        Date

1-22-93 Certified to be a true copy
of the original as the same appears
on file in this office.

Dep. Clerk, District Court of Vermont
Unit # 2, Addison Circuit
Middlebury, Vermont

FELL-00003337



Agency of Human Services
Department of Corrections
**Court & Reparative Services**
120 Bank Street
Burlington, Vermont 05401
Tel: (802) 651-1700

January 24, 1995



Presiding Judge of the Court
District Court of Vermont
Unit III, Washington Circuit
Barre, VT 05641

Your Honor:

**PETITION FOR SATISFACTORY DISCHARGE FROM PROBATION**

RE: ▮▮▮▮▮▮▮▮▮▮
Dkt #:  0018-01-93 Wncr

On 03/23/93 ▮▮▮▮ ▮▮▮ was found guilty of DUI#3 in Washington District Court and sentenced to a term of not less than 1 year and not more than 2 years, all suspended but 6 months. In addition to the standard conditions of probation, the sentencing Court imposed the following special conditions of probation:
14a, 14c, 14d, 8 ( fine of $40.00 ), 14 ( Not to enter any establishment that serves alcohol ) & 15 ( Curfew as directed )

▮▮▮▮▮▮ ▮▮ has completed alcohol assessment and counseling with Champlain Drug & Alcohol services to the satisfaction of the treatment providers and has fully paid any and all fines and surcharges.

This writer requests that the grant a satisfactory discharge at this time.

Respectfully submitted,

Jim Fuller
Probation Officer

ss

Attachment

FELL-00003338

Fuller

District Court
Form No. 43

## DISTRICT COURT OF VERMONT

### UNIT NO...III..Washington..............CIRCUIT

**STATE OF VERMONT**

v.

Docket No. 0018-01-93WaCr

DOB: ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮..
    Respondent

### PETITION FOR DISCHARGE FROM PROBATION

NOW INTO COURT comes the Commissioner of Corrections, and petitions the Court as follows:

I

On ...03/23/93.................the above subject was convicted of .....................
..........DUI #3 .........................................................................and this Court placed the above named respondent on probation in the care and custody of the Commissioner of Corrections, all as will more fully appear on the Probation Warrant attached to and made a part hereof.

II

The respondent has (satisfactorily) / (̶u̶n̶s̶a̶t̶i̶s̶f̶a̶c̶t̶o̶r̶i̶l̶y̶) complied with the conditions of his probation and his probation officer recommends his discharge. The officer's report and recommendation are attached hereto and made a part hereof.

Petitioner further represents to the Court that termination of probation in this case is warranted.

WHEREOF Petitioner respectfully requests that the respondent be discharged from further probation in the above captioned case.

Commissioner of Corrections

Dated:....1/25/85............    By:........................................

### ORDER OF DISCHARGE FROM PROBATION

Upon consideration of the above Petition and attached recommendation, it is hereby ordered that the respondent is hereby discharged from probation and is relieved of any obligation imposed by order of this Court in the above captioned case.

Dated at ..........2/11/85..........    ..................    on ........................

..................................
                                                            Judge

Distribution: Court
              Adult Field Services Office
              Department of Public Safety
              Central Office

FELL-00003339

Docket No.  661-6-97 Wncr      State vs. ███ ███████      661-6-97 Wncr

Vermont District Court
Unit 3, Washington Circuit

Prosecutor:  Anne Buttimer          Defendant:  ████████████
                                    DOB:
Motions pdg:                        POB:        So. Amboy, NJ.
Bail set:                           Atty:       Joel E. Faller PD
Incarcerated:  released             Aliases:
Case Status:                        Address:    Po Box 610
     Disposed                                   80 Washington Street, Apt.
                                                Barre VT 05641
Next Hearing:

================================================================================
Dspt  Docket No.      Ct.  Offense                      Statute        F/M/O
================================================================================
1     661-6-97 Wncr    1   UNLAWFUL TRESPASS          13  3705          fel
                                                 10/08/97  Plea guilty
2     661-6-97 Wncr    2   SIMPLE ASSAULT            13  1023           mis
                                                 10/08/97  Plea guilty
3     661-6-97 Wncr    3   SIMPLE ASSAULT            13  1023           mis
                                                 10/08/97  Plea guilty
================================================================================

06/24/97   Information and Affidavit filed on 3 disputes. Custody status:
           released.
           Dispute 1 is Docket No. 661-6-97 Wncr Count #1, UNLAWFUL TRESPASS,
           Felony, 13 V.S.A. Sec. 3705. Alleged offense date: 05/15/97.
           Arrest/citation date: 05/15/97 by Barre Town PD.
           Dispute 2 is Docket No. 661-6-97 Wncr Count #2, SIMPLE ASSAULT,
           Misdemeanor, 13 V.S.A. Sec. 1023. Alleged offense date: 05/15/97.
           Arrest/citation date: 05/15/97 by Barre Town PD.
           Dispute 3 is Docket No. 661-6-97 Wncr Count #3, SIMPLE ASSAULT,
           Misdemeanor, 13 V.S.A. Sec. 1023. Alleged offense date: 05/15/97.
           Arrest/citation date: 05/15/97 by Barre Town PD.
           Arraignment set for 06/26/97 at 01:00 PM.
           Calendar Call set for 08/18/97 at 09:30 AM.
06/25/97   Probable Cause found by Judge Edward J. Cashman on disputes 1-3.
06/26/97   Arraignment held.  EJC/TAPE.  Public Defender requested.
           Attorney assigned: Joel E. Faller PD.
           Request granted for public defender.  25.00 to be paid; Payment Order
           No. 9635.
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           disputes 1-3. Pre-trial discovery order issued.
           Cash bail set by Edward J. Cashman on dispute 1-3. Amount this
           dispute(s): 0.00, Total: 0.00. Condition[s] 1-3,12,17 imposed;
           additional conditions: Not to associate with nor harass the following
           people: Tina Boyce, Jason Barber, and Karen Robinson, nor cause the
           same to be harassed.
08/18/97   Calendar Call held.  SBM/TAPE.
           Status Conference set for 09/22/97 at 10:00 AM.
09/22/97   Status Conference held.  WMM/TAPE.
           Entry Order: Defense requests case be set for change of plea as soon
           as possible.
           Change of plea set for 09/29/97 at 01:00 PM.
09/23/97   1 document filed for party : Intermediate Sanction Report filed.
09/29/97   Change of plea held.  WMM/TAPE.
           Entry Order: Reset for change of plea next week; part ies to check on
           placement at Dismis Hous e in Burlington.
09/30/97   Motion Set Sentencing Hearing filed by Attorney Anne Buttimer for

I HEREBY CERTIFY THE WITHIN TO BE A TRUE COPY OF THE ORIGINAL AS THE SAME APPEARS ON FILE IN THIS OFFICE. CLERK - DISTRICT COURT OF VERMONT WASHINGTON CIRCUIT, BARRE, VERMONT  Page 1 of 24

Plaintiff State on dispute 2. Motion Set Sentencing Hearing.

10/02/97    Sentencing Hearing set for 10/08/97 at 01:15 PM.
10/08/97    Sentencing Hearing held.  WMM/TAPE.
Defendant pleads guilty on dispute 1. Plea agreement filed. Judge
Walter M. Morris, Jr. Accepts plea after finding it to be voluntary
and made with knowledge and understanding of the consequences and
after a knowing waiver of constitutional rights.  Plea found to have
a factual basis.  Adjudication of guilty entered.
Sentence on dispute 1: to serve 2 years to 3 years
 to start on 10/16/97 to be served from th at 12:00 PM.  PAF/IDAP.
Sentencing Mittimus to Commissioner of Corrections issued.  $17.50
surcharge assessed.
.

Defendant pleads guilty on dispute 2. Plea agreement filed. Judge
Walter M. Morris, Jr. Accepts plea after finding it to be voluntary
and made with knowledge and understanding of the consequences and
after a knowing waiver of constitutional rights.  Plea found to have
a factual basis.  Adjudication of guilty entered.
Sentence on dispute 2: to serve 0 to 12 months
 to start on 10/16/97 to be served from th at 12:00 PM.  PAF/IDAP.
Sentencing Mittimus to Commissioner of Corrections issued.
Consecutive to ct. 1 concurrent to ct. 3. $17.50 surcharge assessed.
.

