# EXHIBIT 329

misrec 189610                                  08/02/2013 16:24 Page 1

### VERMONT  SUPERIOR  COURT
### CHITTENDEN   COUNTY

Miscellaneous Payment Receipt
Payment Number 189610

Received:   08/02/2013
From:       VTP//pjr
Reason:     Certification Fee
Form:       Split Check
Check:      425
Docket:     4565-10-89cncr

Total for Payment                                          60.00

FELL-00003372

5:01-cr-00012-gwc    Document 512-52    Filed 04/15/14    Page 3 of 24

misrec 189611                                08/02/2013 16:24 Page 1

        V E R M O N T   S U P E R I O R   C O U R T
            C H I T T E N D E N   C O U N T Y

            Miscellaneous Payment Receipt
              Payment Number 189611

Received:   08/02/2013
From:       VPT//pjr
Reason:     Photo Copies and Photo Stats
Form:       Split Check
Check:      425
Docket:     4565-10-89cncr

Total for Payment                                5.25

FELL-00003373

STATE OF VERMONT

District Court
Form No. 349
Docket & Disposition Rpt.
Defendant

4565-10-89 CrCr

| Last Name | First | M.I. | Unit No. | Circuit | Incident Offense No. |
|---|---|---|---|---|---|
| ████ | ████ | | II | Chittenden | 89-05958 |

| Address | Scheduled Date of Appearance | DMV Use |
|---|---|---|
| ████ | October 16, 1989 | |

| City, State, Zip Code | Date of Birth | Age | Place of Birth |
|---|---|---|---|
| Burlington, Vermont | ████ | 28 | So. Amboy, N.J. |

| Date of Offense | Date of Arrest/Citation | Department | Operator's License No. | State | ☐ Accident ☐ Property Damage | ☐ Injury |
|---|---|---|---|---|---|---|
| 8/5/89 | 8/5/89 | SPD | | | | |

| Name of Offense | Count | Title | Section | Felony | Misd. | Muni. | Code (VCIC) |
|---|---|---|---|---|---|---|---|
| DWI | of | 23 | V.S.A. 1201(a)(2) | | XX | Ord. | |

## RULE 5

Date of Rule 5 Hg. 10/16/89
☒ Copy of Affidavit and Info. Provided to Defendant
☒ Probable Cause Found
☐ Continued for Plea

## ARRAIGNMENT

Date of Arraignment 10/16
Defendant Waives:
☒ 24 Hour Rule
☒ Reading of Info.
☐ Right to Counsel

Defendant Pleads:
☐ Guilty
☐ Nolo Contendere
☒ Not Guilty
☐ Pro Forma Not Guilty

Defendant's Attorney
☐ Pro Se
☒ Private
☐ Counsel Assigned
☐ Counsel Denied

Name of Judge: KUPERSMITH
Name of Reporter: TAPE
Name of Defendant's Attorney: C. DAVIS
Name of Guardian Ad Litem:

## FAILURE TO APPEAR

☐ Judicial Summons to Issue
☐ Arrest Warrant to Issue
Amount Bail
Date J/Summons
Date A/Warrant

## PRETRIAL

☐ Referred to Diversion  Date:
Date Discovery Order 10/16/89
Status Conference Set For
Calendar Call Set For 11/16/89 9:00
Jury Drawing Set For

### BAIL

PRE-ARRAIGNMENT BAIL
$_____
Date Set _____ Amount _____ Date Posted _____
☐ by _____

Date Set
Amount
Deposit
☒ Personal Recognizance
☐ Appearance Bond

Date Posted
Date Mitt. For Lack of Bail
Date Refunded
☐ Cash/Surety
☐ Conditions

Att's. Appearance or Return
11-16-89 CCC (HK) Independent BAC to be ordered by 11.22. Depos by 12.5
Set CCC th. 12-14-89 9:00 AM
12/15/89 Mo. to Suppress + Dismiss
12/14/89 – Set MTS
12/15/89 – MTS Fri. 1/5/90 10:00 am

## TRIAL

Date Jury Drawn | Judge/Reporter
Date Trial Begun | Judge/Reporter
☐ Trial by Jury | ☐ Trial by Court

### REFUSAL

Date of Determination
☐ P.O. Reasonable
☐ P.O. Not Reasonable
☐ Admitted by Def.
☐ Waived by S.A.

☐ Docket entries continued

## CONVICTION

AMENDED TO:
| Name of Offense | Title | Section V.S.A. | Felony | Misd. | Muni. Ord. | Code (VCIC) |
|---|---|---|---|---|---|---|

☐ Plea Guilty     Date 5 Jan 90   ☒ Plea Agreement
☐ Plea Nolo
☒ Verdict Guilty
☐ Guilty by Waiver
☐ Nolo by Waiver

Defendant's entry of plea of Guilty/Nolo Contendere is found by this court to be voluntary and made with knowledge and understanding of the consequences and after knowing waiver of constitutional rights. Plea has a factual basis. Said plea is hereby accepted and adjudication of guilty entered hereon.
JUDGE: ____

☐ PSI Ordered    Date ____   Sentencing Set For ____
☐ PSI Waived

## NON-CONVICTION

☐ Plea Agreement    Date
☐ Probable Cause Not Found
☐ Dismissed by Court
☐ Verdict Not Guilty
☐ Transferred to Juvenile Court
☐ Dismissed by S.A.- not Diversion.
☐ Dismissed by S.A.- Diversion Satisfactorily Completed

## SENTENCE

Date of Sentencing
Sentence Deferred For ☐ _____ years  2-23-90

FINE   Amount #280   Date Paid in Full 2-28-90   Due Date 2-16-90

SUR-CHARGE   ☒ $5.00 Surcharge Assessed   Date Paid

TERM
| | MINIMUM | | | MAXIMUM | | |
|---|---|---|---|---|---|---|
| | YEARS | MONTHS | DAYS | YEARS | MONTHS | DAYS |
| | | | | | | |

SUSPENDED / PROBATION
☐ ALL SUSPENDED
☐ PART SUSPENDED TO SERVE: YEARS MONTHS DAYS
☐ ON PROBATION
☐ Restitution $____
☐ Special Cond.

☐ Concurrent
☐ Consecutive to Dkt. No.'s.

☐ Judgment Not Guilty
☒ Judgment Guilty

Date of Disposition 1/5/90
☐ Mittimus   Date
☐ Probation Warrant
Probation Discharge Date 6-10-90

Signature of Judge ____   Date 5 Jan 90
Date Dis. Rpt. Sent 1/9/90

____ Certified to be a true copy of the original as the same appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

Signature of Clerk: Ann S. Greene   Date 1/9/90

DMV Use

Hold DMV notice 1 week

Vermont Superior Court       Chittenden Criminal Division

| Docket No. 2614-6-06 Cncr | State vs. ██████ | 2614-6-06 Cncr |
|---|---|---|

Prosecutor: Peter Bevere    Defendant: ██████
             DOB:
Motions pdg:       POB:
Bail set:        Atty:
Incarcerated:
    Conditions:    Aliases:
Case Status:       Address: ██████
  Disposed
             Colchester VT 05446

Next Hearing:

```
=====================================================================
Dspt  Docket No.     Ct. Statute              F/M/O
=====================================================================
1     2614-6-06 Cncr  1   23 674(b)           mis   07/03/06 Plea guilty
      VEHICLE OPERATION-LICENSE SUSPENDED #2 FOR DUI
=====================================================================
```

