# EXHIBIT 331

Vermont Superior Court                                    Chittenden Family Division

Docket No.  422-5-98 Cndm          OCS vs.        Pecor

| No. | Role | Litigant Name | Attorney Name | Telephone |
|-----|------|---------------|---------------|-----------|
| p#1 | plf | Office of Child Support | | |
| p#2 | def | Bessette, Brian RMV | | H:862-7709 |
| p#3 | def | ██████ ██████ | | H:872-7799 |
| | | | | W:878-9770 |
| p#4 | def | Pecor, Joanne | | H:657-9169 |
| | | | | W:657-9927 |
| p#5 | min | Pecor, ██████ | | |

Case Type:      Parentage                    Last judge: James R. Crucitti
Case Track:     Parentage Case, Expedited    Recused:    None
Case Status:    Disposed-Case Closed         Ripe date:
Next Hearing:

========================================================================

Motion/Petitions/Requests for Relief:

========================================================================

| 1 | R/to establish child support | order | MG-TJD | 12/09/98 |
| 2 | R/to establish parental rights & resp. | finord | JC | 12/03/98 |
| 3 | R/to establish parent-child contact | finord | JC | 12/03/98 |
| 4 | R/to establish parentage | finord | JC | 12/03/98 |
| 5 | M/for Genetic Testing | granted | PZ | 07/01/98 |
| 6 | M/to Dismiss In Part | order | LL | 10/08/98 |
| 7 | M/to Continue | granted | MG-TJD | 12/03/98 |

========================================================================

05/14/98    New party: plf, Office of Child Support.
            New party: def, Brian Bessette.
            New party: def, ██████.
            New party: def, Joanne Pecor.
            New party: min, ██████ Pecor.
            Complaint filed by Plaintiff Office of Child Support against
            Defendant Bessette.
            Complaint filed by Plaintiff Office of Child Support against
            Defendant ██████.
            Complaint filed by Plaintiff Office of Child Support against
            Defendant Pecor.
            New filing. Minors: 1 IV-D: yes.
            Set on A track: Track A.
            7 documents filed for party 1: 2 sheriff service info. sheets; Aff.
            of Parentage/child custody/default; child support referral; child
            support referral; ltr. to Pecor from OCS; ltr. to Pecor from OCS;
            aff. of anfc debt.
            MPR 5) Motion for Genetic Testing filed by Plaintiff Office of Child
            Support. Motion for Genetic Testing held for hearing. Documents
            filed: Motion For Genetic Testing.
05/21/98    Paternity Letter - OCS case to party(s) 2-4.
            Certified Mail/Restricted Defendant Bessette: paternity ltrs;
            summons; cover sheet; complaint for the est. of parentage; aff. of
            parentage/child custody/default/; child support referral; aff. of
            anfc debt.
            Certified Mail/Restricted Defendant Pecor: paternity ltrs; summons;
            cover sheet; complaint for the est. of parentage; aff. of
            parentage/child custody/default; child support referral; aff. of anfc
            debt.
            Certified Mail/Restricted Defendant ██████: paternity ltrs; summons;
            cover sheet; complaint for est. of parentage; aff. of parentage/child
            custody/default; child support referral; aff. of anfc debt.
05/26/98    Service complete on party(s) 4: Certified Mail/Restricted.
06/01/98    Failure to complete service: Unclaimed. Brian Bessette. Service

9/25/200̄3 Certified to be a true copy
of the original as the same
appears on file in this office.
_____
Vermont Superior Court Clerk
Chittenden Family Division

FELL-00003453

complete on party(s) 3: Certified Mail/Restricted.

06/02/98 Personal Service by Sheriff/Constable Defendant Bessette:.

06/03/98 Answer filed by Attorney for Defendant ███.

06/05/98 Answer filed by Attorney for Defendant Bessette.

06/08/98 Service complete on party(s) 2: Personal Service by Sheriff/Constable.
Case status changed to Active-Answer Due.

06/10/98 1 document filed for party 1: Genetic Testing Order.
New address for party 4 filed.
Answer filed by Attorney for Defendant Pecor.

06/18/98 Case status changed to Active-ripe-discovery incomplete.

06/23/98 1 document filed for party 1: Copy of P. ███ answer.

07/01/98 MPR 5) Motion for Genetic Testing given to Judge M. Patricia Zimmerman.
Entry order re MPR 5) Motion for Genetic Testing. M/Reaction Form. granted M. Patricia Zimmerman. Genetic Testing Order.

07/09/98 Sent copy of Genetic Testing Order & Ent ry Regarding Motion to OCS & Def's with Accept. of Svcs.

09/04/98 paternity evaluation report filed by OCS.

09/09/98 Set on PR track: Parentage Case, Regular.
Status Conference set for 09/29/98 at 01:00 PM. Child Support Conf. Ltr. - parentage to party(s) 1,3-4.

09/17/98 MPR 6) Motion to Dismiss In Part filed by Plaintiff Office of Child Support. Motion to Dismiss In Part held for hearing. Documents filed: Motion to Dismiss In Part; Certificate of Service; Dismissal Order.

09/29/98 Child Support Guidelines.
Hearing to Establish Parentage set for 12/03/98 at 08:30 AM.
Hearing to establish child support set for 12/08/98 at 08:30 AM.
Status Conference held. CM-PJL/OFFREC.
Entry Order: Conf. held with Mr. ███. Ms. Pecor did not appear. Referred to judge and mag. for hearing. Mr. ███ was given notices of hearings in hand. He has not seen Ms. Pecor in 11 years. He would like to talk to her about meeting his daughter if she wants to maybe in a public settin g for lunch or something and build from there. He has two other children with two other mothers. He does not have contact with them. One lives in NH. He is taking anger managment classes that were ordered through an assault and realizes he needs to complete this first. He thought he might write to Ms. Pecor and see how she feels and what she wants.
1 document filed for party 2: Defendant's Income & Expense Affidavit.
Set on PE track: Parentage Case, Expedited.

10/06/98 MPR 6) Motion to Dismiss In Part given to Judge Linda Levitt.

10/08/98 Entry order re MPR 6) Motion to Dismiss In Part. M/Reaction Form. order issued Linda Levitt. Dismissal Order. Party 2, Brian Bessette, removed.

10/12/98 Sent copy of Dismissal Order to OCS, Jo- anne Pecor, B.Bessette & P███ (w/aos).

10/20/98 1 document filed for party : accpt of svc of dismissal order.

12/03/98 Hearing to Establish Parentage held. JC/VTAPE.
Entry Order: order issued.
Entry order re MPR 4) Request to establish parentage. Uncontested Hearing. final order issued James R. Crucitti. Notice given on record. Final Order of Parentage.
Entry order re MPR's 2-3: 2) Request to establish parental rights & resp; 3) Request to establish parent-child contact. Uncontested Hearing. final order issued James R. Crucitti. Notice given on record. Final Order RE: Parental Rights and Resp onsibilities and Parent Child Contact.
1 document filed for party 3: acceptance of service.
Case status changed to Active-ready for final hearing.
MPR 7) Motion to Continue filed by Defendant ███. Motion to Continue given to judge.
Entry order re MPR 7) Motion to Continue. M/Reaction Form. granted Thomas J. Devine.
Hearing to establish child support scheduled for 12/08/98 continued.
Hearing to establish child support set for 12/09/98 at 10:00 AM.

12/09/98   Child Support Guidelines.
           Hearing to establish child support held.   MG-TJD/OFFREC.
           Child support entry order.   Stipulated w/o Hearing. order issued
           Thomas J. Devine. Sole Custody of Party 5:children. Obligee is party
           4; obligor is party 3.   See Order.
12/10/98   Accpt of svc of c/s/o by plf and def in clerks office. Copy to OCS.
           Certified copy sent to OCS Registry.
           Dispute 1-3 disposed: Judgment by consent, stipulation.   Case closed.
12/11/98   sent copy of F.O. of Prntge & F.O. RE: PR&R & PCC to OCS & both Def
           (w/aos).

FELL-00003455

FORM 802

**CHILD SUPPORT ORDER**     **DOCKET NO:**     Page 1

| Vermont Family Court | County Ch.Henden | Docket Number 422-5-98 |
|---|---|---|

**IN THE MATTER OF:**

9

~~Aranezane~~ Johanna Pecor

**CHILD SUPPORT ORDER**

### OBLIGOR (Person Who Must Pay Support)

| Last Name ■ | First Name ■ | Initial |
|---|---|---|
| Street Address: PO Box 610 | | |
| City: S. Barre  VT | Zip Code: 05670 | |
| Telephone Number | | |
| Social Security Number | DOB ■ | |

### OBLIGOR'S EMPLOYER

| Name: Shelbourne Supermarket | | |
|---|---|---|
| Street Address: BX 34 Falls Rd | | |
| City: Shelbourne  State: VT | Zip Code: 05482 | |
| Telephone Number | | |

### OBLIGEE (Person Who Receives Support)

| Last Name: Pecor | First Name: Joanne | Initial |
|---|---|---|
| Street Address: 180 Essex Rd | | |
| City: Williston  State: VT | Zip Code: 05495 | |
| Telephone Number | | |
| Social Security Number | Date of Birth: 2/15/69 | |

### OBLIGEE'S EMPLOYER

| Name: Bond Auto | | |
|---|---|---|
| Street Address | | |
| City  State | Zip Code | |
| Telephone Number | | |

### CHILDREN WHO ARE SUBJECT TO THIS ORDER:

| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
|---|---|---|---|---|---|
| ■ | A■ | | ■ | | |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |

9/5/24

Certified to be a true copy of the original as the same appears on file in this office.

Vermont Superior Court Clerk
Chittenden Family Division

Revised 8/98

FELL-00003456

**CHILD SUPPORT ORDER**        **DOCKET NO:** 422-5-98                    **Page 2**

---

**I. TYPE OF HEARING, DEFAULT OR STIPULATION**

This order is entered upon ☐ default (failure to file an answer) ☐ after default hearing (when one or more parties fail to appear) ☐ after hearing (when parties are present and/or represented by counsel) ☑ upon approval of the parties (stipulation filed).

---

**II. PARENTAL RIGHTS AND RESPONSIBILITIES**

### FINDINGS AND BASIS OF ORDER

A)   Physical responsibility for the child(ren) for the purpose of child support is:

☑ primarily with _____ Joanna Pecor _____

☐ split as follows: Child(ren): _____ with mother

                             Child(ren): _____ with father

☐ shared as follows: _____ % of time with mother

                             _____ % of time with father

B)   Physical responsibility is based on: ☐ a stipulation of the parties dated _____

                             ☐ an Order of the Court dated _____

C)   Child(ren) _____ is/are in the custody of others.

D)   Additional information: _____

---

**III. CURRENT CHILD SUPPORT**

☑   This is the result of a child support worksheet which is attached and incorporated as Findings in this Order and which includes information on other child support related costs, such as child care, extraordinary medical and/or educational expenses.

### ORDER

A)   Beginning | Date: 12/9/98 | the obligor shall pay child support in the amount of | $ 178 —

per | Time Period: month |.

B)   Beginning | Date: / | the obligor shall pay maintenance supplement in the amount of

$ / | per | Time Period: / |.

FELL-00003457

**CHILD SUPPORT ORDER        DOCKET NO:** 4̷22-5-98                                    **Page 3**

---

### IV.  ARREARS ON PAST DUE CHILD SUPPORT/REPAYMENT PROVISIONS

**A)  ARREARS OWED TO THE OFFICE OF CHILD SUPPORT:**

Beginning **Date:** 12/9/98 the obligor shall pay the Office of Child Support the sum of

$ ∅ per **Time Period:** month towards a judgment in the amount of

$ .534 as of **Date:** 11/30/98 . This judgment consists of past due support

$ 534 ; medical expenses $ ____ ; service fees $ ____ ;

civil penalty $ ____ ; Attorney fees $ ____ ;

other _____ $ ____ .

**B)  ARREARS OWED TO THE OBLIGEE:**

Beginning **Date:** 12/9/98 the obligor shall pay to the Obligee $ ____

per **Time Period:** n/a towards a judgment in the amount of $ ∅ as of

**Date:** 11/30/98 . This judgment consists of past due support $ n/a ; medical expenses

$ ____ ; service fees $ ____ ; civil penalty $ ____ ;

Attorney fees $ ____ ; other _____ $ ____ .

