# EXHIBIT 334



**VERMONT**
Vermont.gov

# Police Reports and Public Records Ordering
# A service of the Department of Public Safety & the Vermont State Police

- Vermont.gov
- FAQs
- DPS Website

- Transactional Reports
- Work Queue and Requests
- Fulfillment Agencies
- Financial Reports
- Admin Management

Open Requests
Shipped Later
Fulfilled Requests
Search Requests

## Open Document Requests

To "Accept" this document request, click the "Accept" button below.

### Document Order Summary

| Transaction Date | Reference Number | Document Fee | Requester Name | | Status |
|---|---|---|---|---|---|
| 2013-08-06 16:36:20 | 21713161736-W | $ 20.00 | Melanie Carr | | New |
| **Mailing Address** | | | **City** | **State** | **Zip** |
| 20 Jay St., Ste. 209 | | Brooklyn | | NY | 11201 |
| **Email Address** | | | **Telephone** | | **Document Type** |
| melcarr23@gmail.com | | 504-473-7272 | | | Report |

**Incident Details**

| | |
|---|---|
| Police Case Number: | 00-B-100969 |
| Incident Date: | |
| Parties Involved: | |
| Incident Type: | |
| Relationship to Case: | Other - Pertaining to a federal court matter. |
| Reason for Request: | I am working with attorney Cathleen Price who needs this information in connection with a federal court matter. |

[ Back ]  [ Accept ]

**Logged In As: Heidi Storm**
Logout - Change Password

Accessibility Policy  |  Privacy Policy
A Vermont Government Website  Copyright 2013 State of Vermont



FELL-00003537

08/13/2013      Vermont State Police, A Troop-Middlesex         20329
10:11              LAW Incident Table:          Page:   1

Incident
Incident Number: 00B100969  Nature: Citizen Dispute
  Case Number:              Image:
    Address:
      City: Concord       State: VT  ZIP: 05824
      Area: 0507  CONCORD        Contact:

Complainant
Numbr:  326319
  Last:▮▮▮▮▮        Fst: Jennifer    Mid: Amy
  DOB: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Details
  Offense Codes: 1414 0481 2480        Reported: CDIS  Observed: 0481
  Circumstances: LT20  LT13
  Rspndg Officers: Tallmadge, B
  Rspnsbl Officer: Tallmadge, B   Agency: SPB1      CAD Call ID:  1314640
    Received By: Berry, J       Last RadLog:
    How Received: T Telephone      Clearance: RBS  Reviewed by Sergeant
    When Reported: 11:47:16 04/12/2000   Disposition: CAA  Disp Date: 04/13/2000
    Occurrd between: 11:47:16 09/01/1999  Judicial Sts: PSP  Pending Submission/Pr
          and: 11:47:16 04/12/2000    Supervisor: FHC 060800
          MO:
  Narrative
  Narrative: (See below)
  Supplement: (See below)          (See below)
= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =
INVOLVEMENTS:
Type Record #  Date    Description            Relationship
 BK    99826 05/30/2000  UNLAWFUL TRESPAS - MISD   + *Arrest/Offense
 BK    96887 04/13/2000  UNL MISCHIEF > $1000       *Arrest/Offense
 NM   326319 04/12/2000  ▮▮▮▮▮ Jennifer Amy       Person of Interest
 NM   326319 04/12/2000  ▮▮▮▮▮ Jennifer Amy       *Complainant
 NM   407084 04/12/2000  Travassos, Maria C     Victim
 NM   407084 04/12/2000  Travassos, Maria C     Offender
 NM   618390 04/12/2000  ▮▮▮▮▮▮▮▮▮      Offender
 CA  1314640 04/12/2000 11:47 04/12/2000 Citizen Dispu *Initiating Call
 PR   220654 04/12/2000  Windshield $350        Damaged

FELL-00003538

LAW Incident Offenses Detail:
Offense Codes

| Seq Code | Amount | |
|---|---|---|
| 1 1414 VANDALISM - MISC. | 0.00 | |
| 2 0481 Stalking | 0.00 | |
| 3 2480 DISORDERLY CONDUCT OTHER | 0.00 | |

LAW Incident Circumstances:
Contributing Circumstances

| Seq Code | Comments |
|---|---|
| 1 LT20 Residence/Home | |
| 2 LT13 Highway/Road/Alley | |

LAW Incident Responders Detail
Responding Officers

| Seq Name | Unit |
|---|---|
| 1 Tallmadge, B | 349 |

Narrative:

_____

On 04-12-00 I was advised that a "EXPUNGED" (DOB:) wanted to make a complaint of unlawful mischief. I spoke with "EXPUNGED" by phone who advised that ▮▮▮▮▮ (DOB: ▮▮▮▮) had smashed the driver's door window of ▮▮▮▮▮ car.

I briefly spoke with Jennifer ▮▮▮▮ on the phone prior to "EXPUNGED" coming to the barracks. She advised that "EXPUNGED" had

shown up at her residence, uninvited, and refused to leave when she was repeatedly asked. ▮▮▮▮▮ advised she had called because she knew that "EXPUNGED" would be calling if she had not already called.

