# EXHIBIT 339

09/27/2013 14:32 FAX 212 225 3999    Cleary Gottlieb New York    ☑002

AO 88D (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Vermont

| | | |
|---|---|---|
| Donald Fell | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:01-CR-12-01 |
| | ) | |
| United States of America | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Vermont State Police, Middlesex Barracks
Middlesex Station Commander Lieutenant, Middlesex Station Commander, 1080 US Route, Middlesex, VT 05602

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Appendix.

| Place:  Cleary Gottlieb Steen & Hamilton, LLP One Liberty Plaza New York, NY 10006-1470 | Date and Time: 10/11/2013 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ, P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ____09/27/2013 __

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   ·  __Donald Fell__
_____ , who issues or requests this subpoena, are:

Lewis J. Liman, Esq., Cleary Gottlieb Steen & Hamilton, LLP, One Liberty Plaza, New York, NY 10006-1470, lliman@cgsh.com, 212-225-2550.

FELL-00003591

09/27/2013 14:33 FAX 212 225 3999          Cleary Gottlieb New York                    ☑003

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:01-CR-12-01

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Vermont State Police, Middlesex Barracks

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ _____ _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

FELL-00003592

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

FELL-00003593

09/27/2013 14:33 FAX 212 225 3999          Cleary Gottlieb New York                      ⊠005

### Documents Sought from the Vermont State Police, Middlesex Barracks
Middlesex Station Commander Lieutenant Paul White
Vermont State Police
1080 US Route 2
Middlesex, VT 05602
Phone: 802-229-9191; Fax: 802-229-2648

1. Any and all police reports regarding ▇▇▇▇ (Date of Birth: ▇▇▇▇
▇▇), whether he is named as arrestee, victim, complainant, subject, or witness.

97B300561

95E101816

22

FELL-00003594

```
09/30/2013              Vermont State Police, A Troop-Middlesex                    20329
16:10                          LAW Incident Table:                          Page:    1

   Incident
Incident Number: 97B300561    Nature: Vandalism
    Case Number:                                    Image:
       Address: Tracey Hill
          City: Roxbury              State: VT    ZIP: 05669
          Area: 1216  WAITSFIELD            Contact: ███████████


   Complainant
Numbr:       1734
  Last: █████████           Fst: ████████        Mid: █
  DOB: ████████   SSN: █████████ Adr= ████████
  Race: W Sx: M Tel: (802)249-2050 Cty: Northfield       ST: VT ZIP: 05663


   Details
   Offense Codes: 1414                       Reported: 1414  Observed: 1414
   Circumstances: LT20
Rspndg Officers: Evans, R
Rspnsbl Officer: Evans, R       Agency: SPA3         CAD Call ID:    549809
   Received By: Dillon, S            Last RadLog:
   How Received: T  Telephone              Clearance: RBS  Reviewed by Sergeant
  When Reported: 09:09:38 03/05/1997   Disposition: ACT  Disp Date: 03/05/1997
Occurrd between: 09:09:38 03/05/1997   Judicial Sts:
           and: 09:09:38 03/05/1997    Supervisor: T.I. 031497
           MO:


   Narrative
  Narrative: (See below)
Supplement:


= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =


INVOLVEMENTS:
Type   Record #   Date      Description                   Relationship
 NM      1734   03/12/1997   ███████████                  victim
 NM      1734   03/05/1997   ███████████                  *Complainant
 CA    549809   03/05/1997   09:09 03/05/1997 Vandalism   *Initiating Call
 PR     99019   03/12/1997   Window   $300                Vandalized

LAW Incident Offenses Detail:
              Offense Codes
Seq Code                            Amount
  1 1414 VANDALISM - MISC.            0.00
```

LAW Incident Circumstances:
                    Contributing Circumstances
Seq Code                                        Comments
  1 LT20   Residence/Home


LAW Incident Responders Detail
    Responding Officers
Seq Name              Unit
  1 Evans, R          624

FELL-00003596

Narrative:

On 03-05-97 I received a complaint of a Burglary from a camp on
the Tracey Hill Road in Roxbury. I spoke with the victim who
advised that he had several windows broken out of the camp but
had nothing taken from inside. He told me that he had no idea
when the vandalism took place and had no idea who may have
committed the crime.

The victim advised that this was a part time residence located on
the left side of Tracey Hill heading east off of RTE 12A. The
victim advised that he would call if he found anything missing
from the residence.

