UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:01-cr-12-01 |
| ) | |
| DONALD FELL ) | |

**OPINION AND ORDER ON MOTION TO SEAL
AND CONCERNING RESTRAINTS**
(Docs. 545, 547)

The defense has filed a motion concerning the use of restraints when Mr. Fell appears in court. (Doc. 547.) The defense also seeks to seal that motion. (Doc. 545.)

SEALING

Except in special circumstances, the court will not seal motions and other filings by the parties. The court's docket is traditionally open to public examination. *See Am. Civil Liberties Union v. Clapper*, No. 14-42-CV, 2015 WL 2097814, at *34 (2d Cir. May 7, 2015) (Sack, J., concurring) ("[M]ost Article III courts, including this Court, operate under a strong presumption that their papers and proceedings are open to the public." (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571–72 (1980))). Public knowledge of what occurs in court protects us all from arbitrary and unfair conduct. It also promotes respect for the rule of law and for the attorneys, judges and staff members who appear and serve in court. Finally, public access to court records is protected by the First Amendment. *See N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 297 (2d Cir. 2011) (First Amendment's "presumption of access applies to other aspects of criminal trials as well, including judicial records"); *see also Richmond Newspapers*, 448 U.S. at 580 (plurality opinion) (right to attend criminal trials "is implicit in the guarantees of the First Amendment").

The rule of openness is not unlimited. *See N.Y. Civil Liberties Union*, 684 F.3d at 296 ("[T]he First Amendment right of access to criminal trials is not absolute."). There are filings, including filings in this case, which will be sealed. These include ex parte applications for fees and other costs of defense. Local Rule 5.2 provides a procedure for filing a sealed document

1

which permits the court to rule on the application to seal *before* the document itself is received by the CM/ECF system. As this case illustrates, the difficulty of filing a request to seal simultaneously with the underlying motion papers is that the entire package appears online at the same time where it is searchable by any member of the public.

The issue of the use of restraints when Mr. Fell appears in court is an important one. The defense is correct that it is not an issue which will be discussed in front of the jury. The standard for sealing, however, cannot depend upon whether the subject matter would be admissible at trial. The great majority of pre-trial motions, especially motions to suppress and to limit evidence, concern matters which are specifically not intended to be considered by jurors.

In the court's view, consideration of how we treat people who appear in court is an issue of appropriate public interest. It requires the court to strike a balance between safety and the potential prejudice to the defendant if potential jurors learn that he is currently incarcerated. *See Hameed v. Mann*, 57 F.3d 217, 222 (2d Cir. 1995) (discussing balancing between due process and the need to maintain safety and security). How and why this decision is made by the court should not be kept from the parties or from anyone else concerned with the case. The appearance of a defendant in restraints at motion hearings is very common in state and federal court. *E.g., United States v. Howard*, 480 F.3d 1005, 1008 (9th Cir. 2007) (affirming order upholding district-wide shackling policy for pretrial detainees making their first appearance before a magistrate judge). It reflects a general concern, not specific to an individual defendant, that the safety of the people in court is a matter of great priority. *See id.* at 1013 (district-wide shackling policy addressed security concerns associated with conducting proceedings in a large courtroom in the presence of multiple defendants). In particular cases, the decision may reflect a defendant's prior history and conduct.

Turning to the issue of potential prejudice, the events prior to Mr. Fell's arrest, his original conviction, his previous sentence, and the process by which the judgment of conviction was vacated and the case set for a second trial have received extensive news coverage over the course of 12 years. That Mr. Fell is held pending trial is no secret. All potential jurors will be questioned about their recollection of news coverage of this case. The likelihood that anyone will recall learning about the use of handcuffs at pre-trial hearings is relatively slight in

comparison to other aspects of the case. Anyone who does remember that particular information can be questioned to determine whether their view of the case has been affected.

For these reasons, the court DENIES the motion to seal (Doc. 545).

## RESTRAINTS and CLOTHING

The court has instructed the marshal that at this time Mr. Fell should appear in court in restraints. There are several reasons for this decision. The principal one is that Mr. Fell was involved in a serious incident involving another inmate several years ago. The marshal made this information available to the court in the same manner as he did to attorney DeWolfe. The other is that this judge is new to the case and to Mr. Fell. A little caution at the outset is generally appropriate and rarely a cause for regret. The arrangements made for jury trial will be different and will be the subject of separate discussion with counsel and the marshal much closer to the time of trial.

With respect to clothing, the court has no objection to the appearance of Mr. Fell in street clothes. The defense may provide clothing to the facility consistent with normal practice which is typically delivery the day before court appearance. The marshal's office is prepared to assist with any questions or other arrangements.

The court DENIES the motion (Doc. 547) to permit Mr. Fell to appear without restraints. The motion is GRANTED with respect to his request to appear in court in street clothes.

Dated at Rutland, in the District of Vermont, this 11 day of May, 2015.

Geoffrey W. Crawford, Judge
United States District Court