Defendant pleads guilty on dispute 3. Plea agreement filed. Judge
Walter M. Morris, Jr. Accepts plea after finding it to be voluntary
and made with knowledge and understanding of the consequences and
after a knowing waiver of constitutional rights.  Plea found to have
a factual basis.  Adjudication of guilty entered.
Sentence on dispute 3: to serve 0 to 12 months
 to start on 10/16/97 to be served from th at 12:00 PM.  PAF/IDAP.
Sentencing Mittimus to Commissioner of Corrections issued.
Concurrent to ct. 1+2.  $17.50 surcharge assessed.
.

Judgment of Guilty entered by Judge Walter M. Morris, Jr. On dispute
1.
Judgment of Guilty entered by Judge Walter M. Morris, Jr. On dispute
2.
Judgment of Guilty entered by Judge Walter M. Morris, Jr. On dispute
3.  Case Closed.
Motion Set Sentencing Hearing rendered moot by.

FELL-00003341

JUN 25 19

| | | Unit No.     Circuit | | Docket No.: 661-06-97 WNCR | |
|---|---|---|---|---|---|
| 610 | | 3     Washington | | Incident No.: 97 01261 | |
| SHINGTON ST., APT. 4 | | Sched Date of Appear: 06/26/97 | | SA Case No.: WACR9700593 | |
| | VT 05641 | DoB:     Age: 35 PoB: SO. AMBOY NJ | | | |
| of Offense | Date Arr/Cit | Department | Operator's License No. - St | Accident     Y Injury | |
| 05/15/97 | 05/15/97 | 1202 WOLFE | 40474749     VT | Property Damage | |
| T) UNLAWFUL TRESPASS | | Count 1   of 3  : 13 V.S.A 3705 (d) | | Felony | |

## INFORMATION BY STATE'S ATTORNEY

State of Vermont Washington  County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, ANNE E. BUTTIMER,

Deputy State's Attorney for said County, upon oath of office charges:

That ███████████ ██ of BARRE

at BARRE CITY  in this County and Territorial Unit  10-8-97

6

on the 15 day of May 1997

did then and there knowingly and unlawfully enter a dwelling house,  knowing he/she is not licensed or privileged to do so, all in violation of 13 VSA §3705(d).  NMT 3 years, NMT $2,000.00 or both.

and against the peace and dignity of the state.

Dated: June 23, 1997                    _____
                                         Deputy States Attorney

This information has been presented to me and I have found probable cause, this  25  day of  June            1997

                                         _____
                                                 District Judge

V

```
                               | Unit No.     Circuit      |   Docket No.: 661-06-97 WNCR |
██████████████                 | 3      | Washington      |   Incident No.: 97 01261     |        JUN 2 5 1997
O BOX 610                      |Sched Date of Appear: 06/26/97. |  SA Case No.: WACR9700593 |
██████████████                 |                          |                                |
IARRE              VT 05641    |DoB: ████  Age: 35  PoB: SO. AMBOY NJ                       |
)ate of Offense | Date Arr/Cit |   Department·  | Operator's License No. - St | Accident       Y Injury |
  05/15/97    |  05/15/97  | 1202 WOLFE    | 40474749          | VT |  Property Damage           |
:SA) SIMPLE ASSAULT            Count 2   of 3  : 13 V.S.A 1023               Misdemeanor      |
```

## INFORMATION BY STATE'S ATTORNEY

State of Vermont Washington  County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, ANNE E. BUTTIMER,

Deputy State's Attorney for said County, upon oath of office charges:

That ██████████████████ of BARRE

at BARRE CITY  in this County and Territorial Unit

on the 15 day of May 1997

*10·8·97*

*6*

did purposely, knowingly or recklessly cause bodily injury to another, to wit Mr. Barber, all in violation of 13 VSA § 1023 (a)(1). NMT 1 year, NMT $1,000.00 or both.


and against the peace and dignity of the state.

        Dated: June 23, 1997          _____
                                       Deputy States Attorney


This information has been presented to me and I have found probable cause, this ──25── day of ──June── 1997

                                       _____
                                                District Judge

V

FELL-00003343

JUN 2 5 1997

| | | Unit No.    Circuit | | Docket No.:  661-06-97 WNCR | |
|---|---|---|---|---|---|
| ▮ ▮ ▮ | | 3    Washington | | Incident No.:  97 01261 | |
| PO BOX 610 | | Sched Date of Appear: 06/26/97 | | SA Case No.:  WACR9700593 | |
| BARRE | VT 05641 | DoB: ▮  Age: 35  PoB: SO. AMBOY NJ | | | |

| Date of Offense | Date Arr/Cit | Department | Operator's License No. - St | Accident | Y Injury |
|---|---|---|---|---|---|
| 05/15/97 | 05/15/97 | 1202 WOLFE | 40474749 | VT | Property Damage |
| (SA) SIMPLE ASSAULT | | Count 3  of 3  : 13 V.S.A 1023 | | | Misdemeanor |

## INFORMATION BY STATE'S ATTORNEY

State of Vermont Washington  County, SS.

BY THE AUTHORITY OF THE STATE OF VERMONT, ANNE E. BUTTIMER,

Deputy State's Attorney for said County, upon oath of office charges:

That ▮▮▮▮▮ of BARRE

at BARRE CITY  in this County and Territorial Unit     *10·8·97*

on the 15 day of May 1997

did purposely, knowingly or recklessly cause bodily injury to another, to wit Ms. Boyce
all in violation of 13 VSA § 1023 (a)(1). NMT 1 year, NMT $1,000.00 or both.


and against the peace and dignity of the state.

Dated: June 23, 1997                    _Anne E. Buttimer_
                                        Deputy States Attorney


This information has been presented to me and I have found probable cause,
this  26  day of  June  1997

                                        _(signature)_
                                        District Judge

V

FELL-00003344

CFS: 1202-97-01261

## AFFIDAVIT

STATE OF VERMONT
WASHINGTON COUNTY S.S.

Now comes William Wolfe, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe that ▮▮▮▮ ▮ ▮ D.O.B. ▮▮▮▮▮, has committed the offense of Unlawful Mischief, Simple Assault, Unlawful Trespass, a violation of Title 13, Vermont Statutes Annotated Sec. 3701(c)/1023(a)(1)/3705(d).

On Thursday May 15, 1997 at approximately 01:15 hrs., I responded to an assault complaint at the Tina Boyce residence, located at #11 McHugh Rd. in Graniteville Vt. While I was enroute, I was advised by Barre City Police Dispatcher Laura Eldridge that Boyce's ex-boyfriend was there and was assaulting another male at the residence. I was assisted at this complaint by Patrolman Henry Duhaime of the Barre City Police Department.

Upon arrival, I observed that the window and frame of the front entry door had been knocked out, and was laying on the living room floor, approximately two feet from the door. I observed Miss Boyce crying hysterically on the floor, being consoled by another female, who was later identified as Karen Robinson D.O.B. 07-02-74. Robinson is Boyce's roommate, and was present during this incident. I spoke with Miss Boyce and asked her to tell me what had happened. Miss Boyce advised the following: That she and the victim, Jason Barber D.O.B 04-11-71, had been at Danny's Pub, a drinking establishment in Barre, Vt. earlier in the evening. She advised that the accused, ▮▮▮▮▮▮ D.O.B. ▮▮▮▮▮, was also there. Things seemed fine for a while, then apparently the accused became angry and upset. He kept insisting that she come outside the bar and speak with him, however she refused. The accused became such a problem, that the staff at the bar removed him. Shortly thereafter, she and Barber left Danny's, stopped by Grand Union, and then went to Boyce's residence in Graniteville. Approximately fifteen minutes after their arrival, the accused arrived as well. The accused began banging on the door and insisting that Boyce come outside and talk with him. Boyce refused on more than one occasion, and instructed the accused to leave her residence. The accused refused to leave and began kicking the door, attempting to get into the residence. Boyce then called 911 and summoned the police. The accused then smashed the window out of the front door and attempted to enter the residence. Barber tried to stop the accused from entering. When he did this, the accused began swinging at Barber, crawled through the

Subscribed and sworn to before me on

this __23rd__ day of __May__, 1997          _W. D. Wolf_
                                                              Affiant

_____          05-23-97
Notary Public                                          Date

1

CFS: 1202-97-01261

## AFFIDAVIT

STATE OF VERMONT
WASHINGTON COUNTY S.S.