06/27/06 Information and Affidavit filed on 1 dispute.
    Dispute 1 for Docket No. 2614-6-06 Cncr Count #1, VEHICLE
    OPERATION-LICENSE SUSPENDED #2 FOR DUI, Misdemeanor, 23 V.S.A.
    674(b). Alleged offense date: 03/31/06. Arrest/citation date:
    03/31/06 Williston Police Department.
    Arraignment set for 07/03/06 at 08:30 AM.
07/03/06 Arraignment held by Edward J. Cashman. (TAPE).
    Probable Cause found by Judge Edward J. Cashman on dispute 1.
    Copy of Affidavit and Information given to defendant.  24 hour rule
    waived.
    Reading of Information waived.  Defendant pleads guilty on dispute 1.
    Judge Edward J. Cashman accepts plea after finding it to be voluntary
    and made with knowledge and understanding of the consequences and
    after a knowing waiver of constitutional rights.  Plea found to have
    a factual basis.  Adjudication of guilty entered.
    Sentence on dispute 1: to serve 4 day(s) to 5 day(s)
     to start on 07/03/06 per Judge Edward J. Cashman.  Pre-approved
    furlough, Community Restitution workcrew program. To be served
    Monday- Friday 08:00 AM to 4:00 PM. Sentence to commence 7/3/06 and
    thereafter as determined by Probation. If you do not show up for the
    sentence, as directed by your Probation Officer, or do not follow
    Corrections Department regulations, you will go directly to jail and
    serve the remainder of this sentence in jail. - ***To be scheduled on
    Defendant's days off Sentencing Mittimus to Commissioner of
    Corrections issued.  $22.00 surcharge assessed.  DUI Enforcement
    Surcharge: $50.00.
    .
    Judgment of Guilty entered by Judge Edward J. Cashman on dispute 1.
    Case closed.
    Show Cause for Failure to Pay Fine set for 08/07/06 at 01:30 PM.  **
    1. PAY FINE: You are ORDERED to pay your payment of 22.00 on or
    before 08/04/06.  ** 2. IF YOU DO NOT PAY YOUR FINE: You are ORDERED
    TO APPEAR ON 08/07/06 AT 01:30 pm to SHOWCAUSE WHY YOU SHOULD NOT BE
    HELD IN CONTEMPT OF COURT for failing to pay the fine. IF YOU FAIL TO
    APPEAR at this hearing as ordered, a DEFAULT JUDGMENT can be issued
    to HOLD YOU IN JAIL until you cure your contempt by paying the fine
    in full. ***************************** This has been explained to
    me.  I have read it. I understand it.  Signature
    _____ Date _____, 2006.
08/07/06 Show Cause for Failure to Pay Fine held by Edward J. Cashman. (TAPE).
    Entry Order: deft. FTA on 8/7 return to file. Do not persue.
08/28/06 Show Cause for Failure to Pay Fine set for 09/18/06 at 01:30 PM.  **

Certified to be a true copy of the original as the same appears on file in this office. Vermont Superior Court Clerk Chittenden Criminal Division

1. PAY FINE: You are ORDERED to pay your payment of 022.00 on or before 09/15/06.  ** 2. IF YOU DO NOT PAY YOUR FINE: You are ORDERED TO APPEAR ON 09/18/06 AT 01:30 pm to SHOWCAUSE WHY YOU SHOULD NOT BE HELD IN CONTEMPT OF COURT for failing to pay the fine. IF YOU FAIL TO APPEAR at this hearing as ordered, a DEFAULT JUDGMENT can be issued to HOLD YOU IN JAIL until you cure your contempt by paying the fine in full. ***************************** This has been explained to me.  I have read it. I understand it.  Signature _____ Date _____, 2006.

09/13/06  Payment Order no. 79896 paid in full.
          Show Cause for Failure to Pay Fine scheduled for 09/18/06 cancelled.
09/22/06  Tax referral on Payment #83681 Order #79897.

FELL-00003376

___Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

**Williston Police Department**

**Affidavit of Probable Cause**

**Chittenden County State of Vermont S.S.**

**NOW COMES OFFICER SCOTT GRAHAM, AFFIANT, BEING DULY SWORN AND ON OATH, DEPOSES AND SAYS HE HAS PROBABLE CAUSE TO BELIEVE** ▉▉▉▉▉ **(DOB** ▉▉▉ **) HAS COMMITTED THE OFFENSE OF DRIVING LICENSE SUSPENDED, A VIOLATION OF TITLE 23 VERMONT STATUTES ANNOTATED SECTION 674(b).**

On March 31, 2006, at approximately 1352 hours, I observed a tan Chevrolet Cavalier bearing Vermont registration BFW705 traveling east on Williston Road in the Town of Williston.

A Department of Motor vehicle check indicated the sole registered owner; ▉▉▉▉▉ (DOB ▉▉▉ ), privilege to operate a motor vehicle in the State of Vermont is currently criminally suspended. The description of ▉▉ in the Sumit41 and Department of Motor Vehicle Database matched the description of the male operating the vehicle.

I engaged my emergency blue lights and initiated a motor vehicle stop on Saint George Road. The male operator verbally identified himself to me as ▉▉▉▉▉ (DOB ▉▉▉ ).

Williston Road in the Town of Williston is a public highway as defined by Title 23, and is open to the general circulation of vehicles.

The defendant was taken into custody. Handcuffs were checked for a proper fit and double locked. He was then transported to the Williston Police Department for processing.

The defendant is currently criminally suspended for the following reasons:

| Conviction Code: | Suspension Effective Date: | Term of Suspension: |
| --- | --- | --- |
| CIV | 11-14-01 | LIFE |
| DW4 | 05-27-02 | LIFE |

The Department of Motor Vehicles record of the defendant is attached and incorporated by reference as if fully set forth herein.

The defendant was cited and released.

Subscribed and sworn to before me

On April 23, 2006

Notary

Affiant

4-23-06

Date

Vermont Superior Court                          Chittenden Criminal Division

```
| Docket No.  667-2-06 Cncr      State vs. ████  ████         667-2-06 Cncr |
```

Prosecutor:      Peter Bevere            Defendant:   ████████
                                         DOB:
Motions pdg:                             POB:
Bail set:                                Atty:        Nancy J. Waples
Incarcerated:
                 Conditions:             Aliases:
Case Status:                             Address:     ████████
     Disposed
                                                      Colchester VT 05446
Next Hearing:

=====================================================================
Dspt  Docket No.      Ct. Statute            F/M/O
=====================================================================
1     667-2-06 Cncr    1   13 1023(a)(1)       mis   08/28/06 Plea nolo contendr
      ASSAULT-SIMPLE
=====================================================================