**C.  ARREARS OWED TO ANOTHER PERSON OR AGENCY:**

Beginning **Date:** ____ the obligor shall pay to the _____

$ ____ per **Time Period:** ____ towards a judgment in the amount of

$ ____ as of **Date:** ____

D.  Additional: _No payment per month requested on arrears as_
_is against the self-support reserve under the guidelines._

---

### V.  METHOD OF PAYMENT

☑ **A.  WAGE WITHHOLDING ORDER**

1)  Beginning **Date:** 12/9/98 any employer of the obligor shall deduct the sum of

$ 41.08 per **Time Period:** week . This deducted amount shall be paid directly

**OFFICE OF CHILD SUPPORT, SUPPORT REGISTRY, 103 S. MAIN STREET, WATERBURY, VT 05671-1901.**

(NOTE: This provision of this order is subject to the limits on withholding contained in 15 U.S.C.  §1673(b) and §303(b) of the Consumer Protection Act.)

FELL-00003458

CHILD SUPPORT ORDER        DOCKET NO:    4/2-5-9/                    Page 4

2) At any time the child support obligation is not being paid through wage withholding,

the responsible parent shall send the payments directly to the ☒ Office of Child Support      or          ☐ the obligee.

**(NOTE: Any direct payments made by the obligor to the obligee will not be reflected in OCS records unless OCS received written notification of the direct payment).**

☐ A.  **DIRECT PAYMENT** - Based upon: ☐ 1) Stipulation of the parties or

☐ 2) Evidence presented at hearing

1) Beginning | Date: | the obligor shall pay the sum of | | per

Time Period: | | to the Office of Child Support.  This amount shall be paid directly to:

**OFFICE OF CHILD SUPPORT, SUPPORT REGISTRY**, 103 S. Main Street, Waterbury, VT 05671-1901.

2) Beginning | Date: | the obligor shall pay the sum of | $ | per

Time Period: | | to the obligee.

**(NOTE: If the court finds, after a hearing on a petition, that any support payment has been late by 7 days or more the court may issue a wage withholding order, pursuant to 15 V.S.A. section 782.)**

| VI.  HEATH INSURANCE AND EXPENSE PROVISION |
| --- |

A.  The ☒ obligor and/or ☒ obligee is ordered to provide and maintain the following health insurance coverage for the minor child(ren) identified on page 1 as being subject to this order,  *if available to either parent at a reasonable cost or at no cost.*

Current Policy:

| Policy or Certificate Number | Name of Subscriber |
| --- | --- |
| Plan Name and Address | Subscriber's I.D. Number |

B.  Medical or other health expenses that are unreimbursed by insurance (including but not limited to expenses for eye, dental, mental health, health plan deductible) shall be shared/split as follows:

| % 50 | Obligor | | % 50 | Obligee |
| --- | --- | --- | --- | --- |

C.  Additional Orders: _____

_____

_____

_____

**CHILD SUPPORT ORDER**        DOCKET NO:  *422-5-98*                                **Page 5**

1) If employed, a parent under a medical support order shall notify his/her employer of such obligation, in writing, within 10 days of the date of this order.

2) If self-employed or unemployed, a parent under a medical support order shall notify his/her health care insurer of such obligation in writing within 10 days of the date of this order.

3) A parent is liable for any unreimbursed health care costs of the child(ren) that result from a parent's failure to give notice/obtain insurance as ordered above, which accrues between the date of this order and the date that the order is modified by the Court.

4) If a parent has health insurance through an entity other than his/her employer, that parent shall be responsible for maintaining that insurance and complying with any notice requirements under the policy in effect. Failure to do so will make the parent liable for paying any unreimbursed health care expenses that accrue between the date of this order and the date this order is modified by the court.

5) If a parent pays a health expense of a child subject to this order and the other parent receives reimbursement from insurance for the expense, the reimbursement shall be sent to the parent who advanced payment, within 7 days of receipt. If the child(ren) also have Medicaid coverage, payment is to be sent to the **Department of Social Welfare, Medicaid Division, at 103 S. Main Street, Waterbury, VT 05676** within 7 days.

6) The parties shall provide each other with copies of bills for health expenses and documentation of insurance determination within 7 days of receipt. The parent who maintains insurance shall also provide the other parent with a health insurance card, claim forms and a list of benefits and restrictions within 10 days of the date of this order.

7) Each party shall notify the: **Office of Child Support Registry, 103 South Main Street, Waterbury, VT 05671-1901** within 7 days of a change in address, employment or health insurance carrier. This notification requirement applies until all obligations to support arrearages or orders to provide visitation are satisfied.

---

**VII. ADDITIONAL FINDINGS AND ORDER**

---

### ADDITIONAL FINDINGS

A. ☐ A relief from Abuse Order exists for these parties under Docket No. _____

B. ☐ A party's address is omitted for confidentiality purposes after a court finding of good cause.

C. Other: _____

*Arrears owed to State are based on 3 months of Child support. This action was filed in May 1998, Joanne Pecor received a grant through July 1998.*

*Joanne Pecor did not seek a judgment or arrears at this time.*

CHILD SUPPORT ORDER          DuCKET NO:      422 - 5 -98                                      Page 6

---

## VIII. DURATION OF CHILD SUPPORT

A) This order shall remain in effect unless and until it is changed or discontinued by further order of the court or operation of law.

B) Unless otherwise specified, an obligor's support obligation will continue beyond a child's eighteenth birthday if the child is enrolled in, but has not completed high school.

C) If wage withholding is ordered and an arrearage exists when the support obligation terminates, the monthly current obligation and any arrearage repayment plan shall not be reduced until the amount is satisfied.

---

The above is stipulated by the parties.

| ███████████████ | Date 12/9/98 | Signature of Obligee | Date 12-9-98 |
|---|---|---|---|

Approved as to Form

| Signature of Obligor's Attorney | Date | Signature of Obligee's Attorney | Date |
|---|---|---|---|

| OCS Representative | Date 12/9/98 |
|---|---|

---

It is so ORDERED.

| Magistrate/Presiding Judge | Date 12/9/98 |
|---|---|

| Assistant Judge | Date | Assistant Judge | . | Date |
|---|---|---|---|---|

### ACCEPTANCE OF SERVICE

I have received a copy of this Order and I waive all other service.

| ███████████████ | Date 12/9/98 | Obligee | Date 12-9-98 |
|---|---|---|---|

### NOTICE OF RIGHT TO APPEAL

An order signed by the Magistrate or Presiding Judge may be appealed by filing a Notice of Appeal with the Clerk of the Family Court within 30 days of filing of this order.

FELL-00003461

**CHILD SUPPORT ORDER**      **DOCKET NO:**     422-5-7.                                          **Page 7**

## NOTICE OF A PARENT'S RESPONSIBILITY AND RIGHTS

**A) THIS IS A COURT ORDER.**

All parties are expected to comply with all terms of this Order.

The address provided to the Court shall remain the same for service of future actions and/or orders unless a parent notifies the court of a change.

**B) A Party has the Right to Seek Modification of the Order by Filing an Action in Court.**

A party has the right to request a modification of the child support order based upon a real, substantial, unanticipated change of circumstances or if the support amount has not been modified by the Court in at least three years from the date of the last order.

**C) Right to Seek Enforcement of the Order**

1. A party may place liens on real or personal property.

2. A party may request the Court to:

    a) place assets in escrow;

    b) **suspend any and all licenses owned by the obligor. This may include, but is not limited to, professional, hunting, fishing, or motor vehicle driver's licenses.**

    c) grant a civil penalty when noncompliance of the support is willful.

    d) Order wage withholding if the support amount is at least 7 days delinquent.

    e) find the obligor in Contempt if there is noncompliance with this order.

**D) In addition to the remedies listed above:**

A party has the right to request assistance from the Vermont Office of Child Support in the effort to enforce this Order. If the Office of Child Support is or becomes involved in this case, based either on a current or future request for their services, or otherwise, the Office is not limited to but may take the following steps when appropriate:

1. use any lawful collection remedies to collect any outstanding balance from the obligor, regardless of any repayment plan on any unpaid debts.

2. certify all qualifying child support debts to the Vermont Tax Department and/or the Federal Treasury Offset Program for the purpose of intercepting tax returns and/or other payments (i.e., vendor payments, passport denial, etc.)

3. report an obligor's account balance to consumer credit reporting agencies and/or request a copy of the report.

4. administratively issue a wage withholding order for current support and/or arrearages in excess of 1/12 of the annual support obligation.

5. freeze bank accounts and take the proceeds to satisfy past due support.

dal/Form802.aug98.doc

FELL-00003462

```
12/09/98 10:14                CHILD SUPPORT GUIDELINE                    ASPXA30
                                   Sole custody
Number of children: 1               .           Guideline obligation: $    178

                         Cust   NC    Comb                          Cust    NC     Comb
1. Monthly gross:   $   1169   1596           6. Proportion:    %  55.130  44.869
1A. Self employ/                              7. Guideline amt: $                   505
    Spousal supp:   -                         7A. Child care:   +
2. Adj gross inc:   =   1169   1596           7B. Ext med exp:  +
3. After tax inc:   $   1182   1275           7C. Ext educ exp: +
3A. Pre-existing                              8. Family expend: =                   505
    Child supp:     -           313           9. Supp oblig:    $    278    227
3B. Health insu:    -                        10. Self support:  $           784
3C. More self empl                           11. Inc avail:     $           178
    Spousal supp:   -                        12. Supp payable:  $           178
4. Unadj avail inc:=    1182   962           13. Monthly inc:   $   1360   784
4A. Dependent adj:  -                        14. Maintenance
5. Avail inc:       =   1182   962   2144        Supplement:    $

                        Note:  .....................
             Enter cmd: 'APP' to save guideline calculation
RCW: 2-CN-612   FNX: GUID   MODE: C   ID: ████████ 3 ██████████ █
USR: 569   PRD: 12 98   CMD: ........ CP: ████████     PECOR, JOANNE L
```

*approval +
insupportable
to findings*

FELL-00003463

Vermont Superior Court                                    Chittenden Family Division

```
| Docket No.  69-2-06 Cnfa          Bartlett vs. ████                    |
|                                                                        |
| No. Role  Litigant Name           Attorney Name          Telephone     |
| ---------------------------------------------------------------------- |
| p#1  plf  Bartlett, Mary          Pro Se                               |
| p#2  def  ████  ████                                     H:872-7799    |
|                                                          W:878-9770    |
```

Case Type:    Relief from Abuse              Last judge: Linda Levitt
Case Track:   Not set                        Recused:    None
Case Status:  Disposed-Case Closed           Ripe date:
Next Hearing:

==================================================================================
Motion/Petitions/Requests for Relief:
==================================================================================
1  R/for Relief from Abuse                   granted    LL    02/16/2006
2  R/for Emergency Relief from Abuse         granted    BJ    02/11/2006
==================================================================================

02/11/06   New party: plf, Mary Bartlett - Atty. Pro Se.
           New party: def, ████████ .
           Relief from Abuse petition filed afterhours. Request for Emergency
           Relief from Abuse given to judge.
           Request for Relief from Abuse to be set for hearing.
           Temporary Relief from Abuse Order granted. The order is in effect
           until 02/16/06.
           Temporary order faxed to holding station.
           Relief from Abuse Hearing set for 02/16/06 at 08:15 AM.  Personal
           service sent to plaintiff.
02/13/06   Service complete on party(s) 2: Personal Service by Sheriff/Constable.
02/14/06   1 document filed for party : conditions of release.
02/16/06   Relief from Abuse Hearing held by Linda Levitt (VTAPE).
           Present at hearing: Plaintiff Mary Bartlett.
           Entry Order: Issued.
           Final Relief from Abuse Order granted. The order is in effect until
           02/16/07.
           Final order faxed to holding station.
           Dispute 1 disposed: Judgment by default.

           Case closed.
           Put copy of Final Order in District Cour t box.
02/17/06   Service complete on party(s) 2: Personal Service by Sheriff/Constable.

9/05/2013 ___ Certified to be a true copy
of the original as the same
appears on file in this office.
_____
Vermont Superior Court Clerk
Chittenden Family Division

FELL-00003464

Form 152F NO Children          FINAL ℃: ___ ( FOR RELIEF FROM ABUSE - P: __ 1

| Vermont Family Court | County Chittenden | Docket Number F69 · 2-06 Cnta |
|---|---|---|

| Plaintiff's Name Mary Bartlett | Date of Birth 62 | Defendant's Name ██ | Date of Birth ██ |
|---|---|---|---|
| | Defendant's Street Address ██ | City, State, Zip Colchester UT | |

| A Complaint in this case was filed on: Date 2|11|06 | A Hearing in this case was held on: Date 2|16|06 | The following persons were present: ☑ Plaintiff ☐ with attorney  ☐ Defendant ☐ with attorney | Name of Attorney  Name of Attorney |
|---|---|---|---|

☑ **FINDINGS BY THE COURT:** (Check the applicable box(es); cross out findings that do not apply.)