I met with "EXPUNGED" at the State Police barracks. She showed me the vehicle which had been vandalized; a 1994 blue Chevrolet Beretta bearing VIN 1G1LW15M6RY210798. I observed the window of the driver's door had been smashed out and observed glass fragments in the interior of the vehicle.

"EXPUGNED" advised she was parked in the driveway of ▮▮▮▮▮ residence, located at 571 ▮▮▮▮▮▮▮▮▮▮▮▮, when the incident occurred.

In a sworn written statement "EXPUNGED" advised of the following; at about 1208 hours on 04-12-00 she had been driving in the Town of Concord. She decided to go to the ▮▮▮ residence because she had suspicions that Jennifer ▮▮▮ (DOB: ▮▮▮) was having an ▮▮▮▮▮▮▮. She knocked on the door of the residence which was answered by Jennifer and she asked to speak with ▮▮▮. Both Jennifer and ▮▮▮▮ told her to leave, which she did. As she was backing her vehicle out of the driveway ▮▮▮ smashed the driver's door window with his fist.

After giving her statement "EXPUNGED" advised me that she knew ▮▮▮▮ and Jennifer were having ▮▮▮ and that Jennifer was ruining her life.

I asked "EXPUNGED" if she had left when asked the first time and she advised that she did and added "I swear to God". I expressed doubts that "EXPUNGED" was telling the truth concerning this matter and she said "I swear on my children" that she was telling the truth and had left the residence when asked.

Later that day "EXPUNGED" provided a damage estimate for the window. The estimate was prepared by South Main Auto Body of St. Johnsbury VT and indicated the total damages to be $370.83.

On 04-12-00 I went to the ████████ residence where I met with both Jennifer and ████████.

In a sworn written statement ████████ advised of the following; At about 1150 hours on 04-12-00 his ████ walked into the house, about the same time "EXPUNGED" pulled into the driveway of the residence. "EXPUNGED" came to the door and asked to speak with him. "EXPUNGED" then began to argue with Jennifer, who repeatedly asked "EXPUNGED" to leave. Jennifer then tried to close the door, which "EXPUNGED" would block her from doing by pushing back on the door. Jennifer was finally able to shut the door. "EXPUNGED" then stood outside and continued to shout. He then went out onto the porch and told "EXPUNGED" to leave. When she did not he began to walk towards her. "EXPUNGED" got into her car and then continued to shout. He again asked "EXPUNGED" to leave. When she did not he hit the car window. "EXPUNGED" then left.

In a sworn recorded statement Jennifer advised of the following; While stopped at a stop sign she observed "EXPUNGED".

She went home and shortly afterwards "EXPUNGED" pulled into the driveway of her residence. "EXPUNGED" came to the door and asked to speak with ████████ "EXPUNGED" then began using foul language and she asked her to leave, several times. She tried to shut the door on "EXPUNGED", who would push on the door so she could not shut it. Finally she got the door shut, but opened it again as "EXPUNGED" continued to shout obscenities.

████████ went outside and told "EXPUNGED" to leave. "EXPUNGED" got into her car and continued shouting and ████████ then punched the driver's side window of the car. She then immediately called the State Police.

Jennifer also advised that "EXPUNGED" has repeatedly followed her in the past and that this behavior makes her nervous.

I observed ████████s right hand was bloody and that one of his fingers on that hand was bandaged.

On 04-13-00 I met with both Jennifer and ████████████ at the State Police barracks. Both provided me with sworn written statements detailing the past behavior of "EXPUNGED". In her statement Jennifer ████████ advised of the following; Sometime in the fall of 1999 she was driving on US Route 2 in St. Johnsbury when she noticed she was being followed by "EXPUNGED". "EXPUNGED" followed her all the way to her residence in Concord. "EXPUNGED" then parked in a turn out below her residence and remained there for about fifteen to twenty minutes. In the winter of 1999 she was followed by "EXPUNGED" from Lyndonville VT to her residence. "EXPUNGED" then parked her vehicle in a neighbor's driveway and entered her residence. "EXPUNGED" then began using obscenities.

She advised that this behavior has caused her fear and that she is worried about what "EXPUNGED" might do next.

In his statement ████████████ advised of the following; Within the last year and a half to two years there have been several occasions when "EXPUNGED" car has driven by their residence eight to ten times.

On 04-13-00 "EXPUNGED" came to the State Police barracks because she wanted to speak with the patrol commander, SGT Cornell. At that time I reissued "EXPUNGED" a citation as I had initially cited her into Caledonia District Court. I then began to talk with "EXPUNGED" about the allegations the ███████ had made. "EXPUNGED" denies that she followed Jennifer ████████, but did advise she paid a female co-employee to follow Jennifer and ████████. "EXPUNGED" also advised that she has consulted with a private detective about having ████████ followed.

"EXPUNGED" advised that she is positive that ████████ is having an ████ with Jennifer and added that Jennifer had ████████████ in the past.

On 04-13-00 I spoke with Officer Jerry Cote of the St. Johnsbury Village Police Department. Cote advised me of the following; He does remember dealing with Jennifer ████████ on an informal basis. ████████ had approached him with allegations that she was being followed and harassed by "EXPUNGED". He had advised Jennifer to take action and make a report. Jennifer advised him that she did not want to do this because she did not want to make trouble.

FELL-00003541