FELL-00003597

```
09/30/2013          Vermont State Police, A Troop-Middlesex                    20329
16:10                      LAW Incident Table:                        Page:    1

  Incident
Incident Number: 95E101816   Nature: Theft
    Case Number:                            Image:
       Address: Shady Rill
          City: Middlesex           State: VT   ZIP: 05602
          Area: 1210  MIDDLESEX              Contact:


  Complainant
Numbr:   222300
 Last: Laplant                 Fst: James        Mid: Andrew
  DOB: ███████/1931 SSN:   -  -   Adr= 127 SHADY RILL ROAD
 Race: W Sx: M Tel: (802)223-6509 Cty: Middlesex        ST: VT ZIP: 05602


  Details
  Offense Codes: 0618                    Reported: NC    Observed: 0619
  Circumstances: LT10
Rspndg Officers: Thomas, Marc
Rspnsbl Officer: Thomas, Marc       Agency: SPA3          CAD Call ID:   336343
   Received By: Dillon, S           Last RadLog:
  How Received: T  Telephone          Clearance: RBS  Reviewed by Sergeant
 When Reported: 18:53:23 07/16/1995  Disposition: COM  Disp Date: 07/19/1995
Occurrd between: 18:30:00 07/16/1995  Judicial Sts:
           and: 18:53:23 07/16/1995   Supervisor: McClure 7/25
            MO:


  Narrative
 Narrative: (See below)
Supplement:


= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =


INVOLVEMENTS:
Type   Record #    Date      Description                   Relationship
 NM       1734  07/20/1995  ████████  ████████ █          *Suspect
 NM     272825  07/20/1995  Laplant, Ernest James         *Witness
 NM     222300  07/16/1995  Laplant, James Andrew         *Complainant
 CA     336343  07/16/1995  18:53 07/16/1995 Theft        *Initiating Call
 PR      61626  07/20/1995  Table picnic wooden  $25      *Stolen

LAW Incident Offenses Detail:
                 Offense Codes
Seq Code                            Amount
 1 0618 LARCENY ALL OTHER            0.00
```

LAW Incident Circumstances:
                    Contributing Circumstances
Seq Code                                    Comments
  1 LT10   Field/Woods


LAW Incident Responders Detail
    Responding Officers
Seq Name              Unit
  1 Thomas, Marc      625

FELL-00003599

Narrative:

The complainant called to advise that a male subject driving VT
AER189, a red Mazda pickup, had just taken a picnic table from
the Shady Rill picnic area.  The complainant had not actually
witnessed the theft, but was told by someone who was at the
picnic area.  The complainant and his son had chased the vehicle
south on Rt. 12 into Elmore. The complainant advised that they
attempted to get the vehicle to pull over by passing it and
trying to get it to stop.  This was all done at a high rate of
speed.  At one point the man driving the truck had held what they
believed was a handgun out the window.  Once they saw the gun,
they just took off and got out of there.

The owner of the truck was identified as ████████████
(DOB:█████████).  He advised that he had been driving his truck on
Rt. 12 when another truck came up behind him at a high rate of
speed and tried to pass him.  The truck went around him at the
crest of a hill and braked hard in front of him.  He didn't know
why this vehicle was trying to get him to stop.  He felt that
they were going to run him off the road and he feared for his
safety.  He advised that he held his pistol out the window in
order to scare them off.  He said that the pistol was unloaded
and he didn't point it at them.

When I asked Mr. ████████ about the picnic table in the back of his
truck he advised that he'd had it for years.  He was taking the
table from his camp in Roxbury to his house in Hardwick.  ████████
agreed to bring the table into the barracks so that I could
photograph it.  He brought it into the barracks on 07/19/95.  The
table was similar in color, but the legs were constucted of 2X4's
and not 2X6's like the ones in the Shady Rill picnic area.  The
table was also of a different size, being smaller that the ones
from Shady Rill.  Mr. ████████ was able to show me pictures of the
table that he had taken at his camp in Roxbury and they were
obviously taken a while ago.

The complainant had advised that there were no distiguishing
marks on the table and even though he had seen the table in the
back of Lepore's truck, he could not say with certainty that it
was one from the picnic area.  All he knows is there is one table
missing from the area.

I spoke to Flora Halloway, who supposedly witnessed the theft of
the table.  She was unable to describe the truck or even give its
color.  She was also unable to decribe the male subject driving
the truck.

I feel that the complainants actions in trying to stop ████████'s
truck were unsafe and hazardous.  I also feel that Lepore's
response in bradishing the pistol was excessive.  Given the
confusing circumstances in this case I don't feel that any
charges are neccesary.  I don't feel that there is sufficient
evidence to prove that ████████ stole the table.

This case is closed.

FELL-00003601