Now comes William Wolfe, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe that ███████ █████ D.O.B. ███████, has committed the offense of Unlawful Mischief, Simple Assault, Unlawful Trespass, a violation of Title 13, Vermont Statutes Annotated Sec. 3701(c)/1023(a)(1)/3705(d).

opening where the window had been, and entered the residence. A physical altercation ensued inside the residence, between the accused, Barber, and Boyce. Barber was able to subdue the accused. Boyce went to the door and opened it. The accused then left the residence.

Jason Barber's statement closely parallels that of Boyce. Barber advised that the accused struck him twice on the left side of his head with his, (the accused), right fist. This, according to Barber, occurred just prior to the accused entering Boyce's residence.

Karen Robinson advised the following: She was awakened by someone knocking on her door. She advised that the person at the door was the accused, and that he was asking Boyce to come outside. Boyce refused many times and told the accused to leave. She, (Robinson) also told the accused to leave. A few minutes later, the accused became angry and began punching the door. The casing broke around the window, and the accused gained access to the residence through the opening made by the missing window. The door was still locked. Barber instructed Boyce to call the police while he, (Barber) tried to keep the accused from coming into the residence any further. She (Robinson) went into the bathroom at this point, and locked the door. After a few minutes, Barber subdued the accused and the accused left the residence. The police arrived a few minutes later.

While at the scene, I observed that Barber had a laceration above his left eye. I further observed scratches on his back and a red swollen mark on his right elbow. Barber advised that all of the aforementioned injuries had been sustained in the altercation with the accused. He further advised that these injuries were in fact painful. I further observed blood on the handle of the storm door leading into the residence. During this altercation, Boyce sustained a bruise under her right eye and on her left arm. However, in speaking with Boyce, it is apparent that the accused

Subscribed and sworn to before me on

this 23rd day of May, 1997

_____
Notary Public

_____
Affiant

05-23-97
_____
Date

2

CFS: 1202-97-01261

## AFFIDAVIT

STATE OF VERMONT
WASHINGTON COUNTY S.S.

Now comes William Wolfe, affiant, being duly sworn and on oath, deposes and says he has probable cause to believe that ███████ ██ D.O.B. ████████, has committed the offense of Unlawful Mischief, Simple Assault, Unlawful Trespass, a violation of Title 13, Vermont Statutes Annotated Sec. 3701(c)/1023(a)(1)/3705(d).

did not intentionally inflict these injuries upon her.

The accused called the residence at least two times while I was there. Each time he insisted on talking with Boyce, and refused to tell me where he was. Officer Henry Duhaime BCPD located the accused at the intersection of Green ST. and Circle St. in Barre City. I left the Boyce residence and met up with the accused there. The accused advised me that he did not wish to make any statements to me, however, he did state, "all I wanted her to do was come to the door." During my contact with the accused, I detected a moderate odor of alcohol emitting from his breath. I also noted a fresh cut on his left ear which was still bleeding.

It should be noted that the accused used to reside at #11 McHugh Rd. with Boyce, however moved out of the residence on or about January 15, 1997, at Boyce's request. He has resided at two subsequent locations, including his present address at #80 Washington St. Apt#4 in Barre City.

The value of the door, which was damaged by the accused, is approximately $200.00.

I Cited the accused at the scene and released him there.

Subscribed and sworn to before me on
this 23rd day of May, 1997         W. D. Wolfe
                                    Affiant

_____            05-23-97
Notary Public                      Date

3

FELL-00003347

WITNESS LIST

Sgt. William H. Wolfe
Barre Town Police Department

Patrolman Henry Duhaime
Barre City Police Department

Tina Boyce
#11 McHugh Rd.
Graniteville, Vt.
476-8971

Karen Robinson
#11 McHugh Rd.
Graniteville, Vt.
476-8971

Jason Barber
#7 Locust Terrace
Waterbury, Vt.
244-7806

FELL-00003348

BARRE TOWN POLICE DEPARTMENT

CASE#: 97BT01261

NAME: ███ ████████

ADDRESS:    P.O. Box 610, ███████████████ . Barre, Vt

DOB: ████████                POB:  So. Amboy New Jersey

ALIAS:      None

HOW LONG HAVE YOU LIVED AT PRESENT ADDRESS:  1 month

PREVIOUS ADDRESS: ████████ Graniteville, Vt

HOW LONG DID YOU LIVE AT PREVIOUS ADDRESS:     7 months

TIES TO LOCAL COMMUNITY:  Local Address // Mother

OCCUPATION: _____ HOW LONG EMPLOYED:  1 yr

EMPLOYER'S NAME:    Grand Union

EMPLOYER'S ADDRESS:     Berlin, Vermont

PARENTS:
FATHER'S NAME AND ADDRESS:      Deceased

MOTHER'S NAME AND ADDRESS: ██████████ , ████████████ South
Barre, Vermont
OFFENSE:      Simple Assault / Unlawful Trespass / Unlawful
Mischief

LIST CRIMINAL AND MOTOR VEHICLE RECORD:
Yes Vermont Motor Vehicle Record
Yes Vermont Criminal  Record
NO New Jersey Criminal Record

FELL-00003349

FELL-00003350

Form No. 332
Citation

TO: ███████████
D.O.B. ██████

**STATE OF VERMONT**
District Court of Vermont
**CITATION**

| County |
| --- |
| Washington |

BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby ordered to appear before a Judicial Officer at the District Court of Vermont, at the following time and place:

| Date | Time | Unit | Circuit |
| --- | --- | --- | --- |
| June 26, 1997 | 1200 pm | O 2 | Washington |

| Town/City | County | |
| --- | --- | --- |
| Barre | Washington | to answer to the charge of |

| Offense |
| --- |
| Simple Assault / unlawful mischief |

An information charging you with this offense will be presented at the time of your appearance.

**IF YOU DO NOT APPEAR AT THE TIME AND PLACE ORDERED, A WARRANT WILL BE ISSUED FOR YOUR ARREST AND YOU MAY BE SUBJECT TO ADDITIONAL CHARGES AND PENALTIES.**

| Date Issued: | Town/City | County |
| --- | --- | --- |
| 05-15-97 | Barre | Washington |

| Signature - Issuing Officer | Title/Dept. |
| --- | --- |
|  Wm.B. Wolf | Sgt. BTPD |

| I received this Citation on: | Date | Signature - Defendant |
| --- | --- | --- |
| | 05-15-97 | X ████████  |

R 5M 7/96 V.C.I.

White - Court's Copy          Yellow - Officer's Copy          Pink - Defendant's Copy

FELL-00003351

Form No. 369A
Notice of Plea Agreement

**State of Vermont**
**District Court of Vermont**

## NOTICE OF PLEA AGREEMENT



State of Vermont vs.    Defendant ▓▓▓▓▓▓▓▓    Date  9-29-77

The State of Vermont and the Defendant named above enter into the following agreement:

| | | |
|---|---|---|
| Charge: _____ | Charge: _____ | Charge: _____ |
| Docket Number: 6161-10-97 | Docket Number: 6161-10-97 | Docket Number: 6161-10-97 |
| Amended: Yes / No | Amended: Yes / No | Amended: Yes / No |
| Amended Section No: _____ | Amended Section No: _____ | Amended Section No: _____ |
| Guilty / Nolo Contendre | Guilty / Nolo Contendre | Guilty / Nolo Contendre |
| SENTENCE: | SENTENCE: | SENTENCE: |
| FINE $_____ & Surcharge $17⁰⁰ | FINE $_____ & Surcharge $17⁰⁰ | FINE $_____ & Surcharge $17⁰⁰ |
| (Min.) 2 Yr. ____ Mo. ____ Days | (Min.) ____ Yr. 0 Mo. ____ Days | (Min.) ____ Yr. 0 Mo. ____ Days |
| (Max.) 3 Yr. ____ Mo. ____ Days | (Max.) ____ Yr. 12 Mo. ____ Days | (Max.) ____ Yr. 12 Mo. ____ Days |
| Concurrent / Consecutive | Concurrent / (Consecutive) | (Concurrent) / Consecutive |
| Suspended with Probation: Yes / No | Suspended with Probation: Yes / No | Suspended with Probation: Yes / No |
| Credit for Time Served: _____ | Credit for Time Served: _____ | Credit for Time Served: _____ |
| All Suspended except ____ days/mths/yrs | All Suspended except ____ days/mths/yrs | All Suspended except ____ days/mths/yrs |

**TOTAL SENTENCE:** 2-4 years to serve, I# F to IDHP    **Total FINE & Surcharges:** $ 52⁰⁰

| Cases to be Dismissed by State: | Special Probation Conditions: |
|---|---|
| Docket # _____ Charge: _____ | 10-8-97. |
| Docket # _____ Charge: _____ | PLEAS to ... sentence imposed ... |
| Docket # _____ Charge: _____ | minimus reporting ... Burlington ... |
| Docket # _____ Charge: _____ | 10/16/97 not noon ... If rejected from SOAP ... |
| Docket # _____ Charge: _____ | ... before ... curfew 10/16/97 1:00 pm for ... |

Report Date: _____ Forthwith: ✗
PSI Ordered? Yes (No)
Defendant already on probation? Yes / No

(See Reverse for General Conditions)

Other:  Pre-approved Furlough Immediately.