02/13/06   Information and Affidavit filed on 1 dispute.
           Dispute 1 for Docket No. 667-2-06 Cncr Count #1, ASSAULT-DOMESTIC,
           Misdemeanor, 13 V.S.A. 1042. Alleged offense date: 02/11/06.
           Arrest/citation date: 02/11/06 Burlington PD.
           Arraignment set for 02/13/06 at 01:00 PM.
           Surety bond or cash set by Sadonna Delibac on dispute 1. Bail Amount:
           750.00 pre.
            $750.00 bail bond posted by Advantage Bail Bonds Vermont.  Custody
           status: released.
           Arraignment held by Edward J. Cashman. (TAPE).
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           dispute 1. Pre-trial discovery order issued.
           Probable Cause found by Judge Edward J. Cashman on dispute 1.
           Conditions set by Edward J. Cashman on dispute 1. Bail Amount: 0.00
           set. Condition[s] 1-3,14 imposed; No.14: not to have contact with
           Mary Bartlett & VH.
           Entry Order: Deft to hire private counsel.
           Calendar Call set for 03/08/06 at 08:30 AM.
02/17/06   1 document filed for party : Copy of Final Relief from Abuse Order.
02/22/06   Calendar Call scheduled for 03/08/06 rescheduled.
           Calendar Call set for 03/08/06 at 09:30 AM.
03/08/06   Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
           Entry Order: Atty Waples enters appearance.  Offer extended.  Motions
           by next date.
           Calendar Call set for 04/05/06 at 08:30 AM.
           Appearance entered by Nancy J. Waples.
04/04/06   Motion to Continue April 5 Hearing/ Deadline filed by Attorney Nancy
           J. Waples for Defendant ████████ on dispute 1. Motion to Continue
           April 5 Hearing/ Deadline given to judge.
           Motion 1 (to Continue April 5 Hearing/ Deadline) granted by Linda
           Levitt.  Cancel April. Set May 3- motion deadline.
           Calendar Call scheduled for 04/05/06 continued.
           Calendar Call set for 05/03/06 at 08:30 AM.
05/03/06   Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
           Entry Order: Motion deadline extended. Defense just received
           discovery.  If no motions or resolution, set for dra w.
           Calendar Call set for 06/21/06 at 08:30 AM.
06/21/06   Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
           Entry Order: Will be set for September Draw.
           Calendar Call set for 07/19/06 at 08:30 AM.
```



Certified to be a true copy of the original as the same appears on file in this office. Vermont Superior Court Clerk Chittenden Criminal Division

07/14/06  Jury Drawing set for 09/11/06 at 08:30 AM.
07/18/06  Motion to Dismiss for Lack of Prima Facie filed by Attorney Nancy J.
          Waples for Defendant ▮▮▮▮▮▮▮▮▮ on dispute 1. Motion to Dismiss for
          Lack of Prima Facie to be set for hearing.
07/19/06  Calendar Call held by Christine J. Brock, Court Manager. (OFFREC).
          Entry Order: Set Motion to Dismiss.
          Status Conference set for 08/01/06 at 01:00 PM.
07/29/06  Motion to Continue 8-1-06 filed by Attorney Nancy J. Waples for
          Defendant ▮▮▮▮▮▮▮▮▮ on dispute 1. Motion to Continue 8-1-06 given
          to judge.
08/01/06  Motion 3 (to Continue 8-1-06) granted by Linda Levitt.
          Status Conference scheduled for 08/01/06 continued.
          Motion Hearing set for 08/28/06 at 11:00 AM.
08/16/06  Case status changed to Active - Ready for trial.
08/28/06  Motion Hearing held by Michael S. Kupersmith. (TAPE).
          Defendant pleads nolo contendre to amended charge on dispute 1. Plea
          agreement filed. Judge Michael S. Kupersmith accepts plea after
          finding it to be voluntary and made with knowledge and understanding
          of the consequences and after a knowing waiver of constitutional
          rights.  Plea found to have a factual basis.  Adjudication of guilty
          entered.
          Charge amended to ASSAULT-SIMPLE, Misdemeanor, 13 V.S.A. 1023(a)(1)
          on dispute 1.
          Sentence on dispute 1: to serve 4 month(s) to 12 month(s) all
          suspended and defendant placed on probation under standard conditions
          and special conditions 8,31-34.  No.8: to pay fine of $22.00.  No.31:
          Continue with current counselor David Huesman, at Ass. in
          Psycotherapy No.32 Other counseling if deemed appropriate by PO
          No.33: No contact with Mary Bartlett No.34: A-K,M,O Probation warrant
          issued expires on August 28, 2007.  $22.00 surcharge assessed.
          Restitution Hearing set for 10/02/06 at 10:30 AM.
          Dispute 1: Plea nolo contendre. Judgment of Guilty entered by Judge
          Michael S. Kupersmith on dispute 1.
          Case closed.
          Motion 2 (to Dismiss for Lack of Prima Facie) rendered moot.
          Jury Drawing scheduled for 09/11/06 cancelled.
          Restitution Hearing scheduled for 10/02/06 cancelled.
11/20/06  Motion for restitution hrg filed by Attorney Peter Bevere for
          Plaintiff State on dispute 1. Motion for restitution hrg given to
          judge.
11/27/06  Restitution Hearing set for 12/12/06 at 01:00 PM.
12/12/06  Restitution Hearing held by Mark J. Keller. (TAPE).
          Entry Order: Parties request continuance to review outstanding bills
          submitted by complaint and then see if can agree on amount Parties
          agree on amount of $3500.  Restitution ordered: Original order.
          Case closed.
          Motion 4 (for restitution hrg) rendered moot.
          Note: Restitution Order sent to all parties.
03/01/07  Maria Godleski, Probation Officer, entered as party/participant 3.
          Petition for Discharge from Probation filed.
03/05/07  Petition for Discharge from Probation for Satisfactory Completion
          granted by Michael S. Kupersmith.
02/11/10  Restitution satisfied.

FELL-00003379

___Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

**STATE OF VERMONT
BURLINGTON POLICE DEPARTMENT
CHITTENDEN COUNTY, SS.**

*AFFIDAVIT OF PROBABLE CAUSE*

NOW COMES **Officer Matthew White**, affiant being duly sworn and on oath, deposes and says he has probable cause to believe that ▮▮▮▮▮▮ (▮▮▮▮▮ has committed the offense of **Domestic Assault**, a violation of Title 13, V.S.A. 1042.

1)      On February 11, 2006 at approximately 1434 hours, I was dispatched to the area of 1904 North Ave, located within the City of Burlington Vermont, for a report of a physical domestic. Dispatch reported that the phone call came in via 911 from a third party source. The complainant reported that the female left in a van and the male was walking south on North Ave. I located a male matching the description at the intersection of North Ave and Pennington Ct.

2)      The male was bleeding from his hand with blood in his mouth. The male reported that he was just involved in a fight with a female. The male was identified as ▮▮▮▮ ▮▮▮▮. ▮▮▮▮ reported that the female was Mary Bartlet. Patrick reported that the female had left the scene. ▮▮▮▮ reported that they were in a dating relationship, but now they are occasionally having sexual relations. ▮▮▮ reported that he does not know how he received the injuries to his hand.

3)      ▮▮▮ requested to apply for a Temporary Relief from Abuse Order. I transported ▮▮▮ to the Burlington Police Department in order to meet with a court clerk. ▮▮▮ filled out a statement indicating that he was angry with Mary for sleeping with another man and wanted to talk with Mary. Mary picked up ▮▮▮ in her van so they could talk as Mary was running errands in Burlington. ▮▮▮ reported that Mary stopped the van and started repeatedly to punch him in the head while asking him to get out of the van. ▮▮▮ reported that Mary had kicked him on a couple instances.

4)      I talked to the complainant, identified as V.H. (▮▮▮89), over the phone who reported that she saw the van suddenly stop and observed a man and woman in a heated argument. V.H. reported that she heard the female saying, "get out". V.H. reported that she saw the female pushing and hitting the male. V.H. reported that the male then leaned over the seats and got onto Mary and was "pounding her with all he can" approximately 9 to 10 times. V.H. reported that Mary was laying back in the seat and he was on top of her.

5)      I met with Mary, identified as Mary Bartlett ▮▮▮62), who reported that she picked up ▮▮▮ and was going to take him along with her as she was running an errand so that they could talk about differences. Mary reported that they were traveling up North Ave near Northgate Rd when they were in a heated argument. ▮▮▮ requested that Mary let him out of the van. Mary reported slamming on the brakes and repeatedly ordering him to get out of the van. Mary reported that ▮▮▮ refused.

6)      Mary reported that ▮▮▮ snapped and anger overcame him. Mary reported that ▮▮▮ grabbed her neck and started to choke her. Mary said that she reached across him and attempted to open the passenger side door. Mary reported that she was punching at ▮▮▮ in an attempt to get him out of the van. Mary reported that ▮▮▮ forced her head over to the driver's side door and was squeezing extremely hard. Mary reported that she was pushing and kicking at him throughout the struggle.

7)      Mary reported that ▮▮▮ was swinging his hands at her face. Mary reported that ▮▮▮ hit her with his fist in the mouth; causing bleeding. Mary reported that she fell backwards out of the van and hit the ground. Mary reported that ▮▮▮ exited the van and she then locked herself inside and left the scene. Mary described the incident as causing her an extreme amount of pain. Mary also reported that the sequence of events is extremely blurred. Mary recounted the sequence of events numerous time; all consistent each time.

8)      Mary has visible scratches and reddening to her neck.  Mary reported that her neck is extremely sore and her throat is extremely tight.  I could not locate any Relief from Abuse Orders involving the two parties.

**Subscribed and sworn before me on**

This 11th day of February , 20 06

_____
(Notary Public)

_____
(Affiant)

03/11/06
_____
(Date)

FELL-00003381

Vermont Superior Court                                    Chittenden Criminal Division