☑ Defendant has abused Plaintiff in that Defendant has:
  ☑ Caused physical harm.
  ☐ Attempted to cause physical harm.
  ☑ Placed him/her in fear of imminent serious physical harm.
☑ There is a danger of further abuse.
☐ Defendant represents a credible threat to the physical safety of Plaintiff.
☐ Defendant has a duty to support the Plaintiff.

☐ **FINDINGS WAIVED BY STIPULATION OF THE PARTIES.**

9/25/2013 **Certified to be a true copy of the original as the same appears on file in this office.**

_____
**Vermont Superior Court Clerk**
**Chittenden Family Division**

**ORDER OF THE COURT: IT IS ORDERED THAT:**

1. ☑ Defendant shall not abuse Plaintiff and shall refrain from interfering with his/her/personal liberty.

2. ☑ Defendant shall not use, attempt to use or threaten to use physical force that would reasonably be expected to cause bodily injury against Plaintiff.

3. ☑ Defendant shall not do anything that would place Plaintiff in reasonable fear of bodily injury.

4. ☑ Defendant shall not follow or stalk Plaintiff.

5. ☑ Defendant shall not threaten or harass Plaintiff.

6. ☑ Defendant shall not telephone, write to, e-mail, contact Plaintiff in any way, or attempt to communicate directly or indirectly with Plaintiff through a third party or in any manner, except that Defendant may: _____

**WARNING!**

If the Plaintiff begins or asks for contact with the Defendant, the Defendant must end that contact unless and until the Court changes this order. The Defendant will violate this order by such contact unless the order specifically permits the contact.

7. ☐ Defendant shall not enter Plaintiff's residence for any purpose except as specifically provided in this order.

**WARNING!**

Unless specifically allowed by this order, Defendant cannot enter the Plaintiff's residence <u>even if the Plaintiff has invited the Defendant</u>. If both Plaintiff and Defendant want to remove this restriction, they must ask the Court to change the order. This order remains in effect until the court decides whether to grant the request.

8. ☑ Defendant shall stay 500 feet away from:
  ☑ Plaintiff        ☐ Plaintiff's place of employment    ☑ Plaintiff's motor vehicle
  ☑ Plaintiff's residence    ☑ Other: Plaintiff's minor Children

**SEE PAGE 2 FOR ADDITIONAL TERMS OF THIS ORDER**

**ALSO SEE "IMPORTANT NOTICES" ON THE BACK OF PAGE 1**

Rev. 7/02 SML          Distribution: White ~ Served on Defendant and returned to Court   Yellow ~ Plaintiff   Pink ~ Defendant   Goldenrod ~ File

FELL-00003465

Form 152F NO Children   FINAL ORDER FOR RELIEF FROM ABUSE - Page 2

| Vermont Family Court | County Chittorden | Docket Number F69.2.06 Cnfa |

**Plaintiff** Mary Bartlett                    VS. ▮▮▮▮▮

9. ☐ Until further order of the court or until this order expires, _____
shall hold the following weapons belonging to the Defendant: _____
_____

9a. ☐ Delivery of the weapons shall be made in the following manner: _____
_____

10. ☐ Plaintiff shall have sole possession of the residence located at:
(Street and Town Address) _____

10a. ☐ Defendant shall obtain his/her personal belongings as follows: _____
_____
_____

11. ☐ Plaintiff is granted sole possession of the following personal property necessary for the protection of plaintiff:
_____
_____

12. ☐ Defendant shall pay Plaintiff's temporary living expenses in the amount of $ _____ per _____
for a period of _____ (not to exceed three) months beginning (date): _____

13. ☐ Other: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**VERMONT LAW ENFORCEMENT OFFICERS ARE AUTHORIZED TO ARREST WITHOUT WARRANT PERSONS WHO VIOLATE THE ABOVE PROVISIONS OF THIS RELIEF FROM ABUSE ORDER.**

VIOLATION OF THIS ORDER IS A CRIME SUBJECT TO A TERM OF IMPRISONMENT OR A FINE, OR BOTH, AND MAY ALSO BE PROSECUTED AS CRIMINAL CONTEMPT PUNISHABLE BY FINE OR IMPRISONMENT, OR BOTH.

This order shall remain in effect until (date) 7/16/07 at ___9___ AM/PM   Judge (print or type)

| Date 7/16/06 | Time: 9 AM/PM | Assistant Judge | Assistant Judge | Judge (signature) |

Rev. 7/02 SML

Distribution: White ~ Served on Defendant and returned to Court   Yellow ~ Plaintiff   Pink ~ Defendant   Goldenrod ~ File

FELL-00003466

FINAL ORDER FOR RELIEF FROM ABUSE - back of page 2

*****************************************************************************

## RETURN OF SERVICE

| Vermont Family Court | County  Chittenden | Docket Number  F269-2 06cnfs |
|---|---|---|

| Plaintiff  Mary Bartlett | VS. | De ▇▇▇▇▇▇▇▇ |
|---|---|---|

On (date) __02-16-06__ at __9:34__ (AM / PM) I personally served this Order upon

▇▇▇▇▇▇▇▇▇ by __HAND__

| Name, Title, & Agency of Serving Officer - PLEASE PRINT  JEFFREY BEAN | Signature | Date  2-16-06 |
|---|---|---|

**Fees:**

Service = $ _____

_____ miles at _____ = $ _____

Total = _____

**Acceptance of Service:**

I, ▇▇▇▇▇▇▇▇ Name of Defendant (printed or typed)

hereby accept service of this Order.

Defendant's Signature ____ Date  2-16-06  Time  954 (AM / PM)

FILED

FEB 1 7 2006

VT FAMILY COURT
CHITTENDEN COUNTY

Rev. 7/02 SML

FELL-00003467

9/25/2013 Certified to be a true copy
of the original as the same
appears on file in this office.

Vermont Superior Court Clerk
Chittenden Family Division

## BURLINGTON POLICE DEPARTMENT
## SWORN STATEMENT – PAGE 2

*[handwritten narrative, partially illegible]*

On Feb 10 ██████████ made 27 phone calls [...] to my phone. I would not answer so he came to my house to find out who I was with. He kept pounding at my door until I opened it. Then he pushed his way in and headed for my bedroom. He got in and started confronting me [...] who he knows from the music [...] I told him he had to leave or I'd call the police. He said call, and when I tried he was trying to get my phone from me. He was standing on my foot, pulling on my leg and arm, ended up putting my foot through my lip and pulling my arm by the wrist to make me drop the phone. I dropped it and he let go and when he did I grabbed it and called 911 before they could get me. I told [...] he left. He called me another 10 or so times I would not take. [...] I answered the phone and asked him what it would take to make him stop. He said face to face. See ya. I told him I had to go to northgate and would pick him up to talk this through. When we got in the car he would not [...] me talk he kept going on about me not calling him 4 months ago when we finally let me talk. I told him we could not be friends anymore because I had [...] on [...] with him.

*[right margin handwritten]* I bit him to make him stop hitting me with his hand but never broke skin.

Signature: *Mary Bartlett*

Subscribed and sworn to before me on: _____ ___ _____ at Burlington,
County of Chittenden, State of Vermont.
Notary: _____

Name: MARY Bartlett
POB: ██████████
Address: ██████████
OCC: ██████████
PH# : HOME ██████████    WORK: _____
DOB: ██████████    SSN: ██████████

**BURLINGTON POLICE DEPARTMENT**
**SWORN STATEMENT – PAGE 2**

_[handwritten statement — largely illegible]_

Signature: Mary Bartlett

Subscribed and sworn to before me on: _____ at Burlington,
County of Chittenden, State of Vermont.
Notary: _____

Name: Mary Bartlett
POB: ████████
Address: ████████
OCC: ████████
PH# : ████████                        WORK: _____
DOB: ████████                          SSN: ████████

FELL-00003469

FILED

STATE OF VERMONT
DISTRICT COURT OF VERMONT
Unit No. 2, Chittenden Circuit

VT FAMILY COURT
CHITTENDEN COUNTY

C O N D I T I O N S   O F   R E L E A S E

Date of Order: February 19, 2006

State v. ▮▮▮▮▮▮▮▮▮▮                    Defendant's Date of Birth: ▮▮▮▮▮▮▮

667-2-06 Cncr, count 1 ASSAULT-DOMESTIC
         13V1043
         Arresting Agency: Burlington PD

The Court has determined that future appearance(s) of the defendant will not be reasonably assured by his or her release on personal recognizance or execution of an unsecured appearance bond alone, or that the release of the defendant will constitute a danger to the public. It is therefore ORDERED that the defendant be released upon the following conditions:

[illegible handwritten/typed conditions text]

[illegible text]

[illegible text]

[illegible text]

Order of the Court: _____
                     Howard A. Kalfus

[illegible text]

I have received a copy of this order. I have read it. I understand it.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Defendant

Vermont Superior Court                          Chittenden Family Division

```
| Docket No.  709-8-10 Cndm          ███  vs. ███                    |
|                                                                    |
| No. Role Litigant Name        Attorney Name          Telephone     |
| ------------------------------------------------------------------ |
| p#1  plf   ███  Tammie        Pro Se                 H:489-5242     |
|                                                      W:825-1527     |
| p#2  def   ███ ███            Congleton, William G.  879-0426       |
```

Case Type:     Divorce                    Last judge: Robert Mello
Case Track:    Not set                    Recused:    None
Case Status:   Disposed-Case Closed       Ripe date:  12/18/2010
Next Hearing:

*9/25/2013* Certified to be a true copy of the original as the same appears on file in this office.

*Numbery*

Vermont Superior Court Clerk
Chittenden Family Division

Programs:
Pro Se Education
    09/22/10 Party 1 Completed.

=================================================================
Motion/Petitions/Requests for Relief:
=================================================================
1  R/for Property Division         finord    RM    03/10/11
2  R/take back maiden name         granted   RM    04/04/11
=================================================================

08/26/10  New party: plf, Tammie ███ - Atty. Pro Se.
          New party: def, ███████.
          Complaint filed by Plaintiff ███ against Defendant ███.
          New filing. Minors: 0 IV-D: no.
09/13/10  Initial Temporary Order to party(s) 1.  Pro Se Education Order to
          party(s) 1.  Copies of Order to party(s) 1 re copy of filing for both
          parties sent to.
09/22/10  Service complete on party(s) 2: Certified Mail/Restricted.
          Plaintiff ███ Completed Pro Se Education.
10/05/10  1 document filed for party 2: acceptance of service.
11/10/10  Case Manager Conference set for 12/06/10 at 09:30 AM.  CONFERENCE TO
          PREPARE FOR FINAL HEARING.
12/06/10  New address for party 2 filed.
          Case Manager Conference held.  CM-PJC/OFFREC.
          Brief conference held with both parties. Def has an atty who was not
          available. Def says he filed a case also. Reschedul e conf.
12/10/10  Appearance entered by William G. Congleton on behalf of Defendant
          ███.
12/14/10  Case Manager Conference set for 01/26/11 at 01:00 PM.  PLEASE NOTE:
          CONFERENCE TO PREPARE PARTI ES FOR FINAL HEARING.
          Vcas checked no conflicts for atty congl eton in any county.
12/22/10  1 document filed by Attorney William G. Congleton for party 2:
          Discovery certificate.
12/29/10  Case status changed to Active-ripe-discovery incomplete.
01/26/11  Case Manager Conference held.  CM-PJC/OFFREC.
          Conference held with both parties and atty. W. Congleton. Set 2 hr.
          contested final hrg.
          Case status changed to Active-ready for final hearing.
02/02/11  Contested Divorce - TWO HOUR HRG. set for 03/09/11 at 10:00 AM.
          PLEASE NOTE: VCAS CHECKED NO CONFLICTS FOR ATTORNEY CONGLETON IN ANY
          COUNTY.
          vcas checked no conflicts for either attorney in any county.
03/09/11  Contested Divorce - TWO HOUR HRG. held.  RM/CDVIDEO.
          Entry Order: Testimony taken. Case taken under advise ment.
          Case status changed to Active-Under Advisement.
03/10/11  Copies of Order to party(s) 1-2.  Acceptance of Service Form to
          party(s) 1-2.
          2 documents filed for party 1: AOS from plf of findings of
          fact;conclus; ions of law, and order of 3/10/11.