~~State will not bring any further charges that are on file at this time.~~
This is a binding Rule 11 Agreement.

I have reviewed this agreement and understand it.

Defendant ▓▓▓▓▓▓▓▓    Date 9/29/97

| Prosecutor _____ | Date 9/29/97 | Defense Attorney _____ | Date 9/29/97 |
|---|---|---|---|
| Judge _____ | Date 10-8-97 | Guardian Ad Litem _____ | Date _____ |

lsmc 5/95

FELL-00003352

Form 152T

| Vermont Family Court | County Washington | Docket Number F363-9-97 WnFa |
|---|---|---|

## TEMPORARY ORDER FOR RELIEF FROM ABUSE-PAGE 1

Plaintiff's Name **Julie Townsend**    Date of Birth 7 ███    of █

| A Complaint in this case was filed on Date 9-20-97 | Complaint Reviewed and/or Hearing Held on: Date | Plaintiff ☐ was present ☐ was not present with attorney: |
|---|---|---|
| | | Defendant ☐ was present ☐ was not present with attorney: |

### FINDINGS BY THE COURT:

☒ Defendant has abused ☒ Plaintiff ☐ his/her/their minor child(ren)
☒ There is an immediate danger of further abuse.
☐ Plaintiff ☐ and Plaintiff's child(ren) has/have been forced from the household and will be without shelter unless the Defendant is ordered to vacate the premises.
☐ There is an immediate danger of physical or emotional harm to the minor child(ren).

Name(s) of Minor Child(ren) **Rachel R. Townsend**

### ORDER OF THE COURT:

☐ Application to proceed in forma pauperis is ☐ granted ☐ denied.
☐ The application for an ex parte ORDER is DENIED ☐ in whole ☐ in part;

> Reasons for any Denial are attached.

If your request for emergency relief has been denied, in whole or in part, you may request that the court hold a hearing on your complaint after notice to the defendant. Any such hearing shall be scheduled as soon as reasonably possible, which in no event shall be more than ten days from the date of the request.

☒ The application for an ex parte ORDER is GRANTED, as follows:

1. ☒ Defendant shall refrain from abusing ☒ Plaintiff ☒ and the minor child(ren) named above. and Defendant shall not threaten, assault, molest, harass, stalk or otherwise interfere with his/her/their personal liberty.

2. ☐ Defendant shall vacate immediately the household and Plaintiff shall have sole possession of the home located at: ☐ Street and Town Address

3. ☐ Defendant shall not enter the residence except with plaintiff's prior permission AND in the presence of a law enforcement officer or the following person designated by the court: _____

4. ☐ Temporary custody of the minor child(ren) named below is awarded to ☐ Plaintiff ☐ Other: Name(s) and Date(s) of Birth of Minor Child(ren)

5. ☒ Defendant shall not intentionally follow plaintiff and/or the minor child(ren).

6. ☒ Defendant shall not telephone, write to, contact or otherwise communicate with the plaintiff in any way, except that defendant may:

7. ☒ Defendant shall not place him/herself within 100 feet of plaintiff individually or of the following address(es): 20 Green Acres N Barre VT 05641

8. ☐ Until further order of the court or until the order expires, _____ shall hold the following weapons belonging to defendant:

☐ Delivery of the weapons shall be made in the following manner.

### SEE PAGE 2 FOR ADDITIONAL TERMS OF THIS ORDER

Distribution: White: Served on defendant and returned to Court   Yellow: Plaintiff   Pink: Defendant   Goldenrod: File

Rev. 8/95 lsmc

FELL-00003353

Form 152T2

| Vermont Family Court | County Washington | Docket Number |
|---|---|---|
| Plaintiff Julie Townsend | V. Defendant ▇▇▇▇▇▇ | |

## TEMPORARY ORDER FOR RELIEF FROM ABUSE - PAGE 2

9. ☐ Plaintiff's request for Temporary Living Expenses and/or Temporary Child Support shall be addressed by the Court at the Final Hearing or at a future hearing.

Both parties shall complete the affidavit of income and assets and file it with the court prior to the hearing date **or** bring the completed affidavit to the hearing.

Failure to appear at a hearing, for which you have received notice that child support will be addressed, and provide the completed affidavit of income and assets creates a presumption that the noncomplying parent's gross income is the greater of:

(1) 150 percent of the most recently available annual average covered wage for all employment as calculated by the Vermont Department of Employment and Training (as of September, 1995, that figure is $34,063.50; the amount is subject to change each year sometime after July 1; for a current amount, you may contact the family court); **OR**

(2) the gross income indicated by any evidence presented to the court.

10. ☐ Plaintiff is granted sole possession of the following personal property necessary for the protection of plaintiff and the care of the child(ren): _____

_____

11. ☐ Other: _____

_____

_____

_____

_____

_____

_____

---

**VIOLATION OF THIS ORDER IS A CRIME SUBJECT TO A TERM OF IMPRISONMENT OR A FINE, OR BOTH, AND MAY ALSO BE PROSECUTED AS CRIMINAL CONTEMPT PUNISHABLE BY FINE OR IMPRISONMENT, OR BOTH.**

**VERMONT LAW ENFORCEMENT OFFICERS ARE AUTHORIZED TO ARREST WITHOUT WARRANT PERSONS WHO VIOLATE THE ABOVE PROVISIONS OF THIS RELIEF FROM ABUSE ORDER.**

---

**\*\*This order may be served by any sheriff, municipal or state police officer.\*\***

**NOTICE OF HEARING:**    Date 10-2-97   Time 7.45 a.m/p.m.
This order shall remain in effect until _____ at _____ when a **HEARING** will be held at

Name and Descriptive Address of Court
Washington Family Court
255 N. Main St, 2nd floor   Barre VT 05641   on whether to extend or modify this order.

| Date 9-20-97 | Time 6.01 a.m/p.m. | Judge (Print or Type) Amy M. Davenport | Judge (signature) Amy M. Davenport /s/Ki |
|---|---|---|---|
| | | Assistant Judge | Assistant Judge |

**SEE IMPORTANT NOTICES FOR PLAINTIFF AND DEFENDANT ON BACK, INCLUDING DEFENDANT'S RIGHT TO REQUEST AN EARLIER HEARING TO MODIFY THIS ORDER**

Distribution: White: Served on defendant and returned to Court   Yellow: Plaintiff   Pink: Defendant   Goldenrod: File
Rev. 9/95 lsmc

## INFORMATION FOR PLAINTIFF AND DEFENDANT ABOUT REPRESENTATION BY AN ATTORNEY

Although you may represent yourself at any hearing during these proceedings, you may wish to consult with or be represented by an attorney. If you retain an attorney to represent you, your attorney is required to give the other party advance notice before the hearing that s/he will be representing you. Both parties have the right to receive notice in advance of any hearing at which the opposing party will be represented by counsel. "Notice in advance of any hearing" is defined as actual notice provided to the opposing party or their attorney in person, by telephone, or in writing sufficiently in advance of the hearing to permit the other party a reasonable opportunity to obtain counsel. If advance notice is not given, the court may postpone your hearing.

## IMPORTANT INFORMATION FOR DEFENDANT

At the hearing to be held on the date and time specified on the face of this order, the court will decide on whether to extend or modify this order, and whether to grant any relief that has been denied on this order. After the hearing, an order, which may remain in effect for up to one year, may be issued concerning relief from abuse, possession of the home and custody of the children.