```
┌─────────────────────────────────────────────────────────────────────────┐
│  Docket No.  5045-10-05 Cncr    State vs. ███ ████        5045-10-05 Cncr │
└─────────────────────────────────────────────────────────────────────────┘
```

Prosecutor:     Justin Jiron              Defendant:  █████████████
                                          DOB:
Motions pdg:                              POB:
Bail set:                                 Atty:
Incarcerated:
                Conditions:               Aliases:
                                          Address:    █████████████
Case Status:
    Disposed
                                                   Colchester VT 05446
Next Hearing:

=============================================================================
Dspt  Docket No.      Ct. Statute            F/M/O
=============================================================================
1     5045-10-05 Cncr 1    23 674(b)         mis   11/02/05 Plea guilty
      VEHICLE OPERATION-LICENSE SUSPENDED FOR DUI #1
=============================================================================

10/05/05   Information and Affidavit filed on 1 dispute.
           Dispute 1 for Docket No. 5045-10-05 Cncr Count #1, VEHICLE
           OPERATION-LICENSE SUSPENDED FORDUI #1, Misdemeanor, 23 V.S.A. 674(b).
           Alleged offense date: 09/19/05. Arrest/citation date: 09/19/05
           Colchester PD.
           Arraignment set for 10/11/05 at 08:30 AM.
10/11/05   Arraignment held by Dean B. Pineles. (TAPE).
           Probable Cause found by Judge Dean B. Pineles on dispute 1.
           Entry Order: intends to hire private atty.
           Calendar Call set for 11/02/05 at 09:30 AM.
           Probable Cause found by Judge Dean B. Pineles on dispute 1.
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           dispute 1. Pre-trial discovery order issued.
           Conditions set by Dean B. Pineles on dispute 1. Bail Amount: 0.00
           set. Condition[s] 1-3,8 imposed.
11/02/05   Calendar Call held by Linda Levitt. (TAPE).
           Defendant pleads guilty on dispute 1. Plea agreement filed. Judge
           Linda Levitt accepts plea after finding it to be voluntary and made
           with knowledge and understanding of the consequences and after a
           knowing waiver of constitutional rights.  Plea found to have a
           factual basis.  Adjudication of guilty entered.
           Sentence on dispute 1: $300.00 fine.  $22.00 surcharge assessed.
           $45.00 victim's restitution surcharge assessed.  DUI Enforcement
           Surcharge: $50.00.
           Judgment of Guilty entered by Judge Linda Levitt on dispute 1.
           Case closed.
           Show Cause for Failure to Pay Fine set for 12/19/05 at 01:30 PM.  **
           1. PAY FINE: You are ORDERED to pay your payment of 267.00 on or
           before 12/16/05.  ** 2. IF YOU DO NOT PAY YOUR FINE: You are ORDERED
           TO APPEAR ON 12/19/05 AT 01:30 pm to SHOWCAUSE WHY YOU SHOULD NOT BE
           HELD IN CONTEMPT OF COURT for failing to pay the fine. IF YOU FAIL TO
           APPEAR at this hearing as ordered, a DEFAULT JUDGMENT can be issued
           to HOLD YOU IN JAIL until you cure your contempt by paying the fine
           in full. **************************** This has been explained to
           me.  I have read it. I understand it.  Signature
           _____ Date _____, 2005.
12/15/05   Show Cause for Failure to Pay Fine scheduled for 12/19/05
           rescheduled.
           Show Cause for Failure to Pay Fine set for 01/30/06 at 01:30 PM.  **
           1. PAY FINE: You are ORDERED to pay your payment of 97.00 on or
```

Certified to be a true copy of the original as the same appears on file in this office.

Vermont Superior Court Clerk
Criminal Division

before 01/27/06.   27 2. IF YOU DO NOT PAY YOUR FINE: You are ORDERED TO APPEAR ON 01/30/06 AT 01:30 pm to SHOWCAUSE WHY YOU SHOULD NOT BE HELD IN CONTEMPT OF COURT for failing to pay the fine. IF YOU FAIL TO APPEAR at this hearing as ordered, a DEFAULT JUDGMENT can be issued to HOLD YOU IN JAIL until you cure your contempt by paying the fine in full. ***************************** This has been explained to me.  I have read it. I understand it.  Signature
_____ Date _____, 2005.

01/11/06  Tax referral on Payment #78644 Order #75170.
01/30/06  Payment Order no. 75169 paid in full.
          Show Cause for Failure to Pay Fine scheduled for 01/30/06 cancelled.

FELL-00003383

COLCHESTER POLICE DEPARTMENT
AFFIDAVIT

STATE OF VERMONT
Chittenden County S.S.

NOW COMES Michael Fish, affiant, being duly sworn and on oath, deposes and says
there is probable cause to believe that ▮▮▮▮▮▮ has committed the offense of
Driving License Suspended, a violation of Title 23, Vermont Statutes Annotated Sec. 674.

1.  On 09-19-05 at approximately 2120 hours, I was traveling south on Route 7 in the Town of
    Colchester. I observed a male subject about to enter on the driver's side of a vehicle that was
    parked in the parking lot of Champlain Farms. I observed when the subject saw the marked
    police vehicle I was driving he stopped and walked to the front of the vehicle. I know from
    past experience that this is something that person's do if they are intoxicated or have a
    suspended license.

2.  I turned around and drove into the parking lot and noted this same male was seated in the
    driver's seat of the vehicle. I requested a registration check on Vermont registration
    EAM616 displayed on a 1990 red and silver Ford Bronco. A registration check through the
    Vermont Department of Motor Vehicle's computer indicated that the male owner of the
    vehicle ▮▮▮▮▮▮ DOB ▮▮▮▮▮▮ had a suspended license for DWI #4. I noted that the
    subject sat in the parking lot for more than a minute and did not drive away.

3.  I subsequently left the parking lot and drove out of sight. I turned around and noted that
    the vehicle was traveling south on Route 7 and turned onto Bay Road. I followed the
    vehicle to 573 Bay Road where Mr. ▮▮▮▮ lives. He stopped the vehicle in the parking lot and
    I stopped in the parking lot behind other vehicles. I exited my car and asked the male if he
    was ▮▮▮▮▮▮ DOB ▮▮▮▮▮▮. He said he was and knew his license was suspended. He
    said he had been driving as he had gone to his girlfriends house to help her out.