MPR 2) Request take back maiden name filed by Plaintiff ▇ Request take back maiden name given to judge.
Entry order re MPR 1) Request for Property Division. Contested Hearing. final order issued Robert Mello. Notice given on record. Written findings filed. see findings of fact, conclusions of law, and order.
Dispute 1 disposed: Judgment, findings & conclusion.

03/14/11    MPR 2) Request take back maiden name given to Judge Robert Mello.
04/04/11    Entry order re MPR 2) Request take back maiden name. M/Reaction Form. granted Robert Mello. Acceptance of Service Form to party(s) 1-2 re motion to take back maiden name granted. Case closed.
1 document filed for party 1: accept of svc by plf of 3/10 order.
04/14/11    1 document filed by Attorney William G. Congleton for party 2: accept of svc by def of 3/10/11 order.

FELL-00003472

STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

FAMILY DIVISION
Docket No. 709-8-10 Cndm

Tammie ▮▮▮▮
  Plaintiff

v.

▮▮▮▮▮▮
Defendant

MAR 1 0 2011

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

This matter came before the Court for a final hearing, Hon. Robert A. Mello, Superior Judge, presiding. Plaintiff was present and represented herself pro se. Defendant was present and was represented by William G. Congleton, Esq.

### Facts

Based upon the credible evidence presented, the Court finds the following to be fact:

1. The parties were married on September 20, 2008, in Milton, Vermont, they separated on June 18, 2010, and they have lived separate and apart since that date. There is no reasonable likelihood of reconciliation. Plaintiff has a 17-year-old son from a previous marriage. The parties did not have any children together.

2. Plaintiff is 43-years-old, is in good health, and is employed at IBM and Wal-Mart; her annual income is approximately $62,000. Defendant is 48-years-old, is in good health, and has been employed for eleven years as a butcher at Shaws Supermatkets, where he earns approximately $41,000 per year. Both parties have reasonable prospects of continued employment in their current jobs.

9/25/2013 Certified to be a true copy of the original as the same appears on file in this office.

Vermont Superior Court Clerk
Chittenden Family Division

1

FELL-00003473

3.  At the time the parties married, plaintiff was behind in her rent to her landlord. Defendant withdrew $5,794 from his 401(k) plan at Shaw's to pay the plaintiff's back rent and to cover rent for the next two months. Plaintiff claims that she repaid this sum to defendant during the course of the marriage by making weekly cash payments to the defendant. Defendant claims she still owes him one-half the $5,794.

4.  Defendant has the following four credit cards on which he owes the following amounts: (1) Capitol One - $458.00; (2) American Express - $1,786.00; (3) Home Depot - $300.00; and (4) City Financial - $7,495.00. Defendant acknowledges that the American Express balance is his sole responsibility, but he claims that the remaining credit card debt was incurred to pay marital obligations, although he did not specify exactly what those marital obligations were. Plaintiff claims that defendant incurred the great majority of this credit card debt either before the marriage or to purchase things for himself, that she has already reimbursed him her share of the portion that related to any joint household expenses, and that the remaining amounts owed on these cards are defendant's sole responsibility.

5.  The Court finds that plaintiff owes defendant $2,794 of the sum that he borrowed from his Shaw's 401(k) account.

6.  The Court finds that defendant is solely responsible for the credit card debt listed in paragraph 4, above.

7.  When the plaintiff separated from the defendant in June of 2010, plaintiff took with her the items of personal property listed on the first three pages of Defendant's Exhibit C. Plaintiff claims that she owned that property, having acquired it before the

2

marriage. Defendant claims that many of the items that plaintiff took were his and should be returned to him.

8. The court finds that the plaintiff has the following items of personal property that belonged to, and that should equitably be awarded to defendant: defendant's son's drop cloth; sterling silver engraved baby spoon and fork; pie birds; Shaw's employee discount card; Sony Bravia wide screen TV, Blue Ray player, and WII game console with accessories, games and surge protector; hand painted picture of horse with frame; the engraved wedding flute with defendant's name engraved on it; extra set of house keys; and defendant's grandmother's crystal vase. Plaintiff must return these items to defendant, if she has not already done so. The Court finds that all other items of personal property in plaintiff's possession belonged to, and should equitably be awarded to the defendant.

9. When the parties separated defendant had to pay $840 for utilities that had been used by both parties. The Court finds that plaintiff owes defendant one-half of this amount, i.e., $420.

10. Defendant asks the Court to order plaintiff to pay him $750 per month for two years in spousal maintenance. The Court finds that defendant has sufficient income, property, or both, to provide for his reasonable needs. In addition, the court finds that this marriage was of short duration, that plaintiff is a single mom with a 17-year-old son whom she must support, that plaintiff does not receive child support payments from anyone to assist her with the care of her son, and that her son will likely be going to college shortly. During their relatively-brief marriage, neither party relied significantly on the income of the other party for meeting living expenses.

3

FELL-00003475

## Conclusions of Law

Under 15 V.S.A. 752 a party must demonstrate that he or she lacks sufficient income, property, or both, to provide for his or her reasonable needs, in order to be entitled to spousal support. Defendant has not met this burden of proof. To the contrary, the Court has found that defendant has sufficient income, property, or both, to provide for his reasonable needs. Therefore, defendant is not entitled to spousal support from the plaintiff.

Under 15 V.S.A. 751 the Court must equitably divide and assign the marital property. The parties own no real estate, and the personal property has already been divided, although defendant claims a number of the items in plaintiff's possession. The division and assignment set forth in paragraph 8, above, is equitable, inasmuch it leaves each party with the property he or she brought to this short marriage.

## Order

Plaintiff shall deliver to defendant the items of personal property listed in paragraph 8, above, forthwith, except for those items that she has already delivered to him. Plaintiff shall pay plaintiff the sum of $3,214 as follows: $214 within thirty days plus $300 per month for the following ten months. No spousal support is awarded to either party. *The divorce shall become absolute in 90 days. Plaintiff Jeffrey resume his maiden name of Corrin.*

SO ORDERED this 9th day of March, 2011

_____
Charles L. Delaney, Assistant Judge

_____
Robert A. Mello, Superior Judge

4

FELL-00003476

Vermont Superior Court                                          Chittenden Family Division

```
| Docket No.  319-4-95 Cndm          OCS/Harley vs.  ███        |
|                                                              |
| No. Role Litigant Name          Attorney Name      Telephone |
| ------------------------------------------------------------ |
| p#1  ocsp Office of Child Support                            |
| p#2  def  ███  ███          Pro Se           H:872-7799      |
|                                              W:878-9770      |
| p#3  plf  Dalton(Harley), Michele            H:603-672-0928  |
|                                              W:603-897-4132  |
| p#4  min  Ha███, A███                                        |
```

Case Type:      Parentage                      Last judge: Thomas J. Devine
Case Track:     Modification of Parent/Child ContaRecused:    None
Case Status:    Disposed-Case Closed           Ripe date:  04/13/1995
Next Hearing:

=================================================================================
Motion/Petitions/Requests for Relief:
=================================================================================

| #  | Description | Status | Judge | Date |
|----|-------------|--------|-------|------|
| 1  | R/to establish child support | order | MG-TJD | 01/15/96 |
| 2  | R/to establish parental rights & resp. | order | EJC | 05/22/96 |
| 3  | R/to establish parent-child contact | order | EJC | 05/22/96 |
| 4  | R/to establish parentage | order | MSK | 12/18/95 |
| 5  | P/for Genetic Testing | order | ATB | 06/23/95 |
| 6  | R/to Continue | granted | CM-PJL | 11/21/95 |
| 7  | P/For Magistrate Enforcement of Child Supp | order | MG-JEG | 10/15/96 |
| 8  | M/to Modify Parent-child Contact | order | TJD | 01/31/06 |
| 9  | M/to Continue Hearing | granted | HT | 07/22/05 |
| 10 | R/to Participate by Phone | granted | HT | 08/09/05 |
| 11 | M/to Modify Child Support | order | MG-MM | 01/31/06 |
| 12 | R/to Participate by Phone if Necessary | granted | TJD | 01/31/06 |

=================================================================================

9/22/13  Certified to be a true copy
of the original as the same
appears on file in this office.
_____
Vermont Superior Court Clerk
Chittenden Family Division

04/04/95   New party: ocsp, Office of Child Support.
           New party: def, ███████.
           New party: plf, Michele Dalton(Harley).
           New party: min, A███ H███
           Complaint filed by Plaintiff Dalton(Harley) against Defendant
           New filing. Minors: 1 IV-D: yes.
           Set on A track: Track A.
           5 documents filed for party 1: Aff; Parentage Aff; OCS' Genetic
           Testing Order; Plaintiff's Income and Expense Affidavit; Aff. of ANFC
           Debt.
           Notice of Pro Se appearance filed by Plaintiff Dalton(Harley).
04/12/95   Paternity Letter - OCS case to party(s) 2.
           Certified Mail/Restricted Defendant ███: Paternity Ltrs; Summons;
           Cover Sheet; Complaint for Est. of Parentage; Parentage Aff; Aff. of
           Child Custody; Aff; Plaintiff's Income and Expense Affidavit; Aff. of
           ANFC Debt.
04/17/95   Service complete on party(s) 2: Certified Mail/Restricted.
           Case status changed to Active-Answer Due.
04/28/95   Answer filed by Attorney for Defendant ███
05/05/95   Copy of Def's answer sent to Plf. and to OCS.
06/14/95   MPR 5) Petition for Genetic Testing filed by OCS plaintiff Office of
           Child Support. Petition for Genetic Testing given to judge. Documents
           filed: OCS' Genetic Testing Stip. and Order.
06/23/95   MPR 5) Petition for Genetic Testing given to Judge Alden T. Bryan.
           Entry order re MPR 5) Petition for Genetic Testing. Stipulated w/o
           Hearing. order issued Alden T. Bryan. OCS Genetic Testing Stip &
           Order.
           Entry Order: OCS Genetic Testing Stip and Order.
06/28/95   copies of genetic stip order to plf, def and OCS.
07/05/95   1 document filed for party 2: def acct serv of genetic test/stip/ord.

07/18/95   New address for party 3 filed.
07/19/95   1 document filed for party 3: plf acct serv of genetic
           testing/stipord.
08/11/95   1 document filed for party 1: Genetic Test Results.
           Case status changed to Active-ready for final hearing.
10/02/95   Status Conference set for 10/24/95 at 09:30 AM.  Child Support Conf.
           Ltr. - parentage to party(s) 1-3.
10/19/95   Appearance entered by Catherine E. Clark on behalf of Plaintiff
           Dalton(Harley).
           1 document filed by Attorney Catherine E. Clark for party 3: Copy of
           ltr. to Def.
10/24/95   Status Conference scheduled for 10/24/95 cancelled.
           Conf. cancelled due to case mgr. being out sick.
11/03/95   Status Conference set for 11/22/95 at 09:30 AM.  Child Support Conf.
           Ltr. - parentage to party(s) 1-3.
11/16/95   MPR 6) Request to Continue filed by Defendant ████  Request to
           Continue given to judge. Documents filed: Ltr. requesting continuance.
11/21/95   Entry order re MPR 6) Request to Continue.  M/Reaction Form. granted
           Patti Lockerby.
           Status Conference scheduled for 11/22/95 continued.
12/04/95   Status Conference set for 12/13/95 at 09:30 AM.  Child Support Conf.
           Ltr. - parentage to party(s) 1-3.
12/13/95   Child Support Guidelines.
           Hearing to establish child support set for 01/15/96 at 10:00 AM.
           Status Conference held.  CM-PJL/OFFREC.
           Entry Order: Conf. held with parties, Atty. C. Clark and R. Bentley
           from OCS. Stip. to PR&R; no pcc at this time. PCC will be reviewe d
           in the summer as the def. has no means of transportation. Referred to
           Mag. for deviation hrg. Def. cannot pay guideline amt. due to his
           expenses. He is paying a court ordered amt. for support for oth er
           children.
           Notice of Pro Se appearance filed by Defendant ████.
           Stipulation filed re MPR's 2,4: 2) Request to establish parental
           rights & resp; 4) Request to establish parentage by Defendant ████
           Plaintiff Dalton(Harley).
12/18/95   MPR's 2,4: 2) Request to establish parental rights & resp; 4) Request
           to establish parentage given to Judge Michael S. Kupersmith.  MPR
           status changed to toset, MPR 2.
           Entry order re MPR's 2,4: 2) Request to establish parental rights &
           resp; 4) Request to establish parentage.  Stipulated w/o Hearing.
           order issued Michael S. Kupersmith.  Stipulation and order re prr.
12/19/95   copy of order re:PR&R to plf's atty, OCS.
01/15/96   Child support entry order.  Contested Hearing. order issued Thomas J.
           Devine. Sole Custody of Party 4:children. Obligee is party 3; obligor
           is party 2.  see order.
           Hearing to establish child support held.  MG-TJD/TAPE.
           parties rec'd copy at time of hearing. sent cert copy to ocs.
           1 document filed for party 2: Income & Expense Affidavit.
           1 document filed for party 1: arrears affidavit.
03/07/96   1 document filed for party 2: def acct serv of order re:Par/ PR&R.
05/08/96   Hearing to Establish Parent-Child Contact set for 05/22/96 at 11:00
           AM.
05/22/96   Hearing to Establish Parent-Child Contact held.  EJC/TAPE.
           Entry order re MPR 3) Request to establish parent-child contact.
           Contested Hearing. order issued Edward J. Cashman.  Notice given on
           record.
           Entry Order: father will relinquish parental rights- for adoption
           without limitation.
           Dispute 1 disposed: Judgment by consent, stipulation.  Case closed.
08/06/96   MPR 7) Petition For Magistrate Enforcement of Child Supp filed by OCS
           plaintiff Office of Child Support. Petition For Magistrate
           Enforcement of Child Supp to be set for hearing. Documents filed:
           service info; petition to enforce; affidavit; arrears affidavit;
           request for medical support info; questionnairre req med ins info.
           Set on D track: Enforcement of Child Support.
09/05/96   Magistrate Enforcement Hearings set for 10/15/96 at 09:15 AM.  Hrg.