## DEFENDANT'S RIGHT TO AN EARLIER HEARING TO MODIFY THIS ORDER

When the defendant has compelling reasons to request a hearing sooner than the date specified on this order, the defendant may, by written motion and affidavit, request modification of the terms of the order relating to child custody and/or possession of the home. On at least two days notice to plaintiff, or on such shorter notice to the plaintiff as the court deems necessary, the court may hold a hearing on the motion.

**************************************************************************

## RETURN OF SERVICE

| Vermont Family Court | County WAShington | Docket Number |
|---|---|---|

| Plaintiff's Name JULIE TOWNSEND | Defendant's Name V. ██████████ |
|---|---|

On Date of Service 9-20-97 at Time of Service 1849 I personally served this Order and Notice of Hearing

upon ██████████ by HAND At 80

WAShington St. Apt 4

| Signature of Serving Officer Robert Ryan | Title Sgt | Social Security Number |
|---|---|---|

| Fees: | Acceptance of Service: |
|---|---|
| Service = $_____ | I, Name of Defendant (p████████d) ██████████ |
| _____ miles at _____ = $_____ | hereby accept service of this Order. |
| Total = _____ | ██████████ Date 9/20/97 |

Form 150

## Complaint for
## Relief From Abuse

| Vermont Family Court | County Washington | Docket Number |
|---|---|---|

| Plaintiff's Name Julie A Townsend | 71 V. | Defendant's Name | Date of Birth |
|---|---|---|---|

**Relationship of the Parties**

Defendant's Street Address 80 Washington St #4   City, State, Zip Code Barre VT 05641

☐ Family Members:
- ☐ Spouses
- ☐ Former Spouses
- ☐ Other:

☒ Household Members: not

Household Members: Persons living together or sharing occupancy and persons who have lived together in a sexual relationship

**EXISTING COURT ORDERS OR PROCEEDINGS:**
Is there an existing order or a pending court proceeding involving you, the Defendant, or the child(ren) named in this Complaint?

* Please indicate the court and name of attorneys representing either of the parties for any "Yes" box checked:

|  | No | Yes* |  | No | Yes* |
|---|---|---|---|---|---|
| Divorce | ☒ | ☐ | Child Custody | ☐ | ☒ |
| Annulment | ☒ | ☐ | Child Visitation | ☐ | ☒ |
| Abuse Prevention | ☐ | ☒ | Criminal | ☐ | ☒ |
| Support | ☐ | ☒ | Guardianship | ☒ | ☐ |
| Parentage | ☒ | ☐ | Juvenile (SRS) | ☒ | ☐ |

☒ Vermont   ☒ Family
☒ District ☐ Superior ☐ Probate   County Washington
State (Other than Vermont)   County

Attorney for Plaintiff   Attorney for Defendant P.D.

**1.A.** On Date 9-20-97 the Defendant did the following to ☒ Plaintiff   ☐ Other Family or Household Member(s)   ☒ Plaintiff's Child(ren)

1. ☒ Attempted to cause or caused physical harm
2. ☒ Placed him/her/them in fear of imminent serious physical harm.
3. ☒ Abused the child(ren) as defined by 33 V.S.A. Section 4912; i.e. physically injured or otherwise treated the child(ren) in a manner which placed the child(ren)'s life, health, development or welfare in jeopardy.

**B.** ☒ There is a danger of further abuse.

**C.** ☐ Defendant has a duty to support ☐ Plaintiff ☐ the Child(ren).
☒ Plaintiff ☐ Defendant is or has been a recipient of ANFC.

**2. A.** The Plaintiff requests that the court enter an order which includes the following:
1. ☒ an order that the Defendant refrain from abusing or stalking ☒ Plaintiff ☒ Plaintiff's child(ren) and refrain from interfering with his/her/their personal liberty.
2. ☐ an order that the Defendant immediately leave the household and Plaintiff be awarded sole possession of the residence.
   The residence is ☐ owned   in: ☐ Plaintiff's Name Only   ☐ Defendant's Name
   ☐ rented/leased   ☐ Both Plaintiffs and Defendant's Name
3. ☐ an order of temporary custody of the following minor child(ren):

Name(s) and Date(s) of Birth of Minor Child(ren)
Rachel Rae Townsend   2-14-97

Relationship of Plaintiff to Child(ren): ☒ Parent ☐ Stepparent ☐ Other: _____
Relationship of Defendant to Child(ren): ☐ Parent ☐ Stepparent ☐ Other: none
**B.** ☐ Based on the relationship to Defendant and/or the child(ren) Plaintiff requests a Temporary Order for ☐ Living Expenses ☐ Child Support

**C.** ☒ Other: no contact, stay 500' away from plaintiff, child, (?)

Instruction:  SIGN BELOW; Complete Sections D, E and F Only If Immediate Relief is Requested.

**REQUEST FOR EMERGENCY RELIEF - MOTION FOR TEMPORARY ORDER**

**D.** ☒ Plaintiff is in immediate danger of further abuse and therefore requests the Court to order the Defendant to refrain from abusing the ☒ Plaintiff ☒ Plaintiff's child(ren) and refrain from interfering with his/her/their personal liberty.

**E.** ☐ ☐ Plaintiff ☐ Plaintiff's child(ren) has/have been forced from the household and will be without shelter unless the Defendant is ordered to leave the premises and therefore Plaintiff requests the Court to order the Defendant to immediately leave the household and to order sole possession to the Plaintiff of the home located at:

**F.** ☐ There is an immediate danger of physical or emotional harm to the minor child(ren) and therefore Plaintiff requests the Court to award temporary custody of the minor child(ren) identified in Paragraph 2(A)(3) to Plaintiff or to other persons.

The facts to support this request for emergency relief can be found in Plaintiff's accompanying affidavit.

| Distribution: White: Court  Yellow: Plaintiff | Signature of Plaintiff/Attorney Julie A Townsend | Date 9-20-97 |
|---|---|---|
| Rev. 8/95 1smc   Pink: Defendant   Goldenrod: File | | |

FELL-00003356

Form No. 151
Affidavit: Relief from Abuse

Docket Number

## STATE OF VERMONT
## AFFIDAVIT IN SUPPORT OF REQUEST FOR EMERGENCY RELIEF FROM ABUSE
Pursuant to 15 V.S.A. Chapter 21

| Plaintiff Julie A Townsend | v. | Defendant |
|---|---|---|

In support of the claims made in Plaintiff's request for emergency relief from abuse, subject to the penalties for perjury, I state the following facts, which are true to the best of my knowledge and belief, about the abusive treatment and present situation: ( Please be brief )

████ and I lived together until sept 13th and I'v made it very clear to him I dont want to see him anymore and he has continued to follow me every where I go to the grociere store he's follows me there he has come to my house several times and left many notes and when I was there he refuses to leave when I told him to get out. He's made threats to me about doing something to my vehicle he calls my friends all the time and asks all kinds of questions about where I am and who Im with. he also followed me to dannys out pub and continued to harrase me about going home with him and when I refused several times he became agitated and the bartender had to ask him to leave. He has a severe drinking problem and becomes violent when drinking he also has several prior assolts on woman and has been convicted more than once he now also has a case pending for two simple assolt charges and on his ex girlfriend Tina and her boyfriend at the time he also has a unlawful thesspass for breaking down Tinas door and assolting the guy she was with and her. He has a no puchass posses or consume order and a restraining order on him for tina. Tina I feel very scared of this man at all times always looking over my shoulder Im afraid to be alone. I'v also found a note on my night stand one night when returning home and both my doors were locked and I've never given him a key.

| | Signature of Plaintiff Julie A Townsend | Date 9-20-97 |
|---|---|---|

Subscribed and sworn to before me.

| | Signature of Notary Public | Date 9-20-97 | Expiration Date 2-10-9d |
|---|---|---|---|

R 2M 08/87 V.C.I.          White—Court          Yellow—Plaintiff          Pink—Defendant          Goldenrod—File

FELL-00003357

Form No. 151
Affidavit: Relief from Abuse

Docket Number

## STATE OF VERMONT
## AFFIDAVIT IN SUPPORT OF REQUEST FOR EMERGENCY RELIEF FROM ABUSE
Pursuant to 15 V.S.A. Chapter 21

Plaintiff Julie Townsend    V.    Def ▮▮▮▮▮

In support of the claims made in Plaintiff's request for emergency relief from abuse, subject to the penalties for perjury, I state the following facts, which are true to the best of my knowledge and belief, about the abusive treatment and present situation: ( Please be brief )

I feel very fearful about my safety and feel I have a right not to have to live in fear every where I go. Today he followed me and some friends I was with in traffic and at the traffic light he got out of his car and came over to the car I was in with my friends and made threats to them for being with me.