4.  A license check through the Vermont Department of Motor Vehicles revealed that ▮▮▮▮▮
    ▮▮▮▮ s privilege to drive in the State of Vermont was suspended as of 05-27-02 for a
    conviction of Driving While Intoxicated #4 on 04-29-02. The term of this suspension was for
    LIFE.

5.  The parking lot of Champlain Farms, Route 7 and Bay Road are all public highways as
    defined in 23 V.S.A 4 (13).

6.  A records check revealed that ▮▮▮▮▮▮ was convicted of Driving License Suspended
    on 02-17-81.

7.  The DMV record of the Defendant is attached and incorporated by reference as if
    fully set forth herein.

This...20... day of..September..2005

.............................................
( Notary Public)   (Judicial Officer)

.............................................
(Affiant)

9-20-05
.............................................
(Date)

___Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

FELL-00003384

Vermont Superior Court                              Chittenden Criminal Division

```
 _____
|                                                                          |
|  Docket No.  7413-11-01 Cncr    State vs. ████ ██████    7413-11-01 Cncr  |
|                                                                          |
 _____
```

Prosecutor:    John B. St. Francis     Defendant:     ████████
                                       DOB:
Motions pdg:                           POB:
Bail set:                              Atty:          Pro Se
Incarcerated:
               Conditions:             Aliases:
Case Status:                           Address:       ████████
     Disposed
                                                      Colchester VT 05446
Next Hearing:


=============================================================================
Dspt  Docket No.      Ct. Statute            F/M/O
=============================================================================
1     7413-11-01 Cncr 1   18 4231 (a)(1)      mis    04/29/02 Dismissed by state
      POSSESSION OF COCAINE
2     7414-11-01 Cncr 1   18 4230(a)(1)       mis    04/29/02 Dismissed by state
      POSSESSION OF MARIJUANA
=============================================================================


11/30/01   Information and Affidavit filed on 2 disputes.
           Dispute 1 for Docket No. 7413-11-01 Cncr Count #1, POSSESSION OF
           COCAINE, Misdemeanor, 18 V.S.A. 4231 (a)(1). Alleged offense date:
           11/03/01. Arrest/citation date: 11/03/01 Colchester PD.
           Dispute 2 for Docket No. 7414-11-01 Cncr Count #1, POSSESSION OF
           MARIJUANA, Misdemeanor, 18 V.S.A. 4230(a)(1). Alleged offense date:
           11/03/01. Arrest/citation date: 11/03/01 Colchester PD.
           Arraignment set for 12/06/01 at 08:30 AM.
12/06/01   Arraignment held by Brian L. Burgess. (TAPE).
           Probable Cause found by Judge Brian L. Burgess on disputes 1-2.
           Copy of Affidavit and Information given to defendant.  24 hour rule
           waived.
           Reading of Information waived.  Defendant pleads not guilty on
           disputes 1-2. Pre-trial discovery order issued.
           Cash bail set by Brian L. Burgess on dispute 1-2. Amount this
           dispute(s): 0.00, Total: 0.00. Condition[s] 1-3,17 imposed;
           additional conditions: Defendant shall not purchase, possess or
           consume any regulated drugs without a valid prescription.
           Calendar Call set for 12/19/01 at 01:00 PM.
           Right to counsel waived on record; waiver signed.
           Entry Order: Deft to hire private counsel.
12/19/01   Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
           Entry Order: Global offer needed.
           Calendar Call set for 01/30/02 at 01:00 PM.
01/30/02   Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
           Entry Order: Track with felony.
           Calendar Call set for 03/13/02 at 01:00 PM.
03/13/02   Calendar Call held by Helen M. Toor. (TAPE).
           Entry Order: These cases to be dismissed at sentencin g.
           Status Conference set for 04/29/02 at 09:30 AM.
04/29/02   Status Conference held by Brian L. Burgess. (TAPE).
           Dispute 1-2: Dismissed by state.
           Case closed.
```

___Certified to be a true copy
of the original as the same
appears on file in this office.

_____
Vermont Superior Court Clerk
Chittenden Criminal Division

FELL-00003385

## AFFIDAVIT

**STATE OF VERMONT**
**Chittenden County S.S.**

**NOW COMES** Benjamin R. Kaufman, affiant, being duly sworn and on oath, deposes and says

there is probable cause to believe that ███ ██ ███, DOB: ████████, has committed the offense of

Possession of Cocaine, a violation of Title 18, Vermont Statutes Annotated, Section 4231 (a)(1).

1. On 11-03-2001, at approximately 2256 hours, I observed a vehicle traveling northbound on Mallettes Bay Avenue a public highway in the Town of Colchester, Vermont. I estimated the vehicle was traveling in excess of the posted 35-mile per hour speed limit. I activated my patrol vehicles' radar device and locked a speed of 52 miles per hour, there were no other vehicles in the path of radar.

2. As the vehicle passed my location I activated my marked patrol vehicles blue lights and pulled in behind the vehicle. The vehicle continued approximately 2/10 of a mile before pulling to the right and stopping at a dirt pull-off.

3. I approached the vehicle and identified the operator and sole occupant of the vehicle as ████ ████████, DOB: ████████, by his picture Vermont Operator's License.

4. ████ was taken into custody for suspicion of Driving Under the Influence. While taking ████ into custody I asked ████ if he had any weapons or drugs on his person. ████ advised that he had some cocaine in his shirt pocket in a pack of cigarettes. I then asked ████ if he had any other drugs on his person and he advised he had some marijuana in this right front pants pocket.

5. I located a bag containing approximately 1 gram, gross weight, of a green leafy substance. I field-tested the plant matter with the Duquenois-Levine Reagent System. The plant matter field-tested positive for THC indicating the presence of marijuana at approximately 0010 hours on 11-04-2001.

6. I also located a "druggist fold" containing approximately 1 gram, gross weight, of a white powder substance. I field-tested the white powder with the Scott Reagent (Modified) test. The white powder field-tested positive for Cocaine Salts at approximately 0015 hours on 11-04-2001.

___Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

Subscribed and sworn to before me on

this......8......day of...November......2001

.....................................................
(Notary Public)    (Judicial Officer)

.....................................................
(Affiant)
11-08-2001
.....................................................
(Date)

FELL-00003386

## AFFIDAVIT

**STATE OF VERMONT**
**Chittenden County S.S.**

**NOW COMES** Benjamin R. Kaufman, affiant, being duly sworn and on oath, deposes and says

there is probable cause to believe that ████████ DOB: ███████, has committed the offense of

Possession of Marijuana, a violation of Title 18, Vermont Statutes Annotated, Section 4230 (a)(1).

1. On 11-03-2001, at approximately 2256 hours, I observed a vehicle traveling northbound on Mallettes Bay Avenue a public highway in the Town of Colchester, Vermont. I estimated the vehicle was traveling in excess of the posted 35-mile per hour speed limit. I activated my patrol vehicles' radar device and locked a speed of 52 miles per hour, there were no other vehicles in the path of radar.

2. As the vehicle passed my location I activated my marked patrol vehicles blue lights and pulled in behind the vehicle. The vehicle continued approximately 2/10 of a mile before pulling to the right and stopping at a dirt pull-off.

3. I approached the vehicle and identified the operator and sole occupant of the vehicle as █████ ███████, DOB: ███████, by his picture Vermont Operator's License.

4. ████ was taken into custody for suspicion of Driving Under the Influence. While taking ████ into custody I asked ████ if he had any weapons or drugs on his person. ████ advised that he had some cocaine in his shirt pocket in a pack of cigarettes. I then asked ████ if he had any other drugs on his person and he advised he had some marijuana in this right front pants pocket.

5. I located a bag containing approximately 1 gram, gross weight, of a green leafy substance. I field-tested the plant matter with the Duquenois-Levine Reagent System. The plant matter field-tested positive for THC indicating the presence of marijuana at approximately 0010 hours on 11-04-2001.

6. I also located a "druggist fold" containing approximately 1 gram, gross weight, of a white powder substance. I field-tested the white powder with the Scott Reagent (Modified) test. The white powder field-tested positive for Cocaine Salts at approximately 0015 hours on 11-04-2001.

Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

Subscribed and sworn to before me on

this...day of...November....2001

(Notary Public)   (Judicial Officer)

(Affiant)
11-05-2001
(Date)

Vermont Superior Court                          Chittenden Criminal Division