|  | Notice & Form 813 (Certified Mail) to party(s) 1-3 re Ocs. |
| 09/11/96 | rec'd def's P303 759 652. |
|  | rec'd plf's p303 759 651. |

10/15/96   Child support entry order.  Stipulated w/o Hearing. order issued Jane E. Gomez. Sole Custody of Party 4:children. Obligee is party 3; obligor is party 2.
Magistrate Enforcement Hearings held.  MG-JEG/VTAPE.
parties rec'd copy of cs order at court sent cert copy to ocs.  Case closed.

06/21/02   Rec'd and completed copy request from NH OCS.

12/31/03   2 documents filed by Attorney Catherine E. Clark for party 3: Plaintiff's Income and Expense Affidavit; affidavit.

06/28/05   Attorney Catherine E. Clark withdraws.
Notice of Pro Se appearance filed by Defendant ████.
MPR 8) Motion to Modify Parent-child Contact filed by Defendant ████.
Motion to Modify Parent-child Contact given to judge. Documents filed: motion; Affidavit; Pro Se Appearance -Form 831; Cover sheet.
Set on MV track: Modification of Parent/Child Contact.

07/07/05   MPR 8) Motion to Modify Parent-child Contact given to Judge Helen M. Toor.

07/08/05   Entry order re MPR 8) Motion to Modify Parent-child Contact.
M/Reaction Form. to be set for hearing Helen M. Toor.  You will have to establish that there ha s been a real,substantial and unanticipa ted change of circumstances since 1996 b efore the court will consider what you r equest.If you establish that,you will th en have to demonstrate that it would be in A████'s best interests to begin cont act with you.

07/13/05   Motion Hearing set for 08/30/05 at 10:30 AM.  BLOCK SCHEDULED.
Certified Mail/Restricted Plaintiff Dalton(Harley):.

07/18/05   Service complete on party(s) 3: Certified Mail/Restricted. Documents served: green card 0458 M Harley.

07/21/05   MPR 9) Motion to Continue Hearing filed by Plaintiff Dalton(Harley).
Motion to Continue Hearing given to judge. Documents filed: Motion to continue the 8/30 hearing; with Judge Toor.
MPR 10) Request to Participate by Phone filed by Plaintiff Dalton(Harley). Request to Participate by Phone given to judge.
Documents filed: request/letter.

07/22/05   Court called ████████ at his work nu mber and he was not available. Court lef t a message at his home number.
Court rec'd a call from the Def ████████ and he doesn't objec to the continu ance as long as this case can be set in Sept not Oct. He has waited long enough.
MPR 9) Motion to Continue Hearing given to Judge Helen M. Toor.
Entry order re MPR 9) Motion to Continue Hearing. M/Reaction Form. granted Helen M. Toor.  The court will try to schedule this in S eptember.

07/25/05   Motion Hearing scheduled for 08/30/05 continued.
Motion Hearing set for 09/27/05 at 10:30 AM.  BLOCK SCHEDULED.
MPR 10) Request to Participate by Phone given to Judge Helen M. Toor.

08/09/05   Entry order re MPR 10) Request to Participate by Phone.  M/Reaction Form. granted Helen M. Toor.

09/27/05   Motion Hearing held.  TJD/VTAPE.
Entry Order: Interim Order: 1)Mother will enroll the child with a co unselor or therapist to address seeing h is father after 5 1/2 years of no contac t.  2)After 3-4 sessions,counselor will advi se court via letter as to whether father should initiate contact w/boy by teleph one/mail.  3)Face to face contact not advised(yet).  Parties in agreement this is a delicate situation.
Entry order re MPR 8) Motion to Modify Parent-child Contact.
Stipulated at Hearing. interim order issued Thomas J. Devine.  See entry order.

11/17/05   1 document filed for party 3: Letter from counselor re:father/son PCC.

12/14/05   Status Conference set for 01/17/06 at 10:30 AM.
Hrg notice to parties 1st class.
MPR 11) Motion to Modify Child Support filed by OCS plaintiff Office of Child Support. Motion to Modify Child Support to be set for

hearing.
Hearing to modify child support set for 01/31/06 at 02:15 PM.
Certified Mail/Restricted Plaintiff Dalton(Harley): Notice of
hearing; motion to mod and affidavit; blank 813.
Certified Mail/Restricted Defendant █████ Notice of hearing; motion
and affidavit; blank 813.

12/19/05   Service complete on party(s) 3: Certified Mail/Restricted.
12/20/05   Service complete on party(s) 2: Certified Mail/Restricted. Documents
served: green card 5064 P ████.
12/22/05   1 document filed for party 3: Request to hold both hrgs on same day.
12/30/05   Called Mr ████ to get a response to Ms D alton's request-he had no
objection to h aving both hearings on Jan 31st,since Tu esdays are
his days off.
Status Conference scheduled for 01/17/06 rescheduled.
Motion Hearing set for 01/31/06 at 10:30 AM.   BLOCK SCHEDULED.
JANUARY 17TH CANCELLED AND RESCHEDULED WITH ABOVE,TO BE ON SAME DAY
AS CHILD SUPPORT HEARING ON THIS DAY AT 2:15PM.THANK YOU.
01/20/06   2 documents filed for party 3: Plaintiff's Income and Expense
Affidavit; income info.
01/30/06   MPR 12) Request to Participate by Phone if Necessary filed by
Plaintiff Dalton(Harley). Request to Participate by Phone if
Necessary given to judge. Documents filed: request/letter.
MPR 12) Request to Participate by Phone if Necessary given to Judge
Thomas J. Devine.
01/31/06   Motion Hearing held.   TJD/VTAPE.
Entry Order: Father will telephone his son,write to h im and then
discuss with Plf a date and time for a visit at Milford,NH.If the in
itial visit goes well,parties to agree o n a schedule for future
visits.
Entry order re MPR 12) Request to Participate by Phone if Necessary.
M/Reaction Form. granted Thomas J. Devine.
Entry order re MPR 8) Motion to Modify Parent-child Contact.
Stipulated at Hearing. order issued Thomas J. Devine.  See entry
order.
Hearing to modify child support held.  MG-MM/VTAPE.
Entry Order: Parties appeared. Testimony taken. Court grants motion
to modify. Denies father's request for deviation.
Child support entry order.  Contested Hearing. order issued Martin A.
Maley. Sole Custody of Party 4:children. Obligee is party 3; obligor
is party 2.  See order.
02/09/06   Case closed.  Copies of Order to party(s) 1-3 re OCS registry.
Acceptance of Service Form to party(s) 3.
02/17/06   1 document filed for party 3: Accpt of svc by Plf of 1/31/06 CSO.

Form 800

| COVER SHEET | Vermont Family Court | County Chittenden | Docket Number 319-4-95 CNDM |
|---|---|---|---|
| Plaintiff Name and Address<br>Office of Child Support Ex Rel<br>MICHELE HARLEY<br><br>31 MARSHALL ST # C-3<br>MILFORD NH 03055 | | Defendant Name and Address<br>███████████<br><br>███████████<br>COLCHESTER VT 05446 | |
| TEL # Day:          Evening:<br>DOB: 7/23/1966 | | TEL # Day:          Evening:<br>DOB: ████ | |

1. Case Type:A) ___New  _x_Existing  ___Human Service Board Order(attached)
B) ___Divorce ___Annulment ___Desertion & Nonsupport ___Parentage
___Legal Separation ___Other:
C) Minor children? _x_Yes ___No (if this is a New Case involving Minor Children, attach a completed Affidavit of Child Custody, Form No. 135.)
D) Are Parental Rights and Responsibilities contested?___Yes _x_No

2.
A) The _X_ Plaintiff          ___ Defendant                    receives services from the Office of Child Support

B) The ___ Plaintiff          ___ Defendant                    is or has been a recipient of public assistance from the State of Vermont.

3. Existing Court Orders or Court proceedings involving the plaintiff, defendant, or their children:

| A) _x_ Child Support Order: | Date of Order and date(s) modified:<br>1/96,  10/96 |
|---|---|
| | Name and Location of Court: |
| B) ___ Domestic Abuse, Adoption, or Guardianship: | Docket Number: |
| | Name and Location of Court: |

4. Action Requested:

___ Establish Support                          _X_ Modify Support
___ Child                                          _X_ Child
___ Maintenance Supplement                  ___ Maintenance Supplement
___ Spouse                                       ___ Spouse
___ Medical Support                          ___ Contempt
___ Established Parental Rights & Responsibilities (Custody)   ___ Modify Parent Rights & Responsibilities
___ Establish Parent Child Contact (Visitation)    ___ Modify Parent Child Contact (Visitation)
___ Establish Parentage                       ___ Enforcement
___ Wage withholding                          ___ Child Support
___ Other:                                       ___ Medical Support

5. Service of Process:
___ Service Completed; Return/Acceptance of Service is attached ___ No Child Support Issues;Plaintiff will serve
___ Child Support Issues;Clerk will serve      ___ 1st class mail with Acknowledgment
_X_ by Certified Mail                          ___ Serve by Personal Service

6. ___Plaintiff     ___Petitioner requests assistance from the Office of Child Support.

9/25/2013
___Certified to be a true copy
of the original as the same
appears on file in this office.
_____
Vermont Superior Court Clerk
Chittenden Family Division

Form 803A

| Vermont Family Court | County | Docket |
|---|---|---|
| | Chittenden | 319-4-95 CNDM |

## PETITION TO MODIFY CHILD SUPPORT

| Plaintiff's Name and Address | | Defendant's Name and Address | |
|---|---|---|---|
| MICHELE HARLEY  *OC5 exrel* | | ▆▆▆▆▆▆ | |
| 31 MARSHALL ST # C-3 MILFORD NH 03055 | | ▆▆▆▆▆▆▆▆ COLCHESTER VT 05446 | |
| Telephone | Day: | Telephone | Day: |
| | Evening: | | Evening: |

Petitioner, Office of Child Support, requests the Court, pursuant to 15 V.S.A. Section 660, to ___ increase ___ decrease a child support order, as follows:

1. On 10/15/1996, the Chittenden Family Court Court ordered ▆▆▆▆▆ to pay $273.00 per month for child support. (If the Order has been issued by another Court, please attach a certified copy of it.)

2. MICHELE HARLEY is the: _x_ parent ___ guardian ___ other ___ support assignee of the child(ren) for whom child support has been ordered.

3. ▆▆▆▆▆ is the _x_ parent ___ other ___ of the child(ren) for whom child support has been ordered.

4. Under the Child Support Guidelines, the existing Support Order would be increased_x_ decreased___ by more than 10 per cent.