Signature of Plaintiff  Julie A. Townsend    Date 9-20-97

Subscribed and sworn to before me.

Signature of Notary Public    Date 9-20-97    Expiration Date 2-10-99

R 2M 08/87 V.C.I.    White–Court    Yellow–Plaintiff    Pink–Defendant    Goldenrod–File

FELL-00003358

FILED

# Intermediate Sanction Report
# Community Correctional Services Center

Offender Name: ███████████          Date: 9/18/97

Defense Attorney: Joel Faller          State's Attorney: Anne Buttimer

Offense(s):  Simple Assault 2cts          Docket #: 661-6-97 UT
             Unlawful Trespass Felony               661-6-97 SA
                                                    661-6-97 SA


Author Of Report: Diane Smith

## Referral Request

Sanction:    Supervised Community Sentence _____     Pre-Approved Furlough ___X

Program:     Intensive Substance Abuse _____     Life Skills Management _____
             IDAP___X_____

## Offense Summary:

Felony__X__          Misdemeanor__X___          Planned _____ Alone _____

Codefendants _____     Aggravating Factors __X___          Mitigating Factors _____

Victim(s) __X___          Victim(s) Wishes To Make A Statement _____
                                   9/22 SA office to call back

**Victim(s):** (if available and appropriate)

Name:___Mr.Barber_____          Name:___Ms. Boyce_____

Address:_____          Address: _____

Restitution Amount: $_____          $_____*****victims comp application

## Social History/Risk Assessment

### Personal

DOB: ███████          Age: __36          POB: _St. Amboy, NJ

Marital Status: ___Divorced     Number of Children (if applicable): _2 biological 1 non
                                                                        biological


### Family History:

Stable Upbringing _____          Criminal Family/Siblings _____          Disruptive Upbringing __X_

INTERMEDIATE SANCTION REPORT - CONFIDENTIAL

## Social History/Risk Assessment (continued)

### Medical History:

Not Remarkable __X__          Issues That Impact On Supervision _____

### Educational History:

Highest Grade Completed __10          Needs Educational Services _____

History Of Suspensions Or Expulsions_____          **GED 1982**

### Financial History:

Has Necessary Knowledge And Skills To Manage Finances__X__          No Problems _____

Needs Assistance In Managing Finances _____

### Employment History:

Currently Employed __X__          Has Problems Maintaining Employment _____

Job Is Sufficient To Support Financial Responsibilities  Yes ___  No ___ **\*\*\* ?s what this conviction may do to employment status.**

### Residence:

Stable __X___  High Risk Living Situation _____  Needs Modification _____

Current Residence Appropriate For Requirements Of Program __X___

### Leisure/Recreation

Appropriate Use/Involvement With Organized Activity __X___  High Risk Activity _____
Companions Are Basically Criminal ___  Companions Are Basically Non-criminal _____

Need To Develop Pro-social Leisure Activities _____

### Emotional/Personal/Interpersonal

Past Psychiatric Treatment _____          Current Psychiatric Treatment _____

History Of Interpersonal Violence __X___          Problem-solving Deficit ___

Interference With Normal Functioning: High ___  Moderate ___  Low _____

History Of Problems With Authority _____

### Attitude Towards Supervision/Commitment To Change

INTERMEDIATE SANCTION REPORT - CONFIDENTIAL

FELL-00003360

Past Supervision History: Ended Satisfactorily __X__ 1983 & 1994__ Ended In Revocation/Violation __X__ 1993

Attitude Towards Current Offense(s): Denial ___ Minimized ___ Accepting __X__

Has Been Oriented To Intermediate Sanction Program __X__

Willing To Actively Participate In Program And Case Plan __X__

## Summary and Recommendation:

INTERMEDIATE SANCTION REPORT - CONFIDENTIAL

FELL-00003361

ISR/█

SUMMARY & RECOMMENDATION:  Before the court stands 36 year old, █████ █ charged with 3 domestic related criminal offenses while intoxicated.  The following criminogenic need areas outline his eligibility for IDAP:

CRIMINAL HISTORY:  Mr. █████ has an assaultive history that dates back to 1983.  Allegedly all convictions took place under the influence of drugs or alcohol.  Mr. █████ record also reflects a stalking pattern illustrated by his unwelcome behaviors associated with prior intrusions and his current offenses.

According to his record check he has 2 Simple Assault convictions, a Disorderly Conduct, 3 Unlawful Trespass, an Unlawful Mischief, 1 Burglary, felony, 2 Violations of Probation, and 3 DWIs with miscellaneous driving offenses.

Mr. █████ explains that his domestic related assaults begin with relapse and obsessing about his relationships until he snaps.

In 1992, he reports that he assaulted his ex-wife and returned a month later and picked up an Burglary charge later reduced to an Unlawful Trespass.

His 1980's convictions involved kicking in a window, assault on a police officer and "cracking" someone outside a bar.

Demonstated by his 2 Violations of Probation, Mr. █████ s history of supervision speaks for itself.  However, to his credit he was satisfactorily discharged in 1994.

CURRENT OFFENSE:  Mr. █████ describes this offense as a jealous rage combined with his relapse on alcohol.  He describes that he and Tina had already broken off their relationship and separated.  However, █████ who reports that he was looking for a friend, "ran" into Tina and another gentleman the evening of the offense.  █████ describes that his obsession escalated throughout the evening resulting in his complete loss of control.

VICTIM'S STATEMENT:  Tina acknowledges that she knew █████ s history.  Their relationship was ok for a while.  However, 8 months prior to these offenses, █████ "went off" on her.  Tina describes █████ s behavior as physically dragging her out of her car, nearly choking her and verbally threatening her.  Tina never reported this incident.

FAMILY/MARITAL:  █████████ describes an abusive upbringing after his father left at an early age.  His mother's institutionalizations for an emotional breakdown sent Patrick into foster homes until the age of 3 when he lived with an aunt until his mother was discharged from Waterbury State Hospital at the age of 5.

Mr. █████ continues that his mother engaged in a lesbian-type relationship with a woman who was abusive to █████ locking him out in the cold, throwing him down the stairs, etc..  By the age of 16, █████ reports that he could not handle the situation anymore.  He reports that he punched his mother's partner in the face and never went home again.

█████ reports that he married in 1988 resulting in divorce from a prior domestic.  He has 2 biological children and 1 other child

█████/ISR:
from a previous relationship which he found out later was not his.

SUBSTANCE ABUSE: ████████████ reports that his father left him a
Trust Fund amounting to $26,000. Within months, he used up the
money. ████ reports that his substance abuse habits escalated from
the 1970's to 1992, his drugs of choice being alcohol,
pharmecuticals, cocaine and marijuana.
   His treatment history includes CDAS, Maple Leaf Farm and AA.
He self reports that he is currently attending 3 AAs per week and
has a sponsor. ████ reports that he did well when he lived at Dismas
House in Burlington upon completion of his sentence.


EDUCATION/EMPLOYMENT: ████ ████ never completed highschool but
attended the Barre Learning Center where he completed his GED. He
self reports he hated school and never went to class.
   He moved onto an apprenticeship as a meat cutter locally. He
is currently employed parttime at Price Chopper earning $11.00 per
hour. He was asked to leave Grand Union (a full time position) due
to his current legal status with victim, Tina Boyce who continues
to work there. ████ reports that he has been dismissed from work
due to his drug use and his legal status in the past.

RESIDENCE: Residence may be an issue due to his loss of income.
Mr. ████ would like to return to Dismas House and complete the IDAP
program through the Burlinton Office. A referral has been made to
Burlington.

EMOTIONAL/PERSONAL: There is no history of psychological/emotional
intervention. Mr. ████, however, takes full responsibility for his
behaviors and substance abuse issues. He has completed DAEP, the
Domestic equivilent in Chittenden County.

RECOMMENDATION: Mr. ████ appears eligible for IDAP. However, it
is the recommendation of this officer that in addition to the
standard conditions of pre-approved furlough, this client should
attend and participate in substance abuse screening, counseling and
treatment, abide by family court orders with no contact with victim
or her family, reside as directed and shall not purchase or possess
firearms or other deadly weapons.