```
| Docket No.  6916-11-01 Cncr    State vs. ███  ██████    6916-11-01 Cncr |
```

Prosecutor:     John B. St. Francis      Defendant:    ████████ ██
                                          DOB:
Motions pdg:                              POB:
Bail set:                                 Atty:         Jerry L. Schwarz PD
Incarcerated:
                Conditions:               Aliases:
Case Status:                              Address:      ██████████████
    Disposed
                                                        Colchester VT 05446
Next Hearing:

======================================================================
Dspt   Docket No.      Ct. Statute           F/M/O
======================================================================
1      6916-11-01 Cncr 1    23 1201 (A)(2)       fel    04/29/02 Plea guilty
    DWI #4
======================================================================

11/04/01    $5000.00 bail bond posted by Amherst Bail Bonds, Inc.   Custody
            status: released.
11/05/01    Information and Affidavit filed on 1 dispute.
            Dispute 1 for Docket No. 6916-11-01 Cncr Count #1, DWI #4, Felony, 23
            V.S.A. 1201 (A)(2). Alleged offense date: 11/03/01. Arrest/citation
            date: 11/03/01 Colchester PD.
            Arraignment set for 11/05/01 at 10:30 AM.
            Arraignment held by Brian L. Burgess. (TAPE).
            Probable Cause found by Judge Brian L. Burgess on dispute 1.
            Copy of Affidavit and Information given to defendant.  24 hour rule
            waived.
            Reading of Information waived.  Defendant pleads not guilty on
            dispute 1. Pre-trial discovery order issued.
            Cash bail set by Brian L. Burgess on dispute 1. Amount this
            dispute(s): 0.00, Total: 0.00. Condition[s] 1-3,5,8,12 imposed; No.5:
            to report to Daily alco 6-9 am Colchester PD.
            Calendar Call set for 12/19/01 at 01:00 PM.
            Attorney assigned: Public Defender PD.
            Request granted for public defender.  531.00 to be paid; Payment
            Order No. 46962.
11/19/01    Motion to Amend conditions of release filed by Attorney Public
            Defender PD for Defendant ████████ on dispute 1. Motion to Amend
            conditions of release given to judge.
11/20/01    Motion 1 (to Amend conditions of release) granted by Brian L.
            Burgess.
            Cash bail set by Brian L. Burgess on dispute 1. Amount this
            dispute(s): 0.00, Total: 0.00. Condition[s] 1-3,5,8,12 imposed; No.5:
            to report to *AMENDED* Colchester PD 5-9am for alco.
11/27/01    Appearance entered by Jerry L. Schwarz PD.
12/19/01    Appearance entered by John B. St. Francis.
            Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
            Entry Order: Global offer needed.
            Calendar Call set for 01/30/02 at 01:00 PM.
01/16/02    Tax referral on Payment #49080 Order #46962.
01/30/02    Calendar Call held by Wendy Hallock, Caseflow Coordinator. (OFFREC).
            Entry Order: Defense requests ISAP. Waiting for trans cripts.
            Calendar Call set for 03/06/02 at 01:00 PM.
            Calendar Call scheduled for 03/06/02 cancelled.
            Calendar Call set for 03/13/02 at 01:00 PM.
03/13/02    Calendar Call held by Helen M. Toor. (TAPE).
            Defendant pleads guilty on dispute 1. Plea agreement filed. Judge
            Helen M. Toor accepts plea after finding it to be voluntary and made
```

Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Criminal Division

with knowledge and understanding of the consequences and after a knowing waiver of constitutional rights. Plea found to have a factual basis. Adjudication of guilty entered.

Entry Order: Plea agreement reads - 2-5yrs to serve on PAF-ISAP. Dismiss 7413/7414.

Sentencing Hearing set for 04/29/02 at 09:30 AM. isap.

04/09/02  1 document filed for party : ISR filed.

Note: ISR forwarded to parties.

04/29/02  Sentencing Hearing held by Brian L. Burgess. (TAPE).

Sentence on dispute 1: to serve 2 year(s) to 5 year(s) to start on 04/29/02 per Judge Brian L. Burgess. PAF-ISAP Sentencing Mittimus to Commissioner of Corrections issued. $20.50 surcharge assessed. $60.00 BAC Test surcharge assessed. Public Defender DWI surcharge: $50.00. DUI Enforcement Surcharge: $50.00.

.

Judgment of Guilty entered by Judge Brian L. Burgess on dispute 1. Case closed.

Show Cause for Failure to Pay Fine set for 06/10/02 at 01:30 PM. ** 1. PAY FINE: You are ORDERED to pay your fine of 80.50 on or before 06/07/02. ** 2. IF YOU DO NOT PAY YOUR FINE: You are ORDERED TO APPEAR ON 06/10/02 AT 01:30 pm to SHOWCAUSE WHY YOU SHOULD NOT BE HELD IN CONTEMPT OF COURT for failing to pay the fine. IF YOU FAIL TO APPEAR at this hearing as ordered, a DEFAULT JUDGMENT can be issued to HOLD YOU IN JAIL until you cure your contempt by paying the fine. **************************************** This has been explained to me. I have read it. I understand it.  Signature

_____ Date _____, 2002.

06/04/02  Payment Order no. 50591 paid in full.

Show Cause for Failure to Pay Fine scheduled for 06/10/02 cancelled. Case status changed to Disposed.

09/27/02  Tax referral on Payment #52881 Order #50592.  Tax referral on Payment #52882 Order #50593.

FELL-00003389

DUI AF FIDAVIT — INFRARED                    Page 1 of 4                    Revised 3/99

CAS. # __OICCO5876__

NOW COMES __Officer Benjamin R. Kaufman__, affiant, being duly sworn and on oath,

depose s and states that I have probable cause to believe that ____█████ █ █___, DOB: ██ ██,

hereina fter referred to as defendant, committed the offense of Driving Under the Influence in violation of 23 V.S.A. §

1201. In support of this charge the affiant states:

1. I am a law enforcement officer certified by the Vermont Criminal Justice Training Council. I am trained and certified by the Vermont Criminal Justice to operate the DataMaster infrared breath-testing instrument.

2. On __11-03-2001__ at __2256 hours__ the defendant was operating, attempting to operate, in actual physical control, of a *(year/make/model/registration)* __1991/Chevy/Cavelier/VT Registration BHG61__ On a public highway known as __Mullettes Bay Avenue__ in the town/city of __Colchester__ in the county of __Chittenden__.

3. ☒ I made the following observations of defendant's operation that resulted in my making this stop.