In support of this petition, enclosed is an affidavit containing the income and assets of both parties, and to the best of my knowledge and information, what I believe the parties income and assets are. Also enclosed is an affidavit containing calculations which demonstrate why a modification is appropriate of the child support order and judgment for arrears.

THEREFORE, I request the Court modify the child support order and order ▆▆▆▆▆ to pay $535.76 per month for child support.

_Patricia Barret_

Authorized Representative of
Office of Child Support

Date __12/9/05__

| Vermont Family Court | County<br>Chittenden | Docket<br>319-4-95 CNDM |
|---|---|---|

## AFFIDAVIT FOR DEFAULT JUDGMENT

| Plaintiff ocsecund<br><br>MICHELE HARLEY | V. | Defendant<br><br>████ ██ |
|---|---|---|

The Petitioner, Office of Child Support, requests the Court to enter a Default Judgment if the Respondent does not file a response or objection within 20 days.

_x_ I, on my oath, state that on information and belief the Respondent is not in military service, or an infant (under 18 years of age), or mentally incompetent.

___ I, on my oath, state that on information and belief the Respondent is in military service, and may qualify for consideration under provisions of the Servicemember's Civil Relief Act.

___ I, on my oath, state that on information and belief the Respondent is in military service, but should not qualify for consideration under provisions of the Servicemember's Civil Relief Act because:

12/9/05
(Date)

_Patricia Barrett_
Office of Child Support Representative

Subscribed and sworn to before me:

_Susan Sula_
(Signature of Notary)

12/9/05
(Date)

2/10/07
(Expiration Date)

| Vermont Family Court | County Chittenden | Docket 319-4-95 CNDM |
|---|---|---|

## Affidavit

| Plaintiff o c.Searc͏͏h MICHELE HARLEY | v. | Defendant ███████ |
|---|---|---|

In support of the complaint, motion, petition or objection filed in this case, subject to the penalties for perjury, I state the following facts, which are true to the best of my knowledge and belief:

On October 15, 1996 the Chittenden Family Court continued its order of $273.00 per month and entered judgemnt to the State of Vermont for $1691.06 as of 9/30/96.

I review of the parties indicate that the plaintiff earns $2079.84 per month and the defendant earns $3359.66 per month which increase the current amount from $273.00 to $535.76 per month.

_12/9/05_
Date

_Patricia Barret_
Signature

Subscribed and sworn to before me:

_Susan Little_
Signature of Notary

_12/9/05_
Date

_2/10/07_
Commission Expires

FELL-00003484



**Department for Children and Families**
**Office of Child Support**
103 South Main Street
Waterbury, VT 05671-1901

[phone]  1-800-786-3214
[fax]    (802) 244-1483
[website] www.ocs.state.vt.us

*Agency of Human Services*

OCS 781Q

## * * * NOTICE * * *
## REQUEST FOR MEDICAL SUPPORT INFORMATION

December 7, 2005



COLCHESTER VT  05446

Re:  Child Support Account with MICHELE HARLEY
Employer:
SHAWS SUPERMARKET
500 MOUNTAIN VIEW DRIVE
COLCHESTER VT  05446

Your child support order requires you to provide medical support for the child(ren) covered by the order.  Please assist the Office of Child Support in maintaining the accuracy of the information in your case by completing and returning the attached questionnaire within 10 days to:

Attn:  JOY MARCEAU
Office of Child Support
32 Cherry Street Suite 310
Burlington  VT  05401

Failure to provide the medical support required by your child support order may result in an enforcement action in Family Court.

If you have any questions regarding this notice, please feel free to call your local child support office at (802) 863-7444.

FELL-00003485

OCS 781Q

## QUESTIONNAIRE REQUESTING MEDICAL INSURANCE INFORMATION

████████

MICHELE HARLEY

NOTE: All child support orders of the Family Court must include medical support for the minor child(ren) involved. One or both of the parents may be ordered to establish and maintain medical insurance for the child(ren), if available at a reasonable expense. Medical insurance coverage that is offered to a parent through an employer group policy is assumed to be available at a reasonable expense.

PART 1. Are you presently covered by a medical insurance policy or plan?

___ Yes If so, please continue with Part 1 questions.

___ No If not, please complete the questions in Part 2 only.

A) What is the name and address of the health insurance company?

_____

_____

B) What date did the coverage begin?_____.

C) What are the policy and plan identification numbers for filing claims?

_____

D) What are the names of all persons covered by the health insurance?

_____

E) What is your personal expense for including the minor children in this proceeding under your health insurance (count only your cost for the children)?

$ _____ per _____.

F) If the minor children of this proceeding are not covered by your health insurance plan, what would your personal expense be for including them (count only your cost for the children)?

$ _____ per _____.

PART 2. What is the name and address of your employer? _____

A) Is group plan medical insurance available through this employer?

___ Yes ___ No

B) If yes, what is the earliest date that you would be eligible to enroll in the plan?

_____.

C) What would your personal expense be for including the minor children in proceeding under the health insurance available (count only your cost for the children)?

$ _____ per _____.

Noncustodial Parent: ██████████   Case #: ██████████

Custodial Parent: **MICHELE M HARLEY**   SSN: ██████████

Type: **NPA**   Terms: **CURRENT SUPPORT OF 273.00 PER MONTH AS OF 07/01/2005**

As of: **9/1/2000**

Pages: **3**

| Year | 1996 | | | | Year | 1997 | | |
|---|---|---|---|---|---|---|---|---|
| Month | Support Due | Amount Paid | | Balance | Month | Support Due | Amount Paid | Balance |
| Jan | $0.00 | $0.00 | $ | - | Jan | $273.00 | $0.00 | $ 273.00 |
| Feb | $0.00 | $0.00 | $ | - | Feb | $273.00 | $290.84 | $ (17.84) |
| Mar | $0.00 | $0.00 | $ | - | Mar | $273.00 | $231.25 | $ 41.75 |
| Apr | $0.00 | $0.00 | $ | - | Apr | $273.00 | $231.25 | $ 41.75 |
| May | $0.00 | $0.00 | $ | - | May | $273.00 | $231.25 | $ 41.75 |
| June | $0.00 | $0.00 | $ | - | June | $273.00 | $332.14 | $ (59.14) |
| July | $0.00 | $0.00 | $ | - | July | $273.00 | $0.00 | $ 273.00 |
| Aug | $0.00 | $0.00 | $ | - | Aug | $273.00 | $65.31 | $ 207.69 |
| Sept | $1,691.06 | $0.00 | $ | 1,691.06 | Sept | $273.00 | $0.00 | $ 273.00 |
| Oct | $273.00 | $0.00 | $ | 273.00 | Oct | $273.00 | $65.31 | $ 207.69 |
| Nov | $273.00 | $0.00 | $ | 273.00 | Nov | $273.00 | $0.00 | $ 273.00 |
| Dec | $273.00 | $180.58 | $ | 92.42 | Dec | $273.00 | $0.00 | $ 273.00 |
| Total | $ 2,510.06 | $ 180.58 | $ | 2,329.48 | Total | $ 3,276.00 | $ 1,447.35 | $ 1,828.65 |

| Year | 1998 | | | | Year | 1999 | | |
|---|---|---|---|---|---|---|---|---|
| Month | Support Due | Amount Paid | | Balance | Month | Support Due | Amount Paid | Balance |
| Jan | $273.00 | $0.00 | $ | 273.00 | Jan | $273.00 | $130.60 | $ 142.40 |
| Feb | $273.00 | $0.00 | $ | 273.00 | Feb | $273.00 | $326.50 | $ (53.50) |
| Mar | $273.00 | $223.83 | $ | 49.17 | Mar | $273.00 | $326.50 | $ (53.50) |
| Apr | $273.00 | $373.96 | $ | (100.96) | Apr | $273.00 | $261.20 | $ 11.80 |
| May | $273.00 | $130.61 | $ | 142.39 | May | $273.00 | $261.20 | $ 11.80 |
| June | $273.00 | $391.82 | $ | (118.82) | June | $273.00 | $326.50 | $ (53.50) |
| July | $273.00 | $261.20 | $ | 11.80 | July | $273.00 | $130.60 | $ 142.40 |
| Aug | $273.00 | $261.22 | $ | 11.78 | Aug | $273.00 | $391.80 | $ (118.80) |
| Sept | $273.00 | $261.22 | $ | 11.78 | Sept | $273.00 | $261.20 | $ 11.80 |
| Oct | $273.00 | $261.21 | $ | 11.79 | Oct | $273.00 | $326.50 | $ (53.50) |
| Nov | $273.00 | $391.81 | $ | (118.81) | Nov | $273.00 | $261.20 | $ 11.80 |
| Dec | $273.00 | $0.00 | $ | 273.00 | Dec | $273.00 | $130.60 | $ 142.40 |
| Total | $ 3,276.00 | $ 2,556.88 | $ | 719.12 | Total | $ 3,276.00 | $ 3,134.40 | $ 141.60 |

Prepared By: Patricia Bassett   Total Page 1: $ 5,018.85

Agency: Office of Child Support   Total Additional Pages: $ (5,189.09)

Date: 12/9/2005   Balance Due Total: **$ (170.24)**

Signature: *Patricia Bassett*   Balance as of: 11/30/2005

December 9, 2005   Chittenden VT   2/10/2007

Sworn and signed before me on this date in the County and State of   Notary Public Name   Commission Expiration Date

FELL-00003487

ARREARS AFFIDAVIT

Noncustodial Parent:
Custodial Parent: **MICHELE M HARLEY**

Case #:
SSN:

As of: 11/30/2005
Page 2 of: 3

| Year | 2000 | | | | Year | 2001 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Month | Support Due | Amount Paid | | Balance | Month | Support Due | Amount Paid | | Balance |
| Jan | $273.00 | $261.20 | $ | 11.80 | Jan | $273.00 | $326.50 | $ | (53.50) |
| Feb | $273.00 | $340.02 | $ | (67.02) | Feb | $273.00 | $261.20 | $ | 11.80 |
| Mar | $273.00 | $259.00 | $ | 14.00 | Mar | $273.00 | $260.16 | $ | 12.84 |
| Apr | $273.00 | $907.82 | $ | (634.82) | Apr | $273.00 | $1,113.55 | $ | (840.55) |
| May | $273.00 | $751.75 | $ | (478.75) | May | $273.00 | $323.90 | $ | (50.90) |
| June | $273.00 | $261.20 | $ | 11.80 | June | $273.00 | $259.12 | $ | 13.88 |
| July | $273.00 | $261.20 | $ | 11.80 | July | $273.00 | $324.96 | $ | (51.96) |
| Aug | $273.00 | $391.80 | $ | (118.80) | Aug | $273.00 | $259.64 | $ | 13.36 |
| Sept | $273.00 | $195.90 | $ | 77.10 | Sept | $273.00 | $194.86 | $ | 78.14 |
| Oct | $273.00 | $326.50 | $ | (53.50) | Oct | $273.00 | $624.30 | $ | (351.30) |
| Nov | $273.00 | $261.20 | $ | 11.80 | Nov | $273.00 | $235.42 | $ | 37.58 |
| Dec | $273.00 | $261.20 | $ | 11.80 | Dec | $273.00 | $259.12 | $ | 13.88 |
| Total | $ 3,276.00 | $ 4,478.79 | $ | (1,202.79) | Total | $ 3,276.00 | $ 4,442.73 | $ | (1,166.73) |

| Year | 2002 | | | | Year | 2003 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Month | Support Due | Amount Paid | | Balance | Month | Support Due | Amount Paid | | Balance |
| Jan | $273.00 | $324.42 | $ | (51.42) | Jan | $273.00 | $259.12 | $ | 13.88 |
| Feb | $273.00 | $259.12 | $ | 13.88 | Feb | $273.00 | $259.12 | $ | 13.88 |
| Mar | $273.00 | $347.93 | $ | (74.93) | Mar | $273.00 | $729.12 | $ | (456.12) |
| Apr | $273.00 | $692.45 | $ | (419.45) | Apr | $273.00 | $323.90 | $ | (50.90) |
| May | $273.00 | $259.12 | $ | 13.88 | May | $273.00 | $961.41 | $ | (688.41) |
| June | $273.00 | $259.12 | $ | 13.88 | June | $273.00 | $323.90 | $ | (50.90) |
| July | $273.00 | $324.12 | $ | (51.12) | July | $273.00 | $259.12 | $ | 13.88 |
| Aug | $273.00 | $259.12 | $ | 13.88 | Aug | $273.00 | $323.90 | $ | (50.90) |
| Sept | $273.00 | $259.12 | $ | 13.88 | Sept | $273.00 | $323.90 | $ | (50.90) |
| Oct | $273.00 | $323.90 | $ | (50.90) | Oct | $273.00 | $259.12 | $ | 13.88 |
| Nov | $273.00 | $259.12 | $ | 13.88 | Nov | $273.00 | $259.12 | $ | 13.88 |
| Dec | $273.00 | $323.90 | $ | (50.90) | Dec | $273.00 | $323.90 | $ | (50.90) |
| Total | $ 3,276.00 | $ 3,891.44 | $ | (615.44) | Total | $ 3,276.00 | $ 4,605.63 | $ | (1,329.63) |