FELL-00003363

## Washington County District Court
### Substance Abuse Intervention and Education Program

1. Arraignment Day (presenter completes)                  Date _06/26/97_

Name: ███████ ███████

Interviewer: _Nancy Stellges M.S.Ed CAR_

Defendant attended education program: (Y) N

Defendent participated in interview:  (Y) N

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. Review at Arraignment (Judge completes)              Date ___/___/___

Defendant is willing to share interviewers recommendations with court:  Y   N

Treatment is recommended:  Y   N

Judge _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3. Review at Sentencing                                 Date ___/___/___

Defendent has entered treatment:  Y   N

Defendent has documentation from treatment provider:  Y   N

Comments:



Judge _____

9/96 H.G.

FELL-00003364

STATE OF VERMONT
District Court of Vermont
Unit #3, Washington Circuit

NEXT APPEARANCE DATE: AUGUST 18, 1997
  CALENDAR CALL ~~AUGUST 18, 1997~~                    JURY DRAW _____
   9:00 A.M. Private Attorney Cases
   9:30 A.M. Public Defender Cases
  11:00 A.M. Pro Se Cases                STATUS CONFERENCE _____

### PRE-TRIAL ORDER

    In this matter, IT IS HEREBY ORDERED, no later than 7 days from the date of this order the State's Attorney shall:

    (a)  disclose to the pro se defendant or defendant's attorney the names and addresses of all witnesses presently known to the prosecuting attorney, and permit the defendant's attorney to inspect and copy or photograph the written and/or recorded statements of such witnesses which may be within the prosecuting attorney's possession or control;
    (b)  disclose to the pro se defendant or defendant's attorney and permit him or her to inspect and copy or photograph all materials or information within the prosecuting attorney's possession, custody, or control that is subject to V.R.Cr.P.16(a)(2);
    (c)  disclose to the pro se defendant or defendant's attorney any and all collateral or exculpatory information as contemplated by V.R.Cr.P. 16(b) & (c).

    IT IS FURTHER ORDERED, that the State's Attorney, no later than 20 days from arraignment, shall provide records of all criminal convictions of all witnesses to the pro se defendant or defense attorney.

    IT IS FURTHER ORDERED, subject to the provisions of V.R.Cr.P. 16.1(c), the pro se defendant or defendant's attorney shall disclose to the prosecuting attorney no later than 20 days from date of this order a list of witnesses and their addresses to be called at trial, as well as all other materials and disclosures subject to V.R.Cr.P. 16.1.

    IT IS FURTHER ORDERED, that the defendant's attorney shall give notice of alibi, insanity or diminished capacity, entrapment, necessity or self-defense defenses in the form required by V.R.Cr.P. 12.1(b) no later than 25 days from date of this order.

    All pre-trial motions shall be filed no later than 30 days from date of this order. Motions are to be accompanied by a concise statement of the facts and the law relied upon, whether any testimony is expected and an estimate of the amount of time any hearing is expected to take. The party opposing a motion shall file a written opposition within 5 days of receipt of the motion together with a statement of whether any testimony is expected and an estimate of the amount of time any hearing is expected to take.

    Citations to authority in all motions or memoranda other than Vermont caselaw, statutes or rules must be accompanied by copies of the cited authority to be considered by the Court.

    ALL 12(d) MOTIONS TO DISMISS FOR LACK OF PRIMA FACIE CASE - Must be filed within 30 days of this order. Motions must concisely state the element(s) of the offense challenged and be accompanied by any affidavits to be submitted. The State must respond

1



Washington Circuit

FILED
OCT 20 1997
ENVIRONMENTAL COURT

POTENTIAL SHORTEST MINIMUM AND LONGEST MAXIMUM RELEASE DATES*

NAME: ▮▮▮▮▮▮▮▮▮ DOB: ▮▮▮▮▮

Docket Number(s): _WnCr 661-6-97_

Done By: _C Swaim_ Date: _10-14-97_ Location: _BuCCSC_

** POTENTIAL SHORTEST MINIMUM RELEASE DATE: _2-17-99_

** POTENTIAL LONGEST MAXIMUM RELEASE DATE: _10-9-2001_

*REQUIRED BY STATUTE. 13 VSA Sect. 7044. ". . .shall provide to the court a calculation of the potential shortest and longest lengths of time the defendant may be incarcerated taking into account the provision of reductions of term pursuant to 28 V.S.A. ss 811 based on the sentence or sentences the defendant is serving, and the effect of any credit for time served as ordered by the court. . ."

**There are variables not reflected in the calculation which may, if present, affect the date shown, eg.

- the offender may be awarded up to 10 days of Earned Reduction of Term for program performance (all possible automatic and earned reduction of term have been calculated in the Potential Shortest Minimum Release Date),

- the offender may be denied or be caused to forfeit previously awarded Automatic Reduction of Term because of disciplinary infractions. (No loss or forfeiture of reduction of term has been calculated in the potential shortest and longest release dates.)

NOTE: The offender may be released to the community on furlough up to 90 days prior to the minimum release date.

NOTE: This does not include the additional 15 days per month reduction in term for work camp program participation.

FELL-00003366

Form No. 369A
Notice of Plea Agreement

State of Vermont
District Court of Vermont
## NOTICE OF PLEA AGREEMENT

State of Vermont vs. ███████ █████████

Date  9-29-97

The State of Vermont and the Defendant named above enter into the following agreement:

| Charge: Unlawful Trespass | Charge: Simple Assault | Charge: Simple Assault |
|---|---|---|
| Docket Number: 661-6-97 | Docket Number: 661-6-97 | Docket Number: 661-6-97 |
| Amended: Yes / No | Amended: Yes / No | Amended: Yes / No |
| Amended Section No: ____ | Amended Section No: ____ | Amended Section No: ____ |
| Guilty / Nolo Contendre | Guilty / Nolo Contendre | Guilty / Nolo Contendre |
| SENTENCE: | SENTENCE: | SENTENCE: |
| FINE $____ & Surcharge $17⁵⁰ | FINE $____ & Surcharge $17⁵⁰ | FINE $____ & Surcharge $17⁵⁰ |
| (Min.) 2 Yr. ___ Mo. ___ Days | (Min.) ___ Yr. 0 Mo. ___ Days | (Min.) ___ Yr. 0 Mo. ___ Days |
| (Max.) 3 Yr. ___ Mo. ___ Days | (Max.) ___ Yr. 12 Mo. ___ Days | (Max.) ___ Yr. 12 Mo. ___ Days |
| Concurrent / Consecutive | Concurrent / Consecutive | Concurrent / Consecutive |
| Suspended with Probation: Yes / No | Suspended with Probation: Yes / No | Suspended with Probation: Yes / No |
| Credit for Time Served: _____ | Credit for Time Served: _____ | Credit for Time Served: _____ |
| All Suspended except ____ days/mths/yrs | All Suspended except ____ days/mths/yrs | All Suspended except ____ days/mths/yrs |

TOTAL SENTENCE: 2-4 years to serve PA  Total FINE & Surcharges: $ 52.50

| Cases to be Dismissed by State: | Special Probation Conditions: |
|---|---|
| Docket # _____ Charge: _____ | |
| Docket # _____ Charge: _____ | |
| Docket # _____ Charge: _____ | |
| Docket # _____ Charge: _____ | |
| Docket # _____ Charge: _____ | |

Report Date: _____  Forthwith: ████
PSI Ordered? Yes / No
Defendant already on probation? Yes / No    (See Reverse for General Conditions)

Other: Pre-approved Furlough Immediately.

~~State will not bring any further charges that are on file at this time.~~
This is a binding Rule 11 Agreement.