   OR

   ☐ Although I did not observe operation in this case, I was able to determine that the time of operation was _____ hours from the following information (e.g. witnesses, defendant's statements):

   ☒ See attached 1-A (if needed)

___Certified to be a true copy of the original as the same appears on file in this office.

_____
Vermont Superior Court Clerk
Chittenden Criminal Division

4. OBSERVATION OF DEFENDANT

| | | | | | |
|---|---|---|---|---|---|
| Odor of Intoxicants | ☐ Strong | ☒ Moderate | ☐ Faint | ☐ None | |
| Eyes | ☒ Watery | ☒ Bloodshot | ☐ Normal | | |
| Speech | ☐ Unintelligible | ☐ Mumbled | ☐ Slurred | ☒ Confused | ☐ Normal |
| Standing | ☐ Falling | ☐ Extreme Sway | ☐ Slight Sway | ☒ Unsteady | ☐ Steady |
| Walking | ☐ Falling | ☐ Stumbling | ☒ Unsteady | ☐ Steady | |

Alcoholic Containers in Vehicle? ☒ Yes ☐ No # __14__  Type: __12 - 12 oz Cans, 2 16 oz Bottles (Empty)__

    1. Have you been drinking alcoholic beverages? ☒ Yes ☐ No - How many # __1 Beer__

    2. Time of first alcoholic beverage? __2200__  | If accident - Did you have an alcoholic beverage after the

    3. Time of last alcoholic beverage? __2240__  | accident? ☐ Yes ☐ No - How many #

Difficulty getting out of vehicle? ☒ Yes ☐ No Describe: __used door to steady self__

-- STANDARD FIELD SOBRIETY EXERCISES --

Is there any reason that the defendant can't perform these exercises? ☐ Yes ☒ No

Explanation:

| | | | |
|---|---|---|---|
| **Walk & Turn** | ☐ Can't balance during instructions<br>☐ Stops walking to steady self.<br>☒ Loses balance/steps off line.<br>☒ Loses balance while turning/turns incorrectly. | ☐ Starts before instructed.<br>☒ Does not touch heel to toe.<br>☒ Uses arms for balance. | ☐ Incorrect number of steps<br>☐ Cannot do exercise (steps off line 3 times).<br>__4__ Total Clues (decision point - 2 clues) |
| **One Leg Stand** | ☐ Sways while balancing<br>☒ Cannot do exercise (Puts foot down 3 times)<br>☒ Uses arms to balance (raises arms more than 6 inches) | ☐ Hopping<br>☒ Puts foot down<br>__3__ | Total Clues (decision point – 2 clues) |

| | | L. EYE | R. EYE | |
|---|---|---|---|---|
| **HGN** | ☒ Lack of smooth pursuit | ☒ | ☒ | |
| | ☒ Distinct jerkiness at maximum deviation | ☒ | ☒ | |
| | ☐ Onset of distinct jerkiness prior to 45° | ☐ | ☐ | __4__ Total Clues (decision point – 4 clues) |

Comments (e.g., road surface, shoes, etc.): __Dirt pull-off / Work boots, jeans, long sleeve shirt__

PBT Result __.110__ %  BAC at __2307__   Model: __Alco Sensor 4__  Serial # __042641__

TIME OBSERVATION OF DEFENDANT STARTED: __2319__ hrs

DUI AFFIDAVIT — INFRARED                     Page 2 of 4                     Revised 3/99

5.  BEFORE WE GO ANY FURTHER I WANT TO EXPLAIN THESE RIGHTS TO YOU: (Check as read.)

☒  You have the right to remain silent.
☒  Anything you say can and will be used against you in a court of law.
☒  You have the right to talk to a lawyer before questioning and to have a lawyer present with you during questioning.
☒  If you cannot afford to hire a lawyer, one will be appointed to represent you at public expense, before any questioning, if you wish. In Vermont, that is called a Public Defender.
☒  If you decide to answer questions, you may stop the questioning at any time.
☒  Do you understand each of these rights I have explained to you? Reply: ☒ Yes ☐ No _____
☒  Do you want to talk to me now? Reply: ☐ Yes ☒ No _____
    **If response is no, go to Implied Consent (#7).**

### WAIVER

☐  I have been advised that I have the right to remain silent, to be represented by a lawyer, to talk with one prior to questioning and to have one present during questioning. Knowing my rights, I agree to waive them and talk to you now. No threats or promises have been made to me.

_____          _____          _____
Date/Time                          Signature (or time of taping)       Witness
Comments:


If a lawyer is requested, name of lawyer _____ Time Contacted _____

6.  INTERVIEW
Where were you going? _____ Where did you start from? _____
What time did you leave that location? _____ Where are you now? _____
Snacks in last six hours? ☐ Yes ☐ No _____ Time of last full meal? _____
What did you eat? _____
What have you been drinking? ☐ Beer ☐ Liquor ☐ Wine – Specific type (brand/name of drink) _____
How much? _____ Where? _____
What time did you start drinking? _____ What time did you stop drinking? _____
Did you drink in the 30 minutes before you were stopped? ☐ Yes ☐ No – If yes, how much? _____
Who were you drinking with? _____
How much do you weigh? _____ Are you tired? ☐ Yes ☐ No - Are you ill? ☐ Yes ☐ No
If so, describe: _____
Do you have any physical handicaps? ☐ Yes ☐ No – If so, describe _____
Do you limp? ☐ Yes ☐ No  Take any medication ☒ Yes ☐ No  If so, describe _____
Last dose? ____  Do you have diabetes? ☐ Yes ☐ No  Taking insulin? ☐ Yes ☐ No  Do you have epilepsy? ☐ Yes ☐ No
Have you been injured lately? ☐ Yes ☐ No  If so, describe: _____
Do you wear glasses? ☐ Yes ☐ No  Do you wear contact lenses? ☐ Yes ☐ No
Are you under the influence of alcohol now? ☐ Yes ☐ No ☐ Slightly
Are you under the influence of drugs now? ☐ Yes ☐ No ☐ Slightly
Were you under the influence of alcohol (drugs) while driving? ☐ Yes ☐ No ☐ Slightly
Were you feeling the effects of the alcohol (drugs) when driving? ☐ Yes ☐ No ☐ Slightly
Comments:

FELL-00003391

DUI AFFIDAVIT — INFRARED                    Page 3 of 4                    Revised 3/99

7. ☑ IMPLIED CONSENT (Check as read.)

☒ I am a law enforcement officer of the State of Vermont.

☒ I have grounds to believe that you have been in actual physical control of a vehicle on a public highway while under the influence of intoxicating liquor, or drugs, or both.

☐ ~~(FATAL/SERIOUS INJURY ONLY) I have grounds to believe that you were an operator whose vehicle was involved in an accident/collision resulting in death or serious bodily injury to (insert name of deceased/injured) _____ and that you have alcohol in your system.~~ *(If serious bodily injury, describe on Page 4.)*

☒ Vermont law authorizes me as a law enforcement officer, to request a breath test to determine whether you are under the influence of alcohol or other drugs. Before you decide, I will explain your rights.

☒ If you submit to a breath test, you have the right to have additional tests administered at your own expense, by an individual of your own choosing. The results will be sent only to you or your lawyer.

☒ At this time I am providing you with a list of facilities in this area which will administer additional tests.

☒ In addition you have a right to a second infrared test which I will administer.

☒ If the results of the evidentiary test indicate that you are under the influence of alcohol, you will be subject to criminal and civil charges and your license or privilege to operate will be suspended for at least 90 days.

☒ If you refuse to give a sample the court will have a hearing, if you desire, to decide if my request is reasonable. If my request is found to be reasonable, your privilege to drive shall be suspended for at least six months. Your refusal may be introduced as evidence in a criminal proceeding.