Total This Page: $ (4,314.59)

ryan, patrick

Page 2

FELL-00003488

Noncustodial Parent: ██████████  Case #:
Custodial Parent: **MICHELE M HARLEY**  SSN: ██████████

As of: 11/30/2005
Page 3 of: 3

| Year | 2004 | | | Year | 2005 | | |
|---|---|---|---|---|---|---|---|
| **Month** | **Support Due** | **Amount Paid** | **Balance** | **Month** | **Support Due** | **Amount Paid** | **Balance** |
| Jan | $273.00 | $259.12 | $ 13.88 | Jan | $273.00 | $259.12 | $ 13.88 |
| Feb | $273.00 | $259.12 | $ 13.88 | Feb | $273.00 | $259.12 | $ 13.88 |
| Mar | $273.00 | $870.96 | $ (597.96) | Mar | $273.00 | $435.79 | $ (162.79) |
| Apr | $273.00 | $259.12 | $ 13.88 | Apr | $273.00 | $336.15 | $ (63.15) |
| May | $273.00 | $259.12 | $ 13.88 | May | $273.00 | $270.50 | $ 2.50 |
| June | $273.00 | $323.90 | $ (50.90) | June | $273.00 | $326.50 | $ (53.50) |
| July | $273.00 | $259.12 | $ 13.88 | July | $273.00 | $130.60 | $ 142.40 |
| Aug | $273.00 | $323.90 | $ (50.90) | Aug | $273.00 | $371.20 | $ (98.20) |
| Sept | $273.00 | $259.12 | $ 13.88 | Sept | $273.00 | $261.20 | $ 11.80 |
| Oct | $273.00 | $259.12 | $ 13.88 | Oct | $273.00 | $326.50 | $ (53.50) |
| Nov | $273.00 | $323.90 | $ (50.90) | Nov | $273.00 | $261.20 | $ 11.80 |
| Dec | $273.00 | $259.12 | $ 13.88 | Dec | $0.00 | $0.00 | $ - |
| **Total** | **$ 3,276.00** | **$ 3,915.62** | **$ (639.62)** | **Total** | **$ 3,003.00** | **$ 3,237.88** | **$ (234.88)** |

| Year | 2006 | | | Year | 2007 | | |
|---|---|---|---|---|---|---|---|
| **Month** | **Support Due** | **Amount Paid** | **Balance** | **Month** | **Support Due** | **Amount Paid** | **Balance** |
| Jan | $0.00 | $0.00 | $ - | Jan | $0.00 | $0.00 | $ - |
| Feb | $0.00 | $0.00 | $ - | Feb | $0.00 | $0.00 | $ - |
| Mar | $0.00 | $0.00 | $ - | Mar | $0.00 | $0.00 | $ - |
| Apr | $0.00 | $0.00 | $ - | Apr | $0.00 | $0.00 | $ - |
| May | $0.00 | $0.00 | $ - | May | $0.00 | $0.00 | $ - |
| June | $0.00 | $0.00 | $ - | June | $0.00 | $0.00 | $ - |
| July | $0.00 | $0.00 | $ - | July | $0.00 | $0.00 | $ - |
| Aug | $0.00 | $0.00 | $ - | Aug | $0.00 | $0.00 | $ - |
| Sept | $0.00 | $0.00 | $ - | Sept | $0.00 | $0.00 | $ - |
| Oct | $0.00 | $0.00 | $ - | Oct | $0.00 | $0.00 | $ - |
| Nov | $0.00 | $0.00 | $ - | Nov | $0.00 | $0.00 | $ - |
| Dec | $0.00 | $0.00 | $ - | Dec | $0.00 | $0.00 | $ - |
| **Total** | **$ -** | **$ -** | **$ -** | **Total** | **$ -** | **$ -** | **$ -** |

Total This Page: $ (874.50)

ryan, patrick  Page 3

FELL-00003489

Form 802

| Vermont Family Court | County Chittenden | Docket Number 319-4-95 CNDM |
|---|---|---|

IN THE MATTER OF:    Plaintiff
vs.
Defendant

MICHELE HARLEY

**CHILD SUPPORT ORDER**

| OBLIGOR (Person Who Must Pay Support) | OBLIGOR'S EMPLOYER |
|---|---|
| Last Name    First Name    Initial<br>█████  ████████ | Name<br>SHAWS SUPERMARKET |
| Street Address<br>████████████ | Street Address<br>500 MOUNTAIN VIEW DRIVE |
| City    State    Zip Code<br>COLCHESTER  VT  05446 | City    State    Zip Code<br>COLCHESTER  VT  05446 |
| Telephone Number | Telephone Number |
| Social Security Number ███████  Date of Birth ████████ | |

| OBLIGEE (Person Who Receives Support) | OBLIGEE'S EMPLOYER |
|---|---|
| Last Name    First Name    Initial<br>HARLEY,  MICHELE | Name |
| Street Address<br>████████████ # C-3 | Street Address |
| City    State    Zip Code<br>MILFORD  NH  03055 | City    State    Zip Code |
| Telephone Number | Telephone Number |
| Social Security Number    Date of Birth ████ 1966 | |

| CHILDREN WHO ARE SUBJECT TO THIS ORDER | | | | |
|---|---|---|---|---|
| First Name    Last Name    M | | Date of Birth | Grade | Social Security Number |
| A████  H████ | | ████ 5 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

FELL-00003490

Form 802

# CHILD SUPPORT ORDER

Page 1

FILED
Vermont
Family Court
JAN 2009
VT FAMILY COURT
CHITTENDEN COUNTY

IN THE MATTER OF:

| County | Docket Number |
|---|---|
| CHITTENDEN | 319-4-95 Cndm |

Plaintiff    Michelle Dalton

vs.

Defendant    ████████████

## Modification

| OBLIGOR (Person Who Must Pay Support) | OBLIGOR'S EMPLOYER |
|---|---|
| | Name: Shaws Supermarket |
| Last Name: ████  First Name: ████  Initial | |
| Street Address: ████ay ███████ █ | Street Address: 500 Mountain View Drive |
| City: Colchester  State: VT  Zip Code: 05446 | City: Colchester  State: VT  Zip Code: 05446 |
| Telephone Number: | Telephone Number: |
| Social Security Number: ████████  Date of Birth: ██ | |

| OBLIGEE (Person Who Receives Support) | OBLIGEE'S EMPLOYER |
|---|---|
| Last Name: Dalton  First Name: Michelle  Initial | Name: |
| Street Address: ████████ | Street Address: |
| City: Milford  State: NH  Zip Code: 03055 | City:  State:  Zip Code: |
| Telephone Number: | Telephone Number: |
| Social Security Number: ████████  Date of Birth: ██66 | |

### CHILDREN WHO ARE SUBJECT TO THIS ORDER:

| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
|---|---|---|---|---|---|
| H███ | A██ | | ████ | | ████████ |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |
| Last Name | First Name | M. | Date of Birth | Grade | Social Security Number |

Rev. 7/04 SML

9/25/2013 Certified to be a true copy
of the original as the same
appears on file in this office.

_Vermont Superior Court Clerk_
Chittenden Family Division

FELL-00003491

**CHILD SUPPORT ORDER**     DOCKET NO. | 319-4-95 Cndm |     Page 2

---

**I. TYPE OF HEARING, DEFAULT OR STIPULATION**

This order is entered upon

☐ default (failure to file an answer)

☐ after default hearing (when one or more parties fail to appear)

☒ after hearing (when parties are present and/or represented by counsel)

☐ approval of the parties (stipulation filed)

---

**II. PARENTAL RIGHTS AND RESPONSIBILITIES**

**FINDINGS AND BASIS OF ORDER**

A)  Physical responsibility for the child(ren) for the purpose of child support is:

☒ primarily with Michelle Harley _____

☐ split as follows: Child(ren): _____ with _____
                                                                                                     name of parent

        Child(ren): _____ with _____
                                                                                               name of parent

☐ shared as follows: _____ % of time with _____
                                                                          name of parent

                            _____ % of time with _____
                                                                          name of parent

B)  Physical responsibility is based on: ☐ a stipulation of the parties dated _____

                                                          ☐ an Order of the Court dated _____

C)  Child(ren) _____ is/are in the custody of others.

D)  Additional information: _____

---

**III. CURRENT CHILD SUPPORT**

☒ This is the result of a child support worksheet which is attached and incorporated as Findings in this Order and which includes information on other child support related costs, such as child care, extraordinary medical and/or educational expenses.

**ORDER**

A)  Beginning Date: | 1/1/06 |     the Obligor shall pay child support in the amount of  $ | 579.10 |

    per time period: | month |

B)  Beginning Date: | n/a |     the Obligor shall pay child support maintenance supplement in the amount of

    $ | n/a |     per time period: | n/a |

Rev. 7/04 SML

FELL-00003492

CHILD SUPPORT ORDER     DOCKET NO. 319-4-95 Cndm                    Page 3

## IV. ARREARS ON PAST DUE CHILD SUPPORT/REPAYMENT PROVISIONS

A)     ARREARS OWED TO THE OFFICE OF CHILD SUPPORT:

Beginning Date: 1/1/06          the obligor shall pay the Office of Child Support the sum of

$ 0     per (time period): month     towards a judgment in the amount of

$ 0     as of (date): 0     This judgment consists of past due support

$ 0     ; medical expenses $ 0     ; service fees $ 0     ;

civil penalty $ 0     ; Attorney fees $ 0     ; surcharge $ 0     ;

other _____ $ 0

B)     ARREARS OWED TO THE OBLIGEE:

Beginning Date: 1/1/06          the obligor shall pay to the obligee $ _____

per (time period): month          towards a judgment in the amount of $ _____

as of (date): 12/31/05     This judgment consists of past due support $ 0     ; medical expenses

$ 0     ; service fees $ 0     ; civil penalty $ 0     ;

Attorney fees $ 0     ; surcharge $ 0     ;

other _____ $ 04/15/80

C)     ARREARS OWED TO ANOTHER PERSON OR AGENCY:

Beginning Date: n/a          the obligor shall pay to the _____

$ n/a     per (time period): n/a     towards a judgment in the amount of

$ n/a     as of (date): n/a     .

D)     ADDITIONAL: _____
_____
_____
_____

## V. METHOD OF PAYMENT

☒     A) WAGE WITHHOLDING ORDER

1) Beginning Date: 1/1/06          any employer of the Obligor shall deduct the sum of

$ 579.10     per (time period): month

This deducted amount shall be paid directly to:

OFFICE OF CHILD SUPPORT, PO BOX 1310, WILLISTON, VT  05495
(NOTE: This provision of this order is subject to the limits on withholding contained in 15 U.S.C. §1673(b) and
§303(b) of the Consumer Protection Act.)

Rev. 7/04 SML

**CHILD SUPPORT ORDER**      DOCKET NO. | 319-4-95 Cndm |      **Page 4**

2) At any time the child support obligation is not being paid through wage withholding, the responsible parent shall send the payments to the ☒ Office of Child Support or ☐ the Obligee.

(NOTE: Any direct Payments made by the Obligor to the Obligee will not be reflected in OCS records unless OCS received written notification of the direct payment).

☐   B) **DIRECT PAYMENT** - Based upon:   ☐ 1) Stipulation of the parties or
☐ 2) Evidence presented at hearing

1) Beginning Date: |                  |      the Obligor shall pay the sum of $ |              |

per (time period): |              |      to the Office of Child Support. This amount shall be paid directly to:

OFFICE OF CHILD SUPPORT, PO BOX 1310, WILLISTON, VT  05495

2) Beginning Date: |              |      the Obligor shall pay the sum of $ |              |

per (time period): |              |      to the Obligee.