I have reviewed this agreement and understand it.
D_████████ Date 9/29/97

Prosecutor ___E. Buttome___ Date 9/29/97

Defense Attorney ___F. Fells___ Date 9/29/97

Judge _____ Date _____

Guardian Ad Litem _____ Date _____

Ismc 5/95

FELL-00003367



## MITTIMUS TO COMMISSIONER OF CORRECTIONS

### STATE OF VERMONT
### District Court of Vermont
### Unit No. 3, Washington Circuit

Re: ███ ████████                           Date of Order: 10/08/97
Date of Birth: ████████
661-6-97 Wncr

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF VERMONT

You are ordered to commit the above-named defendant to the Commissioner of Corrections or his authorized representative who is ordered to receive the defendant in accordance with the following sentence(s):

661-6-97 Wncr Ct. 1:    UNLAWFUL TRESPASS
    Minimum: 2 Year(s) Maximum: 3 Year(s)

    Sentence to commence 10/16/97

661-6-97 Wncr Ct. 2:    SIMPLE ASSAULT
    Minimum:  none Maximum: 12 Month(s)
    consecutive to ct. 1 concurrent to ct. 3
    Sentence to commence 10/16/97

661-6-97 Wncr Ct. 3:    SIMPLE ASSAULT
    Minimum:  none Maximum: 12 Month(s)
    concurrent to ct. 1+2

To be served Thursday at 12:00 PM
PAF/IDAP IF THERE IS AN OBJECTION TO MR. ████S A
CCEPTANCE TO IDAP THERE WILL BE A HEARIN G ON THURSDAY OCT. 16, 1997 AT 1:00 PM T
O DISCUSS MR. ████S G.O.P. Report to Burlington CCSC.

By Order of the Court: _____    Judge Walter M. Morris, Jr.

### OFFICER'S RETURN

By Authority of this mittimus, I committed the above_named defendant to the

| Location/Corr. Facility | Date | Time | AM PM |
|---|---|---|---|
|  |  |  |  |

and left the Supervising Officer of the facility a copy of this Mittimus with my return.

| Officer's Signature | Title |
|---|---|
|  |  |

**MITTIMUS TO COMMISSIONER OF CORRECTIONS**

### STATE OF VERMONT
### District Court of Vermont
### Unit No. 3, Washington Circuit

Re: ███ ███████                    Date of Order: 10/08/97
Date of Birth: ███████
661-6-97 Wncr

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF VERMONT

You are ordered to commit the above-named defendant to the Commissioner of Corrections or his authorized representative who is ordered to receive the defendant in accordance with the following sentence(s):

661-6-97 Wncr Ct. 1:   UNLAWFUL TRESPASS
     Minimum: 2 Year(s) Maximum: 3 Year(s)

     Sentence to commence 10/16/97

661-6-97 Wncr Ct. 2:   SIMPLE ASSAULT
     Minimum:  none Maximum: 12 Month(s)
     consecutive to ct. 1 concurrent to ct. 3
     Sentence to commence 10/16/97

661-6-97 Wncr Ct. 3:   SIMPLE ASSAULT
     Minimum:  none Maximum: 12 Month(s)
     concurrent to ct. 1+2

To be served Thursday at 12:00 PM
PAF/IDAP IF THERE IS AN OBJECTION TO MR. ████ A
CCEPTANCE TO IDAP THERE WILL BE A HEARIN G ON THURSDAY OCT. 16, 1997 AT 1:00 PM T
O DISCUSS MR. ████ C.O.P. Report to Burlington CCSC.

By Order of the Court:_____    Judge Walter M. Morris, Jr.

### OFFICER'S RETURN

By Authority of this mittimus, I committed the above_named defendant to the

| Location/Corr. Facility | Date | Time | AM PM |
|---|---|---|---|
|  |  |  |  |

and left the Supervising Officer of the facility a copy of this Mittimus with my return.

| Officer's Signature | Title |
|---|---|
|  |  |

FELL-00003369

Form No. 369A
Notice of Plea Agreement

**State of Vermont**
**District Court of Vermont**

## NOTICE OF PLEA AGREEMENT

State of Vermont vs. ▮▮▮▮▮▮▮▮▮▮▮▮▮    Date  _7-29-77_

The State of Vermont and the Defendant named above enter into the following agreement:

| | | |
|---|---|---|
| Charge: _____ | Charge: _____ | Charge: _____ |
| Docket Number: _____ | Docket Number: _____ | Docket Number: _____ |
| Amended: Yes / No | Amended: Yes / No | Amended: Yes / No |
| Amended Section No: ____ | Amended Section No: ____ | Amended Section No: ____ |
| Guilty / Nolo Contendre | Guilty / Nolo Contendre | Guilty / Nolo Contendre |
| SENTENCE: | SENTENCE: | SENTENCE: |
| FINE $____ & Surcharge $ _17_ | FINE $____ & Surcharge $ _17_ | FINE $____ & Surcharge $____ |
| (Min.) _2_ Yr. ____ Mo. ____ Days | (Min.) ____ Yr. _0_ Mo. ____ Days | (Min.) ____ Yr. _0_ Mo. ____ Days |
| (Max.) _3_ Yr. ____ Mo. ____ Days | (Max.) ____ Yr. _1_ Mo. ____ Days | (Max.) ____ Yr. _1_ Mo. ____ Days |
| Concurrent / Consecutive | Concurrent / (Consecutive) | (Concurrent) / Consecutive |
| Suspended with Probation: Yes / No | Suspended with Probation: Yes / No | Suspended with Probation: Yes / No |
| Credit for Time Served: _____ | Credit for Time Served: _____ | Credit for Time Served: _____ |
| All Suspended except ____ days/mths/yrs | All Suspended except ____ days/mths/yrs | All Suspended except ____ days/mths/yrs |

**TOTAL SENTENCE:** _____    **Total FINE & Surcharges:** $ _____

**Cases to be Dismissed by State:**

Docket # _____    Charge: _____
Docket # _____    Charge: _____
Docket # _____    Charge: _____
Docket # _____    Charge: _____
Docket # _____    Charge: _____

Report Date: _____    Forthwith: ✓

PSI Ordered?  Yes / No

Defendant already on probation?  Yes / No

**Special Probation Conditions:**

(See Reverse for General Conditions)

Other: _Pre approved furlough Immediately._

State will not bring any further charges that are on file at this time.
This is a binding Rule 11 Agreement.

| | |
|---|---|
| Prosecutor _____    Date _11/___/17_ | I have reviewed this agreement and understand it.<br>Defendant ▮▮▮▮▮▮    Date _11/__/17_ |
| Judge _____    Date | Defense Attorney _____    Date _7/29/17_ |
| | Guardian Ad Litem _____    Date |

Ismc 5/95

FELL-00003370

**STATE OF VERMONT**
**DISTRICT COURT OF VERMONT**
**Unit No. 3, Washington Circuit**

═══════════════════════════════════════════════════════════════

C O N D I T I O N S   O F   R E L E A S E

═══════════════════════════════════════════════════════════════

Date of Order: June  26,  1997

State v. ▮▮▮▮  ▮▮▮▮▮▮▮▮

**661-6-97 Wncr, count 1 UNLAWFUL TRESPASS**
**661-6-97 Wncr, count 2 SIMPLE ASSAULT**
**661-6-97 Wncr, count 3 SIMPLE ASSAULT**
        **Arresting Agency: Barre Town PD**

The Court has determined that future appearance(s) of the defendant will not be reasonably assured by his or her release on personal recognizance or execution of an unsecured appearance bond alone; and that the release of the defendant will constitute a danger to the public.  It is therefore ordered that the defendant be released upon the following conditions:

1. THE DEFENDANT SHALL PERSONALLY APPEAR IN COURT AS REQUIRED BY NOTICE TO THE DEFENDANT OR DEFENDANT'S ATTORNEY, OR BE IN VIOLATION OF THIS ORDER.

2. Defendant shall let his or her attorney or the court clerk know where he or she is at all times, and a telephone number and address where he or she may be reached.

3. Defendant shall not be charged with, and have probable cause found for, a felony, a crime against a person, or an offense like the offense he or she is now charged with.

12. Defendant shall not purchase, possess, or consume any alcoholic beverages.

17. Not to associate with nor harass the following people: Tina Boyce, Jason Barber, and Karen Robinson, nor cause the same to be harassed.

An alleged violation of one or more of the above conditions may immediately cause the court to issue a summons for a violation hearing.

Violations of any of the conditions may cause the court to issue an arrest warrant for defendant's arrest and a review of these conditions.

If necessary, additional conditions will be imposed, or the defendant will be held without bail.

Failure to appear as specified can result in imprisonment of not more than two years and a fine of not more than $5,000 under 13 V.S.A. Sec. 7559(d).  Failure to abide by any of these conditions can result in imprisonment of not more than six months and a fine of not more than $1,000 under 13 V.S.A Sec. 7559(e).

Defendant shall follow these conditions until this case is closed, or until the defendant is discharged from the conditions by this court.

By Order of the Court: _Edward Cashman_

═══════════════════════════════════════════════════════════════

I have received a copy of this order.  I have read it.  I understand it.

Date
6/26/97

Defen▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FELL-00003371