☒ If you refuse to provide a sample and if you have previously been convicted of DUI or if you were involved in an accident/ collision resulting in serious bodily injury or death of another you may be charged with the crime of criminal refusal.

☒ You have the right to talk with a lawyer before deciding whether or not to submit to a test. If you want a lawyer a Public Defender will be contacted for you at the state's expense, regardless of your income, or an attempt will be made to contact an attorney of your choice at your expense.

☒ You must decide whether or not to submit to the evidentiary test within a reasonable amount of time and no later than 30 minutes from the time of the initial attempt to contact an attorney regardless of whether a consultation takes place.

☒ Do you understand each of these rights? ☒ Yes ☐ No

☒ Do you want to talk to a lawyer before deciding whether or not to submit to a test?

☒ Yes Time of first attempt: __2331__ # of attempts __4__
Lawyer contacted: __Howard Kalfus__ Time: __2337__ Start/Finish __2339__

☐ No _____

_____   _____
Defendant's Signature                      Witness

*(If defendant refuses to sign you MUST contact an attorney unless a recorded waiver is obtained.)*

☒ Will you give a sample of your breath as evidence? ☒ Yes ☐ No

☒ The defendant has been observed for 15 uninterrupted minutes. **Time observation started** __2339__

☒ Have you burped, belched, or vomited within the last 15 minutes? ☐ Yes ☒ No _____

☒ Your result is __.140__ % at __2358__ date __11-03-2001__. The evidentiary ticket is incorporated by reference into this affidavit.

☒ Do you want a second infrared test NOW? ☐ Yes ☒ No

☒ I administered the defendant's DataMaster breath test in accordance with my training and certification.

8. READ THE APPROPRIATE ALTERNATIVE TO DEFENDANT.

☐ A. Since you are being released, if you wish additional tests, to be paid for at your own expense you will have to make your own arrangements. Do you intend to obtain additional tests? ☐ Yes ☐ No  Test Kit Provided ☐ Yes ☐ No

> If at the completion of processing, the defendant, after reasonable efforts, is unable to arrange transportation necessary to obtain an additional test and the defendant wants a test, then the officer must arrange to provide transportation to a facility that will administer the test.

☐ B. Because you are being detained for a short period prior to being released, I will make arrangements for you to have an additional test, at your expense, if you so desire. Do you intend to obtain an additional test? ☐ Yes ☐ No
Test Kit Provided ☐ Yes ☐ No Arrangements _____

_____

_____

☒ C. Because you are being lodged, you must tell me now if you want an additional test, at your expense, so that I can make the arrangements.

FELL-00003392

DUI AFFIDAVIT — INFRARED                     Page 4 of 4                          Revised 3/99

## 9.  OFFICER'S OBSERVATIONS

**Degree of Intoxication**  ☐ None  ☐ Slight  ☒ Moderate  ☐ Substantial  ☐ Extreme
**Attitude**  ☐ Excited  ☐ Talkative  ☒ Indifferent  ☐ Profane  ☐ Combative
☐ Insulting  ☐ Cocky  ☒ Cooperative  ☒ Polite  ☐ Mood Swings

Other: _____

**Unusual Actions**  ☐ Hiccuping  ☐ Belching  ☐ Vomiting  ☐ Fighting  ☐ Laughing

**DISPOSITION OF DEFENDANT:** ☐ Citation ☐ Lodged ☐ Released without Citation ☒ VTC VCVC # 1333917

Additional Offenses? ☒ Yes ☐ No _Possession of Cocaine, and Marijuana_  Videotaped? ☐ Yes ☒ No

☒ Inquired as to the defendant's current address and informed subject that this information is required for future mailings.

Mailing ▊▊▊▊ , ▊▊ Colchester, VT 05446 Residential ▊▊ ▊▊▊▊ Colchester, VT

Is defendant on active duty, or scheduled to go on active duty, in the Armed Forces? ☐ Yes ☒ No – If yes, Command Unit Service, and Service # _____

Defendant identified by ☒ License _Vermont_ ☐ Other I.D. _____ ☒ Picture - ☒ Yes ☐ No

Date/Time processing completed: _11-04-2001_ / _0138 hrs_

Defendant driven to _CCCC_ By _Ofc. B. Kaufman_ In _EQ 171_

Defendant released to: Name _CCCC_ Phone # _____

Address _So. Burlington, VT_

Acknowledged defendant's impairment? ☐ Yes ☐ No  DOB: _____

Signature: _____

Disposition of defendant's vehicle: _Towed_  Condition of defendant's vehicle _OK_

VIN of Defendant's Vehicle | 1 | G | 1 | J | C | ▊ | 4 | G | G | M | 7 | 2 | 7 | 3 | 8 | 9 | 4 |

Name of Registered Owner(s) ▊▊▊▊▊▊  Address
▊▊▊▊▊  Colchester, VT 05446

Other field observations: (e.g., description of serious bodily injury, other sobriety exercises, etc.)

▊▊▊ was asked to provide his vehicles registration and insurance information. after a moment he put the paperwork he was holding away and was asked again to provide the information. ▊▊▊ was unable to provide the information.

Prior DUI Convictions? ☒ Yes ☐ No

DMV Record – The DMV record of Defendant is attached and incorporated by reference as if fully set forth herein.

Date/Court: _01-05-1990, 5-04-114 / 09-21-1992, 5-01-387 / 03-23-1993,_
_5-12-036 / See Attached_

### OTHER OCCUPANTS OF THE VEHICLE OR WITNESSES

Name _Sgt. James Roy_ Address _Colchester Police Department_

Phone # _655-3053_ Statement Obtained: ☐ Yes ☒ No ☒ Sober ☐ Impaired ☐ Occupant ☒ Witness

Name _____ Address _____

Phone # _____ Statement Obtained: ☐ Yes ☐ No ☐ Sober ☐ Impaired ☐ Occupant ☐ Witness

Being duly sworn and on oath, I hereby certify that the information contained in this form has been accurately recorded and accurately describes my observations of the actions and statements of the defendant identified on page one.

_____  11-03-2001
Affiant                          Date

Subscribed and sworn before me this _3rd_ day of _November_, _2001_:

_____
Notary Public

FELL-00003393

## SUPPLIMENTAL AFFIDAVIT
### 1-A

**STATE OF VERMONT**
**Chittenden County S.S.**

**NOW COMES** Benjamin R. Kaufman, affiant, being duly sworn and on oath, deposes and says

there is probable cause to believe that ▮▮▮▮▮▮▮▮▮▮, DOB: ▮▮▮▮▮▮▮, has committed the

offense of Driving Under the Influence, a violation of Title 23, Vermont Statutes Annotated, Section

120 1.

1. On 11-03-2001, at approximately 2256 hours, I observed a vehicle traveling northbound on Mallettes Bay Avenue a public highway in the Town of Colchester, Vermont. I estimated the vehicle was traveling in excess of the posted 35-mile per hour speed limit. I activated my patrol vehicles' radar device and locked a speed of 52 miles per hour, there were no other vehicles in the path of radar.

2. As the vehicle passed my location I activated my marked patrol vehicles blue lights and pulled in behind the vehicle. The vehicle continued approximately 2/10 of a mile before pulling to the right and stopping at a dirt pull-off.

3. I approached the vehicle and identified the operator and sole occupant of the vehicle as ▮▮▮▮ ▮▮▮▮▮▮ DOB: ▮▮▮▮▮▮, by his picture Vermont Operator's License.

Subscribed and sworn to before me on

this ...3ʳᵈ.....day of ..November.....2001

.................................
(Notary Public)    (Judicial Officer)

.................................
(Affiant)
11-03-2001
.................................
(Date)