**(NOTE: If the court finds, after a hearing on a petition, that any support payment has been late by 7 days or more, the court may issue a wage withholding order, pursuant to 15 V.S.A. section 782.)**

**VI. HEALTH INSURANCE AND EXPENSE PROVISION**

A) The ☐ Obligor and/or ☒ Obligee is ordered to provide and maintain the following health insurance coverage for the minor child(ren) identified on page 1 as being subject to this order.

Current Policy:

| Policy or Certificate Number | Name of Subscriber |
|---|---|
| Plan Name and Address<br>anthem BCBS | Subscriber's I.D Number |

B) Medical or other health expenses that are unreimbursed by insurance (including but not limited to expenses for eye, dental, mental health, health plan deductible) shall be shared/split as follows:

| 50 % | Obligor | 50 % | Obligee |
|---|---|---|---|

C) Additional Orders: Health insurance for the minor child, ▮ is carried by Mrs. Dalton's current husband.

Rev. 7/04 SML

FELL-00003494

**CHILD SUPPORT ORDER**   DOCKET NO. `319-4-95 Cndm`   **Page 5**

1) If employed, a parent under a medical support order shall notify his/her employer of such obligation, in writing, within 10 days of the date of this order.

2) If self-employed or unemployed, a parent under a medical support order shall notify his/her health care insurer of such obligation in writing within 10 days of the date of this order.

3) A parent is liable for any unreimbursed health care costs of the child(ren) that result from a parent's failure to give notice/obtain insurance as ordered above, which accrues between the date of this order and the date that the order is modified by the Court.

4) If a parent has health insurance through an entity other than his/her employer, that parent shall be responsible for maintaining that insurance and complying with any notice requirements under the policy in effect. Failure to do so will make the parent liable for paying any unreimbursed health care expenses that accrue between the date of this order and the date this order is modified by the Court.

5) If a parent pays a health expense of a child subject to this order and the other parent receives reimbursement from insurance for the expense, the reimbursement shall be sent to the parent who advanced payment, within 7 days of receipt. If the child(ren) also have Medicaid coverage, payment is to be sent to the: **Office of Vermont Health Access, 103 S. Main Street, Waterbury, VT 05676-1201**, within 7 days.

6) The parties shall provide each other with copies of bills for health expenses and documentation of insurance determination within 7 days of receipt. The parent who maintains insurance shall also provide the other parent with a health insurance card, claim forms and a list of benefits and restrictions within 10 days of the date of this order.

7) Each party shall notify the: **Office of Child Support, Support Registry, 103 South Main Street, Waterbury, VT 05671-1901** within 7 days of a change in address, employment or health insurance carrier. This notification requirement applies until all obligations to support arrearages or orders to provide visitation are satisfied.

8) A PARENT OR ANY OTHER PERSON TO WHOM SUPPORT HAS BEEN GRANTED, OR ANY PERSON CHARGED WITH SUPPORT, MAY FILE A MOTION FOR A MODIFICATION OF A CHILD SUPPORT ORDER UNDER 15 VSA SECTION 660. A MODIFICATION MAY BE GRANTED UPON A REAL, SUBSTANTIAL, AND UNANTICIPATED CHANGE OF CIRCUMSTANCES, INCLUDING LOSS OF EMPLOYMENT OR A CONSIDERABLE REDUCTION OR INCREASE IN SALARY OR WAGES. AN OBLIGOR IS RESPONSIBLE FOR ANY REQUIRED PAYMENTS SET FORTH IN AN ORDER UNLESS THE ORDER IS VACATED OR MODIFIED BY A COURT. THUS, ANY SUBSEQUENT AGREEMENT BETWEEN THE PARTIES THAT DIFFERS FROM THE ORDER IS NOT LEGALLY BINDING, AND THE OBLIGOR IS STILL LEGALLY REQUIRED TO PAY THE AMOUNT ORDERED BY THE COURT. (15 VSA, Section 663 (e)).

---

## VII. ADDITIONAL FINDINGS AND ORDER

### ADDITIONAL FINDINGS

A) ☐  A Relief from Abuse Order exists for these parties under Docket No. _____

B) ☐  A party's address is omitted for confidentiality purposes after a court finding of good cause.

C) ☒  Other:

This matter came before the Court on a Motion to Modify Child Support. Roseanne Neddo appeared for the Office of Child Support. Mr. ▮▮▮▮ appeared pro se. Ms. Walton appeared pro se, via phone. A guideline of $579.10 per month resulted from Mr. ▮▮▮▮ monthly income of $3,739.00 and Ms. Walton's monthly income of $1,871.81 per month. Ms. Walton has one additional dependent and Mr. ▮▮▮▮ requested has a prior obligation of $40.33 per month. Mr. ▮▮▮▮ requested the Court deviate downward from the guideline of $579.40 per month. The Court reviewed factors from 15 VSA 659 and found that the factors with regards to deviation does not warrant a downward deviation at this time.

Rev. 7/04 SML

FELL-00003495

**CHILD SUPPORT ORDER**     DOCKET NO. | 319-4-95 Cndm |     Page 6

---

## VIII. DURATION OF CHILD SUPPORT

A) This order shall remain in effect unless and until it is changed or discontinued by further order of the Court or operation of law.

B) Unless otherwise specified, an Obligor's support obligation will continue beyond a child's eighteenth birthday if the child is enrolled in, but has not completed high school.

C) If wage withholding is ordered and an arrearage exists when the support obligation terminates, the monthly current obligation and any arrearage repayment plan shall not be reduced until the amount is satisfied.

The above is stipulated by the parties.

| Signature of Obligor                     Date | | Signature of Obligee                     Date |
|---|---|---|

| OCS Representative                     Date |
|---|

Approved as to Form

| Signature of Obligor's Attorney          Date | | Signature of Obligee's Attorney          Date |
|---|---|---|



| Magistrate/Presiding Judge | | Date    1/31/06 |
|---|---|---|

It is so ORDERED.

| Assistant Judge                     Date | | Assistant Judge                     Date |
|---|---|---|

### ACCEPTANCE OF SERVICE

I have received a copy of this Order and I waive all other service.

| Obligor                     Date | | Obligee ▮▮▮▮▮▮▮           Date    1/31/06 |
|---|---|---|

### NOTICE OF RIGHT TO APPEAL

An order signed by the Magistrate or Presiding Judge may be appealed by filing a Notice of Appeal with the Clerk of the Family Court within 30 days of filing of this order.

Rev. 7/04 SML

FELL-00003496

**CHILD SUPPORT ORDER**        DOCKET NO. | 319-4-95 Cndm |                           **Page 7**

### NOTICE OF A PARENT'S RESPONSIBILITY AND RIGHTS

A)    **THIS IS A COURT ORDER**

All parties are expected to comply with all terms of this Order.

The address provided to the Court shall remain the same for service of future actions and/or orders unless a parent notifies the court of a change.

B)    **A PARTY HAS THE RIGHT TO SEEK MODIFICATION OF THE ORDER BY FILING AN ACTION IN COURT**

A party has the right to request a modification of the child support order based upon a real, substantial, unanticipated change of circumstances or if the support amount has not been modified by the Court for at least three years from the date of the last order.

C)    **RIGHT TO SEEK ENFORCEMENT OF THE ORDER**

1. A party may place liens on real or personal property.

2. A party may request the Court to:

a) place assets in escrow.

b) **suspend any and all licenses owned by the Obligor. This may include, but is not limited to, professional, hunting, fishing, or motor vehicle driver's licenses.**

c) grant a civil penalty when noncompliance of the support is willful.

d) order wage withholding if the support amount is at least 7 days delinquent.

e) find the Obligor in Contempt if there is willful noncompliance with this order.

f) impose surcharges on past due child support.

D)    **IN ADDITION TO THE REMEDIES LISTED ABOVE:**

A party has the right to request assistance from the Vermont Office of Child Support in the effort to enforce this Order. If the Office of Child Support is or becomes involved in this case, based either on a current or future request for their services, or otherwise, the Office is not limited to but may take the following steps when appropriate:

1. Use any lawful collection remedies to collect any outstanding balance from the Obligor, regardless of any repayment plan on any unpaid debts.

2. Certify all qualifying child support debts to the Vermont Tax Department and/or the Federal Treasury Offset Program for the purpose of intercepting tax returns and/or other payments (i.e., vendor payments, passport denial, etc.)

3. Report an Obligor's account balance to consumer credit reporting agencies and/or request a copy of the report.

4. Administratively issue a wage withholding order for current support and/or arrearages in excess of 1/12 of the annual support obligation.

5. Freeze bank accounts and take the proceeds to satisfy past due support.

Rev. 7/04 SML

FELL-00003497

```
                    FAMILY    COURT
CP: Michele Harley                    WORKSHEET:   Sole
                and                   COUNTY:      Chittenden
NCP: ▮▮▮▮▮▮▮▮                          DOCKET:      319-4-95 Cndm
============================================================================
        CHILDREN

▮▮▮▮▮      ▮▮▮▮▮▮▮      Age 11
============================================================================
        CUSTODY INFORMATION            CP          NCP          Total
Number of Children                                                  1
Percentage of Time with Child(ren)    100.00%       0.00%      100.00%
Number of Additional Dependents          1           0             1
============================================================================
PART I. MONTHLY AVAILABLE INCOME       CP          NCP        Combined

 1. Monthly Gross Income            $ 1,871.86  $ 3,739.00
    a. - Self Employment/Spousal Support $  0.00  $     0.00
 2. Monthly Adjusted Gross Income   $ 1,871.86  $ 3,739.00
 3. Monthly After Tax Income        $ 1,775.00  $ 2,821.00
    a. - Pre-existing Child Support  $     0.00  $    40.33
    b. - Health Insurance           $     0.00  $     0.00
    c. - Additional Adjustment      $     0.00  $     0.00
 4. Monthly Unadjusted Available Income $ 1,775.00  $ 2,780.67
    a. - Additional Dependent Adjustment $ 455.00  $     0.00
 5. Monthly Available Income        $ 1,320.00  $ 2,780.67  $ 4,100.67
============================================================================
PART II. CALCULATING SUPPORT OBLIGATION   CP         NCP       COMBINED

 6. Proportional Share of Income    %  32.19  %   67.81
 7. Child Support Guideline Amount                         $    854.00
    a. - Qualified Child Care                              $      0.00
    b. - Medical Expenses                                  $      0.00
    c. - Educational Expenses                              $      0.00
 8. Combined Family Expenditures                           $    854.00
 9. Parental Support Obligation     $  274.90  $   579.10
============================================================================
PART III. ABILITY TO PAY CALCULATION      CP         NCP       COMBINED

10. Self-Support Reserve                       $   875.00
11. Income Available for Support               $ 1,905.67
12. Monthly Support Payable                    $   579.10
13. Monthly Income after Payment    $ 2,354.10  $ 2,201.57
14. Maintenance Supplement
============================================================================
COMMENT:

============================================================================
Calculation Date: 1/31/2006
Program Version:  3.1.5          Table Update Date: 01/23/2006 08:00:00
```

APPROVED AND INCORPORATED AS FINDINGS

_[signature]_  1/31/06

FELL-00003498

# EDWARD J. COSTELLO COURTHOUSE
## 32 Cherry Street
## Burlington, VT 05401
### Tel.: (802) 651-1800

**Reply to:**
District Court
Suite 300



**Reply to:**
Family Court
Suite 200

---

```
------------------------------------------------
|                                                |
|  ████ ██                                        |
```

```
|                                                |
| St. Albans VT 05478                            |
------------------------------------------------
```

April 12, 1995

OCS/Harley vs. ████                                    Docket No. 319-4-95 Cndm

The Office of Child Support Services has initiated a Paternity Action against you on behalf of the mother of the child(ren) listed. This action is intended to legally establish you are the biologigal parent of the child or children listed on the complaint, and to make a determination of child support.

If you do not agree with the complaint and deny you are the father, you will need to file an answer within 20 days. The Court staff will provide the form for you to file an answer and answer any questions.

Vermont law establishes your right to parental contact (visitation) once it is established you are the biological parent. The paternity action Child Support Services has started **will not** legally specify a visitation schedule for you to have contact with your child(ren).

If you do not legally establish parent child contact at this time, and the child(ren)'s mother does not agree to your seeing the child(ren), you will need to come to Court to legally establish your right to see your child(ren) in the future.

If you want to establish a schedule for parental contact at the time parentage is established, we urge you to contact the Court for assistance.

FELL-00003499